UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually<br><br>        Plaintiff,<br><br>  vs.<br><br>SEARS, ROEBUCK AND CO., SHINN FU CORPORATION, SHINN FU COMPANY OF AMERICA, INC., and MVP (HK) INDUSTRIES, LTD<br><br>        Defendants. | Case 3:13-cv-00257-RNC<br><br><br><br>**ANSWER TO AMENDED COMPLAINT; AND**<br><br>**DEMAND FOR JURY**<br><br><br><br>Complaint Filed: January 30, 2013 |

**ANSWER TO AMENDED COMPLAINT**

Defendants Shinn Fu Corporation, Shinn Fu Company of America, Inc., and MVP (HK) Industries, Ltd. (sometimes collectively referred to herein as "Defendants") hereby respond on behalf of themselves, and no other, to the Amended Complaint of Plaintiffs FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually, ("Plaintiffs") as follows:

1.       Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, Defendants generally denies each and every allegation contained in the Complaint except those expressly admitted below.

2.       In response to Paragraph 5, Defendant Shinn Fu Corporation admits that it is a Taiwanese entity with an office and principal place of business located at 7F, NO. 408 Ruei Guang Road Nei Hu District Taipei City 114 Taiwan R.O.C.

3.       In response to Paragraph 6, Defendant Shinn Fu Company of America, Inc. admits it is a Missouri corporation with an office and principal place of business located at 10939 N. Pomona Avenue, Kansas City, Missouri.

4.       In response to Paragraph 7, Defendant MVP (HK) Industries, Ltd. admits that it is a Hong Kong corporation, organized and existing under the laws of Hong Kong with offices at Suite 508, 5/F, South Tower, World Finance Centre, Harbour City, 17 Canton Road, Tsimshatsui, Kowloon, Hong Kong.

5.       In response to Paragraph 9, Defendant Shinn Fu Corporation admits that it is a foreign corporation and that it has entered into contracts to produce and manufacture goods.

6.       In response to Paragraph 10, Defendant Shinn Fu Company of America, Inc. admits it is a foreign corporation and that it has entered into contracts to sell and distribute goods.

7.       In response to Paragraph 11, Defendant MVP (HK) Industries, Ltd. admits it is a foreign corporation and that it has entered into contracts to sell and distribute goods.

8.       In response to Paragraph 16, MVP admits that Jacks Stands are, *inter alia*, utilized to hold a motor vehicle in a raised position, permitting, among other things, repair work, servicing and maintenance and/or inspection of the underside of a motor vehicle.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiffs are entitled to any of the items set forth in the prayer for relief.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

**(Statute of Limitations)**

Defendants are informed and believe and thereon alleges that Plaintiffs' claims are barred by the applicable Statute of Limitations.

**Second Affirmative Defense**

**(Contributory/Comparative Fault)**

Defendants are informed and believe and thereon alleges that any alleged damages sustained by Plaintiffs or Decedent were, at least in part, caused by the actions of Decedent and resulted from Decedent's own negligence, which equaled or exceeded any alleged negligence or wrongdoing by Defendant.

**Third Affirmative Defense**

**(Failure to Mitigate)**

The damages claimed by Plaintiffs could have been mitigated with due diligence or by one acting under similar circumstances.  Plaintiffs' failure to mitigate is a bar to recovery under the Complaint.

**Fourth Affirmative Defense**

**(Estoppel)**

The Complaint and each of its purported claims for relief are barred by the doctrine of estoppel.

**Fifth Affirmative Defense**

**(Laches)**

The Complaint and each of its purported claims for relief are barred by the doctrine of laches.

### Sixth Affirmative Defense

### (Unclean Hands)

The Complaint and each of its purported claims for relief are barred by the doctrine of unclean hands.

### Seventh Affirmative Defense

### (Waiver)

The Complaint and each of its purported claims for relief are barred by the doctrine of waiver.

### Eighth Affirmative Defense

### (Good Faith)

Defendants allege that at all times they acted in good faith and with good cause. The conduct of Defendants was within the reasonable expectations of the parties and was reasonably related to Defendants legitimate business interests upon the basis of reasonable factors.

