UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FREDERICK KLORCZYK, JR, as co-administrator | : | CIVIL ACTION NO: |
| of the Estate of Christian R. Klorczyk, | : | 3:13-cv-00257-RNC |
| FREDERICK KLORCZYK,Jr., individually | : | |
| LYNNE KLORCZYK, as co-administrator | : | |
| of the Estate of Christian R. Klorczyk and | : | |
| LYNNE KLORCZYK, individually | : | |
| Plaintiffs | : | |
| | | |
| VS. | : | |
| | | |
| SEARS, ROEBUCK & CO., SHINN FU | : | |
| CORPORATION, and | : | |
| SHINN FU COMPANY OF AMERICA, INC. | : | |
| Defendants | : | JUNE 4, 2013 |

**ANSWER TO AMENDED COMPLAINT**

The Defendant, Sears, Roebuck & Co. hereby responds to the Plaintiffs' complaint as follows:

A.   **ADMISSIONS:**

1. The Defendant Sears, Roebuck & Co. admits the allegations contained in paragraphs 4, 8, and 16 of the Plaintiff's Amended Complaint.

B.   **ADMISSIONS/DENIALS/DENIALS BASED UPON LACK OF INFORMATION**:

1. The Defendant Sears, Roebuck & Co. admits to being the retailer in paragraph 15 of the product as alleged in said paragraph. As to the remaining allegations, of said paragraph 15 are denied.

2. The Defendant Sears, Roebuck & Co. admits to being a product seller within the meaning of Conn. General Statute §52-572m(a) in paragraph 14. As to the remaining allegations in said paragraph 14, the Defendant, Sears, Roebuck & Co. lacks sufficient information to form a belief and

therefore denies the allegations contained in said paragraph.

3.  The Defendant, Sears, Roebuck & Co. admits the court's jurisdiction over it as alleged in paragraph 12. As to the remaining allegations in paragraph 12, the Defendant, Sears, Roebuck & Co. lacks sufficient information to form a belief and therefore denies the allegations contained in said paragraph.

**C.    DENIALS**:

1.  The Defendant, Sears, Roebuck & Co. denies all of the allegations contained in paragraphs, 20, 21, 22, 23 (a-d), 24, 25, 26, 27, 29, 31, 33 and 35.

**D.    DENIALS BASED UPON LACK OF INFORMATION:**

1.  The Defendant, Sears, Roebuck & Co. lacks sufficient information to form a belief and therefore denies the allegations contained in paragraphs 1, 2, 3, 5, 6, 7, 9, 10, 11, 17, 18, 19, 28, 30 and 34.

**E.    REPLEADS PARAGRAPHS:**

1.  The Defendant, Sears, Roebuck & Co. hereby repleads those allegations contained in paragraphs 1-12and incorporates those answers in response to paragraph 13.

2.   The Defendant, Sears, Roebuck & Co. hereby repleads those allegations contained in paragraphs 1-31, and incorporates those answers in response to paragraph 32.

-2-

**F.     DEMAND FOR JUDGMENT:**

The Defendant, Sears, Roebuck & Co. therefore requests judgment be entered as follows:

1. That the Plaintiffs take nothing as alleged in the Complaint and their Prayer for Relief;

2. For the Defendant, Sears, Roebuck & Co. on all claims presented by the Plaintiffs;

3. That the Defendant, Sears, Roebuck & Co. be awarded costs, attorneys' fees and other disbursements in connection with the defense of this suit; and

4. For any other relief to which the Defendant, Sears, Roebuck & Co. is entitled.

**G.     AFFIRMATIVE DEFENSES:**

### First Affirmative Defense:

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims and all direct or derivative claims of the Plaintiffs are barred in whole or in part by the Doctrine of the Assumption of the Risk.

### Second Affirmative Defense:

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims and all direct or derivative claims of the Plaintiffs are barred in whole or in part by Plaintiff's decedent misuse of the product as alleged in plaintiffs' complaint.

### Third Affirmative Defense:

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent

*Trotta, Trotta & Trotta, LLC*
*ATTORNEYS AT LAW*
*P.O. BOX 802  •  NEW HAVEN, CONNECTICUT 06503-0802  •  (203) 787-6756*

claims and all direct or derivative claims of the Plaintiffs are barred in whole or in part as the Defendant, Sears, Roebuck & Co has complied with all applicable codes, standards, regulations or specifications established, adopted, promulgated or approved by the United States, State of Connecticut, and/or agency of the United States and/ or State of Connecticut

**Fourth Affirmative Defense:**

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims and all direct or derivative claims of the Plaintiffs are barred in whole or in part as the Plaintiff's decedent, or his family member, agent, servant and/or employee modified and/or altered the product, which was not reasonably expected.

**Fifth Affirmative Defense:**

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims and all direct or derivative claims of the Plaintiffs are barred in whole or in part as the product as alleged in the Plaintiffs' complaint was in conformity with the State of the Art in existence at the time it was designed, tested, manufactured, formulated, packaged, provided with a warning or labeled..

