## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

------------------------------------------------------

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as ) <br> co-administrator of the Estate of Christian R ) <br> Klorczyk, FREDERICK KLORCZYK, JR., ) <br> individually, LYNNE KLORCZYK, as ) <br> co-administrator of the Estate of Christian ) <br> R. Klorczyk and LYNNE KLORCZYK, ) <br> Individually, ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SEARS, ROEBUCK & CO., SHINN FU ) <br> CORPORATION, SHINN FU ) <br> COMPANY OF AMERICA, INC. and ) <br> MVP (HK) INDUSTRIES, LTD., ) <br> ) <br> Defendants. ) | CIVIL ACTION NO.: <br> 3:13-CV-00257-RNC <br><br><br><br><br><br><br><br><br><br><br><br><br><br> July 15, 2013 |

------------------------------------------------------

### PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS SHINN FU CORPORATION AND SHINN FU COMPANY OF AMERICA, INC.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs, Frederick Klorczyk, Jr., individually and as co-administrator of the Estate of Christian R. Klorczyk, and Lynne Klorcyzk, individually and as co-administrator of the Estate of Christian R. Klorczyk ("Plaintiffs"), hereby request that Defendants, Shinn Fu Corporation ("Shinn Fu") and Shinn Fu Company of America ("SFA"), answer the following Interrogatories separately and fully in writing and under oath within (30) days of service hereof. Supplemental responses are requested to the date of trial as additional information is discovered.

### DEFINITIONS

A.     The definitions contained in Rule 26(c) of the Local Civil Rules of the United States District Court for the District of Connecticut are incorporated herein by reference and shall apply to these Interrogatories.

## EXHIBIT B

B.      "ANSI" means American National Standards Institute.

C.      "ASME" means the American Society of Mechanical Engineers.

D.      "Complaint" means the Amended Complaint in this litigation, as filed on May 9, 2013.

E.      "Defendants" shall mean Shinn Fu and/or SFA and each of their agents, consultants, principals, partners, employees, representatives, subsidiaries, affiliates or related entities.

F.      "FMRC" means Factory Mutual Research Corporation.

G.      "ISO" means International Standards Organization.

H.      "Jack Stand" or "Jack Stands" mean a vehicle support stand of the model or type identified in the Plaintiff's Complaint including jack stands sometimes referred to by the designation T-6904 and/or listed or described as having a 4-ton load capacity (as a pair), as well as any aspect, feature, or component part of said jack stand, and including any predecessor or carryover model(s), or similar or comparable model(s).

I.      "Litigation" means the action entitled *Klorczyk et al. v. Sears, Roebuck & Co. et al.*, Docket No.: 3:13-CV-00257-RNC, now pending in the United States District Court for the District of Connecticut.

J.      "MVP" means MVP (HK) Industries, Ltd. including its agents, consultants, attorneys, principals, partners, servants, employees, representatives, corporate parent(s), subsidiaries, affiliates or related entities.

K.      "PALD" means Portable Automotive Lift Devices.

L.      "Sears" means Sears, Roebuck & Co. including its agents, consultants, attorneys, principals, partners, employees, subsidiaries, affiliates or related entities.

M.      "Shinn Hua" means Shinn Hua (China) Machine Company, Ltd.

N.     "Testing" or "Tests" means testing in its usual and customary sense as well as laboratory testing, testing with vehicles, testing of components, certification testing, validation testing, computer simulations and computer or mathematical modeling, prototype testing, and testing to comply with government or industry standards.

O.     "Wei Fu" means Wei Fu (Taishan) Machinery & Elec. Co., Ltd., including its agents, consultants, attorneys, principals, partners, employees, representatives, corporate parent(s), subsidiaries, affiliates or related entities.

P.     "You" and "Your" means the person responding to these Interrogatories.

## RULES OF CONSTRUCTION

The rules of construction set forth in Rule 26(d) of the Local Rules of the United States District Court for the District of Connecticut are incorporated herein by reference and shall apply to these Interrogatories.

## INSTRUCTIONS

A.     When asked to "identify" with respect to persons you shall respond in accordance with Rule 26(c)(3) of the Local Rules of the United States District Court for the District of Connecticut.

B.     When asked to "identify" with respect to documents or electronically stored information you shall respond in accordance with Rule 26 (c)(4) of the Local Rules of the United States District Court for the District of Connecticut.

C.     With respect to any information or documents withheld on the basis of a claim of privilege, please provide all responsive information or documents as to which you do not claim a privilege and describe the nature of the information that you claim is privileged, the privilege claimed, and the basis for the claim of privilege.

D.     These Interrogatories shall be deemed to be continuing.  You must supplement your responses if you obtain additional information between the time the response to these Interrogatories are served and the time of trial.

E.     Unless otherwise stated, these Interrogatories seek information from January 1, 2003, to the present.

## INTERROGATORIES

1.     Identify each person involved in answering these Interrogatories, including every person who will be consulted or contacted regarding answering these Interrogatories.

2.     Identify each incident involving a Jack Stand known to Defendants, including the date and location of the event, the specific type, capacity and model Jack Stand involved, the nature of the incident, the results of any incident investigation by or on behalf of Defendants, in which one or more of the following occurred, or was alleged to have occurred:

(a) The Jack Stand was alleged to be defective or unsafe;

(b) The Jack Stand was alleged to have malfunctioned;

(c) The Jack Stand was alleged to have failed to hold up a vehicle;

(d) There was an alleged spontaneous collapse or descent of the raised ratchet bar of the Jack Stand;

(e) The Jack Stand was allegedly manufactured with inferior materials or had poor workmanship in its assembly or fabrication;

(f) The incident allegedly involved the use of only one Jack Stand.

3.     For those incidents identified in response to Interrogatory 2 which resulted in a claim or lawsuit against Defendants, Sears, MVP and/or Wei Fu, or against any other person to whom Defendants provided a defense, indemnification or insurance coverage (under Defendants' policy), please state in full the caption of each case, docket number, location of the Court, attorney(s)

4

name(s) and address(es) for plaintiff(s), present status of case and/or ultimate disposition for each claim or lawsuit.

4.      With respect to the Jack Stands, identify the persons who:

(a)  Designed them;

(b)  Manufactured them, including listing the name and address of the plant(s) or factory(ies) and the identity of the owner(s) of said plant(s) or factory(ies);

(c)  Tested them;

(d)  Distributed them;

(e)  Imported them into the United States;

(f)  Sold them to Sears.

5.      Identify the private labeled brand retailers to whom Defendants designed, manufactured, distributed or supplied Jack Stands in the United States.

