# FOLEY & MANSFIELD

Chicago | Detroit | Grand Rapids | Los Angeles | Miami | Minneapolis | New York | Oakland | St. Louis | Seattle

July 30, 2013

Sean P. Flynn
Partner
(213) 283-2128
sflynn@foleymansfield.com

*Via Email Only*

David J. Elliott
Day Pitney LLP
242 Trumbull Street - Hartford
CT, 06103

    Re:    *Klorczyk et. al., v Sears et al.*
               Case No.: 13-CV-0257 RNC

Mr. Elliott:

    We are writing in connection with Plaintiffs' first set of written discovery to Defendants Shinn Fu Corporation, Shinn Fu of America, Inc., and MVP HK Industries, Inc. served on July 9 and 15. This letter shall serve as our attempt to informally resolve the issues our clients have with this first set of written discovery.

    As you know, our clients have requested that Discovery be conducted in phases. Judge Chatigny has referred the matter to Magistrate Judge Martinez to conduct a discovery conference. Thus, as an initial matter we would like to request a stay on the requests relating to financial matters until after the conference with Magistrate Judge Martinez.

    Related to the issue of staying discovery, we would like to request an addition 30 days to respond to the discovery in light of the volume of discovery requests. Also, we would like the responses to all be due on the same day. Thus, we request that the responses be due on or before September 16, 2013. Please let us know if this is agreeable.

    Additionally, we would like to discuss how your clients plan to reimburse our clients for the costs of reviewing and producing its documents in order to comply with your discovery requests.

### Requests Directed to Shinn Fu Corp. and Shinn Fu of America

Interrogatories

    As to each of the interrogatories, they are unduly burdensome and harassing. The defined time period is over broad.

    In addition, as you know, these responding defendants did not manufacture or distribute the Jack Stand at issue in this case. The manufacturer has been identified as Wei Fu and the

# EXHIBIT C

David J. Elliott  
July 30, 2013
Page 2

distributor as MVP. Thus, these requests are not likely to lead to the discovery of admissible evidence.

Furthermore, the set of discovery as a whole is clearly designed to have these responding defendants prepare plaintiffs case for them, and requires significant independent investigation and research. Thus, this set of discovery is objectionable individually and collectively on the basis that plaintiffs are seeking to impose obligations on these responding parties not contemplated by the Fed. Rules of Civ. Proc.

Additionally, the requests exceed the 25 interrogatories permitted by Rule 33(a) as many of the sub parts are not discretely related to the main portion of the request. Based on our initial calculations our position is that this set of interrogatories actually has at least 61 requests.

As to specific requests:

#2  This request assumes that these types of records have been maintained. Thus, the request seeks to impose a requirement on the responding defendants not contemplated by the Fed. Rules of Civ. Proc.; namely, the creation of documents for the purpose of litigation. Further, the request for "the results of any incident investigation by or on behalf of Defendants" is protected from disclosure by the attorney work product doctrine and litigation privilege.

#3  This this request assumes that these types of records have been maintained. Thus, the request seeks to impose a requirement on the responding defendants not contemplated by the Fed. Rules of Civ. Proc.; namely, the creation of documents for the purpose of litigation.

#4  This this request assumes that these types of records have been maintained. Thus, the request seeks to impose a requirement on the responding defendants not contemplated by the Fed. Rules of Civ. Proc.; namely, the creation of documents for the purpose of litigation.

Also, this request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are not discrete as it relates to the responding defendants. As you know, Shinn Fu of America is not a manufacturer and is only a distributor. Thus, sub parts a-c are not related to any of its business activities.

Similarly, Shinn Fu Corp., during the relevant time period as it relates to Jack Stands sold to Sears, did not distribute the product... Thus, sub parts d-f are not related to any of its business activities.

Thus, we treat this request as two separate requests.

#5  This request calls for the disclosure of confidential Trade Secret information and will not be disclosed. We demand that it be withdrawn.

#6  This request seeks punitive damages information, which is highly confidential and will not be produced. We demand that it be withdrawn.

David J. Elliott  
July 30, 2013
Page 3

    # 7    This request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are not discrete as it relates to the responding defendants. Designing and developing are separate from manufacturing and assembling, as well as inspecting. Also, engineering as to each of this sub parts is separate from overseeing/supervising. Finally, the evolution is also a third category. Thus, with three sub parts and three categories, this request constitutes nine requests.

    #9    This request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are not discrete as it relates to the responding defendants. Testing for external compliance, internal compliance, load testing, and safety testing are each separate functions. Thus, this request constitutes four separate requests.

Finally, requests as to other models is not likely to lead to the discovery of admissible evidence.

    #11    This request is duplicative of #8.

    #12    This request is not likely to lead to the discovery of admissible evidence as competitor's jack stands are not at issue in this case. Thus, any response is not likely to lead to the discovery of any admissible evidence.

    #16    This request is unduly burdensome and harassing in that it seeks identification of any engineer who did any analysis of any Jack Stand feature, component or proposed design feature. The wording is so overbroad and vague that the request is not capable of a reasonable response. It essentially is asking for an identification of the entire engineering department.

