# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually | Case 3:13-cv-00257-RNC **DEFENDANT SHINN FU CORPORATION RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |
| Plaintiff, | |
| vs. | |
| SEARS, ROEBUCK AND CO., SHINN FU CORPORATION, SHINN FU COMPANY OF AMERICA, INC., and MVP (HK) INDUSTRIES, LTD | Complaint Filed: January 30, 2013 |
| Defendants. | |

///

///

///

///

///

///

**EXHIBIT E**

**PROPOUNDING PARTY:  PLAINTIFF, FREDERICK KLORCZYK, JR.**

**RESPONDING PARTY:    DEFENDANT, SHINN FU CORPORATION**

**SET NO.:              ONE**

Responding Party provides the following responses to Special Interrogatories (Set One) propounded by Propounding Party.

<u>**PRELIMINARY STATEMENT**</u>

Each of the following Responses is made solely for the purpose of this action.  Each Response is subject to any and all objections to competency, relevance, materiality, proprietary, and admissibility.  In addition, each Response is subject to any and all objections and/or grounds that would require the exclusion of any statement or material provided, or any part thereof, to any Special Interrogatories  which were asked of, or any statement or material provided by, witnesses present and testifying in court.  All objections are reserved and may be asserted at the time of trial.  The Responses are based upon information presently available to Responding Party.  The fact that Responding Party  has responded to or objected to any Special Interrogatories should not be taken as an admission that the Special Interrogatories or Response thereto constitutes admissible evidence.  The mere fact that Responding Party  has responded to part of or all of any Special Interrogatories is not intended to be, and shall not constitute a waiver by Responding Party  of any objections to the Special Interrogatories.

Responding Party  has not completed its investigation and discovery of the matters at issue in this action and these Responses are based upon Responding Party   knowledge, information, and belief as of this date.  Responding Party  reserve the right to make further responses if it appears that any omission or error has been made in connection with these Responses or in the event future or more accurate information is available.  These Responses are made without prejudice to the right to present at trial such additional evidence as may be later discovered or evaluated.

## GENERAL OBJECTIONS

Responding Party objects to this Demand on the grounds that is vague, ambiguous, and overbroad.  Responding Party  further objects to this Demand on the grounds that it is unreasonably burdensome and propounded solely to annoy, vex, and harass Responding Party. Responding Party objects to this Demand on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each person involved in answering these Interrogatories, including every person who will be consulted or contacted regarding answering these Interrogatories.

**RESPONSE TO INTERROGATORY NO. 1:**

Objection: This Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine  This request also seeks premature disclosure of expert identification and testimony.

Subject to, and without waiving these objections, Responding Party responds as follows:

Sean P. Flynn, Esq. of Foley & Mansfield, PLLP

**INTERROGATORY NO. 2:**

Identify each incident involving a Jack Stand known to Defendants, including the date and location of the event, the specific type, capacity and model Jack Stand involved, the nature of the incident, the results of any incident investigation by or on behalf of Defendants, in which one or more of the following occurred, or was alleged to have occurred:

    (a)     The Jack Stand was alleged to be defective or unsafe;

    (b)     The Jack Stand was alleged to have malfunctioned;

    (c)     The Jack Stand was alleged to have failed to hold up a vehicle;

    (d)     There was an alleged spontaneous collapse or descent of the raised ratchet bar of the Jack Stand;

    (e)      The Jack Stand was allegedly manufactured with inferior materials or had poor workmanship in its assembly or fabrication;

    (f)      The incident allegedly involved the use of only one Jack Stand.

**RESPONSE TO INTERROGATORY NO. 2:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory assumes that "incidents" have occurred and that these types of records have been maintained, thereby imposing a requirement on Responding Party not contemplated by the Federal Rules of Civil Procedure, namely the creation of documents for the purpose of litigation. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 3:**

For those incidents identified in response to Interrogatory 2 which resulted in a claim or lawsuit against Defendants, Sears, MVP and/or Wei Fu, or against any other person to whom Defendants provided a defense, indemnification or insurance coverage (under Defendants' policy), please state in full the caption of each case, docket number, location of the Court, attorney(s) name(s) and address(es) for plaintiff(s), present status of case and/or ultimate disposition for each claim or lawsuit.

**RESPONSE TO INTERROGATORY NO. 3:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their

depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory assumes that "incidents" have occurred and that these types of records have been maintained, thereby imposing a requirement on Responding Party not contemplated by the Federal Rules of Civil Procedure, namely the creation of documents for the purpose of litigation. Furthermore, this interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.  This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 4:**

With respect to the Jack Stands, identify the persons who:

(a)     Designed them;

(b)     Manufactured them, including listing the name and address of the plant(s) or factory(ies) and the identity of the owner(s) of said plant(s) or factory(ies);

(c)     Tested them;

(d)     Distributed them;

(e)     Imported them into the United States;

(f)     Sold them to Sears.

**RESPONSE TO INTERROGATORY NO. 4:**

Objection: Discovery has just begun in this matter and Responding Party  has not completed its investigation into the matters alleged in the First Amended Complaint.  Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.  This request also seeks premature disclosure of expert

identification and testimony.  This request further is in violation of Fed. R. Civ. Proc. 33(a) as the sub-parts are not discrete as they relate to Responding Party since Responding Party did not manufacture or distribute the product during the relevant time period.

**INTERROGATORY NO. 5:**

Identify the private labeled brand retailers to whom Defendants designed, manufactured, distributed or supplied Jack Stands in the United States.

**RESPONSE TO INTERROGATORY NO. 5:**

Objection: Discovery has just begun in this matter and Responding Party  has not completed its investigation into the matters alleged in the First Amended Complaint.  Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.  This request also confidential and/or Trade Secret information that will not be disclosed.

**INTERROGATORY NO. 6:**

Identify, by model number and load capacity or other identifying characteristics, each model or type Jack Stand which Defendants manufactured, distributed or sold to Sears and for each said Jack Stand type/model provide the following:

       (a)     Year(s) in which the Jack Stand was sold to Sears;

       (b)     Number of units sold per year to Sears;

       (c)     Unit price charged to Sears.

**RESPONSE TO INTERROGATORY NO. 6:**

Objection: Discovery has just begun in this matter and Responding Party  has not completed its investigation into the matters alleged in the First Amended Complaint.  Further, Responding Party has not received discovery responses from Plaintiffs nor taken their

depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.  This request also confidential and/or Trade Secret information that will not be disclosed.

