# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually<br><br>    Plaintiff,<br><br>  vs.<br><br>SEARS, ROEBUCK AND CO., SHINN FU CORPORATION, SHINN FU COMPANY OF AMERICA, INC., and MVP (HK) INDUSTRIES, LTD<br><br>    Defendants. | Case 3:13-cv-00257-RNC<br><br>**DEFENDANTS SHINN FU CORPORATION RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**<br><br><br><br>Complaint Filed: January 30, 2013 |

///

///

///

///

///

///

**EXHIBIT F**

PROPOUNDING PARTY:  PLAINTIFFS, FREDERICK KLORCZYK, JR. and LYNNE KLORCZYK

RESPONDING PARTY:   DEFENDANT, SHINN FU CORPORATION

SET NO.:            ONE

Defendant , SHINN FU CORPORATION ("Respondent"), provides the following responses to Request for Production of Documents (Set One) propounded by Plaintiffs, Frederick Klorczyk and Lynne Klorczyk.

## PRELIMINARY STATEMENT

Each of the following Responses is made solely for the purpose of this action. Each Response is subject to any and all objections to competency, relevance, materiality, proprietary, and admissibility. In addition, each Response is subject to any and all objections and/or grounds that would require the exclusion of any statement or material provided, or any part thereof, to any Requests for Production of Documents which were asked of, or any statement or material provided by, witnesses present and testifying in court. All objections are reserved and may be asserted at the time of trial. The Responses are based upon information presently available to Defendant. The fact that Defendant has responded to or objected to any Requests for Production of Documents should not be taken as an admission that the Request for Production of Documents or Response thereto constitutes admissible evidence. The mere fact that Defendant has responded to part of or all of any Request for Production of Documents is not intended to be, and shall not constitute a waiver by Defendant of any objections to the Request for Production of Documents.

Defendant has not completed its investigation and discovery of the matters at issue in this action and these Responses are based upon Defendant' knowledge, information, and belief as of this date. Defendant reserve the right to make further responses if it appears that any omission or error has been made in connection with these Responses or in the event future or more accurate information is available. These Responses are made without prejudice to the right to present at

trial such additional evidence as may be later discovered or evaluated.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

From the time when the Jack Stands were first developed and designed to the present, all Documents concerning the development and design of the Jack Stands

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 2:**

From the time when the Jack Stands were first fabricated, manufactured, produced and assembled to the present, all Documents concerning the fabrication, manufacture, production and assembly of the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents concerning the inspection, quality control, and/or quality assurance of the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents concerning the testing of the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order. This request is duplicative of Request for Production No. 3.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents concerning Defendants' business relationship with Sears, including, but not limited to, all contracts and agreements concerning the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents concerning the labeling, use, instructions, operating manual or warnings with respect to the Jack Stands

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

5

**REQUEST FOR PRODUCTION NO. 7:**

All Documents concerning the business relationship(s), including, but not limited to, any licensing or other agreements, between Defendants and MVP or Wei Fu with respect to the design, manufacture, distribution or sale of the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents concerning any partnerships or joint ventures with MVP or Wei Fu with respect to the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents concerning any consulting or professional, management or engineering

services agreements between Defendants and MVP or Wei Fu with respect to the design, manufacture or sale of the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents concerning Defendants' providing or procuring indemnification and/or insurance to or for MVP or Wei Fu with respect to the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 11:**

From the time when Defendants first began the design, manufacture, production or distribution of the Jack Stands to the present, all Documents concerning complaints (legal and non-

7

legal) or litigation (pending or settled) with respect to claims or allegations of Jack Stand malfunctions, design or manufacturing defects, failure to hold up a vehicle, and/or the spontaneous collapse or descent of the raised ratchet bar of a Jack Stand, and/or inferior materials used to manufacture the Jack Stand and/or poor workmanship in the fabrication of the Jack Stand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request is compound and disjunctive to the point that the request is vague and ambiguous. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents concerning customer hotline or consumer toll free line calls, internet bulletin board and/or website postings concerning complaints of Jack Stand performance, malfunction, failure to hold up a vehicle and/or spontaneous collapse or descent of the raised ratchet bar of the Jack Stand, or of inferior materials used to manufacture the Jack Stand or poor workmanship in the fabrication of the Jack Stand, or that the Jack Stand was defective.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Objection. This request is overbroad, compound, disjunctive, conjunctive, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

