UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FREDERICK KLORCZYK, JR., as co-administrator : CIVIL ACTION NO.
of the Estate of Christian R. Klorczyk, et al. :
                                         :
                   *Plaintiffs*,       :   3:13-cv-00257-RNC
                                           :
vs.                                            :
                                           :
SEARS, ROEBUCK AND CO., et al.         :
                                           :
                  *Defendants*.      :   OCTOBER 4, 2013

## MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER

Plaintiffs, Frederick Klorczyk, Jr., individually and as co-administrator of the Estate of Christian R. Klorczyk, and Lynne Klorczyk, individually and as co-administrator of the Estate of Christian R. Klorczyk ("Mrs. Klorczyk") (collectively, the "Plaintiffs"), respectfully submit this memorandum of law in opposition to the motion for a protective order (the "Motion") filed by Defendants, Shinn Fu Corporation ("Shinn Fu"), Shinn Fu Company of America, Inc. ("SFA") and MVP (HK) Industries, Ltd. ("MVP") (collectively, the "Defendants").

## I.      PRELIMINARY STATEMENT

Defendants' Motion seeks extraordinary relief—a blanket protective order preventing Plaintiffs from conducting *any* written discovery of Defendants in this action. Unsupported by law, competent evidence or even common sense, Defendants' Motion is an improper attempt to bypass obligations Defendants are bound to observe in responding to discovery. The Motion should be denied because Defendants fail to satisfy their burden to show good cause.

This Court should be aware that, to date, Defendants have not responded to a single interrogatory or document request propounded by Plaintiffs in July 2013. In fact, Defendants' Motion is only the latest in a series of obfuscations and refusals to provide *any information* in

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

response to Plaintiffs' discovery requests. First, Defendants requested a pre-filing conference in order to allow them to file motions for summary judgment by letter to this Court dated April 11, 2013. (See **Exhibit A**, Letter from S. Flynn to Hon. Robert Chatigny, dated Apr. 11, 2013). In this correspondence, Shinn Fu and SFA asserted that they did not manufacture, distribute or sell the jack stand at issue in this case. In response, Plaintiffs submitted correspondence to this Court dated April 16, 2013. (See **Exhibit B**, Letter from D. Elliott to Hon. Robert Chatigny, dated Apr. 16, 2013). In that correspondence, Plaintiffs stated that a pre-filing conference was premature, that the case was in its infancy, that, at the time, Defendant MVP had not even appeared, and that the parties had yet to even commence formal discovery.

A pre-filing conference was held on May 9, 2013. Shinn Fu and SFA, through their counsel, suggested to Judge Chatigny that they should simply be permitted to file a motion for summary judgment and that discovery was unnecessary given their representations that they did not design, manufacture or sell the subject jack stand. Plaintiffs stated to the Court that, even if a summary judgment motion was filed, Plaintiffs would seek discovery under Federal Rule 56(d) and that, it would be inappropriate, and professionally irresponsible, to simply accept Shinn Fu's and SFA's representations concerning their lack of involvement with the subject jack stand. The Court agreed. The Court indicated that Plaintiffs were entitled to discovery and not required to accept Shinn Fu's and SFA's representations, that the filing of a summary judgment motion by Shinn Fu and SFA would face substantial hurdles under Federal Rule 56(d), and that counsel for Plaintiffs had a professional responsibility to pursue such discovery. Defendants never filed a summary judgment motion.

Undaunted, however, after Plaintiffs served Defendants with their production requests and interrogatories on July 9 and July 15, respectively, Defendants made not even an attempt to

respond thereto.  Rather, Defendants wrote a letter dated July 30, 2013; (see **Exhibit C**, Letter from S. Flynn to D. Elliott, dated July 30, 2013); requesting a stay of their obligations to respond to Plaintiffs' discovery requests and a 30-day extension of time to respond thereto.  Plaintiffs agreed to the requested extension.  Defendants' letter was ostensibly written "to informally resolve the issues [Defendants] have with this first set of written discovery" when in fact, Defendants' letter made clear that they objected to and would not respond to each and every interrogatory and document request propounded by Plaintiffs.  As set forth below, the majority of Defendants' objections were spurious in the extreme and without any legal basis.

On August 9, 2013, Defendants served Plaintiffs with objections to all of Plaintiffs' discovery requests, mirroring those of the July 30, 2013 letter.  Thereafter, the parties had a meet and confer conference on August 16, 2013.  Once again, rather than giving any indication that Defendants would respond to any discovery request of Plaintiffs, Defendants maintained that they would make no such responses.  During the meet and confer conference, Defendants objected to the time frames of some of Plaintiffs' discovery requests.  In response, Plaintiffs agreed to limit all of their document requests to 10 years—the period of repose under Connecticut's Product Liability Act.  Defendants did not respond, and to date have not responded, to Plaintiffs' offer.  Thus, in summary, Defendants have not to date provided a shred of information in response to Plaintiffs' discovery requests.

As counsel for Plaintiffs explained to Judge Chatigny during the pre-filing conference on May 9, 2013, Plaintiffs have good reason to be skeptical of defense counsel's representations concerning Shinn Fu's and SFA's involvement with the subject jack stand.  For example, information publicly available, including from the Internet, demonstrates that Shinn Fu describes itself as the leader of a group of companies, described as its "Affiliated and Global Operations"

which includes Shinn Fu, SFA, MVP, and Wei Fu (Taishan) Machinery & Elec. Co., Ltd., who Defendants assert is the actual manufacturer of the subject jack stand. (See **Exhibit D,** "Presentation of Shinn Fu Corporation 2011" accessed from the Internet). In this presentation, Shinn Fu represents to the world that it established SFA in 1978, that it established MVP Hong Kong in 1988, that it "supplies product development and manufacturing services to Shinn Fu affiliated companies throughout the world", that Wei Fu is a member of Shinn Fu's Affiliated Global Operations, and that its "business focus" is "professional hydraulic lifting equipment and industrial hydraulic lifting equipment." In addition, publicly available information shows that the model number of the jack stand used by Plaintiffs' decedent has been advertised as a product of Shinn Fu and SFA. Plaintiffs expect, therefore, that the business relationships among the Defendants as well as their roles in the design, manufacture, distribution, and sale of the jack stand at issue in this case should be at the forefront of initial discovery and Plaintiffs' pending discovery requests have been focused accordingly.

## II. BACKGROUND

### A. Case Background.

This is an action for wrongful death and bystander emotional distress brought under the Connecticut Products Liability Act (the "Act"), Conn. Gen. Stat. §§ 52-572m *et seq*. Plaintiffs allege that their son, Christian R. Klorczyk ("Christian"), was killed when a jack stand Christian was using to lift his vehicle in order to change the oil in the vehicle collapsed, causing the vehicle to fall on Christian, crushing him to death. Plaintiffs claim that the jack stand collapsed as a result of defective design and/or manufacture, and that the jack stand was sold without adequate warnings or instructions. Plaintiffs also claim emotional distress as a result of their contemporaneous sensory perception of Christian's death. Plaintiffs contend that, at all times

relevant to this action, Defendants, along with Sears, Roebuck & Co. ("Sears")[1] and Wei Fu

(Taishan) Machinery & Elec. Co., Ltd. ("Wei Fu"),[2] were the designers, manufacturers,

importers, wholesalers, distributors, sellers and/or retailers of the jack stand used by Christian.

(Dkt. No. 1-1).

### B. Defendants' Motion.

Plaintiffs served Defendants with their First Set of Requests for Production on July 9,

2013. (See **Exhibit E**, Plaintiffs' First Set of Requests for Production, dated July 9, 2013).

Plaintiffs served Defendants with their First Set of Interrogatories on July 15, 2013. (See

**Exhibit F**, Plaintiffs' First Set of Interrogatories, dated July 15, 2013).[3]

On July 30, 2013, Defendants' counsel, Sean Flynn, wrote Plaintiffs' counsel objecting to

all of the discovery requests.[4] (See Exhibit C). On August 9, 2013, Defendants' counsel served

Plaintiffs with objections to all of the discovery requests mirroring those of the July 30, 2013

letter. (See **Exhibit G**, Defendants' Responses to Discovery Requests, dated Aug. 9, 2013).

On August 16, 2013, the parties participated in a telephonic conference to attempt to

resolve Defendants' objections to the discovery requests. On August 21, 2013, Plaintiffs'

---

[1] Sears has not joined Defendants' Motion.

[2] Plaintiffs filed a related action against Wei Fu (the "Wei Fu Action") based upon defense counsels' representations that Wei Fu is the manufacturer of the subject jack stand. (See Dkt. No. 62-1, p. 6). The Wei Fu Action is pending before Judge Chatigny, Civil Action Number 13-cv-755, and Plaintiffs are awaiting confirmation that service of process has been effectuated on Wei Fu. By Order dated September 19, 2013 the Court has granted Plaintiffs' motion for extension of time to serve Wei Fu until January 24, 2014. Once service of process is effectuated, Plaintiffs intend to file a motion to consolidate the Wei Fu Action with the present action.

[3] Plaintiffs' First Sets of Requests for Production and Interrogatories are referred to collectively as the "discovery requests." (See Exs. E; F).

[4] Defense counsel also sought a thirty-day extension of time, up to and including September 18, 2013, to respond to the discovery requests, to which Plaintiffs consented. (See Dkt. No. 59).

counsel wrote Defendants' counsel, responding to the objections set forth in defense counsel's July 30, 2013 letter.  (See **Exhibit H**, Letter from D. Elliott to S. Flynn, dated Aug. 21, 2013).  On September 13, 2013, Defendants filed the Motion that is the subject of the instant dispute. (Dkt. No. 62).

## III.   ARGUMENT

### A.    Legal Standard.

"A protective order should issue only when necessary to prevent injury, harassment or abuse of the court's processes." Hanson v. US Airports Air Cargo, LLC, No. 3:07CV353, 2008 U.S. Dist. LEXIS 74876, at *3 (D. Conn. Sept. 26, 2008) (citation and internal quotation marks omitted).[5]  "A protective order issues on good cause shown by the moving party.  A moving party may not establish good cause through conclusory statements.  Good cause is established by demonstrating a clearly defined and serious injury resulting from disclosure." Rubin v. Hirschfeld, No. 3:00cv1657, 2001 U.S. Dist. LEXIS 25761, at *3 (D. Conn. Dec. 10, 2001) (citations and internal quotation marks omitted); see also 6-26 Moore's Federal Practice - Civil § 26.104[1] ( 2013) ("'Good cause' is established when it is specifically demonstrated that disclosure will cause a clearly defined and serious injury.").  To establish good cause, the moving party must make a particular and specific demonstration of fact as to the harm that will be suffered by disclosure.  See HSqd, LLC v. Morinville, No. 3:11CV1225, 2013 U.S. Dist. LEXIS 37356, at *6 (D. Conn. Mar. 18, 2013).

### B.    Defendants' Motion Should Be Denied Because Defendants Fail To Show Good Cause For This Court To Issue A Protective Order.

Defendants have failed to meet their burden of showing good cause for the issuance of a protective order because they have not and cannot demonstrate that disclosure will cause a "

---

[5] Unreported decisions are attached in an Appendix in the order of citation.

'clearly defined and serious injury.'" Rubin, 2001 U.S. Dist. LEXIS 25761, at *3 (citation

omitted). Defendants provide only conclusory and unsupported statements in an effort to evade

their obligations under the Federal Rules, and make no specific demonstration of fact as to the

harm that will be suffered by disclosure of responsive documents. See HSqd, LLC, 2013 U.S.

Dist. LEXIS 37356, at *6.

## 1.    Defendants Fail To Show That Plaintiffs' Discovery Requests Are Overbroad Or Unduly Burdensome.

Defendants argue that Plaintiffs' discovery requests are overbroad and unduly

burdensome because, by "[D]efendants' count," they exceed the number of requests permitted by

the Federal Rules and "are not sufficiently limited in time and scope." (Dkt. No. 62-1, p. 5).

Aside from reciting their own arithmetic, however, Defendants have not demonstrated how

Plaintiffs' discovery requests exceed those permitted by the Federal Rules and applicable case

law, nor have Defendants provided a specific demonstration of fact as to the harm that will be

suffered by disclosure of responsive documents. See id. Rather, Defendants' argument is based

entirely upon conclusory assertions insufficient to satisfy their burden of demonstrating good

cause under Federal Rule 26(c). Id.; see also Rubin, 2001 U.S. Dist. LEXIS 25761, at *4

("'Broad allegations of harm unsubstantiated by specific examples will not suffice to justify the

issuance . . . of a protective order.'") (citation omitted).

Moreover, as set forth in Plaintiffs' August 21, 2013 letter, attached hereto as Exhibit H,

all of the interrogatories directed to Defendants seek information for the past ten years. (See Ex.

H; see also Ex. F). The ten-year time period is reasonable and common in products liability

cases such as this one, as it is consistent with the ten-year statute of repose applicable to claims

brought under the Act. See Conn. Gen. Stat. § 52-577a. Likewise, all but six of Plaintiffs'

forty-eight requests for production directed to Defendants seek responsive documents for the past

ten years.  (See Ex. E).  In an effort to avoid discovery disputes such as this one, Plaintiffs

offered to compromise with Defendants by indicating in their August 21, 2013 letter that they are

willing to limit to the past ten years the six requests for production that exceed the ten-year

period for purposes of Defendants' initial production.  (See Ex. H).  Defendants did not respond

to this offer; instead, they filed the Motion.

> ### 2. Defendants Fail To Show That Plaintiffs' Discovery Requests Seek Irrelevant Information Or Are Not Reasonably Calculated To Lead To The Discovery Of Admissible Evidence.

Defendants argue that Plaintiffs' discovery requests seek irrelevant information and are

not reasonably calculated to lead to the discovery of admissible evidence.  (See Dkt. No. 62-1,

pp. 5–6).  They argue that they should not be put "to the burden and expense" of responding to

the discovery requests because a police report (the "Report") submitted with their Motion

"eliminates the jack stand as a cause of the [underlying] accident."  (Id. 6; see also Dkt. No. 62-

2).[6]  According to Defendants, the Report, which includes a "statement" by Mrs. Klorczyk,

shows that the subject jack stand "has nothing to do with the [underlying] accident."  (Dkt. No.

62-1, p. 5).  Defendants' arguments are severely misplaced.

The police report referred to by Defendants has absolutely no place in this case at this

time, is irrelevant to the issues raised in Defendants' Motion of Protective Order and should be

disregarded by the Court.  First, Defendants' characterizations of the report are not evidence and

do not demonstrate a "clearly defined and serious injury" sufficient to establish good cause for

issuance of a protective order.  The Waterford Police Department report referred to by

Defendants contains two entries, one by Officer Krysztofiak and one by Lieutenant Mahoney,

both of whom arrived after the accident in question had occurred, neither of whom had any

---

[6] For the Court's convenience, Plaintiffs cite the version of the Report submitted by
Defendants in support of their Motion.  (Dkt No. 62-2).

personal knowledge as to the mechanics of the accident, neither of whom had any personal knowledge as to whether a jack stand or a hydraulic pump jack was used to hoist Christian's vehicle, and neither of whom had any factual basis to assert what kind of stand—a jack stand or a hydraulic pump jack was used by Christian to hoist his vehicle. Thus, any assertions they make in their police report entries regarding what stand was used to hoist Christian's vehicle are pure speculation, hearsay, and have no factual basis.

Furthermore, to the extent that these officers' reports assert a statement by Mrs. Klorczyk that a hydraulic pump jack was used to hoist the vehicle, they are similarly flawed. First, Mrs. Klorczyk never made such a statement to any investigating officer. Second, her own handwritten statement—as opposed to the officers' reports—contains no reference to a hydraulic pump jack being the mechanism for hoisting the vehicle. Third, Mrs. Klorczyk arrived after the vehicle had fallen and crushed Christian and had no personal knowledge as to what hoisting mechanism was used and thus was not in a position to make the statement the Report attributes to her – "and a pump jack had, which was initially holding the vehicle had moved." The fact is that Mr. and Mrs. Klorczyk were the first to arrive at the accident scene and nothing was supporting the vehicle except their son's body. Accordingly, Mrs. Klorczyk would never have been in a position to make the statement attributed to her by the investigating officers. Finally, the investigating officers have yet to be examined or questioned in any way as to their investigation, the contents of their reports, the statements they attribute to Mrs. Klorczyk or any other aspect of the accident.

In light of the foregoing, Defendants' argument that "the decedent was not supporting his BMW with a jack stand at the time of the accident" and Defendants' reference to "a pump jack had, which was initially holding the vehicle had moved," all referring to the Waterford Police

-9-

Department report, have no basis in fact and should be disregarded. (Dkt. No. 62-1, pp. 5–6).
Thus, such arguments do not support the entry of a protective order.

In sum, Defendants' characterizations of the Report do not demonstrate good cause for
issuance of a protective order—indeed, they do not even identify a "harm" that would come from
responding to Plaintiffs' discovery requests. Moreover, because discovery in this action has just
begun and the contents of the Report have yet to scrutinized, Defendants' Motion in essence asks
the Court to determine the competency of the Report and its evidentiary value. Not only is such
a determination premature, it is not a determination to be made in the posture of a request for a
blanket protective order, because Defendants fail to make any particularized showing of the
injury that disclosure of responsive documents would entail. See Rubin, 2001 U.S. Dist. LEXIS
25761, at *2 ("A protective order . . . is not a blanket authorization for the court to prohibit
disclosure of [responsive] information . . . .") (citations and internal quotation marks omitted).

### 3.  Defendants Fail To Show That The Discovery Requests Are Oppressive Or Intended To Harass.

Shinn Fu and SFA claim that the discovery requests are oppressive and intended to harass
them because "they neither manufactured nor distributed" the subject jack stand. (Dkt. No. 62-1,
p. 7). Defendants offer no competent evidence in support of this conclusory assertion, yet they
contend that they "should not be required to answer *any* discovery." (Id. 6) (emphasis added).

Neither Shinn Fu nor SFA offer the Court a clearly defined and serious injury as a result
of their compliance with the discovery obligations prescribed by the Federal Rules. This alone is
fatal to their argument. See Rubin, 2001 U.S. Dist. LEXIS 25761, at *3 ("A moving party may
not establish good cause through conclusory statements. Good cause is established by
demonstrating a 'clearly defined and serious injury' resulting from disclosure.") (citations
omitted). Moreover, as Plaintiffs have made clear to Defendants, including Shinn Fu and SFA,

-10-

the discovery requests do not seek to impose any obligations beyond those of the Federal or Local Rules, nor could they. (See Ex. H). The discovery requests seek only the production of responsive documents in Defendants' possession, custody, or control. (See Exs. E, F, H). Shinn Fu's and SFA's unsubstantiated claims that they did not manufacture or distribute the subject jack stand do not relieve them of their obligations to produce responsive documents in their possession, custody or control, nor do they establish good cause for issuance of a protective order.

### 4. Defendants Fail To Show A Clearly Defined And Serious Injury That Will Result From Producing Responsive Trade Secret Information.

Defendants argue, in wholly conclusory fashion, that the discovery requests seek disclosure of trade secret information. (See Dkt. No. 62-1, p. 7). Not only do Defendants fail to identify what responsive information constitutes trade secret information, they fail to provide *any* showing of harm that would result from disclosure of such information to Plaintiffs, who are not competitors and who are bound by the Court's Standing Protective Order. (Dkt. No. 4). Indeed, Defendants barely *mention* the Standing Protective Order in their Motion, let alone explain why the Standing Protective Order does not address their abstract concern that the discovery requests seek trade secret information. And, as with all of their arguments, Defendants fail to show any injury, let alone a "'clearly defined and serious injury,'" warranting issuance of a protective order. See Rubin, 2001 U.S. Dist. LEXIS 25761, at *3 (citation omitted).

### 5. Defendants' Boilerplate Objections To Specific Discovery Requests Fail To Demonstrate Good Cause For Issuance Of A Protective Order.

Defendants assert numerous boilerplate objections to no less than seventeen of Plaintiffs' twenty-five interrogatories and seven of Plaintiffs' requests for production. (See Dkt. No. 62-1, pp. 8–23). Such objections are emblematic of Defendants' efforts to avoid their discovery

obligations and "'are a paradigm of discovery abuse.'"[7] Tourtelotte v. Anvil Place Master Tenant, LLC, No. 3:11CV1454, 2012 U.S. Dist. LEXIS 160859, at *5 (D. Conn. Nov. 9, 2012) (citation omitted). Thus, rather than address each of Defendants' objections separately, Plaintiffs, in accordance with D. Conn. L. Civ. R. 37(b)(1), respond to Defendants' objections according to the following categories of disputed discovery requests:[8]

       i.    <u>Discovery requests concerning incidents, claims, complaints and litigation involving circumstances similar to this action and the subject jack stand</u>[9]

Defendants object to interrogatories two and three, and requests for production eleven, eighteen, nineteen and forty-eight. (See Dkt. No. 62-1, pp. 8–9, 18, 20–21). These discovery requests seek information and documents that are relevant to this action and reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b). In particular, these discovery requests seek information and documents in Defendants' possession, custody or control, concerning incidents, quality control operations, claims, complaints and litigation involving circumstances similar to this action and the jack stand at issue herein. (See Exs. E, F,

---

[7] As but one example, Defendants object to the discovery requests based upon confidentiality and attorney-client privilege, but they make no effort to identify the information they claim is confidential or privileged, nor have they provided a privilege log pursuant to Local Rule 26(e). (See Ex. G; see also Dkt. No. 62-1, pp. 9, 11, 14, 15, 19). By way of further example, Defendants assert numerous objections that Plaintiffs' interrogatories exceed those permitted by the Federal Rules. (See Dkt. No. 62-1, pp. 10, 12–17). Still, Defendants make no effort to address how Plaintiffs' interrogatories are in fact excessive under applicable case law. (See Ex. H).

[8] Plaintiffs also refer the Court to the responses set forth in their August 21, 2013 letter to Defendants' counsel. (Ex. H).

[9] Notwithstanding Defendants' arguments to the contrary, Plaintiffs discovery requests define the subject jack stand with sufficient specificity. (See Exs. E, F). Moreover, all of Plaintiffs' interrogatories, and all but six of Plaintiffs' requests for production, seek information and documents, including those concerning the subject jack stand, for the past ten years. Aside from advancing conclusory assertions, Defendants have not shown why Plaintiffs' definition of the subject jack stand coupled with the temporal scope of the discovery requests is overbroad or imposes an undue burden.

H).  Such information clearly is relevant to, among other issues, Defendants' prior knowledge and notice of defect in the subject jack stand's manufacture, design and/or warnings.  Defendants fail to meet their burden of showing why information and documents responsive to these discovery requests and within their possession, custody or control, should not be disclosed.  See Tourtelotte, 2012 U.S. Dist. LEXIS 160859, at *5 ("'The party resisting discovery bears the burden of showing why discovery should be denied.'") (citation omitted).

> ii.    Discovery requests concerning the design, production, manufacture, fabrication and assembly of and development of warnings for the subject jack stand

Defendants object to interrogatories four and seven, and requests for production one, two and forty-six.  (See Dkt. No. 62-1, pp. 10, 11–12, 17–18, 19).  These discovery requests seek information and documents relevant to this action and reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b).  In particular, these discovery requests seek information and documents in Defendants' possession, custody or control, concerning critical information including the design, production, manufacture, fabrication and assembly of and development of warnings for the subject jack stand.  (See Exs. E, F, H).  Such information and documents are relevant—indeed, critical—to, among other issues, causation and liability. Defendants fail to meet their burden of showing why information and documents responsive to these discovery requests and within their possession, custody or control, should not be disclosed.

      iii.    <u>Discovery requests concerning branding and retailer information for the subject jack stand and model jack stands similar thereto</u>[10]

Defendants object to interrogatories five and six, the sole grounds being that these requests call for "disclosure of [t]rade [s]ecret information" and "punitive damages information, which is highly confidential." (See Dkt. No. 62-1, p. 11). Defendants make no effort to identify the information they claim is trade secret or highly confidential, nor do Defendants demonstrate a "'clearly defined and serious injury'" that will result from disclosure of responsive information to Plaintiffs. <u>Rubin</u>, 2001 U.S. Dist. LEXIS 25761, at *3 (citation omitted). The information sought in interrogatories five and six is relevant to the subject matter of this action, and Defendants have failed to meet their burden of showing why information responsive to these interrogatories should not be disclosed, particularly in light of the protections afforded by the Court's Standing Protective Order. (See Dkt. No. 4).

      iv.    <u>Discovery requests concerning testing of the subject jack stand, including testing for compliance with industry standards, quality control testing and testing and analysis of alternative designs of the subject jack and model jack stands comparable thereto</u>

Defendants object to interrogatories nine, eleven, twelve and sixteen, and requests for production three, four, thirteen, fourteen and fifteen. (See Dkt. No. 62-1, pp. 12–14, 18–20). These discovery requests seek information and documents that are relevant to this action and reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b). In particular, these discovery requests seek information and documents in Defendants' possession, custody or control, concerning critical testing information for the subject jack stands and model

---

[10] Defendants contention that information concerning predecessor or model jack stands comparable to the subject jack stand has "nothing to do with this case" is unavailing. (Dkt. No. 62-1, pp. 9–10). Indeed, "'discovery of similar, if not identical, models is routinely permitted in product liability cases.'" <u>Napolitano v. Synthes, Inc.</u>, No. 3:09CV828, 2013 U.S. Dist. LEXIS 60498, at *9 (D. Conn. Apr. 29, 2013) (citation omitted).

jack stands comparable thereto, including testing for compliance with industry standards, quality control testing and testing and analysis of alternative designs. (See Exs. E, F, H). Such information and documents are relevant—indeed, critical—to, among other issues, causation and liability. Defendants fail to meet their burden of showing why information and documents responsive to these discovery requests and within their possession, custody or control, should not be disclosed.

v.     Discovery requests concerning business relationships among Defendants and among Defendants, Sears and Wei Fu

Defendants object to interrogatories seventeen, eighteen, nineteen, twenty, twenty-one, twenty-two and twenty-three, and requests for production thirty-two and thirty-three. (See Dkt. No. 62-1, pp. 14–17, 18). These discovery requests seek information and documents that are relevant to this action and reasonably calculated to lead to the discovery of admissible evidence and the identification of witnesses. Fed. R. Civ. P. 26(c). In particular, these discovery requests seek information and documents in Defendants' possession, custody or control, concerning the business relationships among Defendants and among Defendants, Sears (a co-Defendant) and Wei Fu (the purported manufacturer of the subject jack stand). (See Exs. E, F, H). Such information and documents are relevant to the identification of witnesses with knowledge of the claims at issue in this action and will likely lead to the discovery of admissible evidence, including evidence concerning critical aspects of the design, manufacture, testing, warnings and/or distribution of the subject jack stand. Defendants fail to meet their burden of showing why information and documents responsive to these discovery requests and within their possession, custody or control, should not be disclosed.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion should be denied in its entirety.

Defendants should be ordered to comply fully with Plaintiffs' discovery requests within fourteen

(14) days of issuance of the Court's order denying Defendants' Motion.  In accordance with

Federal Rules 26(c)(3) and 37(a)(5)(B), Plaintiffs request that they be awarded their reasonable

expenses, including attorneys' fees, in opposing Defendants' Motion.

<div style="margin-left:40%">

PLAINTIFFS,
FREDERICK KLORCZYK, JR., individually
and as co-administrator of the Estate of
Christian R. Klorczyk, and LYNNE
KLORCZYK, individually and as co-
administrator of the Estate of Christian R.
Klorczyk

By:  /s/ Bryan J. Orticelli
David J. Elliott (ct04301)
Bryan J. Orticelli (ct28643)
Kaitlin A. Canty (ct29074)
DAY PITNEY LLP
242 Trumbull Street
Hartford, Connecticut 06103-1212
(860) 275-0100
(860) 275-0343 (fax)
*djelliott@daypitney.com*
*borticelli@daypitney.com*
*kcanty@daypitney.com*

Their Attorneys

</div>

## **CERTIFICATION**

I hereby certify that on this date, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

/s/ Bryan J. Orticelli
Bryan J. Orticelli

# APPENDIX



SHIRLEY HANSON, ADMINISTRATRIX OF THE ESTATE OF ADAM J.
PARKER and SHIRLEY HANSON, Individually v. US AIRPORTS AIR CARGO,
LLC; CLYDE MACHINES, INC and HICKS TRUCKING CO. OF LITCHFIELD

CIV. NO. 3:07CV353 (JCH)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

*2008 U.S. Dist. LEXIS 74876*

September 26, 2008, Decided
September 26, 2008, Filed

**SUBSEQUENT HISTORY:** Remanded by *Hanson v. United States Airports Air Cargo, LLC, 2008 U.S. Dist. LEXIS 85842 (D. Conn., Oct. 15, 2008)*

**PRIOR HISTORY:** *Hanson v. US Airports Air Cargo, LLC, 2008 U.S. Dist. LEXIS 64662 (D. Conn., Aug. 22, 2008)*

**COUNSEL:** [*1] For Shirley Hanson, Ind, and as Admin of the Est of Adam J. Parker, Plaintiff, Cross Defendant, Counter Defendant: Andrew S. Groher, Paul M. Iannaccone, LEAD ATTORNEYS, Riscassi & Davis, P.C., Hartford, CT.

For US Airports Air Cargo, LLC, Defendant, Cross Defendant, Cross Claimant: Barry S. Alexander, LEAD ATTORNEY, Clyde & Co US LLP, New York, NY; Steven C. Rickman, LEAD ATTORNEY, Zangari Hershman, PC, New Haven, CT.

For Clyde Machines, Inc, Defendant, Cross Claimant, Cross Defendant: Joseph Michael Solimene, Stephen P. Brown, LEAD ATTORNEYS, Wilson, Elser, Moskowitz, Edelman & Dicker - Stmfd CT, Stamford, CT.

For Hicks Trucking Co of Litchfield, Defendant, Cross Defendant, Cross Claimant: Alison L. McKay, Paul A. Lange, LEAD ATTORNEYS, Law Offices of Paul A.

Lange, Stratford, CT.

For US Airports Air Cargo, LLC, Cross Claimant, Cross Defendant: Steven C. Rickman, LEAD ATTORNEY, Zangari Hershman, PC, New Haven, CT.

For Hicks Trucking Co of Litchfield, Cross Defendant: Alison L. McKay, LEAD ATTORNEY, Law Offices of Paul A. Lange, Stratford, CT.

**JUDGES:** HOLLY B. FITZSIMMONS, UNITED STATES MAGISTRATE JUDGE.

**OPINION BY:** HOLLY B. FITZSIMMONS

**OPINION**

*DISCOVERY RULING: Defendant USAirports Air Cargo Motion for Protective Order* [*2] *[Doc. # 100]*

The plaintiff seeks to preserve the testimony of Faith Williams and Adam Rick for use at trial by way of videotaped deposition. Defendant Hicks Trucking Company moved for a protective order prohibiting the taking of further depositions of then two Hicks employees. The Court held a discovery conference on July 24, 2008, at which Plaintiff Shirley Hanson was heard. The Court gave defendant Clyde Machines, Inc.,

2008 U.S. Dist. LEXIS 74876, *2

and defendant USAirports Cargo, LLC, until August 15, 2008 to file their objections. Defendant Hicks replied on August 28, 2008. After considering the positions of all of the parties, the Court rules as follows.

*Background*

On December 12, 2007, plaintiff took the discovery deposition of Faith Williams in Minneapolis, Minnesota. On January 25, 2008, the plaintiff returned to Minneapolis to take the discovery deposition of Adam Rick. On or about April 2, 2008, plaintiff's counsel sent a letter to defense counsel for Hicks Trucking Company, Paul Lange, advising the employees, namely Faith Williams and Adam Rick, that the plaintiff would want to "either have [them] here in Connecticut at the time of trial or put on videotape prior to trial." On or about April 24, 2008, defense [*3] counsel responded to plaintiff's request by stating, "[w]hile I will likely have a Hicks representative at trial, I have not yet decided on whom to bring." Defense counsel has yet to inform the plaintiff of the identity of the Hick representative(s) who will appear at trial.

Shirley Hanson, USAiports, and Clyde Machines oppose a protective order which would prohibit trial depositions of Hicks employees Faith Williams and Adam Rick. They argue that the Hicks Trucking witnesses testified with regard to several issues central to this case, including (1) Hicks' Trucking's level of knowledge regarding the risk posed by the Shipment and extent to which Hicks Trucking informed Parker of that danger, and (2) the extent to which the Shipment could have been loaded/secured in a different manner to reduce the potential danger to those involved with the transportation and/or unloading of the shipment.

*Standard of Review*

A protective order should issue only when necessary to prevent "injury, harassment or abuse of the court's processes." *See Bridge C.A.T. Scan Assocs. V. Technicare Corp., 710 F. 2d 940, 944-45 (2d Cir. 1983)*; *Schnall v. Annuity and Life Re (Holdings), Ltd., 2007 U.S. Dist. LEXIS 74918, 2007 WL 2936242, at *4 (D. Conn. Oct. 5, 2007)*; [*4] *Fed.R.Civ.P. 26(c)*. "A protective order issues on good cause shown by the moving party. A moving party may not establish good cause through conclusory statements. Good cause is established by demonstrating 'a clearly defined and serious injury' resulting from disclosure." *Rubin v. Hirschfeld, 2001 U.S.*

*Dist. LEXIS 25761, 2001 WL 34549222, at *1 (D. Conn. Dec. 10, 2001)*(internal citations omitted). Broad allegations of harm will not establish good cause, rather "[t]o establish good cause under *Rule 26(c)*, courts require a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Jerolimo v. Physicians for Women, P.C., 238 F.R.D. 354, 356 (D. Conn. 2006)*(internal citations omitted).

*Discussion*

While there is no specific provision in the Federal Rules of Civil Procedure for a trial deposition, the Federal Court system does recognize a distinction and need for trial depositions subsequent to a discovery deposition. "[T]he majority of courts considering this issue have made what can only be described as a federal common law distinction between 'discovery depositions' and 'trial depositions' (or alternatively, 'preservation depositions')." *RLS Assocs., LLC v. United Bank of Kuwait PLC, 2005 U.S. Dist. LEXIS 3815, 2005 WL 578917 at *6 (S.D.N.Y. March 11, 2005)*.

