UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FREDERICK KLORCZYK, JR., as co-Administrator of the Estate of Christian R. Klorczyk, et al | : : : : | NO.:  3:13-CV-00257 (RNC) |
| Plaintiffs | : : | |
| v. | : : | |
| SEARS, ROEBUCK AND CO., et al | : : | |
| Defendants | : | NOVEMBER 1, 2013 |

## <u>ANSWER AND AFFIRMATIVE DEFENSES</u>

The defendant, Wei Fu (Taishan) Machinery & Elec. Co., Ltd. ("Wei Fu"), hereby responds to the plaintiffs' Complaint dated May 24, 2013, as follows:

1.     As to Paragraph 1, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiffs to their burden of proof.

2.     As to Paragraph 2, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiffs to their burden of proof.

3.     As to Paragraph 3, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiffs to their burden of proof.

4.      Paragraph 4 is denied.

5.      Paragraph 5 is admitted.

6.      As to Paragraph 6, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiffs to their burden of proof.

**<u>FIRST COUNT</u>:**

7.      The answers to Paragraphs 1 through 6 are incorporated and made the answers to Paragraph 7 as if fully set forth herein.

8.      As to Paragraph 8, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiffs to their burden of proof.

9.      As to Paragraph 9, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiffs to their burden of proof.

10.     As to Paragraph 10, the Defendant admits that Jack Stands can be utilized to hold a motor vehicle in a raised position, permitting, among other things, repair work, servicing and maintenance and/or inspection of the underside of a motor vehicle.

11.     As to Paragraph 11, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiffs to their burden of proof.

12.     Paragraph 12 is denied.

13.     As to Paragraph 13, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiffs to their burden of proof.

14.     Paragraph 14 is denied.

15.     Paragraph 15 is denied.

16.     Paragraph 16 is denied.

17.     Paragraph 17 is denied.

18.     As to Paragraph 18, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiffs to their burden of proof.  The Defendant denies any assertion, express or implied, that a Jack Stand was being used to support the vehicle at the time of the accident.

19.     Paragraph 19 is denied.

20.     Paragraph 20 is denied.

21.     As to Paragraph 21, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiffs to their burden of proof.  The Defendant denies any assertion, express or implied, that a Jack Stand was being used to support the vehicle at the time of the accident.

22.     Paragraph 22 is denied.

23.     Paragraph 23 is denied.

24.     Paragraph 24 is denied.

25.     Paragraph 25 is denied.

**SECOND COUNT:**

26.     The answers to Paragraphs 1 through 5 are incorporated and made the answers to Second Count as if fully set forth herein.

27.     Paragraph 27 is denied.

28.     Paragraph 28 is denied.

29.     Paragraph 29 is denied.

## PRAYER FOR RELIEF

Defendant deny that Plaintiffs are entitled to any of the items set forth in the prayer for relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Statute of Limitations)

Defendant is informed and believes and thereon alleged that the applicable statutes of limitation bar all claims for relief in the Complaint.

### Second Affirmative Defense

### (Contributory/Comparative Fault)

Defendant is informed and believes and thereon alleges that any alleged damages sustained by Plaintiffs or Decedent were, at least in part, caused by the actions of Decedent and resulted from Decedent's own negligence, which equaled or exceeded any alleged negligence or wrongdoing by Defendants.

## Third Affirmative Defense

## (Failure to Mitigate)

The damages claimed by Plaintiffs could have been mitigated with due diligence or by one acting under similar circumstances.  Plaintiffs' failure to mitigate is a bar to recovery under the Complaint.

## Fourth Affirmative Defense

## (Estoppel)

The Complaint and each of its purported claims for relief are barred by the doctrine of estoppel.

## Fifth Affirmative Defense

## (Laches)

The Complaint and each of its purported claims for relief are barred by the doctrine of laches.

## Sixth Affirmative Defense

## (Unclean Hands)

The Complaint and each of its purported claims for relief are barred by the doctrine of unclean hands.

## Seventh Affirmative Defense

## (Waiver)

The Complaint and each of its purported claims for relief are barred by the doctrine of waiver.

## Eighth Affirmative Defense

## (Good Faith)

Defendant alleges that at all times it acted in good faith and with good cause. The conduct of Defendant was within the reasonable expectations of the parties and was reasonably related to Defendants' legitimate business interests upon the basis of reasonable factors.

