# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk | CIVIL ACTION NO. 3:13-cv-00257-RNC |
| *Plaintiffs*, | |
| vs. | JURY TRIAL DEMANDED |
| SEARS, ROEBUCK & CO., SHINN FU CORPORATION, SHINN FU COMPANY OF AMERICA, MVP (HK) INDUSTRIES, LTD., and WEI FU (TAISHAN) MACHINERY & ELECTRIC CO., LTD., | APRIL 10, 2014 |
| *Defendants*. | |

## SECOND AMENDED COMPLAINT

## PARTIES

1.Plaintiff, Frederick Klorczyk, Jr., is the co-administrator of the Estate of Christian R. Klorczyk. Frederick Klorczyk, Jr. brings this action as co-administrator of the Estate of Christian R. Klorczyk.

2.Plaintiff, Lynne Klorczyk, is the co-administrator of the Estate of Christian R. Klorczyk. Lynne Klorczyk brings this action as co-administrator of the Estate of Christian R. Klorczyk.

3.Plaintiffs were appointed co-administrators of the Estate of Christian R. Klorczyk by decree of the New London Probate Court, dated November 15, 2011.

4.Defendant, Sears, Roebuck and Co. ("Sears"), is and was at all times relevant to this Complaint a New York corporation with an office and principal place of business located at 3333 Beverly Road, Hoffman Estates, Illinois. Sears is the owner and operator of numerous

department stores that transact business and sell products across the United States, including in Connecticut. Sears is authorized to do business in Connecticut and operates numerous retail stores in Connecticut, including one in Waterford, Connecticut.

5. Defendant, Shinn Fu Corporation ("Shinn Fu"), is and was at all times relevant to this Complaint a non-resident, non-United States foreign corporation. Shinn Fu is in the business of designing, manufacturing, testing and/or assembling tools and equipment, including vehicle support stands (also known as "jack stands"), which it sells or supplies, directly or through a network of distributors, to Sears for sale in Sears' stores throughout the United States, including Sears' store in Waterford, Connecticut.

6. Defendant, Shinn Fu Company of America, Inc. ("SFA"), is and was at all times relevant to this Complaint a Missouri corporation with an office and principal place of business located at 10939 N. Pomona Avenue, Kansas City, Missouri. SFA is in the business of inspecting, testing, selling and/or distributing equipment, including jack stands, which are sold and/or distributed by SFA to Sears for sale in Sears' stores throughout the United States, including Sears' store in Waterford, Connecticut. On information and belief, SFA is a branch, agent, affiliated entity, subsidiary, division, department and/or related entity of Shinn Fu.

7. Defendant, MVP (HK) Industries, Ltd. ("MVP"), is a Hong Kong corporation, organized and existing under the laws of Hong Kong with offices at Suite 508 5/F South Tower World Finance Center, Harbour City, Kowloon, Hong Kong, and 15/F SUP Tower, 75-83 Kings Road, North Point, Hong Kong. MVP is engaged in the business of designing, manufacturing, assembling, marketing, selling, and distributing jack stands bearing their model number T6904 and being distributed as a Craftsman Heavy Duty Jack Stand model number 50163, which

-3-

caused the injuries involved in this case. On information and belief, MVP is a branch, agent, affiliated entity, subsidiary, division, department and/or related entity of Shinn Fu.

8. Defendant, Wei Fu (Taishan) Machinery & Elec. Co., Ltd. ("Wei Fu"), is and was at all times relevant to this Complaint a Chinese entity, with an office and principal place of business located at 328 Qiaohu Road, Taishan Town, Taishan, Jiangmen, Guangdong, China. Wei Fu is engaged in the business of designing, manufacturing, assembling, marketing, selling, and distributing jack stands bearing their model number T6904 and being distributed as a Craftsman Heavy Duty Jack Stand model number 50163, which caused the injuries involved in this case. On information and belief, Wei Fu is a branch, agent, affiliated entity, subsidiary, division, department and/or related entity of Shinn Fu.

## JURISDICTION

9. Sears is a foreign corporation that is authorized to and does business in Connecticut and repeatedly solicits and transacts business in Connecticut within the meaning of Conn. Gen. Stat. § 33-929(f).

