UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually,<br><br>     Plaintiffs,<br><br>v.<br><br>SEARS, ROEBUCK AND CO., SHINN FU CORPORATION and SHINN FU COMPANY OF AMERICA, INC., MVP (HK) INDUSTRIES, LTD., and WEI FU (TAISHAN) MACHINERY & ELECTRIC CO., LTD.,<br><br>     Defendants. | Case No. 3:13-cv-00257-RNC<br><br>**ANSWER TO SECOND AMENDED COMPLAINT**<br><br>**JURY DEMAND**<br><br><br>Complaint Filed: January 30, 2013 |

**ANSWER TO SECOND AMENDED COMPLAINT**

  Defendants Shinn Fu Corporation, Shinn Fu Company of America, Inc., MVP (HK) Industries, and Wei Fu (Taishan) Machinery & Elec. Co., Ltd. (sometimes collectively referred to herein as "Defendants") hereby respond on behalf of themselves, and no other, to the Complaint of Plaintiffs Frederick Klorczyk, Jr. and Lynne Klorczyk, ("Plaintiffs") as follows:

  1. Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, Defendants generally deny each and every allegation contained in the complaint except those expressly admitted below.

  2. Defendants admit the following:

    a. In response to Paragraph 5, Defendant Shinn Fu Corporation admits that it is a Taiwanese entity with an office and principal place of business located at 7F, NO. 408 Ruei

Guang Road Nei Hu District Taipei City 114 Taiwan R.O.C.  Further, between the 1990s and 2004/2005, Shinn Fu Corporation was involved in the manufacture of products, including vehicle support stands, which it has sold directly or through a distributor to Sears.

      b.      In response to Paragraph 6, Defendant Shinn Fu Company of America, Inc. admits it is a Missouri corporation with an office and principal place of business located at 10939 N. Pomona Avenue, Kansas City, Missouri.  Further, between the mid to late 1990s to 2004/2005 and since August 2012, Shinn Fu Company of America, Inc. has sold and/or distributed products, including vehicle support stands to Sears.

      c.      In response to Paragraph 7, Defendant MVP (HK) Industries admits it is a Hong Kong corporation with offices located at Suite 508 5/F South Tower World Finance Center, Harbour City, Kowloon, Hong Kong, and 15/F SUP Tower, 75-83 Kings Road, North Point, Hong Kong.

      d.      In response to Paragraph 8, Defendant Wei Fu (Taishan) Machinery & Elec. Co., Ltd. admits it is a Chinese entity, with an office and principal place of business located at 328 Qiaohu Road, Taishan Town, Taishan, Jiangmen, Guangdong, China.

      e.      In response to Paragraph 10, Defendant Shinn Fu Corporation admits it is a foreign corporation and that it has entered into contracts to sell and distribute goods.

      f.      In response to Paragraph 11, Defendant Shinn Fu Company of America, Inc. responds as follows: since August 2012, Shinn Fu Company of America, Inc. has distributed vehicle support stands to Sears.

      g.      In response to Paragraph 18, Defendants respond as follows: vehicle support stands are, *inter alia*, utilized to hold a motor vehicle in a raised position, permitting, among other things, repair work, servicing and maintenance and/or inspection of the underside of a motor vehicle.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the items set forth in the prayer for relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Statute of Limitations)

Defendants aver that Plaintiffs' claims are barred by the applicable Statute of Limitations.

### Second Affirmative Defense

### (Contributory/Comparative Fault)

Defendants aver that any alleged damages sustained by Plaintiffs or Decedent were, at least in part, caused by the actions of Decedent and resulted from Decedent's own negligence, which equaled or exceeded any alleged negligence or wrongdoing by Defendants.

### Third Affirmative Defense

### (Failure to Mitigate)

The damages claimed by Plaintiffs could have been mitigated with due diligence or by one acting under similar circumstances. Plaintiffs' failure to mitigate is a bar to recovery under the Complaint.

### Fourth Affirmative Defense

### (Estoppel)

The Complaint and each of its purported claims for relief are barred by the doctrine of estoppel.

### Fifth Affirmative Defense

### (Laches)

The Complaint and each of its purported claims for relief are barred by the doctrine of laches.

### Sixth Affirmative Defense

### (Unclean Hands)

The Complaint and each of its purported claims for relief are barred by the doctrine of unclean hands.

