UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk and LYNNE KLORCZYK, Individually,<br><br>                        Plaintiffs,<br><br>   v.<br><br>SEARS, ROEBUCK & CO., SHINN FU CORPORATION, SHINN FU COMPANY OF AMERICA, INC. and MVP (HK) INDUSTRIES, LTD.,<br><br>                        Defendants. | CIVIL ACTION NO.:<br>3:13-CV-00257-RNC<br><br><br>**ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**<br><br><br><br><br><br>**DEMAND FOR JURY**<br><br><br><br><br>JUNE 9, 2014 |

## DEFENDANT SEARS, ROEBUCK and CO.'S ANSWER TO SECOND AMENDED COMPLAINT

The Defendant, Sears, Roebuck & Co. hereby responds to the Plaintiffs' Second Amended Complaint dated April 10, 2014 as follows:

**A.  ADMISSIONS:**

    1.  The Defendant, Sears, Roebuck & Co. admits the allegations contained in paragraph 4, 9, and 18 of the Plaintiffs' Second Amended Complaint.

**B.  ADMISSION/DENIALS/DENIALS BASED UPON LACK OF INFORMATION:**

    1.  The Defendant, Sears, Roebuck & Co. admits to being the retailer in paragraph 17 of the product as alleged in said paragraph.  The remaining allegations of said paragraph 17 are denied.

    2.  The Defendant, Sears, Roebuck & Co. admits the court's jurisdiction over it as alleged in paragraph 14.  The Defendant, Sears, Roebuck & Co. lacks sufficient information to form

a belief as to the truth or falsity of the remaining allegations in paragraph 14 and the same are, therefore, denied.

    3.    The Defendant, Sears, Roebuck & Co. admits to being a product seller within the meaning of Conn. Gen. Stat. § 52-572m(a) as alleged in paragraph 16. The Defendant, Sears, Roebuck & Co. lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 16 and the same are, therefore, denied.

**C.    DENIALS:**

    1.    The Defendant, Sears, Roebuck & Co. denies all of the allegations contained in paragraphs 22, 23, 24, 25(a-d), 26, 27, 28, 29, 31, and 33 of the Second Amended Complaint.

**D.    DENIALS BASED UPON LACK OF INFORMATION:**

    1.    The Defendant, Sears, Roebuck & Co. lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraphs 1, 2, 3, 4, 5, 7, 8, 10, 11, 12, 13, 19, 20, 21, 30 and 32 and the same are, therefore, denied.

**E.    REPLEADS PARAGRAPHS:**

    1.    The Defendant, Sears, Roebuck & Co. hereby repleads and incorporates its answers to paragraphs 1 – 14 in response to paragraph 15 as if the same were more fully set forth therein.

**F.    DEMAND FOR JUDGMENT:**

The Defendant, Sears, Roebuck & Co. therefore requests judgment be entered as follows:

    1.    That the Plaintiffs take nothing as alleged in the Second Amended Complaint and their Prayer for Relief;

    2.    For the Defendant, Sears, Roebuck & Co. on all claims presented by the Plaintiffs;

    3.    That the Defendant, Sears, Roebuck & Co. be awarded costs, attorneys' fees and other disbursements in connection with the defense of this suit; and

2

1195357v1

4.	For any other relief to which the Defendant, Sears, Roebuck & Co. is entitled by law or equity.

**G.	AFFIRMATIVE DEFENSES**

### First Affirmative Defense

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims and all direct or derivative claims of the Plaintiffs are barred in whole or in part by the Doctrine of the Assumption of the Risk.

### Second Affirmative Defense

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims and all direct or derivative claims of the Plaintiffs are barred in whole or in part by Plaintiff's decedent misuse of the product as alleged in Plaintiffs' Second Amended Complaint.

### Third Affirmative Defense

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims and all direct or derivative claims of the Plaintiffs are barred in whole or in part as the Defendant, Sears, Roebuck & Co. has complied with all applicable codes, standards, regulations or specifications established, adopted, promulgated or approved by the United Statute, State of Connecticut, and/or agency of the United States and/or State of Connecticut.

### Fourth Affirmative Defense

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims and all direct or derivative claims of the Plaintiffs are barred in whole or in part as the Plaintiff's decedent, or his family member, agent, servant and/or employee modified and/or altered the product, which was not reasonably expected.

### Fifth Affirmative Defense

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims and all direct or derivative claims of the Plaintiffs as the product as alleged in the plaintiffs' second amended complaint was in conformity with the State of the Art in existence at the time it was designed, tested, manufactured, formulated, packaged, provided with a warning or labeled.

### Sixth Affirmative Defense

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims and all direct or derivative claims of the Plaintiffs are barred in whole or in part as the product as alleged in the plaintiffs' second amended complaint was accompanied by reasonable and visible inspection and/or warnings for its safe use.

### Seventh Affirmative Defense

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims and all direct or derivative claims of the Plaintiffs are barred in whole or in part as a result of intervening and/or superseding causes and not as a result of any acts or omissions of the Defendant, Sears Roebuck & Co.

