UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, et al., | : : : | CIVIL ACTION NO. |
| | : | 3:13-cv-00257-JAM |
| *Plaintiffs*, | : : | |
| vs. | : : | |
| SEARS, ROEBUCK AND CO., et al., | : : | |
| *Defendants*. | : | JULY 23, 2014 |

## JOINT STATUS REPORT

Pursuant to the Court's Scheduling Order Regarding Case Management Plan (Dkt. No. 75) (the "Scheduling Order"), the undersigned counsel hereby submit this Joint Status Report.

**I. Case Status.**

    **a. Pending or Anticipated Motions.**

Pending:  None.

Anticipated:  Plaintiffs are attempting to resolve deficiencies in Defendants' responses to written discovery in a good faith effort to avoid motions practice (*see* Part I.b *infra*).  In the event that such deficiencies cannot be resolved informally, Plaintiffs will seek judicial intervention in accordance with the Scheduling Order and this Court's Instructions for Discovery Disputes.

Defendants are almost prepared to file their Motion(s) for Summary Judgment pending the completion of their discovery referenced below in Section I(c).

    **b. Written Discovery.**

Written discovery is ongoing.  Plaintiffs have served all Defendants with interrogatories and requests for production.  Specifically, Plaintiffs served MVP (H.K.) Industries LTD ("MVP"), Shinn Fu Corporation ("SFC"), and Shinn Fu Company of America, Inc. ("SFA") with

-2-

discovery requests on July 9, 2013; Sears, Roebuck and Co. ("Sears") with requests for production on July 9, 2013, and with interrogatories on July 18, 2013; and Wei Fu (Taishan) Machinery & Electric Co., Ltd. ("Wei Fu") with discovery requests on November 6, 2013.

Following the Court's January 29, 2014 status conference and the parties' January 31, 2014 meet and confer, MVP, SFC, and Wei Fu produced supplemental discovery responses on April 22, 2014; Sears produced supplemental discovery responses on May 23, 2014. After undertaking a comprehensive analysis of all of Defendants' discovery responses to date, Plaintiffs identified deficiencies in Defendants' responses, including gaps in Defendants' respective document productions and interrogatory responses. On June 16, 2014, Plaintiffs wrote to Defendants outlining these deficiencies in detail and, hearing no response, Plaintiffs followed up with Defendants by e-mail on July 14, 2014; SFC, SFA, MVP, & Wei Fu responded to Plaintiffs' letter on July 20, 2014. Plaintiffs have not yet had an opportunity to respond to that letter, but the Parties are committed to working with one another to resolve any remaining issues. Plaintiffs have refrained from seeking judicial intervention in a good faith effort to resolve the foregoing deficiencies. However, if Defendants' unresponsiveness continues, Plaintiffs will meet and confer by telephone and, if necessary, seek this Court's intervention in accordance with the Scheduling Order and Instructions for Discovery Disputes.

Plaintiffs timely served responses to propounded discovery requests on December 18, 2013, and a supplement response on April 9, 2014. MVP and Wei Fu contend that Plaintiffs have intentionally failed to respond to their Discovery Requests served on December 6, 2013 and February 17, 2014.

### c. Depositions and Inspections.

The Parties conducted on January 27, 2014, the depositions of the three Waterford Police Department officers who investigated the underlying incident. Defendants are coordinating their site and product inspections, as well as the Plaintiffs' depositions for August 2014.

Depositions of Defendants' corporate representatives, fact witnesses, and the parties' respective experts remain to be completed. Plaintiffs will be requesting that all Defendants' depositions be taken in the United States in person or pursuant to Rule 30(b)(4) of the Federal Rules of Civil Procedure.

