```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


FREDERICK KLORCZYK, JR., as     :
Co-Administrator of the         :
Estate of Christian R.          :
Klorczyk, et al                 :
                                :
                                :
v.                              :    CIV. NO. 3:13CV257 (JAM)
                                :
SEARS, ROEBUCK & CO, ET AL      :
                                :
```

RULING RE: SHINN FU DEFENDANTS' REQUEST FOR INSPECTION

On August 13, 2014, defendants Shinn Fu Corporation, Shinn Fu Company of America, Inc., MVP (H.K.) Industries, Ltd. and Wei Fu (Taishan) Machinery & Elec. Co. Ltd. (collectively the "Shinn Fu defendants") served plaintiffs, Frederick and Lynne Klorczyk, as co-administrators of the estate of Christian R. Klorczyk ("plaintiffs"), with a Rule 34 request for inspection, to which plaintiffs served objections. On August 14, 2014, the Court held a telephone conference addressing plaintiffs' objections to the proposed inspection, which is scheduled to occur in Waterford, Connecticut, on August 18, 2014.[1]

After the telephone conference, the parties further communicated and have in large part agreed to the scope of the proposed inspection. However, one discrete issue remains; whether the Shinn Fu defendants may use the pump jack and jack stands, which were involved in the accident at issue, to lift

---

[1] The Court received an email on Friday, August 15, 2014 at 1:01PM from the Shu Finn defendants' counsel that one of their consultants had taken ill, thereby cancelling the August 18 inspection.

1

and elevate the BMW, also involved in the subject accident, as part of the inspection.

After hearing argument of counsel, and reviewing the parties' written submissions[2], the Court orders, by agreement of the parties, that the Shinn Fu Defendants may: view and operate the four jack stands; view and operate the floor jack; view the creeper; view the BMW in approximately the location in the garage where it was located on the date of the accident; and move the BMW while in the garage and in park to measure the travel distance. By agreement of the parties, plaintiffs' counsel may attend and observe the inspection, so long as counsel remain outside of the garage and earshot of the Shu Finn defendants' counsel and consultants.

At this stage of the inspection, the Court will not permit the Shu Finn defendants to use the <u>actual</u> pump jack and jack stand as requested. The Shinn Fu defendants may, however, place the BMW on a lift elsewhere or use other jacks, to facilitate the inspection of the BMW's undercarriage. After the Shinn Fu defendants complete the permitted inspections, they may renew their request for the more invasive use of the pump jack and jack stand, as well as their request to reconstruct the accident with the products and BMW actually involved.

The parties are encouraged to contact chambers for a telephone conference should any additional issues arise.

---

[2] At the conclusion of the August 14, 2014 telephone conference, the Court directed the parties to provide informal <u>ex parte</u> email submissions with additional information relevant to the inspection.

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport, this 15th day of August 2014.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE