### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator | : | CIVIL ACTION NO. |
| of the Estate of Christian R. Klorczyk, et al., | : | |
| | : | 3:13-cv-00257-JAM |
| *Plaintiffs*, | : | |
| | : | |
| vs. | : | |
| | : | |
| SEARS, ROEBUCK AND CO., et al., | : | |
| | : | |
| *Defendants*. | : | October 16, 2014 |

### JOINT STATUS REPORT

Pursuant to the Court's Scheduling Order Regarding Case Management Plan (Dkt. No. 75) (the "Scheduling Order"), the undersigned counsel hereby submit this Joint Status Report.

**I.  Case Status.**

    **a.  Pending or Anticipated Motions.**

<u>Pending</u>:  None.

<u>Anticipated</u>:

        Plaintiffs request a court status conference be scheduled at the earliest time to address and resolve the issues raised in this report and in the accompanying letter.

        Plaintiffs are requesting for the reasons set forth in the attached letter to have their liability and damages expert report(s) disclosed thirty (30) days following the completion of depositions of Mr. and Mrs. Klorczyk as we contend was envisioned in the original Joint Status Report and Scheduling Order/Case Management Order, rather than provide the reports *prior* to plaintiffs' depositions as requested by defendants.

        Plaintiffs are also attempting to resolve deficiencies in Defendants' responses to written discovery in a good faith effort to avoid motions practice (*see* Part I.b *infra*).  In the event

that such deficiencies cannot be resolved informally, Plaintiffs will seek judicial intervention in accordance with the Scheduling Order and this Court's Instructions for Discovery Disputes.

Defendants are almost prepared to file their Motion(s) for Summary Judgment pending the completion of their discovery referenced below in Section I(c).

Defendants have not seen Plaintiffs' letter regarding the timing of disclosure of experts, inspections and depositions.  Thus, we are unable to respond.  Regarding the statement that the depositions should come first, Plaintiffs do not articulate why.  Discovery does not close until July 2015 and the Scheduling Order is silent as to the order of discovery.

Regarding the telephonic status conference, Defendants do not oppose this request and actually join in the request.

**b.  Written Discovery.**

Written discovery is ongoing.  Plaintiffs have served all Defendants with interrogatories and requests for production.  Specifically, Plaintiffs served MVP (H.K.) Industries LTD ("MVP"), Shinn Fu Corporation ("SFC"), and Shinn Fu Company of America, Inc. ("SFA") with discovery requests on July 9, 2013; Sears, Roebuck and Co. ("Sears") with requests for production on July 9, 2013, and with interrogatories on July 18, 2013; and Wei Fu (Taishan) Machinery & Electric Co., Ltd. ("Wei Fu") with discovery requests on November 6, 2013.

Following the Court's January 29, 2014 status conference and the parties' January 31, 2014 meet and confer, MVP, SFC, and Wei Fu produced supplemental discovery responses on April 22, 2014; Sears produced supplemental discovery responses on May 23, 2014.  After undertaking a comprehensive analysis of all of Defendants' discovery responses to date, Plaintiffs identified deficiencies in Defendants' responses, including gaps in Defendants' respective document productions and interrogatory responses.  On June 16, 2014, Plaintiffs

wrote to Defendants outlining these deficiencies in detail and, hearing no response, Plaintiffs followed up with Defendants by e-mail on July 14, 2014; SFC, SFA, MVP, & Wei Fu responded to Plaintiffs' letter on July 20, 2014; Sears responded to Plaintiffs' letter and follow up email on July 22, 2014.  The Parties are committed to working with one another to resolve any remaining issues.  Plaintiffs have refrained from seeking judicial intervention in a good faith effort to resolve the foregoing deficiencies.  However, if Defendants' unresponsiveness continues, Plaintiffs will meet and confer by telephone and, if necessary, seek this Court's intervention in accordance with the Scheduling Order and Instructions for Discovery Disputes.

Plaintiffs timely served responses to propounded discovery requests on December 18, 2013, and a supplement response on April 9, 2014. Defendants served Plaintiffs with a second set of interrogatories on October 1, 2014, and Plaintiffs will respond thereto on or before November 1, 2014, in accordance with Federal Rule 33.  MVP and Wei Fu contend that Plaintiffs have intentionally failed to respond to their Discovery Requests served on December 6, 2013 and February 17, 2014.

### c.        Depositions and Inspections.

The Parties conducted on January 27, 2014, the depositions of the three Waterford Police Department officers who investigated the underlying incident.  Defendants are coordinating their site and product inspections, as well as the Plaintiffs' depositions for a time to be decided after Plaintiffs' disclose their expert witnesses and damages calculations on or before November 15, 2014.

Plaintiffs object, see Section I(a) and attached letter, to the above schedule proposed by defendants.  The depositions of the two plaintiffs, the parents of the deceased, who were first to arrive at the fatal accident site, should take place *prior* to expert disclosure not subsequent to it.

