# EXHIBIT A

# DAY PITNEY LLP

BOSTON   CONNECTICUT   NEW JERSEY   NEW YORK   WASHINGTON, DC

DAVID J. ELLIOTT
Attorney at Law

242 Trumbull Street
Hartford, CT 06103-1212
T: (860) 275-0196 F: (860) 881-2447
djelliott@daypitney.com

June 16, 2014

<u>**VIA E-MAIL**</u>

Sean P. Flynn, Esq.
Gordon & Rees LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612

      Re:    <u>Klorczyk et al. v. Sears, Roebuck & Co. et al.</u>

Dear Sean:

We are writing in the spirit of good faith to address the significant deficiencies in the supplemental discovery responses served by your clients Wei Fu (Taishan) Machinery & Electric Co., Ltd. ("Wei Fu"), Shinn Fu Corporation ("SFC"), and MVP (H.K.) Industries Ltd. ("MVP") on April 22, 2014 and to address the significant deficiencies in the responses served by your client Shinn Fu Company of America, Inc. ("SFA") on January 6, 2014.

1.     In Wei Fu's supplemental responses to Plaintiffs' First Set of Interrogatories dated April 22, 2014, Wei Fu provided a supplemental response indicating that it would provide responsive documents it currently has in its control, custody and/or possession to Interrogatory No. 2, which requested identification of specified incidents involving a jack stand.  No documents were provided with the responses and no additional documents have been received.

2.     In SFC's supplemental responses to Plaintiffs' First Set of Interrogatories dated April 22, 2014, SFC provided a supplemental response indicating that it would provide responsive documents it currently has in its control, custody and/or possession to Interrogatory No. 2, which requested identification of specified incidents involving a jack stand.  No documents were provided with the responses and no additional documents have been received.

3.     In SFC's supplemental responses to Plaintiffs' First Set of Requests for Production dated April 22, 2014, SFC provided supplemental responses indicating that it would provide responsive documents it currently has in its control, custody and/or possession to Request for Production No. 11, which requested complaints (legal and non-legal) or litigation (pending or settled) involving specified allegations concerning a jack stand, and No. 45, which

**DAY PITNEY** LLP

Sean P. Flynn, Esq.
June 13, 2014
Page 2

requested all documents concerning communications between any or all of the Defendants and MVP and/or Wei Fu with respect to supplying, distributing and/or selling jack stands to Sears. No documents were provided with the responses and no additional documents have been received.

4.      In MVP's supplemental responses to Plaintiffs' First Set of Interrogatories dated April 22, 2014, MVP provided a supplemental response indicating that it would provide responsive documents it currently has in its control, custody and/or possession to Interrogatory No. 2, which requested identification of specified incidents involving a jack stand.  No documents were provided with the responses and no additional documents have been received.

5.      In MVP's supplemental responses to Plaintiffs' First Set of Requests for Production dated April 22, 2014, SFC provided supplemental responses indicating that it would provide responsive documents it currently has in its control, custody and/or possession to Request for Production No. 4, which requested all documents concerning the testing of the jack stands; No. 6, which requested all documents concerning the labeling, use, instructions, operating manual or warnings with respect to the jack stands; No. 11, which requested complaints (legal and non-legal) or litigation (pending or settled) involving specified allegations concerning a jack stand; No. 20, which requested all documents concerning the name(s) and address(es) of the factory(ies) and locations where Defendants manufacture(d) or distribute(d) jack stands; and No. 46, which requested all documents concerning the development of warnings for the jack stands.  One two-page document written in Chinese, MVP 010002 – MVP 010003, was produced with the responses and no additional documents have been received.

During the telephonic status conference with the court on May 21, 2014, we raised the above issues and that we had received the supplemental responses but had not received the documents identified therein.  You indicated at that time that there were no outstanding documents to be produced by your clients.  We do not understand that statement in light of your supplemental responses.  Your supplemental responses indicate that you will provide responsive documents to the requests identified above.  Please provide the documents you indicated you would produce and indicate to which Request the produced document is responsive.

