# EXHIBIT B

SEAN P. FLYNN
SFLYNN@GORDONREES.COM
DIRECT DIAL: (949) 255-6950

**GORDON & REES** LLP

ATTORNEYS AT LAW
2211 MICHELSON DRIVE
SUITE 400
IRVINE, CA 92612
PHONE: (949) 255-6950
FAX: (949) 474-2060
WWW.GORDONREES.COM

July 20, 2014

**VIA EMAIL**

David J. Elliott
Partner
Day Pitney LLP
242 Trumbull Street
Hartford, CT, 06103

  Re: *Klorczyk et al., v. Sears, Roebuck & Co., et al.*
    Case No.: 13-CV-00257-RNC (JAM)

Dear David:

  We are writing in response to your June 16, 2014 correspondence, retransmitted again on July 14, 2014, wherein you set forth 11 issues concerning our clients' discovery responses and document production. We will address each in turn.

  1. Regarding Wei Fu's response to Interrogatory number 2, we believe this was in error. As can be seen from Wei Fu's response to Requests for Production number 10 and 11, no documents were found. Investigation continues into this issue. We will follow up with you regarding this issue.

  2. Regarding Shinn Fu Corp.'s response to Interrogatory number 2, as you can see from the document production index previously provided to your office, there were several documents provided in response to Request for Production number 11. Please advise if you are still unable to identify those documents.

  3. Regarding Shinn Fu Corp.'s response to Requests for Production number 11 and 45, as you can see from the document production index previously provided to your office, there were several documents provided in response to Request for Production 11 and 45. Please advise if you are still unable to identify those documents.

  4. Regarding MVP's response to Interrogatory number 2, as you can see from the document production index previously provided to your office, there were several documents provided in response to Requests for Production number 10 and 11. Please advise if you are still unable to identify those documents.

July 20, 2014
Page 2

     5.    Regarding MVP's responses to Requests for Production numbers 4, 6, 11, 20, and 46, as you can see from the document production index previously provided to your office, there were several documents provided in response to those Requests. Please advise if you are still unable to identify those documents.

     6.    It is unclear from this category what Plaintiffs are requesting. Presuming that Plaintiffs' are asking for reconsideration of responses to Requests for Production numbers 3, 4, 13, 24, and/or 43, Shinn Fu America's response to those requests was:

> After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control. Therefore, no documents will be produced at this time. Discovery is continuing.

At the time of the response, Shinn Fu America had not located any documents. Discovery is continuing, and if any documents are located they will be produced.

     7.    We disagree with your assertion relative to these responses. The manner in which the requests were phrased ["All Documents" or "All Documents concerning" or "prepared on behalf of"] we so broad as to potentially call for the disclosure and/or production of information and/or documents protected by the attorney client and/or work product privileges. As it relates to this circumstance specifically, the concern was relating to disclosure and/or production of information and/or documents prepared and exchanged within the context of this litigation.

     Relative to your request for the preparation of a privilege log relative to this information and/or documents, we are not aware of any rule or case authority requiring the preparation of a privilege log for Counsel's communication file and/or memoranda file. If we are in error, please provide citations to the relevant authorities on which you rely.

     8.    In light of the foregoing, and the relevant rules relating to discovery, we do not understand this request. Please clarify.

     9.    Again, in light of the foregoing, and the relevant rules relating to discovery, we are not aware of any rule affirmatively requiring the preparation of an affidavit regarding how a responding party prepared responses and document productions. If we are in error, please provide citations to the relevant authorities on which you rely.

     10.    The Documents were produced in the manner in which they are maintained. It appears that some of the "blank" documents are spreadsheets that had active pages that would not fit on one page, however, the "blank" pages did not contain any data or information. This is a common occurrence. Regarding the "gibberish" and "nonsensical" characters, this is probably the result of a different language default setting within the e-mail programs. Finally, we did not see any blurry pages, and on those pages where there is small print we were able to zoom into magnify the text. We are happy to continue working with you on these issues.

     11.    Please specify which request(s) you are referring to so that we can respond to the concerns set forth in your letter.

July 20, 2014
Page 3

      As indicated above, we are happy to work with you on these issues and look forward to receiving your additional information. Please let us know if you have any questions or concerns.

      Very truly yours,
*s/ Sean P. Flynn*

Sean P. Flynn

SPF1:

cc:    All Counsel of Record Via E-Mail

1097376/20155093v.2