# EXHIBIT G

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK KLORCZYK, JR., et al., | Case 3:13-cv-00257-RNC |
| Plaintiffs, | **DEFENDANT WEI FU (TAISHAN)** |
| | **MACHINERY & ELECTRIC CO., LTD.'S** |
| vs. | **SUPPLEMENTAL RESPONSES TO** |
| | **PLAINTIFFS' FIRST SET OF** |
| SEARS, ROEBUCK AND CO., et al., | **INTERROGATORIES** |
| Defendants. | Complaint Filed: January 30, 2013 |

**PROPOUNDING PARTY:**    FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually

**RESPONDING PARTY:**    DEFENDANT, WEI FU (TAISHAN) MACHINERY & ELECTRIC CO., LTD.

**SET NO.:**    ONE

Responding Party provides the following supplemental responses on behalf of itself and no other to Special Interrogatories (Set One) propounded by Propounding Party.

## PRELIMINARY STATEMENT

Each of the following Responses is made solely for the purpose of this action.  Each Response is subject to any and all objections to competency, relevance, materiality, proprietary, and admissibility.  In addition, each Response is subject to any and all objections and/or grounds that would require the exclusion of any statement or material provided, or any part thereof, to any Special Interrogatories which were asked of, or any statement or material provided by,

witnesses present and testifying in court.  All objections are reserved and may be asserted at the time of trial.  The Responses are based upon information presently available to Responding Party.  The fact that Responding Party has responded to or objected to any Special Interrogatories should not be taken as an admission that the Special Interrogatories or Response thereto constitutes admissible evidence.  The mere fact that Responding Party  has responded to part of or all of any Special Interrogatories is not intended to be, and shall not constitute a waiver by Responding Party  of any objections to the Special Interrogatories.

Responding Party has not completed its investigation and discovery of the matters at issue in this action and these Responses are based upon Responding Party knowledge, information, and belief as of this date.  Responding Party reserve the right to make further responses if it appears that any omission or error has been made in connection with these Responses or in the event future or more accurate information is available.  These Responses are made without prejudice to the right to present at trial such additional evidence as may be later discovered or evaluated.

## GENERAL OBJECTIONS

Responding Party objects to this Demand on the grounds that is vague, ambiguous, and overbroad.  Responding Party further objects to this Demand on the grounds that it is unreasonably burdensome and propounded solely to annoy, vex, and harass Responding Party.  Responding Party objects to this Demand on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each person involved in answering these Interrogatories, including every person who will be consulted or contacted regarding answering these Interrogatories.

### RESPONSE TO INTERROGATORY NO. 1:

Jeff Su.

### INTERROGATORY NO. 2:

Identify each incident involving a Jack Stand known to Defendants, including the date and location of the event, the specific type, capacity and model Jack Stand involved, the nature of the incident, the results of any incident investigation by or on behalf of Defendants, in which one or more of the following occurred, or was alleged to have occurred:

A.     The Jack Stand was alleged to be defective or unsafe;

B.     The Jack Stand was alleged to have malfunctioned;

C.     The Jack Stand was alleged to have failed to hold up a vehicle;

D.     There was an alleged spontaneous collapse or descent of the raised ratchet bar of the Jack Stand;

E.     The Jack Stand was allegedly manufactured with inferior materials or had poor workmanship in its assembly or fabrication;

F.     The incident allegedly involved the use of only one Jack Stand.

### RESPONSE TO INTERROGATORY NO. 2:

After making a reasonable and good faith inquiry into the matters contained in this Request, other than this litigation Responding Party is not aware of any. Discovery is continuing.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Objection. This Request calls for the disclosure of confidential information, which will only be done pursuant to the Court's Protective Order. Further, this Request calls for the disclosure of information protected by the attorney-client privilege and attorney work-product privilege.

Subject to, and without waiving these objections, Responding Party responds on behalf of itself and no other as follows:

Responding Party, on behalf of itself and no other, will provide responsive documents it currently has in its control, custody, and/or possession.

**INTERROGATORY NO. 3:**

For those incidents identified in response to Interrogatory No. 2 which resulted in a claim or lawsuit against Wei Fu, Sears, Shinn Fu, SFA and/or MVP, or against any other Person to whom Wei Fu provided a defense, indemnification or insurance coverage (under Wei Fu's policy), please state in full the caption of each case, docket number, location of the Court, attorney(s) name(s) and address(es) for plaintiff(s), present status of case and/or ultimate disposition for each claim or lawsuit.

