# EXHIBIT H

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK KLORCZYK, JR., et al., | Case 3:13-cv-00257-RNC |
| Plaintiffs, | **DEFENDANT MVP (H.K.) INDUSTRIES LTD'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |
| vs. | |
| SEARS, ROEBUCK AND CO., et al., | |
| Defendants. | |
| | Complaint Filed: January 30, 2013 |

**PROPOUNDING PARTY:** PLAINTIFFS, FREDERICK KLORCZYK, JR. and LYNNE KLORCZYK

**RESPONDING PARTY:** DEFENDANT, MVP (H.K.) INDUSTRIES LTD.

**SET NO.:**           ONE

Responding Party on behalf of itself and no other provides the following responses to Special Interrogatories (Set One) propounded by Propounding Party.

## PRELIMINARY STATEMENT

Each of the following Responses is made solely for the purpose of this action. Each Response is subject to any and all objections to competency, relevance, materiality, proprietary, and admissibility. In addition, each Response is subject to any and all objections and/or grounds that would require the exclusion of any statement or material provided, or any part thereof, to

any Special Interrogatories which were asked of, or any statement or material provided by, witnesses present and testifying in court. All objections are reserved and may be asserted at the time of trial. The Responses are based upon information presently available to Responding Party. The fact that Responding Party has responded to or objected to any Special Interrogatories should not be taken as an admission that the Special Interrogatories or Response thereto constitutes admissible evidence. The mere fact that Responding Party has responded to part of or all of any Special Interrogatories is not intended to be, and shall not constitute a waiver by Responding Party of any objections to the Special Interrogatories.

Responding Party has not completed its investigation and discovery of the matters at issue in this action and these Responses are based upon Responding Party knowledge, information, and belief as of this date. Responding Party reserves the right to make further responses if it appears that any omission or error has been made in connection with these Responses or in the event future or more accurate information is available. These Responses are made without prejudice to the right to present at trial such additional evidence as may be later discovered or evaluated.

## GENERAL OBJECTIONS

Responding Party objects to this Demand on the grounds that is vague, ambiguous, and overbroad. Responding Party further objects to this Demand on the grounds that it is unreasonably burdensome and propounded solely to annoy, vex, and harass Responding Party. Responding Party objects to this Demand on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each person involved in answering these Interrogatories, including every person who will be consulted or contacted regarding answering these Interrogatories.

### RESPONSE TO INTERROGATORY NO. 1:

MVP (H.K.) INDUSTRIES LTD'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Nora Lee.

**INTERROGATORY NO. 2:**

Identify each incident involving a Jack Stand known to MVP, including the date and location of the event, the specific type, capacity and model Jack Stand involved, the nature of the incident, the results of any incident investigation by or on behalf of MVP, in which one or more of the following occurred, or was alleged to have occurred:

(a)   The Jack Stand was alleged to be defective or unsafe;

(b)   The Jack Stand was alleged to have malfunctioned;

(c)   The Jack Stand was alleged to have failed to hold up a vehicle;

(d)   There was an alleged spontaneous collapse or descent of the raised ratchet bar of the Jack Stand;

(e)   The Jack Stand was allegedly manufactured with inferior materials or had poor workmanship in its assembly or fabrication;

(f)   The incident allegedly involved the use of only one Jack Stand.

**RESPONSE TO INTERROGATORY NO. 2:**

After making a reasonable and good faith inquiry into the matters contained in this Request, Responding Party is not aware of any. Discovery is continuing.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Objection. This Request calls for the disclosure of confidential information, which will only be done pursuant to the Court's Protective Order. Further, this Request calls for the disclosure of information protected by the attorney-client privilege and attorney work-product privilege.

Subject to, and without waiving these objections, Responding Party responds on behalf of itself and no other as follows:

Responding Party, on behalf of itself and no other, will provide responsive documents it currently has in its control, custody, and/or possession.

**INTERROGATORY NO. 3:**

For those incidents identified in response to Interrogatory 2 which resulted in a claim or lawsuit against MVP, Sears, Shinn Fu, SFA and/or Wei Fu, or against any other person to whom MVP provided a defense, indemnification or insurance coverage (under MVPs' policy), please state in full the caption of each case, docket number, location of the Court, attorney(s) name(s) and address(es) for plaintiff(s), present status of case and/or ultimate disposition for each claim or lawsuit.

