# EXHIBIT I

# MORRISON MAHONEY LLP

### COUNSELLORS AT LAW

ONE CONSTITUTION PLAZA, 10th FLOOR
HARTFORD, CONNECTICUT 06103-1810
860-616-4441
FACSIMILE: 860-244-3800

Thomas O. Anderson
Direct Dial: 860-616-
tanderson@morrisonmahoney.com

Michael R. Keller
Direct Dial: 860-616-7643
mkeller@morrisonmahoney.com

| | |
|---|---|
| MASSACHUSETTS | NEW HAMPSHIRE |
| BOSTON | MANCHESTER |
| FALL RIVER | |
| SPRINGFIELD | NEW JERSEY |
| WORCESTER | PARSIPPANY |
| CONNECTICUT | NEW YORK |
| HARTFORD | NEW YORK |
| ENGLAND | RHODE ISLAND |
| LONDON | PROVIDENCE |

May 23, 2014

David J. Elliott
Kaitlin A. Canty
DAY PITNEY LLP
242 Trumbull Street
Hartford, Connecticut 06103-1212

Re:   **Klorczyk, et al. vs. Sears, Roebuck & Co., et al.**
    Our Matter No.: 10053185

Dear Attorney Canty:

We are writing in response to your correspondence of April 9, 2014 and our previous discussions regarding our client's discovery responses. Enclosed are Sears, Roebuck & Co.'s ("Sears") Supplemental Discovery Responses dated May 23, 2014.

In response to the specific issues raised in your prior correspondence, I believe that you have now received an additional copy of the verification page, as well as an index of all documents produced to date by Sears. If any issues with these two items remain outstanding, please let us know. As indicated in your letter of April 9, 2014, should there be any further documents produced by Sears going forward, this letter will confirm that we have agreed to provide a supplemental index as necessary.

The next item in your correspondence requested that the objections set forth in responses to Requests for Production Nos. 10, 20, and 36 be reconsidered and withdrawn. We have revised our supplemental responses to Requests for Production Nos. 10 and 20 to indicate that Sears has no documents responsive to those requests with respect to jack stand model number 50163. The previously asserted objections remain and our supplemental response is made without waiving and subject to those objections. The definition of "Jack Stand," as set forth in your discovery requests, is overly broad in that it requires Sears to conduct a search that is not calculated to lead to the discovery of admissible evidence in this case and is overly burdensome in that it is not properly limited in time, scope, manufacturer or relevant model number. You will note that the

1193561v1

**MORRISON MAHONEY LLP**

Kaitlin A. Canty, Esq.
May 23, 2014
Page 2

objection to Request for Production Number 36 has been withdrawn and a response provided thereto.

You further requested that we reconsider our responses to Requests for Production Numbers 18, 27, 28, 29, 30, 32, 33 and 34, and in subsequent correspondence Number 19, which direct you to the manufacturer for relevant records. The responses to these requests have been supplemented as requested.

Finally, you further requested clarification as to whether any limitations as to time or scope were imposed on our responses to Interrogatory Numbers 2 and 3. In your email of January 31, 2014, you requested confirmation that our response to Interrogatory No. 2 was not limited to the subject 4-ton jack stand. As discussed, and indicated by the response to Interrogatory Number 2 itself, we did not impose any such limitation. Our responses are limited, however, to the same manufacturer(s) and seller(s) of the subject jack stand, i.e, the parties to this litigation.

The above and enclosed should resolve the issues previously raised in your prior correspondence and during our telephone conferences. Should you disagree, we are of course willing to discuss any continuing concerns you may have. In the interim, thank you for your attention to the matters herein.

Very truly yours,

*Michael R. Keller*

Thomas O. Anderson
Michael R. Keller

MRK/mrk
Enclosure

cc:    *All Counsel of Record*

1193561v1

## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

```
------------------------------------------------
```

FREDERICK KLORCZYK, JR., as )  CIVIL ACTION NO.:
co-administrator of the Estate of Christian R )  3:13-CV-00257-RNC
Klorczyk, FREDERICK KLORCZYK, JR., )
individually, LYNNE KLORCZYK, as )
co-administrator of the Estate of Christian )
R. Klorczyk and LYNNE KLORCZYK, )
Individually, )
                    Plaintiffs, )
                             )
        v. )
                             )
SEARS, ROEBUCK & CO., SHINN FU )
CORPORATION, SHINN FU )
COMPANY OF AMERICA, INC. and )
MVP (HK) INDUSTRIES, LTD., )
                             )
        Defendants. )        MAY 23 2014

```
-----------------------------------------------------------------------------------------
```

## DEFENDANT, SEARS, ROEBUCK and CO.'S, SUPPLEMENTAL RESPONSES AND TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT SEARS ROEBUCK and CO.

Pursuant to Fed. R. Civ. P. 26(b), 29 and 33, the Defendant, Sears, Roebuck and Co., by its

attorneys, Morrison Mahoney LLP, hereby supplements it responses to Plaintiffs' First Set of

Interrogatories as follows:

### RESPONSES AND OBJECTIONS TO INTERROGATORIES

1.     Identify each person involved in answering these Interrogatories, including every

person who will be consulted or contacted regarding answering these Interrogatories.

**ANSWER:**   **The Responding Party is Sears, Roebuck and Co., 3333 Beverly Road, Hoffman Estates, IL 60179, by and through Frank Calabrese, Assistant Corporate Secretary, with the advice and assistance of counsel.**

2.　　　Identify each incident involving a Jack Stand known to Sears, including the date and location of the event, the specific type, capacity and model Jack Stand involved, the nature of the incident, the results of any incident investigation by or on behalf of Sears, in which one or more of the following occurred, or was alleged to have occurred:

(a) The Jack Stand was alleged to be defective or unsafe;

(b) The Jack Stand was alleged to have malfunctioned;

(c) The Jack Stand was alleged to have failed to hold up a vehicle;

(d) There was an alleged spontaneous collapse or descent of the raised ratchet bar of the Jack Stand;

(e) The Jack Stand was allegedly manufactured with inferior materials or had poor workmanship in its assembly or fabrication;

(f) The incident allegedly involved the use of only one Jack Stand.

**OBJECTION: Responding Party Sears Roebuck and Co. objects to this interrogatory on the grounds that it is overly broad, and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Further, it is not properly limited in time or scope.**

**SUPPLEMENTAL ANSWER:**

**Without waiving and subject to said objection, the Responding Party Sears Roebuck and Co. responds as follows:**

1.　　**Date:**　　　　　　　　　　**April 14, 2004**

**Location:**　　　　　　　　**Glenwood, Iowa**

**Model:**　　　　　　　　　**Craftsman 3.5 Ton Capacity Jack Stand, Model 950157**

**Nature of Incident:**　**Claimant alleged jack stand fell without warning allegedly causing car to fall on the claimant.**

2

3.    For those incidents identified in response to Interrogatory 2 which resulted in a claim or lawsuit against Sears, MVP, Shinn Fu, SFA and/or Wei Fu, or against any other person to whom Sears provided a defense, indemnification or insurance coverage (under Sear's policy), please state in full the caption of each case, docket number, location of the Court, attorney(s) name(s) and address(es) for plaintiff(s), present status of case and/or ultimate disposition for each claim or lawsuit.

