# EXHIBIT M

# EXHIBIT M

**Shinn Fu Corporation**

RFP # 10 (concerning providing indemnification and/or insurance to or for MVP or Wei Fu). Shinn Fu has indicated they cannot locate any such documents, however, it has produced some responsive documents, including documents produced showing common liability insurance with all non-Sears defendants.

RFPs # 32 and # 33 relate to a document created by Shinn Fu – "Presentation of Shinn Fu Corporation 2011" and posted on its website. Since this document was created by Shinn Fu and posted on its website, it is not credible that after a diligent search no responsive documents could be found.

Interrogatory # 19 (concerning the identity of common officers or directors with Wei Fu and/or MVP). Shinn Fu identified the officers, directors or executives of MVP and/or Wei Fu who are also officers, directors or executives of Shinn Fu as being Victor Hung, Betty Hung, and Angie Hung. However, Wei Fu, in response to Interrogatory # 19, indicated that the common officers, directors, or executives it shared with SFT, SFA, or MVP were Vickie Huang & Jeff Su. Shinn Fu has not explained this discrepancy. We request that Shinn Fu please state whether Vickie Huang or Jeff Su is or has been an officer, director, or executive of Shinn Fu, the positions each held with Shinn Fu, and the dates they respectively held such positions.

**Shinn Fu Company of America, Inc.**

RFP # 10 (concerning providing or procuring indemnification and/or insurance to or for MVP or Wei Fu). SFA has indicated they cannot locate any such documents, yet some responsive documents have been produced, including documents produced showing common liability insurance with all non-Sears defendants.

RFPs # 32 and # 33 relate to a document created by Shinn Fu – "Presentation of Shinn Fu Corporation 2011" and posted on its website concerning the Shinn Fu global operations and affiliations. Since this document was created by Shinn Fu and posted on its website, it is not credible that after a diligent search no responsive documents could be found.

Interrogatory # 19 (concerning the identity of common officers or directors with Wei Fu and/or MVP). SFA identified the officers, directors or executives of MVP and/or Wei Fu who are also officers, directors or executives of SFA as being Victor Hung, Betty Hung, and Angie Hung. However, Wei Fu, in response to Interrogatory # 19, indicated that the common officers, directors, or executives it shared with SFT, SFA, or MVP were Vickie Huang & Jeff Su. SFA has not explained this discrepancy. We request that SFA please state whether Vickie Huang of Jeff Su is or has been an officer, director, or executive of SFA, the positions each held with SFA, and the dates they respectively held such positions.

**MVP (H.K.) Industries, Ltd.**

RFPs # 32 and # 33 relate to a document created by Shinn Fu – "Presentation of Shinn Fu Corporation 2011" and posted on its website concerning Shinn Fu global operations and affiliations.  Since this document was created by Shinn Fu and posted on its website indicating an affiliation, it is not credible that after a diligent search no responsive documents could be found.

RFPs # 32 – 41 (concerning the relationship, affiliation, and interconnectedness of the defendants).  At this point, there can be no question as to the interconnectedness of the defendant entities.  These requests all concern the nature, degree, and scope of this interconnectedness, and it strains credulity that after a "diligent search" no responsive documents could be located.  Sworn verification that this response is truthful is highly suspect.  MVP has indicated it would continue to search for responsive documents and produce them when located.

Interrogatory # 19 (concerning the identity of common officers or directors with Wei Fu, SFA, and/or Shinn Fu).  MVP identified the officers, directors or executives of MVP and/or Wei Fu who are also officers, directors or executives of SFA or Shinn Fu as being Victor Hung, Betty Hung, and Angie Hung.  However, Wei Fu, in response to Interrogatory # 19, indicated that the common officers, directors, or executives it shared with SFT, SFA, or MVP were Vickie Huang & Jeff Su.  MVP has not explained this discrepancy.  We request that MVP please state whether Vickie Huang or Jeff Su is or has been an officer, director, or executive of MVP, the positions each held with MVP, and the dates each respectively held such positions.

