# EXHIBIT O

# DAY PITNEY LLP

BOSTON   CONNECTICUT   NEW JERSEY   NEW YORK   WASHINGTON, DC

DAVID J. ELLIOTT
Attorney at Law

242 Trumbull Street
Hartford, CT 06103-1212
T: (860) 275-0196 F: (860) 881-2447
djelliott@daypitney.com

August 8, 2014

**VIA E-MAIL**

Sean Flynn
Gordon & Rees LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612

Re: Klorczyk et al. v. Sears, Roebuck & Co. et al.

Dear Sean:

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, plaintiffs request that defendants MVP (H.K.) Industries LTD ("MVP"), Shinn Fu Corporation ("SFC"), Shinn Fu Company of America, Inc. ("SFA") and Wei Fu (Taishan) Machinery & Electric Co., Ltd. ("Wei Fu") each produce for deposition at a date, time and place to be determined, a corporate officer, executive, managing agent or other employee familiar with and knowledgeable of the following topics or areas of inquiry with respect to and concerning the type and model jack stand (or vehicle support stand) mentioned in the complaint and in plaintiffs' earlier served Interrogatories and Requests to Produce, and with respect to and concerning similarly designed jack stands (vehicle support stands). We provide these topics and areas of inquiry without waiver of our right to ask questions outside of any topics listed below, and to ask questions naturally flowing from any answers given (and to question the witness not necessarily in the order set forth below). Consistent with your obligations under Rule 30(b)(6), we expect that you will produce an appropriate, fully knowledgeable and fully prepared witness with respect to each designated area of inquiry.

1. The design and development of the jack stands.

2. The manufacture, fabrication and assembly of the jack stands.

3. The materials specifications of the jack stands and their components.

**DAY PITNEY** LLP

August 8, 2014
Page 2

    4.     The testing of the jack stands including load testing and testing to comply with industry or government standards.

    5.     Jack stands' inspection, quality control and quality assurance for the manufacturing process and prior or after sale.

    6.     Any consideration or study of employing, or the feasibility of installing, different or other designs or safety features for the jack stands.

    7.     Any analysis of assessment of the costs of any alternative design or safety features for the jack stands.

    8.     The participation in industry groups or standards making organizations, including ASME, ANSI and PALD, for vehicle support stands including jack stands.

    9.     The ASME, ANSI and PALD safety and/or performance standards for jack stands, and each defendant's compliance with same.

    10.    The study, evaluation, consideration or experience of the use of a single jack stand to support all or a portion of a motor vehicle.

    11.    The study, evaluation, consideration and testing of, or experience with, what plaintiffs have asserted as the "tip-to-tip" phenomena.

    12.    The suppliers, vendors and fabricators of the components of the jack stands, including the ratchet bar, locking pawl, saddle, roll pin, locking handle and base frame.

    13.    Any studies, undertakings or evaluations comparing the cost, utility, functionality, failure rates, complaints and/or performance of defendants' jack stands to those of other manufacturers.

    14.    Any complaints, claims (legal or non-legal), notices, or any incidents otherwise known to defendants, with respect to a claim or allegation of jack stand malfunction, design or manufacturing defects, failure to hold up a vehicle, and/or the spontaneous, sudden or unexpected collapse or descent of the raised ratchet bar of a jack stand, and/or inferior materials used to manufacture the jack stand and/or poor workmanship in the fabrication of the jack stand.

    15.    Customer hotline, consumer toll free line calls, internet bulletin board and/or website postings concerning complaints of jack stand performance, malfunction, failure to hold up a vehicle and/or spontaneous collapse or descent of the raised ratchet bar of the jack stand, or of inferior materials used in the manufacture of the jack stand, poor workmanship in the fabrication, or that the jack stand was defective.

**DAY PITNEY** LLP

August 8, 2014
Page 3

    16.    Decision-making concerning the specific language of any warnings and/or instructions on the jack stands or on the packaging, including placement of the warnings and size of the lettering.

    17.    The issuance and contents of any jack stand owner or operator's instruction or other manual(s).

    18.    Communications with Sears Roebuck on jack stand design, performance, marketing, cost, sales, distribution, testing, safety, compliance with industry and Sears safety and performance standards and customer complaints.

    19.    The corporate inter-relationship between and among SFC, SFA, MVP and Wei – Fu including: (a) common officers and directors; (b) appointment of officers and senior managers; (c) ownership interests in each other; (d) corporate affiliations; (e) ownership of the plant or other facilities where the jack stands were made; (f) the contents of each defendant's website; (g) financial, managerial and business relationships between and among defendants; (h) shared or common services between and among defendants, such as legal, insurance, accounting.

    20.    Communications, contractual or other arrangements and agreements, including licensing, management, professional and engineering services arrangements/agreements, between and among defendants concerning jack stand design, development, manufacture, sale, distribution, marketing, testing and inspection.

    21.    Any governmental inquiries or investigation concerning jack stand design, manufacture, performance, safety, accidents or defects.

    22.    The corporate structure, divisions, departments, document retention and document generation policy of each defendant.

    23.    The corporate search of records, emails and other electronically stored information to respond to plaintiffs' Requests to Produce and Interrogatories.

    This list is not exhaustive of the topics of questioning of each defendant's corporate representatives. However, the above will be the primary major areas where we intend to question a corporate witness who has knowledge in these areas or on these topics. To the extent each defendant claims that he/she is unaware of other incident or lawsuits, or that there were no complaints of jack stand failure or defect, or that the defendant has no documents in response to a prior request to produce, we expect the corporate representative to confirm under oath of the through and diligent search undertaken by the defendant to locate any such responsive records.

    Defendants have in their interrogatory answers and discovery responses identified employees knowledgeable of or involved in certain aspects of jack stand design, manufacture,

**DAY PITNEY** LLP

August 8, 2014
Page 4

testing, sale, distribution, etc. Plaintiffs reserve their right to depose one or more of these individuals, at a date, time and place to be determined.

Very truly yours,

David J. Elliott

DJE

cc: All counsel of record (via e-mail)

DAY PITNEY LLP