# MORRISON MAHONEY LLP

COUNSELLORS AT LAW

Thomas O. Anderson
tanderson@morrisonmahoney.com

Michael R. Keller
mkeller@morrisonmahoney.com

ONE CONSTITUTION PLAZA, 10th FLOOR
HARTFORD, CONNECTICUT 06103-1810
860-616-4441
FACSIMILE: 860-244-3800

MASSACHUSETTS
BOSTON
FALL RIVER
SPRINGFIELD
WORCESTER

CONNECTICUT
HARTFORD

ENGLAND
LONDON

NEW HAMPSHIRE
MANCHESTER

NEW JERSEY
PARSIPPANY

NEW YORK
NEW YORK

RHODE ISLAND
PROVIDENCE

November 3, 2014

Honorable Jeffrey A. Meyer
U.S. District Judge
United States Courthouse
915 Lafayette Boulevard-Suite 417
Bridgeport, Connecticut 06604

Re:  Klorczyk et al. v. Sears, Roebuck & Co., et al.
     Civil Action No.:    3:13-CD-00257-JAM

Dear Judge Meyer:

Along with Erica Todd of the law firm of Trotta, Trotta & Trotta, we represent the defendant, Sears, Roebuck & Co. in this product liability wrongful death action. This correspondence is respectfully submitted in accordance with Your Honor's directive during the telephonic conference with counsel and in response to the plaintiffs' letter brief, dated October 30, 2014, outlining the purported discovery problems requiring court intervention.

At the outset, it should be noted that plaintiffs' correspondence misrepresents the status of the discovery issues with defendant Sears, Roebuck & Co. Specifically, plaintiffs state that they have "in good faith attempted to resolve these issues with defendants and that the plaintiffs received no response from Attorney Anderson or Attorney Keller in response to a letter dated June 16, 2014," which is annexed to plaintiffs' letter as Exhibit C. This statement is inaccurate. On July 22, 2014, Attorney Keller forwarded an email to plaintiffs' counsel in response to their letter of June 16, 2014, informing plaintiffs' counsel that defense counsel was speaking with its contacts at Sears, Roebuck & Co. that Thursday (July 24, 2014) and suggesting a telephonic conference with plaintiffs' counsel in a final attempt to resolve the issues outlined by the plaintiffs'. A copy of the July 22, 2014 email is attached hereto as Exhibit A. Defense counsel received no response or further communication from plaintiffs' counsel after submission of this email until the filing of their letter correspondence on October 30, 2014.

Sears, Roebuck & Co. further disputes the plaintiffs' recitation of the facts to the extent plaintiffs suggest that the jack stand at issue suddenly collapsed causing the vehicle to fall and fatally crush the decedent. Sears, Roebuck & Co. does not dispute that the jack stand at issue is a

1211710v1

MORRISON MAHONEY LLP

The Honorable Jeffrey A. Meyer
November 3, 2014
Page 2

four ton automotive support device that bears the Sears "Craftsman" designation as Model No. 50163.

Discovery Disputes

Sears has attempted to address the discovery disputes identified by the plaintiffs on multiple occasions and has supplemented their discovery responses multiple times in this effort. However, it is Sears, Roebuck and Co.'s position that interrogatories and requests for production of documents related to jack stand models manufactured by the other defendants other than Model No. 50163, the model involved in the plaintiffs' incident, are outside the scope of relevant discovery and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, plaintiffs appear to suggest that Sears, Roebuck and Co. should produce documents and information relating to "similar" models of jack stands manufactured by entities other than those defendants involved in this law suit. Certainly there is no relevance regarding any jack stands manufactured by entities not involved in this lawsuit which were not involved with the allegations concerning the alleged faulty jack stand at issue.

Plaintiffs' position as to Sears' responses being "inconsistent, conflicting, and irreconcilable …requiring further elaboration."

Plaintiffs correctly state that Sears, Roebuck & Co. maintains that, from 2006 until the time of the alleged incident, the manufacturer was responsible for the testing of the jack stand and that Sears, Roebuck & Co. relies on the manufacturer to test the product and meet applicable safety standards. This response comports with the Uniform Terms and Conditions agreed to between Sears, Roebuck & Co. and MVP (HK). That document was produced at the outset and specifically provides that the manufacturer and/or vendor are responsible for all such testing.

Sears, Roebuck and Co. is aware that there is one email plaintiffs have identified from James Wang at Shinn Fu America dated January 24, 2007, which plaintiffs claim indicates that jack stand testing was conducted at Sears, Roebuck & Co.'s laboratory. If plaintiffs had followed up after the email of July 22, 2014 to discuss this issue, they would have been informed that Sears, Roebuck & Co. has a three year document retention policy and did not find any documents relating to the email produced by Shinn Fu. In addition, Sears, Roebuck & Co. does not have any other documents related to any jack stand testing conducted at Sears' laboratory with respect to Model No. 50163. Sears, Roebuck & Co. has produced all documents in its custody, possession and control related to the Craftsman jack stand Model 50163 with respect to the timeframe of January 1, 2003 through the date of the alleged incident.

