SEAN P. FLYNN
SFLYNN@GORDONREES.COM
DIRECT DIAL: (949) 255-6950

**GORDON & REES** LLP

2211 MICHELSON DRIVE, SUITE 400
IRVINE, CA 92612
PHONE: (949) 255-6950
FAX: (949) 474-2060
WWW.GORDONREES.COM

November 3, 2014

<u>VIA EMAIL</u>

Honorable Jeffrey Alker Meyer
United States District Court
915 Lafayette Boulevard – Suite 417
Bridgeport, CT 06604

    Re:   <u>*Klorczyk et al., v. Sears, Roebuck & Co., et al.*</u>
          Case No.:     13-CV-00257-RNC (JAM)

Dear Judge Meyer:

    We represent four of the Defendants in this product liability action:  Shinn Fu Corporation; Shinn Fu Company of America, Inc.; MVP (HK) Industries, Ltd.; and Wei Fu (Taishan) Machinery & Electric Company, Ltd. (collectively, the "Shinn Fu Defendants").  This correspondence is written in response to the letter brief submitted by the Plaintiff on October 30, 2014, raising five purported discovery issues and requesting judicial intervention.

    At the outset, we respectfully disagree with Plaintiffs' counsel's assertion that they have attempted in good faith to resolve the issues raised in their letter.  Plaintiffs' counsel have failed to communicate with the undersigned about any discovery issue since July 20th, the date on which the undersigned sent Plaintiffs' counsel a letter responding to their own June 16th correspondence. (Flynn Letter, July 20, 2014, Ex. A; Elliot Letter, June 16, 2014, Ex. B.)  The Defendants would have very much appreciated the opportunity, in the intervening three months, to attempt to reach an agreement on these discovery issues without resorting to court intervention.  The Plaintiffs' present letter brief is an improper attempt to circumvent the legal standard for a motion under Rule 37(a)(3)B), and the meet and confer requirements of Local Rule 37(a).  The Defendants will nonetheless respond to each of the five issues raised by the Plaintiffs, in order.

    1.    <u>The Shinn Fu Defendants Have Produced Privilege Logs</u>

    All of the Shinn Fu Defendants except for Wei Fu (Taishan) Machinery & Electric Company, Ltd. ("Wei Fu") have already produced privilege logs, which are attached hereto as Exhibits C through E.  All privileged documents withheld by Wei Fu are attorney-client communications and attorney work product created after the commencement of this litigation, meaning that no privilege log is required under Rule 26(e) of the Local Rules of Civil Procedure.  The "dispute" on this point appears to arise from the over-breadth of certain discovery requests,[1] which call for written and

---

[1] For example, Request for Production Number 2 directed toward Wei Fu (Taishan) Machinery & Electric Company, Ltd. calls for "All Documents Concerning the fabrication, manufacture, production and assembly of the Jack Stands." (*See* Ex. G to Pls.' Letter Brief, Dkt. No. 136-7.)

November 3, 2014
Page 2

electronic communications between the undersigned and the Shinn Fu Defendants, as well as work-product produced after the commencement of this action.  Of course, Local Rule 26(e) provides that no privilege log is necessary for "written or electronic communications between a party and its trial counsel after commencement of the action and the work product material created after the commencement of the action."  The Shinn Fu Defendants have not withheld any documents on the basis of privilege but those listed in their privilege logs, and documents that fall into the exceptions listed in Local Rule 26(e).

2.      The Shinn Fu Defendants Have Produced Documents In The Manner In Which They Are Maintained

As explained in the undersigned counsel's July 20th letter, all documents have been produced in the manner in which they were maintained.  It appears that many of the "blank" documents are sections of spreadsheets that had active pages that would not fit on one page, but the "blank" pages did not contain any data or information.  Regarding the "gibberish" and "nonsensical" characters, this is likely the result of a different language default setting within the email programs.  Finally, any pages with small print can be made readable by magnifying the text.

To the extent that Plaintiffs' counsel would like to identify specific portions of document production and inquire as to whether they can be produced in an alternative format, we would be happy to have those discussions.  This issue should not require judicial intervention.

3.      The Plaintiffs' Third Enumerated Issue Is Directed Only At Sears

No response is necessary from the Shinn Fu Defendants as the third issue cited by the Plaintiffs is directed solely at Sears, Roebuck and Company.

4.      The Shinn Fu Defendants Have Not Issued Any Improper Responses Meriting An Affidavit Regarding Their Search Methodology

The Plaintiffs' fourth enumerated point raises three separate issues with respect to the Shinn Fu Defendants.  First, Plaintiffs' counsel points out that the Shinn Fu Defendants have asserted that they could not locate certain documents regarding the development, design, testing, and inspection of the jack stands at issue, yet have produced other documents which Plaintiffs' counsel believes are, in fact, relevant on these points.  To be clear, the Shinn Fu Defendants have searched for and produced all non-privileged documents regarding the development, design, testing, and inspection of the jack stands at issue.  There may be additional documents that existed at one time, but have been destroyed pursuant to routine procedures prior to the commencement of this action and can no longer be located and therefore cannot be produced.  The Shinn Fu Defendants cannot be compelled to produce documents outside of their possession, custody, or control, and they obviously cannot produce documents that do not exist.

Second, the Plaintiffs attached an Exhibit M with a convoluted laundry list of discovery requests related to the Shinn Fu Defendants' "corporate interconnectedness" to which they claim not to have received adequate responses.  Plaintiffs' counsel appear to be relying on their unauthenticated Exhibit L, which is a document that the Shinn Fu Defendants have denied publishing.  The specific issues raised by the Plaintiff are certain purported "discrepancies"

November 3, 2014
Page 3

regarding overlapping personnel of the Shinn Fu Defendants which (a) are extremely far afield from the factual and legal issues that will be dispositive of this case, and (b) can properly be clarified or explained through deposition questioning.  To the extent that Plaintiffs' counsel deem other responses "not credible," those issues can also be explored in depositions and can become topics for impeachment, if relevant, at trial.  The bottom line is that the Shinn Fu Defendants have provided accurate, verified responses to the discovery requests at issue, and cannot be compelled to change those responses.

Third, Plaintiffs' counsel request an affidavit concerning the Shinn Fu Defendants' search methodology.  The cases cited by Plaintiffs' counsel are inapposite, and no such affidavit is merited in this case.  The first case cited by Plaintiffs' counsel, *Panolam Industries International, Inc. v. F & F Composite Group, Inc.*, No. 3:07CV1721(AWT), 2010 U.S. Dist. LEXIS 4929, at *2 (D. Conn. Jan. 22, 2010), addresses a motion to compel, which is not pending in this case, contains no analysis or background information whatsoever, and only required the plaintiff to provide an affidavit regarding its good-faith efforts to respond to a single production request.  The second case, *Pirrotti v. Respironics, Inc.*, No. 3:11CV439(JCH), 2012 U.S. Dist. LEXIS 106710, at *4 (D. Conn. July 31, 2012), similarly addresses a motion to compel, which is not pending here, and likewise only required the defendants to provide an affidavit regarding their efforts to respond to a single request for production.  Further, the defendants in that case provided no assurance that "a thorough document search has been undertaken," in stark contrast to the present case.  *See id.* at *2.  The third case, *Scovin v. Great West Life & Annuity Insurance Co.*, No. 3:02CV1161(AWT), 2006 U.S. Dist. LEXIS 71386, at *9 (D. Conn. Sept. 29, 2006), is factually distinguishable from the present situation.  The court in that case was addressing a motion to compel after the defendants refused to respond to thirteen document requests on the grounds that they were not in possession of the documents requested, though they did not dispute that the documents existed.  *Id.* at *5-6.  The court held that the defendants' lack of possession was not dispositive if they were still in "control" of the requested documents and could obtain them upon request.  *Id.* at *6.  The defendants were consequently ordered to either produce the documents or provide an affidavit describing the efforts undertaken to obtain them.  *Id.* at *9.  None of the cited opinions involve defendants being ordered to provide an affidavit with a comprehensive overview of their search methodology because of nebulous suspicions advanced by plaintiffs' counsel.

     5.    <u>The Shinn Fu Defendants Will Properly Designate All Witnesses Upon The Receipt Of Notices Of Deposition, And They Cannot Be Compelled To Be Deposed In The U.S.</u>

First, Plaintiffs' counsel misconstrue the plain language of Rule 30(b)(6).  That rule requires a private corporation or entity to designate the person(s) who will testify on its behalf once it receives a "notice or subpoena" to a deposition.  Here, the Plaintiffs have not issued a proper notice of deposition, complying with the requirements of Rule 30(b)(1) and Rule 30(b)(6), to any of the Shinn Fu Defendants.  If and when a notice of deposition is received, the Defendants' obligations under Rule 30(b)(6) will be triggered, and the Defendants will notify the Plaintiffs of their witness designations no less than five business days in advance of the deposition.