### Ninth Affirmative Defense

### (Failure to State a Claim)

The Complaint fails to state facts sufficient to constitute a cause of action against Defendants and further fails to state facts sufficient to entitle Plaintiffs to the relief sought, or to any other relief whatsoever, from any Defendant.

### Tenth Affirmative Defense

### (Joinder)

Defendants are informed and believe and thereon alleges that any purported damages allegedly suffered by Plaintiffs are the result of the acts or omissions of third persons over whom Defendants had neither control nor responsibility, and whom Plaintiffs have failed to name in this action.

### Eleventh Affirmative Defense

### (Capacity)

Defendants allege that Plaintiffs do not have capacity to sue on behalf of Decedent.

### Twelfth Affirmative Defense

### (Lack of Standing)

Defendants allege that Plaintiffs do not have standing as the real party in interest to sue on behalf of Decedent.

### Thirteenth Affirmative Defense

### (Due Care)

Defendants allege that, at all times, Defendant acted with due care and complied with applicable statutory, regulatory, and common law requirements.

### Fourteenth Affirmative Defense

### (Conformity)

Defendants' product conformed to its intended design and purpose and to the customary or state of the art designs, methods, standards, and techniques of manufacturing, inspecting, testing, and marketing of other manufacturers of similar products.

### Fifteenth Affirmative Defense

### (Assumption of the Risk)

Defendants allege that Plaintiffs' claims are barred, in whole or in part, by the doctrine of assumption of risk.

### Sixteenth Affirmative Defense

### (Misuse)

Defendants allege that Plaintiffs' claims are barred, in whole or in part, by the misuse of the product at issue.

### Seventeenth Affirmative Defense

### (No Punitive Damages)

Defendants were not grossly negligent or reckless and thus cannot be held responsible or liable for punitive damages.

### Eighteenth Affirmative Defense

### (Alteration/Modification)

Defendants allege that the product was altered or modified from the condition it in was when it left the care, custody and control of the Defendants.

### Nineteenth Affirmative Defense

### (Reserved Affirmative Defenses)

Defendants allege s that the Complaint does not describe the alleged actions with sufficient particularity to permit it to ascertain what other defenses may exist at this time. Defendants therefore reserves the right to assert all defenses that may pertain to the Complaint as the facts of the case are discovered.

**WHEREFORE**, Defendant prays as follows:

1. Plaintiffs takes nothing by way of their Complaint herein and that this action is dismissed in its entirety;

2. For Defendants' attorneys' fees and costs incurred herein;

3. For such other relief as the Court may deem just and proper.

DATED:  May 30, 2013

Defendants
**SHINN FU CORPORATION;**
**SHINN FU COMPANY OF AMERICA, INC.;**
**MVP (HK) INDUSTRIES, LTD.**


By:     */s/ Sean P. Flynn*
Sean P. Flynn, Esq.
Fed. Bar No.: phv05949
Foley & Mansfield, PLLP
300 South Grand Avenue, Suite 2800
Los Angeles, CA 90071
(213) 283-2100
(213) 283-2101 (Facsimile)
sflynn@foleymansfield.com

6

## **DEMAND FOR JURY TRIAL**

     PLEASE TAKE NOTICE that Defendants hereby demands a trial by jury in this action.


DATED:   May 30, 2013          Defendants
**SHINN FU CORPORATION;**
**SHINN FU COMPANY OF AMERICA, INC.;**
**MVP (HK) INDUSTRIES, LTD.**


By:      */s/ Sean P. Flynn*
Sean P. Flynn, Esq.
Fed. Bar No.: phv05949
Foley & Mansfield, PLLP
300 South Grand Avenue, Suite 2800
Los Angeles, CA 90071
(213) 283-2100
(213) 283-2101 (Facsimile)
sflynn@foleymansfield.com

## **CERTIFICATE OF SERVICE**

       I, Sean P. Flynn, hereby certify that I electronically served a copy of the above referenced document on all counsel of record through the United States District Court for the District of Connecticut Electronic Filing System.

                                            */s/ Sean P. Flynn*
                                            Sean P. Flynn, Esq.

Dated: May 30, 2013