**Sixth Affirmative Defense:**

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims and all direct or derivative claims of the Plaintiffs are barred in whole or in part as the product as alleged in the Plaintiffs' complaint was accompanied by reasonable and visible inspection and/or warnings for its safe use.

**Seventh Affirmative Defense:**

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent

claims/injuries and all direct or derivative claims/injuries of the Plaintiffs are barred in whole or in part as a result of intervening and/or superseding cause and not as the result of any acts or omissions of the Defendant, Sears, Roebuck & Co.

**Eighth Affirmative Defense:**

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims/injuries and all direct or derivative claims/injuries of the Plaintiffs are barred in whole or in part by the Statute of Limitations for said causes of action.

**Ninth Affirmative Defense:**

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims/injuries and all direct or derivative claims/injuries of the Plaintiffs are barred in whole or in part as a result of Plaintiff's decedent own negligence, which either equaled or exceeded that of any alleged negligence of the Defendant, Sears, Roebuck & Co.

**Tenth Affirmative Defense:**

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims/injuries and all direct or derivative claims/injuries of the Plaintiffs are barred in whole or in part as a result of the Plaintiffs' decedent having sophistication and knowledge of the product as alleged in the Plaintiffs' complaint.

**Eleventh Affirmative Defense:**

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims/injuries and all direct or derivative claims/injuries of the Plaintiffs are barred in whole or in part as a result of the Plaintiffs' decedent's use of the product in the state as alleged in Plaintiffs' complaint when he knew or should have known it was unsafe

*Trotta, Trotta & Trotta, LLC*
ATTORNEYS AT LAW
P.O. BOX 802 • NEW HAVEN, CONNECTICUT 06503-0802 • (203) 787-6756

to use said product in the state as alleged in the Plaintiffs' complaint

### Twelfth Affirmative Defense:

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims/injuries and all direct or derivative claims/injuries of the Plaintiffs are barred in whole or in part as a result of the Plaintiffs' spoilation of the evidence.

### Thirteenth Affirmative Defense:

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims/injuries and all direct or derivative claims/injuries of the Plaintiffs are barred in whole or in part as a result of the product liability statute of repose.

### Fourteenth Affirmative Defense:

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims/injuries and all direct or derivative claims/injuries of the Plaintiffs are barred in whole or in part as the Defendant is not liable for danger that is known, visible or obvious to the Plaintiff's decedent as alleged in their complaint.

### Fifteenth Affirmative Defense:

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims/injuries and all direct or derivative claims/injuries of the Plaintiffs are barred in whole or in part as the Defendant, Sears, Roebuck & Co. at all times herein acted reasonably and in good faith.

### Sixteenth Affirmative Defense:

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims/injuries and all direct or derivative claims/injuries of the Plaintiffs are limited

in whole or in part by any warranty, either express or implied.

### Seventeenth Affirmative Defense:

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims/injuries and all direct or derivative claims/injuries of the Plaintiffs are as a result of MVP (HK) Industries, LTD, and such entity is presently a co-defendant.

### Eighteenth Affirmative Defense:

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims/injuries and all direct or derivative claims/injuries of the Plaintiffs are as a result of unnamed tortfeasors that the Defendant Sears, Roebuck & Co. had neither control nor responsibility, and whom the Plaintiff's failed to name in the action, although duly notified of their existence.

### Nineteenth Affirmative Defense:

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims/injuries and all direct or derivative claims/injuries of the Plaintiffs were neither grossly negligent/careless or reckless and therefore punitive damages do not apply nor should the Defendant, Sears, Roebuck & Co. be responsible to the named plaintiffs.

### Twentieth Affirmative Defense:

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims/injuries and all direct or derivative claims/injuries of the Plaintiffs' factually did not state with specificity which would lead the Defendant, Sears, Roebuck & Co. to file any further affirmative defenses. The Defendant, Sears, Roebuck & Co. respectfully reserves the right to assert further affirmative defenses as the discovery might so warrant.

Trotta, Trotta & Trotta, LLC
ATTORNEYS AT LAW
P.O. BOX 802  •  NEW HAVEN, CONNECTICUT 06503-0802  •  (203) 787-6756

**H.     DEMAND FOR JURY TRIAL:**

Please take notice the Defendant, Sears, Roebuck & Co. hereby demand a trial by jury in this action.

                                  THE DEFENDANT
                                  SEARS, ROEBUCK & COMPANY

                                  BY:      /s/  *Erica W. Todd*
                                  Erica W. Todd, Esquire
                                  Federal Juris #  # ct13897
                                  TROTTA, TROTTA & TROTTA
                                  900 Chapel Street, 12th floor
                                  P.O. Box 802
                                  New Haven, Connecticut 06503
                                  (203) 787-6756
                                  State Firm Juris # 064478

**CERTIFICATION:**
THIS IS TO CERTIFY that a copy of the foregoing has been electronically filed of the above referenced document on all counsel of record through the United States District Court for the District of Connecticut Electronic Filing System.


 /s/  *Erica W. Todd* _____
Commissioner of the Superior Court