6.      Identify, by model number and load capacity or other identifying characteristics, each model or type Jack Stand which Defendants manufactured, distributed or sold to Sears and for each said Jack Stand type/model provide the following:

(a)  Year(s) in which the Jack Stand was sold to Sears;

(b)  Number of units sold per year to Sears;

(c)  Unit price charged to Sears.

7.      Identify the engineer(s) or other person(s) responsible for designing, developing, manufacturing, assembling and/or inspecting the Jack Stands and/or overseeing the design, development, manufacture, assembly and inspection of the Jack Stands.  If the Jack Stands evolved from any predecessor or carryover design, identify the responsible design engineer(s) and person(s) responsible or accountable for the initial design and the carryover design.

8.      Identify the engineer(s) or other person(s) responsible for testing the Jack Stands.

9.      Identify by test protocol, test report, test result and type/model of Jack Stand, all tests conducted by or on behalf of Defendants whose goal or purpose was, in whole or in part:

(a)  To certify compliance with ISO, ASME, ANSI, or PALD standards or guidelines;

(b)  To certify compliance with Defendants', Sears', Wei Fu's and/or MVP's internal testing, safety or performance standards;

(c)  Load testing and/or performance testing including tests using various weight loads, and/or heights of the ratchet bar and testing involving motor vehicles;

(d)  Testing of Jack Stand safety features, performance and/or failure modes.

10.     Identify the location of the plant(s) and/or factory(ies) where the Jack Stands were manufactured and inspected and set forth Defendants' ownership interest in each said plant and/or factory.

11.     Identify the engineer(s) or other person(s) responsible for the quality control and quality assurance procedures and systems at each said plant/factory and/or the engineer(s) or other person(s) responsible for overseeing the quality control and quality assurance procedures in existence at each such plant/factory.

12.     Identify any engineer(s) or other person(s) involved with or responsible for evaluating or analyzing the design, performance, cost and/or safety features of competitors' Jack Stands and/or comparing each said competitor's Jack Stand's design, performance, cost or safety features to Defendants' Jack Stands.

6

13.     Identify the engineer(s) or other person(s) responsible for considering any Jack Stand design or safety improvements, modifications or changes.

14.     Identify the engineer(s) or other person(s) responsible for (a) writing or issuing warnings on or accompanying the sale of the Jack Stand; (b) writing or issuing owner's manual or manual or brochure on Jack Stand use; (c) writing or issuing instructions for Jack Stand use; (d) the contents of any labels affixed to or placed on the Jack Stands.

15.     Identify the engineer(s) or other person(s) who represented Defendants (a) on any ASME and/or ANSI committees concerning Jack Stands; (b) in writing or commenting on any ASME, ANSI, PALD, ISO or other industry standards or guidelines concerning Jack Stands or in revising or updating any such standards or guidelines.

16.     Identify the engineer(s) or other person(s) responsible for studying, analyzing or evaluating Jack Stand failure rates, failure modes, or conducting any cost/benefit analysis or any other analysis of any Jack Stand feature, component or proposed design change.

17.     Identify any documents, including documents filed in court, in which Defendants characterize, describe or represent their business/organizational relationship to MVP and/or Wei Fu as that of being related, affiliated or "sister" companies or corporations.

18.     Set forth the nature, extent and degree of Defendants' ownership interest, directly, or through other persons or entities, in MVP and/or Wei Fu.  Identify the documents concerning that ownership interest.

19.     Identify the officers, executives and/or directors of MVP and/or Wei Fu who were/are also officers, directors or executives of Defendants.

20.     Identify the Defendants' officers, directors or executives who oversaw, or were responsible for overseeing, the business operations or activities of MVP and/or Wei Fu.

21.     State whether there was any licensing agreement, royalty payment agreement, professional services or consulting agreement, or other agreement(s) between Defendants and MVP and/or Wei Fu concerning the design, manufacture, assembly, distribution and/or sale of Jack Stands and, if so, identify each said agreement.

22.     State whether MVP or Wei Fu personnel, employees, engineers or managers received training from, were supervised by, and/or reported to Defendants concerning Jack Stand design, manufacture, assembly, inspection, testing, labeling, warnings, distribution, marketing, sale, and/or claims.  If so, identify the persons providing such training, supervision or oversight.

23.     Identify the executive(s) or other person(s) at Defendants who were responsible for communicating with Sears, MVP and/or Wei Fu on all issues concerning Jack Stands, including design, performance, compliance with standards, safety, legal and non-legal complaints, incidents, incident reporting and investigation, certification or other testing, warranty claims, governmental inquiries, contract compliance, pricing, advertising and marketing.

PLAINTIFFS,
FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually

By: _____
      David J. Elliott (ct04301)
      Bryan J. Orticelli (ct28643)
      Kaitlin A. Canty (ct29074)
      DAY PITNEY LLP
      242 Trumbull Street
      Hartford, Connecticut 06103-1212
      (860) 275-0100
      (860) 275-0343 (fax)
      djelliott@daypitney.com
      borticelli@daypitney.com
      kcanty@daypitney.com

      Their Attorneys

## **CERTIFICATION**

I HEREBY CERTIFY that on this 15th day of July, 2013, a copy of the foregoing was sent

via first class mail, postage prepaid, to the following counsel of record:

Sean P. Flynn                   Philip T. Newbury, Jr.
Foley & Mansfield PLLP          Howd & Ludorf LLC
300 South Grand Avenue, Suite 2800    65 Wethersfield Avenue
Los Angeles, CA 90071           Hartford, CT 06114

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

---------------------------------------------------

| | | |
|---|---|---|
| FREDERICK KLORCZYK, JR., as | ) | CIVIL ACTION NO.: |
| co-administrator of the Estate of Christian R | ) | 3:13-CV-00257-RNC |
| Klorczyk, FREDERICK KLORCZYK, JR., | ) | |
| individually, LYNNE KLORCZYK, as | ) | |
| co-administrator of the Estate of Christian | ) | |
| R. Klorczyk and LYNNE KLORCZYK, | ) | |
| Individually, | ) | |
|  Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SEARS, ROEBUCK & CO., SHINN FU | ) | |
| CORPORATION, SHINN FU COMPANY | ) | |
| OF AMERICA, INC. and MVP (HK) | ) | |
| INDUSTRIES, LTD., | ) | |
|  Defendants. | ) | July 9, 2013 |

---------------------------------------------------

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS SHINN FU CORPORATION AND SHINN FU COMPANY OF AMERICA, INC.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs, Frederick Klorczyk, Jr., individually and as co-administrator of the Estate of Christian R. Klorczyk, and Lynne Klorcyzk, individually and as co-administrator of the Estate of Christian R. Klorczyk, hereby request that Defendants, Shinn Fu Corporation ("Shinn Fu") and Shinn Fu Company of America, Inc. ("SFA"), comply with the following Requests for Production within thirty (30) days of service hereof. Supplemental production is requested to the date of trial as additional information is discovered.