    #17    This request is unduly burdensome and harassing in that it would require review of every corporate document that was ever created. Thus, it calls for the disclosure of confidential attorney client information, attorney work product information, and/or trade secret information. Thus, it will not be responded to, and we demand that it be withdrawn.

Further, this request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are not discrete as it relates to MVP and Wei Fu. Thus, this request constitutes two separate requests.

    #18    This request is not calculated to lead to the discovery of any admissible evidence. It also calls for the disclosure of confidential information. It will not be responded to, and we demand that it be withdrawn.

Further, this request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are not discrete as it relates to MVP and Wei Fu. Thus, this request constitutes two separate requests.

    #19    This request is not calculated to lead to the discovery of any admissible evidence. It also calls for the disclosure of confidential information. It will not be responded to, and we demand that it be withdrawn.

David J. Elliott
July 30, 2013
Page 4



    Further, this request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are not discrete as it relates to MVP and Wei Fu. Thus, this request constitutes two separate requests.

    #20. This request is not calculated to lead to the discovery of any admissible evidence. It also calls for the disclosure of confidential information. It will not be responded to, and we demand that it be withdrawn.

    Further, this request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are not discrete as it relates to MVP and Wei Fu. Thus, this request constitutes two separate requests.

    #21 This request is not likely to lead to the discovery of admissible evidence. Further, this request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are not discrete as it relates to MVP and Wei Fu; also there are four different categories of agreements. Thus, this request constitutes eight separate requests.

    #22 This request is not calculated to lead to the discovery of any admissible evidence. Further, this request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are not discrete as it relates to MVP and Wei Fu; also the request lists at least seven different categories. Thus, this request constitutes fourteen separate requests.

    #23 This request is not calculated to lead to the discovery of any admissible evidence. Further, this request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are not discrete as it relates to Sears, MVP and Wei Fu. Thus, this request constitutes three separate requests.

<u>Requests for Production of Documents</u>

    As to each of the interrogatories, they are unduly burdensome and harassing. The defined time period is over broad.

    In addition, as you know, these responding defendants did not manufacture or distribute the Jack Stand at issue in this case. The manufacturer has been identified as Wei Fu and the distributor as MVP. Thus, these requests are not likely to lead to the discovery of admissible evidence.

    As to those requests drafted with "All Documents", those requests may call for the production of documents covered by the attorney client and work product privileges. These documents will not be produced. Due to the time and expense of having to prepare a privilege log based not only on the time period, but also the scope of the request, we request that this request be modified so as to not call for any attorney client and/or work product documents.

    As to the specific requests:

<u>#1, 2, 11, 32, 33, 46</u>:

David J. Elliott
July 30, 2013
Page 5



The defined time period within this request, "from the time when the Jack Stands we first developed," is over broad. Further, the request may call for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

#4, 13:

This request duplicates #3 and we ask that it be withdrawn.

#11:

This request is compound and disjunctive to the point that the request is vague and ambiguous. We request that you clarify your request.

#14, 15:

This request duplicates #1 and we ask that it be withdrawn.

#18:

This request is unduly burdensome and oppressive. The request is not likely to lead to the discovery of admissible evidence. Moreover, the burden of these responding defendants having o review all of the files for the past ten years concerning Jack Stands far outweighs the potential benefit, if any, to Plaintiffs. We request that it be withdrawn at this time.

#19:

This request is over broad to the extent it is request the insurance application forms. We ask that this request be modified.

#48:

This request calls for the production of documents covered by the attorney client and attorney work product privileges. No documents will be produced and we demand that the request be withdrawn.

**Requests Directed to MVP HK Industries, Inc.**

Interrogatories

As to each of the interrogatories, they are unduly burdensome and harassing. The defined time period is over broad.

Furthermore, the set of discovery as a whole is clearly designed to have these responding defendants prepare plaintiffs case for them, and requires significant independent investigation and research. Thus, this set of discovery is objectionable individually and collectively on the

David J. Elliott
July 30, 2013
Page 6



basis that plaintiffs are seeking to impose obligations on these responding parties not contemplated by the Fed. Rules of Civ. Proc.

Additionally, the requests exceed the 25 interrogatories permitted by Rule 33(a) as many of the sub parts are not discretely related to the main portion of the request. Based on our initial calculations our position is that this set of interrogatories actually has at least 69 requests.

As to specific requests:

#2   This request assumes that these types of records have been maintained. Thus, the request seeks to impose a requirement on the responding defendants not contemplated by the Fed. Rules of Civ. Proc.; namely, the creation of documents for the purpose of litigation. Further, the request for "the results of any incident investigation by or on behalf of Defendants" is protected from disclosure by the attorney work product doctrine and litigation privilege.

#3   This this request assumes that these types of records have been maintained. Thus, the request seeks to impose a requirement on the responding defendants not contemplated by the Fed. Rules of Civ. Proc.; namely, the creation of documents for the purpose of litigation.

#4   This this request assumes that these types of records have been maintained. Thus, the request seeks to impose a requirement on the responding defendants not contemplated by the Fed. Rules of Civ. Proc.; namely, the creation of documents for the purpose of litigation.