**INTERROGATORY NO. 7:**

Identify the engineer(s) or other person(s) responsible for designing, developing, manufacturing, assembling and/or inspecting the Jack Stands and/or overseeing the design, development, manufacture, assembly and inspection of the Jack Stands.  If the Jack Stands evolved from any predecessor or carryover design, identify the responsible design engineer(s) and person(s) responsible or accountable for the initial design and the carryover design.

**RESPONSE TO INTERROGATORY NO. 7:**

Objection: Discovery has just begun in this matter and Responding Party  has not completed its investigation into the matters alleged in the First Amended Complaint.  Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory seeks confidential third party information.  Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 8:**

Identify the engineer(s) or other person(s) responsible for testing the Jack Stands.

**RESPONSE TO INTERROGATORY NO. 8:**

Objection: Discovery has just begun in this matter and Responding Party  has not completed its investigation into the matters alleged in the First Amended Complaint.  Further,

Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory is duplicative of number 7 and seeks confidential third party information. Furthermore, this interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 9:**

Identify by test protocol, test report, test result and type/model of Jack Stand, all tests conducted by or on behalf of Defendants whose goal or purpose was, in whole or in part:

(a) To certify compliance with ISO, ASME, ANSI, or PALD standards or guidelines;

(b) To certify compliance with Defendants', Sears', Wei Fu's and/or MVP's internal testing, safety or performance standards;

(c) Load testing and/or performance testing including tests using various weight loads, and/or heights of the ratchet bar and testing involving motor vehicles;

(d) Testing of Jack Stand safety features, performance and/or failure modes.

**RESPONSE TO INTERROGATORY NO. 9:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also seeks premature disclosure of expert identification and testimony. This request further is in violation of Fed. R. Civ. Proc. 33(a) as

the sub-parts are not discrete as they relate to Responding Party since Responding Party did not manufacture or distribute the product during the relevant time period.

**INTERROGATORY NO. 10:**

Identify the location of the plant(s) and/or factory(ies) where the Jack Stands were manufactured and inspected and set forth Defendants' ownership interest in each said plant and/or factory.

**RESPONSE TO INTERROGATORY NO. 10:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, conjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.

**INTERROGATORY NO. 11:**

Identify the engineer(s) or other person(s) responsible for the quality control and quality assurance procedures and systems at each said plant/factory and/or the engineer(s) or other person(s) responsible for overseeing the quality control and quality assurance procedures in existence at each such plant/factory.

**RESPONSE TO INTERROGATORY NO. 11:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence.

This Interrogatory is duplicative of number 8 and seeks confidential third party information. Furthermore, this interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 12:**

Identify any engineer(s) or other person(s) involved with or responsible for evaluating or analyzing the design, performance, cost and/or safety features of competitors' Jack Stands and/or comparing each said competitor's Jack Stand's design, performance, cost or safety features to Defendants' Jack Stands.

**RESPONSE TO INTERROGATORY NO. 12:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory is duplicative of number 8 and seeks confidential third party information. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 13:**

Identify the engineer(s) or other person(s) responsible for considering any Jack Stand design or safety improvements, modifications or changes.

**RESPONSE TO INTERROGATORY NO. 13:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their

depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This interrogatory is duplicative of numbers 8 and 12, and it seeks confidential third party information.  Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.  This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 14:**

Identify the engineer(s) or other person(s) responsible for (a) writing or issuing warnings on or accompanying the sale of the Jack Stand; (b) writing or issuing owner's manual or manual or brochure on Jack Stand use; (c) writing or issuing instructions for Jack Stand use; (d) the contents of any labels affixed to or placed on the Jack Stands

**RESPONSE TO INTERROGATORY NO. 14:**

Objection: Discovery has just begun in this matter and Responding Party  has not completed its investigation into the matters alleged in the First Amended Complaint.  Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This interrogatory is duplicative of numbers 8, 12, and 13, and it seeks confidential third party information.  Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.  This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 15:**

Identify the engineer(s) or other person(s) who represented Defendants (a) on any ASME and/or ANSI committees concerning Jack Stands; (b) in writing or commenting on any ASME,

ANSI, PALD, ISO or other industry standards or guidelines concerning Jack Stands or in revising or updating any such standards or guidelines.

**RESPONSE TO INTERROGATORY NO. 15:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory seeks confidential third party information. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 16:**

Identify the engineer(s) or other person(s) responsible for studying, analyzing or evaluating Jack Stand failure rates, failure modes, or conducting any cost/benefit analysis or any other analysis of any Jack Stand feature, component or proposed design change.

**RESPONSE TO INTERROGATORY NO. 16:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory is duplicative of numbers 8, 12, and 13, and it seeks confidential third party information. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 17:**

Identify any documents, including documents filed in court, in which Defendants characterize, describe or represent their business/organizational relationship to MVP and/or Wei Fu as that of being related, affiliated or "sister" companies or corporations.

**RESPONSE TO INTERROGATORY NO. 17:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 18:**

Set forth the nature, extent and degree of Defendants' ownership interest, directly, or through other persons or entities, in MVP and/or Wei Fu. Identify the documents concerning that ownership interest.

**RESPONSE TO INTERROGATORY NO. 18:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory seeks confidential financial information. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work

product doctrine.  This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 19:**

Identify the officers, executives and/or directors of MVP and/or Wei Fu who were/are also officers, directors or executives of Defendants.

**RESPONSE TO INTERROGATORY NO. 19:**

Objection: Discovery has just begun in this matter and Responding Party  has not completed its investigation into the matters alleged in the First Amended Complaint.  Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence.  Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.

**INTERROGATORY NO. 20:**

Identify the Defendants' officers, directors or executives who oversaw, or were responsible for overseeing, the business operations or activities of MVP and/or Wei Fu.

**RESPONSE TO INTERROGATORY NO. 20:**

Objection: Discovery has just begun in this matter and Responding Party  has not completed its investigation into the matters alleged in the First Amended Complaint.  Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence.  Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.

**INTERROGATORY NO. 21:**

State whether there was any licensing agreement, royalty payment agreement, professional services or consulting agreement, or other agreement(s) between Defendants and MVP and/or Wei Fu concerning the design, manufacture, assembly, distribution and/or sale of Jack Stands and, if so, identify each said agreement.

**RESPONSE TO INTERROGATORY NO. 21:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint.  Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence.  Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.

**INTERROGATORY NO. 22:**

State whether MVP or Wei Fu personnel, employees, engineers or managers received training from, were supervised by, and/or reported to Defendants concerning Jack Stand design, manufacture, assembly, inspection, testing, labeling, warnings, distribution, marketing, sale, and/or claims.  If so, identify the persons providing such training, supervision or oversight.