8

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents concerning load or other testing of Jack Stands not produced in response to Request Number 4.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order. This request is duplicative of Request for Production No. 3.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents concerning the study or consideration of employing, or the feasibility of installing, different or other designs or safety features for the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order. This request is duplicative of Request for Production No. 1.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents concerning the analysis or assessment of the costs of any alternative design of or safety features for the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order. This request is duplicative of Request for Production No. 1.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents concerning the unit cost of manufacturing the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents concerning the unit cost of purchasing or fabricating each of the Jack Stand's components.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents concerning any requests made to Defendants by any insurance carrier, police department, local, state or federal government agency or department, concerning Jack Stand design, performance, malfunction, failure or complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Objection. This request is overbroad, disjunctive, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order. This request is burdensome and oppressive and outweighs the potential benefit, if any, to Plaintiffs.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

11

**REQUEST FOR PRODUCTION NO. 19:**

All Documents concerning applicable policies of primary, excess and umbrella insurance issued to Defendants including insurance policies, declaration sheets and all endorsements and completed application forms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Objection. This request is overbroad to the extent that it requests insurance application forms, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents concerning the name(s) and address(es) of the factory(ies) and locations where Defendants manufacture, manufactured, distribute or distributed Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents concerning Defendants' ownership or control of Wei Fu's manufacturing plant/factory in Taishan Town, Taishan, Jiangmen, Guandong, China, where Jack

Stands were/are manufactured.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents concerning the nature, scope and degree of Defendants' ownership interest, directly, or through other entities, of Shinn Hua.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and agreements between Defendants and FMRC, and/or prepared by Shinn Fu, concerning FMRC certification of Shinn Fu Jack Stand manufacturing facilities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Objection. This request is overbroad, disjunctive, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents concerning compliance with, or receiving certification for complying with, ISO standards with respect to Jack Stand design, manufacture, testing, inspection and labeling.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents received by, sent by or on behalf of, or prepared by or on behalf of Defendants, concerning or with respect to Jack Stand industry standards and/or ASME standards concerning Jack Stands, and/or PALD safety standards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Objection. This request is overbroad, disjunctive, compound, vague and ambiguous as to

14

time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents received by, sent by or on behalf of, or prepared by or on behalf of, Defendants concerning ASME committee meetings, ASME committee drafts or discussions, concerning or with respect to proposed or adopted ASME standards concerning Jack Stands and/or PALD safety standards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Objection. This request is overbroad, compound, disjunctive, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents concerning the use of a single Jack Stand to support all or a portion of a motor vehicle.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of

documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents comparing the cost, utility, functionality, failure rates, complaints and/or performance of Defendants' and/or MVP's, and/or Wei Fu's Jack Stands to those of other manufacturers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Objection. This request is overbroad, compound, disjunctive, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents concerning the suppliers, vendors or fabricators of the components of the Jack Stands, including ratchet bar, locking pawl, saddle, roll pin, locking handle and base frame.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the

disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents concerning instances of a Jack Stand being subject to a shock load (i.e., a load dropping suddenly or unexpectedly on it).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents concerning instances of Jack Stands failing to perform as intended.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents from 1988 to the present concerning Defendants' establishment of MVP in 1988, as noted in the attached document entitled "Presentation of Shinn Fu Corporation 2011".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents from 1988 to the present concerning MVP and/or Wei Fu being part of Shinn Fu's affiliated global operations, as noted in the attached document entitled "Presentation of Shinn Fu Corporation 2011"

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents concerning Defendants appointing members of the Board of Directors or other supervising or managing board of MVP and/or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents concerning Defendants or their officers or directors appointing the officers, executives or senior management of MVP and/or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents concerning loans by Defendants to MVP or Wei Fu or by MVP or Wei Fu to Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents concerning loan or debt guarantees by or between any or all of the Defendants and MVP or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents concerning the nature, scope and degree of any or all of the Defendants' ownership interest in MVP or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request

calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents concerning money transfers and money distributions by or from MVP to any or all of the Defendants or by and from Defendants to MVP or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents concerning shared or common office space, headquarters, plants, factories, distribution facilities, bank accounts, phone or fax lines of any or all of the Defendants and MVP or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents concerning dividend payments or return of capital payments from MVP and/or Wei Fu to any or all of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents concerning common or shared accounting, auditing, legal, insurance and/or payroll services between any or all of the Defendants and MVP and/or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents concerning communications between any or all of the Defendants and MVP and/or Wei Fu with respect to Jack Stand design, manufacture, distribution, sale, marketing and testing.