This [*5] distinction is instructive because it recognizes the difference between discovery depositions and trial depositions. The depositions that Ms. Williams and Mr. Rick have already given were for discovery purposes. A trial deposition is aimed specifically at preparing testimony for trial and presenting that testimony to a jury. There is significant benefit in allowing a jury to view the questioning of a witness and observe how the witness responds to the question; a party should be given the opportunity to provide a jury with clear, concise, and organized testimony from witnesses whose presence at trial cannot be compelled. If the Court were to issue a protective order, the plaintiffs, and defendants Clyde Machines and USAirports would be left to read portions of the testimony of Faith Williams and Adam Rick into the record, a far less effective method of presenting evidence to the jury. Accordingly, defendant Hicks Trucking's Motion for Protective Order [**Doc. # 100**] is **DENIED.** This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. *28 U.S.C. §636 (b)(1)(A)*; *Fed. R. Civ. P. 6(a), 6(e)* [*6] and *72(a)*; and *Rule 72.2 of the Local Rules* for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

2008 U.S. Dist. LEXIS 74876, *6

ENTERED at Bridgeport this 26th day of September 2008.

    /s/

HOLLY B. FITZSIMMONS

UNITED STATES MAGISTRATE JUDGE



**LUCILLE RUBIN, Plaintiff, -vs- T. DONALD HIRSCHFELD, HIRSCHFELD MANAGEMENT, INC., and GINETTE S. OWINGS, Defendants.**

**Civ. No. 3:00cv1657 (PCD)**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT**

*2001 U.S. Dist. LEXIS 25761*

**December 10, 2001, Decided**

**SUBSEQUENT HISTORY:** Motion granted by, in part, Motion denied by, in part *Rubin v. Hirschfeld, 2001 U.S. Dist. LEXIS 25759 (D. Conn., Dec. 12, 2001)*

**PRIOR HISTORY:** *Rubin v. Hirschfeld, 2001 U.S. Dist. LEXIS 25443 (D. Conn., Nov. 5, 2001)*

**DISPOSITION:** Defendant's motion for protective order denied.

**COUNSEL:** [*1] For Plaintiff: Jay H. Sandak, Peter M. Nolin, and Stephanie A. McLaughlin, Sandak Hennessey & Greco, Stamford, CT.

For Defendants: Richard S. Order, Axinn, Veltrop & Harkrider LLP, Hartford, CT.

**JUDGES:** Peter C. Dorsey, United States District Judge.

**OPINION BY:** Peter C. Dorsey

**OPINION**

**RULING ON MOTION FOR PROTECTIVE ORDER**

Defendants move pursuant to *FED. R. CIV. P. 26(c)* for a protective order denying plaintiff copies of defendant T. Donald Hirschfeld's state and federal tax returns and will. The motion for a protective order is

denied.

I. BACKGROUND

On October 16, 2001, plaintiff moved to compel production of a number of documents, which included, inter alia, state and federal tax returns and trust and estate documents. On October 22, 2001, the motion was granted. On November 2, 2001, defendants moved for reconsideration of the order as it pertained to the production of state and federal tax returns. On November 8, 2001, the order compelling production was modified to provide that, after in camera review, "redacted copies of the tax returns, limited to portions relevant to the issue of domicile, will . . . be provided to plaintiff." [*2] Defendants now seek a protective order denying plaintiff copies of defendant Hirschfeld's state and federal tax returns and will but permitting plaintiff's attorney to review the documents.

II. STANDARD

A protective order may issue on good cause shown by the moving party. *FED. R. CIV. P. 26(c)*; *Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992)*. *Rule 26(c)*, however, "is not a blanket authorization for the court to prohibit disclosure of information whenever it deems it advisable to do so, but is rather a grant of power to impose conditions on discovery in order to prevent injury, harassment, or abuse of the court's processes." *Bridge C.A.T. Scan Assocs. v. Technicare*

2001 U.S. Dist. LEXIS 25761, *2

*Corp.,* 710 F.2d 940, 944-45 (2d Cir. 1983).

III. DISCUSSION

Defendants assert that "there is no legitimate reason why plaintiff must have physical possession of a copy of defendant Hirschfeld's tax returns or will," thus a protective order is necessary. Defendants further assert that such order is justified by "Hirschfeld's willingness to allow plaintiff's counsel to show or describe the contents to plaintiff" and the possibility [*3] that plaintiff will disclose the contents of the documents if in possession of a copy. Plaintiff contends that the order sought "significantly limits the ability of Plaintiff's counsel and other advisors to perform their functions."

A protective order issues on good cause shown by the moving party. A moving party may not establish good cause through conclusory statements. *Anderson v. Cryovac, Inc.,* 805 F.2d 1, 8 (1st Cir. 1986). Good cause is established by demonstrating "a clearly defined and serious injury" resulting from disclosure. *Glenmede Trust Co. v. Thompson,* 56 F.3d 476, 483 (3d Cir. 1995). Defendants' argument improperly shifts the burden to plaintiff to demonstrate why she needs a copy of the documents rather than demonstrating good cause why plaintiff should not.

A similar order to that sought by defendants was issued in *Alexander v. F.B.I.,* 186 F.R.D. 54, 58 (D.D.C. 1998). The protective order restricted disclosure of information in medical and psychological records to attorneys. *Id.* at 57. Such orders were deemed appropriate, "particularly where there is some risk that a party might use the information [*4] or disseminate it to others who might employ [the information] to gain a competitive advantage over the producing party." *Id. at 58.* The movant alleged that "any benefit that could be derived from disclosure of the information is greatly outweighed by the substantial risk of improper use of these records" and its issuance was predicated on a "past course of conduct, as well as [an] apparent, continuing willingness to use confidential information against adversaries." *Id. at 57* (internal quotation marks omitted).

Unlike the facts in *Alexander,* there is no evidence supporting a likelihood of misuse by plaintiff of the information contained within the tax returns and will. "Broad allegations of harm unsubstantiated by specific examples will not suffice to justify the issuance . . . of a protective order." *Id. at 57-58.* Simply alleging that a protective order is a necessary safeguard, without providing a basis for believing the disclosure of confidential information is likely rather than an abstract possibility, does not constitute good cause for issuance of an order under *FED. R. CIV. P. 26(c)* [*5] .

IV. CONCLUSION

Plaintiff's motion for a protective order (Doc. 61), as cast, is **denied.** However, the disclosure thus required will be limited such that the information items provided shall not be communicated but to and between counsel and plaintiff and not otherwise than for the purposes of necessary prosecution of this lawsuit.

SO ORDERED.

Dated at New Haven, Connecticut, December ___, 2001.

Peter C. Dorsey

United States District Judge



LexisNexis®

**HSQD, LLC v. PAUL MORINVILLE**

**CIV. NO. 3:11CV1225 (WWE)**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT**

*2013 U.S. Dist. LEXIS 37356*

**March 18, 2013, Decided
March 19, 2013, Filed**

**SUBSEQUENT HISTORY:** Motion to strike denied by *HSQD, LLC v. Morinville, 2013 U.S. Dist. LEXIS 36566 (D. Conn., Mar. 18, 2013)*

**PRIOR HISTORY:** *HSqd, LLC v. Morinville, 2012 U.S. Dist. LEXIS 79728 (D. Conn., June 8, 2012)*

**COUNSEL:** [*1] For HSqd, LLC, Plaintiff: Glenn L. Formica, LEAD ATTORNEY, Formica P.C., New Haven, CT; Michael R. La Porte, Robert P. Greenspoon, William W. Flachsbart, LEAD ATTORNEYS, PRO HAC VICE, Flachsbart & Greenspoon, LLC, Chicago, IL; Glenn T. Terk, Glenn T. Terk, Wethersfield, CT.

For Paul Morinville, Defendant: Eric W. F. Niederer, Stephen P. Brown, LEAD ATTORNEYS, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP - Stmfd CT, Stamford, CT; Jia-Geng Lu, LEAD ATTORNEY, PRO HAC VICE, Farney Daniels P.C., Georgetown, TX; Steven Daniels, LEAD ATTORNEY, PRO HAC VICE, Farney Daniels, Georgetown, TX.

**JUDGES:** HOLLY B. FITZSIMMONS, UNITED STATES MAGISTRATE JUDGE.

**OPINION BY:** HOLLY B. FITZSIMMONS

**OPINION**

RULING ON DEFENDANT'S MOTION FOR ENTRY

OF PROPOSED PROTECTIVE ORDER [DOC. #72]

Pending before the Court is defendant Paul Morinville's motion for entry of proposed protective order [Doc. #72], to which plaintiff HSqd, LLC filed a response in opposition. [Doc. #79]. These documents are supported by declarations of defendant and HSqd's sole managing member, respectively. The parties do not dispute the need for a protective order but, after some negotiation, have failed to agree on its terms. The primary dispute is over the level of protection [*2] that should be afforded to "a narrowly circumscribed category of information". For the reasons that follow, defendant's motion for entry of proposed protective order **[Doc. #72]** is **DENIED** on this record.

**1. Background**

HSqd brings this action against defendant to recover damages for, inter alia, breach of an alleged partnership agreement. HSqd is a Connecticut limited liability company, controlled by a sole member manager, Brian Hollander. "HSqd's business is to partner with individuals and companies who own intellectual property for the purpose of successfully monetizing specified intellectual property by actively participating in all monetization related decisions, and where appropriate, raising and/or providing the capital needed to support the monetization program." (Decl. of Hollander, ¶6, Doc. #74-1). In January 2010, defendant was introduced to HSqd as the owner of a U.S. patent portfolio, which consisted of

2013 U.S. Dist. LEXIS 37356, *2

pending patent applications and infringed patents generating revenue ("Patent Portfolio"). Between January 2010 and January 2011, HSqd worked with defendant, and allegedly formed a partnership, to monetize the patents and applications in the Patent Portfolio. Plaintiff alleges [*3] that defendant breached the alleged partnership agreement, and additionally made an unauthorized sale of certain patents for defendant's sole financial benefit. Defendant disputes forming a partnership with HSqd.

In his proposed protective order, defendant seeks to include a second tier of protection [1] for information designated as "highly confidential", defined as,

> [I]nformation within the scope of *Rule 26(c)(1)(G)* that is current or future business or technical trade secrets and plans more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court. (Def. Mt. Prot. Ord., Ex "A", ¶2b, Doc. #72).

Under defendant's proposed protective order, designating material as "highly confidential" prevents disclosure of these materials to "a party, in the case of an individual", "a party's in house counsel", and "a party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage or participate in this case". (Def. Mt. Prot. Ord., Ex. [*4] "A", ¶4b,i,iii-iv). Ostensibly, designating a document "highly confidential" restricts it to "attorney's eyes only".

1    The parties agree at least to one tier of protection, labeled "[c]onfidential information", defined as "information concerning a person's business operations, processes, and technical and development information within the scope of *Rule 26(c)(1)(G)*, the disclosure of which a Producer believes in good faith would likely harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court." (Def. Mt. Prot. Ord., Ex "A", ¶2a, Doc. #72.).

Defendant argues that this level of protection is necessary to protect "documents and correspondence that contain detailed personal and commercially sensitive information of not only [defendant] himself, but also of individuals that have no involvement in this case [2], each of whom HSqd purports to directly compete with in the area of management and monetization of intellectual property." (Def. Mt. Prot. Ord. pp. 1-2). HSqd objects, arguing that defendant has not met the standard for "attorney's eyes only" protection because the parties are not direct competitors, [*5] and that HSqd's need to prepare its case outweighs defendant's interest in keeping certain information secret.

2    To the extent that defendant alleges injury to un-named third parties as a basis for entry of his proposed protective order, he is reminded that "only a party or any person from whom discovery is sought may move for a protective order, *Fed. R. Civ. P. 26(c)(1)*, because of the general prohibition against litigants raising another person's legal rights." *Heller v. City of New York, No. 06 CV 2842(NG), 2008 U.S. Dist. LEXIS 117684, 2008 WL 2965474, at *2 (E.D.N.Y. 2008)* (citing *Allen v. Wright, 468 U.S. 737 751, 104 S. Ct. 3315, 82 L. Ed. 2d 556 (1984))* (internal quotation marks omitted).

**2. Legal Standard**

"A court is given broad discretion regarding whether to issue a protective order." *U.S. v. Gramercy Advisors, No. 11mc32 (JBA), 2011 U.S. Dist. LEXIS 45741, 2011 WL 1628014, at *2 (D. Conn. April 28, 2011)* (citing *Wells Fargo Bank, N.A. v. Konover, No. 3:05 CV 1924(CFD)(WIG), 2009 U.S. Dist. LEXIS 18988, 2009 WL 585434, at *4 (D. Conn. Mar. 4, 2009)*(citing *Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992)))*. Under *Rule 26(c)(1)(G)* of the Federal Rules of Civil Procedure, for good cause shown, a court may "requir[e] that a trade secret or other confidential research, development, or commercial [*6] information not be revealed or be revealed only in a specified way...." *Fed. R. Civ. P. 26(c)(1)(G)*. "Good cause is established by demonstrating a clearly defined and serious injury resulting from disclosure.... Broad allegations of harm will not establish good cause, rather to establish good cause under *Rule 26(c)*, courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Hanson v. U.S.*

*Airports Air Cargo, LLC, No. 3:07 CV 353 (JCH), 2008 U.S. Dist. LEXIS 74876, 2008 WL 4426909, at *1 (D. Conn. Sept, 26, 2008)* (quotation marks, alterations & citations omitted). See also *Uniroyal Chem. Co. Inc. v. Syngenta Crop Prot., 224 F.R.D. 53, 56 (D. Conn. 2004)*("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the *Rule 26(c)* test.") (citation omitted). "To satisfy the burden of showing good cause, the moving party must demonstrate that disclosure will work a clearly defined and very serious injury. The movant must also show that there will indeed be harm by disclosure." *Uniroyal, 224 F.R.D. at 56* (quotation marks and citations omitted). "Whether information merits protection in a particular case depends [*7] upon: 1) the extent to which the information is known outside the business; 2) the extent to which information is known to those inside the business; 3) the measures taken to guard the secrecy of the information; and 4) the value of the information to the business and its competitors." *Uniroyal, 224 F.R.D. at 56-57* (citations omitted).

### 3. Discussion

Defendant argues that a "highly confidential" designation is warranted because the strategies and approaches to monetization are tantamount to pricing and marketing, which have been "routinely shielded from view of competitors." Defendant moreover argues that disclosure of these materials would work a "clearly defined and serious injury to [defendant]." [3] HSqd argues in response that defendant has not met the standard for an "attorney's eyes only" designation, largely in part because HSqd and defendant are not competitors. [4] HSqd also argues that its need to prepare its case outweighs the defendant's need for heightened confidentiality.

3   Defendant filed a motion to seal certain portions of the memorandum in support of his motion for entry of proposed protective order, as well as the declaration of defendant in support and certain exhibits [*8] to the memorandum. [Doc. #71]. The district judge granted this motion. [Doc. 73]. Accordingly, defendant filed on the public docket a redacted memorandum. [Doc. #72-1]. HSqd represents that defendant did not serve it with an unredacted copy. In the memorandum, defendant expands upon the alleged serious and defined injury it will suffer should the documents be disclosed, but plaintiff has not received the

benefit of this information.

4   Based on the record before it, the Court is not entirely satisfied that HSqd and defendant are "direct competitors", as defendant alleges throughout his memorandum.

Based on the current record, the Court finds that defendant has failed to meet the good cause standard to justify a second tier of confidentiality. "The burden of showing good cause for issuance of a Protective Order falls on the party seeking the order. The party must set forth particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements to establish good case for protection under *Rule 26(c).*" *Weinstein v. Univ. of Conn., Civ. No. 3:11CV1906(WWE), 2012 U.S. Dist. LEXIS 115059, 2012 WL 3443340, at *5 (D. Conn. Aug. 15, 2012)* (citations and internal quotations omitted). Here, defendant [*9] has failed to demonstrate good cause for inclusion of a heightened "highly confidential" designation because his alleged injury is entirely speculative in nature. See id. (where defendant could only speculate about the potential impact of the execution of subpoenas, "[s]uch generalized and speculative suggestions of harm d[id] not constitute good cause of issuance of a protective order under *Rule 26(c).*"). Indeed, defendant's alleged example of injury is rife with speculative language (i.e., "may", "potential", "could"), which is far from the "particular and specific demonstration of fact" required by *Rule 26(c).* See *Wilcock v. Equidev Capital L.L.C., No. 99CIV.10781LTSDFE, 2001 U.S. Dist. LEXIS 11744, 2001 WL 913957, at *1 (S.D.N.Y. Aug. 14, 2001)* ("Defendant [] speculates that Plaintiff's contacts with clients [...] would result in loss of those clients or perhaps, litigation by those clients. Such conclusory statements fall short of the specificity required to establish good cause for a protective order."); *Glenmede Trust Co. v. Thompson, 56 F.3d 476, 484 (3d Cir. 1995)* ("General allegations of injury to [...] client relationships [...] that may result from dissemination of privileged documents is insufficient [*10] to justify judicial endorsement of an umbrella confidentiality agreement."). Simply, the record before the Court fails to demonstrate that disclosure beyond counsel will work a clearly defined and very serious injury to defendant, especially in light of the other terms of HSqd's proposed protective order.

In fact, both defendant and HSqd's proposed

protective orders contain a provision that confidential information "may be used exclusively for purposes of this litigation, subject to the restrictions of this [protective] order." Although the Court is cognizant that once information has been seen, it cannot be "unseen", see, e.g., *Sullivan Mktg., Inc. v. Valassis Commc'n, Inc., No. 93 CIV. 6350 (PLK), 1994 U.S. Dist. LEXIS 5824, 1994 WL 177795, at *3 (S.D.N.Y. May 5, 1994)* (citation omitted) ("It is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so"), it trusts that the parties will abide by this provision of the proposed protective order. On the record before the Court, there is no evidence that HSqd and/or Hollander cannot be trusted to maintain the confidentiality of documents disclosed for purposes [*11] of this litigation. Indeed, Hollander's declaration, made under penalty of perjury, states, "The defendant has never made an allegation, directly to me or in any documents filed in this case, that accuses me of doing anything during the partnership that was harmful to him or the partnership, or interfered with his ability to monetize any intellectual property not the subject of the complaint in this case." [Id. at ¶8].

Because the Court finds defendant failed to meet the good cause standard on this record, the Court need not

reach the remaining arguments asserted by the parties.

**4. Conclusion**

For the foregoing reasons, Defendant's motion for entry of proposed protective order **[Doc. #72]** is **DENIED** on this record. The Court shall enter simultaneously with this ruling HSqd's proposed protective order, attached as exhibit "B" to defendant's memorandum in support of its motion for entry of proposed protective order.

This is not a Recommended Ruling. This is a discovery ruling or order reviewable pursuant to the "clearly erroneous" statutory standard of review. *28 U.S.C. § 636(b)(1)(A)*; *Fed. R. Civ. P. 72(a)*; and *D. Conn. L. Civ. R. 72.2.* As such, it is an order of the Court unless reversed **[*12]** or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 18th day of March 2013.

/s/ HOLLY B. FITZSIMMONS

UNITED STATES MAGISTRATE JUDGE



FRANCIS TOURTELOTTE and GERALDINE LINEWEBBER v. ANVIL PLACE
MASTER TENANT, LLC, ANVIL PLACE LIMITED PARTNERSHIP, ANVIL
PLACE AFFORDABLE HOUSING INC. and MILLENNIUM REAL ESTATE
SERVICES, LLC; ANVIL PLACE MASTER TENANT, LLC and ANVIL PLACE
LIMITED PARTNERSHIP, Third Party Plaintiffs v. MILLENIUM REAL ESTATE
SERVICES, Third Party Defendant; MILLENIUM REAL ESTATE SERVICES,
Third Party Plaintiff v. WILLIAM H. RECKMEYER, ESQ., Third Party Defendant

CIV. NO. 3:11CV1454 (WWE)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

*2012 U.S. Dist. LEXIS 160859*

November 9, 2012, Decided
November 9, 2012, Filed

**COUNSEL:** [*1] For Geraldine Linewebber, Francis Tourtelotte, Plaintiffs: Greg J. Kirschner, LEAD ATTORNEY, Hartford, CT; Gregory W. Nye, LEAD ATTORNEY, Bracewell & Giuliani, LLP - CT, Hartford, CT; Shannon B. Wolf, LEAD ATTORNEY, PRO HAC VICE, Bracewell & Giuliani, LLP - CT, Hartford, CT; Timothy Bennett-Smyth, Hartford, CT.

For Anvil Place Limited Partnership, Anvil Place Master Tenant, LLC, Defendants, ThirdParty Plaintiffs, Counter Defendants: Michael P. Berman, LEAD ATTORNEY, Kevin W. Gillen, Suzanne M. LaPlante, Berman & Sable LLC, Hartford, CT.

For Millenium Real Estate Services, LLC, Defendant, ThirdParty Plaintiff: James Webster Oliver, Sylvia Marisa Ho, LEAD ATTORNEYS, The Oliver Law Firm, LLC, Hartford, CT; Leah M Nollenberger, Robert G. Clemente, LEAD ATTORNEYS, Cooney, Scully & Dowling, Hartford, CT.

For Anvil Place Affordable Housing, Inc., Defendant: Michael P. Berman, LEAD ATTORNEY, Suzanne M. LaPlante, Berman & Sable LLC, Hartford, CT.

For Millennium Real Estate, LLC, Defendant: James Webster Oliver, LEAD ATTORNEY, The Oliver Law Firm, LLC, Hartford, CT.

For Millenium Real Estate Services, LLC, ThirdParty Defendant, Counter Claimant: James Webster Oliver, LEAD ATTORNEY, The Oliver Law [*2] Firm, LLC, Hartford, CT; Leah M Nollenberger, Robert G. Clemente, LEAD ATTORNEYS, Cooney, Scully & Dowling, Hartford, CT.

**JUDGES:** HOLLY B. FITZSIMMONS, UNITED STATES MAGISTRATE JUDGE.

**OPINION BY:** HOLLY B. FITZSIMMONS

**OPINION**

DISCOVERY RULING

This is an action for injunctive relief and damages for violation of the rights of plaintiffs Francis Tourtelotte and Geraldine Linewebber under the Fair Housing Amendments Act of 1988 ("FHA") and *Section 504 of*

2012 U.S. Dist. LEXIS 160859, *2

the Rehabilitation Act of 1973. Defendants are Anvil Place Master Tenant, LLC; Anvil Place, LP and its general partner, Anvil Place Affordable Housing, Inc. (collectively "Anvil Place") and its agent and property manager, Millennium Real Estate Services, LLC. Plaintiffs allege that defendants violated *42 U.S.C. § 3604(f)(1),(2) & (4)* by subjecting plaintiffs to less favorable terms and conditions of tenancy on the basis of disability, making housing unavailable to them on the basis of disability, and refusing to grant their request for a reasonable accommodation. Plaintiffs also allege that defendants violated *42 U.S.C. §3617* by pursuing an eviction action against plaintiffs based on the presence of an overnight aide. Because defendants are recipient of federal funding, **[*3]** plaintiffs also contend that defendants' conduct violates *Section 405* of the Rehabilitation Act of 1973 by discriminating against plaintiffs on the basis of their disabilities. [Doc. #62].

Pending is plaintiffs' Motion to Compel Discovery. **[Doc. #96].** A conference and oral argument as held on the record on November 1, 2012, to address this motion and other discovery issues.

### Standard of Review

"A court can limit discovery if it determines, among other things, that the discovery is: (1) unreasonably cumulative or duplicative; (2) obtainable from another source that is more convenient, less burdensome, or less expensive; or (3) the burden or expense of the proposed discovery outweighs its likely benefit." *In re Priceline.com Inc. Securities Litigation, 233 F.R.D. 83, 85 (D. Conn. 2005)* (quoting *Chavez v. Daimler Chrysler Corp., 206 F.R.D. 615, 619 (S.D. Ind. 2002))*.

The party resisting discovery bears the burden of demonstrating that its objections should be sustained, and pat, generic, nonspecific objections, intoning the same boilerplate language, are inconsistent with both the letter and the spirit of the Federal Rules of Civil Procedure. An objection to a document request must clearly **[*4]** set forth the specifics of the objection and how that objection relates to the documents being demanded. The objecting party must do more than simply intone the familiar litany that the interrogatories are burdensome, oppressive or overly broad.

Instead, the objecting party must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.

Id.

### Plaintiffs' Motion to Compel [Doc. #96]

Plaintiffs move to compel Millenium to respond to Interrogatory Nos. 10 and 11 and Requests for Production Nos. 12, 13, and 14, served on May 24, 2012. They seek an award of costs for this motion.

Defendant Millenium filed identical boilerplate objections to each of these interrogatories and requests for production. [1]

1 Defendant's identical responses state,

The third party defendant objects to this interrogatory as overly broad, unduly burdensome and not calculated to lead to any discoverable evidence. Fed. Civ. Pro. allows discovery regarding "any nonprivileged matter that is relevant to any **[*5]** party's claim or defense." The third party defendant's profits, [bank accounts and tax returns] are not relevant to the plaintiff's claims nor the third party defendant's defenses, particularly since the plaintiff has not plead over against the third party defendant.

See Doc. #105 at 2-3 responses to Int. 10, 11, req. for prod.12, 13, 14.

""[B]oilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy' while producing "no documents and answering no interrogatories are a paradigm of discovery abuse.'" *Freydl v. Meringolo, 09Civ. 07196(BSJ)(KNF),*

2012 U.S. Dist. LEXIS 160859, *5

*2011 U.S. Dist. LEXIS 67742, 2011 WL 2566087, *3 (S.D.N.Y. June 16, 2011)* (quoting *Jacoby v. Hartford Life & Accident Ins. Co., 254 F.R.D. 477, 478 (S.D.N.Y. 2009))*. "The party resisting discovery bears the burden of showing why discovery should be denied." Id. (quoting *Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009))*. Millenium had made no specific showing "how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature [*6] of the burden." *In re Priceline.com Inc. Securities Litigation, 233 F.R.D. at 85.* Accordingly, plaintiffs' Motion to Compel [doc. #96] is **GRANTED** on this record.

Defendant will provide interrogatory responses under oath and complete production by Friday November 16, 2012. If there are no responsive documents, after a good faith effort to locate them, defendant will so state under oath and withdraw its objection. Plaintiffs' request for sanctions is **DENIED** without prejudice to renewal at the conclusion of the case.

### Plaintiff's Oral Motion to Compel Responses to Interrogatory Nos. 3, 7, 9

Interrogatory No. 3: On August 30, 2012, defendant Millenium stated that a response would be provided, but none was. During the conference, Millenium agreed to provide an immediate response with the information it now has and supplement the response when the outstanding information from the last employee is available. See *Fed. R. Civ. P. 26(e)*. Defendant will provide a supplemental interrogatory response under oath by November 21, 2012.

### Discovery re: Attorney Reckmeyer

Interrogatory No. 7: State the basis for your Affirmative Defense.

Interrogatory No. 9: State the basis for your contention that W. Herbert [*7] Reckmeyer, Esq. was an agent of Anvil Place Master Tenant, LLC and/or Anvil Place Limited Partnership.

Request for Production No. 7: Please produce any written communications between you and W. Herbert Reckmeyer Esq. for the time period of January 1, 2010 to the present.

Both of Millenium's interrogatory responses refer to its response to Interrogatory No. 6 which states, "Payment checks to Attorney Reckmeyer, Kapa Letter, Notice to Quit, Summary Process Complaint." Defendant may not avoid answering an interrogatory by reference to deposition testimony and/or documents.

On October 12, 2012, Millenium filed a Third Party Complaint [Doc. #114] against Attorney Reckmeyer, seeking indemnification (count one) and alleging legal malpractice (count two). In sum, Millenium alleges that it "relied upon the legal advice and experience of Attorney Reckmeyer to obtain the lawful removal of John Eskedel from the apartment on the grounds that he was an unapproved occupant who had no right to use or possess the premises . . . ." [Doc. #114 at 5]. Defendant alleges that Reckmeyer breached his duty of care to Millenium and his conduct fell below that of the standard of care expected of a legal professional. [*8] Id. at 9. Plaintiff seeks discovery regarding Millenium's relationship with Attorney Reckmeyer. Specifically, the monetary and non-monetary evictions related to the Anvil property as well as other Millenium properties dating to January 2010. At the conference, Millenium stated that there is no retention letter with Attorney Reckmeyer for his work performed in this matter. Millenium will provide this response under oath.

Millenium will provide responses to these interrogatories and request for production and provide the Court and plaintiffs with a breakdown of the information, such as the number of Millenium clients Attorney Reckmeyer represented and the number of monetary and non-monetary evictions he has filed since January 2010. Millenium will prepare a privilege log pursuant to *D. Conn. L. R. 26(e)*, including but not limited to: the type of document, the general subject matter of the document, the author of the document, each recipient of the document, the Millenium client the document relates to, and the grounds for the privilege. The defendant will propose a way for the Court to review the documents. The Court will not consider hypothetical privilege claims.

The parties will endeavor [*9] to enter into a protective order without the Court's involvement. Regarding non-privileged documents, Millenium may redact the names of the clients without prejudice to plaintiff seeking the information upon a further showing.

Defendant will provide interrogatory responses under oath, document production, and its privilege log by

November 21, 2012. If there are no responsive documents, after a good faith effort to locate them, defendant will so state under oath and withdraw its objection.

**Plaintiffs' Oral Motion to Compel Discovery Responses Dated September 26, 2012**

At oral argument, plaintiffs sought responses from Millenium for discovery requests dated September 26, 2012. Millenium agreed to provide objections by the close of business November 1, 2012. The parties will meet and confer upon counsel's return from vacation and endeavor to resolve the objections before filing a motion to compel. The Court encourages the parties to contact the Court to schedule a discovery conference if they seek mediation of their discovery disputes.

**Joint Proposed Amended Scheduling Order**

Discovery closes on November 30, 2012. The parties will meet and confer and file a joint proposed amended scheduling **[*10]** order on or before November 15, 2012. If the parties cannot reach an agreement, they will contact the Court to schedule a case management conference.

**Conclusion**

For the foregoing reasons, plaintiff's Motion to Compel **[Doc. #96]** is **GRANTED** in part and **DENIED** in part in accordance with this ruling. Plaintiffs' request for sanctions is **DENIED** without prejudice to renewal at the conclusion of the case.

The parties are reminded of their on-going duty to supplement or correct disclosures or responses under *Fed. R. Civ. P. 26(e)*. [2] The parties are directed to contact the Court if there is any delay in complying with these deadlines.

2    Fed. R. Civ. P 26(e) Supplementing Disclosures and Responses. (1) In General. A party who has made a disclosure under *Rule 26(a)*--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing [...].

This is not a **[*11]** recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. *28 U.S.C. § 636 (b)(1)(A)*; *Fed. R. Civ. P. 6(a), 6(e)* and *72(a)*; and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

Entered at Bridgeport this 9th day of November 2012.

/s/ HOLLY B. FITZSIMMONS

UNITED STATES MAGISTRATE JUDGE



## CHRISTINE NAPOLITANO v. SYNTHES, INC[1]

1  Defendant represents that Synthes USA Sales, LLC, is the proper defendant and will accept liability if Synthes, Inc. is determined to be liable. [Doc. #9; #54 at 1]. The Court will refer to defendant as Synthes.

### CIV. NO. 3:09CV828 (TLM)

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

### 2013 U.S. Dist. LEXIS 60498

**April 29, 2013, Decided**
**April 29, 2013, Filed**

**PRIOR HISTORY:** *Napolitano v. Synthes, Inc., 2012 U.S. Dist. LEXIS 105570 (D. Conn., July 30, 2012)*

**COUNSEL:** [*1] For Christine Napolitano, Plaintiff: James M. Campbell, LEAD ATTORNEY, Campbell, Campbell, Edwards & Conroy, P.C. -MA, Boston, MA; Kurt B. Gerstner, LEAD ATTORNEY, Campbell, Campbell, Edwards & Conroy, Boston, MA; Michael A. D'Amico, LEAD ATTORNEY, D'Amico, Griffin & Pettinicchi, Watertown, CT; W. Kennedy Simpson, LEAD ATTORNEY, Thompson Miller & Simpson, PLC, Louisville, KY.

For Synthes, Inc, Defendant: James M. Campbell, LEAD ATTORNEY, Campbell, Campbell, Edwards & Conroy, P.C. -MA, Boston, MA; Kurt B. Gerstner, LEAD ATTORNEY, Campbell, Campbell, Edwards & Conroy, Boston, MA; Michael A. D'Amico, LEAD ATTORNEY, D'Amico, Griffin & Pettinicchi, Watertown, CT; W. Kennedy Simpson, LEAD ATTORNEY, Thompson Miller & Simpson, PLC, Louisville, KY.

**JUDGES:** HOLLY B. FITZSIMMONS, UNITED STATES MAGISTRATE JUDGE.

**OPINION BY:** HOLLY B. FITZSIMMONS

**OPINION**

RULING ON PENDING DISCOVERY MOTIONS

This is a product liability case involving a medical implant device called a locking reconstruction plate ("LRP"), designed for use on the human jaw. [Compl. Doc. #1]. Plaintiff alleges that defendant negligently and recklessly manufactured and sold the plate; failed to provide adequate warnings/instructions; and breached an implied warranty [*2] of merchantability and express warranties. [Doc. #1]. As a result of a fractured plate, plaintiff alleges she suffered an exacerbation of her pre-existing mandibular condition, suffered and continues to suffer emotional distress, pain and suffering, and has incurred medical and hospital expenses for the replacement of this defective plate and the consequential medical care arising therefrom. [Doc. #1].

Defendant represents that the LRP was designed in Europe by Mathys, Ltd. and Synthes was licensed to sell the LRP in the United States. One of the clinical indications for the LRP is kreconstruction of the jaw (mandible). The plate at issue was sold by Synthes on August 4, 2003. Plaintiff, who suffered from osteoradionecrosis of her mandible, underwent surgery in

2003 to resect (remove) approximately 5 centimeters of the right side of her mandible. The oral surgeon who performed her surgery, David Shafer, DDS, used a Synthes catalog no. 449.633 LRP and screws to hold the resected parts of the mandible in anatomic alignment. The subject plate was implanted in Ms. Napolitano on May 1, 2006, and fractured approximately six weeks later.

**Joint Agenda Prepared for April 10, 2013 Conference**

A [*3] status conference was held on April 10, 2013. Plaintiff provided an eight page agenda of outstanding discovery issues which were discussed on the record. Also pending are plaintiff's Motions to Compel. [Doc. ##91, 92, 93, 94].