## Ninth Affirmative Defense

## (Failure to State a Claim)

The Complaint, fails to state facts sufficient to constitute a cause of action against Defendant and further fails to state facts sufficient to entitle Plaintiffs to the relief sought, or to any other relief whatsoever, from Defendant.

## Tenth Affirmative Defense

## (Joinder)

Defendant is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiffs are the result of the acts or omissions of third persons over whom Defendant had neither control nor responsibility, and whom Plaintiffs have failed to name in this action.

## Eleventh Affirmative Defense

## (Capacity)

Defendant alleges that Plaintiffs do not have capacity to sue on behalf of Decedent.

**Twelfth Affirmative Defense**

**(Lack of Standing)**

Defendant alleges that Plaintiffs do not have standing as the real party in interest to sue on behalf of Decedent.

**Thirteenth Affirmative Defense**

**(Due Care)**

Defendant alleges that at all times Defendants acted with due care and complied with applicable statutory, regulatory, and common law requirements.

**Fourteenth Affirmative Defense**

**(Conformity)**

Defendant's' product conformed to its intended design and purpose and to the customary or state of the art designs, methods, standards, and techniques of manufacturing, inspecting, testing, and marketing of other manufacturers of similar products.

**Fifteenth Affirmative Defense**

**(Assumption of the Risk)**

Defendant alleges that Plaintiffs' claims are barred, in whole or in part, by the doctrine of assumption of risk.

**Sixteenth Affirmative Defense**

**(Misuse)**

Defendant alleges that Plaintiffs' claims are barred, in whole or in part, by the misuse of the product at issue.

## Seventeenth Affirmative Defense

### (No Punitive Damages)

Defendant was not grossly negligent or reckless and thus cannot be held responsible or liable for punitive damages.

## Eighteenth Affirmative Defense

### (Reserved Affirmative Defenses)

Defendant alleges that the Complaint does not describe the alleged actions with sufficient particularity to permit it to ascertain what other defenses may exist at this time.  Defendant therefore reserves the right to assert all defenses that may pertain to the Complaint as the facts of the case are discovered.

DEFENDANT,
WEI FUI (TAISHAN) MACHINERY &
ELEC. CO., LTD.


By  /s/ Philip T. Newbury, Jr.
    Philip T. Newbury, Jr.
    ct05283
    Howd & Ludorf, LLC
    65 Wethersfield Avenue
    Hartford, CT  06114
    (860) 249-1361
    (860) 249-7665 (Fax)
    pnewbury@hl-law.com


    ***Pro Hac Vice:***
    Sean P. Flynn
    phv05949
    Foley & Mansfield, PLLP
    300 South Grand Avenue
    Suite 2800
    Los Angeles, CA  90071
    (213) 283-2100
    (213) 283-2101 (Fax)
    sflynn@foleymansfield.com

9

## CERTIFICATION

This is to certify that on November 1, 2013, a copy of the foregoing Answer and Affirmative Defenses was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

David J. Elliott, Esq. (ct04301)
Bryan J. Orticelli, Esq. (ct28643)
Kaitlin A. Canty, Esq. (ct29074)
DAY PITNEY, LLP
242 Trumbull Street
Hartford, CT   06103-1212
(860) 275-0100
(860) 275-0343 fax
djelliott@daypitney.com
borticelli@daypitney.com
kcanty@daypitney.com

*PRO HAC VICE*
Joseph Donat, Esq.
Howard Wexler, Esq.
Howard Edinburgh, Esq.
Michael Gallub, Esq.
HERZFELD & RUBIN, P.C.
125 Broad Street
New York, NY  10004
(212) 471-8500
(212) 344-3333 fax
jdonat@herzfeld-rubin.com
hwezler@herzfeld-rubin.com
hedinburgh@herzfeld-rubin.com
mgallub@herzfeld-rubin.com

Michael R. Keller, Esquire
Thomas O. Anderson, Esquire
Morrison Mahoney, LLP
One Constitution Plaza, 10th Floor
Hartford, CT  06103
T.  (860) 616-4441
F.  (860) 244-3800
mkeller@morrisonmahoney.com
tanderson@morrisonmahoney.com

Erica Weyer Todd, Esquire
Trotta, Trotta & Trotta
900 Chapel Street
P.O. Box 802
New Haven, CT  06503
T.  (203) 787-6756
F.  (203) 776-4538
E.  etodd@trottalaw.com

/s/ Philip T. Newbury, Jr._____
Philip T. Newbury, Jr.