10. Shinn Fu is a foreign corporation that enters into contracts to be performed in Connecticut and produces and manufactures goods with the reasonable expectation that such goods are to be used or consumed in Connecticut within the meaning of Conn. Gen. Stat. § 33-929(f).

11. SFA is a foreign corporation that enters into contracts to be performed in Connecticut and distributes goods with the reasonable expectation that such goods are to be used or consumed in Connecticut within the meaning of Conn. Gen. Stat. § 33-929(f).

12. MVP is a foreign corporation that enters into contracts to be performed in Connecticut and distributes goods with the reasonable expectation that such goods are to be used or consumed in Connecticut within the meaning of Conn. Gen. Stat. § 33-929(f).

13. Wei Fu is a foreign corporation that enters into contracts to be performed in Connecticut and distributes goods with the reasonable expectation that such goods are to be used or consumed in Connecticut within the meaning of Conn. Gen. Stat. § 33-929(f).

14. This Court has jurisdiction over Sears because it is authorized to and does transact business in Connecticut. In addition, this Court has jurisdiction over all Defendants pursuant to Conn. Gen. Stat. § 33-929(f) because Defendants transact business in Connecticut and this action arises out of: (i) a contract made or to be performed in Connecticut; (ii) business repeatedly solicited in Connecticut by mail or otherwise; (iii) the production, manufacture or distribution of goods with the reasonable expectation that such goods are to be used or consumed, and were so used or consumed, in Connecticut; and/or (iv) tortious conduct in Connecticut.

**FIRST CAUSE OF ACTION**
**WRONGFUL DEATH UNDER CONNECTICUT**
**PRODUCTS LIABILITY ACT, CONN. GEN. STAT. §§ 52-572m et seq.**

15. Plaintiffs repeat and reallege Paragraphs 1–14 hereof as if fully set forth at length herein.

16. Defendants are and were at all times relevant to this Complaint "product sellers" within the meaning of Conn. Gen. Stat. § 52-572m(a). Additionally, Shinn Fu is a "manufacturer" within the meaning of Conn. Gen. Stat. § 52-572m(e), MVP is a "manufacturer" within the meaning of Conn. Gen. Stat. § 52-572m(e), and Wei Fu is a "manufacturer" within the meaning of Conn. Gen. Stat. § 52-572m(e).

17. At all times relevant to this Complaint, Defendants were the designers, manufacturers, importers, wholesalers, distributors and/or retailers of a product known as a "Craftsman Heavy Duty Jack Stand, Model No. 50163" (the "Jack Stand").

18. The Jack Stand is a device utilized to hold a motor vehicle in a raised position, permitting, among other things, repair work, servicing and maintenance and/or inspection of the underside of a motor vehicle.

19. Plaintiffs and the decedent, Christian R. Klorczyk (the "Decedent"), purchased Jack Stands from a Sears' department store located in Waterford, Connecticut.

20. On or about March 11, 2011, the Decedent while at Plaintiffs' home at 55 Westwood Drive, Waterford, Connecticut, was using one of the Jack Stands to support the front-end of a motor vehicle in a foreseeable manner and for the purposes intended in order to change the oil in said motor vehicle when the Jack Stand failed and collapsed.

21. The Decedent was experienced in the use of Sears Jack Stands and had used them to perform repair work and/or maintenance on motor vehicles on numerous occasions prior to March 11, 2011.

22. Upon information and belief, the failure of the Jack Stand caused the motor vehicle being supported by it to fall upon and violently crush the Decedent, causing his death on March 11, 2011.  Such death constituted a "harm" within the meaning of Conn. Gen. Stat. § 52-572m(d).

23. The Jack Stand that caused Decedent's death failed as a result of a defect in its design, assembly or manufacture.

24. In addition to its defective design or manufacture, the Jack Stand was defective in that adequate warnings or instructions were not provided by Defendants.