### Seventh Affirmative Defense

### (Waiver)

The Complaint and each of its purported claims for relief are barred by the doctrine of waiver.

### Eighth Affirmative Defense

### (Good Faith)

Defendants allege that at all times each acted in good faith and with good cause. The conduct of Defendants was within the reasonable expectations of the parties and was reasonably related to Defendants' legitimate business interests upon the basis of reasonable factors.

### Ninth Affirmative Defense

### (Failure to State a Claim)

The Complaint fails to state facts sufficient to constitute a cause of action against Defendants and further fails to state facts sufficient to entitle Plaintiffs to the relief sought, or to any other relief whatsoever, from Defendants.

### Tenth Affirmative Defense

### (Joinder)

Defendants aver that any purported damages allegedly suffered by Plaintiffs are the result of the acts or omissions of third persons over whom Defendants had neither control nor responsibility, and whom Plaintiffs have failed to name in this action.

### Eleventh Affirmative Defense

### (Capacity)

Defendants allege that Plaintiffs do not have capacity to sue on behalf of Decedent.

### Twelfth Affirmative Defense

### (Lack of Standing)

Defendants allege that Plaintiffs do not have standing as the real party in interest to sue on behalf of Decedent.

### Thirteenth Affirmative Defense

### (Due Care)

Defendants allege that at all times Defendants acted with due care and complied with applicable statutory, regulatory, and common law requirements.

### Fourteenth Affirmative Defense

### (Conformity)

Defendants' product conformed to its intended design and purpose and to the customary or state of the art designs, methods, standards, and techniques of manufacturing, inspecting, testing, and marketing of other manufacturers of similar products.

### Fifteenth Affirmative Defense

### (Assumption of the Risk)

Defendants allege that Plaintiffs' claims are barred, in whole or in part, by the doctrine of assumption of risk.

### Sixteenth Affirmative Defense

### (Misuse)

Defendants allege that Plaintiffs' claims are barred, in whole or in part, by the misuse of the product at issue.

### Seventeenth Affirmative Defense

### (No Punitive Damages)

Defendants were not grossly negligent or reckless and thus cannot be held responsible or liable for punitive damages.

## Eighteenth Affirmative Defense

**(Reserved Affirmative Defenses)**

Defendants allege that the Complaint does not describe the alleged actions with sufficient particularity to permit it to ascertain what other defenses may exist at this time. Defendants therefore reserve the right to assert all defenses that may pertain to the Complaint as the facts of the case are discovered.

**WHEREFORE**, Defendants pray as follows:

1. Plaintiffs take nothing by way of their Complaint herein and that this action is dismissed in its entirety;

2. For Defendants' attorney's fees and costs incurred herein; and

3. For such other relief as the Court may deem just and proper.

        Defendants,
        **SHINN FU CORPORATION**
        **SHINN FU COMPANY OF AMERICA, INC.**
        **MVP (HK) INDUSTRIES, LTD.**
        **WEI FU (TAISHAN) MACHINERY &**
        **ELECTRIC CO., LTD.**

        */s/ Sean P. Flynn*
        Sean P. Flynn, Esq.
        Fed. Bar No.: phv05949
        Gordon & Rees LLP
        2211 Michelson Drive, Suite 400
        Irvine, CA 92612
        Telephone:    (949) 255-6950
        Facsimile:    (949) 474-2060
        *sflynn@gordonrees.com*

Dated: June 3, 2014

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Defendants hereby demand a trial by jury in this action.

Defendants,
**SHINN FU CORPORATION**
**SHINN FU COMPANY OF AMERICA, INC.**
**MVP (HK) INDUSTRIES, LTD.**
**WEI FU (TAISHAN) MACHINERY & ELECTRIC CO., LTD**

*/s/ Sean P. Flynn*
Sean P. Flynn, Esq.
Fed. Bar No.: phv05949
Gordon & Rees LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612
Telephone:    (949) 255-6950
Facsimile:    (949) 474-2060
*sflynn@gordonrees.com*

Dated: June 3, 2014

## CERTIFICATE OF SERVICE

I, Sean P. Flynn, hereby certify that I electronically served a copy of the above referenced document on all counsel of record through the United States District Court for the District of Connecticut Electronic Filing System.

*/s/ Sean P. Flynn*
Sean P. Flynn, Esq.

Dated: June 3, 2014

NA/19671214v.1