### Eighth Affirmative Defense

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims and all direct or derivative claims of the Plaintiffs are barred in whole or in the part by the Statute of Limitations for said causes of action.

### Ninth Affirmative Defense

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims and all direct or derivative claims of the Plaintiffs are barred in whole or in part as a result of plaintiff's decedent's own negligence, which either equaled or exceeded that of any alleged negligence of the Defendant, Sears, Roebuck & Co.

1195357v1

### Tenth Affirmative Defense

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims and all direct or derivative claims of the Plaintiffs are barred in whole or in part as a result of the plaintiffs' decedent having sophistication and knowledge of the product as alleged in the plaintiffs' second amended complaint.

### Eleventh Affirmative Defense

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims and all direct or derivative claims of the Plaintiffs are barred in whole or in part as a result of the plaintiffs' decedent's use of the product in the state as alleged in plaintiffs' second amended complaint when he knew, or should have known, that it was unsafe to use said product in the state as alleged in the plaintiffs' second amended complaint.

### Twelfth Affirmative Defense

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims and all direct or derivative claims of the Plaintiffs are barred in whole or in part as a result of the plaintiffs' spoliation of the evidence.

### Thirteenth Affirmative Defense

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims and all direct or derivative claims of the Plaintiffs are barred in whole or in part as a result of the product liability statute of repose.

### Fourteenth Affirmative Defense

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims and all direct or derivative claims of the Plaintiffs are barred in whole or in part as the defendant is not liable for danger that is known, visible or obvious to the plaintiff's decedent as alleged in their second amended complaint.

1195357v1

**Fifteenth Affirmative Defense**

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims and all direct or derivative claims of the Plaintiffs are barred in whole or in part as the Defendant, Sears, Roebuck & Co. at all times herein acted reasonably and in good faith.

**Sixteenth Affirmative Defense**

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims and all direct or derivative claims of the Plaintiffs are barred in whole or in part by any warranty, either express or implied.

**Seventeenth Affirmative Defense**

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims and all direct or derivative claims of the Plaintiffs are as a result of unnamed tortfeasors that the Defendant, Sears, Roebuck & Co. had neither control nor responsibility for and whom the plaintiffs failed to name in the action, although duly notified of their existence.

**Eighteenth Affirmative Defense**

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims and all direct or derivative claims of the Plaintiffs were neither grossly negligent/careless or reckless and therefor punitive damages do not apply nor should the Defendant, Sears, Roebuck & Co. be responsible to the named plaintiffs.

**Nineteenth Affirmative Defense**

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims/injuries and all direct or derivative claims/injuries of the Plaintiffs are as a result of MVP (HK) Industries, LTD.

1195357v1

### Twentieth Affirmative Defense

The Defendant, Sears, Roebuck & Co. hereby alleges that the damages claimed by Plaintiffs could have been mitigated with due diligence or by one acting under similar circumstances. Plaintiffs' failure to mitigate is a bar to recovery under the Second Amended Complaint.

### Twenty-First Affirmative Defense

The Defendant, Sears, Roebuck & Co. hereby alleges that the Second Amended Complaint fails to state facts sufficient to constitute a cause of action against the Defendant and further fails to state facts sufficient to entitle Plaintiffs to the relief sought, or to any other relief whatsoever, from Defendant.

### Twenty-Second Affirmative Defense

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims and all direct or derivative claims of the Plaintiffs are barred by the doctrine of estoppel.

### Twenty-Third Affirmative Defense

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims and all direct or derivative claims of the Plaintiffs are barred by the doctrine of laches.

### Twenty-Fourth Affirmative Defense

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims and all direct or derivative claims of the Plaintiffs are barred by the doctrine of unclean hands.

### Twenty-Fifth Affirmative Defense

The Defendant, Sears, Roebuck & Co. hereby alleges that the Plaintiff's decedent claims and all direct or derivative claims of the Plaintiffs factually did not state their allegations with specificity which would lead the Defendant, Sears, Roebuck & Co. to file any further affirmative defenses.  The defendant, Sears, Roebuck & Co. respectfully reserves the right to assert further affirmative defenses as the discovery might so warrant.

1195357v1

**H.    DEMAND FOR JURY TRIAL**

Please take notice that the Defendant, Sears, Roebuck & Co. hereby demands a trial by jury in this action.

**THE DEFENDANT,**
**SEARS ROEBUCK AND CO.**

BY   /s/ Thomas Anderson (CT03451)
    Attorney Thomas Anderson
    Fed. Bar. No. CT03451
    Attorney Michael Keller
    Fed. Bar No. CT29284
    Morrison Mahoney LLP
    One Constitution Plaza, 10th Floor
    Hartford, CT 06103
    Telephone: (860) 616-4441
    Fax: (860) 244-3800
    Email:  tanderson@morrisonmahoney.com
    Email:  mkeller@morrisonmahoney.com

1195357v1

## **CERTIFICATION**

I hereby certify that a copy of the foregoing document was filed electronically on this 9th day of June, 2014, and was served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

                                          /s/  Michael R. Keller_____
                                         Michael R. Keller

1195357v1