Defendants contend that this issue appears to be premature at this time as Plaintiffs have not yet communicated what the categories of testimony will be sought. Generally speaking, the deposition of a corporation through its officers or agents normally must be taken at its principal place of business, at least when the corporation is not the plaintiff and did not choose the forum for the lawsuit or was not forced to commence litigation at a location away from its headquarters, as is the case here. While, the court has discretion to authorize that the deposition be taken in another location, the following factors may overcome the initial presumption that a deposition of a corporation normally should be taken at the corporation's principal place of business: (1) the location of counsel for the parties in the forum district; (2) the number of corporate representatives a party is seeking to depose; (3) the likelihood of significant discovery disputes arising, which would necessitate resolution by the forum court; (4) whether the persons sought to be deposed often engage in travel for business purposes; and (5) the equities with regard to the nature of the claim and the parties' relationship. In light of the factors to be analyzed relative to this issue, and the absence of a proposed list of deposition topics, Defendants contend that this issue is not ripe for the Court's consideration. Further, the preceding does not address the travel

restrictions imposed by Chinese government on Chinese nationals, but we of course remain open to any discussion the Court would like have relative to these issues.

## II. Referral for Settlement Purposes.

This matter was referred to The Honorable Holly B. Fitzsimmons, United States Magistrate Judge, for a settlement conference, which took place on June 23, 2014. The matter did not settle. At this time, further referral for settlement purposes is not appropriate. The parties agree to request referral if and when it is appropriate to do so.

## III. Trial Request.

All Parties have requested a jury trial. At this time, the parties do not consent to a trial before a magistrate judge.

## IV. Estimated Length of Trial.

The estimated length of trial is 10–14 days.

PLAINTIFFS,
FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk

By:    */s/ David J. Elliott*
    David J. Elliott (ct04301)
    Bryan J. Orticelli (ct28643)
    Kaitlin A. Canty (ct29074)
    DAY PITNEY LLP
    242 Trumbull Street
    Hartford, Connecticut 06103-1212
    (860) 275-0100
    (860) 275-0343 (fax)
    *djelliott@daypitney.com*
    *borticelli@daypitney.com*
    *kcanty@daypitney.com*

    Howard S. Edinburgh
    Howard L. Wexler
    Joseph E. Donat
    Michael Gallub
    Herzfeld & Rubin, P.C.
    125 Broad Street
    New York, NY 10004
    (212) 271-8529
    (212) 344-3333 (fax)
    *hedinburgh@herzfeld-rubin.com*
    *hwexler@herzfeld-rubin.com*
    *jdonat@herzfeld-rubin.com*
    *mgallub@herzfeld-rubin.com*

    Their Attorneys

DEFENDANTS,

SHINN FU CORPORATION,
SHINN FU COMPANY OF AMERICA, INC.,
MVP (HK) INDUSTRIES, LTD., and
WEI FU (TAISHAN) MACHINERY & ELECTRIC CO., LTD.

By: */s/ Sean P. Flynn*
    Sean P. Flynn (phv05949)
    Foley & Mansfield PLLP
    300 South Grand Avenue, Suite 2800
    Los Angeles, CA 90071
    (213) 283-2100
    (213) 283-2101 (fax)
    *sflynn@foleymansfield.com*

    Philip T. Newbury, Jr. (ct05283)
    Christopher M. Vossler (ct00373)
    Jonathan M. Bechtel (ct29426)
    Howd & Ludorf, LLC
    65 Weathersfield Avenue
    Hartford, CT  06114
    (860) 249-1361
    (860) 249-7665 (fax)
    *pnewbury@hl-law.com*
    *cvossler@hl-law.com*
    *jbechtel@hl-law.com*

DEFENDANT,
SEARS, ROEBUCK & CO.

By: /s/ Thomas O. Anderson
    Thomas O. Anderson (ct03451)
    Michael R. Keller (ct29284)
    Morrison Mahoney, LLP
    One Constitution Plaza, 10th Floor
    Hartford, CT 06103
    (860) 616-4441
    (860) 244-3800 (fax)
    *mkeller@morrisonmahoney.com*
    *tanderson@morrisonmahoney.com*

    Erica W. Todd (ct13897)
    Trotta, Trotta & Trotta
    900 Chapel Street, 12th Floor
    P.O. Box 802
    New Haven, CT 06503
    (203) 787-6756
    (203) 776-4538
    *etodd@trottalaw.com*

### **CERTIFICATION**

    I HEREBY CERTIFY that on this date, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.


By: /s/ Bryan J. Orticelli
    Bryan J. Orticelli (ct28643)