Depositions of Defendants' corporate representatives, fact witnesses, and the parties' respective experts remain to be completed.  Plaintiffs will be requesting that all Defendants' depositions be taken in the United States in person or pursuant to Rule 30(b)(4) of the Federal Rules of Civil Procedure.

Defendants contend that this issue remains premature at this time.  Currently Plaintiffs do not have a request for the non-Sears related Defendants dates of availability pending.   Generally speaking, however, the deposition of a corporation through its officers or agents normally must be taken at its principal place of business, at least when the corporation is not the plaintiff and did not choose the forum for the lawsuit or was not forced to commence litigation at a location away from its headquarters, as is the case here.  While the court has discretion to authorize that the deposition be taken in another location, the following factors may overcome the initial presumption that a deposition of a corporation normally should be taken at the corporation's principal place of business: (1) the location of counsel for the parties in the forum district; (2) the number of corporate representatives a party is seeking to depose; (3) the likelihood of significant discovery disputes arising, which would necessitate resolution by the forum court; (4) whether the persons sought to be deposed often engage in travel for business purposes; and (5) the equities with regard to the nature of the claim and the parties' relationship.  In light of the factors to be analyzed relative to this issue, and the absence of a request for scheduling the depositions, Defendants contend that this issue is not ripe for the Court's consideration.

Further, the preceding does not address the travel restrictions imposed by the Chinese government on Chinese nationals.

## II.  Referral for Settlement Purposes.

This matter was referred to The Honorable Holly B. Fitzsimmons, United States Magistrate Judge, for a settlement conference, which took place on June 23, 2014.  The matter did not settle.  At this time, further referral for settlement purposes is not appropriate.  The parties agree to request referral if and when it is appropriate to do so.

**III. Trial Request.**

All Parties have requested a jury trial.  At this time, the parties do not consent to a trial before a magistrate judge.

**IV. Estimated Length of Trial.**

The estimated length of trial is 10–14 days.

PLAINTIFFS,
FREDERICK KLORCZYK, JR., as co-
administrator of the Estate of Christian R.
Klorczyk, and LYNNE KLORCZYK, as co-
administrator of the Estate of Christian R.
Klorczyk

DEFENDANTS,

SHINN FU CORPORATION,
SHINN FU COMPANY OF AMERICA, INC.,
MVP (HK) INDUSTRIES, LTD., and
WEI FU (TAISHAN) MACHINERY &
ELECTRIC CO., LTD.

By:   _/s/ David J. Elliott_____
        David J. Elliott (ct04301)
        Bryan J. Orticelli (ct28643)
        Kaitlin A. Canty (ct29074)
        DAY PITNEY LLP
        242 Trumbull Street
        Hartford, Connecticut 06103-1212
        (860) 275-0100
        (860) 275-0343 (fax)
        *djelliott@daypitney.com*
        *borticelli@daypitney.com*
        *kcanty@daypitney.com*

By: _/s/ Sean P. Flynn_____
        Sean P. Flynn (phv05949)
        Gordon & Rees, LLP
        2211 Michelson Drive, Suite 400
        Irvine, California 92612
        (949) 255-6950
        (949) 474-2060 (fax)
        *sflynn@gordonrees.com*

        Howard S. Edinburgh
        Howard L. Wexler
        Joseph E. Donat
        Michael Gallub
        Herzfeld & Rubin, P.C.
        125 Broad Street
        New York, NY 10004
        (212) 271-8529
        (212) 344-3333 (fax)
        *hedinburgh@herzfeld-rubin.com*
        *hwexler@herzfeld-rubin.com*
        *jdonat@herzfeld-rubin.com*
        *mgallub@herzfeld-rubin.com*

        Philip T. Newbury, Jr. (ct05283)
        Christopher M. Vossler (ct00373)
        Jonathan M. Bechtel (ct29426)
        Howd & Ludorf, LLC
        65 Weathersfield Avenue
        Hartford, CT  06114
        (860) 249-1361
        (860) 249-7665 (fax)
        *pnewbury@hl-law.com*
        *cvossler@hl-law.com*
        *jbechtel@hl-law.com*

        Their Attorneys

DEFENDANT,
SEARS, ROEBUCK & CO.

By: _/s/ Thomas O. Anderson_____
  Thomas O. Anderson (ct03451)
  Michael R. Keller (ct29284)
  Morrison Mahoney, LLP
  One Constitution Plaza, 10th Floor
  Hartford, CT 06103
  (860) 616-4441
  (860) 244-3800 (fax)
  *mkeller@morrisonmahoney.com*
  *tanderson@morrisonmahoney.com*

  Erica W. Todd (ct13897)
  Trotta, Trotta & Trotta
  900 Chapel Street, 12th Floor
  P.O. Box 802
  New Haven, CT 06503
  (203) 787-6756
  (203) 776-4538
  *etodd@trottalaw.com*

## **CERTIFICATION**

  I HEREBY CERTIFY that on this date, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF system.

By:___ /s/ David J. Elliott_____
  David J. Elliott (ct04301)