6.      Further, we directed to SFA interrogatories (see Nos. 4(c), 7, 8, 9, 10, 22, 23) and requests for production (see Nos. 3, 4, 13, 24, 43) concerning testing and inspection of jack stands.  SFA identified Jemmy Tsaur as the person who tested the jack stands and who is responsible for designing and inspecting the jack stands.  SFA also identified Johnny Lu as providing training to MVP or Wei Fu concerning design, inspection, testing, etc. (Interrogatory No. 22).  SFA admitted that some inspections took place at SFA in Kansas City, MO (Interrogatory No. 10).  Yet, SFA responded that it has no documents concerning inspection, quality control, quality assurance, and load or other testing of the jack stands and no documents concerning communications with MVP and/or Wei Fu concerning design and

**DAY PITNEY** LLP

Sean P. Flynn, Esq.
June 13, 2014
Page 3

testing. Information we have developed indicates SFA in fact tested and inspected jack stands, including those involved in this case, which is consistent with the partial response you have given. We ask that you forthwith reconsider and revise your response.

7.      It also appears defendants have refused to respond to certain requests on the unsupportable ground that the documents sought are confidential. We do not believe there is any merit to this objection and you have not provided the required privilege log for same. These objections are found in response to SFC's response to RFPs # 19; SFA's responses to RFP #s 25 and 26; MVP responses to RFP#s 2, 3, 5, 7, 8, 9, 19, 22, 25 and 45; Wei Fu responses to RFP #s 1, 2, 3, 4, 6, 12, 14, 15, 16, 28, 40, 41 and 42.

8.      Please advise if the defendants have conducted a diligent and thorough search for their records (both physical and electronic) for the documents requested in these various Requests. Again, if any responsive documents are being withheld on the grounds they are confidential or privileged, you must provide the necessary privilege log for each withheld document.

9.      Also, to all defendants, it is apparent that document production thus far, deliberately or not, is inadequate and incomplete. Please provide for each defendant an affidavit detailing the nature, extent, and degree of the search conducted in response to plaintiffs' requests for production (both for hard copies of documents and for electronically stored information), including searching of servers\computers of executives, managers, officers, engineers, and other employees who were\are responsible for the area or subject matter of the documents requested in plaintiffs' requests. We have raised these issues with you on many occasions, most memorably in the conference call with Judge Chatigny on January 29, 2014, when Judge Chatigny asked "[c]an you explain to me how the client knew which documents to produce and how the client went about organizing the production," to which Sean replied, "they went through the discovery requests . . . and then started looking for documents. The specifics of the order of operations I'm not aware of." (Tr. at 11)

10.     There is also the issue that many of the documents, especially those produced on behalf of SFA, are blank or illegible. For instance , hundreds of pages produced by SFA are blank, as an example SFA001837 to SFA 001842. Text in hundreds of the SFA documents are rendered incorrectly and appear as nonsensical characters or as unreadable gibberish. See, SFA 000370, SFA 002085, SFA002499 and SFA002500. Some of the documents are so blurry or tiny they are unreadable even with computer magnification. See SFA 002171, SFA 002517. Our review also shows that the vast majority of charts and images are not readable, either because they are displayed by an error indication ( for example SFA 00901,002075 and 002498), or contain gibberish text or errors, or are split onto multiple pages in such a way that makes the chart or graph unreadable. Further , hundreds of pages consist of blank chart lines. See SFA

**dP DAY PITNEY** LLP

Sean P. Flynn, Esq.
June 13, 2014
Page 4

00665 thru SFA 001160, and SFA 002517.  Legible copies of these blank, unreadable or nonsensical bates numbered documents should be provided forthwith in proper form.

11.     One final note, it seems all defendants have taken a "no responsive documents" approach to all plaintiffs' requests concerning the business interrelationships of these "globally affiliated" entities.  This is not credible and we ask that you reconsider and revise your responses.

We trust you will respond to this letter within the next ten (10) days and that we can promptly and adequately resolve these issues without the need for further judicial intervention.

Very truly yours,

David J. Elliott

DJE

cc:     All counsel of record