**RESPONSE TO INTERROGATORY NO. 3:**

Not applicable.

**INTERROGATORY NO. 4:**

With respect to the Jack Stands, identify the persons who:

A.      Designed them;

B.      Manufactured them, including listing the name and address of the plant(s) or factory(ies) and the identity of the owner(s) of said plant(s) or factory(ies);

C.      Tested them;

D.      Distributed them;

E.      Imported them into the United States;

F.      Sold them to Sears.

**RESPONSE TO INTERROGATORY NO. 4:**

Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the First Amended Complaint.  This Interrogatory is overbroad, compound, disjunctive, vague as to time and seeks information not calculated to lead to the discovery of admissible evidence.  This request further is in violation of Fed. R. Civ. Proc. 33(a) as the sub-parts are not discrete as they relate to Responding Party.

Subject to, and without waiving these objections, Responding Party responds on its behalf, and no other as follows:

A.      孟希軍 - Meng Xijun

B.      Wei Fu Electric & Machinery Co., LTD; Add: No. 328, Qiao Hu Road, Taishan City, Guang Dong, China; Wei Fu Machinery & Electric Co., Ltd.

C.      馮海良 - Feng Hailiang

D.      黄賢輝 - Huang Xianhui

E.      None

F.      None

**INTERROGATORY NO. 5:**

Identify the private labeled brand retailers to whom Wei Fu designed, manufactured, distributed or supplied Jack Stands in the United States.

**RESPONSE TO INTERROGATORY NO. 5:**

Sears

## INTERROGATORY NO. 6:

Identify, by model number and load capacity or other identifying characteristics, each model or type Jack Stand which Wei Fu manufactured, distributed or sold to Sears, SFA, Shinn Fu, or MVP and for each said Jack Stand type/model provide the following:

    (a) Year(s) in which the Jack Stand was sold to Sears;

    (b) Number of units sold per year to Sears;

    (c) Unit price charged to Sears.

## RESPONSE TO INTERROGATORY NO. 6:

    **(a)** None

    **(b)** None

    **(c)** None

## INTERROGATORY NO. 7:

Identify the engineer(s) or other person(s) responsible for designing, developing, manufacturing, assembling and/or inspecting the Jack Stands and/or overseeing the design, development, manufacture, assembly and inspection of the Jack Stands.  If the Jack Stands evolved from any predecessor or carryover design, identify the responsible design engineer(s) and person(s) responsible or accountable for the initial design and the carryover design.

## RESPONSE TO INTERROGATORY NO. 7:

Objection:  Asked and answered as to Request #4.

## INTERROGATORY NO. 8:

Identify the engineer(s) or other person(s) responsible for testing the Jack Stands.

///

**RESPONSE TO INTERROGATORY NO. 8:**

      Objection: Asked and answered as to Request #7.

**INTERROGATORY NO. 9:**

      Identify by Test protocol, Test report, Test result and type/model of Jack Stand, all tests conducted by or on behalf of Wei Fu whose goal or purpose was, in whole or in part:

      A.     To certify compliance with ISO, ASME, ANSI, or PALD standards or guidelines;

      B.     To certify compliance with Wei Fu's, Sears', Shinn Fu's, SFA's, and/or MVP's internal Testing, safety or performance standards;

      C.     Load testing and/or performance Testing including Tests using various weight loads, and/or heights of the ratchet bar and Testing involving motor vehicles;

      D.     Testing of Jack Stand safety features, performance and/or failure modes.

**RESPONSE TO INTERROGATORY NO. 9:**

      (a) PALD 2005

      (b) Test reports

      (c) None

      (d) None

**INTERROGATORY NO. 10:**

      Identify the location of the plant(s) and/or factory(ies) where the Jack Stands were manufactured and inspected and set forth Wei Fu's ownership interest in each said plant and/or factory.

**RESPONSE TO INTERROGATORY NO. 10:**

      Wei Fu Machinery & Electric Co., Ltd.; Add: No. 328, Qiao Hu Road, Taishan City, Guang Dong, China; Responding Party owns this location 100%.

**INTERROGATORY NO. 11:**

Identify the engineer(s) or other person(s) responsible for the quality control and quality assurance procedures and systems at each said plant/factory and/or the engineer(s) or other person(s) responsible for overseeing the quality control and quality assurance procedures in existence at each such plant/factory.