**RESPONSE TO INTERROGATORY NO. 3:**

Not applicable.

**INTERROGATORY NO. 4:**

With respect to the Jack Stands, identify the persons who:

(a)     Designed them;

(b)     Manufactured them, including listing the name and address of the plant(s) or factory(ies) and the identity of the owner(s) of said plant(s) or factory(ies);

(c)     Tested them;

(d)     Distributed them;

(e)     Imported them into the United States;

(f)     Sold them to Sears.

**RESPONSE TO INTERROGATORY NO. 4:**

(a)     After making a reasonable and good faith inquiry into the matters contained in this Request, Responding Party is not aware of any.  Discovery is continuing.

(b)     After making a reasonable and good faith inquiry into the matters contained in this Request, Responding Party is not aware of any.  Discovery is continuing.

MVP (H.K.) INDUSTRIES LTD'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

(c)     After making a reasonable and good faith inquiry into the matters contained in this Request, Responding Party is not aware of any.  Discovery is continuing.

(d)     Nora Lee

(e)     After making a reasonable and good faith inquiry into the matters contained in this Request, Responding Party is not aware of any.  Discovery is continuing.

(f)     Nora Lee

## INTERROGATORY NO. 5:

Identify the private labeled brand retailers to whom MVP designed, manufactured, distributed or supplied Jack Stands in the United States.

## RESPONSE TO INTERROGATORY NO. 5:

Sears

## INTERROGATORY NO. 6:

Identify, by model number and load capacity or other identifying characteristics, each model or type Jack Stand which MVP manufactured, distributed or sold to Sears and for each said Jack Stand type/model provide the following:

(a)     Year(s) in which the Jack Stand was sold to Sears;

(b)     Number of units sold per year to Sears;

(c)     Unit price charged to Sears.

## RESPONSE TO INTERROGATORY NO. 6:

(a)     2007, 2008, 2009, 2010, 2011, 2012

(b)     2007 – 18,313 pairs

        2008 – 14,746 pairs

        2009 – 15,530 pairs

MVP (H.K.) INDUSTRIES LTD'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

2010 – 17,200 pairs

2011 – 17,130 pairs

2012 – 13,735 pairs

(c)   2007 - $10.75

2008 - $13.08 / $15.04

2009 - $13.86 / $12.61

2010 - $12.61

2011 to 2012 - $13.56

**INTERROGATORY NO. 7:**

Identify the engineer(s) or other person(s) responsible for designing, developing, manufacturing, assembling and/or inspecting the Jack Stands and/or overseeing the design, development, manufacture, assembly and inspection of the Jack Stands. If the Jack Stands evolved from any predecessor or carryover design, identify the responsible design engineer(s) and person(s) responsible or accountable for the initial design and the carryover design.

**RESPONSE TO INTERROGATORY NO. 7:**

After making a reasonable and good faith inquiry into the matters contained in this Request, Responding Party is not aware of any. Discovery is continuing.

**INTERROGATORY NO. 8:**

Identify the engineer(s) or other person(s) responsible for testing the Jack Stands.

**RESPONSE TO INTERROGATORY NO. 8:**

After making a reasonable and good faith inquiry into the matters contained in this Request, Responding Party is not aware of any. Discovery is continuing.

MVP (H.K.) INDUSTRIES LTD'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 9:**

Identify by test protocol, test report, test result and type/model of Jack Stand, all tests conducted by or on behalf of MVP whose goal or purpose was, in whole or in part:

        (a)     To certify compliance with ISO, ASME, ANSI, or PALD standards or guidelines;

        (b)     To certify compliance with MVP's, Sears', Shinn Fu's, SFA's and/or Wei Fu's internal testing, safety or performance standards;

        (c)     Load testing and/or performance testing including tests using various weight loads, and/or heights of the ratchet bar and testing involving motor vehicles;

        (d)     Testing of Jack Stand safety features, performance and/or failure modes.

**RESPONSE TO INTERROGATORY NO. 9:**

        (a)     ANSI & PALD

        (b)     ANSI & PALD

        (c)     No

        (d)     No

**INTERROGATORY NO. 10:**

Identify the location of the plant(s) and/or factory(ies) where the Jack Stands were manufactured and inspected and set forth MVP's ownership interest in each said plant and/or factory.