**OBJECTION: Responding Party Sears Roebuck and Co. objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Further, it is not properly limited in time or scope.**

**SUPPLEMENTAL ANSWER:**

**Without waiving and subject to said objection, the Responding Party Sears, Roebuck and Co. further responds as follows:**

1.    <u>Jennifer Raymond, et al. v. Sears Roebuck & Co., et al.</u>; **Docket 04871 LACV091946; Originating County: Pottawattamie County, Iowa; case settled.**

4.    With respect to the Jack Stands sold by Sears, identify the person(s) who:

(a) Designed them;

(b) Manufactured them, including listing the name and address of the plant(s) or factory(ies) and the identity of the owner(s) of said plant(s) or factory(ies);

(c) Tested them;

(d) Distributed them;

(e) Imported them into the United States;

3

1194526v1

(f) Sold them to Sears.

OBJECTION: Responding Party Sears Roebuck and Co. objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Further, it is not properly limited in time or scope.

Without waiving said objection, the Responding Party Sears Roebuck and Co. responds as follows: Inasmuch as Responding Party Sears, Roebuck and Co. did not design, manufacture or assemble the subject product, information of the type requested is more appropriately obtained from the manufacturer.

(f) MVP (HK) Industries, Ltd.

SUPPLEMENTAL ANSWER:

Without waiving and subject to said objection, the Responding Party Sears Roebuck and Co. responds as follows regarding jack stands sold up to the date of the incident:

(a)     Unknown

(b)     Wei Fu Machinery & Electric Co. LTD (Taishan); 1:328 Qiao Hu Road, Taishan City, Guangdong Province, China

(c)     From 2006 until the time of the alleged incident, the manufacturer was responsible for the testing of the subject jack stands sold to Sears Roebuck and Co. Pursuant to Federal Rule of Civil Procedure 33(d), further reference is made to Responding Party Sears Roebuck and Co.'s document production.

(d)     Pursuant to Federal Rule of Civil Procedure 33(d), reference is made to Responding Party Sears Roebuck and Co.'s document production.

(e)     The vendor is responsible to deliver the product from their factory to the port in China and clear China customs.  Responding Party Sears, Roebuck and Co. then picks up the product from the port and ships to the United States.  Pursuant to Federal Rule

4

of Civil Procedure 33(d), reference is made to Responding Party Sears Roebuck and Co.'s document production.

(f)     MVP (HK) Industries, Ltd.

5.     Identify, by model number and load capacity or other identifying characteristics, each model or type Jack Stand which MVP, Shinn Fu, SFA or Wei Fu manufactured, distributed or sold to Sears and for each said Jack Stand type/model provide the following:

(a) Year(s) in which the Jack Stand was (were) purchased by Sears;

(b) Number of units purchased each year by Sears;

(c) Unit price paid by Sears.

OBJECTION: Responding Party Sears, Roebuck and Co. objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Further, it is not properly limited in time or scope.

Without waiving said objection, the Responding Party Sears, Roebuck and Co. responds as follows:

Craftsman Professional, Heavy Duty Jack Stands Model [9]50163

6.     Identify the engineer(s) or other person(s) responsible for designing, developing, manufacturing, assembling and/or inspecting the Jack Stands and/or overseeing the design, development, manufacture, assembly and inspection of the Jack Stands purchased by Sears. If the Jack Stands evolved from any predecessor or carryover design, identify the responsible design engineer(s) and person(s) responsible or accountable for the initial design and the carryover design.

OBJECTION: Responding Party Sears, Roebuck and Co. objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Further, it is not properly limited in time or scope.

Without waiving said objection, the Responding Party Sears, Roebuck and Co. responds as follows:

Unknown. Inasmuch as Responding Party Sears, Roebuck and Co. did not design, manufacture or assemble the subject product, information of the type requested is more appropriately obtained from the manufacturer.

SUPPLEMENTAL ANSWER:

Without waiving and subject to said objection, the Responding Party Sears, Roebuck and Co. further responds as follows:

The subject jack stands were subject to a vendor's agreement that Sears, Roebuck and Co. had with MVP (HK) Industries, LTD. Under said agreement, the design, manufacture, production and/or packaging of said jack stands was in the control of MVP (HK) Industries, LTD (paragraph 3.1 vendors agreement). Furthermore, any warranty forms, owner manuals, technical or service bulletins, service manuals and/or instructions were developed by MVP (HK) Industries, LTD. (paragraph 7.2 of the vendors agreement). MVP (HK) Industries has further warranted said jack stands to be free from defects in design, material and workmanship (paragraph 8.1 of the vendor's agreement). From 2006 until the time of the alleged incident, the manufacturer was responsible for the testing of the subject jack stands sold to Sears Roebuck and Co. Pursuant to Federal Rule of Civil Procedure 33(d), further reference is made to Responding Party Sears Roebuck and Co.'s document production.

6

7.    Identify the engineer(s) or other person(s) responsible for testing the Jack Stands purchased by Sears.

OBJECTION: Responding Party Sears, Roebuck and Co. objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Further, it is not properly limited in time or scope.

Without waiving said objection, inasmuch as Responding Party Sears, Roebuck and Co. did not design, manufacture or assemble the subject product, information of the type requested is more appropriately obtained from the manufacturer.  Responding Party Sears, Roebuck and Co. relies on the manufacturer to test the product and meet applicable safety standards.

SUPPLEMENTAL ANSWER:

Without waiving and subject to said objection, the Responding Party Sears, Roebuck and Co. further responds as follows:

From 2006 until the time of the alleged incident, the manufacturer was responsible for the testing of the subject jack stands sold to Sears Roebuck and Co.

As noted above, the subject jack stands were subject to a vendor's agreement that Sears, Roebuck and Co. had with MVP (HK) Industries, LTD. Under said agreement, the design, manufacture, production and/or packaging of said jack stands was in the control of MVP (HK) Industries, LTD (paragraph 3.1 vendors agreement). Furthermore, any warranty forms, owner manuals, technical or service bulletins, service manuals and/or instructions were developed by MVP (HK) Industries, LTD. (paragraph 7.2 of the vendors agreement). MVP (HK) Industries has further warranted said jack stands to be free from defects in design, material and workmanship (paragraph 8.1 of the vendor's agreement).  Pursuant to Federal

7

Rule of Civil Procedure 33(d), further reference is made to Responding Party Sears Roebuck and Co.'s document production.

8.      Identify the engineer(s) or other person(s) responsible for developing, revising, updating and/or implementing Sears' internal standards, procedures, protocols, for Jack Stand (a) testing, (b) performance, (c) design, and (d) manufacture.

OBJECTION: Responding Party Sears, Roebuck and Co. objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Further, it is not properly limited in time or scope. Without waiving said objection, the defendant responds as follows:

Inasmuch as Responding Party Sears, Roebuck and Co. did not design, manufacture or assemble the subject product, information of the type requested is more appropriately obtained from the manufacturer.  Moreover, the content within any owner's manual or other related paperwork is the sole responsibility of the manufacturer and Sears' relies upon the manufacturer to meet all applicable safety standards.

SUPPLEMENTAL ANSWER:

Without waiving said objection, the Responding Party Sears, Roebuck and Co. further responds as follows:

Christopher Tam, Technical Director, was involved in the revision of test protocol for jack stands generally, in conjunction with Intertek Testing Lab.  From 2006 until the time of the alleged incident, the manufacturer was responsible for testing of Jack Stands purchased by Sears, Roebuck and Co.

8

As noted above, the subject jack stands were subject to a vendor's agreement that Sears, Roebuck and Co. had with MVP (HK) Industries, LTD. Under said agreement, the design, manufacture, production and/or packaging of said jack stands was in the control of MVP (HK) Industries, LTD (paragraph 3.1 vendors agreement). Furthermore, any warranty forms, owner manuals, technical or service bulletins, service manuals and/or instructions were developed by MVP (HK) Industries, LTD. (paragraph 7.2 of the vendors agreement). MVP (HK) Industries has further warranted said jack stands to be free from defects in design, material and workmanship (paragraph 8.1 of the vendor's agreement).