Interrogatory # 22 (concerning supervision by SFT or SFA).  MVP states it is not aware of any training or supervision MVP personnel received by or from SFT or SFA.  However, in SFA's response to Interrogatory # 22 and 23, it identified Johnny Lu as a person who provided training or supervision to MVP or Wei Fu personnel regarding jack stands, and was in communication with MVP regarding jack stands.  We request that MVP please explain this discrepancy, and particularly also state whether Johnny Lu, or anyone else at SFT or SFA ever provided training to MVP personnel, supervised MVP personnel, or oversaw MVP personnel, concerning jack stand design, manufacture, assembly, inspection, testing, labeling, warnings, distribution, marketing, sale, and/or claims.  We request that MVP please further identify each MVP person so trained or supervised; who at SFA or SFT provided such training, oversight, or supervision; and the nature, degree, and extent of such training, oversight, or supervision.

**Wei Fu (Taishan) Machinery & Electric Co., Ltd.**

RFP # 9 (concerning providing or procuring indemnification and/or insurance to or for MVP or SFT or SFA). Wei Fu has indicated it would provide responsive documents, then supplemented its response saying it cannot locate any such documents.  Some responsive documents have been produced showing common liability insurance with all non-Sears defendants.

RFP # 31 (regarding Wei Fu being affiliated with Shinn Fu).  As this affiliation is already established, the notion that Wei Fu cannot locate documents related to this affiliation is preposterous.

RFPs # 31 – 40 (concerning the relationship, affiliation, and interconnectedness of the defendants).  At this point, there can be no question as to the interconnectedness of the defendant entities.  These requests all concern the nature, degree, and scope of this interconnectedness, and it strains credulity that after a "diligent search" no responsive documents could be located.  Sworn verification that this response is truthful is highly suspect.  Wei Fu has indicated it would continue to search for responsive documents and produce them when located.

RFP # 37 (concerning money transfers and distributions between the defendants).  The notion that Wei Fu never, any time, paid or was paid by any of the other defendants is not credible.

RFP # 44 (Documents concerning the development or revision of warnings).  Wei Fu indicated they could not locate such documents yet produced documents relating to changes to warnings and labeling. *See, e.g.*, WFT002493 to WFT003494.

Interrogatory # 19 (concerning the identity of common officers or directors with MVP, SFA, and/or Shinn Fu).  Wei Fu identified the officers, directors or executives of Wei Fu who are also officers, directors or executives of MVP, SFA or Shinn Fu as being Vickie Huang and Jeff Su.  SFT, SFA, and MVP identified the common officers, directors, or executives it shared were Victor Hung, Betty Hung, and Angie Hung.  Wei Fu has not explained this discrepancy.  We request Wei Fu please state whether Victor Hung, Betty Hung, and Angie Hung each are or have been an officer, director, or executive of Wei Fu, the positions each held with Wei Fu, and the dates each respectively held such positions.

Interrogatory # 22 (concerning supervision by MVP, SFT, or SFA).  Wei Fu states it is not aware of any training or supervision its personnel received by or from MVP, SFT, or SFA.  However, in SFA's response to Interrogatory # 22 it identified Johnny Lu as a person who provided training or supervision to MVP or Wei Fu personnel regarding jack stands.  We request that Wei Fu please explain this discrepancy, and particularly also state whether Johnny Lu, or anyone else at SFT or SFA ever provided training to Wei Fu personnel, supervised Wei Fu personnel, or oversaw Wei Fu personnel, concerning jack stand design, manufacture, assembly, inspection, testing, labeling, warnings, distribution, marketing, sale, and/or claims.  We request that Wei Fu please further identify each Wei Fu person so trained or supervised; who at SFA or SFT provided such training, oversight, or supervision; and the nature, degree, and extent of such training, oversight, or supervision.