Significantly, plaintiffs' letter indicates that Shinn Fu (SFT) has produced technical drawings responsive to a request relating to the manufacture of the jack stand. In addition, Wei

2

1211710v1

**MORRISON MAHONEY LLP**

The Honorable Jeffrey A. Meyer
November 3, 2014
Page 3

Fu has produced documents concerning the development or revision of jack stand warnings, as well as has produced emails discussing changes to warnings and labeling. Further, MVP has produced emails concerning a re-design of the jack stands for a greater maximum height. These documents produced by the non-Sears, Roebuck & Co. related defendants in this case are not in conflict with Sears, Roebuck & Co.'s responses to the discovery requests. Rather, they confirm that Sears, Roebuck & Co. in fact relied on the manufacturer to test the product and meet applicable safety standards.

Sears, Roebuck & Co. has produced all documents in its possession relating to Model No. 50163. That is the model number and jack stand that is at issue in this litigation. It is Sears, Roebuck & Co.'s position that "similar" jack stand model numbers and/or jack stands manufactured by non-party entities are outside the scope of permissible and relevant discovery and have no bearing on the issues involved in this case. Plaintiff also claims that Sears, Roebuck & Co. has provided inadequate responses to requests for production in producing "merely" test protocols, purchase orders and the vendor/factory accreditation reports. These are the documents in Sears, Roebuck & Co.'s possession responsive to these requests.[1]

For all of the reasons set forth herein, the defendant, Sears, Roebuck & Co., respectfully requests that the relief requested by the plaintiffs be denied as Sears, Roebuck & Co. has fully, completely and properly complied with all discovery requests to date.

Very truly yours,

/s/

Thomas O. Anderson
Michael R. Keller

/s/

Erica W. Todd

MRK/a

---

[1] Again, Sears generally maintains a three year document retention policy. Defendants anticipate that plaintiffs will raise the issue that the defendants produced documents relating to a 2004 law suit involving a different model jack stand in Iowa. These documents were produced as they are publicly available and were in the possession of Sears, Roebuck & Co.'s counsel in that litigation, Attorney Todd. It is the defendants' position that the production of these documents should in no way entitle the plaintiffs to documents involving other model numbers or jack stands.

1211710v1

# EXHIBIT A

## Rossetti, Christina

**From:** Keller, Michael
**Sent:** Tuesday, July 22, 2014 8:22 PM
**To:** 'Canty, Kaitlin A.'; Anderson, Thomas
**Cc:** 'Elliott, David J.'; 'Williams, Paul D.'
**Subject:** RE: Klorczyk et al. v. Sears, Roebuck & Co., et al. - Letter from David Elliott

Kaitlin,

Thank you for re-sending. We have a telephone conference with our clients scheduled for this Thursday. Perhaps it makes sense for us to have a telephone conference thereafter to try and resolve these issues. If you are agreeable, please let us know a few potential days and times that you are available.

Thanks,
Mike

---

**From:** Canty, Kaitlin A. [mailto:kcanty@daypitney.com]
**Sent:** Monday, July 14, 2014 2:28 PM
**To:** Anderson, Thomas; Keller, Michael
**Cc:** Elliott, David J.; Williams, Paul D.; Howard L. Wexler (HWexler@herzfeld-rubin.com); 'hedinburgh@herzfeld-rubin.com'; Joseph E. Donat (JDonat@herzfeld-rubin.com); Michael B. Gallub (MGallub@herzfeld-rubin.com); sflynn@gordonrees.com; pnewbury@hl-law.com; cvossler@hl-law.com; jbechtel@hl-law.com; etodd@trottalaw.com
**Subject:** FW: Klorczyk et al. v. Sears, Roebuck & Co., et al. - Letter from David Elliott

Tom and Mike:

We e-mail to follow up on the attached letter sent on June 16, 2014.

> **From:** Canty, Kaitlin A. [mailto:kcanty@daypitney.com]
> **Sent:** Monday, June 16, 2014 5:21 PM
> **To:** 'Sean P. Flynn'; 'pnewbury@hl-law.com'; 'cvossler@hl-law.com'; 'Jonathan Bechtel'; etodd@trottalaw.com; 'Anderson, Thomas'; 'mkeller@morrisonmahoney.com'
> **Cc:** Williams, Paul D.; 'Howard L. Wexler'; 'Howard S. Edinburgh'; 'Joseph E. Donat'; 'Michael B. Gallub'; Elliott, David J.; Orticelli, Bryan J.; Madison, Regina
> **Subject:** Klorczyk et al. v. Sears, Roebuck & Co., et al. - Letter from David Elliott
>
> Counsel:
>
> Please see the attached letter sent on behalf of Dave Elliott in the above-referenced matter.
>
>
> Kaitlin A. Canty | Attorney at Law | Attorney Bio
>
> **DAY PITNEY** LLP
>
> 242 Trumbull Street | Hartford CT 06103-1212
> t (860) 275 0123 | f (860) 424 4774 | m (860) 837 1004

11/3/2014

kcanty@daypitney.com | www.daypitney.com

BOSTON | CONNECTICUT | NEW JERSEY | NEW YORK | WASHINGTON, DC 

This message contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended solely for the use of the addressee(s) named above. Any disclosure, distribution, copying or use of the information by others is strictly prohibited. If you have received this message in error, please notify the sender by immediate reply and delete the original message. Thank you.

******************************************************************************************

11/3/2014