There is no alternative procedure whereby Plaintiffs' counsel can write a letter requiring the Defendants to designate witnesses an indeterminate length of time before any deposition is to take place, and the Plaintiffs have not cited any authority providing for such a procedure.  The August 8th

November 3, 2014
Page 4

letter attached as Exhibit O to Plaintiffs' counsel's letter brief obviously omits the information regarding time and place that all deposition notices are required to contain under Rule 30(b)(1). Further, the letter does not describe the topics of examination with "reasonable particularity," as required by Rule 30(b)(6), as the letter expressly lists the areas of inquiry "without waiver of [the Plaintiffs'] right to ask questions outside of any topics listed below," and also states that "[t]his list is not exhaustive of the topics of questioning." (August 8, 2014 Letter pp. 1, 4, Ex. O to Pls.' Letter Brief, Dkt. No. 136-15.)  Courts around the country have resoundingly rejected the inclusion of such language in 30(b)(6) deposition notices.  *See, e.g.*, *Innomed Labs v. Alza Corp.*, 211 F.R.D. 237, 240 (S.D.N.Y. 2002); *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000).  In doing so, these courts have recognized that ""[l]isting several categories and stating that the inquiry may extend beyond the enumerated topics defeats the purpose of having any topics at all."  *Tri-State Hosp. Supply Corp. v. United States*, 226 F.R.D. 118, 125 (D. D.C. 2005).

        It would be inefficient and unreasonable to require the Shinn Fu Defendants to designate their Rule 30(b)(6) witnesses when there is no date set for the deposition and no definitive list of the topics to be covered.  This is especially the case because, depending on the timing and the topics, each Defendant will need to prepare one or more witnesses for questioning.  *See In re Weatherford Int'l Sec. Litig.*, No. 11:1646(LAK)(JCF), 2013 U.S. Dist. LEXIS 120321, at *10 (S.D.N.Y. Aug. 23, 2013) (recognizing that, as stated in the advisory committee notes to Rule 30(b)(6), "more than one person may be designated to testify," and that corporations "may require testimony from multiple officers and custodians to provide comprehensive testimony") (internal citation and quotation marks omitted).  Here, it would unfairly prejudice the Shinn Fu Defendants to require them to designate witnesses to testify on an unknown date regarding topics that are not described with reasonable particularity.

        As for the location of the Defendants' depositions, the well-settled rule in the District of Connecticut is that "[t]he deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business, especially when . . . the corporation is the defendant."  *Morin v. Nationwide Fed. Credit Union*, 229 F.R.D. 362, 363 (D. Conn. 2005) (*quoting Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979)).  "This presumption is based on the concept that *it is the plaintiff who brings the lawsuit and who exercises the first choice as to the forum.*"  *Id.* (emphasis in original).  A party who wishes to depose a corporate party in a different location "has the affirmative burden of demonstrating 'peculiar' circumstances which compel the court to order the depositions to be held in an alternate location."  *Id.*

        Here, the Plaintiffs have failed to demonstrate any peculiar circumstances meriting departure from the general rule, and have actually failed to provide any information at all that would allow the Court to analyze and determine the appropriate location for the Shinn Fu Defendants' depositions.  The entirety of the Plaintiffs' "argument" on this point is that "there is an issue of where the depositions of the Shinn Fu defendants' corporate and employee witnesses are to take place, and we accordingly request a ruling that the depositions take place in this district, or in Los Angeles[.]" (Pls.' Letter Brief p. 5, Dkt. No. 136.)  Further, the cases cited by Plaintiffs' counsel are readily distinguishable, involving parties from England, Texas, Canada, and Japan, respectively.  *See Harrier Techs. CPA Global Ltd.*, No. 3:12CV167(WWE), 2014 U.S. Dist. LEXIS 127187, at *2-10 (D. Conn. Sept. 11, 2014); *Morrisey v. Little Beaver, Inc.*, No. CV05-0951(LDW)(AKT), 2006 U.S. Dist. LEXIS 92812, at *2-10 (E.D.N.Y. Aug. 23, 2006); *In re Livent, Inc. Secs. Litig.*, No.

November 3, 2014
Page 5

98CIV5686(VM), 2002 U.S. Dist. LEXIS 19990, at *3-8 (S.D.N.Y. Oct. 21, 2002); *Custom Form Mfg., Inc. v. Omron Corp.*, 196 F.R.D. 333, 336-39 (N.D. Ind. 2000).  Here, in a case involving parties from China and Taiwan, the analysis is not so simple given the potential hardships for the Shinn Fu Defendants.  At the very least, the Shinn Fu Defendants must be given an opportunity to fully research, brief, and argue these important issues.  These issues cannot be decided based on a short-shrift argument contained in a letter brief.

Additionally, one of MVP (HK) Industries, Ltd.'s ("MVP") past corporate designees, and likely one of its designees in this case, is unable to travel abroad due to illness.  The undersigned counsel is in the process of obtaining documentation of this diagnosis from the potential witness's medical doctor.  Furthermore, any designees who are Chinese nationals will be prohibited by Chinese law from traveling abroad for a deposition, except to Hong Kong or Macau aka Macao.  The undersigned counsel is in the process of obtaining supporting documentation on this point from Wei Fu's counsel in China.  With so many witnesses unable to travel to the U.S., it would be inefficient to force Shinn Fu Corp.'s designees to travel to the U.S. for a deposition when all of the depositions can be accomplished together in Hong Kong.  Alternatively, all of the depositions can be accomplished by videoconference, which would likely provide significant savings of travel time and cost for Plaintiffs.

As a final point, the Plaintiffs themselves have not been fully compliant with their discovery obligations.  For example, they have completely failed to respond to requests for admission served by Wei Fu and MVP over thirty days ago, which renders all of the requests admitted under Fed. R. Civ. P. 36(a)(3).  (*See* MVP Requests for Admission, Ex. F.)  As the Plaintiffs have admitted the absence of several essential elements of their claim, these Defendants are now entitled to summary judgment.  *See McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009); *Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2d Cir. 1966); *O'Bryant v. Allstate Ins. Co.*, 107 F.R.D. 45, 46-47 (D. Conn. 1985).

As indicated above, the Shinn Fu Defendants are happy to work with the Plaintiffs at resolving as many of these issues as possible without judicial intervention.  To the extent that judicial intervention is necessary, we respectfully ask that proper motions be filed as required by the Federal Rules of Civil Procedure, and that the Defendants be afforded an opportunity to respond in writing and at a hearing if necessary.  To the extent that the Plaintiffs' letter brief is construed as such a motion, we respectfully ask that the relief requested therein be denied.

Very truly yours,

*s/ Sean P. Flynn*

Sean P. Flynn

cc:      All Counsel of Record Via E-Mail

# EXHIBIT A

SEAN P. FLYNN
SFLYNN@GORDONREES.COM
DIRECT DIAL: (949) 255-6950

# GORDON & REES LLP

ATTORNEYS AT LAW
2211 MICHELSON DRIVE
SUITE 400
IRVINE, CA 92612
PHONE: (949) 255-6950
FAX: (949) 474-2060
WWW.GORDONREES.COM

July 20, 2014

**VIA EMAIL**

David J. Elliott
Partner
Day Pitney LLP
242 Trumbull Street
Hartford, CT, 06103

Re:   *Klorczyk et al., v. Sears, Roebuck & Co., et al.*
       Case No.:       13-CV-00257-RNC (JAM)

Dear David:

We are writing in response to your June 16, 2014 correspondence, retransmitted again on July 14, 2014, wherein you set forth 11 issues concerning our clients' discovery responses and document production. We will address each in turn.

1.    Regarding Wei Fu's response to Interrogatory number 2, we believe this was in error. As can be seen from Wei Fu's response to Requests for Production number 10 and 11, no documents were found. Investigation continues into this issue. We will follow up with you regarding this issue.

2.    Regarding Shinn Fu Corp.'s response to Interrogatory number 2, as you can see from the document production index previously provided to your office, there were several documents provided in response to Request for Production number 11. Please advise if you are still unable to identify those documents.

3.    Regarding Shinn Fu Corp.'s response to Requests for Production number 11 and 45, as you can see from the document production index previously provided to your office, there were several documents provided in response to Request for Production 11 and 45. Please advise if you are still unable to identify those documents.

4.    Regarding MVP's response to Interrogatory number 2, as you can see from the document production index previously provided to your office, there were several documents provided in response to Requests for Production number 10 and 11. Please advise if you are still unable to identify those documents.

CALIFORNIA ♦ NEW YORK ♦ TEXAS ♦ ILLINOIS ♦ NEVADA ♦ ARIZONA ♦ COLORADO ♦ OREGON ♦ WASHINGTON
NEW JERSEY ♦ FLORIDA ♦ GEORGIA ♦ CONNECTICUT ♦ MISSOURI ♦ WASHINGTON, DC ♦ PENNSYLVANIA ♦ NORTH CAROLINA

Exhibit A Page 7

July 20, 2014
Page 2

    5.     Regarding MVP's responses to Requests for Production numbers 4, 6, 11, 20, and 46, as you can see from the document production index previously provided to your office, there were several documents provided in response to those Requests.  Please advise if you are still unable to identify those documents.