### DEFINITIONS

The following definitions apply to these Requests for Production:

A.   The definitions contained in Rule 26(c) of the Local Civil Rules of the United States District Court for the District of Connecticut are incorporated herein by reference and shall apply to these Requests for Production.

B.      "ASME" means the American Society of Mechanical Engineers.

C.      "Complaint" means the Amended Complaint in this Litigation, as filed on May 9, 2013.

D.      "Defendants" shall mean Shinn Fu and/or SFA and each of their agents, consultants, attorneys, principals, partners, employees, representatives, subsidiaries, affiliates or related entities.

E.      "FMRC" means Factory Mutual Research Corporation.

F.      "ISO" means International Standards Organization.

G.      "Jack Stand" or "Jack Stands" mean a vehicle support stand or device of the model or type identified in the Complaint including jack stands sometimes referred to by the designation T-6904 and/or listed or described as having a 4-ton load capacity (as a pair), as well as any aspect, feature, or component part of said jack stand, and including any predecessor or carryover model(s), or similar or comparable model(s).

H.      "Litigation" means the action entitled *Klorczyk et al. v. Sears, Roebuck & Co. et al.*, Docket No.: 3:13-cv-00257-RNC, now pending in the United States District Court for the District of Connecticut.

I.      "MVP" means MVP (HK) Industries, Ltd including its agents, consultants, attorneys, principals, partners, employees, representatives, subsidiaries, affiliates or related entities.

J.      "PALD" means Portable Automotive Lift Devices.

K.      "Sears" means Sears, Roebuck & Co. including its agents, consultants, attorneys, principals, partners, employees, representatives, subsidiaries, affiliates or related entities.

L.      "Shinn Hua" means Shinn Hua (China) Machine Company, Ltd. including its agents, consultants, attorneys, principals, partners, employees, representatives, subsidiaries, affiliates or related entities.

M.     "Testing" means testing in its usual and customary sense as well as laboratory testing, testing with vehicles, testing of components, certification testing, validation testing, computer simulations and computer or mathematical modeling, prototype testing, and testing to comply with government or industry standards.

N.     "Wei Fu" means Wei Fu (Taishan) Machinery & Elec. Co., Ltd., including its agents, consultants, attorneys, principals, partners, employees, representatives, subsidiaries, affiliates or related entities.

O.     "You" and "Your" means the Person responding to these Requests for Production.

## RULES OF CONSTRUCTION

The rules of construction set forth in Rule 26(d) of the Local Rules of the United States District Court for the District of Connecticut are incorporated herein by reference and shall apply to these Requests for Production.

## INSTRUCTIONS

The following instructions apply to these Requests for Production:

A.     In producing information and documents in response to these Requests for Production, You are required to furnish all information and documents in Your possession, custody or control, including, without limitation, information in the possession of Your agents and consultants, attorneys, representatives, principals, partners, affiliates, employees and any other Person(s) under Your control or acting on Your behalf.

B.     With respect to any information or documents withheld on the basis of a claim of privilege, please provide all responsive information or documents as to which you do not claim a privilege and describe the nature of the information that you claim is privileged, the privilege claimed, and the basis for the claim of privilege.

C.     These Requests for Production shall be deemed to be continuing.  You must supplement Your responses if You obtain additional information between the time the responses to these Requests for Production are served and the time of trial.

D.     Unless otherwise stated, these Requests for Production seek information and documents from January 1, 2003, to the present.

## REQUESTS FOR PRODUCTION

1.     From the time when the Jack Stands were first developed and designed to the present, all Documents concerning the development and design of the Jack Stands.

**RESPONSE:**

2.     From the time when the Jack Stands were first fabricated, manufactured, produced and assembled to the present, all Documents concerning the fabrication, manufacture, production and assembly of the Jack Stands.

**RESPONSE:**

3.     All Documents concerning the inspection, quality control, and/or quality assurance of the Jack Stands.

**RESPONSE:**

4.     All Documents concerning the testing of the Jack Stands.

**RESPONSE:**

5.     All Documents concerning Defendants' business relationship with Sears, including, but not limited to, all contracts and agreements concerning the Jack Stands.

**RESPONSE:**

6.     All Documents concerning the labeling, use, instructions, operating manual or warnings with respect to the Jack Stands.

4

**RESPONSE:**

7.    All Documents concerning the business relationship(s), including, but not limited to, any licensing or other agreements, between Defendants and MVP or Wei Fu with respect to the design, manufacture, distribution or sale of the Jack Stands.

**RESPONSE:**

8.    All Documents concerning any partnerships or joint ventures with MVP or Wei Fu with respect to the Jack Stands.

**RESPONSE:**

9.    All Documents concerning any consulting or professional, management or engineering services agreements between Defendants and MVP or Wei Fu with respect to the design, manufacture or sale of the Jack Stands.

**RESPONSE:**

10.    All Documents concerning Defendants' providing or procuring indemnification and/or insurance to or for MVP or Wei Fu with respect to the Jack Stands.

**RESPONSE:**

11.    From the time when Defendants first began the design, manufacture, production or distribution of the Jack Stands to the present, all Documents concerning complaints (legal and non-legal) or litigation (pending or settled) with respect to claims or allegations of Jack Stand malfunctions, design or manufacturing defects, failure to hold up a vehicle, and/or the spontaneous collapse or descent of the raised ratchet bar of a Jack Stand, and/or inferior materials used to manufacture the Jack Stand and/or poor workmanship in the fabrication of the Jack Stand.

**RESPONSE:**

12.     All Documents concerning customer hotline or consumer toll free line calls, internet bulletin board and/or website postings concerning complaints of Jack Stand performance, malfunction, failure to hold up a vehicle and/or spontaneous collapse or descent of the raised ratchet bar of the Jack Stand, or of inferior materials used to manufacture the Jack Stand or poor workmanship in the fabrication of the Jack Stand, or that the Jack Stand was defective.

**RESPONSE:**

13.     All Documents concerning load or other testing of Jack Stands not produced in response to Request Number 4.

**RESPONSE:**

14.     All Documents concerning the study or consideration of employing, or the feasibility of installing, different or other designs or safety features for the Jack Stands.

**RESPONSE:**

15.     All Documents concerning the analysis or assessment of the costs of any alternative design of or safety features for the Jack Stands.

**RESPONSE:**

16.     All Documents concerning the unit cost of manufacturing the Jack Stands.

**RESPONSE:**

17.     All Documents concerning the unit cost of purchasing or fabricating each of the Jack Stand's components.

**RESPONSE:**

18.     All Documents concerning any requests made to Defendants by any insurance carrier, police department, local, state or federal government agency or department, concerning Jack Stand design, performance, malfunction, failure or complaint.