Also, this request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are not discrete as it relates to the responding defendant. Thus, we treat this request as three separate requests.

#5   This request calls for the disclosure of confidential Trade Secret information and will not be disclosed. We demand that it be withdrawn.

#6   This request seeks punitive damages information, which is highly confidential and will not be produced. We demand that it be withdrawn.

# 7   This request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are not discrete as it relates to the responding defendant. Designing and developing are separate from manufacturing and assembling, as well as inspecting. Also, engineering as to each of this sub parts is separate from overseeing/supervising. Finally, the evolution is also a third category. Thus, with three sub parts and three categories, this request constitutes nine requests.

#9   This request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are not discrete as it relates to the responding defendant. Testing for external compliance, internal compliance, load testing, and safety testing are each separate functions. Thus, this request constitutes four separate requests.

Finally, requests as to other models is not likely to lead to the discovery of admissible evidence.

David J. Elliott
July 30, 2013
Page 7



      #11     This request is duplicative of #8.

      #12     This request is not likely to lead to the discovery of admissible evidence as competitor's jack stands are not at issue in this case. Thus, any response is not likely to lead to the discovery of any admissible evidence.

      #16     This request is unduly burdensome and harassing in that it seeks identification of any engineer who did any analysis of any Jack Stand feature, component or proposed design feature. The wording is so overbroad and vague that the request is not capable of a reasonable response. It essentially is asking for an identification of the entire engineering department.

      #17     This request is unduly burdensome and harassing in that it would require review of every corporate document that was ever created. Thus, it calls for the disclosure of confidential attorney client information, attorney work product information, and/or trade secret information. Thus, it will not be responded to, and we demand that it be withdrawn.

      Further, this request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are not discrete as it relates to SFC, SFA and Wei Fu. Thus, this request constitutes three separate requests.

      #18     This request is not calculated to lead to the discovery of any admissible evidence. It also calls for the disclosure of confidential information. It will not be responded to, and we demand that it be withdrawn.

      Further, this request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are not discrete as it relates to SFC, SFA and Wei Fu. Thus, this request constitutes three separate requests.

      #19     This request is not calculated to lead to the discovery of any admissible evidence. It also calls for the disclosure of confidential information. It will not be responded to, and we demand that it be withdrawn.

      Further, this request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are not discrete as it relates to SFC, SFA and Wei Fu. Thus, this request constitutes three separate requests.

      #20.    This request is not calculated to lead to the discovery of any admissible evidence. It also calls for the disclosure of confidential information. It will not be responded to, and we demand that it be withdrawn.

      #21     This request is not likely to lead to the discovery of admissible evidence. Further, this request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are not discrete as it relates to SFC, SFA and Wei Fu; also there are four different categories of agreements. Thus, this request constitutes twelve separate requests.

David J. Elliott 
July 30, 2013
Page 8

     #22    This request is not calculated to lead to the discovery of any admissible evidence. Further, this request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are not discrete as it relates to SFC and SFA; also the request lists at least seven different categories. Thus, this request constitutes fourteen separate requests.

     #23    This request is not calculated to lead to the discovery of any admissible evidence. Further, this request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are not discrete as it relates to Sears, SFC, SFA and Wei Fu. Thus, this request constitutes four separate requests.

### Requests for Production of Documents

As to each of the interrogatories, they are unduly burdensome and harassing. The defined time period is over broad.

In addition, as you know, this responding defendant did not manufacture the Jack Stand at issue in this case. The manufacturer has been identified as Wei Fu. Thus, these requests are not likely to lead to the discovery of admissible evidence.

As to those requests drafted with "All Documents", those requests may call for the production of documents covered by the attorney client and work product privileges. These documents will not be produced. Due to the time and expense of having to prepare a privilege log based not only on the time period, but also the scope of the request, we request that this request be modified so as to not call for any attorney client and/or work product documents.

As to the specific requests:

#1, 2, 11, 32, 33, 46:

The defined time period within this request, "from the time when the Jack Stands we first developed," is over broad. Further, the request may call for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

#4, 13:

This request duplicates #3 and we ask that it be withdrawn.

#11:

This request is compound and disjunctive to the point that the request is vague and ambiguous. We request that you clarify your request.

#14, 15:

This request duplicates #1 and we ask that it be withdrawn.

David J. Elliott  
July 30, 2013
Page 9

#18:

This request is unduly burdensome and oppressive. The request is not likely to lead to the discovery of admissible evidence. Moreover, the burden of these responding defendants having o review all of the files for the past ten years concerning Jack Stands far outweighs the potential benefit, if any, to Plaintiffs. We request that it be withdrawn at this time.

#19:

This request is over broad to the extent it is request the insurance application forms. We ask that this request be modified.

#48:

This request calls for the production of documents covered by the attorney client and attorney work product privileges. No documents will be produced and we demand that the request be withdrawn.

Please advise when you are available to discuss these issues during the week of July 29. Obviously, if the deadlines to respond are extended then there is more time to meet and confer if your office is not available the week of July 29.

Very truly yours,

Sean P. Flynn

SPF

cc:  Erica Todd
     James Brawley
     Philip Newbury