**RESPONSE TO INTERROGATORY NO. 22:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint.  Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of

admissible evidence.  Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.

**INTERROGATORY NO. 23:**

Identify the executive(s) or other person(s) at Defendants who were responsible for communicating with Sears, MVP and/or Wei Fu on all issues concerning Jack Stands, including design, performance, compliance with standards, safety, legal and non-legal complaints, incidents, incident reporting and investigation, certification or other testing, warranty claims, governmental inquiries, contract compliance, pricing, advertising and marketing.

**RESPONSE TO INTERROGATORY NO. 23:**

Objection: Discovery has just begun in this matter and Responding Party  has not completed its investigation into the matters alleged in the First Amended Complaint.  Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence.  Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.


DATED:    August 9, 2013                         Defendants,
                                                 **SHINN FU CORPORATION, SHINN FU
                                                 COMPANY OF AMERICA, INC., AND MVP
                                                 (HK) INDUSTRIES, LTD.**


                                      By: _____
                                                 Sean P. Flynn, Esq.
                                                 Bar No.: CA 220184
                                                 M. Amadea Groseclose, Esq.
                                                 Bar No.: CA 267091
                                                 Foley & Mansfield, PLLP
                                                 300 South Grand Avenue, Suite 2800
                                                 Los Angeles, CA 90071
                                                 (213) 283-2100
                                                 (213) 283-2101 (Facsimile)
                                                 sflynn@foleymansfield.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually | Case 3:13-cv-00257-RNC |
| Plaintiff, | |
| vs. | **CERTIFICATE OF SERVICE** |
| SEARS, ROEBUCK AND CO., SHINN FU CORPORATION and SHINN FU COMPANY OF AMERICA, INC. | Complaint Filed: January 30, 2012 |
| Defendants. | |

///

///

///

///

///

///

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on **August 9, 2013** a copy of the foregoing

**DEFENDANT SHINN FU CORPORATION  RESPONSES TO**

**PLAINTIFFS' FIRST SET OF INTERROGATORIES** was sent, via first class

mail, postage prepaid, to the following counsel(s) of record:

David J. Elliott, Esq.
Bryan J. Orticelli, Esq.
Kaitlin A. Canty, Esq.
DAY PITNEY LLP
242 Trumbull Street
Hartford, Connecticut  06103-1212

Erica W. Todd, Esq.
Trotta, Trotta & Trotta
P.O. Box 802
900 Chapel Street
New Haven, CT  06503

Philip T. Newbury, Jr., Esq.
Christopher  M. Vossler, Esq.
Howd & Ludorf, LLC
65 Wethersfield Ave.
Hartford , CT  06114

Joseph  Donat, Esq.
Howard Wexler, Esq.
Howard Edinburgh,  Esq.
Michael Gallub, Esq.
HERZFELD & RUBIN, P.C.
125 Broad  Street
New York, NY  10004

By: _____
Olga Valadez
Foley & Mansfield, PLLP
300 South Grand Avenue, Suite 2800
Los Angeles CA 90071
(213) 283-2100
(213) 283-2101 (Facsimile)

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually<br><br>Plaintiff,<br><br>vs.<br><br>SEARS, ROEBUCK AND CO., SHINN FU CORPORATION, SHINN FU COMPANY OF AMERICA, INC., and MVP (HK) INDUSTRIES, LTD<br><br>Defendants. | Case 3:13-cv-00257-RNC<br><br>**DEFENDANT SHINN FU OF AMERICA, INC,'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**<br><br><br><br>Complaint Filed: January 30, 2013 |

///

///

///

///

///

///

**PROPOUNDING PARTY:   PLAINTIFF, FREDERICK KLORCZYK, JR.**

**RESPONDING PARTY:    DEFENDANT, SHINN FU COMPANY OF AMERICA, INC.**

**SET NO.:             ONE**

Responding Party provides the following responses to Special Interrogatories (Set One) propounded by Propounding Party.

<u>**PRELIMINARY STATEMENT**</u>

Each of the following Responses is made solely for the purpose of this action.  Each Response is subject to any and all objections to competency, relevance, materiality, proprietary, and admissibility.  In addition, each Response is subject to any and all objections and/or grounds that would require the exclusion of any statement or material provided, or any part thereof, to any Special Interrogatories  which were asked of, or any statement or material provided by, witnesses present and testifying in court.  All objections are reserved and may be asserted at the time of trial.  The Responses are based upon information presently available to Responding Party .  The fact that Responding Party  has responded to or objected to any Special Interrogatories should not be taken as an admission that the Special Interrogatories or Response thereto constitutes admissible evidence.  The mere fact that Responding Party  has responded to part of or all of any Special Interrogatories is not intended to be, and shall not constitute a waiver by Responding Party  of any objections to the Special Interrogatories.

Responding Party  has not completed its investigation and discovery of the matters at issue in this action and these Responses are based upon Responding Party knowledge, information, and belief as of this date.  Responding Party  reserve the right to make further responses if it appears that any omission or error has been made in connection with these Responses or in the event future or more accurate information is available.  These Responses are made without prejudice to the right to present at trial such additional evidence as may be later discovered or evaluated.

2

## GENERAL OBJECTIONS

Responding Party objects to this Demand on the grounds that is vague, ambiguous, and overbroad.  Responding Party  further objects to this Demand on the grounds that it is unreasonably burdensome and propounded solely to annoy, vex, and harass Responding Party. Responding Party objects to this Demand on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each person involved in answering these Interrogatories, including every person who will be consulted or contacted regarding answering these Interrogatories.

### RESPONSE TO INTERROGATORY NO. 1:

Objection: This request seeks information protected by the attorney-client privilege and attorney work product doctrine  This request also seeks premature disclosure of expert identification and testimony.

Subject to, and without waiving these objections, Responding Party responds as follows:

Sean P. Flynn, Esq. of Foley & Mansfield, PLLP

### INTERROGATORY NO. 2:

Identify each incident involving a Jack Stand known to Defendants, including the date and location of the event, the specific type, capacity and model Jack Stand involved, the nature of the incident, the results of any incident investigation by or on behalf of Defendants, in which one or more of the following occurred, or was alleged to have occurred:

    (a)    The Jack Stand was alleged to be defective or unsafe;

    (b)    The Jack Stand was alleged to have malfunctioned;

    (c)    The Jack Stand was alleged to have failed to hold up a vehicle;

    (d)    There was an alleged spontaneous collapse or descent of the raised ratchet bar of the Jack Stand;

3

(e)     The Jack Stand was allegedly manufactured with inferior materials or had poor

workmanship in its assembly or fabrication;

(f)     The incident allegedly involved the use of only one Jack Stand.