22

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43**:

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents concerning communications between any or all of the Defendants and MVP and/or Wei Fu with respect to supplying, distributing or selling private label Jack Stands in the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44**:

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents concerning communications between any or all of the Defendants and MVP and/or Wei Fu with respect to supplying, distributing and/or selling Jack Stands to Sears.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45**:

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated

to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents concerning the development of warnings for the Jack Stands, including, but not limited to, Documents concerning when warnings were developed for the Jack Stands, revisions to the warnings for the Jack Stands and, from the time when Defendants first developed warnings to the present, Documents concerning all claims (legal and non-legal) and litigation (pending or settled) with respect to warnings for the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents concerning any and all inquiries or investigations of Defendants, MVP, Wei Fu, Shinn Hua and/or Sears by agencies of the United States or any state thereof, including,

but not limited to, the United States Consumer Product Safety Commission and the National Highway Traffic Safety Administration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47**:

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents concerning Defendants' filing of the Answer dated March 4, 2013, including, but not limited to, Defendants' admissions in Paragraph 2 thereof.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Objection. This request is overbroad and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

DATED: August 9, 2013

Defendants,
**SHINN FU CORPORATION, SHINN FU COMPANY OF AMERICA, INC., AND MVP (HK) INDUSTRIES, LTD.**

By: _____
Sean P. Flynn, Esq.
Bar No.: CA 220184
M. Amadea Groseclose, Esq.
Bar No.: CA 267091
Foley & Mansfield, PLLP
300 South Grand Avenue, Suite 2800
Los Angeles, CA 90071
(213) 283-2100
(213) 283-2101 (Facsimile)
sflynn@foleymansfield.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually | Case 3:13-cv-00257-RNC |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| vs. | |
| SEARS, ROEBUCK AND CO., SHINN FU CORPORATION and SHINN FU COMPANY OF AMERICA, INC. | Complaint Filed: January 30, 2012 |
| Defendants. | |

///

///

///

///

///

///

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on <u>August 9, 2013</u> a copy of the foregoing

**DEFENDANT SHINN FU CORPORATION  RESPONSES TO**

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION** was sent,

via first class mail, postage prepaid, to the following counsel(s) of record:
David J. Elliott, Esq.
Bryan J. Orticelli, Esq.
Kaitlin A. Canty, Esq.
DAY PITNEY LLP
242 Trumbull Street
Hartford, Connecticut  06103-1212

Erica W. Todd, Esq.
Trotta, Trotta & Trotta
P.O. Box 802
900 Chapel Street
New Haven, CT  06503

Philip T. Newbury, Jr., Esq.
Christopher  M. Vossler, Esq.
Howd & Ludorf, LLC
65 Wethersfield Ave.
Hartford , CT  06114

Joseph  Donat, Esq.
Howard Wexler, Esq.
Howard Edinburgh,  Esq.
Michael Gallub, Esq.
HERZFELD & RUBIN, P.C.
125 Broad  Street
New York, NY  10004

By:

Olga Valadez
Foley & Mansfield, PLLP
300 South Grand Avenue, Suite 2800
Los Angeles CA 90071
(213) 283-2100
(213) 283-2101 (Facsimile)

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually<br><br>Plaintiff,<br><br>vs.<br><br>SEARS, ROEBUCK AND CO., SHINN FU CORPORATION, SHINN FU COMPANY OF AMERICA, INC., and MVP (HK) INDUSTRIES, LTD<br><br>Defendants. | Case 3:13-cv-00257-RNC<br><br>**DEFENDANT SHINN FU COMPANY OF AMERICA, INC.'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**<br><br><br><br>Complaint Filed: January 30, 2013 |

///

///

///

///

///

///

PROPOUNDING PARTY:   **PLAINTIFFS, FREDERICK KLORCZYK, JR. and LYNNE KLORCZYK**

RESPONDING PARTY:   **DEFENDANT, SHINN FU COMPANY OF AMERICA, INC.**

SET NO.:   **ONE**

Defendant , SHINN FU COMPANY OF AMERICA, INC. ("Respondent"),  provides the following responses to Request for Production of Documents (Set One) propounded by Plaintiffs, Frederick Klorczyk and Lynne Klorczyk.

## PRELIMINARY STATEMENT

Each of the following Responses is made solely for the purpose of this action.  Each Response is subject to any and all objections to competency, relevance, materiality, proprietary, and admissibility.  In addition, each Response is subject to any and all objections and/or grounds that would require the exclusion of any statement or material provided, or any part thereof, to any Requests for Production of Documents which were asked of, or any statement or material provided by, witnesses present and testifying in court.  All objections are reserved and may be asserted at the time of trial.  The Responses are based upon information presently available to Defendant.  The fact that Defendant has responded to or objected to any Requests for Production of Documents should not be taken as an admission that the Request for Production of Documents or Response thereto constitutes admissible evidence.  The mere fact that Defendant has responded to part of or all of any Request for Production of Documents is not intended to be, and shall not constitute a waiver by Defendant of any objections to the Request for Production of Documents.