Section 1

b. - RE: Request for Production #28 dated June 22, 2011. Defendant will provide copies of the surgeon surveys relating to the Matrix plates to the Court for in camera review by April 19, 2013.

- RE: Request for Production #40 dated June 22, 2011. Defendant will supplement its response and state under oath that, after a diligent search, the materials do not exist.

c. -RE: Interrogatory 1 and Request for Production No. 1, dated December 8, 2011. Defendant will supplement its response and state under oath that, after a diligent search, no other 2005 lawsuit exists.

-RE: Request for Production No. 3, dated December 8, 2011. Defendant will supplement its response and state under oath that, after a diligent search, all of the responsive documents have been produced.

-RE: Request for Production No. 4, dated December 8, 2011. In light of the ruling on plaintiff's Motion to Compel [Doc. #91], defendant will provide a

supplemental response.

d. - RE: Requests for Production [*4] Nos. 6, 10, 13, dated February 22, 2012, Defendant will supplement its responses to these requests. Defendant will state under oath if no additional materials exist after a diligent search.

It is HEREBY ORDERED that, regarding Request for Production No. 6, dated February 22, 2012, defendant will provide litigation materials in the Casey case, subject to a protective order. Counsel will confer re whether additional measures must be taken to protect the Casey discovery materials and provide a draft protective order for entry by the Court.

- RE: Request for Production No. 15, dated February 22, 2012. In light of the ruling on plaintiff's Motion to Compel [Doc. #91], defendant will provide a supplemental response verifying that plaintiff has all the complaint files, explain why these are the only reports that are available, and identify the person on whom defendant is relying for this response.

-RE: Requests for Production Nos. 3 and 8. Defendant will provide a supplemental response.

e). RE: Agenda Items 1-38, Defendant agrees to provide supplemental responses to all of these requests as part of the master supplementation.

f). Defendant agrees to provide responses to plaintiff's Requests to [*5] Admit dated December 31, 2012, by May 10, 2013. g). This issue will be deferred by agreement.

Section 2

a) This issue has been addressed.

2013 U.S. Dist. LEXIS 60498, *5

b) Plaintiff will renew this request after an opportunity to review defendant's supplemental document production.

c) Plaintiff will renew this request at another time.

Sections 3 through 6

Plaintiff will serve Requests for Production by April 19, 2013. Defendant's response is due by May 6, 2013.

### Plaintiff's Motion to Compel Information Regarding Similar Incidents [Doc. #91]

Plaintiff moves to compel production of information concerning failures of the non-locking version of the series 449 plates as set forth in Requests for Production Nos. 14 and 15, dated February 22, 2012.

Request for Production No. 14: Produce all complaint files for all complaints involving fracture or failure of the 449 series non-locking mandibular reconstruction plates. This is intended to include domestic (within the US) and foreign complaints. If complaint files were not maintained for these foreign complaints, then produce all documentation maintained regarding any such complaints.

Request for Production No. 15: Produce copies of all complaint trend data maintained for both the 449 [*6] series locking and non-locking mandibular reconstruction plates from 1996 to the present. This request is intended to include the number of plates sold as well as the number of complaints received regarding fracture or failure of these plates.

Plaintiff contends that "[e]vidence of other similar incidents ("OSI") is frequently admitted in product liability litigation for a number of different purposes including notice, foreseeability, and the appropriateness of punitive damages." [Doc. #91 at 10]. Plaintiff argues that the locking and non-locking 449 series plates are very similar. [Doc. #91 at 11 (emphasis in original]. "The many shared characteristics of the locking and non-locking versions of the 449 series plates include: same dimensions, same shape, same material; same indications for use; same product insert/instructions for use." [Doc. #91 at 11]. Plaintiff states that the "only difference between the 2 plates is that the locking version

has threaded holes for a locking screw while the non-locking version has holes that receive non-locking screws." [Doc. #91 at 11-12]. Moreover, plaintiff notes that "Synthes developed the non-locking version of the series 449 plates first." [Doc. [*7] #91 at 14]. "This is why the information concerning failures of the non-locking 449 plates are so important here on the issues of notice, foreseeability, and the appropriateness of punitive damages." Id.

Defendant's RFP responses raise boilerplate relevancy objections in addition to stating that the requests are overly broad and unduly burdensome. In response to plaintiff's motion to compel, defendant argues that this discovery "relates to a model of product that is fundamentally different than the product at issue." [Doc. #89 at 6].

In Fine v. Facet Aerospace Products Co., the Court held that the party seeking the requested discovery must make a "threshold showing of relevance" before the opposing party is obligated to provide discovery on "a variety of designs not directly at issue in the litigation." *133 F.R.D. 439, 443 (S.D.N.Y. 1990)]*. "[W]here there has been no suggestion that other models share pertinent characteristics with the products at issue, discovery relating to those models will be disallowed." *Id. at 442.*

Defendant argues that plaintiff cannot make the threshold relevancy showing that the different Synthes models, "share those characteristics pertinent to the legal issues [*8] raised in this litigation." *Fine, 133 F.R.D. at 441.* Defendant states that the locking reconstruction plate ("LRP") at issue in this case is a Synthes catalog no 449.633 locking reconstruction plate with angle. The Synthes LRP had 29 holes, six vertical holes before the angle, and 23 horizontal holes after the angle. The plate is 2.5 mm thick, and each hole is threaded to enable screws to be locked into the plate.[2] Here, defendant argues that the non-locking plate is both thicker than the LRP and "the non-locking plate could not have been used in plaintiff's case because it was shorter than the LRP, and did not have locking technology." [Doc. #89 at 7]. In addition, the non-locking plate was not the device cited by Synthes as the predicate device in its 510(k) application to the FDA clearance for the LRP. [Doc. #105 at 77].

In order for the requested discovery to be relevant, then, it must be demonstrated

that the designs are truly alternatives and that they are potentially safer. Of course, the party seeking discovery need not prove its case on the merits in order to obtain disclosure. It must however, make some threshold showing of relevance before the opposing party is obligated [*9] to open to discovery a variety of designs not directly at issue in the litigation.

*Fine, 133 F.R.D. at 443.* The Court finds that plaintiff has made a threshold relevancy showing under *Rule 26. Fed. R. Civ. P. 26 (b)(1)* ("Relevant information need not be admissible at the trial if the discovery appears reasonably

calculated to lead to the discovery of admissible evidence."); see *Culligan v. Yamaha Motor Corp., 110 F.R.D. 122, 126 (S.D.N.Y. 1986* (finding "discovery of similar, if not identical, models is routinely permitted in product liability cases."); *Fine, 133 F.R.D. at 442* ("there is support for the proposition that a plaintiff who raises a design defect claim is entitled to broader discovery that, for example, if the claim were solely one of negligent manufacture.").[3] This information will be subject to a protective order. The Court defers the question of admissibility at trial until after the parties' experts have been disclosed and motions in limine are filed.

2

| Plate | Catalog No. | Holes Threads | Thickness | Locking | Material |
|---|---|---|---|---|---|
| LRP | 449.633 | 29(6 x 23) | 2.5mm | Yes | CP titanium |
| Non-locking | | | | | |
| Plate | 449.87 | 18(5 x 13) | 3.0mm | No | CP titanium |

3    "Plaintiff has alleged that the Plate was defectively designed, was defectively [*10] manufactured, and caused an unreasonably dangerous condition, i.e. in that the Plate was not sufficiently thick at the angle of the human jaw where the mechanical force of chewing is great, and in that the IFU [instructions for use] did not warn against using the plate for bridging large gaps without bone graft." [Doc. #91, n.5].

Plaintiff seeks information regarding the non-locking plate going back to 1996. If the parties are unable to agree, counsel will contact the Court to schedule a telephone status conference to discuss a reasonable time frame for the discovery and a schedule for production. In advance of the conference, defendant's counsel will confer with his client regarding a timeline for production as this information will assist the Court in setting a reasonable schedule for production of these materials.

Accordingly, plaintiff's Motion to Compel is **GRANTED. [Doc. #91].**

**Plaintiff's Motion to Compel FDA Warning Letters and Form 483s [Doc. #92]**

Plaintiff moves to compel production of Forms 483 or Warning Letters received from the FDA from June 26, 1996 to present, as set forth in plaintiff's Supplemental Request for Production No. 11, dated February 22, 2012.

Request for Production [*11] No. 11: Produce copies of any Form 483s or Warning Letters received from the FDA from June 26, 1996 to present that would encompass the manufacturing process and/or design process and/or complaint handling process for any 449 series LRP as referenced in part on page 194, line 5 [through] page 197, line 6 of Jodi Temple's transcript of 1/19/12.

RESPONSE: Objection. The information requested is neither relevant to the claim or defense of any party nor reasonably calculated to lead to discovery of admissible evidence. *Rule 26(b)(1)*. Without waiving this objection, Synthes has not received any FDA Form 483s or warning letters relating to the family of 2.4 mm locking reconstruction plate at issue, catalog nos. 449.632-449.655.

The Court finds the information sought in this RFP to be discoverable under a Rule 26 analysis. *Fed. R. Civ. P. 26 (b)(1)* ("Relevant information need not be

admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). Defendant will produce copies of any Forms 483 or Warning Letters received from the FDA from June 26, 1996 to present that would relate to the manufacturing process and/or design process and/or [*12] complaint handling process for any 449 series LRP. If no Forms 483 and Warning Letters exist, defendant will state that under oath and in writing within fourteen (14) days. Accordingly, plaintiff's Motion to Compel is **GRANTED. [Doc. #92].**

**Plaintiff's Motion to Compel Depositions of Huggins and Bohner [Doc. #93]**

Plaintiff renews her request to depose Michael Huggins, former President of Synthes North America, and Richard Bohner, former President of Synthes U.S. Operations. On July 30, 2012, the Court denied her request without prejudice to renewal. Plaintiff renewed her request at the November status conference and by motion. [Doc. #93].

On renewal, plaintiff has not provided any evidence that Huggins or Bohner had personal knowledge of facts relevant to this case. None of the employees listed by plaintiff reported to Huggins or Bohner or could say they were briefed on the issues in this case. Thus, plaintiff has not provided new information regarding Huggins' or Bohner's personal knowledge regarding this issues raised in this litigation. Plaintiff's argument that Huggins and Bohner "should have information" or that "it does not make sense that the deponents would not have knowledge of [*13] issues pertinent to this case . . . ." is not a sufficient basis for ordering their depositions. [Doc. #93 at 1, 7].

Plaintiff's request to reconsider the Court's July 30, 2012, ruling is GRANTED. Upon reconsideration and review of plaintiff's renewed motion and supplemented record, the Court affirms its prior ruling. Accordingly, plaintiff's Motion to Compel is **DENIED. [Doc. #93].**

**Plaintiff's Motion to Compel Sales Training Materials [Doc. #94]**

Plaintiff's Request for Production No. 21, dated April 19, 2012, seeks "all sales training/marketing documents, videos and slides referred to in [the document] bate stamped #01746-747 if not already produced."

Plaintiff's Request for Production No. 22, dated June 11, 2012, seeks "a copy of the documents concerning the training or education of the Synthes sales force as to the biomechanics of why plates fail."

On July 30, 2012, the Court ruled that plaintiff had "not shown how the sales documentation would be helpful in proving the claims in her case, nor has she provided any citation to Dr. Schafer or Ms. Healy's depositions to counter defendant's representations." [Doc. #68 at 10]. Plaintiff renewed her request during the November status conference [*14] and by motion. [Doc. #94[. In her renewed motion, plaintiff has not provided evidence that Ms. Healy used or relied on training materials in her interactions with Dr. Shafer; rather, plaintiff argues that she is "entitled to discover everything Synthes said about its product, and especially what it told its own sales personnel." [Doc. #94 at 3]. Plaintiff contends that training materials are admissions, "likely to show what Synthes knew and when it knew it, and may also be evidence of recklessness." Id. The Court has reviewed the transcript excerpts of Ms. Healy and Dr. Schafer's depositions. The evidence does not show that Ms. Healy relied on training materials in her interactions with Dr. Shafer. [Doc. #94 at 3 (plaintiff admits that this fact is "besides the point.")]. Moreover, there is no evidence to show there were communications between Ms. Healy and Dr. Shafer regarding the biomechanics of plate failure before the plate at issue was sold.

Plaintiff's request to reconsider the Court's July 30, 2012, ruling is GRANTED. Upon reconsideration and review of plaintiff's renewed motion and supplemental record, the Court affirms it prior ruling denying Requests for production No. 21 dated [*15] April 19, 2012, and No. 22 dated June 11, 2012. Accordingly, plaintiff's Motion to Compel is **DENIED. [Doc. #94].**

**CONCLUSION**

Accordingly, plaintiff's Motion to Compel **[doc. #91]** is **GRANTED** as set forth in this opinion.

Plaintiff's Motion to Compel **[doc. #92]** is **GRANTED** as set forth in this opinion.

Plaintiff's Motion to Compel **[doc. #93]** is **DENIED** as set forth in this opinion.

Plaintiff's Motion to Compel **[doc. #94]** is **DENIED** as set forth in this opinion.

2013 U.S. Dist. LEXIS 60498, *15

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. *28 U.S.C. 636 (b)(1)(A)*; *Fed. R. Civ. P. 6(a), 6(e)* and *72(a)*; and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 29th day of April 2013.

/s/

HOLLY B. FITZSIMMONS

UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

# FOLEY ⟨&⟩ MANSFIELD

Chicago · Detroit · **Los Angeles** · Miami · Minneapolis · New York · Oakland · St. Louis · Seattle

April 11, 2013

**Sean P. Flynn**
Partner
(213) 283-2128
*sflynn@foleymansfield.com*

*Via U.S. Mail*

Hon. Robert N. Chatigny
Abraham Ribicoff Federal Building
United States Courthouse
450 Main Street - Room 135 Annex
Hartford, Connecticut 06103

Re:  *Klorczyk et al., v. Sears, Roebuck and Co., et al.*
      U.S.D.C. Case No.:  13-cv-00257-RNC
      Our Clients:  Shinn Fu Corporation; and
                     Shinn Fu Company of America, Inc.

Dear Hon. Robert N. Chatigny:

Your honor, please allow this correspondence to serve as a formal request that a pre-filing conference be scheduled in the matter of *Klorczyk v. Sears, Roebuck & Co., et al.*, Case Number 13-cv-00257-RNC, in order to allow my clients Shinn Fu Corporation and Shinn Fu Company of America, Inc. to file motions for summary judgment of this matter. This formal request for a pre-filing conference is made pursuant to subsection (b) of the Standing Order on Pretrial Deadlines.

Defendants' motions will be based upon the argument that neither defendant bears any liability in the instant matter as neither defendant manufactured, distributed, or sold the product for which plaintiffs are claiming resulting injury and death.  In support of this position, Defense Counsel has provided Plaintiffs' Counsel with declarations stating that the Defendants' respective business records reflect that neither Defendant manufactured, distributed, or sold the subject Craftsman Heavy Duty Jack Stand, Model No. T-6904 at the time of purchase on or about January 1, 2011. Furthermore, co-defendant Sears has brought a Third –Party complaint in this action naming MVP, Industries, H.K as a Defendant.  The Third-Party Complaint states that MVP, Industries, H.K. "manufactured, assembled, marketed, distributed, and sold," the subject Jack Stands. A copy of the contractual agreement between Sears and MVP Industries, H.K. is attached to the Third-Party Complaint as Exhibit "D."

Defendants, through their counsel, have attempted to meet and confer with Plaintiff's Counsel by way of correspondence and telephone calls requesting dismissal, *without prejudice*, of these Defendants on the foregoing grounds on several occasions. In particular, Mr. Flynn sent letters to Plaintiff's Counsel attempting to meet and confer on these subjects on March 15, 2013

Hon. Robert N. Chatigny
April 11, 2013
Page 2


FOLEY & MANSFIELD

and April 2, 2013. Plaintiff's counsel responded in writing on April 2, 2013 indicating that Plaintiffs would not voluntarily dismiss the Defendants.

According to the terms of subsection (b) of the standing order, Defendants advise that there is currently no discovery deadline in this matter.

Defendants respectfully request that the Court schedule a pre-filing conference within the next thirty (30) days.

Very truly yours,

Sean P. Flynn

cc: All parties through their counsel of record

# EXHIBIT B

# DAY PITNEY LLP

BOSTON  CONNECTICUT  NEW JERSEY  NEW YORK  WASHINGTON, DC
_____

**DAVID J. ELLIOTT**
Attorney at Law

242 Trumbull Street
Hartford, CT 06103-1212
T: (860) 275-0618 F: (860) 881-2490
borticelli@daypitney.com

April 16, 2013

Hon. Robert N. Chatigny
United States District Court Judge, District of Connecticut
Abraham Ribicoff Federal Building
450 Main Street, Room 135 Annex
Hartford, Connecticut 06103

Re:  *Klorczyk et al. v. Sears, Roebuck & Co. et al.*; Civil Action No. 13-cv-00257
(RNC)
_____

Dear Judge Chatigny:

We represent Plaintiffs, Frederick Klorczyk, Jr. (individually and as co-administrator of the Estate of Christian R. Klorczyk) and Lynne Klorczyk (individually and as co-administrator of the Estate of Christian R. Klorczyk), in the above entitled-action.

By letter dated April 11, 2013, Attorney Sean Flynn, counsel for Defendants, Shinn Fu Corporation ("Shinn Fu") and Shinn Fu Company of America ("SFA"), requests a pre-filing conference to permit his clients to file motions for summary judgment. As a pre-filing conference is premature, we respectfully submit this letter in opposition to Attorney Flynn's request.

## I.  Background.

This is an action brought under the Connecticut Products Liability Act for wrongful death and bystander emotional distress. Plaintiffs allege that their son, Christian R. Klorczyk, was killed when a jack stand Christian was using to change the oil in his motor vehicle collapsed. Plaintiffs claim that the jack stand collapsed as a result of defective design and/or manufacture, and that the jack stand was sold without adequate warnings or instructions. (Dkt. No. 1-1).

On February 5, 2013, Plaintiffs filed suit against Sears, Roebuck & Co. ("Sears"), Shinn Fu and SFA (collectively, the "Defendants") in Connecticut Superior Court. Plaintiffs contend that, at all times relevant to this case, Defendants were the designers, manufacturers, importers, wholesalers, distributors and/or retailers of the jack stand. (Dkt. No. 1-1). Defendants removed this case to District Court on February 25, 2013. (*See* Dkt. No. 1).

**DAY PITNEY** LLP

April 16, 2013
Page 2

On March 22, 2013, Sears filed a third party complaint against MVP (HK) Industries, Ltd. ("MVP"). On March 26, 2013, the Court granted the parties' joint motion for extension of time to confer and file a report of their planning meeting as required by Federal and Local Rules 26(f). (Dkt. No. 28). In accordance with the Court's order, the parties have until twenty (20) days after the appearance of MVP to meet and confer for the purposes described in Federal and Local Rules 26(f). MVP has yet to appear.

## II.    The request for a pre-filing conference is premature.

The request for a pre-filing conference is premature. This case is in its infancy, MVP has yet to appear and the parties have yet to commence formal discovery. Moreover, information available from the public record, including the internet, demonstrates that MVP was created by Shinn Fu in 1988 and is part of a global organization that includes SFA. In addition, publically available information shows that the model number of the jack stand used by Christian has been advertised as a product of Shinn Fu and SFA. Plaintiffs expect, therefore, that the business relationships of the Defendants and MVP, as well as the design, manufacture, distribution and sale of the jack stand at issue in this case will be at the forefront of initial discovery. Indeed, even if Shinn Fu and SFA were permitted to file motions for summary judgment at this time, they would be subject to such discovery in accordance with Federal Rule 56(f).

Accordingly, MVP should appear, the parties should proceed with formal discovery and the pleadings should progress, including, if warranted, to summary judgment, as provided by the Federal Rules of Civil Procedure.

Respectfully submitted,

David J. Elliott

cc:    All counsel of record

# EXHIBIT C

# FOLEY ⟨Ⓜ⟩ MANSFIELD

Chicago | Detroit | Grand Rapids | **Los Angeles** | Miami | Minneapolis | New York | Oakland | St. Louis | Seattle

July 30, 2013

**Sean P. Flynn**
Partner
(213) 283-2128
*sflynn@foleymansfield.com*

*Via Email Only*

David J. Elliott
Day Pitney LLP
242 Trumbull Street - Hartford
CT, 06103

      Re:    *Klorczyk et. al., v Sears et al.*
              Case No.: 13-CV-0257 RNC

Mr. Elliott:

      We are writing in connection with Plaintiffs' first set of written discovery to Defendants Shinn Fu Corporation, Shinn Fu of America, Inc., and MVP HK Industries, Inc. served on July 9 and 15. This letter shall serve as our attempt to informally resolve the issues our clients have with this first set of written discovery.

      As you know, our clients have requested that Discovery be conducted in phases. Judge Chatigny has referred the matter to Magistrate Judge Martinez to conduct a discovery conference. Thus, as an initial matter we would like to request a stay on the requests relating to financial matters until after the conference with Magistrate Judge Martinez.

      Related to the issue of staying discovery, we would like to request an addition 30 days to respond to the discovery in light of the volume of discovery requests. Also, we would like the responses to all be due on the same day. Thus, we request that the responses be due on or before September 16, 2013. Please let us know if this is agreeable.

      Additionally, we would like to discuss how your clients plan to reimburse our clients for the costs of reviewing and producing its documents in order to comply with your discovery requests.

## Requests Directed to Shinn Fu Corp. and Shinn Fu of America

### Interrogatories

      As to each of the interrogatories, they are unduly burdensome and harassing. The defined time period is over broad.

      In addition, as you know, these responding defendants did not manufacture or distribute the Jack Stand at issue in this case. The manufacturer has been identified as Wei Fu and the

Phone (213) 283-2100  Fax (213) 283-2101
www.foleymansfield.com
300 South Grand Avenue  Suite 2800  Los Angeles  CA  90071

David J. Elliott
July 30, 2013
Page 2



distributor as MVP. Thus, these requests are not likely to lead to the discovery of admissible evidence.

Furthermore, the set of discovery as a whole is clearly designed to have these responding defendants prepare plaintiffs case for them, and requires significant independent investigation and research. Thus, this set of discovery is objectionable individually and collectively on the basis that plaintiffs are seeking to impose obligations on these responding parties not contemplated by the Fed. Rules of Civ. Proc.

Additionally, the requests exceed the 25 interrogatories permitted by Rule 33(a) as many of the sub parts are not discretely related to the main portion of the request. Based on our initial calculations our position is that this set of interrogatories actually has at least 61 requests.

As to specific requests:

#2      This request assumes that these types of records have been maintained. Thus, the request seeks to impose a requirement on the responding defendants not contemplated by the Fed. Rules of Civ. Proc.; namely, the creation of documents for the purpose of litigation. Further, the request for "the results of any incident investigation by or on behalf of Defendants" is protected from disclosure by the attorney work product doctrine and litigation privilege.

#3      This this request assumes that these types of records have been maintained. Thus, the request seeks to impose a requirement on the responding defendants not contemplated by the Fed. Rules of Civ. Proc.; namely, the creation of documents for the purpose of litigation.

#4      This this request assumes that these types of records have been maintained. Thus, the request seeks to impose a requirement on the responding defendants not contemplated by the Fed. Rules of Civ. Proc.; namely, the creation of documents for the purpose of litigation.

Also, this request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are not discrete as it relates to the responding defendants. As you know, Shinn Fu of America is not a manufacturer and is only a distributor. Thus, sub parts a-c are not related to any of its business activities.

Similarly, Shinn Fu Corp., during the relevant time period as it relates to Jack Stands sold to Sears, did not distribute the product... Thus, sub parts d-f are not related to any of its business activities.

Thus, we treat this request as two separate requests.

#5      This request calls for the disclosure of confidential Trade Secret information and will not be disclosed. We demand that it be withdrawn.

#6      This request seeks punitive damages information, which is highly confidential and will not be produced. We demand that it be withdrawn.

David J. Elliott
July 30, 2013
Page 3



    # 7    This request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are not discrete as it relates to the responding defendants. Designing and developing are separate from manufacturing and assembling, as well as inspecting. Also, engineering as to each of this sub parts is separate from overseeing/supervising. Finally, the evolution is also a third category. Thus, with three sub parts and three categories, this request constitutes nine requests.

    #9    This request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are not discrete as it relates to the responding defendants. Testing for external compliance, internal compliance, load testing, and safety testing are each separate functions. Thus, this request constitutes four separate requests.

    Finally, requests as to other models is not likely to lead to the discovery of admissible evidence.

    #11    This request is duplicative of #8.

    #12    This request is not likely to lead to the discovery of admissible evidence as competitor's jack stands are not at issue in this case. Thus, any response is not likely to lead to the discovery of any admissible evidence.

    #16    This request is unduly burdensome and harassing in that it seeks identification of any engineer who did any analysis of any Jack Stand feature, component or proposed design feature. The wording is so overbroad and vague that the request is not capable of a reasonable response. It essentially is asking for an identification of the entire engineering department.

    #17    This request is unduly burdensome and harassing in that it would require review of every corporate document that was ever created. Thus, it calls for the disclosure of confidential attorney client information, attorney work product information, and/or trade secret information. Thus, it will not be responded to, and we demand that it be withdrawn.

    Further, this request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are not discrete as it relates to MVP and Wei Fu. Thus, this request constitutes two separate requests.

    #18    This request is not calculated to lead to the discovery of any admissible evidence. It also calls for the disclosure of confidential information. It will not be responded to, and we demand that it be withdrawn.

    Further, this request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are not discrete as it relates to MVP and Wei Fu. Thus, this request constitutes two separate requests.

    #19    This request is not calculated to lead to the discovery of any admissible evidence. It also calls for the disclosure of confidential information. It will not be responded to, and we demand that it be withdrawn.

David J. Elliott
July 30, 2013
Page 4



Further, this request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are not discrete as it relates to MVP and Wei Fu. Thus, this request constitutes two separate requests.

#20.    This request is not calculated to lead to the discovery of any admissible evidence. It also calls for the disclosure of confidential information. It will not be responded to, and we demand that it be withdrawn.

Further, this request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are not discrete as it relates to MVP and Wei Fu. Thus, this request constitutes two separate requests.

#21    This request is not likely to lead to the discovery of admissible evidence. Further, this request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are not discrete as it relates to MVP and Wei Fu; also there are four different categories of agreements. Thus, this request constitutes eight separate requests.

#22    This request is not calculated to lead to the discovery of any admissible evidence. Further, this request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are not discrete as it relates to MVP and Wei Fu; also the request lists at least seven different categories. Thus, this request constitutes fourteen separate requests.

#23    This request is not calculated to lead to the discovery of any admissible evidence. Further, this request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are not discrete as it relates to Sears, MVP and Wei Fu. Thus, this request constitutes three separate requests.

<u>Requests for Production of Documents</u>

As to each of the interrogatories, they are unduly burdensome and harassing. The defined time period is over broad.

In addition, as you know, these responding defendants did not manufacture or distribute the Jack Stand at issue in this case. The manufacturer has been identified as Wei Fu and the distributor as MVP. Thus, these requests are not likely to lead to the discovery of admissible evidence.

As to those requests drafted with "All Documents", those requests may call for the production of documents covered by the attorney client and work product privileges. These documents will not be produced. Due to the time and expense of having to prepare a privilege log based not only on the time period, but also the scope of the request, we request that this request be modified so as to not call for any attorney client and/or work product documents.

As to the specific requests:

<u>#1, 2, 11, 32, 33, 46</u>:

David J. Elliott
July 30, 2013
Page 5



The defined time period within this request, "from the time when the Jack Stands we first developed," is over broad. Further, the request may call for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

#4, 13:

This request duplicates #3 and we ask that it be withdrawn.

#11:

This request is compound and disjunctive to the point that the request is vague and ambiguous. We request that you clarify your request.

#14, 15:

This request duplicates #1 and we ask that it be withdrawn.

#18:

This request is unduly burdensome and oppressive. The request is not likely to lead to the discovery of admissible evidence. Moreover, the burden of these responding defendants having o review all of the files for the past ten years concerning Jack Stands far outweighs the potential benefit, if any, to Plaintiffs. We request that it be withdrawn at this time.

#19:

This request is over broad to the extent it is request the insurance application forms. We ask that this request be modified.

#48:

This request calls for the production of documents covered by the attorney client and attorney work product privileges. No documents will be produced and we demand that the request be withdrawn.

**Requests Directed to MVP HK Industries, Inc.**

Interrogatories

As to each of the interrogatories, they are unduly burdensome and harassing. The defined time period is over broad.

Furthermore, the set of discovery as a whole is clearly designed to have these responding defendants prepare plaintiffs case for them, and requires significant independent investigation and research. Thus, this set of discovery is objectionable individually and collectively on the

David J. Elliott
July 30, 2013
Page 6



basis that plaintiffs are seeking to impose obligations on these responding parties not
contemplated by the Fed. Rules of Civ. Proc.

Additionally, the requests exceed the 25 interrogatories permitted by Rule 33(a) as many
of the sub parts are not discretely related to the main portion of the request. Based on our initial
calculations our position is that this set of interrogatories actually has at least 69 requests.

As to specific requests:

#2    This request assumes that these types of records have been maintained. Thus, the
request seeks to impose a requirement on the responding defendants not contemplated by the
Fed. Rules of Civ. Proc.; namely, the creation of documents for the purpose of litigation.
Further, the request for "the results of any incident investigation by or on behalf of Defendants"
is protected from disclosure by the attorney work product doctrine and litigation privilege.

#3    This this request assumes that these types of records have been maintained. Thus,
the request seeks to impose a requirement on the responding defendants not contemplated by the
Fed. Rules of Civ. Proc.; namely, the creation of documents for the purpose of litigation.

#4    This this request assumes that these types of records have been maintained. Thus,
the request seeks to impose a requirement on the responding defendants not contemplated by the
Fed. Rules of Civ. Proc.; namely, the creation of documents for the purpose of litigation.

Also, this request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are not
discrete as it relates to the responding defendant. Thus, we treat this request as three separate
requests.

#5    This request calls for the disclosure of confidential Trade Secret information and
will not be disclosed. We demand that it be withdrawn.

#6    This request seeks punitive damages information, which is highly confidential and
will not be produced. We demand that it be withdrawn.

# 7    This request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are
not discrete as it relates to the responding defendant. Designing and developing are separate
from manufacturing and assembling, as well as inspecting. Also, engineering as to each of this
sub parts is separate from overseeing/supervising. Finally, the evolution is also a third category.
Thus, with three sub parts and three categories, this request constitutes nine requests.

#9    This request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are
not discrete as it relates to the responding defendant. Testing for external compliance, internal
compliance, load testing, and safety testing are each separate functions. Thus, this request
constitutes four separate requests.

Finally, requests as to other models is not likely to lead to the discovery of admissible
evidence.

David J. Elliott
July 30, 2013
Page 7



#11     This request is duplicative of #8.

#12     This request is not likely to lead to the discovery of admissible evidence as competitor's jack stands are not at issue in this case. Thus, any response is not likely to lead to the discovery of any admissible evidence.

#16     This request is unduly burdensome and harassing in that it seeks identification of any engineer who did any analysis of any Jack Stand feature, component or proposed design feature. The wording is so overbroad and vague that the request is not capable of a reasonable response. It essentially is asking for an identification of the entire engineering department.

#17     This request is unduly burdensome and harassing in that it would require review of every corporate document that was ever created. Thus, it calls for the disclosure of confidential attorney client information, attorney work product information, and/or trade secret information. Thus, it will not be responded to, and we demand that it be withdrawn.

Further, this request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are not discrete as it relates to SFC, SFA and Wei Fu. Thus, this request constitutes three separate requests.

#18     This request is not calculated to lead to the discovery of any admissible evidence. It also calls for the disclosure of confidential information. It will not be responded to, and we demand that it be withdrawn.

Further, this request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are not discrete as it relates to SFC, SFA and Wei Fu. Thus, this request constitutes three separate requests.

#19     This request is not calculated to lead to the discovery of any admissible evidence. It also calls for the disclosure of confidential information. It will not be responded to, and we demand that it be withdrawn.

Further, this request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are not discrete as it relates to SFC, SFA and Wei Fu. Thus, this request constitutes three separate requests.

#20.    This request is not calculated to lead to the discovery of any admissible evidence. It also calls for the disclosure of confidential information. It will not be responded to, and we demand that it be withdrawn.

#21     This request is not likely to lead to the discovery of admissible evidence. Further, this request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are not discrete as it relates to SFC, SFA and Wei Fu; also there are four different categories of agreements. Thus, this request constitutes twelve separate requests.

David J. Elliott
July 30, 2013
Page 8



#22    This request is not calculated to lead to the discovery of any admissible evidence. Further, this request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are not discrete as it relates to SFC and SFA; also the request lists at least seven different categories. Thus, this request constitutes fourteen separate requests.

#23    This request is not calculated to lead to the discovery of any admissible evidence. Further, this request is in violation of Fed. R. Civ. Proc. 33(a); namely, the sub parts are not discrete as it relates to Sears, SFC, SFA and Wei Fu. Thus, this request constitutes four separate requests.

<u>Requests for Production of Documents</u>

As to each of the interrogatories, they are unduly burdensome and harassing. The defined time period is over broad.

In addition, as you know, this responding defendant did not manufacture the Jack Stand at issue in this case. The manufacturer has been identified as Wei Fu. Thus, these requests are not likely to lead to the discovery of admissible evidence.

As to those requests drafted with "All Documents", those requests may call for the production of documents covered by the attorney client and work product privileges. These documents will not be produced. Due to the time and expense of having to prepare a privilege log based not only on the time period, but also the scope of the request, we request that this request be modified so as to not call for any attorney client and/or work product documents.

As to the specific requests:

<u>#1, 2, 11, 32, 33, 46</u>:

The defined time period within this request, "from the time when the Jack Stands we first developed," is over broad. Further, the request may call for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

<u>#4, 13</u>:

This request duplicates #3 and we ask that it be withdrawn.

<u>#11</u>:

This request is compound and disjunctive to the point that the request is vague and ambiguous. We request that you clarify your request.

<u>#14, 15</u>:

This request duplicates #1 and we ask that it be withdrawn.

David J. Elliott
July 30, 2013
Page 9

 FOLEY&MANSFIELD

     <u>#18</u>:

     This request is unduly burdensome and oppressive. The request is not likely to lead to the discovery of admissible evidence. Moreover, the burden of these responding defendants having o review all of the files for the past ten years concerning Jack Stands far outweighs the potential benefit, if any, to Plaintiffs. We request that it be withdrawn at this time.