25. The Jack Stand was defective in its design or manufacture and in its failure to provide adequate warnings or instructions in one or more of the following ways:

    a. the design of the Jack Stand permitted the teeth edges of the Jack Stand ratchet bar to align with the locking pawl on a tooth to tooth or edge to edge alignment creating a false, dangerous and unsafe sense that the Jack Stand was fully engaged and load-bearing and properly secured in an erect and upright position, when in fact it was not;

    b. when engaged in a tooth to tooth or edge to edge alignment, any minor vibration or movement of the Jack Stand or the motor vehicle it was supporting could cause the ratchet bar to fall, descend and collapse precipitously and without the knowledge of the user;

    c. the Jack Stand lacked an appropriate locking or safety pin or bar as a fail safe to protect the user when the Jack Stand failed; and

    d. the warnings and instructions that were provided were not devised to communicate with the person best able to take or commend precautions against the potential harm and did not take into account the potential that the Jack Stand would or could fail and cause the harm suffered.

26. On March 11, 2011, the Jack Stand was in the same or similar condition as when it was designed, manufactured, assembled, sold or distributed by Defendants.

27. The manner in which the Decedent's death occurred was foreseeable and Defendants knew or should have known or anticipated that Decedent would not be aware of the risks and nature of the harm attendant to using the Jack Stand.

28. Defendants knew or should have known or anticipated at the time of design, manufacture and/or testing that the expected product user would not be aware of the risks from the product and nature of the harm.

29. The First Count of this Complaint is brought by Plaintiffs as co-administrators of the Estate of Christian R. Klorczyk and alleges a Products Liability claim under the Connecticut Products Liability Act, as codified in Conn. Gen. Stat. §§ 52-572m et seq., and as specified in Conn. Gen. Stat. §§ 52-572m, 52-572n, and 52-572q to include but not be limited to "all claims

Case 3:13-cv-00257-JAM   Document 99   Filed 05/20/14   Page 7 of 10

or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marking, packaging or labels of any product." "Product Liability claim" as used herein, includes, but is not limited to, all actions based on the following theories: strict liability in tort, negligence, breach of warranty, express or implied; breach or failure to discharge a duty to warn or instruct, whether negligent or innocent, and misrepresentation or non-disclosure, whether negligent or innocent.

30.     Upon information and belief, the Decedent sustained a period of conscious pain and suffering prior to his death as a result of the failure of the Jack Stand.

31.     In addition to defective design or manufacture and failure to provide adequate warnings or instructions, the harm sustained by Decedent was suffered as a result of Defendants' reckless disregard for the safety of Decedent while using the Jack Stand.

32.     As a result of the occurrence described herein, Decedent sustained just damages as follows: (i) damages for lost earning capacity; (ii) damages for conscious pain and suffering; (iii) damages for the loss of the capacity to enjoy life's activities in a way Decedent would have had he lived; and (iv) funeral expenses.

33.     Defendants are liable for Decedent's harm and just damages as set forth herein.

-7-

**WHEREFORE**, the Plaintiffs claim:

1. Compensatory damages;

2. Damages pursuant to Conn. Gen. Stat. § 52-555(a);

3. Punitive damages;

4. Interest to the extent permitted by law;

5. Attorneys' fees and costs to the extent permitted by law; and

6. Such other and further relief as to law and equity may allow.

        PLAINTIFFS,
FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk

By:   /s/ David J. Elliott
      David J. Elliott (ct04301)
      Bryan J. Orticelli (ct28643)
      Kaitlin A. Canty (ct29074)
      DAY PITNEY LLP
      242 Trumbull Street
      Hartford, Connecticut 06103-1212
      (860) 275-0100
      (860) 275-0343 (fax)
      *djelliott@daypitney.com*
      *borticelli@daypitney.com*
      *kcanty@daypitney.com*

and

      Joseph Donat
      Howard Wexler
      Howard Edinburgh
      Michael Gallub
      HERZFELD & RUBIN, P.C.
      125 Broad Street
      New York, NY 10004
      (212) 471-8500
      (212) 344-3333 (facsimile)
      *jdonat@herzfeld-rubin.com*
      *hwezler@herzfeld-rubin.com*
      *hedinburgh@herzfeld-rubin.com*
      *mgallub@herzfeld-rubin.com*

      Their Attorneys

**<u>CERTIFICATION</u>**

  I hereby certify that on May 20, 2014, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

                /s/ Kaitlin A. Canty
                Kaitlin A. Canty