**RESPONSE TO INTERROGATORY NO. 11:**

馮海良、伍東華 - Feng Hailiang 、 Wu Donghua

**INTERROGATORY NO. 12:**

Identify any engineer(s) or other person(s) involved with or responsible for evaluating or analyzing the design, performance, cost and/or safety features of competitors' Jack Stands and/or comparing each said competitor's Jack Stand's design, performance, cost or safety features to Wei Fu's Jack Stands.

**RESPONSE TO INTERROGATORY NO. 12:**

After making a reasonable and good faith inquiry into the matters contained in this Request, Responding Party is not aware of any.  Discovery is continuing.

**INTERROGATORY NO. 13:**

Identify the engineer(s) or other person(s) responsible for considering any Jack Stand design or safety improvements, modifications or changes.

**RESPONSE TO INTERROGATORY NO. 13:**

孟希軍 - Meng Xijun

**INTERROGATORY NO. 14:**

Identify the engineer(s) or other person(s) responsible for (a) writing or issuing warnings on or accompanying the sale of the Jack Stand; (b) writing or issuing owner's manual or manual

or brochure on Jack Stand use; (c) writing or issuing instructions for Jack Stand use; (d) the contents of any labels affixed to or placed on the Jack Stands.

**RESPONSE TO INTERROGATORY NO. 14:**

After making a reasonable and good faith inquiry into the matters contained in this Request, Responding Party is not aware of any. Discovery is continuing.

**INTERROGATORY NO. 15:**

Identify the engineer(s) or other person(s) who represented Wei Fu (a) on any ASME and/or ANSI committees concerning Jack Stands; (b) in writing or commenting on any ASME, ANSI, PALD, ISO or other industry standards or guidelines concerning Jack Stands or in revising or updating any such standards or guidelines.

**RESPONSE TO INTERROGATORY NO. 15:**

After making a reasonable and good faith inquiry into the matters contained in this Request, Responding Party is not aware of any. Discovery is continuing.

**INTERROGATORY NO. 16:**

Identify the engineer(s) or other person(s) responsible for studying, analyzing or evaluating Jack Stand failure rates, failure modes, or conducting any cost/benefit analysis or any other analysis of any Jack Stand feature, component or proposed design change.

**RESPONSE TO INTERROGATORY NO. 16:**

After making a reasonable and good faith inquiry into the matters contained in this Request, Responding Party is not aware of any. Discovery is continuing.

**INTERROGATORY NO. 17:**

Identify any Documents, including Documents filed in court, in which Wei Fu characterizes, describes or represents its business/organizational relationship to Shinn Fu, SFA, and/or MVP as that of being related, affiliated or "sister" companies or corporations.

**RESPONSE TO INTERROGATORY NO. 17:**

After making a reasonable and good faith inquiry into the matters contained in this Request, Responding Party is not aware of any.  Discovery is continuing.

**INTERROGATORY NO. 18:**

Set forth the nature, extent and degree of (a) Shinn Fu, SFA's and/or MVP's ownership interest, directly, or through other persons or entities, in Wei Fu, and (b) Wei Fu's ownership interest, directly, or through other Persons or entities, in MVP.  Identify the Documents Concerning the ownership interest described herein.

**RESPONSE TO INTERROGATORY NO. 18:**

After making a reasonable and good faith inquiry into the matters contained in this Request, Responding Party is not aware of any.  Discovery is continuing.

**INTERROGATORY NO. 19:**

Identify the officers, executives and/or directors of Wei Fu who were/are also officers, directors or executives of Shinn Fu, SFA, and/or MVP, and for each such Person set forth his/her responsibilities at Wei Fu.

**RESPONSE TO INTERROGATORY NO. 19:**

Vickie Huang & Jeff Su

**INTERROGATORY NO. 20:**

State whether there was any licensing agreement, royalty payment agreement, professional services or consulting agreement, or other agreement(s) between Wei Fu, MVP, Shinn Fu, SFA, and/or Sears Concerning the design, manufacture, assembly, distribution and/or sale of Jack Stands, and, if so, Identify each said agreement.

**RESPONSE TO INTERROGATORY NO. 20:**

After making a reasonable and good faith inquiry into the matters contained in this Request, Responding Party is not aware of any.  Discovery is continuing.