**RESPONSE TO INTERROGATORY NO. 10:**

i) Wei Fu (Taishan) Machinery & Electric Co. Ltd. Add: No. 328 Qiao Hu Road, Taishan City, Guangdong, China

ii) Jiaxing Datong Machinery Co., Ltd. Add: No. 8 Datong Road, Yuxin Town, Jiaxing City, Zhejiang, China

MVP (H.K.) INDUSTRIES LTD'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

MVP has no ownership interest in these plants and/or factories

**INTERROGATORY NO. 11:**

Identify the engineer(s) or other person(s) responsible for the quality control and quality assurance procedures and systems at each said plant/factory and/or the engineer(s) or other person(s) responsible for overseeing the quality control and quality assurance procedures in existence at each such plant/factory.

**RESPONSE TO INTERROGATORY NO. 11:**

After making a reasonable and good faith inquiry into the matters contained in this Request, Responding Party is not aware of any.  Discovery is continuing.

**INTERROGATORY NO. 12:**

Identify any engineer(s) or other person(s) involved with or responsible for evaluating or analyzing the design, performance, cost and/or safety features of competitors' Jack Stands and/or comparing each said competitor's Jack Stand's design, performance, cost or safety features to MVP's Jack Stands.

**RESPONSE TO INTERROGATORY NO. 12:**

After making a reasonable and good faith inquiry into the matters contained in this Request, Responding Party is not aware of any.  Discovery is continuing.

**INTERROGATORY NO. 13:**

Identify the engineer(s) or other person(s) responsible for considering any Jack Stand design or safety improvements, modifications or changes.

**RESPONSE TO INTERROGATORY NO. 13:**

After making a reasonable and good faith inquiry into the matters contained in this Request, Responding Party is not aware of any.  Discovery is continuing.

MVP (H.K.) INDUSTRIES LTD'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES

**INTERROGATORY NO. 14:**

Identify the engineer(s) or other person(s) responsible for (a) writing or issuing warnings on or accompanying the sale of the Jack Stand; (b) writing or issuing owner's manual or manual or brochure on Jack Stand use; (c) writing or issuing instructions for Jack Stand use; (d) the contents of any labels affixed to or placed on the Jack Stands

**RESPONSE TO INTERROGATORY NO. 14:**

After making a reasonable and good faith inquiry into the matters contained in this Request, Responding Party is not aware of any.  Discovery is continuing.

**INTERROGATORY NO. 15:**

Identify the engineer(s) or other person(s) who represented MVP (a) on any ASME and/or ANSI committees concerning Jack Stands; (b) in writing or commenting on any ASME, ANSI, PALD, ISO or other industry standards or guidelines concerning Jack Stands or in revising or updating any such standards or guidelines.

**RESPONSE TO INTERROGATORY NO. 15:**

After making a reasonable and good faith inquiry into the matters contained in this Request, Responding Party is not aware of any.  Discovery is continuing.

**INTERROGATORY NO. 16:**

Identify the engineer(s) or other person(s) responsible for studying, analyzing or evaluating Jack Stand failure rates, failure modes, or conducting any cost/benefit analysis or any other analysis of any Jack Stand feature, component or proposed design change.

**RESPONSE TO INTERROGATORY NO. 16:**

After making a reasonable and good faith inquiry into the matters contained in this Request, Responding Party is not aware of any.  Discovery is continuing.

**INTERROGATORY NO. 17:**

Identify any documents, including documents filed in court, in which MVP characterizes, describes or represents its business/organizational relationship to Shinn Fu, SFA and/or Wei Fu as that of being related, affiliated or "sister" companies or corporations.

**RESPONSE TO INTERROGATORY NO. 17:**

After making a reasonable and good faith inquiry into the matters contained in this Request, Responding Party is not aware of any.  Discovery is continuing.

**INTERROGATORY NO. 18:**

Set forth the nature, extent and degree of (a) Shinn Fu and/or SFA's ownership interest, directly, or through other persons or entities, in MVP, and (b) MVP's ownership interest, directly, or through other persons or entities in Wei Fu.  Identify the documents concerning that ownership interest.

**RESPONSE TO INTERROGATORY NO. 18:**

Objection: This Interrogatory is vague and ambiguous in that it is compound and disjunctive.