9.    Identify the engineer(s) or other person(s) responsible for developing, revising, updating and/or implementing Sears' internal safety standards and guidelines for Jack Stands.

OBJECTION: Responding Party Sears, Roebuck and Co. objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Further, it is not properly limited in time or scope.

Without waiving said objection, Responding Party Sears, Roebuck and Co. responds as follows:

Inasmuch as Responding Party Sears, Roebuck and Co. did not design, manufacture or assemble the subject product, information of the type requested is more appropriately obtained from the manufacturer. Responding Party Sears, Roebuck and Co. relies on the manufacturer to test the product and meet applicable safety standards. Moreover, the content within any owner's manual or other related paperwork is the sole responsibility of the manufacturer and Sears' relies upon the manufacturer to meet all applicable safety standards.

**SUPPLEMENTAL ANSWER:**

Without waiving and subject to said objection, the Responding Party Sears, Roebuck and Co. further responds as follows:

See response to Interrogatory No. 8.


10.     Identify by test protocol, test report, test result and type/model of Jack Stand, all tests conducted by or on behalf of Sears whose goal or purpose was, in whole or in part:

(a) To certify compliance with ISO, ASME, ANSI, or PALD standards or guidelines;

(b) To certify compliance with Sears', MVP's, Shinn Fu's, SFA's, and/or Wei Fu's internal testing, safety or performance standards;

(c) Load testing and/or performance testing including tests using various weight loads, and/or heights of the ratchet bar and testing involving motor vehicles;

(d) Testing of Jack Stand safety features, performance and/or failure modes.

**OBJECTION:** Responding Party Sears, Roebuck and Co. objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Further, it is not properly limited in time or scope. Without waiving said objection, the Responding Party Sears, Roebuck & Co. responds as follows:

Inasmuch as Responding Party Sears, Roebuck and Co. did not design, manufacture or assemble the subject product, information of the type requested is more appropriately obtained from the manufacturer.  Responding Party Sears, Roebuck and Co. relies on the manufacturer to test the product and meet applicable safety standards.

10

Moreover, the content within any owner's manual or other related paperwork is the sole responsibility of the manufacturer and Sears' relies upon the manufacturer to meet all applicable safety standards.

SUPPLEMENTAL ANSWER:

Without waiving and subject to said objection, the Responding Party Sears, Roebuck and Co. further responds as follows:

From 2006 until the time of the alleged incident, the manufacturer was responsible for testing of Jack Stands purchased by Sears. Pursuant to Federal Rule of Civil Procedure Rule 33(d), reference is made to Responding Party Sears, Roebuck and Co.'s document production.


11.     Identify the engineer(s), executive(s), manager(s) or other person(s) responsible for Jack Stand testing conducted by or on behalf of Sears at Sears' laboratories or testing facilities or at any other laboratory or test facility.

OBJECTION: Responding Party Sears, Roebuck and Co. objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Further, it is not properly limited in time or scope.

Without waiving said objection, the Responding Party Sears, Roebuck and Co. responds as follows: Inasmuch as Responding Party Sears, Roebuck and Co. did not design, manufacture or assemble the subject product, information of the type requested is more appropriately obtained from the manufacturer. Responding Party Sears, Roebuck and Co. relies on the manufacturer to test the product and meet applicable safety standards.

Moreover, the content within any owner's manual or other related paperwork is the sole responsibility of the manufacturer and Sears' relies upon the manufacturer to meet all applicable safety standards.

11

**SUPPLEMENTAL ANSWER:**

Without waiving and subject to said objection, the Responding Party Sears, Roebuck and Co. further responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), reference is made to Responding Party Sears Roebuck and Co.'s document production.   From 2006 until the time of the alleged incident, the manufacturer was responsible for testing of Jack Stands purchased by Sears.

12.    Identify the engineer(s), manager(s), executive(s) or other person(s) at Sears responsible for determining or deciding whether MVP, Shinn Fu, SFA and/or Wei Fu complied with Sears' standards, guidelines, procedures and/or protocols concerning Jack Stand design, manufacture, assembly, quality control, inspection, testing, warnings and performance.

**OBJECTION: Responding Party Sears, Roebuck and Co. objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Further, it is not properly limited in time or scope.**

Without waiving said objection, Responding Party Sears, Roebuck and Co. responds as follows:

Inasmuch as Responding Party Sears, Roebuck and Co. did not design, manufacture or assemble the subject product, information of the type requested is more appropriately obtained from the manufacturer.  Responding Party Sears, Roebuck and Co. relies on the manufacturer to test the product and meet applicable safety standards.  Moreover, the content within any owner's manual or other related paperwork is the sole responsibility of the manufacturer and Sears' relies upon the manufacturer to meet all applicable safety standards.

**SUPPLEMENTAL ANSWER:**

Without waiving and subject to said objection, the Responding Party Sears, Roebuck and Co. further responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), reference is made to Responding Party Sears Roebuck and Co.'s document production.   The subject jack stands were subject to a vendor's agreement that Sears, Roebuck and Co. had with MVP (HK) Industries, LTD. Under said agreement, the design, manufacture, production and/or packaging of said jack stands was in the control of MVP (HK) Industries, LTD (paragraph 3.1 vendors agreement). Furthermore, any warranty forms, owner manuals, technical or service bulletins, service manuals and/or instructions were developed by MVP (HK) Industries, LTD. (paragraph 7.2 of the vendors agreement). MVP (HK) Industries has further warranted said jack stands to be free from defects in design, material and workmanship (paragraph 8.1 of the vendor's agreement).

13.    Identify the engineer(s), manager(s), executive(s) or other person(s) at Sears responsible for determining or deciding whether MVP, Shinn Fu, SFA and/or Wei Fu complied with ISO, ANSI and/or ASME standards concerning Jack Stand design, manufacture, assembly, quality control, inspection, testing, warnings and performance.

OBJECTION: Responding Party Sears, Roebuck and Co. objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.   Further, it is not properly limited in time or scope. Without waiving said objection, Responding Party Sears, Roebuck and Co. responds as follows:

Inasmuch as Responding Party Sears, Roebuck and Co. did not design, manufacture or assemble the subject product, information of the type requested is more appropriately

13

obtained from the manufacturer. Moreover, the content within any owner's manual or other related paperwork is the sole responsibility of the manufacturer and Sears' relies upon the manufacturer to meet all applicable safety standards.

SUPPLEMENTAL ANSWER:

Without waiving and subject to said objection, the Responding Party Sears, Roebuck and Co. further responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), reference is made to Responding Party Sears Roebuck and Co.'s document production. From 2006 until the time of the alleged incident, the manufacturer was responsible for testing of Jack Stands purchased by Sears, Roebuck and Co. Responding Party Sears, Roebuck and Co. relies on the manufacturer to test the product and meet applicable safety standards.

Further, the subject jack stands were subject to a vendor's agreement that Sears, Roebuck and Co. had with MVP (HK) Industries, LTD. Under said agreement, the design, manufacture, production and/or packaging of said jack stands was in the control of MVP (HK) Industries, LTD (paragraph 3.1 vendors agreement). Furthermore, any warranty forms, owner manuals, technical or service bulletins, service manuals and/or instructions were developed by MVP (HK) Industries, LTD. (paragraph 7.2 of the vendors agreement). MVP (HK) Industries has further warranted said jack stands to be free from defects in design, material and workmanship (paragraph 8.1 of the vendor's agreement).

14.    Identify the location of the plant(s) and/or factory(ies) where the Jack Stands sold to Sears were manufactured and inspected.