    6.     It is unclear from this category what Plaintiffs are requesting.  Presuming that Plaintiffs' are asking for reconsideration of responses to Requests for Production numbers 3, 4, 13, 24, and/or 43, Shinn Fu America's response to those requests was:

> After a diligent search for the matters requested above, Responding Party was not able to locate any responsive documents in its possession, custody or control.  Therefore, no documents will be produced at this time.  Discovery is continuing.

At the time of the response, Shinn Fu America had not located any documents. Discovery is continuing, and if any documents are located they will be produced.

    7.     We disagree with your assertion relative to these responses.  The manner in which the requests were phrased ["All Documents" or "All Documents concerning" or "prepared on behalf of"] we so broad as to potentially call for the disclosure and/or production of information and/or documents protected by the attorney client and/or work product privileges.  As it relates to this circumstance specifically, the concern was relating to disclosure and/or production of information and/or documents prepared and exchanged within the context of this litigation.

    Relative to your request for the preparation of a privilege log relative to this information and/or documents, we are not aware of any rule or case authority requiring the preparation of a privilege log for Counsel's communication file and/or memoranda file.  If we are in error, please provide citations to the relevant authorities on which you rely.

    8.     In light of the foregoing, and the relevant rules relating to discovery, we do not understand this request.  Please clarify.

    9.     Again, in light of the foregoing, and the relevant rules relating to discovery, we are not aware of any rule affirmatively requiring the preparation of an affidavit regarding how a responding party prepared responses and document productions.  If we are in error, please provide citations to the relevant authorities on which you rely.

    10.    The Documents were produced in the manner in which they are maintained.  It appears that some of the "blank" documents are spreadsheets that had active pages that would not fit on one page, however, the "blank" pages did not contain any data or information.  This is a common occurrence.  Regarding the "gibberish" and "nonsensical" characters, this is probably the result of a different language default setting within the e-mail programs.  Finally, we did not see any blurry pages, and on those pages where there is small print we were able to zoom into magnify the text.  We are happy to continue working with you on these issues.

    11.    Please specify which request(s) you are referring to so that we can respond to the concerns set forth in your letter.

July 20, 2014
Page 3

As indicated above, we are happy to work with you on these issues and look forward to receiving your additional information.  Please let us know if you have any questions or concerns.

Very truly yours,
*s/ Sean P. Flynn*

Sean P. Flynn

SPF1:

cc:     All Counsel of Record Via E-Mail

1097376/20155093v.2

Exhibit A Page 9

# EXHIBIT B

# DAY PITNEY LLP

BOSTON   CONNECTICUT   NEW JERSEY   NEW YORK   WASHINGTON, DC

DAVID J. ELLIOTT
Attorney at Law

242 Trumbull Street
Hartford, CT 06103-1212
T: (860) 275-0196 F: (860) 881-2447
djelliott@daypitney.com

June 16, 2014

**VIA E-MAIL**

Sean P. Flynn, Esq.
Gordon & Rees LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612

        Re:     Klorczyk et al. v. Sears, Roebuck & Co. et al.

Dear Sean:

        We are writing in the spirit of good faith to address the significant deficiencies in the supplemental discovery responses served by your clients Wei Fu (Taishan) Machinery & Electric Co., Ltd. ("Wei Fu"), Shinn Fu Corporation ("SFC"), and MVP (H.K.) Industries Ltd. ("MVP") on April 22, 2014 and to address the significant deficiencies in the responses served by your client Shinn Fu Company of America, Inc. ("SFA") on January 6, 2014.

        1.      In Wei Fu's supplemental responses to Plaintiffs' First Set of Interrogatories dated April 22, 2014, Wei Fu provided a supplemental response indicating that it would provide responsive documents it currently has in its control, custody and/or possession to Interrogatory No. 2, which requested identification of specified incidents involving a jack stand. No documents were provided with the responses and no additional documents have been received.

        2.      In SFC's supplemental responses to Plaintiffs' First Set of Interrogatories dated April 22, 2014, SFC provided a supplemental response indicating that it would provide responsive documents it currently has in its control, custody and/or possession to Interrogatory No. 2, which requested identification of specified incidents involving a jack stand. No documents were provided with the responses and no additional documents have been received.

        3.      In SFC's supplemental responses to Plaintiffs' First Set of Requests for Production dated April 22, 2014, SFC provided supplemental responses indicating that it would provide responsive documents it currently has in its control, custody and/or possession to Request for Production No. 11, which requested complaints (legal and non-legal) or litigation (pending or settled) involving specified allegations concerning a jack stand, and No. 45, which

44483782.2

Exhibit B Page 11

**DAY PITNEY** LLP

Sean P. Flynn, Esq.
June 13, 2014
Page 2

requested all documents concerning communications between any or all of the Defendants and MVP and/or Wei Fu with respect to supplying, distributing and/or selling jack stands to Sears. No documents were provided with the responses and no additional documents have been received.

4.      In MVP's supplemental responses to Plaintiffs' First Set of Interrogatories dated April 22, 2014, MVP provided a supplemental response indicating that it would provide responsive documents it currently has in its control, custody and/or possession to Interrogatory No. 2, which requested identification of specified incidents involving a jack stand.  No documents were provided with the responses and no additional documents have been received.

5.      In MVP's supplemental responses to Plaintiffs' First Set of Requests for Production dated April 22, 2014, SFC provided supplemental responses indicating that it would provide responsive documents it currently has in its control, custody and/or possession to Request for Production No. 4, which requested all documents concerning the testing of the jack stands; No. 6, which requested all documents concerning the labeling, use, instructions, operating manual or warnings with respect to the jack stands; No. 11, which requested complaints (legal and non-legal) or litigation (pending or settled) involving specified allegations concerning a jack stand; No. 20, which requested all documents concerning the name(s) and address(es) of the factory(ies) and locations where Defendants manufacture(d) or distribute(d) jack stands; and No. 46, which requested all documents concerning the development of warnings for the jack stands.  One two-page document written in Chinese, MVP 010002 – MVP 010003, was produced with the responses and no additional documents have been received.

During the telephonic status conference with the court on May 21, 2014, we raised the above issues and that we had received the supplemental responses but had not received the documents identified therein.  You indicated at that time that there were no outstanding documents to be produced by your clients.  We do not understand that statement in light of your supplemental responses.  Your supplemental responses indicate that you will provide responsive documents to the requests identified above.  Please provide the documents you indicated you would produce and indicate to which Request the produced document is responsive.

6.      Further, we directed to SFA interrogatories (see Nos. 4(c), 7, 8, 9, 10, 22, 23) and requests for production (see Nos. 3, 4, 13, 24, 43) concerning testing and inspection of jack stands.  SFA identified Jemmy Tsaur as the person who tested the jack stands and who is responsible for designing and inspecting the jack stands.  SFA also identified Johnny Lu as providing training to MVP or Wei Fu concerning design, inspection, testing, etc. (Interrogatory No. 22).  SFA admitted that some inspections took place at SFA in Kansas City, MO (Interrogatory No. 10).  Yet, SFA responded that it has no documents concerning inspection, quality control, quality assurance, and load or other testing of the jack stands and no documents concerning communications with MVP and/or Wei Fu concerning design and

44483782.2

# ᴅᴘ DAY PITNEY LLP

Sean P. Flynn, Esq.
June 13, 2014
Page 3

testing. Information we have developed indicates SFA in fact tested and inspected jack stands, including those involved in this case, which is consistent with the partial response you have given. We ask that you forthwith reconsider and revise your response.

7.    It also appears defendants have refused to respond to certain requests on the unsupportable ground that the documents sought are confidential. We do not believe there is any merit to this objection and you have not provided the required privilege log for same. These objections are found in response to SFC's response to RFPs # 19; SFA's responses to RFP #s 25 and 26; MVP responses to RFP#s 2, 3, 5, 7, 8, 9, 19, 22, 25 and 45; Wei Fu responses to RFP #s 1, 2, 3, 4, 6, 12, 14, 15, 16, 28, 40, 41 and 42.

8.    Please advise if the defendants have conducted a diligent and thorough search for their records (both physical and electronic) for the documents requested in these various Requests. Again, if any responsive documents are being withheld on the grounds they are confidential or privileged, you must provide the necessary privilege log for each withheld document.