**RESPONSE:**

19.     All Documents concerning applicable policies of primary, excess and umbrella insurance issued to Defendants including insurance policies, declaration sheets and all endorsements and completed application forms.

**RESPONSE:**

20.     All Documents concerning the name(s) and address(es) of the factory(ies) and locations where Defendants manufacture, manufactured, distribute or distributed Jack Stands.

**RESPONSE:**

21.     All Documents concerning Defendants' ownership or control of Wei Fu's manufacturing plant/factory in Taishan Town, Taishan, Jiangmen, Guandong, China, where Jack Stands were/are manufactured.

**RESPONSE:**

22.     All Documents concerning the nature, scope and degree of Defendants' ownership interest, directly, or through other entities, of Shinn Hua.

**RESPONSE:**

23.     All Documents and agreements between Defendants and FMRC, and/or prepared by Shinn Fu, concerning FMRC certification of Shinn Fu Jack Stand manufacturing facilities.

**RESPONSE:**

24.     All Documents concerning compliance with, or receiving certification for complying with, ISO standards with respect to Jack Stand design, manufacture, testing, inspection and labeling.

**RESPONSE:**

**RESPONSE:**

      32.    All Documents from 1988 to the present concerning Defendants' establishment of MVP in 1988, as noted in the attached document entitled "Presentation of Shinn Fu Corporation 2011".

**RESPONSE:**

      33.    All Documents from 1988 to the present concerning MVP and/or Wei Fu being part of Shinn Fu's affiliated global operations, as noted in the attached document entitled "Presentation of Shinn Fu Corporation 2011".

**RESPONSE:**

      34.    All Documents concerning Defendants appointing members of the Board of Directors or other supervising or managing board of MVP and/or Wei Fu.

**RESPONSE:**

      35.    All Documents concerning Defendants or their officers or directors appointing the officers, executives or senior management of MVP and/or Wei Fu.

**RESPONSE:**

      36.    All Documents concerning loans by Defendants to MVP or Wei Fu or by MVP or Wei Fu to Defendants.

**RESPONSE:**

      37.    All Documents concerning loan or debt guarantees by or between any or all of the Defendants and MVP or Wei Fu.

**RESPONSE:**

      38.    All Documents concerning the nature, scope and degree of any or all of the Defendants' ownership interest in MVP or Wei Fu.

**RESPONSE:**

39.     All Documents concerning money transfers and money distributions by or from MVP to any or all of the Defendants or by and from Defendants to MVP or Wei Fu.

**RESPONSE:**

40.     All Documents concerning shared or common office space, headquarters, plants, factories, distribution facilities, bank accounts, phone or fax lines of any or all of the Defendants and MVP or Wei Fu.

**RESPONSE:**

41.     All Documents concerning dividend payments or return of capital payments from MVP and/or Wei Fu to any or all of the Defendants.

**RESPONSE:**

42.     All Documents concerning common or shared accounting, auditing, legal, insurance and/or payroll services between any or all of the Defendants and MVP and/or Wei Fu.

**RESPONSE:**

43.     All Documents concerning communications between any or all of the Defendants and MVP and/or Wei Fu with respect to Jack Stand design, manufacture, distribution, sale, marketing and testing.

**RESPONSE:**

44.     All Documents concerning communications between any or all of the Defendants and MVP and/or Wei Fu with respect to supplying, distributing or selling private label Jack Stands in the United States.

**RESPONSE:**

45.     All Documents concerning communications between any or all of the Defendants and MVP and/or Wei Fu with respect to supplying, distributing and/or selling Jack Stands to Sears.

**RESPONSE:**

46.     All Documents concerning the development of warnings for the Jack Stands, including, but not limited to, Documents concerning when warnings were developed for the Jack Stands, revisions to the warnings for the Jack Stands and, from the time when Defendants first developed warnings to the present, Documents concerning all claims (legal and non-legal) and litigation (pending or settled) with respect to warnings for the Jack Stands.

**RESPONSE:**

47.     All Documents concerning any and all inquiries or investigations of Defendants, MVP, Wei Fu, Shinn Hua and/or Sears by agencies of the United States or any state thereof, including, but not limited to, the United States Consumer Product Safety Commission and the National Highway Traffic Safety Administration.

**RESPONSE:**

48.     All Documents concerning Defendants' filing of the Answer dated March 4, 2013, including, but not limited to, Defendants' admissions in Paragraph 2 thereof.

**RESPONSE:**

PLAINTIFFS,
FREDERICK KLORCZYK, JR., as co-
administrator of the Estate of Christian R.
Klorczyk, FREDERICK KLORCZYK, JR.,
individually, LYNNE KLORCZYK, as co-
administrator of the Estate of Christian R.
Klorczyk, and LYNNE KLORCZYK,
individually

By:  _____
David J. Elliott (ct04301)
Bryan J. Orticelli (ct28643)
Kaitlin A. Canty (ct29074)
DAY PITNEY LLP
242 Trumbull Street
Hartford, Connecticut 06103-1212
(860) 275-0100
(860) 275-0343 (fax)
djelliott@daypitney.com
borticelli@daypitney.com
kcanty@daypitney.com

Their Attorneys

## CERTIFICATION

I HEREBY CERTIFY that on this 9th day of July, 2013, a copy of the foregoing was sent via

first class mail, postage prepaid, to the following counsel of record:

Sean P. Flynn                          Philip T. Newbury, Jr.
Foley & Mansfield PLLP                 Howd & Ludorf LLC
300 South Grand Avenue, Suite 2800     65 Wethersfield Avenue
Los Angeles, CA 90071                  Hartford, CT 06114

_____
Bryan J. Orticelli

## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

----------------------------------------------------

FREDERICK KLORCZYK, JR., as )
co-administrator of the Estate of Christian R )
Klorczyk, FREDERICK KLORCZYK, JR., )
individually, LYNNE KLORCZYK, as )
co-administrator of the Estate of Christian )
R. Klorczyk and LYNNE KLORCZYK, )
Individually, )
                      Plaintiffs, )
                           )
      v. )
                           )
SEARS, ROEBUCK & CO., SHINN FU )
CORPORATION, SHINN FU )
COMPANY OF AMERICA, INC. and )
MVP (HK) INDUSTRIES, LTD., )
                           )
          Defendants. )

CIVIL ACTION NO.:
3:13-CV-00257-RNC

July 15, 2013

----------------------------------------------------

### PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT MVP (HK) INDUSTRIES, LTD.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs, Frederick Klorczyk, Jr., individually and as co-administrator of the Estate of Christian R. Klorczyk, and Lynne Klorcyzk, individually and as co-administrator of the Estate of Christian R. Klorczyk ("Plaintiffs"), hereby request that Defendant, MVP (HK) Industries, Ltd. ("MVP") answers the following Interrogatories separately and fully in writing and under oath within (30) days of service hereof. Supplemental responses are requested to the date of trial as additional information is discovered.