**RESPONSE TO INTERROGATORY NO. 2:**

Objection: Discovery has just begun in this matter and Responding Party has not

completed its investigation into the matters alleged in the First Amended Complaint.  Further,

Responding Party has not received discovery responses from Plaintiffs nor taken their

depositions yet, and thus has not had an opportunity to learn any of the facts upon which

Plaintiffs base their allegations.  This Interrogatory is overbroad, compound, disjunctive, vague

as to time and seeks information not calculated to lead to the discovery of admissible evidence.

This Interrogatory assumes that "incidents" have occurred and that these types of records have

been maintained, thereby imposing a requirement on Responding Party not contemplated by the

Federal Rules of Civil Procedure, namely the creation of documents for the purpose of litigation.

Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and

attorney work product doctrine.  This request also seeks premature disclosure of expert

identification and testimony.

**INTERROGATORY NO. 3:**

For those incidents identified in response to Interrogatory 2 which resulted in a claim or

lawsuit against Defendants, Sears, MVP and/or Wei Fu, or against any other person to whom

Defendants provided a defense, indemnification or insurance coverage (under Defendants'

policy), please state in full the caption of each case, docket number, location of the Court,

attorney(s) name(s) and address(es) for plaintiff(s), present status of case and/or ultimate

disposition for each claim or lawsuit

**RESPONSE TO INTERROGATORY NO. 3:**

Objection: Discovery has just begun in this matter and Responding Party has not

completed its investigation into the matters alleged in the First Amended Complaint.  Further,

Responding Party has not received discovery responses from Plaintiffs nor taken their

depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence.  This Interrogatory assumes that "incidents" have occurred and that these types of records have been maintained, thereby imposing a requirement on Responding Party not contemplated by the Federal Rules of Civil Procedure, namely the creation of documents for the purpose of litigation.  Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.  This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 4:**

With respect to the Jack Stands, identify the persons who:

(a)     Designed them;

(b)     Manufactured them, including listing the name and address of the plant(s) or factory(ies) and the identity of the owner(s) of said plant(s) or factory(ies);

(c)     Tested them;

(d)     Distributed them;

(e)     Imported them into the United States;

(f)     Sold them to Sears.

**RESPONSE TO INTERROGATORY NO. 4:**

Objection: Discovery has just begun in this matter and Responding Party  has not completed its investigation into the matters alleged in the First Amended Complaint.  Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence.  Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.  This Interrogatory also seeks premature disclosure of expert

identification and testimony. This request further is in violation of Fed. R. Civ. Proc. 33(a) as the sub-parts are not discrete as they relate to Responding Party since Responding Party did not manufacture or distribute the product during the relevant time period.

**INTERROGATORY NO. 5:**

Identify the private labeled brand retailers to whom Defendants designed, manufactured, distributed or supplied Jack Stands in the United States.

**RESPONSE TO INTERROGATORY NO. 5:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This Interrogatory also confidential and/or Trade Secret information that will not be disclosed.

**INTERROGATORY NO. 6:**

Identify, by model number and load capacity or other identifying characteristics, each model or type Jack Stand which Defendants manufactured, distributed or sold to Sears and for each said Jack Stand type/model provide the following:

(a)     Year(s) in which the Jack Stand was sold to Sears;

(b)     Number of units sold per year to Sears;

(c)     Unit price charged to Sears.

**RESPONSE TO INTERROGATORY NO. 6:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their

depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This Interrogatory also confidential and/or Trade Secret information that will not be disclosed.

**INTERROGATORY NO. 7:**

Identify the engineer(s) or other person(s) responsible for designing, developing, manufacturing, assembling and/or inspecting the Jack Stands and/or overseeing the design, development, manufacture, assembly and inspection of the Jack Stands. If the Jack Stands evolved from any predecessor or carryover design, identify the responsible design engineer(s) and person(s) responsible or accountable for the initial design and the carryover design.

**RESPONSE TO INTERROGATORY NO. 7:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory seeks confidential third party information. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This Interrogatory also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 8:**

Identify the engineer(s) or other person(s) responsible for testing the Jack Stands.

**RESPONSE TO INTERROGATORY NO. 8:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further,

Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory is duplicative of number 7 and seeks confidential third party information. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.  This Interrogatory also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 9:**

Identify by test protocol, test report, test result and type/model of Jack Stand, all tests conducted by or on behalf of Defendants whose goal or purpose was, in whole or in part:

      (a)      To certify compliance with ISO, ASME, ANSI, or PALD standards or guidelines;

      (b)      To certify compliance with Defendants', Sears', Wei Fu's and/or MVP's internal testing, safety or performance standards;

      (c)      Load testing and/or performance testing including tests using various weight loads, and/or heights of the ratchet bar and testing involving motor vehicles;

      (d)      Testing of Jack Stand safety features, performance and/or failure modes.

**RESPONSE TO INTERROGATORY NO. 9:**

Objection: Discovery has just begun in this matter and Responding Party  has not completed its investigation into the matters alleged in the First Amended Complaint.  Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.  This Interrogatory also seeks premature disclosure of expert identification and testimony.  This Interrogatory further is in violation of Fed. R. Civ. Proc. 33(a)

as the sub-parts are not discrete as they relate to Responding Party since Responding Party did
not manufacture or distribute the product during the relevant time period.

**INTERROGATORY NO. 10:**

Identify the location of the plant(s) and/or factory(ies) where the Jack Stands were
manufactured and inspected and set forth Defendants' ownership interest in each said plant
and/or factory.

**RESPONSE TO INTERROGATORY NO. 10:**

Objection: Discovery has just begun in this matter and Responding Party has not
completed its investigation into the matters alleged in the First Amended Complaint.  Further,
Responding Party has not received discovery responses from Plaintiffs nor taken their
depositions yet, and thus has not had an opportunity to learn any of the facts upon which
Plaintiffs base their allegations.  This Interrogatory is overbroad, compound, conjunctive, vague
as to time and seeks information not calculated to lead to the discovery of admissible evidence.
Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and
attorney work product doctrine.

**INTERROGATORY NO. 11:**

Identify the engineer(s) or other person(s) responsible for the quality control and quality
assurance procedures and systems at each said plant/factory and/or the engineer(s) or other
person(s) responsible for overseeing the quality control and quality assurance procedures in
existence at each such plant/factory.