Defendant has not completed its investigation and discovery of the matters at issue in this action and these Responses are based upon Defendant' knowledge, information, and belief as of this date.  Defendant reserve the right to make further responses if it appears that any omission or error has been made in connection with these Responses or in the event future or more accurate information is available.  These Responses are made without prejudice to the right to present at

trial such additional evidence as may be later discovered or evaluated.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

From the time when the Jack Stands were first developed and designed to the present, all Documents concerning the development and design of the Jack Stands

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

### REQUEST FOR PRODUCTION NO. 2:

From the time when the Jack Stands were first fabricated, manufactured, produced and assembled to the present, all Documents concerning the fabrication, manufacture, production and assembly of the Jack Stands.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents concerning the inspection, quality control, and/or quality assurance of the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents concerning the testing of the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.  This request is duplicative of Request for Production No. 3.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

4

**REQUEST FOR PRODUCTION NO. 5:**

All Documents concerning Defendants' business relationship with Sears, including, but not limited to, all contracts and agreements concerning the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents concerning the labeling, use, instructions, operating manual or warnings with respect to the Jack Stands

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents concerning the business relationship(s), including, but not limited to, any licensing or other agreements, between Defendants and MVP or Wei Fu with respect to the design, manufacture, distribution or sale of the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

<u>Objection</u>.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents concerning any partnerships or joint ventures with MVP or Wei Fu with respect to the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

<u>Objection</u>.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents concerning any consulting or professional, management or engineering

services agreements between Defendants and MVP or Wei Fu with respect to the design, manufacture or sale of the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents concerning Defendants' providing or procuring indemnification and/or insurance to or for MVP or Wei Fu with respect to the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 11:**

From the time when Defendants first began the design, manufacture, production or distribution of the Jack Stands to the present, all Documents concerning complaints (legal and non-

legal) or litigation (pending or settled) with respect to claims or allegations of Jack Stand malfunctions, design or manufacturing defects, failure to hold up a vehicle, and/or the spontaneous collapse or descent of the raised ratchet bar of a Jack Stand, and/or inferior materials used to manufacture the Jack Stand and/or poor workmanship in the fabrication of the Jack Stand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request is compound and disjunctive to the point that the request is vague and ambiguous.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents concerning customer hotline or consumer toll free line calls, internet bulletin board and/or website postings concerning complaints of Jack Stand performance, malfunction, failure to hold up a vehicle and/or spontaneous collapse or descent of the raised ratchet bar of the Jack Stand, or of inferior materials used to manufacture the Jack Stand or poor workmanship in the fabrication of the Jack Stand, or that the Jack Stand was defective.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Objection.  This request is overbroad, compound, disjunctive, conjunctive, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:
No documents will be produced.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents concerning load or other testing of Jack Stands not produced in response to Request Number 4.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order. This request is duplicative of Request for Production No. 3.

Subject to, and without waiving these objections, Responding Party responds as follows:
No documents will be produced.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents concerning the study or consideration of employing, or the feasibility of installing, different or other designs or safety features for the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order. This request is duplicative of Request for Production No. 1.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents concerning the analysis or assessment of the costs of any alternative design of or safety features for the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.  This request is duplicative of Request for Production No. 1.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents concerning the unit cost of manufacturing the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents concerning the unit cost of purchasing or fabricating each of the Jack Stand's components.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents concerning any requests made to Defendants by any insurance carrier, police department, local, state or federal government agency or department, concerning Jack Stand design, performance, malfunction, failure or complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Objection. This request is overbroad, disjunctive, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order. This request is burdensome and oppressive and outweighs the potential benefit, if any, to Plaintiffs.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

11

**REQUEST FOR PRODUCTION NO. 19:**

All Documents concerning applicable policies of primary, excess and umbrella insurance issued to Defendants including insurance policies, declaration sheets and all endorsements and completed application forms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Objection. This request is overbroad to the extent that it requests insurance application forms, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents concerning the name(s) and address(es) of the factory(ies) and locations where Defendants manufacture, manufactured, distribute or distributed Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents concerning Defendants' ownership or control of Wei Fu's manufacturing plant/factory in Taishan Town, Taishan, Jiangmen, Guandong, China, where Jack

Stands were/are manufactured.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents concerning the nature, scope and degree of Defendants' ownership interest, directly, or through other entities, of Shinn Hua.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and agreements between Defendants and FMRC, and/or prepared by Shinn Fu, concerning FMRC certification of Shinn Fu Jack Stand manufacturing facilities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Objection.  This request is overbroad, disjunctive, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents concerning compliance with, or receiving certification for complying with, ISO standards with respect to Jack Stand design, manufacture, testing, inspection and labeling.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents received by, sent by or on behalf of, or prepared by or on behalf of Defendants, concerning or with respect to Jack Stand industry standards and/or ASME standards concerning Jack Stands, and/or PALD safety standards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Objection.  This request is overbroad, disjunctive, compound, vague and ambiguous as to

time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents received by, sent by or on behalf of, or prepared by or on behalf of, Defendants concerning ASME committee meetings, ASME committee drafts or discussions, concerning or with respect to proposed or adopted ASME standards concerning Jack Stands and/or PALD safety standards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Objection.  This request is overbroad, compound, disjunctive, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents concerning the use of a single Jack Stand to support all or a portion of a motor vehicle.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of