     <u>#19</u>:

     This request is over broad to the extent it is request the insurance application forms. We ask that this request be modified.

     <u>#48</u>:

     This request calls for the production of documents covered by the attorney client and attorney work product privileges. No documents will be produced and we demand that the request be withdrawn.

     Please advise when you are available to discuss these issues during the week of July 29. Obviously, if the deadlines to respond are extended then there is more time to meet and confer if your office is not available the week of July 29.

     Very truly yours,

     Sean P. Flynn

SPF

cc:   Erica Todd
      James Brawley
      Philip Newbury

# EXHIBIT D



# Presentation of

# SHINN FU CORPORATION

2011

# Milestones



1971 – **Shinn Fu**, first manufacturer of hydraulic jacks in Taiwan is founded.

1978 – **Shinn Fu America** established in Kansas City, Missouri, U.S.A..

1988 - **MVP Hong Kong** is established.

1994 – **Shinn Fu Europe**, is founded to serve as sales/marketing office for European market.

    – **Shinn Fu Australia**, is established to provide localized support for Australia market.

    – **Shinn Hai Electric and Machinery** is established in Shanghai, China.

1995 – **Shinn Chia Machinery & Foundry**, is founded in Kun-Shang, China specializing in casting.

2004 – **Shinn Fu** of Taiwan Headquarters relocated to Taipei.

    – **Shinn Fu Japan** established in Osaka, Japan.

    – **Shinn Fu Canada** established in Toronto, Canada.

2010 – **Shanghai Shinn Shou** sales office established in Shanghai, China

2011 – **Shinn Fu Scandinavia AB** established in Eskilstuna, Sweden

    – **SFT, LLC**, established in Seattle, Washington, USA

Shinn Fu Corp.

# Shinn Fu (Taiwan) Headquarters







- Shinn Fu Group in total 2000+ employees worldwide.
- Shinn Fu Taiwan supplies product development and manufacturing services to Shinn Fu affiliated companies throughout the world.
- Headquarters located in Taipei, Taiwan.
- QC and sourcing team located in Tai-Chung, Taiwan.

Shinn Fu Corp.







# Affiliated Global Operations

Shinn Fu Corp.

Toronto, Canada
Shinn Fu Canada

Seattle, USA
SFT, LLC.

Kansas City, USA
SFA Company

Eskilstuna, Sweden
Shinn Fu Sweden

Roosendaal, Netherlands
Shinn Fu Europe B.V.

Kunshan, China
Shinn Chia
Machinery & Foundry

Shanghai, China
Shinn Hai
Electric & Machinery

Osaka, Japan
Shinn Fu Japan

Taishan, China
Wei Fu
Electric & Machinery

Hong Kong, China
MVP Industries Ltd.

Taipei, Taiwan
Shinn Fu Corp.
Headquarter Office

Taichung, Taiwan
QC and Sourcing
Office

Chiayi, Taiwan
Shian Fu
Chiayi Plant

Melbourne, Australia
Shinn Fu Australia



# Affiliate Facilities

## Shinn Fu Corp.

### SFA Company    Kansas City, MO, U.S.A.





### Shinn Fu Japan    Osaka, Japan

### Shinn Fu Australia    Melbourne, VIC, Australia



### Shinn Fu Europe B.V., Roosendaal, Netherlands



# Business Focus

∨ **Professional Hydraulic Lifting Equipment**

∨ **Industrial Hydraulic Lifting Equipment**

∨ **Health & Fitness Equipment**

∨ **Cleaning Equipment**

∨ **Automotive Related Parts & Accessories**

∨ **Battery Chargers**

∨ **Trading / Outsourcing Products**

**(Tools, Outdoor Accessories, Consumer Electronics, etc.)**

Shinn Fu Corp.

# Market Segmentation / Manufacturing Sites

## Shinn Fu Group

Shinn Fu Corp.









**Retail (DIY) Market**

**Professional Market**

**Industrial Market**

# EXHIBIT E

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

-----------------------------------------------

FREDERICK KLORCZYK, JR., as )
co-administrator of the Estate of Christian R )
Klorczyk, FREDERICK KLORCZYK, JR., )
individually, LYNNE KLORCZYK, as )
co-administrator of the Estate of Christian )
R. Klorczyk and LYNNE KLORCZYK, )
Individually, )
                         Plaintiffs )
                       )
    v. )
                       )
SEARS, ROEBUCK & CO., SHINN FU )
CORPORATION, SHINN FU COMPANY )
OF AMERICA, INC. and MVP (HK) )
INDUSTRIES, LTD., )
                     Defendants. )

-----------------------------------------------

CIVIL ACTION NO.:
3:13-CV-00257-RNC

July 9, 2013

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS SHINN FU CORPORATION AND SHINN FU COMPANY OF AMERICA, INC.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs, Frederick Klorczyk, Jr.,

individually and as co-administrator of the Estate of Christian R. Klorczyk, and Lynne Klorcyzk,

individually and as co-administrator of the Estate of Christian R. Klorczyk, hereby request that

Defendants, Shinn Fu Corporation ("Shinn Fu") and Shinn Fu Company of America, Inc. ("SFA"),

comply with the following Requests for Production within thirty (30) days of service hereof.

Supplemental production is requested to the date of trial as additional information is discovered.

## DEFINITIONS

The following definitions apply to these Requests for Production:

A.      The definitions contained in Rule 26(c) of the Local Civil Rules of the United States

District Court for the District of Connecticut are incorporated herein by reference and shall apply to

these Requests for Production.

B.      "ASME" means the American Society of Mechanical Engineers.

C.      "Complaint" means the Amended Complaint in this Litigation, as filed on May 9, 2013.

D.      "Defendants" shall mean Shinn Fu and/or SFA and each of their agents, consultants, attorneys, principals, partners, employees, representatives, subsidiaries, affiliates or related entities.

E.      "FMRC" means Factory Mutual Research Corporation.

F.      "ISO" means International Standards Organization.

G.      "Jack Stand" or "Jack Stands" mean a vehicle support stand or device of the model or type identified in the Complaint including jack stands sometimes referred to by the designation T-6904 and/or listed or described as having a 4-ton load capacity (as a pair), as well as any aspect, feature, or component part of said jack stand, and including any predecessor or carryover model(s), or similar or comparable model(s).

H.      "Litigation" means the action entitled *Klorczyk et al. v. Sears, Roebuck & Co. et al.*, Docket No.: 3:13-cv-00257-RNC, now pending in the United States District Court for the District of Connecticut.

I.      "MVP" means MVP (HK) Industries, Ltd including its agents, consultants, attorneys, principals, partners, employees, representatives, subsidiaries, affiliates or related entities.

J.      "PALD" means Portable Automotive Lift Devices.

K.      "Sears" means Sears, Roebuck & Co. including its agents, consultants, attorneys, principals, partners, employees, representatives, subsidiaries, affiliates or related entities.

L.      "Shinn Hua" means Shinn Hua (China) Machine Company, Ltd. including its agents, consultants, attorneys, principals, partners, employees, representatives, subsidiaries, affiliates or related entities.

2

M.      "Testing" means testing in its usual and customary sense as well as laboratory testing, testing with vehicles, testing of components, certification testing, validation testing, computer simulations and computer or mathematical modeling, prototype testing, and testing to comply with government or industry standards.

N.      "Wei Fu" means Wei Fu (Taishan) Machinery & Elec. Co., Ltd., including its agents, consultants, attorneys, principals, partners, employees, representatives, subsidiaries, affiliates or related entities.

O.      "You" and "Your" means the Person responding to these Requests for Production.

## RULES OF CONSTRUCTION

The rules of construction set forth in Rule 26(d) of the Local Rules of the United States District Court for the District of Connecticut are incorporated herein by reference and shall apply to these Requests for Production.

## INSTRUCTIONS

The following instructions apply to these Requests for Production:

A.      In producing information and documents in response to these Requests for Production, You are required to furnish all information and documents in Your possession, custody or control, including, without limitation, information in the possession of Your agents and consultants, attorneys, representatives, principals, partners, affiliates, employees and any other Person(s) under Your control or acting on Your behalf.

B.      With respect to any information or documents withheld on the basis of a claim of privilege, please provide all responsive information or documents as to which you do not claim a privilege and describe the nature of the information that you claim is privileged, the privilege claimed, and the basis for the claim of privilege.

3

C.      These Requests for Production shall be deemed to be continuing.  You must

supplement Your responses if You obtain additional information between the time the responses to

these Requests for Production are served and the time of trial.

D.      Unless otherwise stated, these Requests for Production seek information and documents

from January 1, 2003, to the present.

## REQUESTS FOR PRODUCTION

1.      From the time when the Jack Stands were first developed and designed to the present,

all Documents concerning the development and design of the Jack Stands.

**RESPONSE:**

2.      From the time when the Jack Stands were first fabricated, manufactured, produced and

assembled to the present, all Documents concerning the fabrication, manufacture, production and

assembly of the Jack Stands.

**RESPONSE:**

3.      All Documents concerning the inspection, quality control, and/or quality assurance of

the Jack Stands.

**RESPONSE:**

4.      All Documents concerning the testing of the Jack Stands.

**RESPONSE:**

5.      All Documents concerning Defendants' business relationship with Sears, including, but

not limited to, all contracts and agreements concerning the Jack Stands.

**RESPONSE:**

6.      All Documents concerning the labeling, use, instructions, operating manual or warnings

with respect to the Jack Stands.

4

**RESPONSE:**

7.     All Documents concerning the business relationship(s), including, but not limited to, any licensing or other agreements, between Defendants and MVP or Wei Fu with respect to the design, manufacture, distribution or sale of the Jack Stands.

**RESPONSE:**

8.     All Documents concerning any partnerships or joint ventures with MVP or Wei Fu with respect to the Jack Stands.

**RESPONSE:**

9.     All Documents concerning any consulting or professional, management or engineering services agreements between Defendants and MVP or Wei Fu with respect to the design, manufacture or sale of the Jack Stands.

**RESPONSE:**

10.     All Documents concerning Defendants' providing or procuring indemnification and/or insurance to or for MVP or Wei Fu with respect to the Jack Stands.

**RESPONSE:**

11.     From the time when Defendants first began the design, manufacture, production or distribution of the Jack Stands to the present, all Documents concerning complaints (legal and non-legal) or litigation (pending or settled) with respect to claims or allegations of Jack Stand malfunctions, design or manufacturing defects, failure to hold up a vehicle, and/or the spontaneous collapse or descent of the raised ratchet bar of a Jack Stand, and/or inferior materials used to manufacture the Jack Stand and/or poor workmanship in the fabrication of the Jack Stand.

**RESPONSE:**

12.     All Documents concerning customer hotline or consumer toll free line calls, internet bulletin board and/or website postings concerning complaints of Jack Stand performance, malfunction, failure to hold up a vehicle and/or spontaneous collapse or descent of the raised ratchet bar of the Jack Stand, or of inferior materials used to manufacture the Jack Stand or poor workmanship in the fabrication of the Jack Stand, or that the Jack Stand was defective.

**RESPONSE:**

13.     All Documents concerning load or other testing of Jack Stands not produced in response to Request Number 4.

**RESPONSE:**

14.     All Documents concerning the study or consideration of employing, or the feasibility of installing, different or other designs or safety features for the Jack Stands.

**RESPONSE:**

15.     All Documents concerning the analysis or assessment of the costs of any alternative design of or safety features for the Jack Stands.

**RESPONSE:**

16.     All Documents concerning the unit cost of manufacturing the Jack Stands.

**RESPONSE:**

17.     All Documents concerning the unit cost of purchasing or fabricating each of the Jack Stand's components.

**RESPONSE:**

18.     All Documents concerning any requests made to Defendants by any insurance carrier, police department, local, state or federal government agency or department, concerning Jack Stand design, performance, malfunction, failure or complaint.

**RESPONSE:**

19.     All Documents concerning applicable policies of primary, excess and umbrella insurance issued to Defendants including insurance policies, declaration sheets and all endorsements and completed application forms.

**RESPONSE:**

20.     All Documents concerning the name(s) and address(es) of the factory(ies) and locations where Defendants manufacture, manufactured, distribute or distributed Jack Stands.

**RESPONSE:**

21.     All Documents concerning Defendants' ownership or control of Wei Fu's manufacturing plant/factory in Taishan Town, Taishan, Jiangmen, Guandong, China, where Jack Stands were/are manufactured.

**RESPONSE:**

22.     All Documents concerning the nature, scope and degree of Defendants' ownership interest, directly, or through other entities, of Shinn Hua.

**RESPONSE:**

23.     All Documents and agreements between Defendants and FMRC, and/or prepared by Shinn Fu, concerning FMRC certification of Shinn Fu Jack Stand manufacturing facilities.

**RESPONSE:**

24.     All Documents concerning compliance with, or receiving certification for complying with, ISO standards with respect to Jack Stand design, manufacture, testing, inspection and labeling.

**RESPONSE:**

7

25.     All Documents received by, sent by or on behalf of, or prepared by or on behalf of Defendants, concerning or with respect to Jack Stand industry standards and/or ASME standards concerning Jack Stands, and/or PALD safety standards.

**RESPONSE:**

26.     All Documents received by, sent by or on behalf of, or prepared by or on behalf of, Defendants concerning ASME committee meetings, ASME committee drafts or discussions, concerning or with respect to proposed or adopted ASME standards concerning Jack Stands and/or PALD safety standards.

**RESPONSE:**

27.     All Documents concerning the use of a single Jack Stand to support all or a portion of a motor vehicle.

**RESPONSE:**

28.     All Documents comparing the cost, utility, functionality, failure rates, complaints and/or performance of Defendants' and/or MVP's, and/or Wei Fu's Jack Stands to those of other manufacturers.

**RESPONSE:**

29.     All Documents concerning the suppliers, vendors or fabricators of the components of the Jack Stands, including ratchet bar, locking pawl, saddle, roll pin, locking handle and base frame.

**RESPONSE:**

30.     All Documents concerning instances of a Jack Stand being subject to a shock load (i.e., a load dropping suddenly or unexpectedly on it).

**RESPONSE:**

31.     All Documents concerning instances of Jack Stands failing to perform as intended.

**RESPONSE:**

32.     All Documents from 1988 to the present concerning Defendants' establishment of MVP in 1988, as noted in the attached document entitled "Presentation of Shinn Fu Corporation 2011".

**RESPONSE:**

33.     All Documents from 1988 to the present concerning MVP and/or Wei Fu being part of Shinn Fu's affiliated global operations, as noted in the attached document entitled "Presentation of Shinn Fu Corporation 2011".

**RESPONSE:**

34.     All Documents concerning Defendants appointing members of the Board of Directors or other supervising or managing board of MVP and/or Wei Fu.

**RESPONSE:**

35.     All Documents concerning Defendants or their officers or directors appointing the officers, executives or senior management of MVP and/or Wei Fu.

**RESPONSE:**

36.     All Documents concerning loans by Defendants to MVP or Wei Fu or by MVP or Wei Fu to Defendants.

**RESPONSE:**

37.     All Documents concerning loan or debt guarantees by or between any or all of the Defendants and MVP or Wei Fu.

**RESPONSE:**

38.     All Documents concerning the nature, scope and degree of any or all of the Defendants' ownership interest in MVP or Wei Fu.

**RESPONSE:**

9

39.     All Documents concerning money transfers and money distributions by or from MVP to any or all of the Defendants or by and from Defendants to MVP or Wei Fu.

**RESPONSE:**

40.     All Documents concerning shared or common office space, headquarters, plants, factories, distribution facilities, bank accounts, phone or fax lines of any or all of the Defendants and MVP or Wei Fu.

**RESPONSE:**

41.     All Documents concerning dividend payments or return of capital payments from MVP and/or Wei Fu to any or all of the Defendants.

**RESPONSE:**

42.     All Documents concerning common or shared accounting, auditing, legal, insurance and/or payroll services between any or all of the Defendants and MVP and/or Wei Fu.

**RESPONSE:**

43.     All Documents concerning communications between any or all of the Defendants and MVP and/or Wei Fu with respect to Jack Stand design, manufacture, distribution, sale, marketing and testing.

**RESPONSE:**

44.     All Documents concerning communications between any or all of the Defendants and MVP and/or Wei Fu with respect to supplying, distributing or selling private label Jack Stands in the United States.

**RESPONSE:**

45.     All Documents concerning communications between any or all of the Defendants and MVP and/or Wei Fu with respect to supplying, distributing and/or selling Jack Stands to Sears.

10

**RESPONSE:**

     46.    All Documents concerning the development of warnings for the Jack Stands, including, but not limited to, Documents concerning when warnings were developed for the Jack Stands, revisions to the warnings for the Jack Stands and, from the time when Defendants first developed warnings to the present, Documents concerning all claims (legal and non-legal) and litigation (pending or settled) with respect to warnings for the Jack Stands.

**RESPONSE:**

     47.    All Documents concerning any and all inquiries or investigations of Defendants, MVP, Wei Fu, Shinn Hua and/or Sears by agencies of the United States or any state thereof, including, but not limited to, the United States Consumer Product Safety Commission and the National Highway Traffic Safety Administration.

**RESPONSE:**

     48.    All Documents concerning Defendants' filing of the Answer dated March 4, 2013, including, but not limited to, Defendants' admissions in Paragraph 2 thereof.

**RESPONSE:**

PLAINTIFFS,
FREDERICK KLORCZYK, JR., as co-
administrator of the Estate of Christian R.
Klorczyk, FREDERICK KLORCZYK, JR.,
individually, LYNNE KLORCZYK, as co-
administrator of the Estate of Christian R.
Klorczyk, and LYNNE KLORCZYK,
individually

By: _____
David J. Elliott (ct04301)
Bryan J. Orticelli (ct28643)
Kaitlin A. Canty (ct29074)
DAY PITNEY LLP
242 Trumbull Street
Hartford, Connecticut 06103-1212
(860) 275-0100
(860) 275-0343 (fax)
djelliott@daypitney.com
borticelli@daypitney.com
kcanty@daypitney.com

Their Attorneys

## CERTIFICATION

I HEREBY CERTIFY that on this 9th day of July, 2013, a copy of the foregoing was sent via

first class mail, postage prepaid, to the following counsel of record:

Sean P. Flynn                          Philip T. Newbury, Jr.
Foley & Mansfield PLLP                 Howd & Ludorf LLC
300 South Grand Avenue, Suite 2800     65 Wethersfield Avenue
Los Angeles, CA 90071                  Hartford, CT 06114

                                       _____
                                       Bryan J. Orticelli

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

---------------------------------------------------------

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk and LYNNE KLORCZYK, Individually, <br><br> Plaintiffs, <br><br> v. <br><br> SEARS, ROEBUCK & CO., SHINN FU CORPORATION, SHINN FU COMPANY OF AMERICA, INC. and MVP (HK) INDUSTRIES, LTD., <br> Defendants. | CIVIL ACTION NO.: 3:13-CV-00257-RNC <br><br><br><br><br><br><br><br><br><br><br><br> July 9, 2013 |

---------------------------------------------------------

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT MVP (HK) INDUSTRIES, LTD.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs, Frederick Klorczyk, Jr., individually and as co-administrator of the Estate of Christian R. Klorczyk, and Lynne Klorcyzk, individually and as co-administrator of the Estate of Christian R. Klorczyk, hereby request that Defendant, MVP (HK) Industries, Ltd. ("MVP"), comply with the following Requests for Production within thirty (30) days of service hereof. Supplemental production is requested to the date of trial as additional information is discovered.

### DEFINITIONS

The following definitions apply to these Requests for Production:

A.      The definitions contained in Rule 26(c) of the Local Civil Rules of the United States District Court for the District of Connecticut are incorporated herein by reference and shall apply to these Requests for Production.

B.     "ASME" means the American Society of Mechanical Engineers.

C.     "Complaint" means the Amended Complaint in this Litigation, as filed on May 9, 2013.

D.     "FMRC" means Factory Mutual Research Corporation.

E.     "ISO" means International Standards Organization.

F.     "Jack Stand" or "Jack Stands" mean a vehicle support stand or device of the model or type identified in the Plaintiffs' Complaint including jack stands sometimes referred to by the designation T-6904 and/or listed or described as having a 4-ton load capacity (as a pair), as well as any aspect, feature, or component part of said jack stand, and including any predecessor or carryover model(s), or similar or comparable model(s).

G.     "Litigation" means the action entitled *Klorczyk et al. v. Sears, Roebuck & Co. et al.*, Docket No.: 3:13-cv-00257-RNC, now pending in the United States District Court for the District of Connecticut.

H.     "MVP" means MVP (HK) Industries, Ltd including its agents, consultants, attorneys, principals, partners, employees, representatives, subsidiaries, affiliates or related entities.

I.     "PALD" means Portable Automotive Lift Devices.

J.     "Sears" means Sears, Roebuck & Co. including its agents, consultants, attorneys, principals, partners, employees, representatives, subsidiaries, affiliates or related entities.

K.     "Shinn Fu" means the Shinn Fu Corporation including its agents, consultants, attorneys, principals, partners, employees, representatives, subsidiaries, affiliates or related entities.

L.     "SFA" means Shinn Fu Company of America, Inc. including its agents, consultants, attorneys, principals, partners, employees, representatives, subsidiaries, affiliates or related entities.

2

M.     "Shinn Hua" means Shinn Hua (China) Machine Company, Ltd. including its agents, consultants, attorneys, principals, partners, employees, representatives, subsidiaries, affiliates or related entities.

N.     "Testing" means testing in its usual and customary sense as well as laboratory testing, testing with vehicles, testing of components, certification testing, validation testing, computer simulations and computer or mathematical modeling, prototype testing, and testing to comply with government or industry standards.

O.     "Wei Fu" means Wei Fu (Taishan) Machinery & Elec. Co., Ltd., including its agents, consultants, attorneys, principals, partners, employees, representatives, subsidiaries, affiliates or related entities.

P.     "You" and "Your" means the Person responding to these Requests for Production.

## RULES OF CONSTRUCTION

The rules of construction set forth in Rule 26(d) of the Local Rules of the United States District Court for the District of Connecticut are incorporated herein by reference and shall apply to these Requests for Production.

## INSTRUCTIONS

The following instructions apply to these Requests for Production:

A.     In producing information and documents in response to these Requests for Production, You are required to furnish all information and documents in Your possession, custody or control, including, without limitation, information in the possession of Your agents and consultants, attorneys, representatives, principals, partners, affiliates, employees and any other Person(s) under Your control or acting on Your behalf.

B.     With respect to any information or documents withheld on the basis of a claim of privilege, please provide all responsive information or documents as to which you do not claim a privilege and describe the nature of the information that you claim is privileged, the privilege claimed, and the basis for the claim of privilege.

C.     These Requests for Production shall be deemed to be continuing.  You must supplement Your responses if You obtain additional information between the time the responses to these Requests for Production are served and the time of trial.

D.     Unless otherwise stated, these Requests for Production seek information and documents from January 1, 2003, to the present.

## REQUESTS FOR PRODUCTION

1.     From the time when the Jack Stands were first developed and designed to the present, all Documents concerning the development and design of the Jack Stands.

**RESPONSE:**

2.     From the time when the Jack Stands were first fabricated, manufactured, produced and assembled to the present, all Documents concerning the fabrication, manufacture, production, assembly and distribution of the Jack Stands.

**RESPONSE:**

3.     All Documents concerning the inspection, quality control, and/or quality assurance of the Jack Stands.

**RESPONSE:**

4.     All Documents concerning the testing of the Jack Stands.

**RESPONSE:**

4

5.     All Documents concerning MVP's business relationship with Sears, including, but not limited to, all contracts and agreements concerning the Jack Stands.

**RESPONSE:**

6.     All Documents concerning the labeling, use, instructions, operating manual or warnings with respect to the Jack Stands.

**RESPONSE:**

7.     All Documents concerning the business relationship(s), including, but not limited to, any licensing or other agreements, between MVP and Shinn Fu, SFA, or Wei Fu with respect to the design, manufacture, distribution or sale of the Jack Stands.

**RESPONSE:**

8.     All Documents concerning any partnerships or joint ventures between MVP and Shinn Fu, SFA or Wei Fu with respect to the Jack Stands.

**RESPONSE:**

9.     All Documents concerning any consulting or professional, management or engineering services agreements between MVP and Shinn Fu, SFA or Wei Fu with respect to the design, manufacture or sale of the Jack Stands.

**RESPONSE:**

10.     All Documents concerning MVP receiving, providing or procuring indemnification and/or insurance from, to or for Shinn Fu, SFA or Wei Fu with respect to the Jack Stands.

**RESPONSE:**

11.     From the time when MVP first began the design, manufacture, production, distribution or sale of the Jack Stands to the present, all Documents concerning complaints (legal and non-legal) or litigation (pending or settled) with respect to claims or allegations of Jack Stand malfunctions, design

or manufacturing defects, failure to hold up a vehicle, and/or the spontaneous collapse or descent of the raised ratchet bar of a Jack Stand, and/or inferior materials used to manufacture the Jack Stand and/or poor workmanship in the fabrication of the Jack Stand.

**RESPONSE:**

12.     All Documents concerning customer hotline or consumer toll free line calls, internet bulletin board and/or website postings concerning complaints of Jack Stand performance, malfunction, failure to hold up a vehicle and/or spontaneous collapse or descent of the raised ratchet bar of the Jack Stand, or of inferior materials used to manufacture the Jack Stand or poor workmanship in the fabrication of the Jack Stand, or that the Jack Stand was defective.

**RESPONSE:**

13.     All Documents concerning load or other testing of Jack Stands not produced in response to Request Number 4.

**RESPONSE:**

14.     All Documents concerning the study or consideration of employing, or the feasibility of installing, different or other designs or safety features for the Jack Stands.

**RESPONSE:**

15.     All Documents concerning the analysis or assessment of the costs of any alternative design of or safety features for the Jack Stands.

**RESPONSE:**

16.     All Documents concerning the unit cost of manufacturing the Jack Stands.

**RESPONSE:**

17.     All Documents concerning the unit cost of purchasing or fabricating each of the Jack Stand's components.

**RESPONSE:**

18.     All Documents concerning any requests made to MVP by any insurance carrier, police department, local, state or federal government agency or department, concerning Jack Stand design, performance, malfunction, failure or complaint.

**RESPONSE:**

19.     All Documents concerning applicable policies of primary, excess and umbrella insurance issued to MVP or in which MVP was directly or indirectly an additional named insured including insurance policies, declaration sheets and all endorsements and completed application forms.

**RESPONSE:**

20.     All Documents concerning the name(s) and address(es) of the factory(ies) and locations where MVP manufactures, manufactured, distributes or distributed Jack Stands or from which Jack Stands sold by MVP were manufactured.

**RESPONSE:**

21.     All Documents concerning MVP's ownership or control of Wei Fu's manufacturing plant/factory in Taishan Town, Taishan, Jiangmen, Guandong, China, where Jack Stands were/are manufactured.

**RESPONSE:**

22.     All Documents concerning the nature, scope and degree of MVP's ownership interest, directly, or through other entities, of Shinn Hua.

**RESPONSE:**

23.     All Documents and agreements between MVP and FMRC, and/or prepared by MVP, concerning FMRC certification of MVP Jack Stand manufacturing facilities, or facilities which manufacture Jack Stands sold by MVP.

7

**RESPONSE:**

24.     All Documents concerning compliance with, or receiving certification for complying

with, ISO standards with respect to Jack Stand design, manufacture, testing, inspection and labeling.

**RESPONSE:**

25.     All Documents received by, sent by or on behalf of, or prepared by or on behalf of

MVP, concerning or with respect to Jack Stand industry standards and/or ASME standards concerning

Jack Stands, and/or PALD safety standards.

**RESPONSE:**

26.     All Documents received by, sent by or on behalf of, or prepared by or on behalf of,

MVP concerning ASME committee meetings, ASME committee drafts or discussions, concerning or

with respect to proposed or adopted ASME standards concerning Jack Stands and/or PALD safety

standards.

**RESPONSE:**

27.     All Documents concerning the use of a single Jack Stand to support all or a portion of a

motor vehicle.

**RESPONSE:**

28.     All Documents comparing the cost, utility, functionality, failure rates, complaints

and/or performance of Shinn Fu's, and/or SFA's, and/or MVP's, and/or Wei Fu's Jack Stands to those

of other manufacturers.

**RESPONSE:**

29.     All Documents concerning the suppliers, vendors or fabricators of the components of

the Jack Stands, including the ratchet bar, locking pawl, saddle, roll pin, locking handle and base

frame.

**RESPONSE:**

30.     All Documents concerning instances of a Jack Stand being subject to a shock load (i.e.,

a load dropping suddenly or unexpectedly on it).

**RESPONSE:**

31.     All Documents concerning instances of Jack Stands failing to perform as intended.

**RESPONSE:**

32.     All Documents concerning Shinn Fu's establishment of MVP in 1988, as noted in the

attached document entitled "Presentation of Shinn Fu Corporation 2011".

**RESPONSE:**

33.     All Documents from 1988 to the present concerning MVP being part of Shinn Fu's

affiliated global operations, as noted in the attached document entitled "Presentation of Shinn Fu

Corporation 2011".

**RESPONSE:**

34.     All Documents concerning the appointment of members of the Board of Directors or

other supervising or managing board of MVP by Shinn Fu.

**RESPONSE:**

35.     All Documents concerning the appointing  of the officers, executives or senior

management of MVP by Shinn Fu or by Shinn Fu's officers or directors.

**RESPONSE:**

36.     All Documents concerning loans by Shinn Fu or SFA to MVP  or by MVP to Shinn Fu,

SFA or Wei Fu.

**RESPONSE:**

37.     All Documents concerning loan or debt guarantees by or between MVP and Shinn Fu, SFA or Wei Fu.

**RESPONSE:**

38.     All Documents concerning the nature, scope and degree of Shinn Fu's or SFA's ownership interest in MVP.

**RESPONSE:**

39.     All Documents concerning money transfers and money distributions by or from MVP to Shinn Fu, SFA or Wei Fu or by and from Shinn Fu, SFA or Wei Fu to MVP.

**RESPONSE:**

40.     All Documents concerning shared or common office space, headquarters, plants, factories, distribution facilities, bank accounts, phone or fax lines of MVP and Shinn Fu, SFA or Wei Fu.

**RESPONSE:**

41.     All Documents concerning dividend payments or return of capital payments from Wei Fu, Shinn Fu or SFA to MVP or from MVP to Shinn Fu, SFA or Wei Fu.

**RESPONSE:**

42.     All Documents concerning common or shared accounting, auditing, legal, insurance and/or payroll services between MVP and Wei Fu, Shinn Fu and/or SFA.

**RESPONSE:**

43.     All Documents concerning communications between MVP, Shinn Fu, SFA and/or Wei Fu with respect to Jack Stand design, manufacture, distribution, sale, marketing and testing.

**RESPONSE:**

44.     All Documents concerning communications between MVP and Shinn Fu, SFA and/or Wei Fu with respect to supplying, distributing or selling private label Jack Stands in the United States.

**RESPONSE:**

45.     All Documents concerning communications between MVP and Shinn Fu, SFA and/or Wei Fu with respect to supplying, distributing and/or selling Jack Stands to Sears.

**RESPONSE:**

46.     All Documents concerning the development of warnings for the Jack Stands, including, but not limited to, Documents concerning when warnings were developed for the Jack Stands, revisions to the warnings for the Jack Stands and, from the time when MVP first developed warnings, or first sold or distributed Jack Stands with warnings, to the present, Documents concerning all claims (legal and non-legal) and litigation (pending or settled) with respect to warnings for the Jack Stands.

**RESPONSE:**

47.     All Documents concerning any and all inquiries or investigations of MVP, Wei Fu, Shinn Hua, Shinn Fu, SFA and/or Sears by agencies of the United States or any state thereof, including, but not limited to, the United States Consumer Product Safety Commission and the National Highway Traffic Safety Administration.

**RESPONSE:**

11

PLAINTIFFS,
FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually

By:   /s/
     David J. Elliott (ct04301)
     Bryan J. Orticelli (ct28643)
     Kaitlin A. Canty (ct29074)
     DAY PITNEY LLP
     242 Trumbull Street
     Hartford, Connecticut 06103-1212
     (860) 275-0100
     (860) 275-0343 (fax)
     djelliott@daypitney.com
     borticelli@daypitney.com
     kcanty@daypitney.com

     Their Attorneys

## CERTIFICATION

I HEREBY CERTIFY that on this 9th day of July, 2013, a copy of the foregoing was sent via first class mail, postage prepaid, to the following counsel of record:

Sean P. Flynn
Foley & Mansfield PLLP
300 South Grand Avenue, Suite 2800
Los Angeles, CA 90071

Philip T. Newbury, Jr.
Howd & Ludorf LLC
65 Wethersfield Avenue
Hartford, CT 06114

Bryan J. Orticelli

# EXHIBIT F

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

---------------------------------------------------------

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as ) <br> co-administrator of the Estate of Christian R ) <br> Klorczyk, FREDERICK KLORCZYK, JR., ) <br> individually, LYNNE KLORCZYK, as ) <br> co-administrator of the Estate of Christian ) <br> R. Klorczyk and LYNNE KLORCZYK, ) <br> Individually, ) <br>                    Plaintiffs, ) <br> ) <br>    v. ) <br> ) <br> SEARS, ROEBUCK & CO., SHINN FU ) <br> CORPORATION, SHINN FU ) <br> COMPANY OF AMERICA, INC. and ) <br> MVP (HK) INDUSTRIES, LTD., ) <br> ) <br>              Defendants. ) | CIVIL ACTION NO.: <br> 3:13-CV-00257-RNC <br><br><br><br><br><br><br><br><br><br><br><br><br> July 15, 2013 |

---------------------------------------------------------

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS SHINN FU CORPORATION AND SHINN FU COMPANY OF AMERICA, INC.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs, Frederick Klorczyk, Jr., individually and as co-administrator of the Estate of Christian R. Klorczyk, and Lynne Klorcyzk, individually and as co-administrator of the Estate of Christian R. Klorczyk ("Plaintiffs"), hereby request that Defendants, Shinn Fu Corporation ("Shinn Fu") and Shinn Fu Company of America ("SFA"), answer the following Interrogatories separately and fully in writing and under oath within (30) days of service hereof. Supplemental responses are requested to the date of trial as additional information is discovered.