**INTERROGATORY NO. 21:**

State whether Wei Fu personnel, employees, engineers or managers received training from, were supervised by, and/or reported to Shinn Fu, SFA, MVP, and/or Sears Concerning Jack Stand design, manufacture, assembly, inspection, Testing, labeling, warnings, distribution, marketing, sale, and/or claims.  If so, Identify each said Wei Fu Person, and Identify the Shinn Fu, SFA, MVP and/or Sears Persons providing such training, supervision or oversight.

**RESPONSE TO INTERROGATORY NO. 21:**

After making a reasonable and good faith inquiry into the matters contained in this Request, Responding Party is not aware of any.  Discovery is continuing.

**INTERROGATORY NO. 22:**

Identify the executive(s) or other Person(s) at Wei Fu who were responsible for communicating with Sears, Shinn Fu, SFA and/or MVP on all issues Concerning Jack Stands, including design, performance, compliance with standards, safety, legal and non-legal complaints, incidents, incident reporting and investigation, certification or other Testing,

warranty claims, governmental inquiries, contract compliance, pricing, advertising and marketing.

**RESPONSE TO INTERROGATORY NO. 22:**

  Jeff Su

DATED: April 22, 2014     **WEI FU (TAISHAN) MACHINERY & ELEC.
                     CO. LTD.**


        By: _____

          Sean P. Flynn, Esq.
          Bar No.: phv05949
          Foley & Mansfield, PLLP
          300 South Grand Avenue, Suite 2800
          Los Angeles, CA 90071
          (213) 283-2100
          (213) 283-2101 (Facsimile)
          *sflynn@foleymansfield.com*



## VERIFICATION

*Frederick Klorczyk, Jr., et al. v. Sears, Roebuck and Co., et al.*, Case 3:13-cv-00257-RNC

**STATE OF CONNECTICUT, COUNTY OF NEW LONDON:**

I have read the foregoing

**WEI FU (TAISHAN) MACHINERY & ELECTRIC CO., LTD.'S
SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES**

and know their content.

☐      I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒      I am Jeff Su, Assistant Vice President of WEI FU(TAISHAN) MACHINERY & ELECTRIC CO. LTD, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.

> ☐      These responses were assembled by our counsel of record and I am informed and believe that the responses are true and complete.

> ☒      I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

> ☐      The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐      I am one of the attorneys for _____ _____, a party to this action. Such party is absent from the county where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason.  I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on April 21, 2014, at Chiayi City , Taiwan , Republic of China.

I declare under penalty of perjury under the laws of the State of Connecticut that the foregoing is true and correct.

_____          _____
蘇建騏 (a.k.a. Jeff Su)                                                          Signature
Print Name of Signatory

年度嘉院民認宣字Chia Yuan Min Jen 字 第 Tm

Case No.： 0 5 5 4    Date APR. 2 1 2014

本文件之簽名或蓋章，在臺灣嘉義地方法院
所屬民間公證人陳林宜伸事務所認證。
公證人：陳林宜伸

Attested at the Chen Lin, Yi-Sen Notary Public
Office, Taiwan Chiayi District Court, R.O.C.,
that the signature(s)/seal(s) in this document
is/are authentic.

Notary Public :
Chen  Lin  Yi - Sen

Certify 蘇建龔  only

For The Contents Of This Document
The Notary Public Assumes No Responsibility.

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK KLORCZYK, JR., *et al.*,<br>Plaintiffs,<br>vs.<br>SEARS, ROEBUCK AND CO., *et al.*,<br>Defendants. | Case:    3:13-cv-00257-RNC<br><br>**DEFENDANT WEI FU (TAISHAN)**<br>**MACHINERY & ELECTRIC CO., LTD.'s**<br>**SUPPLEMENTAL RESPONSES TO**<br>**PLAINTIFFS' FIRST SET OF REQUESTS**<br>**FOR PRODUCTION**<br><br>Complaint Filed: January 30, 2013 |

**PROPOUNDING PARTY:** FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually

**RESPONDING PARTY:** DEFENDANT, WEI FUN (TAISHAN) MACHINERY & ELECTRIC CO., LTD.

**SET NO.:**    ONE

Defendant, WEI FU (TAISHAN) MACHINERY & ELECTRIC CO., LTD.

("Responding Party"), provides the following responses on behalf of itself and no other to

Plaintiffs FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R.

Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-

administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually,

Requests for Production of Documents (Set One).