Subject to, and without waiving these objections, Responding Party responds as follows: None.

**INTERROGATORY NO. 19:**

Identify the officers, executives and/or directors of MVP and/or Wei Fu who were/are also officers, directors or executives of Shinn Fu, SFA and/or Wei Fu.

**RESPONSE TO INTERROGATORY NO. 19:**

Victor Hung, Betty Hung, Angie Hung and Vickie Huang

MVP (H.K.) INDUSTRIES LTD'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 20:**

Identify the MVP officers, directors or executives who oversaw, or were responsible for overseeing, the business operations or activities of Wei Fu.

**RESPONSE TO INTERROGATORY NO. 20:**

None.

**INTERROGATORY NO. 21:**

State whether there was any licensing agreement, royalty payment agreement, professional services or consulting agreement, or other agreement(s) between MVP, Shinn Fu, and SFA and/or Wei Fu concerning the design, manufacture, assembly, distribution and/or sale of Jack Stands and, if so, identify each said agreement.

**RESPONSE TO INTERROGATORY NO. 21:**

None.

**INTERROGATORY NO. 22:**

State whether MVP personnel, employees, engineers or managers received training from, were supervised by, and/or reported to Shinn Fu and/or SFA concerning Jack Stand design, manufacture, assembly, inspection, testing, labeling, warnings, distribution, marketing, sale, and/or claims.  If so, identify each said MVP person, and identify the Shinn Fu and/or SFA persons providing such training, supervision or oversight.

**RESPONSE TO INTERROGATORY NO. 22:**

After making a reasonable and good faith inquiry into the matters contained in this Request, Responding Party is not aware of any.  Discovery is continuing.

MVP (H.K.) INDUSTRIES LTD'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES

## INTERROGATORY NO. 23:

Identify the executive(s) or other person(s) at MVP who were responsible for communicating with Sears, Shinn Fu, SFA and/or Wei Fu on all issues concerning Jack Stands, including design, performance, compliance with standards, safety, legal and non-legal complaints, incidents, incident reporting and investigation, certification or other testing, warranty claims, governmental inquiries, contract compliance, pricing, advertising and marketing.

## RESPONSE TO INTERROGATORY NO. 23:

Nora Lee.

DATED:    April 22, 2014                    **MVP (H.K.) INDUSTRIES LTD.**

By: _____

Sean P. Flynn, Esq.
Bar No.: phv05949
Foley & Mansfield, PLLP
300 South Grand Avenue, Suite 2800
Los Angeles, CA 90071
(213) 283-2100
(213) 283-2101 (Facsimile)
*sflynn@foleymansfield.com*

## VERIFICATION

*Frederick Klorczyk, Jr., et al. v. Sears, Roebuck and Co., et al.*, Case 3:13-cv-00257-RNC

**STATE OF CONNECTICUT, COUNTY OF NEW LONDON:**

I have read the foregoing

**MVP (H.K.) INDUSTRIES LTD'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

and know their content.

☐    I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒    I am <u>Nora Lee, Sales Manager of MVP (H.K.) Industries Ltd.</u>, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.

    ☐    These responses were assembled by our counsel of record and I am informed and believe that the responses are true and complete.

    ☒    I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

    ☐    The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐    I am one of the attorneys for _____, a party to this action. Such party is absent from the county where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason.  I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on April 22, 2014, at <u>Kowloon, Hong Kong</u>.

I declare under penalty of perjury under the laws of the State of Connecticut that the foregoing is true and correct.

Lee Suk Yin, Nora

_____          _____
Print Name of Signatory                   Signature

Before me,

LI SIU FUNG
NOTARY PUBLIC
HONG KONG SAR
Unit 1303, 13/F.,
Tower 1, Admiralty Centre,
18 Harcourt Road,

My commission expires at death

13
MVP (H.K.) INDUSTRIES LTD'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK KLORCZYK, JR., et al.<br><br>Plaintiffs,<br><br>vs.<br><br>SEARS, ROEBUCK AND CO., et al.<br><br>Defendants. | Case 3:13-cv-00257-RNC<br><br>**MVP (H.K.) INDUSTRIES LTD'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**<br><br>Complaint Filed: January 30, 2013 |

**PROPOUNDING PARTY:** PLAINTIFFS, FREDERICK KLORCZYK, JR. and LYNNE KLORCZYK

**RESPONDING PARTY:** DEFENDANT, MVP (H.K.) INDUSTRIES LTD.

**SET NO.:** ONE

Defendant, MVP (H.K.) INDUSTRIES LTD. provides the following responses on behalf of itself and no other, to Request for Production of Documents (Set One) propounded by Plaintiffs, Frederick Klorczyk, Jr. and Lynne Klorczyk.