14

OBJECTION: Responding Party Sears, Roebuck and Co. objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Further, it is not properly limited in time or scope.

Without waiving said objection, Responding Party Sears, Roebuck and Co. responds as follows:

Unknown.

SUPPLEMENTAL ANSWER:

Without waiving and subject to said objection, the Responding Party Sears, Roebuck and Co. further responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), reference is made to Sears, Roebuck and Co.'s document production.

15.    Identify the engineer(s) or other person(s) responsible for the quality control and quality assurance procedures and systems at each said plant/factory and/or the engineer(s) or other person(s) responsible for overseeing the quality control and quality assurance procedures in existence at each such plant/factory.

OBJECTION: Responding Party Sears, Roebuck and Co. objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Further, it is not properly limited in time or scope.

Without waiving said objection, Responding Party Sears, Roebuck and Co. responds as follows:

Unknown.

SUPPLEMENTAL ANSWER:

Without waiving and subject to said objection, Responding Party Sears, Roebuck and Co. responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), reference is made to Responding Party Sears Roebuck and Co.'s document production.

16.   Identify any engineer(s) or other person(s) involved with or responsible for evaluating or analyzing the design, performance, cost and/or safety features of Jack Stands and/or comparing each said manufacturer's Jack Stand's design, performance, cost or safety features.

OBJECTION: Responding Party Sears, Roebuck and Co. objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Further, it is not properly limited in time or scope.

Without waiving said objection, Responding Party Sears, Roebuck and Co. responds as follows:

Inasmuch as Responding Party Sears, Roebuck and Co. did not design, manufacture or assemble the subject product, information of the type requested is more appropriately obtained from the manufacturer.  Responding Party Sears, Roebuck and Co. relies on the manufacturer to test the product and meet applicable safety standards.

SUPPLEMENTAL ANSWER:

Without waiving and subject to said objection, the Responding Party Sears, Roebuck and Co. further responds as follows:

The buyer is responsible for determining what products are in the current product line with regard to consideration of price and cost.  The current buyer is Craig Kosik, who has held this position since, approximately, April of 2014.

16

From 2006 until the time of the alleged incident, the manufacturer was responsible for testing of Jack Stands purchased by Sears, Roebuck and Co.   Responding Party Sears, Roebuck and Co. relies on the manufacturer to test the product and meet applicable safety standards.

Further, the subject jack stands were subject to a vendor's agreement that Sears, Roebuck and Co. had with MVP (HK) Industries, LTD. Under said agreement, the design, manufacture, production and/or packaging of said jack stands was in the control of MVP (HK) Industries, LTD (paragraph 3.1 vendors agreement). Furthermore, any warranty forms, owner manuals, technical or service bulletins, service manuals and/or instructions were developed by MVP (HK) Industries, LTD. (paragraph 7.2 of the vendors agreement). MVP (HK) Industries has further warranted said jack stands to be free from defects in design, material and workmanship (paragraph 8.1 of the vendor's agreement).


17.    Identify the engineer(s) or other person(s) responsible for considering any Jack Stand design or safety improvements, modifications or changes.

OBJECTION: Responding Party Sears, Roebuck and Co. objects to this interrogatory on the grounds that it is overly broad and unduly burdensome.  Further, it is not properly limited in time or scope.

Without waiving said objection, Responding Party Sears, Roebuck and Co. responds as follows:

Inasmuch as Responding Party Sears, Roebuck and Co. did not design, manufacture or assemble the subject product, information of the type requested is more appropriately obtained from the manufacturer.  Responding Party Sears, Roebuck and Co. relies on the manufacturer to test the product and meet applicable safety standards.  Moreover, the content

17

within any owner's manual or other related paperwork is the sole responsibility of the manufacturer and Sears' relies upon the manufacturer to meet all applicable safety standards.

**SUPPLEMENTAL ANSWER:**

Without waiving and subject to said objection, the Responding Party Sears, Roebuck and Co. further responds as follows:

From 2006 until the time of the alleged incident, the manufacturer was responsible for testing of Jack Stands purchased by Sears, Roebuck and Co.. Responding Party Sears, Roebuck and Co. relies on the manufacturer to test the product and meet applicable safety standards.

Further, the subject jack stands were subject to a vendor's agreement that Sears, Roebuck and Co. had with MVP (HK) Industries, LTD. Under said agreement, the design, manufacture, production and/or packaging of said jack stands was in the control of MVP (HK) Industries, LTD (paragraph 3.1 vendors agreement). Furthermore, any warranty forms, owner manuals, technical or service bulletins, service manuals and/or instructions were developed by MVP (HK) Industries, LTD. (paragraph 7.2 of the vendors agreement). MVP (HK) Industries has further warranted said jack stands to be free from defects in design, material and workmanship (paragraph 8.1 of the vendor's agreement).

18.     Identify the engineer(s) or other person(s) responsible for (a) writing, issuing or approving warnings on or accompanying the sale of the Jack Stand; (b) writing, issuing or approving the content of any owner's manual or manual or brochure on Jack Stand use; (c) writing, issuing or approving instructions for Jack Stand use; (d) the contents of any labels affixed to or placed on the Jack Stands; and (e) developing, revising, updating and/or implementing Sears' internal standards for warnings and/or instructions for use with respect to Jack Stands.

18

OBJECTION: Responding Party Sears, Roebuck and Co. objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Further, it is not properly limited in time or scope.

Without waiving said objection, Responding Party Sears, Roebuck and Co. responds as follows:

Inasmuch as Responding Party Sears, Roebuck and Co. did not design, manufacture or assemble the subject product, information of the type requested is more appropriately obtained from the manufacturer. Responding Party Sears, Roebuck and Co. relies on the manufacturer to test the product and meet applicable safety standards. Moreover, the content within any owner's manual, written warnings or other related paperwork is the sole responsibility of the manufacturer and Sears' relies upon the manufacturer to meet all applicable safety standards.

SUPPLEMENTAL ANSWER:

Without waiving and subject to said objection, the Responding Party Sears, Roebuck and Co. further responds as follows:

Christopher Tam, Technical Director, was involved in the revision of test protocol for jack stands generally, in conjunction with Intertek Testing Lab.

The subject jack stands were subject to a vendor's agreement that Sears, Roebuck and Co. had with MVP (HK) Industries, LTD. Under said agreement, the design, manufacture, production and/or packaging of said jack stands was in the control of MVP (HK) Industries, LTD (paragraph 3.1 vendors agreement). Furthermore, any warranty forms, owner manuals, technical or service bulletins, service manuals and/or instructions were developed by MVP (HK) Industries, LTD. (paragraph 7.2 of the vendors agreement). MVP (HK) Industries has

19

further warranted said jack stands to be free from defects in design, material and workmanship (paragraph 8.1 of the vendor's agreement).

19.     Identify the engineer(s) or other person(s) who represented Sears (a) on any ASME and/or ANSI committees concerning Jack Stands; (b) in writing or commenting on any ASME, ANSI, PALD, ISO or other industry standards or guidelines concerning Jack Stands or in revising or updating any such standards or guidelines.

**OBJECTION: Responding Party Sears, Roebuck and Co. objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Further, it is not properly limited in time or scope.**

**Without waiving and subject to said objection, Dan Swanson and Kathy Guerra have served on the ASME PALD committee.**

20.     Identify the engineer(s) or other person(s) responsible for studying, analyzing or evaluating Jack Stand failure rates, failure modes, or conducting any cost/benefit analysis or any other analysis of any Jack Stand feature, component or proposed design change.