9.    Also, to all defendants, it is apparent that document production thus far, deliberately or not, is inadequate and incomplete. Please provide for each defendant an affidavit detailing the nature, extent, and degree of the search conducted in response to plaintiffs' requests for production (both for hard copies of documents and for electronically stored information), including searching of servers\computers of executives, managers, officers, engineers, and other employees who were\are responsible for the area or subject matter of the documents requested in plaintiffs' requests. We have raised these issues with you on many occasions, most memorably in the conference call with  Judge Chatigny on January 29, 2014, when Judge Chatigny asked "[c]an you explain to me how the client knew which documents to produce and how the client went about organizing the production," to which Sean replied, "they went through the discovery requests . . . and then started looking for documents. The specifics of the order of operations I'm not aware of." (Tr. at 11)

10.    There is also the issue that many of the documents, especially those produced on behalf of SFA, are blank or illegible. For instance , hundreds of pages produced by SFA are blank, as an example SFA001837 to SFA 001842. Text in hundreds of the SFA documents are rendered incorrectly and appear as nonsensical characters or as unreadable gibberish. See, SFA 000370, SFA 002085, SFA002499 and SFA002500. Some of the documents are so blurry or tiny they are unreadable even with computer magnification. See SFA 002171, SFA 002517. Our review also shows that the vast majority of charts and images are not readable, either because they are displayed by an error indication ( for example SFA 00901,002075 and 002498), or contain gibberish text or errors, or are split onto multiple pages in such a way that makes the chart or graph unreadable.  Further , hundreds of pages consist of blank chart lines. See SFA

44483782.2

**DAY PITNEY** LLP

Sean P. Flynn, Esq.
June 13, 2014
Page 4

00665 thru SFA 001160, and SFA 002517.  Legible copies of these blank, unreadable or nonsensical bates numbered documents should be provided forthwith in proper form.

      11.    One final note, it seems all defendants have taken a "no responsive documents" approach to all plaintiffs' requests concerning the business interrelationships of these "globally affiliated" entities.  This is not credible and we ask that you reconsider and revise your responses.

      We trust you will respond to this letter within the next ten (10) days and that we can promptly and adequately resolve these issues without the need for further judicial intervention.

Very truly yours,

David J. Elliott

DJE

cc:     All counsel of record

# EXHIBIT C

Exhibit C Page 15

| DocID | Title | To | From | Date | Category | Privilege Reason |
|---|---|---|---|---|---|---|
| SFT000851 | Letter RE: Invoice for Raymond et al v. Sears Roebuck & Co. | Chester C. Woodburn, III, Esq. | Arthur A. Chaykin | 8/22/2007 | Letter | Attorney - Client Privilege |

Exhibit C Page 16

# EXHIBIT D

| DocID | Title | To | From | Date | Cagtegory | Privilege Reason |
|---|---|---|---|---|---|---|
| SFA000050 | FW: Klorczyk Claim Case (SFA's Answers) -- Document Collection © | Meghann O'Connor | William Shaw | 1/9/2014 | Email | Attorney - Client Privilege |

# EXHIBIT E

| DocID | Title | To | From | Date | Category | Privilege Reason |
|---|---|---|---|---|---|---|
| MVP008766 | Email RE Raymond PLI Dismissal | Arthur Chaykin, Julin Chen | Kristy Lee | 5/2/2007 | Email | Attorney - Client Privilege |
| MVP008767 | Email RE Raymond | Kristy Lee | Arthur Chaykin | 5/15/2007 | Email | Attorney - Client Privilege |
| MVP008768 | Email RE Raymond Estate vs. Sears | Jacky Lee, Roger Claypool, Ivan-Chan@mvphk.com | Arthur Chaykin | 6/20/2006 | Email | Attorney - Client Privilege |
| MVP008770 - MVP008778 | Release and Settlement Agreement | | | 5/1/2007 | | Attorney - Client Privilege |
| MVP009073 - MVP009081 | Release and Settlement Agreement | | | 5/1/2007 | | Attorney - Client Privilege |
| MVP009084 | Credit Memo for | | | 5/2/2007 | | Attorney - Client Privilege |
| MVP010002 | Foreign Language Letter | Unknown | Unknown | 00/00/2012 | Letter | Attorney - Client Privilege |

# EXHIBIT F

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually <br><br> Plaintiff, <br><br> vs. <br><br> SEARS, ROEBUCK AND CO., SHINN FU CORPORATION, SHINN FU COMPANY OF AMERICA, INC., and MVP (HK) INDUSTRIES, LTD <br><br> Defendants. | Case 3:13-cv-00257-RNC <br><br> **DEFENDANT, MVP (HK) INDUSTRIES, LTD'S REQUESTS FOR ADMISSIONS TO PLAINTIFF, FREDERICK KLORCZYK, JR.** <br><br> **FIRST SET** <br><br><br> DECEMBER 4, 2013 |

**PROPOUNDING PARTY:**    MVP (HK) INDUSTRIES, LTD

**RESPONDING PARTY:**    FREDERICK KLORCZYK, JR.

**SET NUMBER:**    ONE

Propounding Party, pursuant to Federal Rules of Civil Procedure Rule 36, hereby served the following Requests for Admission, Set One, to Responding Party.

Responding Party is required to serve verified responses to these requests within thirty (30) days of the date of service. Under Federal Rule of Civil Procedure 26(e)(2), Responding Party is also required to seasonably amend the responses to these Requests for Admission if it "learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

**REQUEST FOR ADMISSION NO. 1:**

Admit that **YOU** cannot **IDENTIFY** any **DOCUMENTS** to support **YOUR** contention that **DECEDENT** purchased **JACK STANDS** from **SEARS** at any point in time.

("**YOU**" or "**YOUR**" for purposes of this and each subsequent Request means Responding Parties)

("**IDENTIFY**" for purposes of this and each subsequent Request means:

a) When used in reference to a natural person, means to state such person's full name, last-known home and business address, last-known business affiliation, employer, and position therewith, and the latest date that such information was true, to your knowledge;

b) When used in reference to a business, firm, partnership, joint venture, company or corporation, means to state, to the extent known, its full name, state of incorporation or creation, address of its principal place of business, and its principal activities or products; or

c) When used in reference to documents or writings, means to describe specifically the document, including a description of its type (e.g., letter, memorandum, telegram, chart, etc.), and to state its date, author, addressee, title, file identification number or symbol, and to identify the present location and the name and address of the present custodian of such document. If any such document is no longer in **YOUR** possession or subject to **YOUR** control, state what disposition was made of it and the date of such disposition, identifying the person having knowledge of its content)

("**DOCUMENTS**" for purposes of this and each subsequent Request means: as used herein is intended to have the broadest possible meaning and encompass, without limitation, the definitions of WRITING set forth in Section 1001 of the Federal Rules of Evidence, and Federal Rule of Civil Procedure 34, respectively, and include the original or copy, and both sides thereof, of handwriting, typewriting, printing, photocopying, photographing, and every other means of recording upon any tangible thing, any form of communication and representation, including letters, words, pictures, sounds, and symbols, or combinations of them. It also includes non-paper information storage such as tapes, films, disks and computer memory devices and

electronic mail.  Electronic mail means all original and any non-identical copies of documents sent or received as electronic mail (including all attachments), whether in printed or electronic form of any kind, including, without limitation, data stored on hard disks, floppy discs, servers, magnetic tape, personal or handheld computers or devices (such as Palm or BlackBerry devices), in random access memory or in read-only memory.  For purposes of this definition, the electronic version of any electronic mail is deemed to be an original, irrespective of the existence or creation of a hard copy print-out of that electronic mail, and you are required to produce all responsive documents stored in electronic format.  Electronic mail includes all electronic mail in YOUR possession, and is not limited to electronic mail in the senders' or recipients' files or computers, and includes any electronic mail that has been deleted from the senders' or recipients' computers.  Electronically stored information shall be produced in its native format, searchable and with linked attachments as they were sent or received in the regular course of business)

("**DECEDENT**" for purposes of this and each subsequent Request means Christian R. Klorczyk)

("**JACK STAND(S)**" for purposes of this and each subsequent Request means the vehicle support stand or device identified in Plaintiffs' Complaint and First Amended Complaint, as well as any aspect, feature, or component part of said jack stand(s))

("**SEARS**" for purposes of this and each subsequent Request means Defendant, Sears, Roebuck & Co.)

## REQUEST FOR ADMISSION NO. 2:

Admit that **YOU** cannot **IDENTIFY** any **DOCUMENTS** that support **YOUR** contention that **DECEDENT** was damaged as a result of any actions of PROPOUNDING PARTY.

3

**REQUEST FOR ADMISSION NO. 3:**

Admit that **YOU** cannot **IDENTIFY** any **DOCUMENTS** that support **YOUR** contention that **DECEDENT** was damaged as a result of any omissions by **PROPOUNDING PARTY.**

**REQUEST FOR ADMISSION NO. 4:**

Admit that **YOU** cannot **IDENTIFY** any witnesses, by deposition or otherwise, that can support **YOUR** contention that **DECEDENT** was damaged as a result of any actions of **PROPOUNDING PARTY.**

**REQUEST FOR ADMISSION NO. 5:**

Admit that **YOU** cannot **IDENTIFY** any witnesses, by deposition or otherwise, that can support **YOUR** contention that **DECEDENT** was damaged as a result of any omissions by **PROPOUNDING PARTY.**

**REQUEST FOR ADMISSION NO. 6:**

Admit that **YOU** have no evidence to support **YOUR** claim for punitive damages against **PROPOUNDING PARTY.**

**REQUEST FOR ADMISSION NO. 7:**

Admit that **YOU** have no evidence to support any claim for damages against **PROPOUNDING PARTY.**

**REQUEST FOR ADMISSION NO. 8:**

Admit that **YOU** have no evidence to demonstrate that **PROPOUNDING PARTY** was the cause of **YOUR** alleged damages.