### DEFINITIONS

A.     The definitions contained in Rule 26(c) of the Local Civil Rules of the United States District Court for the District of Connecticut are incorporated herein by reference and shall apply to these Interrogatories.

B.     "ANSI" means American National Standards Institute.

C.    "ASME" means the American Society of Mechanical Engineers.

D.    "Complaint" means the Amended Complaint in this litigation, as filed on May 9, 2013.

E.    "FMRC" means Factory Mutual Research Corporation.

F.    "ISO" means International Standards Organization.

G.    "Jack Stand" or "Jack Stands" mean a vehicle support stand of the model or type identified in the Plaintiff's Complaint including jack stands sometimes referred to by the designation T-6904 and/or listed or described as having a 4-ton load capacity (as a pair), as well as any aspect, feature, or component part of said jack stand, and including any predecessor or carryover model(s), or similar or comparable model(s).

H.    "Litigation" means the action entitled *Klorczyk et al. v. Sears, Roebuck & Co. et al.*, Docket No.: 3:13-CV-00257-RNC, now pending in the United States District Court for the District of Connecticut.

I.    "MVP" means MVP (HK) Industries, Ltd. including its agents, consultants, attorneys, principals, partners, servants, employees, representatives, corporate parent(s), subsidiaries, affiliates or related entities.

J.    "PALD" means Portable Automotive Lift Devices.

K.    "Sears" means Sears, Roebuck & Co. including its agents, consultants, attorneys, principals, partners, employees, representatives, subsidiaries, affiliates or related entities.

L.    "Shinn Fu" means Shinn Fu Corporation including its agents, consultants, attorneys, principals, partners, representatives, subsidiaries, affiliates or related entities.

M.    "SFA" means Shinn Fu Company of America, Inc., including its agents, consultants, attorneys, principals, partners, employees, representatives, subsidiaries, affiliates or related entities.

N.     "Shinn Hua" means Shinn Hua (China) Machine Company, Ltd.

O.     "Testing" or "Tests" means testing in its usual and customary sense as well as laboratory testing, testing with vehicles, testing of components, certification testing, validation testing, computer simulations and computer or mathematical modeling, prototype testing, and testing to comply with government or industry standards.

P.     "Wei Fu" means Wei Fu (Taishan) Machinery & Elec. Co., Ltd., including its agents, consultants, attorneys, principals, partners, employees, representatives, corporate parent(s), subsidiaries, affiliates or related entities.

Q.     "You" and "Your" means the person responding to these Interrogatories.

## RULES OF CONSTRUCTION

The rules of construction set forth in Rule 26(d) of the Local Rules of the United States District Court for the District of Connecticut are incorporated herein by reference and shall apply to these Interrogatories.

## INSTRUCTIONS

A.     When asked to "identify" with respect to persons you shall respond in accordance with Rule 26(c)(3) of the Local Rules of the United States District Court for the District of Connecticut.

B.     When asked to "identify" with respect to documents or electronically stored information you shall respond in accordance with Rule 26 (c)(4) of the Local Rules of the United States District Court for the District of Connecticut.

C.     With respect to any information or documents withheld on the basis of a claim of privilege, please provide all responsive information or documents as to which you do not claim a privilege and describe the nature of the information that you claim is privileged, the privilege claimed, and the basis for the claim of privilege.

3

D.     These Interrogatories shall be deemed to be continuing.  You must supplement your responses if you obtain additional information between the time the response to these Interrogatories are served and the time of trial.

E.     Unless otherwise stated, these Interrogatories seek information from January 1, 2003, to the present.

## INTERROGATORIES

1.     Identify each person involved in answering these Interrogatories, including every person who will be consulted or contacted regarding answering these Interrogatories.

2.     Identify each incident involving a Jack Stand known to MVP, including the date and location of the event, the specific type, capacity and model Jack Stand involved, the nature of the incident, the results of any incident investigation by or on behalf of MVP, in which one or more of the following occurred, or was alleged to have occurred:

(a) The Jack Stand was alleged to be defective or unsafe;

(b) The Jack Stand was alleged to have malfunctioned;

(c) The Jack Stand was alleged to have failed to hold up a vehicle;

(d) There was an alleged spontaneous collapse or descent of the raised ratchet bar of the Jack Stand;

(e) The Jack Stand was allegedly manufactured with inferior materials or had poor workmanship in its assembly or fabrication;

(f) The incident allegedly involved the use of only one Jack Stand.

3.     For those incidents identified in response to Interrogatory 2 which resulted in a claim or lawsuit against MVP, Sears, Shinn Fu, SFA and/or Wei Fu, or against any other person to whom MVP provided a defense, indemnification or insurance coverage (under MVP's policy), please state in full the caption of each case, docket number, location of the Court, attorney(s)

4

name(s) and address(es) for plaintiff(s), present status of case and/or ultimate disposition for each claim or lawsuit.

      4.      With respect to the Jack Stands, identify the persons who:

      (a) Designed them;

      (b) Manufactured them, including listing the name and address of the plant(s) or factory(ies) and the identity of the owner(s) of said plant(s) or factory(ies);

      (c) Tested them;

      (d) Distributed them;

      (e) Imported them into the United States;

      (f) Sold them to Sears.

      5.      Identify the private labeled brand retailers to whom MVP designed, manufactured, distributed or supplied Jack Stands in the United States.

      6.      Identify, by model number and load capacity or other identifying characteristics, each model or type Jack Stand which MVP manufactured, distributed or sold to Sears and for each said Jack Stand type/model provide the following:

      (a) Year(s) in which the Jack Stand was sold to Sears;

      (b) Number of units sold per year to Sears;

      (c) Unit price charged to Sears.

      7.      Identify the engineer(s) or other person(s) responsible for designing, developing, manufacturing, assembling and/or inspecting the Jack Stands and/or overseeing the design, development, manufacture, assembly and inspection of the Jack Stands. If the Jack Stands evolved from any predecessor or carryover design, identify the responsible design engineer(s) and person(s) responsible or accountable for the initial design and the carryover design.

8.    Identify the engineer(s) or other person(s) responsible for testing the Jack Stands.

9.    Identify by test protocol, test report, test result and type/model of Jack Stand, all tests conducted by or on behalf of MVP whose goal or purpose was, in whole or in part:

(a) To certify compliance with ISO, ASME, ANSI, or PALD standards or guidelines;

(b) To certify compliance with MVP's, Sears', Shinn Fu's, SFA's, and/or Wei Fu's internal testing, safety or performance standards;

(c) Load testing and/or performance testing including tests using various weight loads, and/or heights of the ratchet bar and testing involving motor vehicles;

(d) Testing of Jack Stand safety features, performance and/or failure modes.