**RESPONSE TO INTERROGATORY NO. 11:**

Objection: Discovery has just begun in this matter and Responding Party has not
completed its investigation into the matters alleged in the First Amended Complaint.  Further,
Responding Party has not received discovery responses from Plaintiffs nor taken their
depositions yet, and thus has not had an opportunity to learn any of the facts upon which
Plaintiffs base their allegations.  This Interrogatory is overbroad, compound, disjunctive, vague
as to time and seeks information not calculated to lead to the discovery of admissible evidence.

This interrogatory is duplicative of number 8 and seeks confidential third party information. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This Interrogatory also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 12:**

Identify any engineer(s) or other person(s) involved with or responsible for evaluating or analyzing the design, performance, cost and/or safety features of competitors' Jack Stands and/or comparing each said competitor's Jack Stand's design, performance, cost or safety features to Defendants' Jack Stands.

**RESPONSE TO INTERROGATORY NO. 12:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory is duplicative of number 8 and seeks confidential third party information. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This Interrogatory also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 13:**

Identify the engineer(s) or other person(s) responsible for considering any Jack Stand design or safety improvements, modifications or changes.

**RESPONSE TO INTERROGATORY NO. 13:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their

depositions yet, and thus has not had an opportunity to learn any of the facts upon which
Plaintiffs base their allegations.  This Interrogatory is overbroad, compound, disjunctive, vague
as to time and seeks information not calculated to lead to the discovery of admissible evidence.
This Interrogatory is duplicative of numbers 8 and 12, and it seeks confidential third party
information.  Furthermore, this Interrogatory seeks information protected by the attorney-client
privilege and attorney work product doctrine.  This Interrogatory also seeks premature disclosure
of expert identification and testimony.

**INTERROGATORY NO. 14:**

Identify the engineer(s) or other person(s) responsible for (a) writing or issuing warnings
on or accompanying the sale of the Jack Stand; (b) writing or issuing owner's manual or manual
or brochure on Jack Stand use; (c) writing or issuing instructions for Jack Stand use; (d) the
contents of any labels affixed to or placed on the Jack Stands

**RESPONSE TO INTERROGATORY NO. 14:**

Objection: Discovery has just begun in this matter and Responding Party  has not
completed its investigation into the matters alleged in the First Amended Complaint.  Further,
Responding Party has not received discovery responses from Plaintiffs nor taken their
depositions yet, and thus has not had an opportunity to learn any of the facts upon which
Plaintiffs base their allegations.  This Interrogatory is overbroad, compound, disjunctive, vague
as to time and seeks information not calculated to lead to the discovery of admissible evidence.
This Interrogatory is duplicative of numbers 8, 12, and 13, and it seeks confidential third party
information.  Furthermore, this Interrogatory seeks information protected by the attorney-client
privilege and attorney work product doctrine.  This Interrogatory also seeks premature disclosure
of expert identification and testimony.

**INTERROGATORY NO. 15:**

Identify the engineer(s) or other person(s) who represented Defendants (a) on any ASME
and/or ANSI committees concerning Jack Stands; (b) in writing or commenting on any ASME,

ANSI, PALD, ISO or other industry standards or guidelines concerning Jack Stands or in revising or updating any such standards or guidelines.

**RESPONSE TO INTERROGATORY NO. 15:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory seeks confidential third party information. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This Interrogatory also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 16:**

Identify the engineer(s) or other person(s) responsible for studying, analyzing or evaluating Jack Stand failure rates, failure modes, or conducting any cost/benefit analysis or any other analysis of any Jack Stand feature, component or proposed design change.

**RESPONSE TO INTERROGATORY NO. 16:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory is duplicative of numbers 8, 12, and 13, and it seeks confidential third party information. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This Interrogatory also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 17:**

Identify any documents, including documents filed in court, in which Defendants characterize, describe or represent their business/organizational relationship to MVP and/or Wei Fu as that of being related, affiliated or "sister" companies or corporations.

**RESPONSE TO INTERROGATORY NO. 17:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This Interrogatory also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 18:**

Set forth the nature, extent and degree of Defendants' ownership interest, directly, or through other persons or entities, in MVP and/or Wei Fu. Identify the documents concerning that ownership interest.

**RESPONSE TO INTERROGATORY NO. 18:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory seeks confidential financial information. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work

product doctrine.  This Interrogatory also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 19:**

Identify the officers, executives and/or directors of MVP and/or Wei Fu who were/are also officers, directors or executives of Defendants.

**RESPONSE TO INTERROGATORY NO. 19:**

Objection: Discovery has just begun in this matter and Responding Party  has not completed its investigation into the matters alleged in the First Amended Complaint.  Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence.  Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.

**INTERROGATORY NO. 20:**

Identify the Defendants' officers, directors or executives who oversaw, or were responsible for overseeing, the business operations or activities of MVP and/or Wei Fu.

**RESPONSE TO INTERROGATORY NO. 20:**

Objection: Discovery has just begun in this matter and Responding Party  has not completed its investigation into the matters alleged in the First Amended Complaint.  Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence.  Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.

**INTERROGATORY NO. 21:**

State whether there was any licensing agreement, royalty payment agreement, professional services or consulting agreement, or other agreement(s) between Defendants and MVP and/or Wei Fu concerning the design, manufacture, assembly, distribution and/or sale of Jack Stands and, if so, identify each said agreement.

**RESPONSE TO INTERROGATORY NO. 21:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint.  Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence.  Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.

**INTERROGATORY NO. 22:**

State whether MVP or Wei Fu personnel, employees, engineers or managers received training from, were supervised by, and/or reported to Defendants concerning Jack Stand design, manufacture, assembly, inspection, testing, labeling, warnings, distribution, marketing, sale, and/or claims.  If so, identify the persons providing such training, supervision or oversight.

**RESPONSE TO INTERROGATORY NO. 22:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint.  Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of

admissible evidence.  Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.

**INTERROGATORY NO. 23:**

Identify the executive(s) or other person(s) at Defendants who were responsible for communicating with Sears, MVP and/or Wei Fu on all issues concerning Jack Stands, including design, performance, compliance with standards, safety, legal and non-legal complaints, incidents, incident reporting and investigation, certification or other testing, warranty claims, governmental inquiries, contract compliance, pricing, advertising and marketing.

**RESPONSE TO INTERROGATORY NO. 23:**

Objection: Discovery has just begun in this matter and Responding Party  has not completed its investigation into the matters alleged in the First Amended Complaint.  Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence.  Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.