15

documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:  No documents will be produced.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents comparing the cost, utility, functionality, failure rates, complaints and/or performance of Defendants' and/or MVP's, and/or Wei Fu's Jack Stands to those of other manufacturers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Objection.  This request is overbroad, compound, disjunctive, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:  No documents will be produced.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents concerning the suppliers, vendors or fabricators of the components of the Jack Stands, including ratchet bar, locking pawl, saddle, roll pin, locking handle and base frame.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the

disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

     Subject to, and without waiving these objections, Responding Party responds as follows:

     No documents will be produced.

**REQUEST FOR PRODUCTION NO. 30:**

     All Documents concerning instances of a Jack Stand being subject to a shock load (i.e., a load dropping suddenly or unexpectedly on it).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

     <u>Objection</u>.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

     Subject to, and without waiving these objections, Responding Party responds as follows:

     No documents will be produced.

**REQUEST FOR PRODUCTION NO. 31:**

     All Documents concerning instances of Jack Stands failing to perform as intended.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

     <u>Objection</u>.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

     Subject to, and without waiving these objections, Responding Party responds as follows:

     No documents will be produced.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents from 1988 to the present concerning Defendants' establishment of MVP in 1988, as noted in the attached document entitled "Presentation of Shinn Fu Corporation 2011".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:  No documents will be produced.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents from 1988 to the present concerning MVP and/or Wei Fu being part of Shinn Fu's affiliated global operations, as noted in the attached document entitled "Presentation of Shinn Fu Corporation 2011"

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:  No documents will be produced.

18

**REQUEST FOR PRODUCTION NO. 34:**

All Documents concerning Defendants appointing members of the Board of Directors or other supervising or managing board of MVP and/or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents concerning Defendants or their officers or directors appointing the officers, executives or senior management of MVP and/or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents concerning loans by Defendants to MVP or Wei Fu or by MVP or Wei Fu to Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents concerning loan or debt guarantees by or between any or all of the Defendants and MVP or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents concerning the nature, scope and degree of any or all of the Defendants' ownership interest in MVP or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request

calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents concerning money transfers and money distributions by or from MVP to any or all of the Defendants or by and from Defendants to MVP or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents concerning shared or common office space, headquarters, plants, factories, distribution facilities, bank accounts, phone or fax lines of any or all of the Defendants and MVP or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

21

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents concerning dividend payments or return of capital payments from MVP and/or Wei Fu to any or all of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents concerning common or shared accounting, auditing, legal, insurance and/or payroll services between any or all of the Defendants and MVP and/or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents concerning communications between any or all of the Defendants and MVP and/or Wei Fu with respect to Jack Stand design, manufacture, distribution, sale, marketing and testing.

22

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents concerning communications between any or all of the Defendants and MVP and/or Wei Fu with respect to supplying, distributing or selling private label Jack Stands in the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents concerning communications between any or all of the Defendants and MVP and/or Wei Fu with respect to supplying, distributing and/or selling Jack Stands to Sears.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated

to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents concerning the development of warnings for the Jack Stands, including, but not limited to, Documents concerning when warnings were developed for the Jack Stands, revisions to the warnings for the Jack Stands and, from the time when Defendants first developed warnings to the present, Documents concerning all claims (legal and non-legal) and litigation (pending or settled) with respect to warnings for the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46**:

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents concerning any and all inquiries or investigations of Defendants, MVP, Wei Fu, Shinn Hua and/or Sears by agencies of the United States or any state thereof, including,

but not limited to, the United States Consumer Product Safety Commission and the National Highway Traffic Safety Administration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47**:

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents concerning Defendants' filing of the Answer dated March 4, 2013, including, but not limited to, Defendants' admissions in Paragraph 2 thereof.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

<u>Objection</u>.  This request is overbroad and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

DATED:  August 9, 2013

Defendants,
**SHINN FU CORPORATION, SHINN FU COMPANY OF AMERICA, INC., AND MVP (HK) INDUSTRIES, LTD.**

By: _____
Sean P. Flynn, Esq.
Bar No.: CA 220184
M. Amadea Groseclose, Esq.
Bar No.: CA 267091
Foley & Mansfield, PLLP
300 South Grand Avenue, Suite 2800
Los Angeles, CA 90071
(213) 283-2100
(213) 283-2101 (Facsimile)
sflynn@foleymansfield.com