## DEFINITIONS

A. The definitions contained in Rule 26(c) of the Local Civil Rules of the United States District Court for the District of Connecticut are incorporated herein by reference and shall apply to these Interrogatories.

B.      "ANSI" means American National Standards Institute.

C.      "ASME" means the American Society of Mechanical Engineers.

D.      "Complaint" means the Amended Complaint in this litigation, as filed on May 9, 2013.

E.      "Defendants" shall mean Shinn Fu and/or SFA and each of their agents, consultants, principals, partners, employees, representatives, subsidiaries, affiliates or related entities.

F.      "FMRC" means Factory Mutual Research Corporation.

G.      "ISO" means International Standards Organization.

H.      "Jack Stand" or "Jack Stands" mean a vehicle support stand of the model or type identified in the Plaintiff's Complaint including jack stands sometimes referred to by the designation T-6904 and/or listed or described as having a 4-ton load capacity (as a pair), as well as any aspect, feature, or component part of said jack stand, and including any predecessor or carryover model(s), or similar or comparable model(s).

I.      "Litigation" means the action entitled *Klorczyk et al. v. Sears, Roebuck & Co. et al.*, Docket No.: 3:13-CV-00257-RNC, now pending in the United States District Court for the District of Connecticut.

J.      "MVP" means MVP (HK) Industries, Ltd. including its agents, consultants, attorneys, principals, partners, servants, employees, representatives, corporate parent(s), subsidiaries, affiliates or related entities.

K.      "PALD" means Portable Automotive Lift Devices.

L.      "Sears" means Sears, Roebuck & Co. including its agents, consultants, attorneys, principals, partners, employees, subsidiaries, affiliates or related entities.

M.      "Shinn Hua" means Shinn Hua (China) Machine Company, Ltd.

2

N.     "Testing" or "Tests" means testing in its usual and customary sense as well as laboratory testing, testing with vehicles, testing of components, certification testing, validation testing, computer simulations and computer or mathematical modeling, prototype testing, and testing to comply with government or industry standards.

O.     "Wei Fu" means Wei Fu (Taishan) Machinery & Elec. Co., Ltd., including its agents, consultants, attorneys, principals, partners, employees, representatives, corporate parent(s), subsidiaries, affiliates or related entities.

P.     "You" and "Your" means the person responding to these Interrogatories.

## RULES OF CONSTRUCTION

The rules of construction set forth in Rule 26(d) of the Local Rules of the United States District Court for the District of Connecticut are incorporated herein by reference and shall apply to these Interrogatories.

## INSTRUCTIONS

A.     When asked to "identify" with respect to persons you shall respond in accordance with Rule 26(c)(3) of the Local Rules of the United States District Court for the District of Connecticut.

B.     When asked to "identify" with respect to documents or electronically stored information you shall respond in accordance with Rule 26 (c)(4) of the Local Rules of the United States District Court for the District of Connecticut.

C.     With respect to any information or documents withheld on the basis of a claim of privilege, please provide all responsive information or documents as to which you do not claim a privilege and describe the nature of the information that you claim is privileged, the privilege claimed, and the basis for the claim of privilege.

3

D.   These Interrogatories shall be deemed to be continuing.  You must supplement your responses if you obtain additional information between the time the response to these Interrogatories are served and the time of trial.

E.   Unless otherwise stated, these Interrogatories seek information from January 1, 2003, to the present.

## INTERROGATORIES

1.   Identify each person involved in answering these Interrogatories, including every person who will be consulted or contacted regarding answering these Interrogatories.

2.   Identify each incident involving a Jack Stand known to Defendants, including the date and location of the event, the specific type, capacity and model Jack Stand involved, the nature of the incident, the results of any incident investigation by or on behalf of Defendants, in which one or more of the following occurred, or was alleged to have occurred:

(a) The Jack Stand was alleged to be defective or unsafe;

(b) The Jack Stand was alleged to have malfunctioned;

(c) The Jack Stand was alleged to have failed to hold up a vehicle;

(d) There was an alleged spontaneous collapse or descent of the raised ratchet bar of the Jack Stand;

(e) The Jack Stand was allegedly manufactured with inferior materials or had poor workmanship in its assembly or fabrication;

(f) The incident allegedly involved the use of only one Jack Stand.

3.   For those incidents identified in response to Interrogatory 2 which resulted in a claim or lawsuit against Defendants, Sears, MVP and/or Wei Fu, or against any other person to whom Defendants provided a defense, indemnification or insurance coverage (under Defendants' policy), please state in full the caption of each case, docket number, location of the Court, attorney(s)

4

name(s) and address(es) for plaintiff(s), present status of case and/or ultimate disposition for each claim or lawsuit.

    4.    With respect to the Jack Stands, identify the persons who:

    (a) Designed them;

    (b) Manufactured them, including listing the name and address of the plant(s) or factory(ies) and the identity of the owner(s) of said plant(s) or factory(ies);

    (c) Tested them;

    (d) Distributed them;

    (e) Imported them into the United States;

    (f) Sold them to Sears.

    5.    Identify the private labeled brand retailers to whom Defendants designed, manufactured, distributed or supplied Jack Stands in the United States.

    6.    Identify, by model number and load capacity or other identifying characteristics, each model or type Jack Stand which Defendants manufactured, distributed or sold to Sears and for each said Jack Stand type/model provide the following:

    (a) Year(s) in which the Jack Stand was sold to Sears;

    (b) Number of units sold per year to Sears;

    (c) Unit price charged to Sears.

    7.    Identify the engineer(s) or other person(s) responsible for designing, developing, manufacturing, assembling and/or inspecting the Jack Stands and/or overseeing the design, development, manufacture, assembly and inspection of the Jack Stands. If the Jack Stands evolved from any predecessor or carryover design, identify the responsible design engineer(s) and person(s) responsible or accountable for the initial design and the carryover design.

8.      Identify the engineer(s) or other person(s) responsible for testing the Jack Stands.

9.      Identify by test protocol, test report, test result and type/model of Jack Stand, all tests conducted by or on behalf of Defendants whose goal or purpose was, in whole or in part:

(a)  To certify compliance with ISO, ASME, ANSI, or PALD standards or guidelines;

(b)  To certify compliance with Defendants', Sears', Wei Fu's and/or MVP's internal testing, safety or performance standards;

(c)  Load testing and/or performance testing including tests using various weight loads, and/or heights of the ratchet bar and testing involving motor vehicles;

(d)  Testing of Jack Stand safety features, performance and/or failure modes.

10.     Identify the location of the plant(s) and/or factory(ies) where the Jack Stands were manufactured and inspected and set forth Defendants' ownership interest in each said plant and/or factory.

11.     Identify the engineer(s) or other person(s) responsible for the quality control and quality assurance procedures and systems at each said plant/factory and/or the engineer(s) or other person(s) responsible for overseeing the quality control and quality assurance procedures in existence at each such plant/factory.

12.     Identify any engineer(s) or other person(s) involved with or responsible for evaluating or analyzing the design, performance, cost and/or safety features of competitors' Jack Stands and/or comparing each said competitor's Jack Stand's design, performance, cost or safety features to Defendants' Jack Stands.

6

13.     Identify the engineer(s) or other person(s) responsible for considering any Jack Stand design or safety improvements, modifications or changes.

14.     Identify the engineer(s) or other person(s) responsible for (a) writing or issuing warnings on or accompanying the sale of the Jack Stand; (b) writing or issuing owner's manual or manual or brochure on Jack Stand use; (c) writing or issuing instructions for Jack Stand use; (d) the contents of any labels affixed to or placed on the Jack Stands.

15.     Identify the engineer(s) or other person(s) who represented Defendants (a) on any ASME and/or ANSI committees concerning Jack Stands; (b) in writing or commenting on any ASME, ANSI, PALD, ISO or other industry standards or guidelines concerning Jack Stands or in revising or updating any such standards or guidelines.

16.     Identify the engineer(s) or other person(s) responsible for studying, analyzing or evaluating Jack Stand failure rates, failure modes, or conducting any cost/benefit analysis or any other analysis of any Jack Stand feature, component or proposed design change.

17.     Identify any documents, including documents filed in court, in which Defendants characterize, describe or represent their business/organizational relationship to MVP and/or Wei Fu as that of being related, affiliated or "sister" companies or corporations.

18.     Set forth the nature, extent and degree of Defendants' ownership interest, directly, or through other persons or entities, in MVP and/or Wei Fu.  Identify the documents concerning that ownership interest.

19.     Identify the officers, executives and/or directors of MVP and/or Wei Fu who were/are also officers, directors or executives of Defendants.

20.     Identify the Defendants' officers, directors or executives who oversaw, or were responsible for overseeing, the business operations or activities of MVP and/or Wei Fu.

7

21.     State whether there was any licensing agreement, royalty payment agreement, professional services or consulting agreement, or other agreement(s) between Defendants and MVP and/or Wei Fu concerning the design, manufacture, assembly, distribution and/or sale of Jack Stands and, if so, identify each said agreement.

22.     State whether MVP or Wei Fu personnel, employees, engineers or managers received training from, were supervised by, and/or reported to Defendants concerning Jack Stand design, manufacture, assembly, inspection, testing, labeling, warnings, distribution, marketing, sale, and/or claims. If so, identify the persons providing such training, supervision or oversight.

23.     Identify the executive(s) or other person(s) at Defendants who were responsible for communicating with Sears, MVP and/or Wei Fu on all issues concerning Jack Stands, including design, performance, compliance with standards, safety, legal and non-legal complaints, incidents, incident reporting and investigation, certification or other testing, warranty claims, governmental inquiries, contract compliance, pricing, advertising and marketing.

PLAINTIFFS,
FREDERICK KLORCZYK, JR., as co-
administrator of the Estate of Christian R.
Klorczyk, FREDERICK KLORCZYK, JR.,
individually, LYNNE KLORCZYK, as co-
administrator of the Estate of Christian R.
Klorczyk, and LYNNE KLORCZYK,
individually

By: _____
     David J. Elliott (ct04301)
     Bryan J. Orticelli (ct28643)
     Kaitlin A. Canty (ct29074)
     DAY PITNEY LLP
     242 Trumbull Street
     Hartford, Connecticut 06103-1212
     (860) 275-0100
     (860) 275-0343 (fax)
     djelliott@daypitney.com
     borticelli@daypitney.com
     kcanty@daypitney.com

     Their Attorneys

## **CERTIFICATION**

I HEREBY CERTIFY that on this 15th day of July, 2013, a copy of the foregoing was sent

via first class mail, postage prepaid, to the following counsel of record:

Sean P. Flynn
Foley & Mansfield PLLP
300 South Grand Avenue, Suite 2800
Los Angeles, CA 90071

Philip T. Newbury, Jr.
Howd & Ludorf LLC
65 Wethersfield Avenue
Hartford, CT 06114

9

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

---------------------------------------------------

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk and LYNNE KLORCZYK, Individually, <br><br> Plaintiffs, <br><br> v. <br><br> SEARS, ROEBUCK & CO., SHINN FU CORPORATION, SHINN FU COMPANY OF AMERICA, INC. and MVP (HK) INDUSTRIES, LTD., <br><br> Defendants. | CIVIL ACTION NO.: 3:13-CV-00257-RNC <br><br><br><br><br><br><br><br><br><br><br><br> July 15, 2013 |

---------------------------------------------------

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT MVP (HK) INDUSTRIES, LTD.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs, Frederick Klorczyk, Jr., individually and as co-administrator of the Estate of Christian R. Klorczyk, and Lynne Klorcyzk, individually and as co-administrator of the Estate of Christian R. Klorczyk ("Plaintiffs"), hereby request that Defendant, MVP (HK) Industries, Ltd. ("MVP") answers the following Interrogatories separately and fully in writing and under oath within (30) days of service hereof. Supplemental responses are requested to the date of trial as additional information is discovered.

## DEFINITIONS

A.    The definitions contained in Rule 26(c) of the Local Civil Rules of the United States District Court for the District of Connecticut are incorporated herein by reference and shall apply to these Interrogatories.

B.    "ANSI" means American National Standards Institute.

C.     "ASME" means the American Society of Mechanical Engineers.

D.     "Complaint" means the Amended Complaint in this litigation, as filed on May 9, 2013.

E.     "FMRC" means Factory Mutual Research Corporation.

F.     "ISO" means International Standards Organization.

G.     "Jack Stand" or "Jack Stands" mean a vehicle support stand of the model or type identified in the Plaintiff's Complaint including jack stands sometimes referred to by the designation T-6904 and/or listed or described as having a 4-ton load capacity (as a pair), as well as any aspect, feature, or component part of said jack stand, and including any predecessor or carryover model(s), or similar or comparable model(s).

H.     "Litigation" means the action entitled *Klorczyk et al. v. Sears, Roebuck & Co. et al.*, Docket No.: 3:13-CV-00257-RNC, now pending in the United States District Court for the District of Connecticut.

I.     "MVP" means MVP (HK) Industries, Ltd. including its agents, consultants, attorneys, principals, partners, servants, employees, representatives, corporate parent(s), subsidiaries, affiliates or related entities.

J.     "PALD" means Portable Automotive Lift Devices.

K.     "Sears" means Sears, Roebuck & Co. including its agents, consultants, attorneys, principals, partners, employees, representatives, subsidiaries, affiliates or related entities.

L.     "Shinn Fu" means Shinn Fu Corporation including its agents, consultants, attorneys, principals, partners, representatives, subsidiaries, affiliates or related entities.

M.     "SFA" means Shinn Fu Company of America, Inc., including its agents, consultants, attorneys, principals, partners, employees, representatives, subsidiaries, affiliates or related entities.

2

N. "Shinn Hua" means Shinn Hua (China) Machine Company, Ltd.

O. "Testing" or "Tests" means testing in its usual and customary sense as well as laboratory testing, testing with vehicles, testing of components, certification testing, validation testing, computer simulations and computer or mathematical modeling, prototype testing, and testing to comply with government or industry standards.

P. "Wei Fu" means Wei Fu (Taishan) Machinery & Elec. Co., Ltd., including its agents, consultants, attorneys, principals, partners, employees, representatives, corporate parent(s), subsidiaries, affiliates or related entities.

Q. "You" and "Your" means the person responding to these Interrogatories.

## RULES OF CONSTRUCTION

The rules of construction set forth in Rule 26(d) of the Local Rules of the United States District Court for the District of Connecticut are incorporated herein by reference and shall apply to these Interrogatories.

## INSTRUCTIONS

A. When asked to "identify" with respect to persons you shall respond in accordance with Rule 26(c)(3) of the Local Rules of the United States District Court for the District of Connecticut.

B. When asked to "identify" with respect to documents or electronically stored information you shall respond in accordance with Rule 26 (c)(4) of the Local Rules of the United States District Court for the District of Connecticut.

C. With respect to any information or documents withheld on the basis of a claim of privilege, please provide all responsive information or documents as to which you do not claim a privilege and describe the nature of the information that you claim is privileged, the privilege claimed, and the basis for the claim of privilege.

3

D.     These Interrogatories shall be deemed to be continuing.  You must supplement your responses if you obtain additional information between the time the response to these Interrogatories are served and the time of trial.

E.     Unless otherwise stated, these Interrogatories seek information from January 1, 2003, to the present.

## INTERROGATORIES

1.     Identify each person involved in answering these Interrogatories, including every person who will be consulted or contacted regarding answering these Interrogatories.

2.     Identify each incident involving a Jack Stand known to MVP, including the date and location of the event, the specific type, capacity and model Jack Stand involved, the nature of the incident, the results of any incident investigation by or on behalf of MVP, in which one or more of the following occurred, or was alleged to have occurred:

　　　　(a) The Jack Stand was alleged to be defective or unsafe;

　　　　(b) The Jack Stand was alleged to have malfunctioned;

　　　　(c) The Jack Stand was alleged to have failed to hold up a vehicle;

　　　　(d) There was an alleged spontaneous collapse or descent of the raised ratchet bar of the Jack Stand;

　　　　(e) The Jack Stand was allegedly manufactured with inferior materials or had poor workmanship in its assembly or fabrication;

　　　　(f) The incident allegedly involved the use of only one Jack Stand.

3.     For those incidents identified in response to Interrogatory 2 which resulted in a claim or lawsuit against MVP, Sears, Shinn Fu, SFA and/or Wei Fu, or against any other person to whom MVP provided a defense, indemnification or insurance coverage (under MVP's policy), please state in full the caption of each case, docket number, location of the Court, attorney(s)

4

name(s) and address(es) for plaintiff(s), present status of case and/or ultimate disposition for each

claim or lawsuit.

    4.    With respect to the Jack Stands, identify the persons who:

    (a) Designed them;

    (b) Manufactured them, including listing the name and address of the plant(s)

        or factory(ies) and the identity of the owner(s) of said plant(s) or

        factory(ies);

    (c) Tested them;

    (d) Distributed them;

    (e) Imported them into the United States;

    (f) Sold them to Sears.

    5.    Identify the private labeled brand retailers to whom MVP designed,

manufactured, distributed or supplied Jack Stands in the United States.

    6.    Identify, by model number and load capacity or other identifying

characteristics, each model or type Jack Stand which MVP manufactured, distributed or sold to Sears

and for each said Jack Stand type/model provide the following:

    (a) Year(s) in which the Jack Stand was sold to Sears;

    (b) Number of units sold per year to Sears;

    (c) Unit price charged to Sears.

    7.    Identify the engineer(s) or other person(s) responsible for designing,

developing, manufacturing, assembling and/or inspecting the Jack Stands and/or overseeing the

design, development, manufacture, assembly and inspection of the Jack Stands. If the Jack Stands

evolved from any predecessor or carryover design, identify the responsible design engineer(s) and

person(s) responsible or accountable for the initial design and the carryover design.

8.     Identify the engineer(s) or other person(s) responsible for testing the Jack Stands.

9.     Identify by test protocol, test report, test result and type/model of Jack Stand, all tests conducted by or on behalf of MVP whose goal or purpose was, in whole or in part:

(a) To certify compliance with ISO, ASME, ANSI, or PALD standards or guidelines;

(b) To certify compliance with MVP's, Sears', Shinn Fu's, SFA's, and/or Wei Fu's internal testing, safety or performance standards;

(c) Load testing and/or performance testing including tests using various weight loads, and/or heights of the ratchet bar and testing involving motor vehicles;

(d) Testing of Jack Stand safety features, performance and/or failure modes.

10.     Identify the location of the plant(s) and/or factory(ies) where the Jack Stands were manufactured and inspected and set forth MVP's ownership interest in each said plant and/or factory.

11.     Identify the engineer(s) or other person(s) responsible for the quality control and quality assurance procedures and systems at each said plant/factory and/or the engineer(s) or other person(s) responsible for overseeing the quality control and quality assurance procedures in existence at each such plant/factory.

12.     Identify any engineer(s) or other person(s) involved with or responsible for evaluating or analyzing the design, performance, cost and/or safety features of competitors' Jack Stands and/or comparing each said competitor's Jack Stand's design, performance, cost or safety features to MVP's Jack Stands.

6

13.    Identify the engineer(s) or other person(s) responsible for considering any Jack Stand design or safety improvements, modifications or changes.

14.    Identify the engineer(s) or other person(s) responsible for (a) writing or issuing warnings on or accompanying the sale of the Jack Stand; (b) writing or issuing owner's manual or manual or brochure on Jack Stand use; (c) writing or issuing instructions for Jack Stand use; (d) the contents of any labels affixed to or placed on the Jack Stands.

15.    Identify the engineer(s) or other person(s) who represented MVP (a) on any ASME and/or ANSI committees concerning Jack Stands; (b) in writing or commenting on any ASME, ANSI, PALD, ISO or other industry standards or guidelines concerning Jack Stands or in revising or updating any such standards or guidelines.

16.    Identify the engineer(s) or other person(s) responsible for studying, analyzing or evaluating Jack Stand failure rates, failure modes, or conducting any cost/benefit analysis or any other analysis of any Jack Stand feature, component or proposed design change.

17.    Identify any documents, including documents filed in court, in which MVP characterizes, describes or represents its business/organizational relationship to Shinn Fu, SFA, and/or Wei Fu as that of being related, affiliated or "sister" companies or corporations.

18.    Set forth the nature, extent and degree of (a) Shinn Fu and/or SFA's ownership interest, directly, or through other persons or entities, in MVP, and (b) MVP's ownership interest, directly, or through other persons or entities, in Wei Fu.  Identify the documents concerning the ownership interest described herein.

19.    Identify the officers, executives and/or directors of MVP who were/are also officers, directors or executives of Shinn Fu, SFA, and/or Wei Fu.

20.    Identify the MVP officers, directors or executives who oversaw, or were responsible for overseeing, the business operations or activities of Wei Fu.

7

21.     State whether there was any licensing agreement, royalty payment agreement, professional services or consulting agreement, or other agreement(s) between MVP, Shinn Fu, and SFA and/or Wei Fu concerning the design, manufacture, assembly, distribution and/or sale of Jack Stands and, if so, identify each said agreement.

22.     State whether MVP personnel, employees, engineers or managers received training from, were supervised by, and/or reported to Shinn Fu and/or SFA concerning Jack Stand design, manufacture, assembly, inspection, testing, labeling, warnings, distribution, marketing, sale, and/or claims.  If so, identify each said MVP person, and identify the Shinn Fu and/or SFA persons providing such training, supervision or oversight.

23.     Identify the executive(s) or other person(s) at MVP who were responsible for communicating with Sears, Shinn Fu, SFA and/or Wei Fu on all issues concerning Jack Stands, including design, performance, compliance with standards, safety, legal and non-legal complaints, incidents, incident reporting and investigation, certification or other testing, warranty claims, governmental inquiries, contract compliance, pricing, advertising and marketing.

8

PLAINTIFFS,
FREDERICK KLORCZYK, JR., as co-
administrator of the Estate of Christian R.
Klorczyk, FREDERICK KLORCZYK, JR.,
individually, LYNNE KLORCZYK, as co-
administrator of the Estate of Christian R.
Klorczyk, and LYNNE KLORCZYK,
individually

By: _____
David J. Elliott (ct04301)
Bryan J. Orticelli (ct28643)
Kaitlin A. Canty (ct29074)
DAY PITNEY LLP
242 Trumbull Street
Hartford, Connecticut 06103-1212
(860) 275-0100
(860) 275-0343 (fax)
djelliott@daypitney.com
borticelli@daypitney.com
kcanty@daypitney.com

Their Attorneys

## CERTIFICATION

I HEREBY CERTIFY that on this 15th day of July, 2013, a copy of the foregoing was sent

via first class mail, postage prepaid, to the following counsel of record:

Sean P. Flynn
Foley & Mansfield PLLP
300 South Grand Avenue, Suite 2800
Los Angeles, CA 90071

Philip T. Newbury, Jr.
Howd & Ludorf LLC
65 Wethersfield Avenue
Hartford, CT 06114

_____

# EXHIBIT G

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually<br><br>Plaintiff,<br><br>vs.<br><br>SEARS, ROEBUCK AND CO., SHINN FU CORPORATION, SHINN FU COMPANY OF AMERICA, INC., and MVP (HK) INDUSTRIES, LTD<br><br>Defendants. | Case 3:13-cv-00257-RNC<br><br>**DEFENDANTS SHINN FU CORPORATION RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**<br><br><br><br>Complaint Filed: January 30, 2013 |

///
///
///
///
///
///

**PROPOUNDING PARTY:** **PLAINTIFFS, FREDERICK KLORCZYK, JR. and LYNNE KLORCZYK**

**RESPONDING PARTY:** **DEFENDANT, SHINN FU CORPORATION**

**SET NO.:** **ONE**

Defendant , SHINN FU CORPORATION ("Respondent"),  provides the following responses to Request for Production of Documents (Set One) propounded by Plaintiffs, Frederick Klorczyk and Lynne Klorczyk.

## PRELIMINARY STATEMENT

Each of the following Responses is made solely for the purpose of this action.  Each Response is subject to any and all objections to competency, relevance, materiality, proprietary, and admissibility.  In addition, each Response is subject to any and all objections and/or grounds that would require the exclusion of any statement or material provided, or any part thereof, to any Requests for Production of Documents which were asked of, or any statement or material provided by, witnesses present and testifying in court.  All objections are reserved and may be asserted at the time of trial.  The Responses are based upon information presently available to Defendant.  The fact that Defendant has responded to or objected to any Requests for Production of Documents should not be taken as an admission that the Request for Production of Documents or Response thereto constitutes admissible evidence.  The mere fact that Defendant has responded to part of or all of any Request for Production of Documents is not intended to be, and shall not constitute a waiver by Defendant of any objections to the Request for Production of Documents.

Defendant has not completed its investigation and discovery of the matters at issue in this action and these Responses are based upon Defendant' knowledge, information, and belief as of this date.  Defendant reserve the right to make further responses if it appears that any omission or error has been made in connection with these Responses or in the event future or more accurate information is available.  These Responses are made without prejudice to the right to present at

2

trial such additional evidence as may be later discovered or evaluated.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

From the time when the Jack Stands were first developed and designed to the present, all Documents concerning the development and design of the Jack Stands

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

### REQUEST FOR PRODUCTION NO. 2:

From the time when the Jack Stands were first fabricated, manufactured, produced and assembled to the present, all Documents concerning the fabrication, manufacture, production and assembly of the Jack Stands.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

3

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents concerning the inspection, quality control, and/or quality assurance of the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents concerning the testing of the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order. This request is duplicative of Request for Production No. 3.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

4

**REQUEST FOR PRODUCTION NO. 5:**

All Documents concerning Defendants' business relationship with Sears, including, but not limited to, all contracts and agreements concerning the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents concerning the labeling, use, instructions, operating manual or warnings with respect to the Jack Stands

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents concerning the business relationship(s), including, but not limited to, any licensing or other agreements, between Defendants and MVP or Wei Fu with respect to the design, manufacture, distribution or sale of the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents concerning any partnerships or joint ventures with MVP or Wei Fu with respect to the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents concerning any consulting or professional, management or engineering

services agreements between Defendants and MVP or Wei Fu with respect to the design, manufacture or sale of the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents concerning Defendants' providing or procuring indemnification and/or insurance to or for MVP or Wei Fu with respect to the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 11:**

From the time when Defendants first began the design, manufacture, production or distribution of the Jack Stands to the present, all Documents concerning complaints (legal and non-

legal) or litigation (pending or settled) with respect to claims or allegations of Jack Stand malfunctions, design or manufacturing defects, failure to hold up a vehicle, and/or the spontaneous collapse or descent of the raised ratchet bar of a Jack Stand, and/or inferior materials used to manufacture the Jack Stand and/or poor workmanship in the fabrication of the Jack Stand.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request is compound and disjunctive to the point that the request is vague and ambiguous. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

## REQUEST FOR PRODUCTION NO. 12:

All Documents concerning customer hotline or consumer toll free line calls, internet bulletin board and/or website postings concerning complaints of Jack Stand performance, malfunction, failure to hold up a vehicle and/or spontaneous collapse or descent of the raised ratchet bar of the Jack Stand, or of inferior materials used to manufacture the Jack Stand or poor workmanship in the fabrication of the Jack Stand, or that the Jack Stand was defective.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

Objection. This request is overbroad, compound, disjunctive, conjunctive, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

## REQUEST FOR PRODUCTION NO. 13:

All Documents concerning load or other testing of Jack Stands not produced in response to Request Number 4.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order. This request is duplicative of Request for Production No. 3.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

## REQUEST FOR PRODUCTION NO. 14:

All Documents concerning the study or consideration of employing, or the feasibility of installing, different or other designs or safety features for the Jack Stands.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order. This request is duplicative of Request for Production No. 1.

Subject to, and without waiving these objections, Responding Party responds as follows:

9

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents concerning the analysis or assessment of the costs of any alternative design of or safety features for the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order. This request is duplicative of Request for Production No. 1.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents concerning the unit cost of manufacturing the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents concerning the unit cost of purchasing or fabricating each of the Jack Stand's components.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents concerning any requests made to Defendants by any insurance carrier, police department, local, state or federal government agency or department, concerning Jack Stand design, performance, malfunction, failure or complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Objection. This request is overbroad, disjunctive, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order. This request is burdensome and oppressive and outweighs the potential benefit, if any, to Plaintiffs.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

11

**REQUEST FOR PRODUCTION NO. 19:**

All Documents concerning applicable policies of primary, excess and umbrella insurance issued to Defendants including insurance policies, declaration sheets and all endorsements and completed application forms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Objection. This request is overbroad to the extent that it requests insurance application forms, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents concerning the name(s) and address(es) of the factory(ies) and locations where Defendants manufacture, manufactured, distribute or distributed Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents concerning Defendants' ownership or control of Wei Fu's manufacturing plant/factory in Taishan Town, Taishan, Jiangmen, Guandong, China, where Jack

Stands were/are manufactured.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents concerning the nature, scope and degree of Defendants' ownership interest, directly, or through other entities, of Shinn Hua.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and agreements between Defendants and FMRC, and/or prepared by Shinn Fu, concerning FMRC certification of Shinn Fu Jack Stand manufacturing facilities.

13

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Objection. This request is overbroad, disjunctive, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents concerning compliance with, or receiving certification for complying with, ISO standards with respect to Jack Stand design, manufacture, testing, inspection and labeling.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents received by, sent by or on behalf of, or prepared by or on behalf of Defendants, concerning or with respect to Jack Stand industry standards and/or ASME standards concerning Jack Stands, and/or PALD safety standards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Objection. This request is overbroad, disjunctive, compound, vague and ambiguous as to

14

time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents received by, sent by or on behalf of, or prepared by or on behalf of, Defendants concerning ASME committee meetings, ASME committee drafts or discussions, concerning or with respect to proposed or adopted ASME standards concerning Jack Stands and/or PALD safety standards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Objection. This request is overbroad, compound, disjunctive, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents concerning the use of a single Jack Stand to support all or a portion of a motor vehicle.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of

15

documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents comparing the cost, utility, functionality, failure rates, complaints and/or performance of Defendants' and/or MVP's, and/or Wei Fu's Jack Stands to those of other manufacturers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Objection. This request is overbroad, compound, disjunctive, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents concerning the suppliers, vendors or fabricators of the components of the Jack Stands, including ratchet bar, locking pawl, saddle, roll pin, locking handle and base frame.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the

16

disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents concerning instances of a Jack Stand being subject to a shock load (i.e., a load dropping suddenly or unexpectedly on it).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents concerning instances of Jack Stands failing to perform as intended.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents from 1988 to the present concerning Defendants' establishment of MVP in 1988, as noted in the attached document entitled "Presentation of Shinn Fu Corporation 2011".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents from 1988 to the present concerning MVP and/or Wei Fu being part of Shinn Fu's affiliated global operations, as noted in the attached document entitled "Presentation of Shinn Fu Corporation 2011"

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents concerning Defendants appointing members of the Board of Directors or other supervising or managing board of MVP and/or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents concerning Defendants or their officers or directors appointing the officers, executives or senior management of MVP and/or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents concerning loans by Defendants to MVP or Wei Fu or by MVP or Wei Fu to Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents concerning loan or debt guarantees by or between any or all of the Defendants and MVP or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents concerning the nature, scope and degree of any or all of the Defendants' ownership interest in MVP or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request

20

calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents concerning money transfers and money distributions by or from MVP to any or all of the Defendants or by and from Defendants to MVP or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents concerning shared or common office space, headquarters, plants, factories, distribution facilities, bank accounts, phone or fax lines of any or all of the Defendants and MVP or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents concerning dividend payments or return of capital payments from MVP and/or Wei Fu to any or all of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents concerning common or shared accounting, auditing, legal, insurance and/or payroll services between any or all of the Defendants and MVP and/or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents concerning communications between any or all of the Defendants and MVP and/or Wei Fu with respect to Jack Stand design, manufacture, distribution, sale, marketing and testing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43**:

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents concerning communications between any or all of the Defendants and MVP and/or Wei Fu with respect to supplying, distributing or selling private label Jack Stands in the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents concerning communications between any or all of the Defendants and MVP and/or Wei Fu with respect to supplying, distributing and/or selling Jack Stands to Sears.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated

to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents concerning the development of warnings for the Jack Stands, including, but not limited to, Documents concerning when warnings were developed for the Jack Stands, revisions to the warnings for the Jack Stands and, from the time when Defendants first developed warnings to the present, Documents concerning all claims (legal and non-legal) and litigation (pending or settled) with respect to warnings for the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents concerning any and all inquiries or investigations of Defendants, MVP, Wei Fu, Shinn Hua and/or Sears by agencies of the United States or any state thereof, including,

but not limited to, the United States Consumer Product Safety Commission and the National Highway Traffic Safety Administration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents concerning Defendants' filing of the Answer dated March 4, 2013, including, but not limited to, Defendants' admissions in Paragraph 2 thereof.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48**:

Objection. This request is overbroad and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

DATED: August 9, 2013  Defendants,
**SHINN FU CORPORATION, SHINN FU COMPANY OF AMERICA, INC., AND MVP (HK) INDUSTRIES, LTD.**

By: _____
Sean P. Flynn, Esq.
Bar No.: CA 220184
M. Amadea Groseclose, Esq.
Bar No.: CA 267091
Foley & Mansfield, PLLP
300 South Grand Avenue, Suite 2800
Los Angeles, CA 90071
(213) 283-2100
(213) 283-2101 (Facsimile)
sflynn@foleymansfield.com

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually | Case 3:13-cv-00257-RNC |
| Plaintiff, | |
| vs. | **CERTIFICATE OF SERVICE** |
| SEARS, ROEBUCK AND CO., SHINN FU CORPORATION and SHINN FU COMPANY OF AMERICA, INC. | Complaint Filed: January 30, 2012 |
| Defendants. | |

///

///

///

///

///

///

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on __August 9, 2013__ a copy of the foregoing

**DEFENDANT SHINN FU CORPORATION RESPONSES TO**

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION** was sent,

via first class mail, postage prepaid, to the following counsel(s) of record:

David J. Elliott, Esq.
Bryan J. Orticelli, Esq.
Kaitlin A. Canty, Esq.
DAY PITNEY LLP
242 Trumbull Street
Hartford, Connecticut 06103-1212

Erica W. Todd, Esq.
Trotta, Trotta & Trotta
P.O. Box 802
900 Chapel Street
New Haven, CT 06503

Philip T. Newbury, Jr., Esq.
Christopher M. Vossler, Esq.
Howd & Ludorf, LLC
65 Wethersfield Ave.
Hartford , CT 06114

Joseph Donat, Esq.
Howard Wexler, Esq.
Howard Edinburgh, Esq.
Michael Gallub, Esq.
HERZFELD & RUBIN, P.C.
125 Broad Street
New York, NY 10004

By: _____

Olga Valadez
Foley & Mansfield, PLLP
300 South Grand Avenue, Suite 2800
Los Angeles CA 90071
(213) 283-2100
(213) 283-2101 (Facsimile)

2

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually<br><br>        Plaintiff,<br><br>    vs.<br><br>SEARS, ROEBUCK AND CO., SHINN FU CORPORATION, SHINN FU COMPANY OF AMERICA, INC., and MVP (HK) INDUSTRIES, LTD<br><br>        Defendants. | Case 3:13-cv-00257-RNC<br><br>**DEFENDANT SHINN FU COMPANY OF AMERICA, INC.'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**<br><br><br><br>Complaint Filed: January 30, 2013 |

///

///

///

///

///

///

**PROPOUNDING PARTY:** **PLAINTIFFS, FREDERICK KLORCZYK, JR. and LYNNE KLORCZYK**

**RESPONDING PARTY:** **DEFENDANT, SHINN FU COMPANY OF AMERICA, INC.**

**SET NO.:** **ONE**

Defendant , SHINN FU COMPANY OF AMERICA, INC. ("Respondent"),  provides the following responses to Request for Production of Documents (Set One) propounded by Plaintiffs, Frederick Klorczyk and Lynne Klorczyk.