## PRELIMINARY STATEMENT

Each of the following Responses is made solely for the purpose of this action. Each Response is subject to any and all objections to competency, relevance, materiality, proprietary, and admissibility. In addition, each Response is subject to any and all objections and/or grounds that would require the exclusion of any statement or material provided, or any part thereof, to any Requests for Production of Documents which were asked of, or any statement or material provided by, witnesses present and testifying in court. All objections are reserved and may be asserted at the time of trial. The Responses are based upon information presently available to Responding Party. The fact that Responding Party has responded to or objected to any Requests for Production of Documents should not be taken as an admission that the Request for Production of Documents or Response thereto constitutes admissible evidence. The mere fact that Responding Party has responded to part of or all of any Request for Production of Documents is not intended to be, and shall not constitute a waiver by Responding Party of any objections to the Request for Production of Documents.

Responding Party has not completed its investigation and discovery of the matters at issue in this action and these Responses are based upon Responding Party's knowledge, information, and belief as of this date. Responding Party reserves the right to make further responses if it appears that any omission or error has been made in connection with these Responses or in the event future or more accurate information is available. These Responses are made without prejudice to the right to present at trial such additional evidence as may be later discovered or evaluated.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

All Documents Concerning the development and design of the Jack Stands.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

<u>Objection</u>. This Request calls for the disclosure of confidential information, which will only be done pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party, on behalf of itself and no other, responds as follows:

Responding Party, on behalf of itself and no other, will provide responsive documents.

### REQUEST FOR PRODUCTION NO. 2:

All Documents Concerning the fabrication, manufacture, production and assembly of the Jack Stands.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

<u>Objection</u>. This Request calls for the disclosure of confidential information, which will only be done pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party, on behalf of itself and no other, responds as follows:

Responding Party, on behalf of itself and no other, will provide responsive documents in its control, custody and/or possession.

### REQUEST FOR PRODUCTION NO. 3:

All Documents concerning the inspection, quality control, and/or quality assurance of the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

<u>Objection</u>.  This Request calls for the disclosure of confidential information, which will only be done pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party, on behalf of itself and no other, responds as follows:

Responding Party, on behalf of itself and no other, will provide responsive documents in its control, custody and/or possession.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents concerning the testing of the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

<u>Objection</u>.  This Request calls for the disclosure of confidential information, which will only be done pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party, on behalf of itself and no other, responds as follows:

Responding Party, on behalf of itself and no other, will provide responsive documents in its control, custody and/or possession.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents Concerning the labeling, use, instructions, operating manual or warnings with respect to the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Responding Party, on behalf of itself and no other, will provide responsive documents in its control, custody and/or possession.

WEI FU's SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 6:**

All Documents Concerning the business relationship(s), including, but not limited to, all contracts, licensing agreements and other agreements, between Wei Fu and Shinn Fu, SFA, Sears, or MVP Concerning the Jack Stands, including but not limited to, the design, manufacture, distribution or sale of the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Objection. This Request calls for the disclosure of confidential information, which will only be done pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party, on behalf of itself and no other, responds as follows:

Responding Party, on behalf of itself and no other, will provide responsive documents in its control, custody and/or possession.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents Concerning any partnerships or joint ventures with Shinn Fu, SFA, Sears or MVP with respect to the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control. Therefore, no documents will be produced at this time. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents Concerning any consulting or professional, management or engineering services agreements between Wei Fu and Shinn Fu, SFA, Sears or MVP with respect to the design, manufacture or sale of the Jack Stands.

WEI FU's SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control.  Therefore, no documents will be produced at this time.  Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents Concerning Wei Fu receiving, providing or procuring indemnification and/or insurance from, to or for Shinn Fu, SFA, Sears or MVP with respect to the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party, on behalf of itself and no other, will provide responsive documents in its control, custody and/or possession.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control.  Therefore, no documents will be produced at this time.  Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 10:**

From the time when Wei Fu first began the design, manufacture, production, distribution or sale of the Jack Stands to the present, all Documents Concerning complaints (legal and non-legal) or litigation (pending or settled) with respect to claims or allegations of Jack Stand malfunctions, design or manufacturing defects, failure to hold up a vehicle, and/or the spontaneous collapse or descent of the raised ratchet bar of a Jack Stand, and/or inferior materials used to manufacture the Jack Stand and/or poor workmanship in the fabrication of the Jack Stand.