## PRELIMINARY STATEMENT

Each of the following Responses is made solely for the purpose of this action. Each Response is subject to any and all objections to competency, relevance, materiality, proprietary, and admissibility. In addition, each Response is subject to any and all objections and/or grounds that would require the exclusion of any statement or material provided, or any part thereof, to any Requests for Production of Documents which were asked of, or any statement or material provided by, witnesses present and testifying in court. All objections are reserved and may be

asserted at the time of trial. The Responses are based upon information presently available to Defendant. The fact that Defendant has responded to or objected to any Requests for Production of Documents should not be taken as an admission that the Request for Production of Documents or Response thereto constitutes admissible evidence. The mere fact that Defendant has responded to part of or all of any Request for Production of Documents is not intended to be, and shall not constitute a waiver by Defendant of any objections to the Request for Production of Documents.

Defendant has not completed its investigation and discovery of the matters at issue in this action and these Responses are based upon Defendant' knowledge, information, and belief as of this date. Defendant reserve the right to make further responses if it appears that any omission or error has been made in connection with these Responses or in the event future or more accurate information is available. These Responses are made without prejudice to the right to present at trial such additional evidence as may be later discovered or evaluated.

<strong>RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS</strong>

**REQUEST FOR PRODUCTION NO. 1:**

From the time when the Jack Stands were first developed and designed to the present, all Documents concerning the development and design of the Jack Stands

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control. Therefore, no documents will be produced at this time. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 2:**

From the time when the Jack Stands were first fabricated, manufactured, produced and assembled to the present, all Documents concerning the fabrication, manufacture, production, assembly and distribution of the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objection. This Request calls for the disclosure of confidential information, which will

2

only be done pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds on behalf of itself and no other as follows:

Responding Party, on behalf of itself and no other, will provide responsive documents it currently has in its control, custody, and/or possession.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents concerning the inspection, quality control, and/or quality assurance of the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Objection. This Request calls for the disclosure of confidential information, which will only be done pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds on behalf of itself and no other as follows:

Responding Party, on behalf of itself and no other, will provide responsive documents it currently has in its control, custody, and/or possession.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents concerning the testing of the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control. Therefore, no documents will be produced at this time. Discovery is continuing.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Objection. This Request calls for the disclosure of confidential information, which will only be done pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds on behalf of itself and no other as follows:

Responding Party, on behalf of itself and no other, will provide responsive documents it currently has in its control, custody, and/or possession.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents concerning Defendants' business relationship with Sears, including, but not limited to, all contracts and agreements concerning the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Objection. This Request calls for the disclosure of confidential information, which will only be done pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds on behalf of itself and no other as follows:

Responding Party, on behalf of itself and no other, will provide responsive documents it currently has in its control, custody, and/or possession.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents concerning the labeling, use, instructions, operating manual or warnings with respect to the Jack Stands

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control. Therefore, no documents will be produced at this time. Discovery is continuing.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Objection. This Request calls for the disclosure of confidential information, which will only be done pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds on behalf of itself and no other as follows:

Responding Party, on behalf of itself and no other, will provide responsive documents it currently has in its control, custody, and/or possession.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents concerning the business relationship(s), including, but not limited to, any licensing or other agreements, between Defendants and MVP or Wei Fu with respect to the design, manufacture, distribution or sale of the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Objection.  This Request calls for the disclosure of confidential information, which will only be done pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds on behalf of itself and no other as follows:

Responding Party, on behalf of itself and no other, will provide responsive documents it currently has in its control, custody, and/or possession.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents concerning any partnerships or joint ventures with MVP or Wei Fu with respect to the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control.  Therefore, no documents will be produced at this time.  Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents concerning any consulting or professional, management or engineering services agreements between Defendants and MVP or Wei Fu with respect to the design, manufacture or sale of the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control.  Therefore, no documents will be produced at this time.  Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents concerning Defendants' providing or procuring indemnification and/or insurance to or for MVP or Wei Fu with respect to the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Responding Party, on behalf of itself and no other, will provide responsive documents.