**OBJECTION: Responding Party Sears, Roebuck and Co. objects to this interrogatory on the grounds that it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Further, it is not properly limited in time or scope.**

**Without waiving said objection, the Responding Party Sears, Roebuck and Co. responds as follows: Inasmuch as Responding Party Sears, Roebuck and Co. did not design, manufacture or assemble the subject product, information of the type requested is more appropriately obtained from the manufacturer. Responding Party Sears, Roebuck and Co. relies on the manufacturer to test the product and meet applicable safety standards.**

1194526v1

**SUPPLEMENTAL ANSWER:**

Without waiving and subject to said objection, the Responding Party Sears, Roebuck and Co. further responds as follows:

From 2006 until the time of the alleged incident, the manufacturer was responsible for testing of Jack Stands purchased by Sears, Roebuck and Co.. Responding Party Sears, Roebuck and Co. relies on the manufacturer to test the product and meet applicable safety standards.

Further, the subject jack stands were subject to a vendor's agreement that Sears, Roebuck and Co. had with MVP (HK) Industries, LTD. Under said agreement, the design, manufacture, production and/or packaging of said jack stands was in the control of MVP (HK) Industries, LTD (paragraph 3.1 vendors agreement). Furthermore, any warranty forms, owner manuals, technical or service bulletins, service manuals and/or instructions were developed by MVP (HK) Industries, LTD. (paragraph 7.2 of the vendors agreement). MVP (HK) Industries has further warranted said jack stands to be free from defects in design, material and workmanship (paragraph 8.1 of the vendor's agreement).


21.   Identify the executive(s) or other person(s) at Sears who were responsible for communicating with MVP, Shinn Fu, SFA and/or Wei Fu on all issues concerning Jack Stands, including design, performance, compliance with standards, safety, legal and non-legal complaints, incidents, incident reporting and investigation, certification or other testing, warranty claims, governmental inquiries, contract compliance, pricing, advertising and marketing.

**OBJECTION:** Responding Party Sears, Roebuck and Co. objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Further, it is not properly limited in time or scope.

21

1194526v1

22.     State whether there was any licensing agreement, royalty payment agreement, professional services agreement, consulting agreement, sales agreement or other agreement(s) between Sears and MVP, Shinn Fu, SFA and/or Wei Fu concerning the design, manufacture, assembly, distribution and/or sale of Jack Stands and, if so, identify each said agreement.

**OBJECTION: Responding Party Sears, Roebuck and Co. objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Further, it is not properly limited in time or scope.**

**Without waiving said objection, Responding Party Sears, Roebuck and Co. responds as follows:**

**There is a vendor agreement between Sears and MVP dated May 4, 2007, a copy of which is attached to Sears' responses to the plaintiffs' Request for Production of Documents.**

**THE DEFENDANT,**
**SEARS ROEBUCK AND CO.**

BY   /s/ Michael R. Keller (CT29284)
    Attorney Thomas Anderson
    Fed. Bar. No. CT03451
    Attorney Michael Keller
    Fed. Bar No. CT29284
    Morrison Mahoney LLP
    One Constitution Plaza, 10th Floor
    Hartford, CT 06103
    Telephone: (860) 616-4441
    Fax: (860) 244-3800
    Email:  tanderson@morrisonmahoney.com
    Email:  mkeller@morrisonmahoney.com

1194526v1

## **CERTIFICATION**

I HEREBY CERTIFY that on this 27th day of May, 2014, a copy of the foregoing was sent

via first class mail, postage prepaid, to the following counsel of record:

Erica W. Todd
Trotta, Trotta & Trotta LLC
900 Chapel Street, 12th Floor
P.O. Box 802
New Haven, CT 06503

David J. Elliott (ct04301)
Bryan J. Orticelli (ct28643)
Kaitlin A. Canty (ct29074)
DAY PITNEY LLP
242 Trumbull Street
Hartford, Connecticut 06103-1212
djelliott@daypitney.com
borticelli@daypitney.com
kcanty@daypitney.com

Howard S. Edinburgh
Howard L. Wexler
Joseph E. Donat
Michael Gallub
Herzfeld & Rubin, P.C.
125 Broad Street
New York, NY 10004
hedinburgh@herzfeld-rubin.com
hwexler@herzfeld-rubin.com
jdonat@herzfeld-rubin.com
mgallub@herzfeld-rubin.com

Christopher M. Vossler
Philip T. Newbury, Jr.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114-1121
cvossler@hl-law.com
pnewbury@hl-law.com

Sean P. Flynn
Foley & Mansfield, PLLP
300 S. Grand Avenue
Suite 2800
Los Angeles, CA 90071
sflynn@foleymansfield.com

Matthew Jason Zamaloff
Cetrulo LLP
Exchange Place
Two Seaport Lane, 10th Floor
Boston, MA 02210
mzamaloff@cetllp.com

   /s/  Michael R. Keller
Michael R. Keller

23

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

---------------------------------------------

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as ) <br> co-administrator of the Estate of Christian R ) <br> Klorczyk, FREDERICK KLORCZYK, JR., ) <br> individually, LYNNE KLORCZYK, as ) <br> co-administrator of the Estate of Christian ) <br> R. Klorczyk and LYNNE KLORCZYK, ) <br> Individually, ) <br>                       Plaintiffs, ) <br>       ) <br>       ) <br>     v.      ) <br>       ) <br> SEARS, ROEBUCK & CO., SHINN FU ) <br> CORPORATION, SHINN FU ) <br> COMPANY OF AMERICA, INC. and ) <br> MVP (HK) INDUSTRIES, LTD., ) <br>       ) <br>             Defendants.    ) | CIVIL ACTION NO.: <br> 3:13-CV-00257-RNC <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> MAY 23, 2014 |

-------------------------------------------------------------------------------------------------

## DEFENDANT SEARS, ROEBUCK and CO.'S SUPPLEMENTAL RESPONSES PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Fed. R. Civ. P. 26(b), 29 and 34, the Defendant, Sears, Roebuck and Co., by its

attorneys, Morrison Mahoney LLP, hereby provides supplemental responses to Plaintiffs' First Set

of Requests for Production as follows:

## SUPPLEMENTAL RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

1.      From the time when Sears first began selling the Jack Stands to the present, all

Documents concerning the development and design of the Jack Stands.

**OBJECTION: Responding Party Sears, Roebuck and Co. objects to this request on the**

**grounds that it seeks information which is privileged and/or constitutes work product**

**prepared in anticipation of litigation or the mental impressions of its attorneys. Further, it is**

overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is not properly limited in time or scope.

Without waiving said objection, inasmuch as Responding Party Sears, Roebuck and Co. did not design, manufacture or assemble the subject product, information of the type requested is more appropriately obtained from the manufacturer.

SUPPLEMENTAL RESPONSE:

Without waiving and subject to said objection, Responding Party Sears, Roebuck and Co. further responds as follows:

Regarding the time period up to the date of the alleged incident, Responding Party Sears, Roebuck and Co. has previously produced a Uniform Terms and Condition Agreement dated May 4, 2007 between MVP (HK) Industries, Ltd. and Sears, Roebuck and Co. Also, see attached Sears Holding Global Sourcing, Test Protocol for Vehicle Support Stands.

2.     From the time when Sears first began selling the Jack Stands to the present, all Documents concerning the fabrication, manufacture, production, assembly and distribution of the Jack Stands.

OBJECTION: Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys. Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is not properly limited in time or scope.

Without waiving said objection, inasmuch as Responding Party Sears, Roebuck and Co. did not design, manufacture or assemble the subject product, information of the type

requested is more appropriately obtained from the manufacturer. Subject to and notwithstanding the objections, Sears began selling the subject model Jack Stand in 2006.

**SUPPLEMENTAL RESPONSE:**

Without waiving and subject to said objection, responding Party Sears, Roebuck and Co. further responds as follows:

See Response to Request No. 1. Further, see attached Purchase Orders from March 2008 through September 2010.

3.      All Documents concerning the inspection, quality control, and/or quality assurance of the Jack Stands.

**OBJECTION:** The Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys. Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is not properly limited in time or scope.

Without waiving said objection, inasmuch as Responding Party Sears, Roebuck and Co. did not design, manufacture or assemble the subject product, information of the type requested is more appropriately obtained from the manufacturer. Responding Party Sears, Roebuck and Co. relies on the manufacturer to test the product and meet applicable safety standards.

**SUPPLEMENTAL RESPONSE:**

Without waiving and subject to said objection, responding Party Sears, Roebuck and Co. further responds as follows:

3

See Response to Request No. 1.   Further, see attached correspondence and Vendor/Factory Accreditation Report.

4.      All Documents concerning the testing of the Jack Stands.

**OBJECTION: The Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys. Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is not properly limited in time or scope.**

**Without waiving said objection, inasmuch as Responding Party Sears, Roebuck and Co. did not design, manufacture or assemble the subject product, information of the type requested is more appropriately obtained from the manufacturer.   Responding Party Sears, Roebuck and Co. relies on the manufacturer to test the product and meet applicable safety standards.   Subject to and notwithstanding the objections, Responding Party Sears, Roebuck and Co. has no documents responsive to this request.**

**SUPPLEMENTAL RESPONSE:**

**Without waiving and subject to said objection, responding Party Sears, Roebuck and Co. further responds as follows:**

**See Responses to Request Nos. 1 and 3.**

5.      All Documents concerning Sears' business relationship with MVP, Shinn Fu, SFA and/or Wei Fu's, including, but not limited to, all contracts and agreements concerning the Jack Stands.

4

OBJECTION: Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys. Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is not properly limited in time or scope.

Without waiving said objection, Responding Party Sears, Roebuck and Co. responds as follows:

See attached Agreement dated May 4, 2007 between MVP (HK) Industries Ltd. and Sears Roebuck and Co.


6. All Documents concerning the labeling, use, instructions, operating manual or warnings with respect to the Jack Stands.

OBJECTION: Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys. Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is not properly limited in time or scope.

Without waiving said objection, Responding Party Sears, Roebuck and Co. responds as follows:

See attached Craftsman Model 50163 Jack Stand Operators Manual.

SUPPLEMENTAL ANSWER:

Without waiving and subject to said objection, responding Party Sears, Roebuck and Co. further responds as follows:

See Response to Request No. 1 and 5.

5

7.      All Documents concerning the business relationship(s), including, but not limited to, any licensing or other agreements, between Sears and MVP, Shinn Fu, SFA, and/or Wei Fu with respect to the design, manufacture, distribution or sale of the Jack Stands.

**OBJECTION: Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys. Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is not properly limited in time or scope.**

Without waiving said objection, Responding Party Sears, Roebuck and Co. responds as follows:

See response to Request No. 5.

8.      All Documents concerning Sears receiving indemnification and/or insurance coverage from MVP, Shinn Fu or SFA with respect to the Jack Stands.

**OBJECTION: Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys. Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is not properly limited in time or scope.**

Without waiving said objection, Responding Party Sears, Roebuck and Co. responds as follows:

See response to Request No. 5.

6

9.     From the time when Sears first began selling the Jack Stands to the present, all Documents concerning complaints (legal and non-legal) or litigation (pending or settled) with respect to claims or allegations of Jack Stand malfunctions, design or manufacturing defects, failure to hold up a vehicle, and/or the spontaneous collapse or descent of the raised ratchet bar of a Jack Stand, and/or inferior materials used to manufacture the Jack Stand and/or poor workmanship in the fabrication of the Jack Stand.

**OBJECTION: Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys. Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is not properly limited in time or scope. The request seeks information concerning Jack Stands not substantially the same or containing component parts not substantially the same as those incorporated into the Jack Stand which Plaintiff claims to have been using at the time of the incident; the request seeks information concerning incidents and injuries not substantially the same as or similar to the incident involved in this case; the request seeks information concerning other uses and potentially injury mechanisms concerning Jack Stands with different histories of maintenance, different usage; the request, as framed, requires Responding Party Sears, Roebuck and Co. to speculate concerning the similarity of accident patterns and hazards, concerning the similarity of Jack Stands with different components, different histories of maintenance, different usages, and that some of the information sought is neither relevant, material nor necessary to the resolution of this cause, and is not reasonably calculated to lead to the discovery of admissible evidence.**

**SUPPLEMENTAL RESPONSE:**

Without waiving and subject to said objection, responding Party Sears, Roebuck and Co. further responds as follows:

See attached documents.

10.    All Documents concerning customer hotline or consumer toll free line calls, internet bulletin board and/or website postings concerning complaints of Jack Stand performance, malfunction, failure to hold up a vehicle and/or spontaneous collapse or descent of the raised ratchet bar of the Jack Stand, or of inferior materials used to manufacture the Jack Stand or poor workmanship in the fabrication of the Jack Stand, or that the Jack Stand was defective.

**OBJECTION: Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys. Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is not properly limited in time or scope.**

**SUPPLEMENTAL RESPONSE:**

Without waiving and subject to said objection, responding Party Sears, Roebuck and Co. further responds as follows: no documents of complaints involving jack stand model 50163 have been located.

11.    All Documents concerning load or other testing of Jack Stands not produced in Response to Request Number 4.

8

OBJECTION: The Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys. Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is not properly limited in time or scope.

Without waiving said objection, inasmuch as Responding Party Sears, Roebuck and Co. did not design, manufacture or assemble the subject product, information of the type requested is more appropriately obtained from the manufacturer. Responding Party Sears, Roebuck and Co. relies on the manufacturer to test the product and meet applicable safety standards.

SUPPLEMENTAL RESPONSE:

Without waiving and subject to said objection, responding Party Sears, Roebuck and Co. further responds as follows:

None for jack stand model 50163 with respect to the time frame of January 1, 2003 through the date of the alleged incident.

12.     All Documents concerning Jack Stand testing procedures and test results provided to Sears by MVP, Shinn Fu, SFA and/or Wei Fu.

OBJECTION: The Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys. Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is not properly limited in time or scope.

9

Without waiving said objection, inasmuch as Responding Party Sears, Roebuck and Co. did not design, manufacture or assemble the subject product, information of the type requested is more appropriately obtained from the manufacturer. Responding Party Sears, Roebuck and Co. relies on the manufacturer to test the product and meet applicable safety standards.

**SUPPLEMENTAL RESPONSE:**

Without waiving and subject to said objection, responding Party Sears, Roebuck and Co. further responds as follows:

None for jack stand model 50163 with respect to the time frame of January 1, 2003 through the date of the alleged incident.

13.     All Documents concerning Jack Stand testing conducted by or on behalf of Sears at Sears' laboratories or testing facilities or at any other laboratory or test facility.

**OBJECTION:** Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys. Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is not properly limited in time or scope.

Without waiving said objection, inasmuch as Responding Party Sears, Roebuck and Co. did not design, manufacture or assemble the subject product, information of the type requested is more appropriately obtained from the manufacturer. Responding Party Sears, Roebuck and Co. relies on the manufacturer to test the product and meet applicable safety standards.

**SUPPLEMENTAL RESPONSE:**

10

1194527v1

Without waiving and subject to said objection, responding Party Sears, Roebuck and Co. further responds as follows:

None for jack stand model 50163 with respect to the time frame of January 1, 2003 through the date of the alleged incident.

14.     All Documents concerning Sears' internal Jack Stand tests procedures and protocols.

**OBJECTION:** Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys. Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is not properly limited in time or scope.

Without waiving said objection, inasmuch as Responding Party Sears, Roebuck and Co. did not design, manufacture or assemble the subject product, information of the type requested is more appropriately obtained from the manufacturer. Responding Party Sears, Roebuck and Co. relies on the manufacturer to test the product and meet applicable safety standards.

**SUPPLEMENTAL ANSWER**

Without waiving and subject to said objection, responding Party Sears, Roebuck and Co. further responds as follows:

See response to Request No. 1.

15.     All Documents concerning Sears' internal standards and/or guidelines for Jack Stand design, manufacture, assembly, quality control, inspection and performance.

11

OBJECTION: Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys. Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is not properly limited in time or scope.

Without waiving said objection, inasmuch as Responding Party Sears, Roebuck and Co. did not design, manufacture or assemble the subject product, information of the type requested is more appropriately obtained from the manufacturer. Responding Party Sears, Roebuck and Co. relies on the manufacturer to test the product and meet applicable safety standards.

SUPPLEMENTAL ANSWER

Without waiving and subject to said objection, responding Party Sears, Roebuck and Co. further responds as follows:

See Responses to Request No. 1 and 3.

16.     All Documents concerning Sears' internal safety standards and guidelines for Jack Stands.

OBJECTION: Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys. Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is not properly limited in time or scope.

Without waiving said objection, inasmuch as Responding Party Sears, Roebuck and Co. did not design, manufacture or assemble the subject product, information of the type

1194527v1

requested is more appropriately obtained from the manufacturer.  Responding Party Sears, Roebuck and Co. relies on the manufacturer to test the product and meet applicable safety standards.

**SUPPLEMENTAL ANSWER**

Without waiving and subject to said objection, responding Party Sears, Roebuck and Co. further responds as follows:

See Responses to Request Nos. 1 and 3.

17.     All Documents concerning Sears' internal standards for warnings and/or instructions for use with respect to Jack Stands.

**OBJECTION:** Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys.  Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, it is not properly limited in time or scope.

Without waiving said objection, Responding Party Sears, Roebuck and Co. states that all such instructions and warnings are included in the owner's manual and on the product itself.  Furthermore, Responding Party Sears, Roebuck and Co. states that the owner's manual and the warnings and instructions located on the product itself are prepared by the manufacturer and, therefore, the manufacture is responsible for the substance of such instructions and warnings.

**SUPPLEMENTAL ANSWER**

Without waiving and subject to said objection, responding Party Sears, Roebuck and Co. further responds as follows:

13

See Responses to Request Nos. 1 and 3.

18.    All Documents concerning MVP, Shinn Fu, SFA and/or Wei Fu certifying compliance to Sears of Sears' standards, guidelines, procedures and protocols concerning Jack Stand design, manufacture, assembly, quality control, inspection, testing, warnings and performance.

**OBJECTION: Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys. Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is not properly limited in time or scope.**

**Without waiving said objection, none.**

19.    All Documents concerning the study or consideration of employing, or the feasibility of installing, different or other designs or safety features for the Jack Stands.

**OBJECTION: Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys. Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is not properly limited in time or scope.**

**Without waiving said objection,** Responding Party Sears, Roebuck and Co. has made a diligent and reasonable search and has not located any documents in its possession, custody or control.

1194527v1

20.     All Documents concerning the analysis or assessment of the costs of any alternative design of or safety features for the Jack Stands.

**OBJECTION: Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys. Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is not properly limited in time or scope.**

**Without waiving said objection, none for jack stand model 50163.**

21.     All Documents concerning the unit cost of manufacturing the Jack Stands.

**OBJECTION: Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys. Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is not properly limited in time or scope.**

**SUPPLEMENTAL ANSWER**

**Without waiving and subject to said objection, responding Party Sears, Roebuck and Co. further responds as follows:**

**See attached.**

22.     All Documents concerning the unit cost of purchasing or fabricating each of the Jack Stand's components.

15

OBJECTION: Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys. Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is not properly limited in time or scope.

Without waiving said objection, inasmuch as Responding Party Sears, Roebuck and Co. did not design, manufacture or assemble the subject product, information of the type requested is more appropriately obtained from the manufacturer.

SUPPLEMENTAL ANSWER

Without waiving and subject to said objection, responding Party Sears, Roebuck and Co. further responds as follows:

See response to Request No. 21.

23.    All Documents concerning any requests made to Sears by any insurance carrier, police department, local, state or federal government agency or department, concerning Jack Stand design, performance, malfunction, failure or complaint.

OBJECTION: Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys. Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is not properly limited in time or scope.

SUPPLEMENTAL ANSWER:

Without waiving and subject to said objection, responding Party Sears, Roebuck and Co. further responds as follows:

16

None.

24.     All Documents concerning applicable policies of primary, excess and umbrella insurance issued to Sears or in which Sears was directly or indirectly an additional named insured including insurance policies, declaration sheets and all endorsements and completed application forms.

**OBJECTION: Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys. Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is not properly limited in time or scope. Subject to and notwithstanding the objection, Responding Party Sears, Roebuck and Co. is fully indemnified by the manufacture for any loss arising out of an actual or alleged defect in the product. See the manufacturer's certificate of insurance.**

25.     All Documents concerning the name(s) and address(es) of the factory(ies) and locations where Jack Stands sold by Sears were manufactured.

**OBJECTION: Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys. Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is not properly limited in time or scope.**

Without waiving said objection, inasmuch as Responding Party Sears, Roebuck and Co. did not design, manufacture or assemble the subject product, information of the type requested is more appropriately obtained from the manufacturer.

SUPPLEMENTAL RESPONSE:

Without waiving and subject to said objection, responding Party Sears, Roebuck and Co. further responds as follows:

See Response to Request No. 2.

26.    All Documents and agreements between Sears and FMRC, and/or prepared by Sears, concerning FMRC certification of facilities which manufacture Jack Stands sold by Sears.

OBJECTION: Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys. Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is not properly limited in time or scope. Without waiving said objection, Responding Party Sears, Roebuck and Co. Responding Party Sears, Roebuck and Co. responds as follows:        See response to Request no. 5.

27.    All Documents concerning compliance with, or receiving certification for complying with, ISO standards with respect to Jack Stand design, manufacture, testing, inspection and labeling.

OBJECTION: Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys. Further, it is

18

overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, it is not properly limited in time or scope.

Without waiving said objection, none for jack stand model 50163.

28.     All Documents received by, sent by or on behalf of, or prepared by or on behalf of Sears, concerning or with respect to Jack Stand industry standards and/or ASME standards concerning Jack Stands, and/or PALD safety standards.

**OBJECTION: Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys.  Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, it is not properly limited in time or scope.**

Without waiving said objection, none for jack stand model 50163.

29.     All Documents received by, sent by or on behalf of, or prepared by or on behalf of, Sears concerning ASME committee meetings, ASME committee drafts or discussions, concerning or with respect to proposed or adopted ASME standards concerning Jack Stands and/or PALD safety standards.

**OBJECTION: Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys.  Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, it is not properly limited in time or scope.**

Without waiving said objection, none.

19

30.     All Documents concerning the use of a single Jack Stand to support all or a portion of a motor vehicle.

**OBJECTION: Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys. Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is not properly limited in time or scope.**

**Without waiving said objection, none for jack stand model 50163.**

31.     All Documents comparing the cost, utility, functionality, failure rates, complaints and/or performance of Shinn Fu's, and/or MVP's, and/or Wei Fu's Jack Stands to those of other manufacturers.

**OBJECTION: Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys. Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is not properly limited in time or scope.**

**Without waiving said objection, inasmuch as Responding Party Sears, Roebuck and Co. did not design, manufacture or assemble the subject product, information of the type requested is more appropriately obtained from the manufacturer.**

**SUPPLEMENTAL ANSWER:**

**Without waiving and subject to said objection, responding Party Sears, Roebuck and Co. further responds as follows:**

20

**None.**

32.     All Documents concerning the suppliers, vendors or fabricators of the components of the Jack Stands, including the ratchet bar, locking pawl, saddle, roll pin, locking handle and base frame.

**OBJECTION: Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys. Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is not properly limited in time or scope.**

**Without waiving said objection, none.**

33.     All Documents concerning instances of a Jack Stand being subject to a shock load (i.e., a load dropping suddenly or unexpectedly on it).

**OBJECTION: Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys. Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is not properly limited in time or scope.**

**Without waiving said objection, none.**

34.     All Documents concerning instances of Jack Stands failing to perform as intended.

21

OBJECTION: Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys. Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is not properly limited in time or scope.

Without waiving said objection, none with respect to jack stand model 50163.

35.     All Documents concerning loans by Sears to Shinn Fu, SFA, MVP or Wei Fu.

OBJECTION: Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys. Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is not properly limited in time or scope.

36.     All Documents concerning loan or debt guarantees by or between Sears, MVP, Shinn Fu, SFA or Wei Fu.

Responding Party Sears, Roebuck and Co. has made a diligent and reasonable search and has not located any documents in its possession, custody or control.

37.     All Documents concerning communications between Sears, MVP, Shinn Fu, SFA and/or Wei Fu with respect to Jack Stand design, manufacture, distribution, sale, marketing and testing.

OBJECTION: Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product

22

prepared in anticipation of litigation or the mental impressions of its attorneys.  Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, it is not properly limited in time or scope.

**SUPPLEMENTAL ANSWER:**

Without waiving and subject to said objection, responding Party Sears, Roebuck and Co. further responds as follows:

See Responses to Request Nos. 1, 2 and 3.

38.     All Documents concerning communications between Sears and MVP, Shinn Fu, SFA and/or Wei Fu with respect to supplying, distributing or selling private label Jack Stands in the United States.

**OBJECTION: Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys.  Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, it is not properly limited in time or scope.**

**SUPPLEMENTAL ANSWER:**

Without waiving and subject to said objection, responding Party Sears, Roebuck and Co. further responds as follows:

See responses to Request Nos. 1, 2 and 3.

39.     All Documents concerning communications between Sears and MVP, Shinn Fu, SFA and/or Wei Fu with respect to supplying, distributing and/or selling Jack Stands to Sears.

23

OBJECTION: Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys. Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is not properly limited in time or scope.

Without waiving said objection, Responding Party Sears, Roebuck and Co. Responding Party Sears, Roebuck and Co. responds as follows:        See response to Request no. 5.

SUPPLEMENTAL ANSWER:

Without waiving and subject to said objection, responding Party Sears, Roebuck and Co. further responds as follows:

See responses to Request Nos. 1, 2 and 3.


40.    All Documents concerning representatives of Sears inspecting the manufacturing plant(s) and/or factory(ies) in China where the Jack Stands sold by Sears are or were made and assembled, including all inspection notes, memoranda, recommendations and reports.

OBJECTION: Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys. Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is not properly limited in time or scope.

SUPPLEMENTAL RESPONSE:

Without waiving and subject to said objection, responding Party Sears, Roebuck and Co. further responds as follows:

See Response to Request No. 3.

41.     All Documents concerning the development of warnings for the Jack Stands, including, but not limited to, Documents concerning when warnings were developed for the Jack Stands, revisions to the warnings for the Jack Stands and, from the time when Sears first developed warnings, or first sold Jack Stands with warnings, to the present, Documents concerning all claims (legal and non-legal) and litigation (pending or settled) with respect to warnings for the Jack Stands.

**OBJECTION: Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys. Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is not properly limited in time or scope.**

**Without waiving said objection, responding Party Sears, Roebuck and Co. states that all such instructions and warnings are included in the owner's manual and on the product itself. Furthermore, Responding Party Sears, Roebuck and Co. states that the owner's manual and the warnings and instructions located on the product itself are prepared by the manufacturer and, therefore, the manufacture is responsible for the substance of such instructions and warnings.**

**SUPPLEMENTAL RESPONSE:**

**Without waiving and subject to said objection, responding Party Sears, Roebuck and Co. further responds as follows:**

**See Response to Request No. 1.**

42.     All Documents concerning any and all inquiries or investigations of Jack Stands sold by Sears, by agencies of the United States or any state thereof, including, but not limited to, the

25

United States Consumer Product Safety Commission and the National Highway Traffic Safety Administration.

**OBJECTION: Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys.  Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, it is not properly limited in time or scope.**

**SUPPLEMENTAL RESPONSE:**

**Without waiving and subject to said objection, responding Party Sears, Roebuck and Co. further responds as follows:**

**None.**


43.    All Documents concerning TV Commercials made by or for Sears depicting Jack Stands or Jack Stand usage or performance.

**OBJECTION: Responding Party Sears, Roebuck and Co. objects to this request on the grounds that it seeks information which is privileged and/or constitutes work product prepared in anticipation of litigation or the mental impressions of its attorneys.  Further, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, it is not properly limited in time or scope.**

**SUPPLEMENTAL RESPONSE:**

**Without waiving and subject to said objection, responding Party Sears, Roebuck and Co. further responds as follows:**

**None.**

26

**THE DEFENDANT,**
**SEARS ROEBUCK AND CO.**

BY   /s/ Michael R. Keller (CT29284)
    Attorney Thomas Anderson
    Fed. Bar. No. CT03451
    Attorney Michael Keller
    Fed. Bar No. CT29284
    Morrison Mahoney LLP
    One Constitution Plaza, 10th Floor
    Hartford, CT 06103
    Telephone: (860) 616-4441
    Fax: (860) 244-3800
    Email:  tanderson@morrisonmahoney.com
    Email:  mkeller@morrisonmahoney.com

I194527v1

# CERTIFICATION

I HEREBY CERTIFY that on this 27th day of May, 2014, a copy of the foregoing was sent via first class mail, postage prepaid, to the following counsel of record:

Erica W. Todd
Trotta, Trotta & Trotta LLC
900 Chapel Street, 12th Floor
P.O. Box 802
New Haven, CT 06503

David J. Elliott (ct04301)
Bryan J. Orticelli (ct28643)
Kaitlin A. Canty (ct29074)
DAY PITNEY LLP
242 Trumbull Street
Hartford, Connecticut 06103-1212
djelliott@daypitney.com
borticelli@daypitney.com
kcanty@daypitney.com

Howard S. Edinburgh
Howard L. Wexler
Joseph E. Donat
Michael Gallub
Herzfeld & Rubin, P.C.
125 Broad Street
New York, NY 10004
hedinburgh@herzfeld-rubin.com
hwexler@herzfeld-rubin.com
jdonat@herzfeld-rubin.com
mgallub@herzfeld-rubin.com

Christopher M. Vossler
Philip T. Newbury, Jr.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114-1121
cvossler@hl-law.com
pnewbury@hl-law.com

Sean P. Flynn
Foley & Mansfield, PLLP
300 S. Grand Avenue
Suite 2800
Los Angeles, CA 90071
sflynn@foleymansfield.com

Matthew Jason Zamaloff
Cetrulo LLP
Exchange Place
Two Seaport Lane, 10th Floor
Boston, MA 02210
mzamaloff@cetllp.com

/s/ Michael R. Keller
Michael R. Keller

1194527v1