4

**REQUEST FOR ADMISSION NO. 9:**

Admit that **YOU** have no evidence to demonstrate that **PROPOUNDING PARTY** was the cause of **DECEDENT'S** alleged damages.

**REQUEST FOR ADMISSION NO. 10:**

Admit that **PROPOUNDING PARTY** is not liable for Negligence as alleged in **YOUR** First Amended Complaint.

**REQUEST FOR ADMISSION NO. 11:**

Admit that **PROPOUNDING PARTY** is not liable for Strict Liability as alleged in **YOUR** First Amended Complaint.

**REQUEST FOR ADMISSION NO. 12:**

Admit that **PROPOUNDING PARTY** is not liable for Breach of Express Warranty as alleged in **YOUR** First Amended Complaint.

**REQUEST FOR ADMISSION NO. 13:**

Admit that **PROPOUNDING PARTY** is not liable for Breach of Implied Warranty as alleged in **YOUR** First Amended Complaint.

**REQUEST FOR ADMISSION NO. 14:**

Admit that **PROPOUNDING PARTY** is not liable for Failure to Warn as alleged in **YOUR** First Amended Complaint.

**REQUEST FOR ADMISSION NO. 15:**

Admit that **PROPOUNDING PARTY** is not liable for Non-Disclosure as alleged in **YOUR** First Amended Complaint.

5

**REQUEST FOR ADMISSION NO. 16:**

Admit that **YOU** have no evidence that the **JACK STAND** at issue in this litigation was defectively designed.

**REQUEST FOR ADMISSION NO. 17:**

Admit that **YOU** have no evidence that the **JACK STAND** at issue in this litigation was defectively manufactured.

**REQUEST FOR ADMISSION NO. 18:**

Admit that **YOU** have no evidence that the **JACK STAND** at issue in this litigation was defectively assembled.

**REQUEST FOR ADMISSION NO. 19:**

Admit that the **JACK STAND** product warnings complied with all required federal regulations.

**REQUEST FOR ADMISSION NO. 180:**

Admit that the **JACK STAND** complied with all **ISO** ("ISO" means International Organization for Standardization) standards.

**REQUEST FOR ADMISSION NO. 191:**

Admit that the **JACK STAND** complied with all **ASME** ("ASME" means American Society of Mechanical Engineers) standards.

**REQUEST FOR ADMISSION NO. 202:**

Admit that the **JACK STAND** complied with all **ANSI** ("ANSI" means American National Standards Institute) standards.

6

**REQUEST FOR ADMISSION NO. 213:**

      Admit that the **JACK STAND** complied with all **PALD** ("PALD" means Portable Automotive Lifting Devices) standards.

**REQUEST FOR ADMISSION NO. 224:**

      Admit that the **JACK STAND** at issue in this litigation came with product warnings at the time of purchase by **DECEDENT**.

**REQUEST FOR ADMISSION NO. 235:**

      Admit that the **JACK STAND** product warnings complied with all required state regulations.

**REQUEST FOR ADMISSION NO. 246:**

      Admit that **DECEDENT** failed to follow all of the **JACK STAND** product warnings at the time the incident occurred (identified as March 11, 2011 in the First Amended Complaint).

**REQUEST FOR ADMISSION NO. 257:**

      Admit that the **JACK STAND** at issue in this litigation came with product instructions at the time of purchase by **DECEDENT**.

**REQUEST FOR ADMISSION NO. 268:**

      Admit that the **JACK STAND** at issue in this litigation came with product instructions that complied with **ISO** standards at the time of purchase by **DECEDENT**.

**REQUEST FOR ADMISSION NO. 29:**

      Admit that the **JACK STAND** at issue in this litigation came with product instructions that complied with **ASME** standards at the time of purchase by **DECEDENT**.

7

**REQUEST FOR ADMISSION NO. 30:**

Admit that the **JACK STAND** at issue in this litigation came with product instructions that complied with **ANSI** standards at the time of purchase by **DECEDENT**.

**REQUEST FOR ADMISSION NO. 31:**

Admit that the **JACK STAND** at issue in this litigation came with product instructions that complied with **PALD** standards at the time of purchase by **DECEDENT**.

**REQUEST FOR ADMISSION NO. 32:**

Admit that **DECEDENT** failed to follow all of the **JACK STAND** product instructions at the time at the time the incident occurred (identified as March 11, 2011 in the First Amended Complaint).

**REQUEST FOR ADMISSION NO. 33:**

Admit that the **JACK STAND** was altered from the time of purchase to the time it was used by **DECEDENT**.

**REQUEST FOR ADMISSION NO. 34:**

Admit that **DECEDENT** altered the **JACK STAND** at or before the time of the incident (identified as March 11, 2011 in the First Amended Complaint).

**REQUEST FOR ADMISSION NO. 35:**

Admit that **DECEDENT** did not use the **JACK STAND** as intended at or before the time of the incident (identified as March 11, 2011 in the First Amended Complaint).

8

DEFENDANT,
MVP (HK) INDUSTRIES, LTD.

By _____
Philip T. Newbury, Jr.
ct05283
Christopher M. Vossler
ct00373
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (Fax)
pnewbury@hl-law.com
cvossler@hl-law.com

*Pro Hac Vice:*
Sean P. Flynn
phv05949
Foley & Mansfield, PLLP
300 South Grand Avenue
Suite 2800
Los Angeles, CA  90071
(213) 283-2100
(213) 283-2101 (Fax)
sflynn@foleymansfield.com

9

## CERTIFICATION

This is to certify that on December 4, 2013, a copy of the foregoing **Requests for Admission to Frederick Klorczyk, Jr.** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

David J. Elliott, Esq. (ct04301)
Bryan J. Orticelli, Esq. (ct28643)
Kaitlin A. Canty, Esq. (ct29074)
DAY PITNEY, LLP
242 Trumbull Street
Hartford, CT 06103-1212
**(860) 275-0100**
**(860) 275-0343 fax**
**dlelliott@daypitney.com**
**borticelli@daypitney.com**
**kcanty@daypitney.com**

*PRO HAC VICE*
Joseph Donat, Esq.
Howard Wexler, Esq.
Howard Edinburgh, Esq.
Michael Gallub, Esq.
HERZFELD & RUBIN, P.C.
125 Broad Street
New York, NY 10004
**(212) 471-8500**
**(212) 344-3333 fax**
**ldonat@herzfeld-rubin.com**
**hwexler@herzfeld-rubin.com**
**hedinburgh@herzfeld-rubin.com**
**mgallub@herzfeld-rubin.com**

Michael R. Keller, Esquire
Thomas O. Anderson, Esquire
Morrison Mahoney, LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06103
**T. (860) 616-4441**
**F. (860) 244-3800**
**mkeller@morrisonmahoney.com**
**tanderson@morrisonmahoney.com**

*PRO HAC VICE*
Sean P. Flynn, Esquire
Foley & Mansfield, PLLP
300 S. Grand Avenue
Suite 2800
Los Angeles, CA 90071
**(213) 283-2100**
**(213) 283-2101 fax**
**sflynn@foleymansfield.com**

Philip T. Newbury, Jr.

10

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually

Case 3:13-cv-00257-RNC

DEFENDANT, MVP (HK) INDUSTRIES, LTD'S REQUESTS FOR ADMISSIONS TO PLAINTIFF, LYNNE KLORCZYK

FIRST SET

Plaintiff,

vs.

SEARS, ROEBUCK AND CO., SHINN FU CORPORATION, SHINN FU COMPANY OF AMERICA, INC., and MVP (HK) INDUSTRIES, LTD

DECEMBER 4, 2013

Defendants.

| | |
|---|---|
| **PROPOUNDING PARTY:** | MVP (HK) INDUSTRIES, LTD |
| **RESPONDING PARTY:** | LYNNE KLORCZYK, individually |
| **SET NUMBER:** | ONE |

Propounding Party, pursuant to Federal Rules of Civil Procedure Rule 36, hereby served the following Requests for Admission, Set One, to Responding Party.

Responding Party is required to serve verified responses to these requests within thirty (30) days of the date of service. Under Federal Rule of Civil Procedure 26(e)(2), Responding Party is also required to seasonably amend the responses to these Requests for Admission if it "learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

**REQUEST FOR ADMISSION NO. 1:**

Admit that **YOU** cannot **IDENTIFY** any **DOCUMENTS** to support **YOUR** contention that **DECEDENT** purchased **JACK STANDS** from **SEARS** at any point in time.

("**YOU**" or "**YOUR**" for purposes of this and each subsequent Request means Responding Parties)

("**IDENTIFY**" for purposes of this and each subsequent Request means:

a) When used in reference to a natural person, means to state such person's full name, last-known home and business address, last-known business affiliation, employer, and position therewith, and the latest date that such information was true, to your knowledge;

b) When used in reference to a business, firm, partnership, joint venture, company or corporation, means to state, to the extent known, its full name, state of incorporation or creation, address of its principal place of business, and its principal activities or products; or

c) When used in reference to documents or writings, means to describe specifically the document, including a description of its type (e.g., letter, memorandum, telegram, chart, etc.), and to state its date, author, addressee, title, file identification number or symbol, and to identify the present location and the name and address of the present custodian of such document.  If any such document is no longer in **YOUR** possession or subject to **YOUR** control, state what disposition was made of it and the date of such disposition, identifying the person having knowledge of its content)

("**DOCUMENTS**" for purposes of this and each subsequent Request means: as used herein is intended to have the broadest possible meaning and encompass, without limitation, the definitions of WRITING set forth in Section 1001 of the Federal Rules of Evidence, and Federal Rule of Civil Procedure 34, respectively, and include the original or copy, and both sides thereof, of handwriting, typewriting, printing, photocopying, photographing, and every other means of recording upon any tangible thing, any form of communication and representation, including letters, words, pictures, sounds, and symbols, or combinations of them.  It also includes non-paper information storage such as tapes, films, disks and computer memory devices and

2

electronic mail.  Electronic mail means all original and any non-identical copies of documents
sent or received as electronic mail (including all attachments), whether in printed or electronic
form of any kind, including, without limitation, data stored on hard disks, floppy discs, servers,
magnetic tape, personal or handheld computers or devices (such as Palm or BlackBerry devices),
in random access memory or in read-only memory.  For purposes of this definition, the
electronic version of any electronic mail is deemed to be an original, irrespective of the existence
or creation of a hard copy print-out of that electronic mail, and you are required to produce all
responsive documents stored in electronic format.  Electronic mail includes all electronic mail in
YOUR possession, and is not limited to electronic mail in the senders' or recipients' files or
computers, and includes any electronic mail that has been deleted from the senders' or
recipients' computers.  Electronically stored information shall be produced in its native format,
searchable and with linked attachments as they were sent or received in the regular course of
business)

  ("**DECEDENT**" for purposes of this and each subsequent Request means Christian R.
Klorczyk)

  ("**JACK STAND(S)**" for purposes of this and each subsequent Request means the
vehicle support stand or device identified in Plaintiffs' Complaint and First Amended Complaint,
as well as any aspect, feature, or component part of said jack stand(s))

  ("**SEARS**" for purposes of this and each subsequent Request means Defendant, Sears,
Roebuck & Co.)

## REQUEST FOR ADMISSION NO. 2:

  Admit that **YOU** cannot **IDENTIFY** any **DOCUMENTS** that support **YOUR** contention
that **DECEDENT** was damaged as a result of any actions of PROPOUNDING PARTY.

3

**REQUEST FOR ADMISSION NO. 3:**

Admit that **YOU** cannot **IDENTIFY** any **DOCUMENTS** that support **YOUR** contention that **DECEDENT** was damaged as a result of any omissions by **PROPOUNDING PARTY**.

**REQUEST FOR ADMISSION NO. 4:**

Admit that **YOU** cannot **IDENTIFY** any witnesses, by deposition or otherwise, that can support **YOUR** contention that **DECEDENT** was damaged as a result of any actions of **PROPOUNDING PARTY**.

**REQUEST FOR ADMISSION NO. 5:**

Admit that **YOU** cannot **IDENTIFY** any witnesses, by deposition or otherwise, that can support **YOUR** contention that **DECEDENT** was damaged as a result of any omissions by **PROPOUNDING PARTY**.

**REQUEST FOR ADMISSION NO. 6:**

Admit that **YOU** have no evidence to support **YOUR** claim for punitive damages against **PROPOUNDING PARTY**.

**REQUEST FOR ADMISSION NO. 7:**

Admit that **YOU** have no evidence to support any claim for damages against **PROPOUNDING PARTY**.

**REQUEST FOR ADMISSION NO. 8:**

Admit that **YOU** have no evidence to demonstrate that **PROPOUNDING PARTY** was the cause of **YOUR** alleged damages.

4

**REQUEST FOR ADMISSION NO. 9:**

Admit that **YOU** have no evidence to demonstrate that **PROPOUNDING PARTY** was the cause of **DECEDENT'S** alleged damages.

**REQUEST FOR ADMISSION NO. 10:**

Admit that **PROPOUNDING PARTY** is not liable for Negligence as alleged in YOUR First Amended Complaint.

**REQUEST FOR ADMISSION NO. 11:**

Admit that **PROPOUNDING PARTY** is not liable for Strict Liability as alleged in **YOUR** First Amended Complaint.

**REQUEST FOR ADMISSION NO. 12:**

Admit that **PROPOUNDING PARTY** is not liable for Breach of Express Warranty as alleged in **YOUR** First Amended Complaint.

**REQUEST FOR ADMISSION NO. 13:**

Admit that **PROPOUNDING PARTY** is not liable for Breach of Implied Warranty as alleged in **YOUR** First Amended Complaint.

**REQUEST FOR ADMISSION NO. 14:**

Admit that **PROPOUNDING PARTY** is not liable for Failure to Warn as alleged in **YOUR** First Amended Complaint.

**REQUEST FOR ADMISSION NO. 15:**

Admit that **PROPOUNDING PARTY** is not liable for Non-Disclosure as alleged in **YOUR** First Amended Complaint.

**REQUEST FOR ADMISSION NO. 1616:**

Admit that **YOU** have no evidence that the **JACK STAND** at issue in this litigation was defectively designed.

**REQUEST FOR ADMISSION NO.17:**

Admit that **YOU** have no evidence that the **JACK STAND** at issue in this litigation was defectively manufactured.

**REQUEST FOR ADMISSION NO. 178:**

Admit that **YOU** have no evidence that the **JACK STAND** at issue in this litigation was defectively assembled.

**REQUEST FOR ADMISSION NO. 19:**

Admit that the **JACK STAND** product warnings complied with all required federal regulations.

**REQUEST FOR ADMISSION NO. 180:**

Admit that the **JACK STAND** complied with all ISO ("ISO" means International Organization for Standardization) standards.

**REQUEST FOR ADMISSION NO. 191:**

Admit that the **JACK STAND** complied with all ASME ("ASME" means American Society of Mechanical Engineers) standards.

6

**REQUEST FOR ADMISSION NO. 202:**

   Admit that the **JACK STAND** complied with all **ANSI** ("ANSI" means American National Standards Institute) standards.

**REQUEST FOR ADMISSION NO. 213:**

   Admit that the **JACK STAND** complied with all **PALD** ("**PALD**" means Portable Automotive Lifting Devices) standards.

**REQUEST FOR ADMISSION NO. 224:**

   Admit that the **JACK STAND** at issue in this litigation came with product warnings at the time of purchase by **DECEDENT**.

**REQUEST FOR ADMISSION NO. 235:**

   Admit that the **JACK STAND** product warnings complied with all required state regulations.

**REQUEST FOR ADMISSION NO. 246:**

   Admit that **DECEDENT** failed to follow all of the **JACK STAND** product warnings at the time the incident occurred (identified as March 11, 2011 in the First Amended Complaint).

**REQUEST FOR ADMISSION NO. 257:**

   Admit that the **JACK STAND** at issue in this litigation came with product instructions at the time of purchase by **DECEDENT**.

**REQUEST FOR ADMISSION NO. 268:**

   Admit that the **JACK STAND** at issue in this litigation came with product instructions that complied with **ISO** standards at the time of purchase by **DECEDENT**.

7

**REQUEST FOR ADMISSION NO. 29:**

Admit that the **JACK STAND** at issue in this litigation came with product instructions that complied with **ASME** standards at the time of purchase by **DECEDENT**.

**REQUEST FOR ADMISSION NO. 30:**

Admit that the **JACK STAND** at issue in this litigation came with product instructions that complied with **ANSI** standards at the time of purchase by **DECEDENT**.

**REQUEST FOR ADMISSION NO. 31:**

Admit that the **JACK STAND** at issue in this litigation came with product instructions that complied with **PALD** standards at the time of purchase by **DECEDENT**.

**REQUEST FOR ADMISSION NO. 32:**

Admit that **DECEDENT** failed to follow all of the **JACK STAND** product instructions at the time at the time the incident occurred (identified as March 11, 2011 in the First Amended Complaint).

**REQUEST FOR ADMISSION NO. 33:**

Admit that the **JACK STAND** was altered from the time of purchase to the time it was used by **DECEDENT**.

**REQUEST FOR ADMISSION NO. 34:**

Admit that **DECEDENT** altered the **JACK STAND** at or before the time of the incident (identified as March 11, 2011 in the First Amended Complaint).

8

**REQUEST FOR ADMISSION NO. 35:**

Admit that **DECEDENT** did not use the **JACK STAND** as intended at or before the time of the incident (identified as March 11, 2011 in the First Amended Complaint).

DEFENDANT,
MVP (HK) INDUSTRIES, LTD.

By_____
Philip T. Newbury, Jr.
ct05283
Christopher M. Vossler
ct00373
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
(860) 249-7665 (Fax)
pnewbury@hl-law.com
cvossler@hl-law.com

*Pro Hac Vice:*
Sean P. Flynn
phv05949
Foley & Mansfield, PLLP
300 South Grand Avenue
Suite 2800
Los Angeles, CA 90071
(213) 283-2100
(213) 283-2101 (Fax)
sflynn@foleymansfield.com

## CERTIFICATION

This is to certify that on December 4, 2013, a copy of the foregoing **Requests for Admission to to Lynne Klorczyk** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

David J. Elliott, Esq. (ct04301)
Bryan J. Orticelli, Esq. (ct28643)
Kaitlin A. Canty, Esq. (ct29074)
DAY PITNEY, LLP
242 Trumbull Street
Hartford, CT  06103-1212
**(860) 275-0100**
**(860) 275-0343 fax**
dielliott@daypitney.com
borticelli@daypitney.com
kcanty@daypitney.com

Michael R. Keller, Esquire
Thomas O. Anderson, Esquire
Morrison Mahoney, LLP
One Constitution Plaza, 10th Floor
Hartford, CT  06103
**T.  (860) 616-4441**
**F.  (860) 244-3800**
mkeller@morrisonmahoney.com
tanderson@morrisonmahoney.com

**PRO HAC VICE**
Joseph Donat, Esq.
Howard Wexler, Esq.
Howard Edinburgh, Esq.
Michael Gallub, Esq.
HERZFELD & RUBIN, P.C.
125 Broad Street
New York, NY  10004
**(212) 471-8500**
**(212) 344-3333 fax**
ldonat@herzfeld-rubin.com
hwezler@herzfeld-rubin.com
hedinburgh@herzfeld-rubin.com
mgallub@herzfeld-rubin.com

**PRO HAC VICE**
Sean P. Flynn, Esquire
Foley & Mansfield, PLLP
300 S. Grand Avenue
Suite 2800
Los Angeles, CA  90071
**(213) 283-2100**
**(213) 283-2101 fax**
sflynn@foleymansfield.com

_Philip T Newbury jr_

_____
Philip T. Newbury, Jr.

10

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually<br><br>Plaintiff,<br><br>vs.<br><br>SEARS, ROEBUCK AND CO., SHINN FU CORPORATION, SHINN FU COMPANY OF AMERICA, INC., and MVP (HK) INDUSTRIES, LTD<br><br>Defendants. | Case 3:13-cv-00257-RNC<br><br>**DEFENDANT, MVP (HK) INDUSTRIES, LTD'S REQUESTS FOR ADMISSIONS TO PLAINTIFFS, FREDERICK KLORCZYK, JR. AND LYNNE KLORCZYK AS CO-ADMINISTRATORS OF THE ESTATE OF CHRISTIAN KLORCZYK**<br><br>**FIRST SET**<br><br><br>**DECEMBER 4, 2013** |

**PROPOUNDING PARTY:**       MVP (HK) INDUSTRIES, LTD

**RESPONDING PARTY:**       FREDERICK KLORCZYK, JR. and LYNNE

KLORCZYK as co-administrators of the Estate of

Christian R. Klorczyk

**SET NUMBER:**       ONE

Propounding Party, pursuant to Federal Rules of Civil Procedure Rule 36, hereby served the following Requests for Admission, Set One, to Responding Party.

Responding Party is required to serve verified responses to these requests within thirty (30) days of the date of service. Under Federal Rule of Civil Procedure 26(e)(2), Responding Party is also required to seasonably amend the responses to these Requests for Admission if it

"learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

## REQUEST FOR ADMISSION NO. 1:

Admit that **YOU** cannot **IDENTIFY** any **DOCUMENTS** to support **YOUR** contention that **DECEDENT** purchased **JACK STANDS** from **SEARS** at any point in time.

("**YOU**" or "**YOUR**" for purposes of this and each subsequent Request means Responding Parties)

("**IDENTIFY**" for purposes of this and each subsequent Request means:

a) When used in reference to a natural person, means to state such person's full name, last-known home and business address, last-known business affiliation, employer, and position therewith, and the latest date that such information was true, to your knowledge;

b) When used in reference to a business, firm, partnership, joint venture, company or corporation, means to state, to the extent known, its full name, state of incorporation or creation, address of its principal place of business, and its principal activities or products; or

c) When used in reference to documents or writings, means to describe specifically the document, including a description of its type (e.g., letter, memorandum, telegram, chart, etc.), and to state its date, author, addressee, title, file identification number or symbol, and to identify the present location and the name and address of the present custodian of such document. If any such document is no longer in **YOUR** possession or subject to **YOUR** control, state what disposition was made of it and the date of such disposition, identifying the person having knowledge of its content)

("**DOCUMENTS**" for purposes of this and each subsequent Request means: as used herein is intended to have the broadest possible meaning and encompass, without limitation, the definitions of WRITING set forth in Section 1001 of the Federal Rules of Evidence, and Federal Rule of Civil Procedure 34, respectively, and include the original or copy, and both sides thereof,

2

of handwriting, typewriting, printing, photocopying, photographing, and every other means of recording upon any tangible thing, any form of communication and representation, including letters, words, pictures, sounds, and symbols, or combinations of them.  It also includes non-paper information storage such as tapes, films, disks and computer memory devices and electronic mail.  Electronic mail means all original and any non-identical copies of documents sent or received as electronic mail (including all attachments), whether in printed or electronic form of any kind, including, without limitation, data stored on hard disks, floppy discs, servers, magnetic tape, personal or handheld computers or devices (such as Palm or BlackBerry devices), in random access memory or in read-only memory.  For purposes of this definition, the electronic version of any electronic mail is deemed to be an original, irrespective of the existence or creation of a hard copy print-out of that electronic mail, and you are required to produce all responsive documents stored in electronic format.  Electronic mail includes all electronic mail in YOUR possession, and is not limited to electronic mail in the senders' or recipients' files or computers, and includes any electronic mail that has been deleted from the senders' or recipients' computers.  Electronically stored information shall be produced in its native format, searchable and with linked attachments as they were sent or received in the regular course of business)

("**DECEDENT**" for purposes of this and each subsequent Request means Christian R. Klorczyk)

("**JACK STAND(S)**" for purposes of this and each subsequent Request means the vehicle support stand or device identified in Plaintiffs' Complaint and First Amended Complaint, as well as any aspect, feature, or component part of said jack stand(s))

("**SEARS**" for purposes of this and each subsequent Request means Defendant, Sears, Roebuck & Co.)

3

**REQUEST FOR ADMISSION NO. 2:**

Admit that **YOU** cannot **IDENTIFY** any **DOCUMENTS** that support **YOUR** contention that **DECEDENT** was damaged as a result of any actions of **PROPOUNDING PARTY.**

**REQUEST FOR ADMISSION NO. 3:**

Admit that **YOU** cannot **IDENTIFY** any **DOCUMENTS** that support **YOUR** contention that **DECEDENT** was damaged as a result of any omissions by **PROPOUNDING PARTY.**

**REQUEST FOR ADMISSION NO. 4:**

Admit that **YOU** cannot **IDENTIFY** any witnesses, by deposition or otherwise, that can support **YOUR** contention that **DECEDENT** was damaged as a result of any actions of **PROPOUNDING PARTY.**

**REQUEST FOR ADMISSION NO. 5:**

Admit that **YOU** cannot **IDENTIFY** any witnesses, by deposition or otherwise, that can support **YOUR** contention that **DECEDENT** was damaged as a result of any omissions by **PROPOUNDING PARTY.**

**REQUEST FOR ADMISSION NO. 6:**

Admit that **YOU** have no evidence to support **YOUR** claim for punitive damages against **PROPOUNDING PARTY.**

**REQUEST FOR ADMISSION NO. 7:**

Admit that **YOU** have no evidence to support any claim for damages against **PROPOUNDING PARTY.**

4

**REQUEST FOR ADMISSION NO. 8:**

Admit that **YOU** have no evidence to demonstrate that **PROPOUNDING PARTY** was the cause of **YOUR** alleged damages.

**REQUEST FOR ADMISSION NO. 9:**

Admit that **YOU** have no evidence to demonstrate that **PROPOUNDING PARTY** was the cause of **DECEDENT'S** alleged damages.

**REQUEST FOR ADMISSION NO. 10:**

Admit that **PROPOUNDING PARTY** is not liable for Negligence as alleged in **YOUR** First Amended Complaint.

**REQUEST FOR ADMISSION NO. 11:**

Admit that **PROPOUNDING PARTY** is not liable for Strict Liability as alleged in **YOUR** First Amended Complaint.

**REQUEST FOR ADMISSION NO. 12:**

Admit that **PROPOUNDING PARTY** is not liable for Breach of Express Warranty as alleged in **YOUR** First Amended Complaint.

**REQUEST FOR ADMISSION NO. 13:**

Admit that **PROPOUNDING PARTY** is not liable for Breach of Implied Warranty as alleged in **YOUR** First Amended Complaint.

**REQUEST FOR ADMISSION NO. 14:**

Admit that **PROPOUNDING PARTY** is not liable for Failure to Warn as alleged in **YOUR** First Amended Complaint.

5

**REQUEST FOR ADMISSION NO. 15:**

Admit that **PROPOUNDING PARTY** is not liable for Non-Disclosure as alleged in **YOUR** First Amended Complaint.

**REQUEST FOR ADMISSION NO. 1616:**

Admit that **YOU** have no evidence that the **JACK STAND** at issue in this litigation was defectively designed.

**REQUEST FOR ADMISSION NO.17:**

Admit that **YOU** have no evidence that the **JACK STAND** at issue in this litigation was defectively manufactured.

**REQUEST FOR ADMISSION NO. 178:**

Admit that **YOU** have no evidence that the **JACK STAND** at issue in this litigation was defectively assembled.

**REQUEST FOR ADMISSION NO. 19:**

Admit that the **JACK STAND** product warnings complied with all required federal regulations.

**REQUEST FOR ADMISSION NO. 180:**

Admit that the **JACK STAND** complied with all **ISO** ("**ISO**" means International Organization for Standardization) standards.

**REQUEST FOR ADMISSION NO. 191:**

Admit that the **JACK STAND** complied with all **ASME** ("**ASME**" means American Society of Mechanical Engineers) standards.

**REQUEST FOR ADMISSION NO. 202:**

Admit that the **JACK STAND** complied with all **ANSI** ("**ANSI**" means American National Standards Institute) standards.

**REQUEST FOR ADMISSION NO. 213:**

Admit that the **JACK STAND** complied with all **PALD** ("**PALD**" means Portable Automotive Lifting Devices) standards.

**REQUEST FOR ADMISSION NO. 224:**

Admit that the **JACK STAND** at issue in this litigation came with product warnings at the time of purchase by **DECEDENT**.

**REQUEST FOR ADMISSION NO. 235:**

Admit that the **JACK STAND** product warnings complied with all required state regulations.

**REQUEST FOR ADMISSION NO. 246:**

Admit that **DECEDENT** failed to follow all of the **JACK STAND** product warnings at the time the incident occurred (identified as March 11, 2011 in the First Amended Complaint).

**REQUEST FOR ADMISSION NO. 257:**

Admit that the **JACK STAND** at issue in this litigation came with product instructions at the time of purchase by **DECEDENT**.

**REQUEST FOR ADMISSION NO. 268:**

Admit that the **JACK STAND** at issue in this litigation came with product instructions that complied with **ISO** standards at the time of purchase by **DECEDENT**.

**REQUEST FOR ADMISSION NO. 29:**

      Admit that the **JACK STAND** at issue in this litigation came with product instructions that complied with **ASME** standards at the time of purchase by **DECEDENT**.

**REQUEST FOR ADMISSION NO. 30:**

      Admit that the **JACK STAND** at issue in this litigation came with product instructions that complied with **ANSI** standards at the time of purchase by **DECEDENT**.

**REQUEST FOR ADMISSION NO. 31:**

      Admit that the **JACK STAND** at issue in this litigation came with product instructions that complied with **PALD** standards at the time of purchase by **DECEDENT**.

**REQUEST FOR ADMISSION NO. 32:**

      Admit that **DECEDENT** failed to follow all of the **JACK STAND** product instructions at the time at the time the incident occurred (identified as March 11, 2011 in the First Amended Complaint).

**REQUEST FOR ADMISSION NO. 33:**

      Admit that the **JACK STAND** was altered from the time of purchase to the time it was used by **DECEDENT**.

**REQUEST FOR ADMISSION NO. 34:**

      Admit that **DECEDENT** altered the **JACK STAND** at or before the time of the incident (identified as March 11, 2011 in the First Amended Complaint).

**REQUEST FOR ADMISSION NO. 35:**

      Admit that **DECEDENT** did not use the **JACK STAND** as intended at or before the time of the incident (identified as March 11, 2011 in the First Amended Complaint).

DEFENDANT,
MVP (HK) INDUSTRIES, LTD.

By_____
    Philip T. Newbury, Jr.
    ct05283
    Christopher M. Vossler
    ct00373
    Howd & Ludorf, LLC
    65 Wethersfield Avenue
    Hartford, CT  06114
    (860) 249-1361
    (860) 249-7665 (Fax)
    pnewbury@hl-law.com
    cvossler@hl-law.com


*Pro Hac Vice:*
Sean P. Flynn
phv05949
Foley & Mansfield, PLLP
300 South Grand Avenue
Suite 2800
Los Angeles, CA  90071
(213) 283-2100
(213) 283-2101 (Fax)
sflynn@foleymansfield.com

9

## CERTIFICATION

This is to certify that on December 4, 2013, a copy of the foregoing **Requests for Admission to Frederick Klorczyk, Jr. and Lynne Klorczyk** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

David J. Elliott, Esq. (ct04301)
Bryan J. Orticelli, Esq. (ct28643)
Kaitlin A. Canty, Esq. (ct29074)
DAY PITNEY, LLP
242 Trumbull Street
Hartford, CT 06103-1212
**(860) 275-0100**
**(860) 275-0343 fax**
**dlelliott@daypitney.com**
**borticelli@daypitney.com**
**kcanty@daypitney.com**

*PRO HAC VICE*
Joseph Donat, Esq.
Howard Wexler, Esq.
Howard Edinburgh, Esq.
Michael Gallub, Esq.
HERZFELD & RUBIN, P.C.
125 Broad Street
New York, NY 10004
**(212) 471-8500**
**(212) 344-3333 fax**
**ldonat@herzfeld-rubin.com**
**hwexler@herzfeld-rubin.com**
**hedinburgh@herzfeld-rubin.com**
**mgallub@herzfeld-rubin.com**

Michael R. Keller, Esquire
Thomas O. Anderson, Esquire
Morrison Mahoney, LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06103
**T. (860) 616-4441**
**F. (860) 244-3800**
**mkeller@morrisonmahoney.com**
**tanderson@morrisonmahoney.com**

*PRO HAC VICE*
Sean P. Flynn, Esquire
Foley & Mansfield, PLLP
300 S. Grand Avenue
Suite 2800
Los Angeles, CA 90071
**(213) 283-2100**
**(213) 283-2101 fax**
**sflynn@foleymansfield.com**

_____
Philip T. Newbury, Jr.

10

<u>CERTIFICATE OF SERVICE</u>

I, Leslie M. Handy, hereby certify that on November 3, 2014, I electronically filed the following documents with the Clerk of the Court for the United States District Court, Central District by using the CM/ECF system.

**LETTER BRIEF**

Participants in the case who are registered CM/ECF users, as listed below, will be served by the CM/ECF system.

<u>**SERVICE LIST**</u>

Bryan James Orticelli                        Attorneys for Plaintiff
David J. Elliott                             Frederick Klorczyk, Jr., Lynne
Kaitlin A. Canty                             Klorczyk
Day Pitney LLP-HTFD
242 Trumbull Street
Hartford, CT  06103
(860) 275-0618
Fax (860) 881-2490
Email:  borticelli@daypitney.com
djelliott@daypitney.com
kcanty@daypitney.com

Howard S. Edinburgh                          Attorneys for Plaintiff
Howard L. Wexler                             Frederick Klorczyk, Jr., Lynne
Joseph E. Donat                              Klorczyk
Michael Gallub
Herzfeld & Rubin, P.C.
125 Broad Street
New York, NY  10004
(212) 471-8529
Fax (212) 344-3333
Email:
hedinburgh@herzfeld-rubin.com
hwexler@herzfeld-rubin.com
jdonat@herzfeld-rubin.com
mgallub@herzfeld-rubin.com

Erica Weyer Todd                         Attorneys for Defendant
Trotta, Trotta & Trotta                  Sears Roebuck & Co.
P.O. Box 802
900 Chapel Street
New Haven, CT  06503
(203) 787-6756
Fax (203) 776-4538
Email:  etodd@trottalaw.com

Michael R. Keller                        Attorneys for Defendant
Thomas O. Anderson                       Sears Roebuck & Co.
Morrison Mahoney LLP-Hartford
One Constitution Plaza, 10th Floor
Hartford, CT  06103
(860) 616-7643
Email:  mkeller@morrisonmahoney.com
tanderson@morrisonmahoney.com

Matthew Jason Zamaloff                   Attorneys for Defendant
Cetrulo LLP                              Shinn Fu Corporation
Exchange Place
Two Seaport Lane, 10th Floor
Boston, MA  02210
(617) 217-5226
(617) 217-5200
Email:  mzamaloff@cetllo.com

     I declare that I am employed in the office of a member of the

California State Bar who is permitted to practice before this Court, at whose

direction the service stated above was made, and declare under penalty of perjury

under the laws of the United States of America that the foregoing is true and

correct.

     Executed on November 3, 2014, at Irvine, California.


_____
Leslie M. Handy