10.    Identify the location of the plant(s) and/or factory(ies) where the Jack Stands were manufactured and inspected and set forth MVP's ownership interest in each said plant and/or factory.

11.    Identify the engineer(s) or other person(s) responsible for the quality control and quality assurance procedures and systems at each said plant/factory and/or the engineer(s) or other person(s) responsible for overseeing the quality control and quality assurance procedures in existence at each such plant/factory.

12.    Identify any engineer(s) or other person(s) involved with or responsible for evaluating or analyzing the design, performance, cost and/or safety features of competitors' Jack Stands and/or comparing each said competitor's Jack Stand's design, performance, cost or safety features to MVP's Jack Stands.

13.    Identify the engineer(s) or other person(s) responsible for considering any Jack Stand design or safety improvements, modifications or changes.

14.    Identify the engineer(s) or other person(s) responsible for (a) writing or issuing warnings on or accompanying the sale of the Jack Stand; (b) writing or issuing owner's manual or manual or brochure on Jack Stand use; (c) writing or issuing instructions for Jack Stand use; (d) the contents of any labels affixed to or placed on the Jack Stands.

15.    Identify the engineer(s) or other person(s) who represented MVP (a) on any ASME and/or ANSI committees concerning Jack Stands; (b) in writing or commenting on any ASME, ANSI, PALD, ISO or other industry standards or guidelines concerning Jack Stands or in revising or updating any such standards or guidelines.

16.    Identify the engineer(s) or other person(s) responsible for studying, analyzing or evaluating Jack Stand failure rates, failure modes, or conducting any cost/benefit analysis or any other analysis of any Jack Stand feature, component or proposed design change.

17.    Identify any documents, including documents filed in court, in which MVP characterizes, describes or represents its business/organizational relationship to Shinn Fu, SFA, and/or Wei Fu as that of being related, affiliated or "sister" companies or corporations.

18.    Set forth the nature, extent and degree of (a) Shinn Fu and/or SFA's ownership interest, directly, or through other persons or entities, in MVP, and (b) MVP's ownership interest, directly, or through other persons or entities, in Wei Fu.  Identify the documents concerning the ownership interest described herein.

19.    Identify the officers, executives and/or directors of MVP who were/are also officers, directors or executives of Shinn Fu, SFA, and/or Wei Fu.

20.    Identify the MVP officers, directors or executives who oversaw, or were responsible for overseeing, the business operations or activities of Wei Fu.

7

21.    State whether there was any licensing agreement, royalty payment agreement, professional services or consulting agreement, or other agreement(s) between MVP, Shinn Fu, and SFA and/or Wei Fu concerning the design, manufacture, assembly, distribution and/or sale of Jack Stands and, if so, identify each said agreement.

22.    State whether MVP personnel, employees, engineers or managers received training from, were supervised by, and/or reported to Shinn Fu and/or SFA concerning Jack Stand design, manufacture, assembly, inspection, testing, labeling, warnings, distribution, marketing, sale, and/or claims.  If so, identify each said MVP person, and identify the Shinn Fu and/or SFA persons providing such training, supervision or oversight.

23.    Identify the executive(s) or other person(s) at MVP who were responsible for communicating with Sears, Shinn Fu, SFA and/or Wei Fu on all issues concerning Jack Stands, including design, performance, compliance with standards, safety, legal and non-legal complaints, incidents, incident reporting and investigation, certification or other testing, warranty claims, governmental inquiries, contract compliance, pricing, advertising and marketing.

PLAINTIFFS,
FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually

By: _____
David J. Elliott (ct04301)
Bryan J. Orticelli (ct28643)
Kaitlin A. Canty (ct29074)
DAY PITNEY LLP
242 Trumbull Street
Hartford, Connecticut 06103-1212
(860) 275-0100
(860) 275-0343 (fax)
djelliott@daypitney.com
borticelli@daypitney.com
kcanty@daypitney.com

Their Attorneys

## **CERTIFICATION**

I HEREBY CERTIFY that on this 15th day of July, 2013, a copy of the foregoing was sent

via first class mail, postage prepaid, to the following counsel of record:

Sean P. Flynn
Foley & Mansfield PLLP
300 South Grand Avenue, Suite 2800
Los Angeles, CA 90071

Philip T. Newbury, Jr.
Howd & Ludorf LLC
65 Wethersfield Avenue
Hartford, CT 06114

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

-----------------------------------------------------

| | | |
|---|---|---|
| FREDERICK KLORCZYK, JR., as | ) | CIVIL ACTION NO.: |
| co-administrator of the Estate of Christian R | ) | 3:13-CV-00257-RNC |
| Klorczyk, FREDERICK KLORCZYK, JR., | ) | |
| individually, LYNNE KLORCZYK, as | ) | |
| co-administrator of the Estate of Christian | ) | |
| R. Klorczyk and LYNNE KLORCZYK, | ) | |
| Individually, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SEARS, ROEBUCK & CO., SHINN FU | ) | |
| CORPORATION, SHINN FU COMPANY | ) | |
| OF AMERICA, INC. and MVP (HK) | ) | |
| INDUSTRIES, LTD., | ) | |
| Defendants. | ) | July 9, 2013 |

-----------------------------------------------------

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO
## DEFENDANT MVP (HK) INDUSTRIES, LTD.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs, Frederick Klorczyk, Jr.,

individually and as co-administrator of the Estate of Christian R. Klorczyk, and Lynne Klorcyzk,

individually and as co-administrator of the Estate of Christian R. Klorczyk, hereby request that

Defendant, MVP (HK) Industries, Ltd. ("MVP"), comply with the following Requests for Production

within thirty (30) days of service hereof.  Supplemental production is requested to the date of trial as

additional information is discovered.

## DEFINITIONS

The following definitions apply to these Requests for Production:

A.       The definitions contained in Rule 26(c) of the Local Civil Rules of the United States

District Court for the District of Connecticut are incorporated herein by reference and shall apply to

these Requests for Production.

B.      "ASME" means the American Society of Mechanical Engineers.

C.      "Complaint" means the Amended Complaint in this Litigation, as filed on May 9, 2013.

D.      "FMRC" means Factory Mutual Research Corporation.

E.      "ISO" means International Standards Organization.

F.      "Jack Stand" or "Jack Stands" mean a vehicle support stand or device of the model or type identified in the Plaintiffs' Complaint including jack stands sometimes referred to by the designation T-6904 and/or listed or described as having a 4-ton load capacity (as a pair), as well as any aspect, feature, or component part of said jack stand, and including any predecessor or carryover model(s), or similar or comparable model(s).

G.      "Litigation" means the action entitled *Klorczyk et al. v. Sears, Roebuck & Co. et al.*, Docket No.: 3:13-cv-00257-RNC, now pending in the United States District Court for the District of Connecticut.

H.      "MVP" means MVP (HK) Industries, Ltd including its agents, consultants, attorneys, principals, partners, employees, representatives, subsidiaries, affiliates or related entities.

I.      "PALD" means Portable Automotive Lift Devices.

J.      "Sears" means Sears, Roebuck & Co. including its agents, consultants, attorneys, principals, partners, employees, representatives, subsidiaries, affiliates or related entities.

K.      "Shinn Fu" means the Shinn Fu Corporation including its agents, consultants, attorneys, principals, partners, employees, representatives, subsidiaries, affiliates or related entities.

L.      "SFA" means Shinn Fu Company of America, Inc. including its agents, consultants, attorneys, principals, partners, employees, representatives, subsidiaries, affiliates or related entities.

2

M.      "Shinn Hua" means Shinn Hua (China) Machine Company, Ltd. including its agents, consultants, attorneys, principals, partners, employees, representatives, subsidiaries, affiliates or related entities.

N.      "Testing" means testing in its usual and customary sense as well as laboratory testing, testing with vehicles, testing of components, certification testing, validation testing, computer simulations and computer or mathematical modeling, prototype testing, and testing to comply with government or industry standards.

O.      "Wei Fu" means Wei Fu (Taishan) Machinery & Elec. Co., Ltd., including its agents, consultants, attorneys, principals, partners, employees, representatives, subsidiaries, affiliates or related entities.

P.      "You" and "Your" means the Person responding to these Requests for Production.

## RULES OF CONSTRUCTION

The rules of construction set forth in Rule 26(d) of the Local Rules of the United States District Court for the District of Connecticut are incorporated herein by reference and shall apply to these Requests for Production.

## INSTRUCTIONS

The following instructions apply to these Requests for Production:

A.      In producing information and documents in response to these Requests for Production, You are required to furnish all information and documents in Your possession, custody or control, including, without limitation, information in the possession of Your agents and consultants, attorneys, representatives, principals, partners, affiliates, employees and any other Person(s) under Your control or acting on Your behalf.

3

B.      With respect to any information or documents withheld on the basis of a claim of privilege, please provide all responsive information or documents as to which you do not claim a privilege and describe the nature of the information that you claim is privileged, the privilege claimed, and the basis for the claim of privilege.

C.      These Requests for Production shall be deemed to be continuing.  You must supplement Your responses if You obtain additional information between the time the responses to these Requests for Production are served and the time of trial.

D.      Unless otherwise stated, these Requests for Production seek information and documents from January 1, 2003, to the present.

## REQUESTS FOR PRODUCTION

1.      From the time when the Jack Stands were first developed and designed to the present, all Documents concerning the development and design of the Jack Stands.

**RESPONSE:**

2.      From the time when the Jack Stands were first fabricated, manufactured, produced and assembled to the present, all Documents concerning the fabrication, manufacture, production, assembly and distribution of the Jack Stands.

**RESPONSE:**

3.      All Documents concerning the inspection, quality control, and/or quality assurance of the Jack Stands.

**RESPONSE:**

4.      All Documents concerning the testing of the Jack Stands.

**RESPONSE:**

4

5.      All Documents concerning MVP's business relationship with Sears, including, but not limited to, all contracts and agreements concerning the Jack Stands.

**RESPONSE:**

6.      All Documents concerning the labeling, use, instructions, operating manual or warnings with respect to the Jack Stands.

**RESPONSE:**

7.      All Documents concerning the business relationship(s), including, but not limited to, any licensing or other agreements, between MVP and Shinn Fu, SFA, or Wei Fu with respect to the design, manufacture, distribution or sale of the Jack Stands.

**RESPONSE:**

8.      All Documents concerning any partnerships or joint ventures between MVP and Shinn Fu, SFA or Wei Fu with respect to the Jack Stands.

**RESPONSE:**

9.      All Documents concerning any consulting or professional, management or engineering services agreements between MVP and Shinn Fu, SFA or Wei Fu with respect to the design, manufacture or sale of the Jack Stands.

**RESPONSE:**

10.      All Documents concerning MVP receiving, providing or procuring indemnification and/or insurance from, to or for Shinn Fu, SFA or Wei Fu with respect to the Jack Stands.

**RESPONSE:**

11.      From the time when MVP first began the design, manufacture, production, distribution or sale of the Jack Stands to the present, all Documents concerning complaints (legal and non-legal) or litigation (pending or settled) with respect to claims or allegations of Jack Stand malfunctions, design

or manufacturing defects, failure to hold up a vehicle, and/or the spontaneous collapse or descent of the raised ratchet bar of a Jack Stand, and/or inferior materials used to manufacture the Jack Stand and/or poor workmanship in the fabrication of the Jack Stand.

**RESPONSE:**

12.     All Documents concerning customer hotline or consumer toll free line calls, internet bulletin board and/or website postings concerning complaints of Jack Stand performance, malfunction, failure to hold up a vehicle and/or spontaneous collapse or descent of the raised ratchet bar of the Jack Stand, or of inferior materials used to manufacture the Jack Stand or poor workmanship in the fabrication of the Jack Stand, or that the Jack Stand was defective.

**RESPONSE:**

13.     All Documents concerning load or other testing of Jack Stands not produced in response to Request Number 4.

**RESPONSE:**

14.     All Documents concerning the study or consideration of employing, or the feasibility of installing, different or other designs or safety features for the Jack Stands.

**RESPONSE:**

15.     All Documents concerning the analysis or assessment of the costs of any alternative design of or safety features for the Jack Stands.

**RESPONSE:**

16.     All Documents concerning the unit cost of manufacturing the Jack Stands.

**RESPONSE:**

17.     All Documents concerning the unit cost of purchasing or fabricating each of the Jack Stand's components.

**RESPONSE:**

18.     All Documents concerning any requests made to MVP by any insurance carrier, police

department, local, state or federal government agency or department, concerning Jack Stand design,

performance, malfunction, failure or complaint.

**RESPONSE:**

19.     All Documents concerning applicable policies of primary, excess and umbrella

insurance issued to MVP or in which MVP was directly or indirectly an additional named insured

including insurance policies, declaration sheets and all endorsements and completed application forms.

**RESPONSE:**

20.     All Documents concerning the name(s) and address(es) of the factory(ies) and locations

where MVP manufactures, manufactured, distributes or distributed Jack Stands or from which Jack

Stands sold by MVP were manufactured.

**RESPONSE:**

21.     All Documents concerning MVP's ownership or control of Wei Fu's manufacturing

plant/factory in Taishan Town, Taishan, Jiangmen, Guandong, China, where Jack Stands were/are

manufactured.

**RESPONSE:**

22.     All Documents concerning the nature, scope and degree of MVP's ownership interest,

directly, or through other entities, of Shinn Hua.

**RESPONSE:**

23.     All Documents and agreements between MVP and FMRC, and/or prepared by MVP,

concerning FMRC certification of MVP Jack Stand manufacturing facilities, or facilities which

manufacture Jack Stands sold by MVP.

**RESPONSE:**

24.     All Documents concerning compliance with, or receiving certification for complying

with, ISO standards with respect to Jack Stand design, manufacture, testing, inspection and labeling.

**RESPONSE:**

25.     All Documents received by, sent by or on behalf of, or prepared by or on behalf of

MVP, concerning or with respect to Jack Stand industry standards and/or ASME standards concerning

Jack Stands, and/or PALD safety standards.

**RESPONSE:**

26.     All Documents received by, sent by or on behalf of, or prepared by or on behalf of,

MVP concerning ASME committee meetings, ASME committee drafts or discussions, concerning or

with respect to proposed or adopted ASME standards concerning Jack Stands and/or PALD safety

standards.

**RESPONSE:**

27.     All Documents concerning the use of a single Jack Stand to support all or a portion of a

motor vehicle.

**RESPONSE:**

28.     All Documents comparing the cost, utility, functionality, failure rates, complaints

and/or performance of Shinn Fu's, and/or SFA's, and/or MVP's, and/or Wei Fu's Jack Stands to those

of other manufacturers.

**RESPONSE:**

29.     All Documents concerning the suppliers, vendors or fabricators of the components of

the Jack Stands, including the ratchet bar, locking pawl, saddle, roll pin, locking handle and base

frame.

**RESPONSE:**

30.     All Documents concerning instances of a Jack Stand being subject to a shock load (i.e., a load dropping suddenly or unexpectedly on it).

**RESPONSE:**

31.     All Documents concerning instances of Jack Stands failing to perform as intended.

**RESPONSE:**

32.     All Documents concerning Shinn Fu's establishment of MVP in 1988, as noted in the attached document entitled "Presentation of Shinn Fu Corporation 2011".

**RESPONSE:**

33.     All Documents from 1988 to the present concerning MVP being part of Shinn Fu's affiliated global operations, as noted in the attached document entitled "Presentation of Shinn Fu Corporation 2011".

**RESPONSE:**

34.     All Documents concerning the appointment of members of the Board of Directors or other supervising or managing board of MVP by Shinn Fu.

**RESPONSE:**

35.     All Documents concerning the appointing  of the officers, executives or senior management of MVP by Shinn Fu or by Shinn Fu's officers or directors.

**RESPONSE:**

36.     All Documents concerning loans by Shinn Fu or SFA to MVP  or by MVP to Shinn Fu, SFA or Wei Fu.

**RESPONSE:**

37.     All Documents concerning loan or debt guarantees by or between MVP and Shinn Fu,

SFA or Wei Fu.

**RESPONSE:**

38.     All Documents concerning the nature, scope and degree of Shinn Fu's or SFA's

ownership interest in MVP.

**RESPONSE:**

39.     All Documents concerning money transfers and money distributions by or from MVP

to Shinn Fu, SFA or Wei Fu or by and from Shinn Fu, SFA or Wei Fu to MVP.

**RESPONSE:**

40.     All Documents concerning shared or common office space, headquarters, plants,

factories, distribution facilities, bank accounts, phone or fax lines of MVP and Shinn Fu, SFA or Wei

Fu.

**RESPONSE:**

41.     All Documents concerning dividend payments or return of capital payments from Wei

Fu, Shinn Fu or SFA to MVP or from MVP to Shinn Fu, SFA or Wei Fu.

**RESPONSE:**

42.     All Documents concerning common or shared accounting, auditing, legal, insurance

and/or payroll services between MVP and Wei Fu, Shinn Fu and/or SFA.

**RESPONSE:**

43.     All Documents concerning communications between MVP, Shinn Fu, SFA and/or Wei

Fu with respect to Jack Stand design, manufacture, distribution, sale, marketing and testing.

**RESPONSE:**

44.     All Documents concerning communications between MVP and Shinn Fu, SFA and/or Wei Fu with respect to supplying, distributing or selling private label Jack Stands in the United States.

**RESPONSE:**

45.     All Documents concerning communications between MVP and Shinn Fu, SFA and/or Wei Fu with respect to supplying, distributing and/or selling Jack Stands to Sears.

**RESPONSE:**

46.     All Documents concerning the development of warnings for the Jack Stands, including, but not limited to, Documents concerning when warnings were developed for the Jack Stands, revisions to the warnings for the Jack Stands and, from the time when MVP first developed warnings, or first sold or distributed Jack Stands with warnings, to the present, Documents concerning all claims (legal and non-legal) and litigation (pending or settled) with respect to warnings for the Jack Stands.

**RESPONSE:**

47.     All Documents concerning any and all inquiries or investigations of MVP, Wei Fu, Shinn Hua, Shinn Fu, SFA and/or Sears by agencies of the United States or any state thereof, including, but not limited to, the United States Consumer Product Safety Commission and the National Highway Traffic Safety Administration.

**RESPONSE:**

PLAINTIFFS,
FREDERICK KLORCZYK, JR., as co-
administrator of the Estate of Christian R.
Klorczyk, FREDERICK KLORCZYK, JR.,
individually, LYNNE KLORCZYK, as co-
administrator of the Estate of Christian R.
Klorczyk, and LYNNE KLORCZYK,
individually

By:    /s/
       David J. Elliott (ct04301)
       Bryan J. Orticelli (ct28643)
       Kaitlin A. Canty (ct29074)
       DAY PITNEY LLP
       242 Trumbull Street
       Hartford, Connecticut 06103-1212
       (860) 275-0100
       (860) 275-0343 (fax)
       djelliott@daypitney.com
       borticelli@daypitney.com
       kcanty@daypitney.com

       Their Attorneys

## CERTIFICATION

I HEREBY CERTIFY that on this 9th day of July, 2013, a copy of the foregoing was sent via

first class mail, postage prepaid, to the following counsel of record:

| | |
|---|---|
| Sean P. Flynn | Philip T. Newbury, Jr. |
| Foley & Mansfield PLLP | Howd & Ludorf LLC |
| 300 South Grand Avenue, Suite 2800 | 65 Wethersfield Avenue |
| Los Angeles, CA 90071 | Hartford, CT 06114 |

Bryan J. Orticelli