DATED:   August 9, 2013

Defendants,
**SHINN FU CORPORATION, SHINN FU COMPANY OF AMERICA, INC., AND MVP (HK) INDUSTRIES, LTD.**

By:   _____
Sean P. Flynn, Esq.
Bar No.: CA 220184
M. Amadea Groseclose, Esq.
Bar No.: CA 267091
Foley & Mansfield, PLLP
300 South Grand Avenue, Suite 2800
Los Angeles, CA 90071
(213) 283-2100
(213) 283-2101 (Facsimile)
sflynn@foleymansfield.com

16

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually<br><br>Plaintiff,<br><br>vs.<br><br>SEARS, ROEBUCK AND CO., SHINN FU CORPORATION and SHINN FU COMPANY OF AMERICA, INC.<br><br>Defendants. | Case 3:13-cv-00257-RNC<br><br><br><br>**CERTIFICATE OF SERVICE**<br><br><br><br>Complaint Filed: January 30, 2012 |

///

///

///

///

///

///

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on __August 9, 2013__ a copy of the foregoing

**DEFENDANT SHINN FU OF AMERICA, INC.'S RESPONSES TO**

**PLAINTIFFS' FIRST SET OF INTERROGATORIES** was sent, via first class

mail, postage prepaid, to the following counsel(s) of record:

David J. Elliott, Esq.
Bryan J. Orticelli, Esq.
Kaitlin A. Canty, Esq.
DAY PITNEY LLP
242 Trumbull Street
Hartford, Connecticut  06103-1212

Erica W. Todd, Esq.
Trotta, Trotta & Trotta
P.O. Box 802
900 Chapel Street
New Haven, CT  06503

Philip T. Newbury, Jr., Esq.
Christopher  M. Vossler, Esq.
Howd & Ludorf, LLC
65 Wethersfield Ave.
Hartford , CT  06114

Joseph  Donat, Esq.
Howard Wexler, Esq.
Howard Edinburgh,  Esq.
Michael Gallub, Esq.
HERZFELD & RUBIN, P.C.
125 Broad  Street
New York, NY  10004

By:

Olga Valadez
Foley & Mansfield, PLLP
300 South Grand Avenue, Suite 2800
Los Angeles CA 90071
(213) 283-2100
(213) 283-2101 (Facsimile)

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually <br><br> Plaintiff, <br><br> vs. <br><br> SEARS, ROEBUCK AND CO., SHINN FU CORPORATION, SHINN FU COMPANY OF AMERICA, INC., and MVP (HK) INDUSTRIES, LTD <br><br> MVP. | Case 3:13-cv-00257-RNC <br><br> **DEFENDANT MVP (HK) INDUSTRIES, LTD'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** <br><br><br><br> Complaint Filed: January 30, 2013 |

///

///

///

///

///

///

**PROPOUNDING PARTY:  PLAINTIFFS, FREDERICK KLORCZYK, JR. and LYNNE KLORCZYK**

**RESPONDING PARTY:    DEFENDANT, MVP (HK) INDUSTRIES, LTD**

**SET NO.:                        ONE**

Responding Party provides the following responses to Special Interrogatories (Set One) propounded by Propounding Party.

## PRELIMINARY STATEMENT

Each of the following Responses is made solely for the purpose of this action.  Each Response is subject to any and all objections to competency, relevance, materiality, proprietary, and admissibility.  In addition, each Response is subject to any and all objections and/or grounds that would require the exclusion of any statement or material provided, or any part thereof, to any Special Interrogatories  which were asked of, or any statement or material provided by, witnesses present and testifying in court.  All objections are reserved and may be asserted at the time of trial.  The Responses are based upon information presently available to Responding Party . The fact that Responding Party  has responded to or objected to any Special Interrogatories should not be taken as an admission that the Special Interrogatories or Response thereto constitutes admissible evidence.  The mere fact that Responding Party  has responded to part of or all of any Special Interrogatories is not intended to be, and shall not constitute a waiver by Responding Party  of any objections to the Special Interrogatories.

Responding Party  has not completed its investigation and discovery of the matters at issue in this action and these Responses are based upon Responding Party   knowledge, information, and belief as of this date.  Responding Party  reserve the right to make further responses if it appears that any omission or error has been made in connection with these Responses or in the event future or more accurate information is available.  These Responses are made without prejudice to the right to present at trial such additional evidence as may be later discovered or evaluated.

/ / /

## GENERAL OBJECTIONS

Responding Party objects to this Demand on the grounds that is vague, ambiguous, and overbroad.  Responding Party  further objects to this Demand on the grounds that it is unreasonably burdensome and propounded solely to annoy, vex, and harass Responding Party. Responding Party objects to this Demand on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each person involved in answering these Interrogatories, including every person who will be consulted or contacted regarding answering these Interrogatories.

### RESPONSE TO INTERROGATORY NO. 1:

Objection: This Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine  This request also seeks premature disclosure of expert identification and testimony.

Subject to, and without waiving these objections, Responding Party responds as follows:

Sean P. Flynn, Esq. of Foley & Mansfield, PLLP

### INTERROGATORY NO. 2:

Identify each incident involving a Jack Stand known to MVP, including the date and location of the event, the specific type, capacity and model Jack Stand involved, the nature of the incident, the results of any incident investigation by or on behalf of MVP, in which one or more of the following occurred, or was alleged to have occurred:

(a)     The Jack Stand was alleged to be defective or unsafe;

(b)     The Jack Stand was alleged to have malfunctioned;

(c)     The Jack Stand was alleged to have failed to hold up a vehicle;

(d)     There was an alleged spontaneous collapse or descent of the raised ratchet bar of the Jack Stand;

(e)     The Jack Stand was allegedly manufactured with inferior materials or had poor

workmanship in its assembly or fabrication;

(f)     The incident allegedly involved the use of only one Jack Stand.

**RESPONSE TO INTERROGATORY NO. 2:**

Objection: Discovery has just begun in this matter and Responding Party has not

completed its investigation into the matters alleged in the First Amended Complaint.  Further,

Responding Party has not received discovery responses from Plaintiffs nor taken their

depositions yet, and thus has not had an opportunity to learn any of the facts upon which

Plaintiffs base their allegations.  This Interrogatory is overbroad, compound, disjunctive, vague

as to time and seeks information not calculated to lead to the discovery of admissible evidence.

This Interrogatory assumes that "incidents" have occurred and that these types of records have

been maintained, thereby imposing a requirement on Responding Party not contemplated by the

Federal Rules of Civil Procedure, namely the creation of documents for the purpose of litigation.

Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and

attorney work product doctrine.  This request also seeks premature disclosure of expert

identification and testimony.

**INTERROGATORY NO. 3:**

For those incidents identified in response to Interrogatory 2 which resulted in a claim or

lawsuit against MVP, Sears, Shinn Fu, SFA and/or Wei Fu, or against any other person to whom

MVP provided a defense, indemnification or insurance coverage (under MVPs' policy), please

state in full the caption of each case, docket number, location of the Court, attorney(s) name(s)

and address(es) for plaintiff(s), present status of case and/or ultimate disposition for each claim

or lawsuit.

**RESPONSE TO INTERROGATORY NO. 3:**

Objection: Discovery has just begun in this matter and Responding Party  has not

completed its investigation into the matters alleged in the First Amended Complaint.  Further,

Responding Party has not received discovery responses from Plaintiffs nor taken their

4

depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory assumes that "incidents" have occurred and that these types of records have been maintained, thereby imposing a requirement on Responding Party not contemplated by the Federal Rules of Civil Procedure, namely the creation of documents for the purpose of litigation. Furthermore, this interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.  This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 4:**

With respect to the Jack Stands, identify the persons who:

(a)     Designed them;

(b)     Manufactured them, including listing the name and address of the plant(s) or factory(ies) and the identity of the owner(s) of said plant(s) or factory(ies);

(c)     Tested them;

(d)     Distributed them;

(e)     Imported them into the United States;

(f)     Sold them to Sears.

**RESPONSE TO INTERROGATORY NO. 4:**

Objection: Discovery has just begun in this matter and Responding Party  has not completed its investigation into the matters alleged in the First Amended Complaint.  Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.  This request also seeks premature disclosure of expert

identification and testimony.  This request further is in violation of Fed. R. Civ. Proc. 33(a) as the sub-parts are not discrete as they relate to Responding Party since Responding Party did not manufacture or distribute the product during the relevant time period.

**INTERROGATORY NO. 5:**

Identify the private labeled brand retailers to whom MVP designed, manufactured, distributed or supplied Jack Stands in the United States.

**RESPONSE TO INTERROGATORY NO. 5:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint.  Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence.  Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.  This request also confidential and/or Trade Secret information that will not be disclosed.

**INTERROGATORY NO. 6:**

Identify, by model number and load capacity or other identifying characteristics, each model or type Jack Stand which MVP manufactured, distributed or sold to Sears and for each said Jack Stand type/model provide the following:

      (a)      Year(s) in which the Jack Stand was sold to Sears;

      (b)      Number of units sold per year to Sears;

      (c)      Unit price charged to Sears.

**RESPONSE TO INTERROGATORY NO. 6:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint.  Further, Responding Party has not received discovery responses from Plaintiffs nor taken their

depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence.  Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.  This request also confidential and/or Trade Secret information that will not be disclosed.

**INTERROGATORY NO. 7:**

Identify the engineer(s) or other person(s) responsible for designing, developing, manufacturing, assembling and/or inspecting the Jack Stands and/or overseeing the design, development, manufacture, assembly and inspection of the Jack Stands.  If the Jack Stands evolved from any predecessor or carryover design, identify the responsible design engineer(s) and person(s) responsible or accountable for the initial design and the carryover design.

**RESPONSE TO INTERROGATORY NO. 7:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint.  Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence.  This Interrogatory seeks confidential third party information.  Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.  This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 8:**

Identify the engineer(s) or other person(s) responsible for testing the Jack Stands.

**RESPONSE TO INTERROGATORY NO. 8:**

Objection: Discovery has just begun in this matter and Responding Party  has not completed its investigation into the matters alleged in the First Amended Complaint.  Further,

Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory is duplicative of number 7 and seeks confidential third party information. Furthermore, this interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.  This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 9:**

Identify by test protocol, test report, test result and type/model of Jack Stand, all tests conducted by or on behalf of MVP whose goal or purpose was, in whole or in part:

(a)    To certify compliance with ISO, ASME, ANSI, or PALD standards or guidelines;

(b)    To certify compliance with MVP's, Sears', Shinn Fu's, SFA's and/or Wei Fu's internal testing, safety or performance standards;

(c)    Load testing and/or performance testing including tests using various weight loads, and/or heights of the ratchet bar and testing involving motor vehicles;

(d)    Testing of Jack Stand safety features, performance and/or failure modes.

**RESPONSE TO INTERROGATORY NO. 9:**

Objection: Discovery has just begun in this matter and Responding Party  has not completed its investigation into the matters alleged in the First Amended Complaint.  Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.  This request also seeks premature disclosure of expert identification and testimony.  This request further is in violation of Fed. R. Civ. Proc. 33(a) as

the sub-parts are not discrete as they relate to Responding Party since Responding Party did not manufacture or distribute the product during the relevant time period.

**INTERROGATORY NO. 10:**

Identify the location of the plant(s) and/or factory(ies) where the Jack Stands were manufactured and inspected and set forth MVP's ownership interest in each said plant and/or factory.

**RESPONSE TO INTERROGATORY NO. 10:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, conjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.

**INTERROGATORY NO. 11:**

Identify the engineer(s) or other person(s) responsible for the quality control and quality assurance procedures and systems at each said plant/factory and/or the engineer(s) or other person(s) responsible for overseeing the quality control and quality assurance procedures in existence at each such plant/factory.

**RESPONSE TO INTERROGATORY NO. 11:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence.

This Interrogatory is duplicative of number 8 and seeks confidential third party information. Furthermore, this interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.  This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 12:**

Identify any engineer(s) or other person(s) involved with or responsible for evaluating or analyzing the design, performance, cost and/or safety features of competitors' Jack Stands and/or comparing each said competitor's Jack Stand's design, performance, cost or safety features to MVP's Jack Stands.

**RESPONSE TO INTERROGATORY NO. 12:**

Objection: Discovery has just begun in this matter and Responding Party  has not completed its investigation into the matters alleged in the First Amended Complaint.  Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory is duplicative of number 8 and seeks confidential third party information. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.  This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 13:**

Identify the engineer(s) or other person(s) responsible for considering any Jack Stand design or safety improvements, modifications or changes.

**RESPONSE TO INTERROGATORY NO. 13:**

Objection: Discovery has just begun in this matter and Responding Party  has not completed its investigation into the matters alleged in the First Amended Complaint.  Further, Responding Party has not received discovery responses from Plaintiffs nor taken their

depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This interrogatory is duplicative of numbers 8 and 12, and it seeks confidential third party information.  Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.  This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 14:**

Identify the engineer(s) or other person(s) responsible for (a) writing or issuing warnings on or accompanying the sale of the Jack Stand; (b) writing or issuing owner's manual or manual or brochure on Jack Stand use; (c) writing or issuing instructions for Jack Stand use; (d) the contents of any labels affixed to or placed on the Jack Stands

**RESPONSE TO INTERROGATORY NO. 14:**

Objection: Discovery has just begun in this matter and Responding Party  has not completed its investigation into the matters alleged in the First Amended Complaint.  Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This interrogatory is duplicative of numbers 8, 12, and 13, and it seeks confidential third party information.  Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.  This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 15:**

Identify the engineer(s) or other person(s) who represented MVP (a) on any ASME and/or ANSI committees concerning Jack Stands; (b) in writing or commenting on any ASME,

ANSI, PALD, ISO or other industry standards or guidelines concerning Jack Stands or in revising or updating any such standards or guidelines.

**RESPONSE TO INTERROGATORY NO. 15:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory seeks confidential third party information. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 16:**

Identify the engineer(s) or other person(s) responsible for studying, analyzing or evaluating Jack Stand failure rates, failure modes, or conducting any cost/benefit analysis or any other analysis of any Jack Stand feature, component or proposed design change.

**RESPONSE TO INTERROGATORY NO. 16:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory is duplicative of numbers 8, 12, and 13, and it seeks confidential third party information. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also seeks premature disclosure of expert identification and testimony.

12

**INTERROGATORY NO. 17:**

Identify any documents, including documents filed in court, in which MVP characterizes, describes or represents its business/organizational relationship to Shinn Fu, SFA and/or Wei Fu as that of being related, affiliated or "sister" companies or corporations.

**RESPONSE TO INTERROGATORY NO. 17:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint.  Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence.  Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.  This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 18:**

Set forth the nature, extent and degree of (a) Shinn Fu and/or SFA's ownership interest, directly, or through other persons or entities, in MVP, and (b) MVP's ownership interest, directly, or through other persons or entities in Wei Fu.  Identify the documents concerning that ownership interest.

**RESPONSE TO INTERROGATORY NO. 18:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint.  Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence.  This Interrogatory seeks confidential financial information.  Furthermore,

13

this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 19:**

Identify the officers, executives and/or directors of MVP and/or Wei Fu who were/are also officers, directors or executives of Shinn Fu, SFA and/or Wei Fu.

**RESPONSE TO INTERROGATORY NO. 19:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.

**INTERROGATORY NO. 20:**

Identify the MVP officers, directors or executives who oversaw, or were responsible for overseeing, the business operations or activities of Wei Fu.

**RESPONSE TO INTERROGATORY NO. 20:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.

14

**INTERROGATORY NO. 21:**

State whether there was any licensing agreement, royalty payment agreement, professional services or consulting agreement, or other agreement(s) between MVP, Shinn Fu, and SFA and/or Wei Fu concerning the design, manufacture, assembly, distribution and/or sale of Jack Stands and, if so, identify each said agreement.

**RESPONSE TO INTERROGATORY NO. 21:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.

**INTERROGATORY NO. 22:**

State whether MVP personnel, employees, engineers or managers received training from, were supervised by, and/or reported to Shinn Fu and/or SFA concerning Jack Stand design, manufacture, assembly, inspection, testing, labeling, warnings, distribution, marketing, sale, and/or claims. If so, identify each said MVP person, and identify the Shinn Fu and/or SFA persons providing such training, supervision or oversight.

**RESPONSE TO INTERROGATORY NO. 22:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of

15

admissible evidence.  Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.

**INTERROGATORY NO. 23:**

Identify the executive(s) or other person(s) at MVP who were responsible for communicating with Sears, Shinn Fu, SFA and/or Wei Fu on all issues concerning Jack Stands, including design, performance, compliance with standards, safety, legal and non-legal complaints, incidents, incident reporting and investigation, certification or other testing, warranty claims, governmental inquiries, contract compliance, pricing, advertising and marketing.

**RESPONSE TO INTERROGATORY NO. 23:**

Objection: Discovery has just begun in this matter and Responding Party  has not completed its investigation into the matters alleged in the First Amended Complaint.  Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence.  Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.

DATED:     August 9, 2013                        MVP,
                                                **SHINN FU CORPORATION, SHINN FU
                                                COMPANY OF AMERICA, INC., AND MVP
                                                (HK) INDUSTRIES, LTD.**

                                By: _____
                                                Sean P. Flynn, Esq.
                                                Bar No.: CA 220184
                                                M. Amadea Groseclose, Esq.
                                                Bar No.: CA 267091
                                                Foley & Mansfield, PLLP
                                                300 South Grand Avenue, Suite 2800
                                                Los Angeles, CA 90071
                                                (213) 283-2100
                                                (213) 283-2101 (Facsimile)
                                                sflynn@foleymansfield.com

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually | Case 3:13-cv-00257-RNC |
| Plaintiff, | |
| vs. | **CERTIFICATE OF SERVICE** |
| SEARS, ROEBUCK AND CO., SHINN FU CORPORATION and SHINN FU COMPANY OF AMERICA, INC. | Complaint Filed: January 30, 2012 |
| Defendants. | |

///

///

///

///

///

///

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on  __August 9, 2013__ a copy of the foregoing

**DEFENDANT MVP (HK) INDUSTRIES, LTD'S,  RESPONSES TO**

**PLAINTIFFS' FIRST SET OF INTERROGATORIES** was sent, via first class

mail, postage prepaid, to the following counsel(s) of record:

David J. Elliott, Esq.
Bryan J. Orticelli, Esq.
Kaitlin A. Canty, Esq.
DAY PITNEY LLP
242 Trumbull Street
Hartford, Connecticut  06103-1212

Erica W. Todd, Esq.
Trotta, Trotta & Trotta
P.O. Box 802
900 Chapel Street
New Haven, CT  06503

Philip T. Newbury, Jr., Esq.
Christopher  M. Vossler, Esq.
Howd & Ludorf, LLC
65 Wethersfield Ave.
Hartford , CT  06114

Joseph  Donat, Esq.
Howard Wexler, Esq.
Howard Edinburgh,  Esq.
Michael Gallub, Esq.
HERZFELD & RUBIN, P.C.
125 Broad  Street
New York, NY  10004

By:

Olga Valadez
Foley & Mansfield, PLLP
300 South Grand Avenue, Suite 2800
Los Angeles CA 90071
(213) 283-2100
(213) 283-2101 (Facsimile)