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually | Case 3:13-cv-00257-RNC |
| Plaintiff, | |
| vs. | **CERTIFICATE OF SERVICE** |
| SEARS, ROEBUCK AND CO., SHINN FU CORPORATION and SHINN FU COMPANY OF AMERICA, INC. | Complaint Filed: January 30, 2012 |
| Defendants. | |

///

///

///

///

///

///

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on __August 9, 2013__ a copy of the foregoing

**DEFENDANT SHINN FU COMPANY OF AMERICA, INC.'S  RESPONSES**

**TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION** was

sent, via first class mail, postage prepaid, to the following counsel(s) of record:
David J. Elliott, Esq.
Bryan J. Orticelli, Esq.
Kaitlin A. Canty, Esq.
DAY PITNEY LLP
242 Trumbull Street
Hartford, Connecticut  06103-1212

Erica W. Todd, Esq.
Trotta, Trotta & Trotta
P.O. Box 802
900 Chapel Street
New Haven, CT  06503

Philip T. Newbury, Jr., Esq.
Christopher  M. Vossler, Esq.
Howd & Ludorf, LLC
65 Wethersfield Ave.
Hartford , CT  06114

Joseph  Donat, Esq.
Howard Wexler, Esq.
Howard Edinburgh,  Esq.
Michael Gallub, Esq.
HERZFELD & RUBIN, P.C.
125 Broad  Street
New York, NY  10004

By: _____
Olga Valadez
Foley & Mansfield, PLLP
300 South Grand Avenue, Suite 2800
Los Angeles CA 90071
(213) 283-2100
(213) 283-2101 (Facsimile)

2

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually | Case 3:13-cv-00257-RNC

**MVP (HK) INDUSTRIES, LTD'S RESPONSES TO  PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION** |
| Plaintiff, | |
| vs. | |
| SEARS, ROEBUCK AND CO., MVP CORPORATION, MVP COMPANY OF AMERICA, INC., and MVP (HK) INDUSTRIES, LTD | Complaint Filed: January 30, 2013 |
| MVP. | |

///

///

///

///

///

///

**PROPOUNDING PARTY:  PLAINTIFFS, FREDERICK KLORCZYK, JR. and LYNNE KLORCZYK**

**RESPONDING PARTY:    DEFENDANT, MVP (HK) INDUSTRIES, LTD**

**SET NO.:               ONE**

Defendant, MVP (HK) INDUSTRIES, LTD, provides the following responses to Request for Production of Documents (Set One) propounded by Plaintiffs, Frederick Klorczyk, Jr. and Lynne Klorczyk in order to preserve objections pursuant to the Court's August 8, 2013 Order.

## PRELIMINARY STATEMENT

Each of the following Responses is made solely for the purpose of this action. Each Response is subject to any and all objections to competency, relevance, materiality, proprietary, and admissibility. In addition, each Response is subject to any and all objections and/or grounds that would require the exclusion of any statement or material provided, or any part thereof, to any Requests for Production of Documents which were asked of, or any statement or material provided by, witnesses present and testifying in court. All objections are reserved and may be asserted at the time of trial. The Responses are based upon information presently available to Defendant. The fact that Defendant has responded to or objected to any Requests for Production of Documents should not be taken as an admission that the Request for Production of Documents or Response thereto constitutes admissible evidence. The mere fact that Defendant has responded to part of or all of any Request for Production of Documents is not intended to be, and shall not constitute a waiver by Defendant of any objections to the Request for Production of Documents.

Defendant has not completed its investigation and discovery of the matters at issue in this action and these Responses are based upon Defendant' knowledge, information, and belief as of this date. Defendant reserve the right to make further responses if it appears that any omission or error has been made in connection with these Responses or in the event future or more accurate

2

information is available.  These Responses are made without prejudice to the right to present at trial such additional evidence as may be later discovered or evaluated.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

From the time when the Jack Stands were first developed and designed to the present, all Documents concerning the development and design of the Jack Stands

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture the Jack Stands.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

### REQUEST FOR PRODUCTION NO. 2:

From the time when the Jack Stands were first fabricated, manufactured, produced and assembled to the present, all Documents concerning the fabrication, manufacture, production and assembly of the Jack Stands.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture the Jack Stands.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents concerning the inspection, quality control, and/or quality assurance of the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents concerning the testing of the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order. This request is duplicative of Request for Production No. 3.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents concerning Defendants' business relationship with Sears, including, but

not limited to, all contracts and agreements concerning the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture the Jack Stands.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents concerning the labeling, use, instructions, operating manual or warnings with respect to the Jack Stands

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture the Jack Stands.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents concerning the business relationship(s), including, but not limited to, any licensing or other agreements, between Defendants and MVP or Wei Fu with respect to the design, manufacture, distribution or sale of the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents concerning any partnerships or joint ventures with MVP or Wei Fu with respect to the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents concerning any consulting or professional, management or engineering services agreements between Defendants and MVP or Wei Fu with respect to the design, manufacture or sale of the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated

6

to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents concerning Defendants' providing or procuring indemnification and/or insurance to or for MVP or Wei Fu with respect to the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture the Jack Stands.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 11:**

From the time when Defendants first began the design, manufacture, production or distribution of the Jack Stands to the present, all Documents concerning complaints (legal and non-legal) or litigation (pending or settled) with respect to claims or allegations of Jack Stand malfunctions, design or manufacturing defects, failure to hold up a vehicle, and/or the spontaneous collapse or descent of the raised ratchet bar of a Jack Stand, and/or inferior materials used to manufacture the Jack Stand and/or poor workmanship in the fabrication of the Jack Stand.

7

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request is compound and disjunctive to the point that the request is vague and ambiguous.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents concerning customer hotline or consumer toll free line calls, internet bulletin board and/or website postings concerning complaints of Jack Stand performance, malfunction, failure to hold up a vehicle and/or spontaneous collapse or descent of the raised ratchet bar of the Jack Stand, or of inferior materials used to manufacture the Jack Stand or poor workmanship in the fabrication of the Jack Stand, or that the Jack Stand was defective.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**:

Objection.  This request is overbroad, compound, disjunctive, conjunctive, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents concerning load or other testing of Jack Stands not produced in

response to Request Number 4.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture the Jack Stands.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.  This request is duplicative of Request for Production No. 3.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents concerning the study or consideration of employing, or the feasibility of installing, different or other designs or safety features for the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture the Jack Stands.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.  This request is duplicative of Request for Production No. 1.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents concerning the analysis or assessment of the costs of any alternative design of or safety features for the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order. This request is duplicative of Request for Production No. 1.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents concerning the unit cost of manufacturing the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents concerning the unit cost of purchasing or fabricating each of the Jack Stand's components.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents concerning any requests made to Defendants by any insurance carrier, police department, local, state or federal government agency or department, concerning Jack Stand design, performance, malfunction, failure or complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Objection. This request is overbroad, disjunctive, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order. This request is burdensome and oppressive and outweighs the potential benefit, if any, to Plaintiffs.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

11

**REQUEST FOR PRODUCTION NO. 19:**

All Documents concerning applicable policies of primary, excess and umbrella insurance issued to Defendants including insurance policies, declaration sheets and all endorsements and completed application forms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Objection. This request is overbroad to the extent that it requests insurance application forms, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents concerning the name(s) and address(es) of the factory(ies) and locations where Defendants manufacture, manufactured, distribute or distributed Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents concerning Defendants' ownership or control of Wei Fu's

12

manufacturing plant/factory in Taishan Town, Taishan, Jiangmen, Guandong, China, where Jack Stands were/are manufactured.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture the Jack Stands.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents concerning the nature, scope and degree of Defendants' ownership interest, directly, or through other entities, of Shinn Hua.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and agreements between Defendants and FMRC, and/or prepared by Shinn Fu, concerning FMRC certification of Shinn Fu Jack Stand manufacturing facilities.

13

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Objection.  This request is overbroad, disjunctive, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:  No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents concerning compliance with, or receiving certification for complying with, ISO standards with respect to Jack Stand design, manufacture, testing, inspection and labeling.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:  No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents received by, sent by or on behalf of, or prepared by or on behalf of Defendants, concerning or with respect to Jack Stand industry standards and/or ASME standards concerning Jack Stands, and/or PALD safety standards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Objection.  This request is overbroad, disjunctive, compound, vague and ambiguous as to

14

time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents received by, sent by or on behalf of, or prepared by or on behalf of, Defendants concerning ASME committee meetings, ASME committee drafts or discussions, concerning or with respect to proposed or adopted ASME standards concerning Jack Stands and/or PALD safety standards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Objection. This request is overbroad, compound, disjunctive, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents concerning the use of a single Jack Stand to support all or a portion of a motor vehicle.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of

documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents comparing the cost, utility, functionality, failure rates, complaints and/or performance of Defendants' and/or MVP's, and/or Wei Fu's Jack Stands to those of other manufacturers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Objection.  This request is overbroad, compound, disjunctive, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents concerning the suppliers, vendors or fabricators of the components of the Jack Stands, including ratchet bar, locking pawl, saddle, roll pin, locking handle and base frame.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the

disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents concerning instances of a Jack Stand being subject to a shock load (i.e., a load dropping suddenly or unexpectedly on it).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents concerning instances of Jack Stands failing to perform as intended.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents from 1988 to the present concerning Defendants' establishment of MVP in 1988, as noted in the attached document entitled "Presentation of Shinn Fu Corporation 2011".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents from 1988 to the present concerning MVP and/or Wei Fu being part of Shinn Fu's affiliated global operations, as noted in the attached document entitled "Presentation of Shinn Fu Corporation 2011"

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

18

**REQUEST FOR PRODUCTION NO. 34:**

All Documents concerning Defendants appointing members of the Board of Directors or other supervising or managing board of MVP and/or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents concerning Defendants or their officers or directors appointing the officers, executives or senior management of MVP and/or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents concerning loans by Defendants to MVP or Wei Fu or by MVP or Wei Fu to Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents concerning loan or debt guarantees by or between any or all of the Defendants and MVP or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents concerning the nature, scope and degree of any or all of the Defendants' ownership interest in MVP or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request

20

calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents concerning money transfers and money distributions by or from MVP to any or all of the Defendants or by and from Defendants to MVP or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents concerning shared or common office space, headquarters, plants, factories, distribution facilities, bank accounts, phone or fax lines of any or all of the Defendants and MVP or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents concerning dividend payments or return of capital payments from MVP and/or Wei Fu to any or all of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents concerning common or shared accounting, auditing, legal, insurance and/or payroll services between any or all of the Defendants and MVP and/or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents concerning communications between any or all of the Defendants and MVP and/or Wei Fu with respect to Jack Stand design, manufacture, distribution, sale, marketing and testing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43**:

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents concerning communications between any or all of the Defendants and MVP and/or Wei Fu with respect to supplying, distributing or selling private label Jack Stands in the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44**:

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents concerning communications between any or all of the Defendants and MVP and/or Wei Fu with respect to supplying, distributing and/or selling Jack Stands to Sears.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45**:

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated

to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents concerning the development of warnings for the Jack Stands, including, but not limited to, Documents concerning when warnings were developed for the Jack Stands, revisions to the warnings for the Jack Stands and, from the time when Defendants first developed warnings to the present, Documents concerning all claims (legal and non-legal) and litigation (pending or settled) with respect to warnings for the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture the Jack Stands.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents concerning any and all inquiries or investigations of Defendants, MVP, Wei Fu, Shinn Hua and/or Sears by agencies of the United States or any state thereof, including, but not limited to, the United States Consumer Product Safety Commission and the National Highway Traffic Safety Administration.

24

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47**:

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents concerning Defendants' filing of the Answer dated March 4, 2013, including, but not limited to, Defendants' admissions in Paragraph 2 thereof.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48**:

Objection. This request is overbroad and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

DATED:  August 9, 2013

Defendants
**MVP CORPORATION, MVP COMPANY OF AMERICA, INC., AND MVP (HK) INDUSTRIES, LTD.**


By: _____
Sean P. Flynn, Esq.
Bar No.: CA 220184
M. Amadea Groseclose, Esq.
Bar No.: CA 267091
Foley & Mansfield, PLLP
300 South Grand Avenue, Suite 2800
Los Angeles, CA 90071
(213) 283-2100
(213) 283-2101 (Facsimile)
sflynn@foleymansfield.com

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually | Case 3:13-cv-00257-RNC |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| vs. | |
| SEARS, ROEBUCK AND CO., SHINN FU CORPORATION and SHINN FU COMPANY OF AMERICA, INC. | Complaint Filed: January 30, 2012 |
| Defendants. | |

///

///

///

///

///

///

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on  **August 9, 2013** a copy of the foregoing

**MVP (HK) INDUSTRIES, LTD'S,  RESPONSES TO PLAINTIFFS' FIRST**

**SET OF REQUESTS FOR PRODUCTION** was sent, via first class mail,

postage prepaid, to the following counsel(s) of record:

David J. Elliott, Esq.
Bryan J. Orticelli, Esq.
Kaitlin A. Canty, Esq.
DAY PITNEY LLP
242 Trumbull Street
Hartford, Connecticut  06103-1212

Erica W. Todd, Esq.
Trotta, Trotta & Trotta
P.O. Box 802
900 Chapel Street
New Haven, CT  06503

Philip T. Newbury, Jr., Esq.
Christopher  M. Vossler, Esq.
Howd & Ludorf, LLC
65 Wethersfield Ave.
Hartford , CT  06114

Joseph  Donat, Esq.
Howard Wexler, Esq.
Howard Edinburgh,  Esq.
Michael Gallub, Esq.
HERZFELD & RUBIN, P.C.
125 Broad  Street
New York, NY  10004

By: _____

Olga Valadez
Foley & Mansfield, PLLP
300 South Grand Avenue, Suite 2800
Los Angeles CA 90071
(213) 283-2100
(213) 283-2101 (Facsimile)

2