## PRELIMINARY STATEMENT

Each of the following Responses is made solely for the purpose of this action.  Each Response is subject to any and all objections to competency, relevance, materiality, proprietary, and admissibility.  In addition, each Response is subject to any and all objections and/or grounds that would require the exclusion of any statement or material provided, or any part thereof, to any Requests for Production of Documents which were asked of, or any statement or material provided by, witnesses present and testifying in court.  All objections are reserved and may be asserted at the time of trial.  The Responses are based upon information presently available to Defendant.  The fact that Defendant has responded to or objected to any Requests for Production of Documents should not be taken as an admission that the Request for Production of Documents or Response thereto constitutes admissible evidence.  The mere fact that Defendant has responded to part of or all of any Request for Production of Documents is not intended to be, and shall not constitute a waiver by Defendant of any objections to the Request for Production of Documents.

Defendant has not completed its investigation and discovery of the matters at issue in this action and these Responses are based upon Defendant' knowledge, information, and belief as of this date.  Defendant reserve the right to make further responses if it appears that any omission or error has been made in connection with these Responses or in the event future or more accurate information is available.  These Responses are made without prejudice to the right to present at

2

trial such additional evidence as may be later discovered or evaluated.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

From the time when the Jack Stands were first developed and designed to the present, all Documents concerning the development and design of the Jack Stands

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 2:**

From the time when the Jack Stands were first fabricated, manufactured, produced and assembled to the present, all Documents concerning the fabrication, manufacture, production and assembly of the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

3

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents concerning the inspection, quality control, and/or quality assurance of the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents concerning the testing of the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order. This request is duplicative of Request for Production No. 3.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

4

**REQUEST FOR PRODUCTION NO. 5:**

All Documents concerning Defendants' business relationship with Sears, including, but not limited to, all contracts and agreements concerning the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents concerning the labeling, use, instructions, operating manual or warnings with respect to the Jack Stands

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

5

**REQUEST FOR PRODUCTION NO. 7:**

All Documents concerning the business relationship(s), including, but not limited to, any licensing or other agreements, between Defendants and MVP or Wei Fu with respect to the design, manufacture, distribution or sale of the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents concerning any partnerships or joint ventures with MVP or Wei Fu with respect to the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents concerning any consulting or professional, management or engineering

6

services agreements between Defendants and MVP or Wei Fu with respect to the design, manufacture or sale of the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents concerning Defendants' providing or procuring indemnification and/or insurance to or for MVP or Wei Fu with respect to the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 11:**

From the time when Defendants first began the design, manufacture, production or distribution of the Jack Stands to the present, all Documents concerning complaints (legal and non-

legal) or litigation (pending or settled) with respect to claims or allegations of Jack Stand malfunctions, design or manufacturing defects, failure to hold up a vehicle, and/or the spontaneous collapse or descent of the raised ratchet bar of a Jack Stand, and/or inferior materials used to manufacture the Jack Stand and/or poor workmanship in the fabrication of the Jack Stand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request is compound and disjunctive to the point that the request is vague and ambiguous. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents concerning customer hotline or consumer toll free line calls, internet bulletin board and/or website postings concerning complaints of Jack Stand performance, malfunction, failure to hold up a vehicle and/or spontaneous collapse or descent of the raised ratchet bar of the Jack Stand, or of inferior materials used to manufacture the Jack Stand or poor workmanship in the fabrication of the Jack Stand, or that the Jack Stand was defective.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Objection. This request is overbroad, compound, disjunctive, conjunctive, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

8

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents concerning load or other testing of Jack Stands not produced in response to Request Number 4.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order. This request is duplicative of Request for Production No. 3.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents concerning the study or consideration of employing, or the feasibility of installing, different or other designs or safety features for the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order. This request is duplicative of Request for Production No. 1.

Subject to, and without waiving these objections, Responding Party responds as follows:

9

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents concerning the analysis or assessment of the costs of any alternative design of or safety features for the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order. This request is duplicative of Request for Production No. 1.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents concerning the unit cost of manufacturing the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

10

**REQUEST FOR PRODUCTION NO. 17:**

All Documents concerning the unit cost of purchasing or fabricating each of the Jack Stand's components.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents concerning any requests made to Defendants by any insurance carrier, police department, local, state or federal government agency or department, concerning Jack Stand design, performance, malfunction, failure or complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Objection. This request is overbroad, disjunctive, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order. This request is burdensome and oppressive and outweighs the potential benefit, if any, to Plaintiffs.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

11

**REQUEST FOR PRODUCTION NO. 19:**

All Documents concerning applicable policies of primary, excess and umbrella insurance issued to Defendants including insurance policies, declaration sheets and all endorsements and completed application forms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Objection. This request is overbroad to the extent that it requests insurance application forms, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents concerning the name(s) and address(es) of the factory(ies) and locations where Defendants manufacture, manufactured, distribute or distributed Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents concerning Defendants' ownership or control of Wei Fu's manufacturing plant/factory in Taishan Town, Taishan, Jiangmen, Guandong, China, where Jack

Stands were/are manufactured.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents concerning the nature, scope and degree of Defendants' ownership interest, directly, or through other entities, of Shinn Hua.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and agreements between Defendants and FMRC, and/or prepared by Shinn Fu, concerning FMRC certification of Shinn Fu Jack Stand manufacturing facilities.

13

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Objection.  This request is overbroad, disjunctive, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents concerning compliance with, or receiving certification for complying with, ISO standards with respect to Jack Stand design, manufacture, testing, inspection and labeling.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents received by, sent by or on behalf of, or prepared by or on behalf of Defendants, concerning or with respect to Jack Stand industry standards and/or ASME standards concerning Jack Stands, and/or PALD safety standards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Objection.  This request is overbroad, disjunctive, compound, vague and ambiguous as to

14

time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents received by, sent by or on behalf of, or prepared by or on behalf of, Defendants concerning ASME committee meetings, ASME committee drafts or discussions, concerning or with respect to proposed or adopted ASME standards concerning Jack Stands and/or PALD safety standards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Objection. This request is overbroad, compound, disjunctive, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents concerning the use of a single Jack Stand to support all or a portion of a motor vehicle.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of

15

documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents comparing the cost, utility, functionality, failure rates, complaints and/or performance of Defendants' and/or MVP's, and/or Wei Fu's Jack Stands to those of other manufacturers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Objection. This request is overbroad, compound, disjunctive, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents concerning the suppliers, vendors or fabricators of the components of the Jack Stands, including ratchet bar, locking pawl, saddle, roll pin, locking handle and base frame.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the

disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents concerning instances of a Jack Stand being subject to a shock load (i.e., a load dropping suddenly or unexpectedly on it).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents concerning instances of Jack Stands failing to perform as intended.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

17

**REQUEST FOR PRODUCTION NO. 32:**

All Documents from 1988 to the present concerning Defendants' establishment of MVP in 1988, as noted in the attached document entitled "Presentation of Shinn Fu Corporation 2011".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents from 1988 to the present concerning MVP and/or Wei Fu being part of Shinn Fu's affiliated global operations, as noted in the attached document entitled "Presentation of Shinn Fu Corporation 2011"

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

18

**REQUEST FOR PRODUCTION NO. 34:**

All Documents concerning Defendants appointing members of the Board of Directors or other supervising or managing board of MVP and/or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents concerning Defendants or their officers or directors appointing the officers, executives or senior management of MVP and/or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents concerning loans by Defendants to MVP or Wei Fu or by MVP or Wei Fu to Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents concerning loan or debt guarantees by or between any or all of the Defendants and MVP or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents concerning the nature, scope and degree of any or all of the Defendants' ownership interest in MVP or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request

20

calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

## REQUEST FOR PRODUCTION NO. 39:

All Documents concerning money transfers and money distributions by or from MVP to any or all of the Defendants or by and from Defendants to MVP or Wei Fu.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

## REQUEST FOR PRODUCTION NO. 40:

All Documents concerning shared or common office space, headquarters, plants, factories, distribution facilities, bank accounts, phone or fax lines of any or all of the Defendants and MVP or Wei Fu.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 40:

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents concerning dividend payments or return of capital payments from MVP and/or Wei Fu to any or all of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents concerning common or shared accounting, auditing, legal, insurance and/or payroll services between any or all of the Defendants and MVP and/or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents concerning communications between any or all of the Defendants and MVP and/or Wei Fu with respect to Jack Stand design, manufacture, distribution, sale, marketing and testing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43**:

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents concerning communications between any or all of the Defendants and MVP and/or Wei Fu with respect to supplying, distributing or selling private label Jack Stands in the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44**:

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.  This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents concerning communications between any or all of the Defendants and MVP and/or Wei Fu with respect to supplying, distributing and/or selling Jack Stands to Sears.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45**:

Objection.  This request is overbroad, vague and ambiguous as to time, and not calculated

to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents concerning the development of warnings for the Jack Stands, including, but not limited to, Documents concerning when warnings were developed for the Jack Stands, revisions to the warnings for the Jack Stands and, from the time when Defendants first developed warnings to the present, Documents concerning all claims (legal and non-legal) and litigation (pending or settled) with respect to warnings for the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture or distribute the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents concerning any and all inquiries or investigations of Defendants, MVP, Wei Fu, Shinn Hua and/or Sears by agencies of the United States or any state thereof, including,

but not limited to, the United States Consumer Product Safety Commission and the National Highway Traffic Safety Administration.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

## REQUEST FOR PRODUCTION NO. 48:

All Documents concerning Defendants' filing of the Answer dated March 4, 2013, including, but not limited to, Defendants' admissions in Paragraph 2 thereof.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48**:

Objection.  This request is overbroad and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced.

DATED:  August 9, 2013

Defendants,
**SHINN FU CORPORATION, SHINN FU COMPANY OF AMERICA, INC., AND MVP (HK) INDUSTRIES, LTD.**


By: _____
Sean P. Flynn, Esq.
Bar No.: CA 220184
M. Amadea Groseclose, Esq.
Bar No.: CA 267091
Foley & Mansfield, PLLP
300 South Grand Avenue, Suite 2800
Los Angeles, CA 90071
(213) 283-2100
(213) 283-2101 (Facsimile)
sflynn@foleymansfield.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually | Case 3:13-cv-00257-RNC |
| Plaintiff, | |
| vs. | **CERTIFICATE OF SERVICE** |
| SEARS, ROEBUCK AND CO., SHINN FU CORPORATION and SHINN FU COMPANY OF AMERICA, INC. | Complaint Filed: January 30, 2012 |
| Defendants. | |

///
///
///
///
///
///

# CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on **August 9, 2013** a copy of the foregoing **DEFENDANT SHINN FU COMPANY OF AMERICA, INC.'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION** was

sent, via first class mail, postage prepaid, to the following counsel(s) of record:

David J. Elliott, Esq.
Bryan J. Orticelli, Esq.
Kaitlin A. Canty, Esq.
DAY PITNEY LLP
242 Trumbull Street
Hartford, Connecticut 06103-1212

Erica W. Todd, Esq.
Trotta, Trotta & Trotta
P.O. Box 802
900 Chapel Street
New Haven, CT 06503

Philip T. Newbury, Jr., Esq.
Christopher M. Vossler, Esq.
Howd & Ludorf, LLC
65 Wethersfield Ave.
Hartford, CT 06114

Joseph Donat, Esq.
Howard Wexler, Esq.
Howard Edinburgh, Esq.
Michael Gallub, Esq.
HERZFELD & RUBIN, P.C.
125 Broad Street
New York, NY 10004

By: _____

Olga Valadez
Foley & Mansfield, PLLP
300 South Grand Avenue, Suite 2800
Los Angeles CA 90071
(213) 283-2100
(213) 283-2101 (Facsimile)

2

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually<br><br>       Plaintiff,<br><br>vs.<br><br>SEARS, ROEBUCK AND CO., MVP CORPORATION, MVP COMPANY OF AMERICA, INC., and MVP (HK) INDUSTRIES, LTD<br><br>       MVP. | Case 3:13-cv-00257-RNC<br><br>**MVP (HK) INDUSTRIES, LTD'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**<br><br><br><br>Complaint Filed: January 30, 2013 |

///

///

///

///

///

///

**PROPOUNDING PARTY:** **PLAINTIFFS, FREDERICK KLORCZYK, JR. and LYNNE KLORCZYK**

**RESPONDING PARTY:** **DEFENDANT, MVP (HK) INDUSTRIES, LTD**

**SET NO.:** **ONE**

Defendant, MVP (HK) INDUSTRIES, LTD, provides the following responses to Request for Production of Documents (Set One) propounded by Plaintiffs, Frederick Klorczyk, Jr. and Lynne Klorczyk in order to preserve objections pursuant to the Court's August 8, 2013 Order.

## PRELIMINARY STATEMENT

Each of the following Responses is made solely for the purpose of this action. Each Response is subject to any and all objections to competency, relevance, materiality, proprietary, and admissibility. In addition, each Response is subject to any and all objections and/or grounds that would require the exclusion of any statement or material provided, or any part thereof, to any Requests for Production of Documents which were asked of, or any statement or material provided by, witnesses present and testifying in court. All objections are reserved and may be asserted at the time of trial. The Responses are based upon information presently available to Defendant. The fact that Defendant has responded to or objected to any Requests for Production of Documents should not be taken as an admission that the Request for Production of Documents or Response thereto constitutes admissible evidence. The mere fact that Defendant has responded to part of or all of any Request for Production of Documents is not intended to be, and shall not constitute a waiver by Defendant of any objections to the Request for Production of Documents.

Defendant has not completed its investigation and discovery of the matters at issue in this action and these Responses are based upon Defendant' knowledge, information, and belief as of this date. Defendant reserve the right to make further responses if it appears that any omission or error has been made in connection with these Responses or in the event future or more accurate

information is available. These Responses are made without prejudice to the right to present at trial such additional evidence as may be later discovered or evaluated.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

From the time when the Jack Stands were first developed and designed to the present, all Documents concerning the development and design of the Jack Stands

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 2:**

From the time when the Jack Stands were first fabricated, manufactured, produced and assembled to the present, all Documents concerning the fabrication, manufacture, production and assembly of the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

3

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents concerning the inspection, quality control, and/or quality assurance of the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents concerning the testing of the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order. This request is duplicative of Request for Production No. 3.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents concerning Defendants' business relationship with Sears, including, but

4

not limited to, all contracts and agreements concerning the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents concerning the labeling, use, instructions, operating manual or warnings with respect to the Jack Stands

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents concerning the business relationship(s), including, but not limited to, any licensing or other agreements, between Defendants and MVP or Wei Fu with respect to the design, manufacture, distribution or sale of the Jack Stands.

5

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents concerning any partnerships or joint ventures with MVP or Wei Fu with respect to the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents concerning any consulting or professional, management or engineering services agreements between Defendants and MVP or Wei Fu with respect to the design, manufacture or sale of the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated

to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents concerning Defendants' providing or procuring indemnification and/or insurance to or for MVP or Wei Fu with respect to the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 11:**

From the time when Defendants first began the design, manufacture, production or distribution of the Jack Stands to the present, all Documents concerning complaints (legal and non-legal) or litigation (pending or settled) with respect to claims or allegations of Jack Stand malfunctions, design or manufacturing defects, failure to hold up a vehicle, and/or the spontaneous collapse or descent of the raised ratchet bar of a Jack Stand, and/or inferior materials used to manufacture the Jack Stand and/or poor workmanship in the fabrication of the Jack Stand.

7

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request is compound and disjunctive to the point that the request is vague and ambiguous. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents concerning customer hotline or consumer toll free line calls, internet bulletin board and/or website postings concerning complaints of Jack Stand performance, malfunction, failure to hold up a vehicle and/or spontaneous collapse or descent of the raised ratchet bar of the Jack Stand, or of inferior materials used to manufacture the Jack Stand or poor workmanship in the fabrication of the Jack Stand, or that the Jack Stand was defective.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Objection. This request is overbroad, compound, disjunctive, conjunctive, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents concerning load or other testing of Jack Stands not produced in

8

response to Request Number 4.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order. This request is duplicative of Request for Production No. 3.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents concerning the study or consideration of employing, or the feasibility of installing, different or other designs or safety features for the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order. This request is duplicative of Request for Production No. 1.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents concerning the analysis or assessment of the costs of any alternative design of or safety features for the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order. This request is duplicative of Request for Production No. 1.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents concerning the unit cost of manufacturing the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

10

**REQUEST FOR PRODUCTION NO. 17:**

All Documents concerning the unit cost of purchasing or fabricating each of the Jack Stand's components.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents concerning any requests made to Defendants by any insurance carrier, police department, local, state or federal government agency or department, concerning Jack Stand design, performance, malfunction, failure or complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Objection. This request is overbroad, disjunctive, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order. This request is burdensome and oppressive and outweighs the potential benefit, if any, to Plaintiffs.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

11

**REQUEST FOR PRODUCTION NO. 19:**

All Documents concerning applicable policies of primary, excess and umbrella insurance issued to Defendants including insurance policies, declaration sheets and all endorsements and completed application forms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Objection. This request is overbroad to the extent that it requests insurance application forms, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents concerning the name(s) and address(es) of the factory(ies) and locations where Defendants manufacture, manufactured, distribute or distributed Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents concerning Defendants' ownership or control of Wei Fu's

manufacturing plant/factory in Taishan Town, Taishan, Jiangmen, Guandong, China, where Jack Stands were/are manufactured.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents concerning the nature, scope and degree of Defendants' ownership interest, directly, or through other entities, of Shinn Hua.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and agreements between Defendants and FMRC, and/or prepared by Shinn Fu, concerning FMRC certification of Shinn Fu Jack Stand manufacturing facilities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Objection. This request is overbroad, disjunctive, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents concerning compliance with, or receiving certification for complying with, ISO standards with respect to Jack Stand design, manufacture, testing, inspection and labeling.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents received by, sent by or on behalf of, or prepared by or on behalf of Defendants, concerning or with respect to Jack Stand industry standards and/or ASME standards concerning Jack Stands, and/or PALD safety standards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Objection. This request is overbroad, disjunctive, compound, vague and ambiguous as to

time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

    Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

## REQUEST FOR PRODUCTION NO. 26:

    All Documents received by, sent by or on behalf of, or prepared by or on behalf of, Defendants concerning ASME committee meetings, ASME committee drafts or discussions, concerning or with respect to proposed or adopted ASME standards concerning Jack Stands and/or PALD safety standards.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

    Objection. This request is overbroad, compound, disjunctive, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

    Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

## REQUEST FOR PRODUCTION NO. 27:

    All Documents concerning the use of a single Jack Stand to support all or a portion of a motor vehicle.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

    Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of

15

documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents comparing the cost, utility, functionality, failure rates, complaints and/or performance of Defendants' and/or MVP's, and/or Wei Fu's Jack Stands to those of other manufacturers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Objection. This request is overbroad, compound, disjunctive, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents concerning the suppliers, vendors or fabricators of the components of the Jack Stands, including ratchet bar, locking pawl, saddle, roll pin, locking handle and base frame.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the

disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents concerning instances of a Jack Stand being subject to a shock load (i.e., a load dropping suddenly or unexpectedly on it).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents concerning instances of Jack Stands failing to perform as intended.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents from 1988 to the present concerning Defendants' establishment of MVP in 1988, as noted in the attached document entitled "Presentation of Shinn Fu Corporation 2011".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents from 1988 to the present concerning MVP and/or Wei Fu being part of Shinn Fu's affiliated global operations, as noted in the attached document entitled "Presentation of Shinn Fu Corporation 2011"

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

18

**REQUEST FOR PRODUCTION NO. 34:**

All Documents concerning Defendants appointing members of the Board of Directors or other supervising or managing board of MVP and/or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents concerning Defendants or their officers or directors appointing the officers, executives or senior management of MVP and/or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents concerning loans by Defendants to MVP or Wei Fu or by MVP or Wei Fu to Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents concerning loan or debt guarantees by or between any or all of the Defendants and MVP or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents concerning the nature, scope and degree of any or all of the Defendants' ownership interest in MVP or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request

calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

## REQUEST FOR PRODUCTION NO. 39:

All Documents concerning money transfers and money distributions by or from MVP to any or all of the Defendants or by and from Defendants to MVP or Wei Fu.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

## REQUEST FOR PRODUCTION NO. 40:

All Documents concerning shared or common office space, headquarters, plants, factories, distribution facilities, bank accounts, phone or fax lines of any or all of the Defendants and MVP or Wei Fu.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 40:

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents concerning dividend payments or return of capital payments from MVP and/or Wei Fu to any or all of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents concerning common or shared accounting, auditing, legal, insurance and/or payroll services between any or all of the Defendants and MVP and/or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request also calls for the disclosure of confidential information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents concerning communications between any or all of the Defendants and MVP and/or Wei Fu with respect to Jack Stand design, manufacture, distribution, sale, marketing and testing.

22

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43**:

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents concerning communications between any or all of the Defendants and MVP and/or Wei Fu with respect to supplying, distributing or selling private label Jack Stands in the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44**:

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents concerning communications between any or all of the Defendants and MVP and/or Wei Fu with respect to supplying, distributing and/or selling Jack Stands to Sears.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45**:

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated

to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents concerning the development of warnings for the Jack Stands, including, but not limited to, Documents concerning when warnings were developed for the Jack Stands, revisions to the warnings for the Jack Stands and, from the time when Defendants first developed warnings to the present, Documents concerning all claims (legal and non-legal) and litigation (pending or settled) with respect to warnings for the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence as Respondent did not manufacture the Jack Stands. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents concerning any and all inquiries or investigations of Defendants, MVP, Wei Fu, Shinn Hua and/or Sears by agencies of the United States or any state thereof, including, but not limited to, the United States Consumer Product Safety Commission and the National Highway Traffic Safety Administration.

24

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47**:

Objection. This request is overbroad, vague and ambiguous as to time, and not calculated to lead to the discovery of admissible evidence. This request also calls for the production of documents protected by the attorney client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request also calls for the disclosure of confidential and/or Trade Secret information that will only be produced pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds as follows:

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 48**:

All Documents concerning Defendants' filing of the Answer dated March 4, 2013, including, but not limited to, Defendants' admissions in Paragraph 2 thereof.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48**:

Objection.  This request is overbroad and not calculated to lead to the discovery of admissible evidence.  This request also calls for the production of documents protected by the attorney client and attorney work product privileges.

Subject to, and without waiving these objections, Responding Party responds as follows: No documents will be produced at this time.

DATED:  August 9, 2013

Defendants
**MVP CORPORATION, MVP
COMPANY OF AMERICA, INC., AND
MVP (HK) INDUSTRIES, LTD.**


By:

Sean P. Flynn, Esq.
Bar No.: CA 220184
M. Amadea Groseclose, Esq.
Bar No.: CA 267091
Foley & Mansfield, PLLP
300 South Grand Avenue, Suite 2800
Los Angeles, CA 90071
(213) 283-2100
(213) 283-2101 (Facsimile)
sflynn@foleymansfield.com

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually<br><br>Plaintiff,<br><br>vs.<br><br>SEARS, ROEBUCK AND CO., SHINN FU CORPORATION and SHINN FU COMPANY OF AMERICA, INC.<br><br>Defendants. | Case 3:13-cv-00257-RNC<br><br><br>**CERTIFICATE OF SERVICE**<br><br><br><br>Complaint Filed: January 30, 2012 |

///

///

///

///

///

///

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on  **August 9, 2013** a copy of the foregoing

**MVP (HK) INDUSTRIES, LTD'S,  RESPONSES TO PLAINTIFFS' FIRST**

**SET OF REQUESTS FOR PRODUCTION** was sent, via first class mail,

postage prepaid, to the following counsel(s) of record:

David J. Elliott, Esq.
Bryan J. Orticelli, Esq.
Kaitlin A. Canty, Esq.
DAY PITNEY LLP
242 Trumbull Street
Hartford, Connecticut  06103-1212

Erica W. Todd, Esq.
Trotta, Trotta & Trotta
P.O. Box 802
900 Chapel Street
New Haven, CT  06503

Philip T. Newbury, Jr., Esq.
Christopher  M. Vossler, Esq.
Howd & Ludorf, LLC
65 Wethersfield Ave.
Hartford , CT  06114

Joseph  Donat, Esq.
Howard Wexler, Esq.
Howard Edinburgh,  Esq.
Michael Gallub, Esq.
HERZFELD & RUBIN, P.C.
125 Broad  Street
New York, NY  10004

By: _____

Olga Valadez
Foley & Mansfield, PLLP
300 South Grand Avenue, Suite 2800
Los Angeles CA 90071
(213) 283-2100
(213) 283-2101 (Facsimile)

2

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually <br><br> Plaintiff, <br><br> vs. <br><br> SEARS, ROEBUCK AND CO., SHINN FU CORPORATION, SHINN FU COMPANY OF AMERICA, INC., and MVP (HK) INDUSTRIES, LTD <br><br> Defendants. | Case 3:13-cv-00257-RNC <br><br> **DEFENDANT SHINN FU CORPORATION RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** <br><br><br><br><br> Complaint Filed: January 30, 2013 |

///

///

///

///

///

///

**PROPOUNDING PARTY:** **PLAINTIFF, FREDERICK KLORCZYK, JR.**

**RESPONDING PARTY:** **DEFENDANT, SHINN FU CORPORATION**

**SET NO.:** **ONE**

     Responding Party provides the following responses to Special Interrogatories (Set One) propounded by Propounding Party.

<p style="text-align:center"><u>**PRELIMINARY STATEMENT**</u></p>

     Each of the following Responses is made solely for the purpose of this action. Each Response is subject to any and all objections to competency, relevance, materiality, proprietary, and admissibility. In addition, each Response is subject to any and all objections and/or grounds that would require the exclusion of any statement or material provided, or any part thereof, to any Special Interrogatories which were asked of, or any statement or material provided by, witnesses present and testifying in court. All objections are reserved and may be asserted at the time of trial. The Responses are based upon information presently available to Responding Party. The fact that Responding Party has responded to or objected to any Special Interrogatories should not be taken as an admission that the Special Interrogatories or Response thereto constitutes admissible evidence. The mere fact that Responding Party has responded to part of or all of any Special Interrogatories is not intended to be, and shall not constitute a waiver by Responding Party of any objections to the Special Interrogatories.

     Responding Party has not completed its investigation and discovery of the matters at issue in this action and these Responses are based upon Responding Party knowledge, information, and belief as of this date. Responding Party reserve the right to make further responses if it appears that any omission or error has been made in connection with these Responses or in the event future or more accurate information is available. These Responses are made without prejudice to the right to present at trial such additional evidence as may be later discovered or evaluated.

## GENERAL OBJECTIONS

Responding Party objects to this Demand on the grounds that is vague, ambiguous, and overbroad. Responding Party further objects to this Demand on the grounds that it is unreasonably burdensome and propounded solely to annoy, vex, and harass Responding Party. Responding Party objects to this Demand on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each person involved in answering these Interrogatories, including every person who will be consulted or contacted regarding answering these Interrogatories.

### RESPONSE TO INTERROGATORY NO. 1:

Objection: This Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine This request also seeks premature disclosure of expert identification and testimony.

Subject to, and without waiving these objections, Responding Party responds as follows:

Sean P. Flynn, Esq. of Foley & Mansfield, PLLP

### INTERROGATORY NO. 2:

Identify each incident involving a Jack Stand known to Defendants, including the date and location of the event, the specific type, capacity and model Jack Stand involved, the nature of the incident, the results of any incident investigation by or on behalf of Defendants, in which one or more of the following occurred, or was alleged to have occurred:

(a) The Jack Stand was alleged to be defective or unsafe;

(b) The Jack Stand was alleged to have malfunctioned;

(c) The Jack Stand was alleged to have failed to hold up a vehicle;

(d) There was an alleged spontaneous collapse or descent of the raised ratchet bar of the Jack Stand;

3

(e)     The Jack Stand was allegedly manufactured with inferior materials or had poor
        workmanship in its assembly or fabrication;

(f)     The incident allegedly involved the use of only one Jack Stand.

## RESPONSE TO INTERROGATORY NO. 2:

Objection: Discovery has just begun in this matter and Responding Party has not
completed its investigation into the matters alleged in the First Amended Complaint. Further,
Responding Party has not received discovery responses from Plaintiffs nor taken their
depositions yet, and thus has not had an opportunity to learn any of the facts upon which
Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague
as to time and seeks information not calculated to lead to the discovery of admissible evidence.
This Interrogatory assumes that "incidents" have occurred and that these types of records have
been maintained, thereby imposing a requirement on Responding Party not contemplated by the
Federal Rules of Civil Procedure, namely the creation of documents for the purpose of litigation.
Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and
attorney work product doctrine. This request also seeks premature disclosure of expert
identification and testimony.

## INTERROGATORY NO. 3:

For those incidents identified in response to Interrogatory 2 which resulted in a claim or
lawsuit against Defendants, Sears, MVP and/or Wei Fu, or against any other person to whom
Defendants provided a defense, indemnification or insurance coverage (under Defendants'
policy), please state in full the caption of each case, docket number, location of the Court,
attorney(s) name(s) and address(es) for plaintiff(s), present status of case and/or ultimate
disposition for each claim or lawsuit.

## RESPONSE TO INTERROGATORY NO. 3:

Objection: Discovery has just begun in this matter and Responding Party has not
completed its investigation into the matters alleged in the First Amended Complaint. Further,
Responding Party has not received discovery responses from Plaintiffs nor taken their

4

depositions yet, and thus has not had an opportunity to learn any of the facts upon which

Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague

as to time and seeks information not calculated to lead to the discovery of admissible evidence.

This Interrogatory assumes that "incidents" have occurred and that these types of records have

been maintained, thereby imposing a requirement on Responding Party not contemplated by the

Federal Rules of Civil Procedure, namely the creation of documents for the purpose of litigation.

Furthermore, this interrogatory seeks information protected by the attorney-client privilege and

attorney work product doctrine. This request also seeks premature disclosure of expert

identification and testimony.

## INTERROGATORY NO. 4:

With respect to the Jack Stands, identify the persons who:

(a)     Designed them;

(b)     Manufactured them, including listing the name and address of the plant(s) or

factory(ies) and the identity of the owner(s) of said plant(s) or factory(ies);

(c)     Tested them;

(d)     Distributed them;

(e)     Imported them into the United States;

(f)     Sold them to Sears.

## RESPONSE TO INTERROGATORY NO. 4:

Objection: Discovery has just begun in this matter and Responding Party has not

completed its investigation into the matters alleged in the First Amended Complaint. Further,

Responding Party has not received discovery responses from Plaintiffs nor taken their

depositions yet, and thus has not had an opportunity to learn any of the facts upon which

Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague

as to time and seeks information not calculated to lead to the discovery of admissible evidence.

Furthermore, this interrogatory seeks information protected by the attorney-client privilege and

attorney work product doctrine. This request also seeks premature disclosure of expert

identification and testimony. This request further is in violation of Fed. R. Civ. Proc. 33(a) as the sub-parts are not discrete as they relate to Responding Party since Responding Party did not manufacture or distribute the product during the relevant time period.

**INTERROGATORY NO. 5:**

Identify the private labeled brand retailers to whom Defendants designed, manufactured, distributed or supplied Jack Stands in the United States.

**RESPONSE TO INTERROGATORY NO. 5:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also confidential and/or Trade Secret information that will not be disclosed.

**INTERROGATORY NO. 6:**

Identify, by model number and load capacity or other identifying characteristics, each model or type Jack Stand which Defendants manufactured, distributed or sold to Sears and for each said Jack Stand type/model provide the following:

        (a)       Year(s) in which the Jack Stand was sold to Sears;

        (b)       Number of units sold per year to Sears;

        (c)       Unit price charged to Sears.

**RESPONSE TO INTERROGATORY NO. 6:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their

depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also confidential and/or Trade Secret information that will not be disclosed.

**INTERROGATORY NO. 7:**

Identify the engineer(s) or other person(s) responsible for designing, developing, manufacturing, assembling and/or inspecting the Jack Stands and/or overseeing the design, development, manufacture, assembly and inspection of the Jack Stands. If the Jack Stands evolved from any predecessor or carryover design, identify the responsible design engineer(s) and person(s) responsible or accountable for the initial design and the carryover design.

**RESPONSE TO INTERROGATORY NO. 7:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory seeks confidential third party information. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 8:**

Identify the engineer(s) or other person(s) responsible for testing the Jack Stands.

**RESPONSE TO INTERROGATORY NO. 8:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further,

Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory is duplicative of number 7 and seeks confidential third party information. Furthermore, this interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also seeks premature disclosure of expert identification and testimony.

### INTERROGATORY NO. 9:

Identify by test protocol, test report, test result and type/model of Jack Stand, all tests conducted by or on behalf of Defendants whose goal or purpose was, in whole or in part:

    (a)    To certify compliance with ISO, ASME, ANSI, or PALD standards or guidelines;

    (b)    To certify compliance with Defendants', Sears', Wei Fu's and/or MVP's internal testing, safety or performance standards;

    (c)    Load testing and/or performance testing including tests using various weight loads, and/or heights of the ratchet bar and testing involving motor vehicles;

    (d)    Testing of Jack Stand safety features, performance and/or failure modes.

### RESPONSE TO INTERROGATORY NO. 9:

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also seeks premature disclosure of expert identification and testimony. This request further is in violation of Fed. R. Civ. Proc. 33(a) as

8

the sub-parts are not discrete as they relate to Responding Party since Responding Party did not manufacture or distribute the product during the relevant time period.

**INTERROGATORY NO. 10:**

Identify the location of the plant(s) and/or factory(ies) where the Jack Stands were manufactured and inspected and set forth Defendants' ownership interest in each said plant and/or factory.

**RESPONSE TO INTERROGATORY NO. 10:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, conjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.

**INTERROGATORY NO. 11:**

Identify the engineer(s) or other person(s) responsible for the quality control and quality assurance procedures and systems at each said plant/factory and/or the engineer(s) or other person(s) responsible for overseeing the quality control and quality assurance procedures in existence at each such plant/factory.

**RESPONSE TO INTERROGATORY NO. 11:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence.

9

This Interrogatory is duplicative of number 8 and seeks confidential third party information. Furthermore, this interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 12:**

Identify any engineer(s) or other person(s) involved with or responsible for evaluating or analyzing the design, performance, cost and/or safety features of competitors' Jack Stands and/or comparing each said competitor's Jack Stand's design, performance, cost or safety features to Defendants' Jack Stands.

**RESPONSE TO INTERROGATORY NO. 12:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory is duplicative of number 8 and seeks confidential third party information. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 13:**

Identify the engineer(s) or other person(s) responsible for considering any Jack Stand design or safety improvements, modifications or changes.

**RESPONSE TO INTERROGATORY NO. 13:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their

10

depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This interrogatory is duplicative of numbers 8 and 12, and it seeks confidential third party information. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 14:**

Identify the engineer(s) or other person(s) responsible for (a) writing or issuing warnings on or accompanying the sale of the Jack Stand; (b) writing or issuing owner's manual or manual or brochure on Jack Stand use; (c) writing or issuing instructions for Jack Stand use; (d) the contents of any labels affixed to or placed on the Jack Stands

**RESPONSE TO INTERROGATORY NO. 14:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This interrogatory is duplicative of numbers 8, 12, and 13, and it seeks confidential third party information. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 15:**

Identify the engineer(s) or other person(s) who represented Defendants (a) on any ASME and/or ANSI committees concerning Jack Stands; (b) in writing or commenting on any ASME,

ANSI, PALD, ISO or other industry standards or guidelines concerning Jack Stands or in revising or updating any such standards or guidelines.

## RESPONSE TO INTERROGATORY NO. 15:

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory seeks confidential third party information. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also seeks premature disclosure of expert identification and testimony.

## INTERROGATORY NO. 16:

Identify the engineer(s) or other person(s) responsible for studying, analyzing or evaluating Jack Stand failure rates, failure modes, or conducting any cost/benefit analysis or any other analysis of any Jack Stand feature, component or proposed design change.

## RESPONSE TO INTERROGATORY NO. 16:

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory is duplicative of numbers 8, 12, and 13, and it seeks confidential third party information. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also seeks premature disclosure of expert identification and testimony.

12

**INTERROGATORY NO. 17:**

Identify any documents, including documents filed in court, in which Defendants characterize, describe or represent their business/organizational relationship to MVP and/or Wei Fu as that of being related, affiliated or "sister" companies or corporations.

**RESPONSE TO INTERROGATORY NO. 17:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 18:**

Set forth the nature, extent and degree of Defendants' ownership interest, directly, or through other persons or entities, in MVP and/or Wei Fu. Identify the documents concerning that ownership interest.

**RESPONSE TO INTERROGATORY NO. 18:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory seeks confidential financial information. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work

13

product doctrine. This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 19:**

Identify the officers, executives and/or directors of MVP and/or Wei Fu who were/are also officers, directors or executives of Defendants.

**RESPONSE TO INTERROGATORY NO. 19:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.

**INTERROGATORY NO. 20:**

Identify the Defendants' officers, directors or executives who oversaw, or were responsible for overseeing, the business operations or activities of MVP and/or Wei Fu.

**RESPONSE TO INTERROGATORY NO. 20:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.

**INTERROGATORY NO. 21:**

State whether there was any licensing agreement, royalty payment agreement, professional services or consulting agreement, or other agreement(s) between Defendants and MVP and/or Wei Fu concerning the design, manufacture, assembly, distribution and/or sale of Jack Stands and, if so, identify each said agreement.

**RESPONSE TO INTERROGATORY NO. 21:**

Objection: Discovery has just begun in this matter and Responding Party  has not completed its investigation into the matters alleged in the First Amended Complaint.  Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence.  Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.

**INTERROGATORY NO. 22:**

State whether MVP or Wei Fu personnel, employees, engineers or managers received training from, were supervised by, and/or reported to Defendants concerning Jack Stand design, manufacture, assembly, inspection, testing, labeling, warnings, distribution, marketing, sale, and/or claims.  If so, identify the persons providing such training, supervision or oversight.

**RESPONSE TO INTERROGATORY NO. 22:**

Objection: Discovery has just begun in this matter and Responding Party  has not completed its investigation into the matters alleged in the First Amended Complaint.  Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of

15

admissible evidence.  Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.

**INTERROGATORY NO. 23:**

Identify the executive(s) or other person(s) at Defendants who were responsible for communicating with Sears, MVP and/or Wei Fu on all issues concerning Jack Stands, including design, performance, compliance with standards, safety, legal and non-legal complaints, incidents, incident reporting and investigation, certification or other testing, warranty claims, governmental inquiries, contract compliance, pricing, advertising and marketing.

**RESPONSE TO INTERROGATORY NO. 23:**

Objection: Discovery has just begun in this matter and Responding Party  has not completed its investigation into the matters alleged in the First Amended Complaint.  Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations.  This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence.  Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.

DATED:   August 9, 2013

Defendants,
**SHINN FU CORPORATION, SHINN FU COMPANY OF AMERICA, INC., AND MVP (HK) INDUSTRIES, LTD.**

By: _____

Sean P. Flynn, Esq.
Bar No.: CA 220184
M. Amadea Groseclose, Esq.
Bar No.: CA 267091
Foley & Mansfield, PLLP
300 South Grand Avenue, Suite 2800
Los Angeles, CA 90071
(213) 283-2100
(213) 283-2101 (Facsimile)
sflynn@foleymansfield.com

16

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually<br><br>Plaintiff,<br><br>vs.<br><br>SEARS, ROEBUCK AND CO., SHINN FU CORPORATION and SHINN FU COMPANY OF AMERICA, INC.<br><br>Defendants. | Case 3:13-cv-00257-RNC<br><br><br>**CERTIFICATE OF SERVICE**<br><br><br><br>Complaint Filed: January 30, 2012 |

///

///

///

///

///

///

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on __August 9, 2013__ a copy of the foregoing

**DEFENDANT SHINN FU CORPORATION RESPONSES TO**

**PLAINTIFFS' FIRST SET OF INTERROGATORIES** was sent, via first class

mail, postage prepaid, to the following counsel(s) of record:
David J. Elliott, Esq.
Bryan J. Orticelli, Esq.
Kaitlin A. Canty, Esq.
DAY PITNEY LLP
242 Trumbull Street
Hartford, Connecticut 06103-1212

Erica W. Todd, Esq.
Trotta, Trotta & Trotta
P.O. Box 802
900 Chapel Street
New Haven, CT 06503

Philip T. Newbury, Jr., Esq.
Christopher M. Vossler, Esq.
Howd & Ludorf, LLC
65 Wethersfield Ave.
Hartford , CT 06114

Joseph Donat, Esq.
Howard Wexler, Esq.
Howard Edinburgh, Esq.
Michael Gallub, Esq.
HERZFELD & RUBIN, P.C.
125 Broad Street
New York, NY 10004

By: _____
Olga Valadez
Foley & Mansfield, PLLP
300 South Grand Avenue, Suite 2800
Los Angeles CA 90071
(213) 283-2100
(213) 283-2101 (Facsimile)

2

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually<br><br>Plaintiff,<br><br>vs.<br><br>SEARS, ROEBUCK AND CO., SHINN FU CORPORATION, SHINN FU COMPANY OF AMERICA, INC., and MVP (HK) INDUSTRIES, LTD<br><br>Defendants. | Case 3:13-cv-00257-RNC<br><br>**DEFENDANT SHINN FU OF AMERICA, INC,'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**<br><br><br><br>Complaint Filed: January 30, 2013 |

///

///

///

///

///

///

**PROPOUNDING PARTY:**   PLAINTIFF, FREDERICK KLORCZYK, JR.

**RESPONDING PARTY:**   DEFENDANT, SHINN FU COMPANY OF AMERICA, INC.

**SET NO.:**   ONE

Responding Party provides the following responses to Special Interrogatories (Set One) propounded by Propounding Party.

## PRELIMINARY STATEMENT

Each of the following Responses is made solely for the purpose of this action. Each Response is subject to any and all objections to competency, relevance, materiality, proprietary, and admissibility. In addition, each Response is subject to any and all objections and/or grounds that would require the exclusion of any statement or material provided, or any part thereof, to any Special Interrogatories which were asked of, or any statement or material provided by, witnesses present and testifying in court. All objections are reserved and may be asserted at the time of trial. The Responses are based upon information presently available to Responding Party . The fact that Responding Party has responded to or objected to any Special Interrogatories should not be taken as an admission that the Special Interrogatories or Response thereto constitutes admissible evidence. The mere fact that Responding Party has responded to part of or all of any Special Interrogatories is not intended to be, and shall not constitute a waiver by Responding Party of any objections to the Special Interrogatories.

Responding Party has not completed its investigation and discovery of the matters at issue in this action and these Responses are based upon Responding Party knowledge, information, and belief as of this date. Responding Party reserve the right to make further responses if it appears that any omission or error has been made in connection with these Responses or in the event future or more accurate information is available. These Responses are made without prejudice to the right to present at trial such additional evidence as may be later discovered or evaluated.

## GENERAL OBJECTIONS

Responding Party objects to this Demand on the grounds that is vague, ambiguous, and overbroad. Responding Party further objects to this Demand on the grounds that it is unreasonably burdensome and propounded solely to annoy, vex, and harass Responding Party. Responding Party objects to this Demand on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each person involved in answering these Interrogatories, including every person who will be consulted or contacted regarding answering these Interrogatories.

### RESPONSE TO INTERROGATORY NO. 1:

Objection: This request seeks information protected by the attorney-client privilege and attorney work product doctrine  This request also seeks premature disclosure of expert identification and testimony.

Subject to, and without waiving these objections, Responding Party responds as follows:

Sean P. Flynn, Esq. of Foley & Mansfield, PLLP

### INTERROGATORY NO. 2:

Identify each incident involving a Jack Stand known to Defendants, including the date and location of the event, the specific type, capacity and model Jack Stand involved, the nature of the incident, the results of any incident investigation by or on behalf of Defendants, in which one or more of the following occurred, or was alleged to have occurred:

(a)     The Jack Stand was alleged to be defective or unsafe;

(b)     The Jack Stand was alleged to have malfunctioned;

(c)     The Jack Stand was alleged to have failed to hold up a vehicle;

(d)     There was an alleged spontaneous collapse or descent of the raised ratchet bar of the Jack Stand;

(e)     The Jack Stand was allegedly manufactured with inferior materials or had poor

workmanship in its assembly or fabrication;

(f)     The incident allegedly involved the use of only one Jack Stand.

**RESPONSE TO INTERROGATORY NO. 2:**

Objection: Discovery has just begun in this matter and Responding Party has not

completed its investigation into the matters alleged in the First Amended Complaint.  Further,

Responding Party has not received discovery responses from Plaintiffs nor taken their

depositions yet, and thus has not had an opportunity to learn any of the facts upon which

Plaintiffs base their allegations.  This Interrogatory is overbroad, compound, disjunctive, vague

as to time and seeks information not calculated to lead to the discovery of admissible evidence.

This Interrogatory assumes that "incidents" have occurred and that these types of records have

been maintained, thereby imposing a requirement on Responding Party not contemplated by the

Federal Rules of Civil Procedure, namely the creation of documents for the purpose of litigation.

Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and

attorney work product doctrine.  This request also seeks premature disclosure of expert

identification and testimony.

**INTERROGATORY NO. 3:**

For those incidents identified in response to Interrogatory 2 which resulted in a claim or

lawsuit against Defendants, Sears, MVP and/or Wei Fu, or against any other person to whom

Defendants provided a defense, indemnification or insurance coverage (under Defendants'

policy), please state in full the caption of each case, docket number, location of the Court,

attorney(s) name(s) and address(es) for plaintiff(s), present status of case and/or ultimate

disposition for each claim or lawsuit

**RESPONSE TO INTERROGATORY NO. 3:**

Objection: Discovery has just begun in this matter and Responding Party has not

completed its investigation into the matters alleged in the First Amended Complaint.  Further,

Responding Party has not received discovery responses from Plaintiffs nor taken their

4

depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory assumes that "incidents" have occurred and that these types of records have been maintained, thereby imposing a requirement on Responding Party not contemplated by the Federal Rules of Civil Procedure, namely the creation of documents for the purpose of litigation. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also seeks premature disclosure of expert identification and testimony.

## INTERROGATORY NO. 4:

With respect to the Jack Stands, identify the persons who:

(a)     Designed them;

(b)     Manufactured them, including listing the name and address of the plant(s) or factory(ies) and the identity of the owner(s) of said plant(s) or factory(ies);

(c)     Tested them;

(d)     Distributed them;

(e)     Imported them into the United States;

(f)     Sold them to Sears.

## RESPONSE TO INTERROGATORY NO. 4:

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This Interrogatory also seeks premature disclosure of expert

5

identification and testimony.  This request further is in violation of Fed. R. Civ. Proc. 33(a) as

the sub-parts are not discrete as they relate to Responding Party since Responding Party did not

manufacture or distribute the product during the relevant time period.

**INTERROGATORY NO. 5:**

Identify the private labeled brand retailers to whom Defendants designed, manufactured,

distributed or supplied Jack Stands in the United States.

**RESPONSE TO INTERROGATORY NO. 5:**

Objection: Discovery has just begun in this matter and Responding Party  has not

completed its investigation into the matters alleged in the First Amended Complaint.  Further,

Responding Party has not received discovery responses from Plaintiffs nor taken their

depositions yet, and thus has not had an opportunity to learn any of the facts upon which

Plaintiffs base their allegations.  This Interrogatory is overbroad, compound, disjunctive, vague

as to time and seeks information not calculated to lead to the discovery of admissible evidence.

Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and

attorney work product doctrine.  This Interrogatory also confidential and/or Trade Secret

information that will not be disclosed.

**INTERROGATORY NO. 6:**

Identify, by model number and load capacity or other identifying characteristics, each

model or type Jack Stand which Defendants manufactured, distributed or sold to Sears and for

each said Jack Stand type/model provide the following:

(a)     Year(s) in which the Jack Stand was sold to Sears;

(b)     Number of units sold per year to Sears;

(c)     Unit price charged to Sears.

**RESPONSE TO INTERROGATORY NO. 6:**

Objection: Discovery has just begun in this matter and Responding Party  has not

completed its investigation into the matters alleged in the First Amended Complaint.  Further,

Responding Party has not received discovery responses from Plaintiffs nor taken their

6

depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This Interrogatory also confidential and/or Trade Secret information that will not be disclosed.

**INTERROGATORY NO. 7:**

Identify the engineer(s) or other person(s) responsible for designing, developing, manufacturing, assembling and/or inspecting the Jack Stands and/or overseeing the design, development, manufacture, assembly and inspection of the Jack Stands. If the Jack Stands evolved from any predecessor or carryover design, identify the responsible design engineer(s) and person(s) responsible or accountable for the initial design and the carryover design.

**RESPONSE TO INTERROGATORY NO. 7:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory seeks confidential third party information. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This Interrogatory also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 8:**

Identify the engineer(s) or other person(s) responsible for testing the Jack Stands.

**RESPONSE TO INTERROGATORY NO. 8:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further,

Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory is duplicative of number 7 and seeks confidential third party information. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This Interrogatory also seeks premature disclosure of expert identification and testimony.

## INTERROGATORY NO. 9:

Identify by test protocol, test report, test result and type/model of Jack Stand, all tests conducted by or on behalf of Defendants whose goal or purpose was, in whole or in part:

    (a)    To certify compliance with ISO, ASME, ANSI, or PALD standards or guidelines;

    (b)    To certify compliance with Defendants', Sears', Wei Fu's and/or MVP's internal testing, safety or performance standards;

    (c)    Load testing and/or performance testing including tests using various weight loads, and/or heights of the ratchet bar and testing involving motor vehicles;

    (d)    Testing of Jack Stand safety features, performance and/or failure modes.

## RESPONSE TO INTERROGATORY NO. 9:

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This Interrogatory also seeks premature disclosure of expert identification and testimony. This Interrogatory further is in violation of Fed. R. Civ. Proc. 33(a)

as the sub-parts are not discrete as they relate to Responding Party since Responding Party did not manufacture or distribute the product during the relevant time period.

**INTERROGATORY NO. 10:**

Identify the location of the plant(s) and/or factory(ies) where the Jack Stands were manufactured and inspected and set forth Defendants' ownership interest in each said plant and/or factory.

**RESPONSE TO INTERROGATORY NO. 10:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, conjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.

**INTERROGATORY NO. 11:**

Identify the engineer(s) or other person(s) responsible for the quality control and quality assurance procedures and systems at each said plant/factory and/or the engineer(s) or other person(s) responsible for overseeing the quality control and quality assurance procedures in existence at each such plant/factory.

**RESPONSE TO INTERROGATORY NO. 11:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence.

9

This interrogatory is duplicative of number 8 and seeks confidential third party information. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This Interrogatory also seeks premature disclosure of expert identification and testimony.

## INTERROGATORY NO. 12:

Identify any engineer(s) or other person(s) involved with or responsible for evaluating or analyzing the design, performance, cost and/or safety features of competitors' Jack Stands and/or comparing each said competitor's Jack Stand's design, performance, cost or safety features to Defendants' Jack Stands.

## RESPONSE TO INTERROGATORY NO. 12:

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory is duplicative of number 8 and seeks confidential third party information. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This Interrogatory also seeks premature disclosure of expert identification and testimony.

## INTERROGATORY NO. 13:

Identify the engineer(s) or other person(s) responsible for considering any Jack Stand design or safety improvements, modifications or changes.

## RESPONSE TO INTERROGATORY NO. 13:

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their

depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory is duplicative of numbers 8 and 12, and it seeks confidential third party information. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This Interrogatory also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 14:**

Identify the engineer(s) or other person(s) responsible for (a) writing or issuing warnings on or accompanying the sale of the Jack Stand; (b) writing or issuing owner's manual or manual or brochure on Jack Stand use; (c) writing or issuing instructions for Jack Stand use; (d) the contents of any labels affixed to or placed on the Jack Stands

**RESPONSE TO INTERROGATORY NO. 14:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory is duplicative of numbers 8, 12, and 13, and it seeks confidential third party information. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This Interrogatory also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 15:**

Identify the engineer(s) or other person(s) who represented Defendants (a) on any ASME and/or ANSI committees concerning Jack Stands; (b) in writing or commenting on any ASME,

11

ANSI, PALD, ISO or other industry standards or guidelines concerning Jack Stands or in revising or updating any such standards or guidelines.

**RESPONSE TO INTERROGATORY NO. 15:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory seeks confidential third party information. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This Interrogatory also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 16:**

Identify the engineer(s) or other person(s) responsible for studying, analyzing or evaluating Jack Stand failure rates, failure modes, or conducting any cost/benefit analysis or any other analysis of any Jack Stand feature, component or proposed design change.

**RESPONSE TO INTERROGATORY NO. 16:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory is duplicative of numbers 8, 12, and 13, and it seeks confidential third party information. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This Interrogatory also seeks premature disclosure of expert identification and testimony.

12

**INTERROGATORY NO. 17:**

Identify any documents, including documents filed in court, in which Defendants characterize, describe or represent their business/organizational relationship to MVP and/or Wei Fu as that of being related, affiliated or "sister" companies or corporations.

**RESPONSE TO INTERROGATORY NO. 17:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This Interrogatory also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 18:**

Set forth the nature, extent and degree of Defendants' ownership interest, directly, or through other persons or entities, in MVP and/or Wei Fu. Identify the documents concerning that ownership interest.

**RESPONSE TO INTERROGATORY NO. 18:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory seeks confidential financial information. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work

product doctrine. This Interrogatory also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 19:**

Identify the officers, executives and/or directors of MVP and/or Wei Fu who were/are also officers, directors or executives of Defendants.

**RESPONSE TO INTERROGATORY NO. 19:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.

**INTERROGATORY NO. 20:**

Identify the Defendants' officers, directors or executives who oversaw, or were responsible for overseeing, the business operations or activities of MVP and/or Wei Fu.

**RESPONSE TO INTERROGATORY NO. 20:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.

**INTERROGATORY NO. 21:**

State whether there was any licensing agreement, royalty payment agreement, professional services or consulting agreement, or other agreement(s) between Defendants and MVP and/or Wei Fu concerning the design, manufacture, assembly, distribution and/or sale of Jack Stands and, if so, identify each said agreement.

**RESPONSE TO INTERROGATORY NO. 21:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.

**INTERROGATORY NO. 22:**

State whether MVP or Wei Fu personnel, employees, engineers or managers received training from, were supervised by, and/or reported to Defendants concerning Jack Stand design, manufacture, assembly, inspection, testing, labeling, warnings, distribution, marketing, sale, and/or claims. If so, identify the persons providing such training, supervision or oversight.

**RESPONSE TO INTERROGATORY NO. 22:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of

admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.

**INTERROGATORY NO. 23:**

Identify the executive(s) or other person(s) at Defendants who were responsible for communicating with Sears, MVP and/or Wei Fu on all issues concerning Jack Stands, including design, performance, compliance with standards, safety, legal and non-legal complaints, incidents, incident reporting and investigation, certification or other testing, warranty claims, governmental inquiries, contract compliance, pricing, advertising and marketing.

**RESPONSE TO INTERROGATORY NO. 23:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.

DATED:    August 9, 2013

Defendants,
**SHINN FU CORPORATION, SHINN FU
COMPANY OF AMERICA, INC., AND MVP
(HK) INDUSTRIES, LTD.**

By: _____
Sean P. Flynn, Esq.
Bar No.: CA 220184
M. Amadea Groseclose, Esq.
Bar No.: CA 267091
Foley & Mansfield, PLLP
300 South Grand Avenue, Suite 2800
Los Angeles, CA 90071
(213) 283-2100
(213) 283-2101 (Facsimile)
sflynn@foleymansfield.com

16

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually | Case 3:13-cv-00257-RNC |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| vs. | |
| SEARS, ROEBUCK AND CO., SHINN FU CORPORATION and SHINN FU COMPANY OF AMERICA, INC. | Complaint Filed: January 30, 2012 |
| Defendants. | |

///
///
///
///
///
///

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on __August 9, 2013__ a copy of the foregoing **DEFENDANT SHINN FU OF AMERICA, INC.'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** was sent, via first class mail, postage prepaid, to the following counsel(s) of record:

David J. Elliott, Esq.
Bryan J. Orticelli, Esq.
Kaitlin A. Canty, Esq.
DAY PITNEY LLP
242 Trumbull Street
Hartford, Connecticut  06103-1212

Erica W. Todd, Esq.
Trotta, Trotta & Trotta
P.O. Box 802
900 Chapel Street
New Haven, CT  06503

Philip T. Newbury, Jr., Esq.
Christopher  M. Vossler, Esq.
Howd & Ludorf, LLC
65 Wethersfield Ave.
Hartford , CT  06114

Joseph  Donat, Esq.
Howard Wexler, Esq.
Howard Edinburgh,  Esq.
Michael Gallub, Esq.
HERZFELD & RUBIN, P.C.
125 Broad  Street
New York, NY  10004

By:

Olga Valadez
Foley & Mansfield, PLLP
300 South Grand Avenue, Suite 2800
Los Angeles CA 90071
(213) 283-2100
(213) 283-2101 (Facsimile)

2

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually<br><br>        Plaintiff,<br><br>    vs.<br><br>SEARS, ROEBUCK AND CO., SHINN FU CORPORATION, SHINN FU COMPANY OF AMERICA, INC., and MVP (HK) INDUSTRIES, LTD<br><br>        MVP. | Case 3:13-cv-00257-RNC<br><br>**DEFENDANT MVP (HK) INDUSTRIES, LTD'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**<br><br><br><br><br>Complaint Filed: January 30, 2013 |

///

///

///

///

///

///

**PROPOUNDING PARTY: PLAINTIFFS, FREDERICK KLORCZYK, JR. and LYNNE KLORCZYK**

**RESPONDING PARTY:    DEFENDANT, MVP (HK) INDUSTRIES, LTD**

**SET NO.:                ONE**

  Responding Party provides the following responses to Special Interrogatories (Set One) propounded by Propounding Party.

<div align="center">

**PRELIMINARY STATEMENT**

</div>

  Each of the following Responses is made solely for the purpose of this action.  Each Response is subject to any and all objections to competency, relevance, materiality, proprietary, and admissibility.  In addition, each Response is subject to any and all objections and/or grounds that would require the exclusion of any statement or material provided, or any part thereof, to any Special Interrogatories  which were asked of, or any statement or material provided by, witnesses present and testifying in court.  All objections are reserved and may be asserted at the time of trial.  The Responses are based upon information presently available to Responding Party . The fact that Responding Party  has responded to or objected to any Special Interrogatories should not be taken as an admission that the Special Interrogatories or Response thereto constitutes admissible evidence.  The mere fact that Responding Party  has responded to part of or all of any Special Interrogatories is not intended to be, and shall not constitute a waiver by Responding Party  of any objections to the Special Interrogatories.

  Responding Party  has not completed its investigation and discovery of the matters at issue in this action and these Responses are based upon Responding Party   knowledge, information, and belief as of this date.  Responding Party  reserve the right to make further responses if it appears that any omission or error has been made in connection with these Responses or in the event future or more accurate information is available.  These Responses are made without prejudice to the right to present at trial such additional evidence as may be later discovered or evaluated.

/ / /

<div align="center">

2

</div>

## GENERAL OBJECTIONS

Responding Party objects to this Demand on the grounds that is vague, ambiguous, and overbroad. Responding Party further objects to this Demand on the grounds that it is unreasonably burdensome and propounded solely to annoy, vex, and harass Responding Party. Responding Party objects to this Demand on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each person involved in answering these Interrogatories, including every person who will be consulted or contacted regarding answering these Interrogatories.

### RESPONSE TO INTERROGATORY NO. 1:

Objection: This Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine This request also seeks premature disclosure of expert identification and testimony.

Subject to, and without waiving these objections, Responding Party responds as follows:

Sean P. Flynn, Esq. of Foley & Mansfield, PLLP

### INTERROGATORY NO. 2:

Identify each incident involving a Jack Stand known to MVP, including the date and location of the event, the specific type, capacity and model Jack Stand involved, the nature of the incident, the results of any incident investigation by or on behalf of MVP, in which one or more of the following occurred, or was alleged to have occurred:

      (a)     The Jack Stand was alleged to be defective or unsafe;

      (b)     The Jack Stand was alleged to have malfunctioned;

      (c)     The Jack Stand was alleged to have failed to hold up a vehicle;

      (d)     There was an alleged spontaneous collapse or descent of the raised ratchet bar of the Jack Stand;

3

(e)    The Jack Stand was allegedly manufactured with inferior materials or had poor

workmanship in its assembly or fabrication;

(f)    The incident allegedly involved the use of only one Jack Stand.

**RESPONSE TO INTERROGATORY NO. 2:**

Objection: Discovery has just begun in this matter and Responding Party has not

completed its investigation into the matters alleged in the First Amended Complaint.  Further,

Responding Party has not received discovery responses from Plaintiffs nor taken their

depositions yet, and thus has not had an opportunity to learn any of the facts upon which

Plaintiffs base their allegations.  This Interrogatory is overbroad, compound, disjunctive, vague

as to time and seeks information not calculated to lead to the discovery of admissible evidence.

This Interrogatory assumes that "incidents" have occurred and that these types of records have

been maintained, thereby imposing a requirement on Responding Party not contemplated by the

Federal Rules of Civil Procedure, namely the creation of documents for the purpose of litigation.

Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and

attorney work product doctrine.  This request also seeks premature disclosure of expert

identification and testimony.

**INTERROGATORY NO. 3:**

For those incidents identified in response to Interrogatory 2 which resulted in a claim or

lawsuit against MVP, Sears, Shinn Fu, SFA and/or Wei Fu, or against any other person to whom

MVP provided a defense, indemnification or insurance coverage (under MVPs' policy), please

state in full the caption of each case, docket number, location of the Court, attorney(s) name(s)

and address(es) for plaintiff(s), present status of case and/or ultimate disposition for each claim

or lawsuit.

**RESPONSE TO INTERROGATORY NO. 3:**

Objection: Discovery has just begun in this matter and Responding Party  has not

completed its investigation into the matters alleged in the First Amended Complaint.  Further,

Responding Party has not received discovery responses from Plaintiffs nor taken their

depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory assumes that "incidents" have occurred and that these types of records have been maintained, thereby imposing a requirement on Responding Party not contemplated by the Federal Rules of Civil Procedure, namely the creation of documents for the purpose of litigation. Furthermore, this interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also seeks premature disclosure of expert identification and testimony.

## INTERROGATORY NO. 4:

With respect to the Jack Stands, identify the persons who:

(a)     Designed them;

(b)     Manufactured them, including listing the name and address of the plant(s) or factory(ies) and the identity of the owner(s) of said plant(s) or factory(ies);

(c)     Tested them;

(d)     Distributed them;

(e)     Imported them into the United States;

(f)     Sold them to Sears.

## RESPONSE TO INTERROGATORY NO. 4:

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also seeks premature disclosure of expert

5

identification and testimony. This request further is in violation of Fed. R. Civ. Proc. 33(a) as the sub-parts are not discrete as they relate to Responding Party since Responding Party did not manufacture or distribute the product during the relevant time period.

**INTERROGATORY NO. 5:**

Identify the private labeled brand retailers to whom MVP designed, manufactured, distributed or supplied Jack Stands in the United States.

**RESPONSE TO INTERROGATORY NO. 5:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also confidential and/or Trade Secret information that will not be disclosed.

**INTERROGATORY NO. 6:**

Identify, by model number and load capacity or other identifying characteristics, each model or type Jack Stand which MVP manufactured, distributed or sold to Sears and for each said Jack Stand type/model provide the following:

      (a)      Year(s) in which the Jack Stand was sold to Sears;

      (b)      Number of units sold per year to Sears;

      (c)      Unit price charged to Sears.

**RESPONSE TO INTERROGATORY NO. 6:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their

depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also confidential and/or Trade Secret information that will not be disclosed.

**INTERROGATORY NO. 7:**

Identify the engineer(s) or other person(s) responsible for designing, developing, manufacturing, assembling and/or inspecting the Jack Stands and/or overseeing the design, development, manufacture, assembly and inspection of the Jack Stands. If the Jack Stands evolved from any predecessor or carryover design, identify the responsible design engineer(s) and person(s) responsible or accountable for the initial design and the carryover design.

**RESPONSE TO INTERROGATORY NO. 7:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory seeks confidential third party information. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 8:**

Identify the engineer(s) or other person(s) responsible for testing the Jack Stands.

**RESPONSE TO INTERROGATORY NO. 8:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further,

Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory is duplicative of number 7 and seeks confidential third party information. Furthermore, this interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 9:**

Identify by test protocol, test report, test result and type/model of Jack Stand, all tests conducted by or on behalf of MVP whose goal or purpose was, in whole or in part:

      (a)     To certify compliance with ISO, ASME, ANSI, or PALD standards or guidelines;

      (b)     To certify compliance with MVP's, Sears', Shinn Fu's, SFA's and/or Wei Fu's internal testing, safety or performance standards;

      (c)     Load testing and/or performance testing including tests using various weight loads, and/or heights of the ratchet bar and testing involving motor vehicles;

      (d)     Testing of Jack Stand safety features, performance and/or failure modes.

**RESPONSE TO INTERROGATORY NO. 9:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also seeks premature disclosure of expert identification and testimony. This request further is in violation of Fed. R. Civ. Proc. 33(a) as

8

the sub-parts are not discrete as they relate to Responding Party since Responding Party did not manufacture or distribute the product during the relevant time period.

**INTERROGATORY NO. 10:**

Identify the location of the plant(s) and/or factory(ies) where the Jack Stands were manufactured and inspected and set forth MVP's ownership interest in each said plant and/or factory.

**RESPONSE TO INTERROGATORY NO. 10:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, conjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.

**INTERROGATORY NO. 11:**

Identify the engineer(s) or other person(s) responsible for the quality control and quality assurance procedures and systems at each said plant/factory and/or the engineer(s) or other person(s) responsible for overseeing the quality control and quality assurance procedures in existence at each such plant/factory.

**RESPONSE TO INTERROGATORY NO. 11:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence.

This Interrogatory is duplicative of number 8 and seeks confidential third party information. Furthermore, this interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 12:**

Identify any engineer(s) or other person(s) involved with or responsible for evaluating or analyzing the design, performance, cost and/or safety features of competitors' Jack Stands and/or comparing each said competitor's Jack Stand's design, performance, cost or safety features to MVP's Jack Stands.

**RESPONSE TO INTERROGATORY NO. 12:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory is duplicative of number 8 and seeks confidential third party information. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 13:**

Identify the engineer(s) or other person(s) responsible for considering any Jack Stand design or safety improvements, modifications or changes.

**RESPONSE TO INTERROGATORY NO. 13:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their

depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This interrogatory is duplicative of numbers 8 and 12, and it seeks confidential third party information. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also seeks premature disclosure of expert identification and testimony.

## INTERROGATORY NO. 14:

Identify the engineer(s) or other person(s) responsible for (a) writing or issuing warnings on or accompanying the sale of the Jack Stand; (b) writing or issuing owner's manual or manual or brochure on Jack Stand use; (c) writing or issuing instructions for Jack Stand use; (d) the contents of any labels affixed to or placed on the Jack Stands

## RESPONSE TO INTERROGATORY NO. 14:

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This interrogatory is duplicative of numbers 8, 12, and 13, and it seeks confidential third party information. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also seeks premature disclosure of expert identification and testimony.

## INTERROGATORY NO. 15:

Identify the engineer(s) or other person(s) who represented MVP (a) on any ASME and/or ANSI committees concerning Jack Stands; (b) in writing or commenting on any ASME,

ANSI, PALD, ISO or other industry standards or guidelines concerning Jack Stands or in revising or updating any such standards or guidelines.

**RESPONSE TO INTERROGATORY NO. 15:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory seeks confidential third party information. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 16:**

Identify the engineer(s) or other person(s) responsible for studying, analyzing or evaluating Jack Stand failure rates, failure modes, or conducting any cost/benefit analysis or any other analysis of any Jack Stand feature, component or proposed design change.

**RESPONSE TO INTERROGATORY NO. 16:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory is duplicative of numbers 8, 12, and 13, and it seeks confidential third party information. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also seeks premature disclosure of expert identification and testimony.

12

**INTERROGATORY NO. 17:**

Identify any documents, including documents filed in court, in which MVP characterizes, describes or represents its business/organizational relationship to Shinn Fu, SFA and/or Wei Fu as that of being related, affiliated or "sister" companies or corporations.

**RESPONSE TO INTERROGATORY NO. 17:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 18:**

Set forth the nature, extent and degree of (a) Shinn Fu and/or SFA's ownership interest, directly, or through other persons or entities, in MVP, and (b) MVP's ownership interest, directly, or through other persons or entities in Wei Fu. Identify the documents concerning that ownership interest.

**RESPONSE TO INTERROGATORY NO. 18:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. This Interrogatory seeks confidential financial information. Furthermore,

13

this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This request also seeks premature disclosure of expert identification and testimony.

**INTERROGATORY NO. 19:**

Identify the officers, executives and/or directors of MVP and/or Wei Fu who were/are also officers, directors or executives of Shinn Fu, SFA and/or Wei Fu.

**RESPONSE TO INTERROGATORY NO. 19:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.

**INTERROGATORY NO. 20:**

Identify the MVP officers, directors or executives who oversaw, or were responsible for overseeing, the business operations or activities of Wei Fu.

**RESPONSE TO INTERROGATORY NO. 20:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.

**INTERROGATORY NO. 21:**

State whether there was any licensing agreement, royalty payment agreement, professional services or consulting agreement, or other agreement(s) between MVP, Shinn Fu, and SFA and/or Wei Fu concerning the design, manufacture, assembly, distribution and/or sale of Jack Stands and, if so, identify each said agreement.

**RESPONSE TO INTERROGATORY NO. 21:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.

**INTERROGATORY NO. 22:**

State whether MVP personnel, employees, engineers or managers received training from, were supervised by, and/or reported to Shinn Fu and/or SFA concerning Jack Stand design, manufacture, assembly, inspection, testing, labeling, warnings, distribution, marketing, sale, and/or claims. If so, identify each said MVP person, and identify the Shinn Fu and/or SFA persons providing such training, supervision or oversight.

**RESPONSE TO INTERROGATORY NO. 22:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of

admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.

**INTERROGATORY NO. 23:**

Identify the executive(s) or other person(s) at MVP who were responsible for communicating with Sears, Shinn Fu, SFA and/or Wei Fu on all issues concerning Jack Stands, including design, performance, compliance with standards, safety, legal and non-legal complaints, incidents, incident reporting and investigation, certification or other testing, warranty claims, governmental inquiries, contract compliance, pricing, advertising and marketing.

**RESPONSE TO INTERROGATORY NO. 23:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint. Further, Responding Party has not received discovery responses from Plaintiffs nor taken their depositions yet, and thus has not had an opportunity to learn any of the facts upon which Plaintiffs base their allegations. This Interrogatory assumes facts, is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.

DATED:     August 9, 2013                MVP,
                                         **SHINN FU CORPORATION, SHINN FU**
                                         **COMPANY OF AMERICA, INC., AND MVP**
                                         **(HK) INDUSTRIES, LTD.**

                                         By: _____
                                         Sean P. Flynn, Esq.
                                         Bar No.: CA 220184
                                         M. Amadea Groseclose, Esq.
                                         Bar No.: CA 267091
                                         Foley & Mansfield, PLLP
                                         300 South Grand Avenue, Suite 2800
                                         Los Angeles, CA 90071
                                         (213) 283-2100
                                         (213) 283-2101 (Facsimile)
                                         sflynn@foleymansfield.com

16

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually<br><br>        Plaintiff,<br><br>  vs.<br><br>SEARS, ROEBUCK AND CO., SHINN FU CORPORATION and SHINN FU COMPANY OF AMERICA, INC.<br>           Defendants. | Case 3:13-cv-00257-RNC<br><br><br><br>**CERTIFICATE OF SERVICE**<br><br><br><br>Complaint Filed: January 30, 2012 |

///

///

///

///

///

///

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on   **August 9, 2013**  a copy of the foregoing

**DEFENDANT MVP (HK) INDUSTRIES, LTD'S,  RESPONSES TO**

**PLAINTIFFS' FIRST SET OF INTERROGATORIES** was sent, via first class

mail, postage prepaid, to the following counsel(s) of record:

David J. Elliott, Esq.
Bryan J. Orticelli, Esq.
Kaitlin A. Canty, Esq.
DAY PITNEY LLP
242 Trumbull Street
Hartford, Connecticut  06103-1212

Erica W. Todd, Esq.
Trotta, Trotta & Trotta
P.O. Box 802
900 Chapel Street
New Haven, CT  06503

Philip T. Newbury, Jr., Esq.
Christopher  M. Vossler, Esq.
Howd & Ludorf, LLC
65 Wethersfield Ave.
Hartford , CT  06114

Joseph  Donat, Esq.
Howard Wexler, Esq.
Howard Edinburgh,  Esq.
Michael Gallub, Esq.
HERZFELD & RUBIN, P.C.
125 Broad  Street
New York, NY  10004

By:

Olga Valadez
Foley & Mansfield, PLLP
300 South Grand Avenue, Suite 2800
Los Angeles CA 90071
(213) 283-2100
(213) 283-2101 (Facsimile)

2

# EXHIBIT H



# dP DAY PITNEY LLP

BOSTON   CONNECTICUT   NEW JERSEY   NEW YORK   WASHINGTON, DC

DAVID J. ELLIOTT
Attorney at Law

242 Trumbull Street
Hartford, CT 06103-1212
T: (860) 275-0196 F: (860) 881-2447
djelliott@daypitney.com

August 21, 2013

**VIA E-MAIL**

Sean P. Flynn
Foley & Mansfield
300 South Grand Avenue, Suite 2800
Los Angeles, CA 90071

     Re:    Klorczyk et al. v. Sears, Roebuck & Co. et al.

Dear Mr. Flynn:

We write in response to your letter of July 30, 2013. As discussed during our conference call on August 16, 2013, it is our view that many of your objections to our discovery requests are meritless, particularly in light of the subject matter of this action and the claims set forth against your clients. Nonetheless, we will, by way of this letter, attempt in good faith to reach a mutual understanding of your clients' obligations to respond to our requests.

## Requests Directed to Shinn Fu Corp. and Shinn Fu Co. of America

Interrogatories

All of the interrogatories directed to Shinn Fu Corp. and Shinn Fu Co. of America seek information for the time period of January 1, 2003 to the present (i.e., the past ten years). The ten-year time period is reasonable and common in products liability cases such as this one. Therefore, your claim that the defined time period is overboard is incorrect.

The interrogatories directed to Shinn Fu Corp. and Shinn Fu Co. of America do not seek to impose obligations not contemplated by the Federal or Local Rules of Civil Procedure. The interrogatories seek only responsive information in your clients' possession, custody or control, and do not request the "creation of documents for purposes of litigation." Your objections to the contrary are unavailing, as are your claims that the interrogatories have 61 requests.

As to the specific requests to which you object:

 **DAY PITNEY** LLP

August 21, 2013
Page 2

#2.     This request does not assume that responsive records have been maintained, nor
does it request the creation of documents for purposes of litigation. This request seeks only
existing information in your clients' possession, custody and control. Moreover, Plaintiffs do not
request the production of information protected by the work product doctrine or "litigation
privilege." Rather, Plaintiffs request only non-privileged information responsive to this request.

#3.     This request does not assume that responsive records have been maintained, nor
does it request the creation of documents for purposes of litigation. This request seeks only
existing information in your clients' possession, custody and control.

#4.     This request does not assume that responsive records have been maintained, nor
does it request the creation of documents for purposes of litigation. This request seeks only
existing information in your clients' possession, custody and control. In addition, this request
does not violate Fed. R. Civ. P. 33(a). The subparts are not "discrete" in that they are not
logically or factually independent of the basic request—namely, critical information concerning
the Jack Stands and persons with knowledge thereof.[1] To the extent that your clients claim that
the request is "not related to any of [their] business activities," Plaintiffs presume your clients
object on grounds that responsive information is not in their possession, custody or control.
Again, this request seeks only responsive information in your clients' possession, custody and
control.

#5.     To the extent that information responsive to this request is "confidential Trade
Secret" information, your clients have an obligation to produce such information in accordance
with the Court's Standing Protective Order. (Dkt. No. 4). This request will not be withdrawn
simply because responsive information may be "confidential Trade Secret" information.

#6.     To the extent that information responsive to this request is "highly confidential"
and "punitive damages" information, your clients have an obligation to produce such information
in accordance with the Court's Standing Protective Order. (Dkt. No. 4). This request will not be
withdrawn simply because responsive information may be "highly confidential" and "punitive
damages" information.

#7.     This request does not violate Fed. R. Civ. P. 33(a). There are no subparts and,
even if there are, the subparts are not "discrete" in that they are not logically or factually
independent of the basic request—namely, the identification of engineers and persons with
knowledge of critical aspects of the Jack Stands.

#9.     This request does not violate Fed. R. Civ. P. 33(a). The subparts are not
"discrete" in that they are not logically or factually independent of the basic request—namely,

---

[1] *See, e.g.*, *Sec. Ins. Co. v. Trustmark Ins. Co.*, No. 3:01cv2198 (PCD), 2003 U.S. Dist.
LEXIS 18196 (D. Conn. Mar. 7, 2003).

**DAY PITNEY** LLP

August 21, 2013
Page 3

the identification of critical aspects of Jack Stand testing. Also, this request seeks only responsive information regarding the Jack Stand at issue in this action. This request does not seek information as to other models.

#11.    This request is not duplicative of Request #8. Request #8 seeks identification of engineers or persons responsible for Jack Stand testing, whereas this request seeks identification of engineers or persons responsible for quality control and quality assurance at the plants or factories where the Jack Stands were manufactured and inspected. Moreover, to the extent that this request is duplicative of Request #8, this request seeks only non-duplicative information.

#12.    Your claim that information relating to "competitor's jack stands are not at issue in this case" does not mean that any response to this request is not likely to lead to the discovery of admissible evidence. For example, information responsive to this request may go to the feasibility of alternative designs and safety features of products comparable to the Jack Stands at issue in this action. Also, because this request seeks the identification of engineers or persons with knowledge, information responsive to this request may lead to the identification of witnesses.

#16.    This request does not seek "identification of the entire engineering department." Rather, this request seeks only the identification of engineers or persons responsible for studying, analyzing, evaluating or conducting critical analyses of the Jack Stands.

#17.    This request seeks only the identification of documents created during the past ten years wherein your clients characterize, describe or represent their business/organizational relationship to MVP (a co-defendant) and/or Wei Fu (the purported manufacturer of the Jack Stands) as being "related, affiliated or sister companies or corporations." This request does not require your clients to "review every corporate document that was ever created." Moreover, Plaintiffs do not request the production of information protected by the attorney client privilege or work product doctrine. Plaintiffs request only non-privileged information responsive to this request. Also, to the extent that information responsive to this request is "trade secret" information, your clients have an obligation to produce such information in accordance with the Court's Standing Protective Order. (Dkt. No. 4). Finally, this request does not violate Fed. R. Civ. P. 33(a). There are no subparts and, even if there are, the subparts are not "discrete" in that they are not logically or factually independent of the basic request—namely, information concerning your clients' business relationship with MVP (a co-defendant) and Wei Fu (the purported manufacturer of the Jack Stands). This request is not withdrawn.

#18.    Your conclusory objection that this request is not calculated to lead to the discovery of any admissible evidence is facially invalid. This request seeks information relating to your clients' ownership interest in MVP (a co-defendant) and Wei Fu (the purported manufacturer of the Jack Stands). To the extent that such information exists and is in your clients' possession, custody and control, your clients have an obligation to respond. Also, to the

**DAY PITNEY** LLP

August 21, 2013
Page 4

extent that information responsive to this request is "confidential" information, your clients have an obligation to produce such information in accordance with the Court's Standing Protective Order. (Dkt. No. 4). Finally, this request does not violate Fed. R. Civ. P. 33(a). There are no subparts and, even if there are, the subparts are not "discrete" in that they are not logically or factually independent of the basic request—namely, identification of information regarding your clients' ownership interest in MVP (a co-defendant) and Wei Fu (the purported manufacturer of the Jack Stands). This request is not withdrawn.

#19.    Your conclusory objection that this request is not calculated to lead to the discovery of any admissible evidence is facially invalid. This request seeks identification of your clients' officers, directors and/or executives who also are or were officers, directors and/or executives of MVP (a co-defendant) and Wei Fu (the purported manufacturer of the Jack Stands). To the extent that such information exists and is in your clients' possession, custody and control, your clients have an obligation to respond. Also, to the extent that information responsive to this request is "confidential" information, your clients have an obligation to produce such information in accordance with the Court's Standing Protective Order. (Dkt. No. 4). Finally, this request does not violate Fed. R. Civ. P. 33(a). There are no subparts and, even if there are, the subparts are not "discrete" in that they are not logically or factually independent of the basic request—namely, identification of your clients' officers, directors and/or executives who also are or were officers, directors and/or executives of MVP (a co-defendant) and Wei Fu (the purported manufacturer of the Jack Stands). This request is not withdrawn.

#20.    Your conclusory objection that this request is not calculated to lead to the discovery of any admissible evidence is facially invalid. This request seeks identification of your clients' officers, directors and/or executives who are responsible for overseeing the business operations or activities of MVP (a co-defendant) and Wei Fu (the purported manufacturer of the Jack Stands). To the extent that such information exists and is in your clients' possession, custody and control, your clients have an obligation to respond. Finally, this request does not violate Fed. R. Civ. P. 33(a). There are no subparts and, even if there are, the subparts are not "discrete" in that they are not logically or factually independent of the basic request—namely, identification of your clients' officers, directors and/or executives responsible for overseeing the business operations or activities of MVP (a co-defendant) and Wei Fu (the purported manufacturer of the Jack Stands). This request is not withdrawn.

#21.    Your conclusory objection that this request is not likely to lead to the discovery of admissible evidence is facially invalid. This request seeks identification of agreements between your clients and MVP (a co-defendant) and/or Wei Fu (the purported manufacturer of the Jack Stands) concerning the design, manufacture, assembly, distribution and/or sale of the Jack Stands. Also, this request does not violate Fed. R. Civ. P. 33(a). There are no subparts and, even if there are, the subparts are not "discrete" in that they are not logically or factually independent of the basic request—namely, agreements between your clients, MVP (a co-defendant) and/or

**DP** DAY PITNEY LLP

August 21, 2013
Page 5

Wei Fu (the purported manufacturer of the Jack Stands) concerning the design, manufacture, assembly, distribution and/or sale of the Jack Stands.

#22. Your conclusory objection that this request is not likely to lead to the discovery of admissible evidence is facially invalid. This request seeks identification of persons employed by your clients who provided training or oversight to persons employed by MVP (a co-defendant) and/or Wei Fu (the purported manufacturer of the Jack Stands) concerning critical aspects of Jack Stand design, manufacture, testing, warnings, distribution, etc. Also, this request does not violate Fed. R. Civ. P. 33(a). There are no subparts and, even if there are, the subparts are not "discrete" in that they are not logically or factually independent of the basic request—namely, identification of persons employed by your clients who provided training or oversight to persons employed by MVP (a co-defendant) and Wei Fu (the purported manufacturer of the Jack Stands) concerning critical aspects of Jack Stand design, manufacture, testing, warnings, distribution, etc.

#23. Your conclusory objection that this request is not likely to lead to the discovery of admissible evidence is facially invalid. This request seeks identification of your clients' executives or other personnel responsible for communicating with Sears (a co-defendant), MVP (a co-defendant) and/or Wei Fu (the purported manufacturer of the Jack Stands) about issues concerning critical aspects of the Jack Stands. Also, this request does not violate Fed. R. Civ. P. 33(a). There are no subparts and, even if there are, the subparts are not "discrete" in that they are not logically or factually independent of the basic request—namely, identification of your clients' executives or other personnel responsible for communicating with Sears (a co-defendant), MVP (a co-defendant) and/or Wei Fu (the purported manufacturer of the Jack Stands) about issues concerning critical aspects of the Jack Stands.

<u>Requests for Production of Documents</u>

All but 6 of Plaintiffs' 48 Requests for Production directed to Shinn Fu and Shinn Fu Co. of America seek documents for the time period of January 1, 2003 to the present (i.e., the past ten years). The ten-year time period is reasonable and common in products liability cases such as this one. Therefore, your claim that the defined time period is overboard is incorrect. Nonetheless, Plaintiffs are willing to limit to the past ten years the 6 Requests for Production that exceed the ten-year period (Nos. 1, 2, 11, 32, 33, 46) for purposes of your clients' *initial* production. Plaintiffs reserve the right to demand that your clients comply fully with any and all requests that exceed the ten-year period.

The Requests for Production directed to Shinn Fu Corp. and Shinn Fu Co. of America do not seek to impose obligations not contemplated by the Federal or Local Rules of Civil Procedure. The requests seek only responsive documents in your clients' possession, custody or control. To the extent that responsive documents are withheld on the basis of attorney client privilege or the work product doctrine, your clients are obligated to produce a privilege log in accordance with Local Civil Rule 27(e).

**dP DAY PITNEY** LLP

August 21, 2013
Page 6

As to the specific requests to which you object:

#1, 2, 11, 32, 33, 46:

Plaintiffs agree to limit these requests to the past ten years for purposes of your clients' *initial* production. Plaintiffs reserve the right to demand that your clients comply fully with these requests. To the extent that documents responsive to these requests contain "confidential and/or Trade Secret" information, your clients have an obligation to produce such documents in accordance with the Court's Standing Protective Order. (Dkt. No. 4).

#4, 13:

These requests are not duplicative of Request #3. Request #3 seeks documents concerning the inspection, quality control and/or quality assurance of the Jack Stands. Request #4 seeks documents concerning the testing of the Jack Stands. Request #13 seeks documents concerning "load or other testing of Jack Stands *not produced in response to Request Number 4*." Moreover, to the extent that these requests are duplicative, Plaintiffs seek only the production of non-duplicative documents responsive to their requests. These requests are not withdrawn.

#11:

This request seeks the production of documents concerning complaints (legal and non-legal) or litigation (pending or settled) with respect to claims or allegations of Jack Stand malfunctions, design or manufacturing defects, failure to hold up a vehicle, the spontaneous collapse or descent of the raised ratchet bar of a Jack Stand, inferior materials used to manufacture the Jack Stand, and/or poor workmanship in the fabrication of the Jack Stand. This information is clearly relevant to, among other issues, notice of defect in manufacture, design and/or warnings, and the feasibility of alternative designs.

#14, 15:

These requests are not duplicative of Request #1. Request #1 seeks documents concerning the development and design of the Jack Stands. Request #14 seeks documents concerning the study or consideration of employing, or the feasibility of installing, different or other designs of safety features for the Jack Stands. Request #15 seeks documents concerning the analysis of assessment of the costs of any alternative design of or safety features for the Jack Stands. Moreover, to the extent that these requests are duplicative, Plaintiffs seeks only the production of non-duplicative documents responsive to their requests. These requests are not withdrawn.

#18:

**DAY PITNEY** LLP

August 21, 2013
Page 7

Your conclusory objections to this request are facially invalid. Nonetheless, in an effort to accommodate your position, Plaintiffs are willing to modify this request to seek only documents concerning requests by any local, state or federal governmental agency or department concerning Jack Stand failures, malfunctions or performance. This information is clearly relevant to, among other things, the issues identified in response to your objection to Request #11. Plaintiffs reserve the right to demand that your clients comply fully with this request. This request is not withdrawn.

#19:

Your conclusory objections to this request are facially invalid. Nonetheless, in an effort to accommodate your position, Plaintiffs are willing to modify this request to seek only applicable policies of primary, excess and umbrella insurance.

#48:

To the extent that documents responsive to this request are protected from disclosure by the attorney client privilege or work product doctrine, your clients are obligated to produce a privilege log in accordance with Local Civil Rule 27(e).

**Requests Directed to MVP HK Industries, Ltd.**

Interrogatories

All of the interrogatories directed to MVP seek information for the time period of January 1, 2003 to the present (i.e., the past ten years). The ten-year time period is reasonable and common in products liability cases such as this one. Therefore, your claim that the defined time period is overboard is incorrect.

The interrogatories directed to MVP do not seek to impose obligations not contemplated by the Federal or Local Rules of Civil Procedure. The interrogatories seek only responsive information in your client's possession, custody or control, and do not request the "creation of documents for purposes of litigation." Your objections to the contrary are unavailing, as are your claims that the interrogatories have 69 requests.

As to the specific requests to which you object:

#2. This request does not assume that responsive records have been maintained, nor does it request the creation of documents for purposes of litigation. This request seeks only existing information in your client's possession, custody and control. Moreover, Plaintiffs do not request the production of information protected by the work product doctrine or "litigation privilege." Rather, Plaintiffs request only non-privileged information responsive to this request.

@P DAY PITNEY LLP

August 21, 2013
Page 8

#3.     This request does not assume that responsive records have been maintained, nor does it request the creation of documents for purposes of litigation. This request seeks only existing information in your client's possession, custody and control.

#4.     This request does not assume that responsive records have been maintained, nor does it request the creation of documents for purposes of litigation. This request seeks only existing information in your client's possession, custody and control. Also, this request does not violate Fed. R. Civ. P. 33(a). The subparts are not "discrete" in that they are not logically or factually independent of the basic request—namely, critical information concerning the Jack Stands and persons with knowledge thereof.

#5.     To the extent that information responsive to this request is "confidential Trade Secret" information, your client has an obligation to produce such information in accordance with the Court's Standing Protective Order. (Dkt. No. 4). This request will not be withdrawn simply because responsive information may be "confidential Trade Secret" information.

#6.     To the extent that information responsive to this request is "highly confidential" and "punitive damages" information, your client has an obligation to produce such information in accordance with the Court's Standing Protective Order. (Dkt. No. 4). This request will not be withdrawn simply because responsive information may be "highly confidential" and "punitive damages" information.

#7.     This request does not violate Fed. R. Civ. P. 33(a). There are no subparts and, even if there are, the subparts are not "discrete" in that they are not logically or factually independent of the basic request—namely, the identification of engineers and persons with knowledge of critical aspects of the Jack Stands.

#9.     This request does not violate Fed. R. Civ. P. 33(a). The subparts are not "discrete" in that they are not logically or factually independent of the basic request—namely, the identification of critical aspects of Jack Stand testing. Also, this request seeks only responsive information regarding the Jack Stand at issue in this action. This request does not seek information as to other models.

#11.     This request is not duplicative of Request #8. Request #8 seeks identification of engineers or persons responsible for Jack Stand testing, whereas this request seeks identification of engineers or persons responsible for quality control and quality assurance at the plants or factories where the Jack Stands were manufactured and inspected. Moreover, to the extent that this request is duplicative of Request #8, this request seeks only non-duplicative information.

#12     Your claim that information relating to "competitor's jack stands are not at issue in this case" does not mean that any response to this request is not likely to lead to the discovery of admissible evidence. For example, information responsive to this request may go to the feasibility of alternative designs and safety features of products comparable to the Jack Stands at

**dP DAY PITNEY** LLP

August 21, 2013
Page 9

issue in this action. Also, because this request seeks the identification of engineers or persons with knowledge, information responsive to this request may lead to the identification of witnesses.

#16.     This request does not seek "identification of the entire engineering department." Rather, this request seeks only the identification of engineers or persons responsible for studying, analyzing, evaluating or conducting critical analyses of the Jack Stands.

#17.     This request seeks only the identification of documents created during the past ten years wherein your client characterizes, describes or represents its business/organizational relationship to Shinn Fu (a co-defendant), SFA (a co-defendant), and/or Wei Fu (the purported manufacturer of the Jack Stands) as being "related, affiliated or sister companies or corporations." This request does not require your clients to "review every corporate document that was ever created." Moreover, Plaintiffs do not request the production of information protected by the attorney client privilege or work product doctrine. Plaintiffs request only non-privileged information responsive to this request. Also, to the extent that information responsive to this request is "trade secret" information, your client has an obligation to produce such information in accordance with the Court's Standing Protective Order. (Dkt. No. 4). Finally, this request does not violate Fed. R. Civ. P. 33(a). There are no subparts and, even if there are, the subparts are not "discrete" in that they are not logically or factually independent of the basic request—namely, your client's business relationship with Shinn Fu (a co-defendant), SFA (a co-defendant) and Wei Fu (the purported manufacturer of the Jack Stands). This request is not withdrawn.

#18.     Your conclusory objection that this request is not calculated to lead to the discovery of any admissible evidence is facially invalid. This request seeks information relating to Shinn Fu's (a co-defendant) and/or SFA's (a co-defendant) ownership interest in MVP, and MVP's ownership interest in Wei Fu (the purported manufacturer of the Jack Stands). To the extent that such information exists and is in your client's possession, custody and control, your client has an obligation to respond. Also, to the extent that information responsive to this request is "confidential" information, your client has an obligation to produce such information in accordance with the Court's Standing Protective Order. (Dkt. No. 4). Finally, this request does not violate Fed. R. Civ. P. 33(a). There are no subparts and, even if there are, the subparts are not "discrete" in that they are not logically or factually independent of the basic request—namely, identification of information regarding Shinn Fu's (a co-defendant) and/or SFA's (a co-defendant) ownership interest in MVP, and MVP's ownership interest in Wei Fu (the purported manufacturer of the Jack Stands). This request is not withdrawn.

#19.     Your conclusory objection that this request is not calculated to lead to the discovery of any admissible evidence is facially invalid. This request seeks identification of your client's officers, directors and/or executives who also are or were officers, directors and/or executives of Shinn Fu (a co-defendant), SFA (a co-defendant) and/or Wei Fu (the purported

**dP DAY PITNEY** LLP

August 21, 2013
Page 10

manufacturer of the Jack Stands). To the extent that such information exists and is in your client's possession, custody and control, your client has an obligation to respond. Also, to the extent that information responsive to this request is "confidential" information, your client has an obligation to produce such information in accordance with the Court's Standing Protective Order. (Dkt. No. 4). Finally, this request does not violate Fed. R. Civ. P. 33(a). There are no subparts and, even if there are, the subparts are not "discrete" in that they are not logically or factually independent of the basic request—namely, identification of your client's officers, directors and/or executives who also are or were officers, directors and/or executives of Shinn Fu (a co-defendant), SFA (a co-defendant) and/or Wei Fu (the purported manufacturer of the Jack Stands). This request is not withdrawn.

#20. Your conclusory objection that this request is not calculated to lead to the discovery of any admissible evidence is facially invalid. This request seeks identification of your client's officers, directors and/or executives who are responsible for overseeing the business operations or activities of Wei Fu (the purported manufacturer of the Jack Stands). To the extent that such information exists and is in your client's possession, custody and control, your client has an obligation to respond. Finally, this request does not violate Fed. R. Civ. P. 33(a). There are no subparts and, even if there are, the subparts are not "discrete" in that they are not logically or factually independent of the basic request—namely, identification of your client's officers, directors and/or executives responsible for overseeing the business operations or activities of Wei Fu (the purported manufacturer of the Jack Stands). This request is not withdrawn.

#21. Your conclusory objection that this request is not likely to lead to the discovery of any admissible evidence is facially invalid. This request seeks identification of agreements between your client and Shinn Fu (a co-defendant), SFA (a co-defendant) and/or Wei Fu (the purported manufacturer of the Jack Stands) concerning the design, manufacture, assembly, distribution and/or sale of the Jack Stands. Also, this request does not violate Fed. R. Civ. P. 33(a). There are no subparts and, even if there are, the subparts are not "discrete" in that they are not logically or factually independent of the basic request—namely, agreements between your client, Shinn Fu (a co-defendant), SFA (a co-defendant) and/or Wei Fu (the purported manufacturer of the Jack Stands) concerning the design, manufacture, assembly, distribution and/or sale of the Jack Stands.

#22. Your conclusory objection that this request is not likely to lead to the discovery of any admissible evidence is facially invalid. This request seeks identification of persons employed by your client who provided training or oversight to persons employed by Shinn Fu (a co-defendant) and/or SFA (a co-defendant) concerning critical aspects of Jack Stand design, manufacture, testing, warnings, distribution, etc. Also, this request does not violate Fed. R. Civ. P. 33(a). There are no subparts and, even if there are, the subparts are not "discrete" in that they are not logically or factually independent of the basic request—namely, identification of persons employed by your client who provided training or oversight to persons employed by Shinn Fu (a

## DAY PITNEY LLP

August 21, 2013
Page 11

co-defendant) and/or SFA (a co-defendant) concerning critical aspects of Jack Stand design, manufacture, testing, warnings, distribution, etc.

#23. Your conclusory objection that this request is not likely to lead to the discovery of admissible evidence is facially invalid. This request seeks identification of your client's executives or other personnel responsible for communicating with Sears (a co-defendant), Shinn Fu (a co-defendant), SFA (a co-defendant) and/or Wei Fu (the purported manufacturer of the Jack Stands) about issues concerning critical aspects of the Jack Stands. Also, this request does not violate Fed. R. Civ. P. 33(a). There are no subparts and, even if there are, the subparts are not "discrete" in that they are not logically or factually independent of the basic request—namely, identification of your client's executives or other personnel responsible for communicating with Sears (a co-defendant), Shinn Fu (a co-defendant), SFA (a co-defendant) and/or Wei Fu (the purported manufacturer of the Jack Stands) about issues concerning critical aspects of the Jack Stands.

Requests for Production of Documents

All but 6 of Plaintiffs' 48 Requests for Production directed to MVP seek documents for the time period of January 1, 2003 to the present (i.e., the past ten years). The ten-year time period is reasonable and common in products liability cases such as this one. Therefore, your claim that the defined time period is overboard is incorrect. Nonetheless, Plaintiffs are willing to limit to the past ten years the 6 Requests for Production that exceed this period (Nos. 1, 2, 11, 32, 33, 46) for purposes of your client's *initial* production. Plaintiffs reserve the right to demand that your clients comply fully with any and all requests that exceed the ten-year period.

The Requests for Production directed to MVP do not seek to impose obligations not contemplated by the Federal or Local Rules of Civil Procedure. The requests seek only responsive documents in your client's possession, custody or control. To the extent that responsive documents are withheld on the basis of attorney client privilege or the work product doctrine, your client is obligated to produce a privilege log in accordance with Local Civil Rule 27(e).

As to the specific requests to which you object:

#1, 2, 11, 32, 33, 46:

Plaintiffs agree to limit these requests to the past ten years for purposes of your client's *initial* production. Plaintiffs reserve the right to demand that your clients comply fully with these requests. To the extent that documents responsive to these requests contain "confidential and/or Trade Secret" information, your client has an obligation to produce such documents in accordance with the Court's Standing Protective Order. (Dkt. No. 4).

#4, 13:

**dP DAY PITNEY** LLP

August 21, 2013
Page 12

These requests are not duplicative of Request #3.  Request #3 seeks documents concerning the inspection, quality control and/or quality assurance of the Jack Stands.  Request #4 seeks documents concerning the testing of the Jack Stands.  Request #13 seeks documents concerning "load or other testing of Jack Stands *not produced in response to Request Number 4.*"  Moreover, to the extent that these requests are duplicative, Plaintiffs seek only the production of non-duplicative documents responsive to their requests.  These requests are not withdrawn.

<u>#11:</u>

This request seeks the production of documents concerning complaints (legal and non-legal) or litigation (pending or settled) with respect to claims or allegations of Jack Stand malfunctions, design or manufacturing defects, failure to hold up a vehicle, the spontaneous collapse or descent of the raised ratchet bar of a Jack Stand, inferior materials used to manufacture the Jack Stand, and/or poor workmanship in the fabrication of the Jack Stand.  This information is clearly relevant to, among other issues, notice of defect in manufacture, design and/or warnings, and the feasibility of alternative designs.

<u>#14, 15:</u>

These requests are not duplicative of Request #1.  Request #1 seeks documents concerning the development and design of the Jack Stands.  Request #14 seeks documents concerning the study or consideration of employing, or the feasibility of installing, different or other designs of safety features for the Jack Stands.  Request #15 seeks documents concerning the analysis of assessment of the costs of any alternative design of or safety features for the Jack Stands.  Moreover, to the extent that these requests are duplicative, Plaintiffs seek only the production of non-duplicative documents responsive to their requests.  These requests are not withdrawn.

<u>#18:</u>

Your conclusory objections to this request are facially invalid.  Nonetheless, in an effort to accommodate your position, Plaintiffs are willing to modify this request to seek only documents concerning requests by any local, state or federal governmental agency or department concerning Jack Stand failures, malfunctions or performance.  This information is clearly relevant to, among other things, the issues identified in response to your objection to Request #11.  Plaintiffs reserve their right to demand that your client comply fully with this request.  This request is not withdrawn.

<u>#19:</u>

Your conclusory objections to this request are facially invalid.  Nonetheless, in an effort to accommodate your position, Plaintiffs are willing to modify this request to seek only applicable policies of primary, excess and umbrella insurance.

**DAY PITNEY** LLP

August 21, 2013
Page 13

#### #48:

To the extent that documents responsive to this request are protected from disclosure by the attorney client privilege or work product doctrine, your client is obligated to produce a privilege log in accordance with Local Civil Rule 27(e).

Very truly yours,

David J. Elliott

DJE

cc:     All counsel of record