\\\

WEI FU's SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control other than this case. Therefore, no documents other than those already being produced will be produced at this time. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents Concerning customer hotline or consumer toll free line calls, internet bulletin board and/or website postings Concerning complaints of Jack Stand performance, malfunction, failure to hold up a vehicle and/or spontaneous collapse or descent of the raised ratchet bar of the Jack Stand, or of inferior materials used to manufacture the Jack Stand or poor workmanship in the fabrication of the Jack Stand, or that the Jack Stand was defective.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control. Therefore, no documents will be produced at this time. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents Concerning load or other Testing of Jack Stands not produced in response to Request Number 4.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Objection.  This Request calls for the disclosure of confidential information, which will only be done pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party, on behalf of itself and no other, responds as follows:

WEI FU's SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

Responding Party, on behalf of itself and no other, will provide responsive documents in its control, custody and/or possession.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents Concerning the study or consideration of employing, or the feasibility of installing, different or other designs or safety features for the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Responding Party, on behalf of itself and no other, will provide responsive documents in its control, custody and/or possession.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents Concerning the analysis or assessment of the costs of any alternative design of or safety features for the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Objection.  This Request calls for the disclosure of confidential information, which will only be done pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party, on behalf of itself and no other, responds as follows:

Responding Party, on behalf of itself and no other, will provide responsive documents in its control, custody and/or possession.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents Concerning the unit cost of manufacturing the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Objection.  This Request calls for the disclosure of confidential information, which will only be done pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party, on behalf of itself and no other, responds as follows:

Responding Party, on behalf of itself and no other, will provide responsive documents in its control, custody and/or possession.

### REQUEST FOR PRODUCTION NO. 16:

All Documents Concerning the unit cost of purchasing or fabricating each of the Jack Stand's components.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

Objection. This Request calls for the disclosure of confidential information, which will only be done pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party, on behalf of itself and no other, responds as follows:

Responding Party, on behalf of itself and no other, will provide responsive documents in its control, custody and/or possession.

### REQUEST FOR PRODUCTION NO. 17:

All Documents Concerning any requests made to Wei Fu by any insurance carrier, police department, local, state or federal government agency or department, Concerning Jack Stand design, performance, malfunction, failure or complaint.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control. Therefore, no documents will be produced at this time. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents Concerning applicable policies of primary, excess and umbrella insurance issued to Wei Fu or in which Wei Fu was directly or indirectly an additional named insured including insurance policies, declaration sheets and all endorsements and completed application forms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Responding Party, on behalf of itself and no other, will provide responsive documents in its control, custody and/or possession.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents Concerning the name(s) and address (es) of the factory(ies) and locations where Wei Fu manufactures, manufactured, distributes or distributed Jack Stands or from which Jack Stands sold by Wei Fu were manufactured or distributed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Objection.  This request places an undue burden on Responding Party in that it essentially is calling for the production of every sheet of paper in the past 10 years that lists Responding Party's addresses.

Subject to, and without waiving these objections, Responding Party, on behalf of itself and no other, responds as follows:

In addition to the documents already being produced, Responding Party identifies the following WF's address: Wei Fu Machinery & Electric Co., LTD; Add: No. 328, Qiao Hu Road, Taishan City, Guang Dong, China

\\\

\\\

WEI FU's SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 20:**

All Documents Concerning the ownership or control of Wei Fu's manufacturing plant/factory in Taishan Town, Taishan, Jiangmen, Guandong, China, where Jack Stands were/are manufactured.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Responding Party, on behalf of itself and no other, will provide responsive documents in its control, custody and/or possession.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents Concerning the nature, scope and degree of Wei Fu's ownership interest, directly, or through other entities, of Shinn Hua.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control.  Therefore, no documents will be produced at this time.  Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents and agreements between Wei Fu and FMRC, and/or prepared by Wei Fu, Concerning FMRC certification of Wei Fu Jack Stand manufacturing facilities, or facilities that manufacture Jack Stands sold by Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control.  Therefore, no documents will be produced at this time.  Discovery is continuing.

\\\

**REQUEST FOR PRODUCTION NO. 23:**

All Documents Concerning compliance with, or receiving certification for complying with, ISO standards with respect to Jack Stand design, manufacture, Testing, inspection and labeling.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Responding Party, on behalf of itself and no other, will provide responsive documents in its control, custody and/or possession.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents received by, sent by or on behalf of, or prepared by or on behalf of Wei Fu, Concerning or with respect to Jack Stand industry standards and/or ASME standards Concerning Jack Stands, and/or PALD safety standards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Responding Party, on behalf of itself and no other, will provide responsive documents in its control, custody and/or possession.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents received by, sent by or on behalf of, or prepared by or on behalf of Wei Fu Concerning ASME committee meetings, ASME committee drafts or discussions, Concerning or with respect to proposed or adopted ASME standards Concerning Jack Stands and/or PALD safety standards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control. Therefore, no documents will be produced at this time. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents Concerning the use of a single Jack Stand to support all or a portion of a motor vehicle.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Responding Party, on behalf of itself and no other, will provide responsive documents in its control, custody and/or possession.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents comparing the cost, utility, functionality, failure rates, complaints and/or performance of Shinn Fu's, and/or MVP's, and/or SFA's, and/or Sears's, and/or Wei Fu's Jack Stands to those of other manufacturers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control. Therefore, no documents will be produced at this time. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents Concerning the suppliers, vendors or fabricators of the components of the Jack Stands, including ratchet bar, locking pawl, saddle, roll pin, locking handle and base frame.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Objection. This Request calls for the disclosure of confidential information, which will only be done pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party, on behalf of itself and no other, responds as follows:

Responding Party, on behalf of itself and no other, will provide responsive documents in its control, custody and/or possession.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents Concerning instances of a Jack Stand being subject to a shock load (i.e., a load dropping suddenly or unexpectedly on it).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Responding Party, on behalf of itself and no other, will provide responsive documents in its control, custody and/or possession.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents Concerning instances of Jack Stands failing to perform as intended.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control.  Therefore, no documents will be produced at this time.  Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents Concerning Wei Fu being part of Shinn Fu's affiliated global operations, as noted in the attached document entitled "Presentation of Shinn Fu Corporation 2011."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control.  Therefore, no documents will be produced at this time.  Discovery is continuing.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

After a diligent search for the matters requested above, Responding Party was not able to

locate any responsive documents in its possession, custody or control relative to any documents entitled "Presentation of Shinn Fu Corporation 2011." Therefore, no documents will be produced at this time. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents Concerning the appointment of members of the Board of Directors or other supervising or managing board of Wei Fu by Shinn Fu or by Shinn Fu's officers or directors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control. Therefore, no documents will be produced at this time. Discovery is continuing.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control relative to any documents entitled "Presentation of Shinn Fu Corporation 2011." Therefore, no documents will be produced at this time. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents Concerning the appointment of the officers, executives or senior management of Wei Fu by Shinn Fu or by Shinn Fu's officers or directors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control. Therefore, no documents will be produced at this time. Discovery is continuing.

WEI FU's SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 34:**

All Documents Concerning loans by Shinn Fu, SFA or MVP to Wei Fu or by Wei Fu to Shinn Fu, SFA or MVP.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control.  Therefore, no documents will be produced at this time.  Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents Concerning loan or debt guarantees by or between Wei Fu and Shinn Fu, SFA or MVP.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control.  Therefore, no documents will be produced at this time.  Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents Concerning the nature, scope and degree of Shinn Fu's, SFA's or MVP's ownership interest in Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control.  Therefore, no documents will be produced at this time.  Discovery is continuing.

///

///

WEI FU's SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 37:**

All Documents Concerning money transfers and money distributions by or from Wei Fu to Shinn Fu, SFA or MVP or by and from Shinn Fu, SFA or MVP to Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control.  Therefore, no documents will be produced at this time.  Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents Concerning shared or common office space, headquarters, plants, factories, distribution facilities, bank accounts, phone or fax lines of Wei Fu and Shinn Fu, SFA, Sears or MVP.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control.  Therefore, no documents will be produced at this time.  Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents Concerning dividend payments or return of capital payments from Sears, MVP, Shinn Fu or SFA to Wei Fu or from Wei Fu to Shinn Fu, SFA, Sears or MVP.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control.  Therefore, no documents will be produced at this time.  Discovery is continuing.

///

WEI FU's SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 40:**

All Documents Concerning common or shared accounting, auditing, legal, insurance and/or payroll services between Wei Fu and Sears, MVP, Shinn Fu and/or SFA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Objection.  This Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine.

Subject to, and without waiving these objections, Responding Party, on behalf of itself and no other, responds as follows:

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control, other than for this action, which are covered by the Attorney Client and/ or Attorney Work Product privileges.  Therefore, no documents will be produced at this time.  Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents Concerning communications between Wei Fu, Shinn Fu, SFA, Sears and/or MVP with respect to Jack Stand design, manufacture, distribution, sale, marketing and Testing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Objection.  This Request calls for the disclosure of confidential information, which will only be done pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party, on behalf of itself and no other, responds as follows:

Responding Party, on behalf of itself and no other, will provide responsive documents in its control, custody and/or possession.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents Concerning communications between Wei Fu and Shinn Fu, SFA, Sears and/or MVP with respect to supplying, distributing or selling private label Jack Stands in the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Objection.  This Request calls for the disclosure of confidential information, which will only be done pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party, on behalf of itself and no other, responds as follows:

Responding Party, on behalf of itself and no other, will provide responsive documents in its control, custody and/or possession.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents Concerning communications between Wei Fu and Shinn Fu, SFA, Sears and/or MVP with respect to supplying, distributing and/or selling Jack Stands to Sears.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Objection.  This Request calls for the disclosure of confidential information, which will only be done pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party, on behalf of itself and no other, responds as follows:

Responding Party, on behalf of itself and no other, will provide responsive documents in its control, custody and/or possession.

///

///

WEI FU's SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 444:**

All Documents Concerning the development of warnings for the Jack Stands, including, but not limited to, Documents Concerning when warnings were developed for the Jack Stands, revisions to the warnings for the Jack Stands and, from the time when Wei Fu first developed warnings, or first sold Jack Stands with warnings, to the present, Documents Concerning all claims (legal and non-legal) and litigation (pending or settled) with respect to warnings for the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 444:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control.  Therefore, no documents will be produced at this time.  Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 455:**

All Documents Concerning any and all inquiries or investigations of Wei Fu, MVP, Shinn Hua, Shinn Fu, SFA and/or Sears by agencies of the United States or any state thereof, including, but not limited to, the United States Consumer Product Safety Commission and the National Highway Traffic Safety Administration.

\\\

///

///

///

///

///

///

WEI FU's SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

**RESPONSE TO REQUEST FOR PRODUCTION NO. 455:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control. Therefore, no documents will be produced at this time. Discovery is continuing.


DATED:    April 22, 2014          **WEI FU (TAISHAN) MACHINERY & ELEC. CO. LTD.**


By:    _Sean Flynn_ _____

Sean P. Flynn, Esq.
Bar No.: phv05949
Foley & Mansfield, PLLP
300 South Grand Avenue
Suite 2800
Los Angeles, CA 90071
(213) 283-2100
(213) 283-2101 (Facsimile)
_sflynn@foleymansfield.com_



## VERIFICATION
*Frederick Klorczyk, Jr., et al. v. Sears, Roebuck and Co., et al.*, Case 3:13-cv-00257-RNC

**STATE OF CONNECTICUT, COUNTY OF NEW LONDON:**

I have read the foregoing

**WEI FU (TAISHAN) MACHINERY & ELECTRIC CO., LTD.'s
SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF REQUEST
FOR PRODUCTION OF DOCUMENTS**

and know their content.

☐      I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒      I am Jeff Su, Assistant Vice President of WEI FU(TAISHAN) MACHINERY & ELECTRIC CO. LTD , a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.

> ☐      These responses were assembled by our counsel of record and I am informed and believe that the responses are true and complete.

> ☒      I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

> ☐      The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐      I am one of the attorneys for _____, a party to this action. Such party is absent from the county where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on April 21, 2014, at Chiayi City , Taiwan , Republic of China.

I declare under penalty of perjury under the laws of the State of Connecticut that the foregoing is true and correct.

_____
蘇建騏(a.k.a. Jeff Su)
Print Name of Signatory

_____
Signature

For The Contents Of This Document
The Notary Public Assumes No Responsibility.

Certify 蘇建號 only

103 年度嘉院民認宜字Chia Yuan Min Jen Yi Tze

Case No. :  0 5 5 5        Date APR. 2 1 2014

本文件之簽名或蓋章，在臺灣嘉義地方法院
所屬民間公證人陳林宜伸事務所認證。
公證人：陳林宜伸

Attested at the Chen Lin, Yi-Sen Notary Public
Office, Taiwan Chiayi District Court, R.O.C.,
that the signature(s)/seal(s) in this document
is/are authentic.

Notary Public :

Chen   Lin ,  Yi - Sen