**REQUEST FOR PRODUCTION NO. 11:**

From the time when Defendants first began the design, manufacture, production or distribution of the Jack Stands to the present, all Documents concerning complaints (legal and non-legal) or litigation (pending or settled) with respect to claims or allegations of Jack Stand malfunctions, design or manufacturing defects, failure to hold up a vehicle, and/or the spontaneous collapse or descent of the raised ratchet bar of a Jack Stand, and/or inferior materials used to manufacture the Jack Stand and/or poor workmanship in the fabrication of the Jack Stand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control.  Therefore, no documents will be produced at this time.  Discovery is continuing.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Objection.  This Request calls for the disclosure of confidential information, which will only be done pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds on behalf of itself and no other as follows:

Responding Party, on behalf of itself and no other, will provide responsive documents it currently has in its control, custody, and/or possession.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents concerning customer hotline or consumer toll free line calls, internet bulletin board and/or website postings concerning complaints of Jack Stand performance, malfunction, failure to hold up a vehicle and/or spontaneous collapse or descent of the raised

MVP (H.K.) INDUSTRIES LTD'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS

ratchet bar of the Jack Stand, or of inferior materials used to manufacture the Jack Stand or poor workmanship in the fabrication of the Jack Stand, or that the Jack Stand was defective.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**:

       After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control.  Therefore, no documents will be produced at this time.  Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 13:**

       All Documents concerning load or other testing of Jack Stands not produced in response to Request Number 4.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

       After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control.  Therefore, no documents will be produced at this time.  Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 14:**

       All Documents concerning the study or consideration of employing, or the feasibility of installing, different or other designs or safety features for the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

       After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control.  Therefore, no documents will be produced at this time.  Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 15:**

       All Documents concerning the analysis or assessment of the costs of any alternative design of or safety features for the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

       After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control.  Therefore, no documents will be produced at this time.  Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents concerning the unit cost of manufacturing the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control. Therefore, no documents will be produced at this time. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents concerning the unit cost of purchasing or fabricating each of the Jack Stand's components.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control. Therefore, no documents will be produced at this time. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents concerning any Requests made to Defendants by any insurance carrier, police department, local, state or federal government agency or department, concerning Jack Stand design, performance, malfunction, failure or complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control. Therefore, no documents will be produced at this time. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents concerning applicable policies of primary, excess and umbrella insurance issued to Defendants including insurance policies, declaration sheets and all endorsements and completed application forms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Objection. This Request calls for the disclosure of confidential information, which will

only be done pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds on behalf of itself and no other as follows:

Responding Party, on behalf of itself and no other, will provide responsive documents it currently has in its control, custody, and/or possession.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents concerning the name(s) and address(es) of the factory(ies) and locations where Defendants manufacture, manufactured, distribute or distributed Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

      i)     Wei Fu (Taishan) Machinery & Electric Co. Ltd. Add: No. 328 Qiao Hu Road, Taishan City, Guangdong, China

      ii)    Jiaxing Datong Machinery Co., Ltd. Add: No. 8 Datong Road, Yuxin Town, Jiaxing City, Zhejiang, China

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Objection.  This Request calls for the disclosure of confidential information, which will only be done pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds on behalf of itself and no other as follows:

Responding Party, on behalf of itself and no other, will provide responsive documents it currently has in its control, custody, and/or possession.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents concerning Defendants' ownership or control of Wei Fu's manufacturing plant/factory in Taishan Town, Taishan, Jiangmen, Guandong, China, where Jack Stands were/are manufactured.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control.  Therefore, no documents

will be produced at this time.  Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents concerning the nature, scope and degree of Defendants' ownership interest, directly, or through other entities, of Shinn Hua.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Objection.  This Request calls for the disclosure of confidential information, which will only be done pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds on behalf of itself and no other as follows:

Responding Party, on behalf of itself and no other, will provide responsive documents it currently has in its control, custody, and/or possession.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and agreements between Defendants and FMRC, and/or prepared by Shinn Fu, concerning FMRC certification of Shinn Fu Jack Stand manufacturing facilities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control.  Therefore, no documents will be produced at this time.  Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents concerning compliance with, or receiving certification for complying with, ISO standards with respect to Jack Stand design, manufacture, testing, inspection and labeling.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control.  Therefore, no documents will be produced at this time.  Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents received by, sent by or on behalf of, or prepared by or on behalf of Defendants,

concerning or with respect to Jack Stand industry standards and/or ASME standards concerning Jack Stands, and/or PALD safety standards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Objection.  This Request calls for the disclosure of confidential information, which will only be done pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds on behalf of itself and no other as follows:

Responding Party, on behalf of itself and no other, will provide responsive documents it currently has in its control, custody, and/or possession.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents received by, sent by or on behalf of, or prepared by or on behalf of, Defendants concerning ASME committee meetings, ASME committee drafts or discussions, concerning or with respect to proposed or adopted ASME standards concerning Jack Stands and/or PALD safety standards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control.  Therefore, no documents will be produced at this time.  Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents concerning the use of a single Jack Stand to support all or a portion of a motor vehicle.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Responding Party, on behalf of itself and no other, will provide responsive documents.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents comparing the cost, utility, functionality, failure rates, complaints and/or performance of Defendants' and/or MVP's, and/or Wei Fu's Jack Stands to those of other manufacturers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control. Therefore, no documents will be produced at this time. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents concerning the suppliers, vendors or fabricators of the components of the Jack Stands, including ratchet bar, locking pawl, saddle, roll pin, locking handle and base frame.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control. Therefore, no documents will be produced at this time. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents concerning instances of a Jack Stand being subject to a shock load (i.e., a load dropping suddenly or unexpectedly on it).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Responding Party, on behalf of itself and no other, will provide responsive documents.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents concerning instances of Jack Stands failing to perform as intended.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control. Therefore, no documents will be produced at this time. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents from 1988 to the present concerning Defendants' establishment of MVP in 1988, as noted in the attached document entitled "Presentation of Shinn Fu Corporation 2011".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control. Therefore, no documents will be produced at this time. Discovery is continuing.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control relative to any documents entitled "Presentation of Shinn Fu Corporation 2011". Therefore, no documents will be produced at this time. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents from 1988 to the present concerning MVP and/or Wei Fu being part of Shinn Fu's affiliated global operations, as noted in the attached document entitled "Presentation of Shinn Fu Corporation 2011"

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control. Therefore, no documents will be produced at this time. Discovery is continuing.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control relative to any documents entitled "Presentation of Shinn Fu Corporation 2011". Therefore, no documents will be produced at this time. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents concerning Defendants appointing members of the Board of Directors

or other supervising or managing board of MVP and/or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

      After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control.  Therefore, no documents will be produced at this time.  Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 35:**

      All Documents concerning Defendants or their officers or directors appointing the officers, executives or senior management of MVP and/or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

      After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control.  Therefore, no documents will be produced at this time.  Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 36:**

      All Documents concerning loans by Defendants to MVP or Wei Fu or by MVP or Wei Fu to Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

      After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control.  Therefore, no documents will be produced at this time.  Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 37:**

      All Documents concerning loan or debt guarantees by or between any or all of the Defendants and MVP or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

      After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control.  Therefore, no documents will be produced at this time.  Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents concerning the nature, scope and degree of any or all of the Defendants' ownership interest in MVP or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control. Therefore, no documents will be produced at this time. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents concerning money transfers and money distributions by or from MVP to any or all of the Defendants or by and from Defendants to MVP or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control. Therefore, no documents will be produced at this time. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents concerning shared or common office space, headquarters, plants, factories, distribution facilities, bank accounts, phone or fax lines of any or all of the Defendants and MVP or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control. Therefore, no documents will be produced at this time. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents concerning dividend payments or return of capital payments from MVP and/or Wei Fu to any or all of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

After a diligent search for the matters requested above, Responding Party was not able to

locate any responsive documents in its possession, custody or control.  Therefore, no documents will be produced at this time.  Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents concerning common or shared accounting, auditing, legal, insurance and/or payroll services between any or all of the Defendants and MVP and/or Wei Fu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Responding Party, on behalf of itself and no other, will provide responsive documents.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents concerning communications between any or all of the Defendants and MVP and/or Wei Fu with respect to Jack Stand design, manufacture, distribution, sale, marketing and testing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Objection.  This Request calls for the disclosure of confidential information, which will only be done pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds on behalf of itself and no other as follows:

Responding Party, on behalf of itself and no other, will provide responsive documents it currently has in its control, custody, and/or possession.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents concerning communications between any or all of the Defendants and MVP and/or Wei Fu with respect to supplying, distributing or selling private label Jack Stands in the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Objection.  This Request calls for the disclosure of confidential information, which will only be done pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds on behalf of itself and no other as follows:

MVP (H.K.) INDUSTRIES LTD'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS

Responding Party, on behalf of itself and no other, will provide responsive documents it currently has in its control, custody, and/or possession.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents concerning communications between any or all of the Defendants and MVP and/or Wei Fu with respect to supplying, distributing and/or selling Jack Stands to Sears.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Objection. This Request calls for the disclosure of confidential information, which will only be done pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds on behalf of itself and no other as follows:

Responding Party, on behalf of itself and no other, will provide responsive documents it currently has in its control, custody, and/or possession.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents concerning the development of warnings for the Jack Stands, including, but not limited to, Documents concerning when warnings were developed for the Jack Stands, revisions to the warnings for the Jack Stands and, from the time when Defendants first developed warnings to the present, Documents concerning all claims (legal and non-legal) and litigation (pending or settled) with respect to warnings for the Jack Stands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control. Therefore, no documents will be produced at this time. Discovery is continuing.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Objection. This Request calls for the disclosure of confidential information, which will only be done pursuant to the Court's Protective Order.

Subject to, and without waiving these objections, Responding Party responds on behalf of itself and no other as follows:

17

Responding Party, on behalf of itself and no other, will provide responsive documents it currently has in its control, custody, and/or possession.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents concerning any and all inquiries or investigations of Defendants, MVP, Wei Fu, Shinn Hua and/or Sears by agencies of the United States or any state thereof, including, but not limited to, the United States Consumer Product Safety Commission and the National Highway Traffic Safety Administration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47**:

After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control. Therefore, no documents will be produced at this time. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents concerning Defendants' filing of the Answer dated March 4, 2013, including, but not limited to, Defendants' admissions in Paragraph 2 thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48**:

Objection. This Request is overbroad and not calculated to lead to the discovery of admissible evidence. This Request may call for the production of documents protected by the attorney client and attorney work product privileges.

///

///

///

///

///

///

///

Subject to, and without waiving these objections, Responding Party responds on behalf of itself and no other as follows:

No documents will be produced.

DATED:    April 22, 2014                    **MVP (H.K.) INDUSTRIES, LTD.**

By: _____

Sean P. Flynn, Esq.
Bar No.: phv05949
Foley & Mansfield, PLLP
300 South Grand Avenue, Suite 2800
Los Angeles, CA 90071
(213) 283-2100 (Main)
(213) 283-2101 (Facsimile)
*sflynn@foleymansfield.com*

**VERIFICATION**

*Frederick Klorczyk, Jr., et al. v. Sears, Roebuck and Co., et al.*, Case 3:13-cv-00257-RNC

**STATE OF CONNECTICUT, COUNTY OF NEW LONDON:**

I have read the foregoing

**MVP (H.K.) INDUSTRIES LTD'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR PRODUCTION**

and know their content.

☐    I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒    I am <u>Nora Lee, Sales Manager of MVP (H.K.) Industries Ltd.</u>, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.

        ☐    These responses were assembled by our counsel of record and I am informed and believe that the responses are true and complete.

        ☒    I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

        ☐    The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐    I am one of the attorneys for _____, a party to this action. Such party is absent from the county where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

        Executed on April 22, 2014, at <u>Kowloon, Hong Kong</u>.

        I declare under penalty of perjury under the laws of the State of Connecticut that the foregoing is true and correct.

Lee Suk Yin, Nora

_____        _____
Print Name of Signatory                    Signature

                           Before me,

                           LI SIU FUNG
                           NOTARY PUBLIC
                           HONG KONG SAR
                           Unit 1303, 13/F.,
                           Tower 1, Admiralty Centre,
                           18 Harcourt Road,
                           HONG KONG.

                           My commission expires at death

MVP (H.K.) INDUSTRIES LTD'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS