UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, et al., | : CIVIL ACTION NO. |
| Plaintiffs, | : 3:13-cv-00257-JAM |
| vs. | : |
| SEARS, ROEBUCK & CO., et al., | : |
| Defendants. | : DECEMBER 17, 2014 |

**REPLY TO OBJECTIONS TO MVP AND WEI FU'S REQUESTS FOR ADMISSIONS**

The Defendants, MVP (H.K.) Industries, Ltd. ("MVP") and Wei Fu (Taishan) Machinery & Electric Co., Ltd. ("Wei Fu") (collectively "Defendants"), submit this memorandum of law in reply to the Plaintiffs' improper objections, dated November 21, 2014 (Dkt. No. 145), to the requests for admissions propounded by MVP and Wei Fu several months earlier, on December 4, 2013 and February 18, 2014 respectively. As set forth more fully below, all of the movants' requests have been deemed admitted by virtue of the Plaintiffs' failure to provide answers or objections in compliance with Fed. R. Civ. P. 36(a)(4)-(5), and their recent objections are procedurally improper and moot.

I.    STATEMENT OF THE CASE

The Plaintiffs commenced this case under Connecticut's wrongful death statute, General Statutes Section 52-555, as co-administrators of the decedent Christian Klorczyk's estate. The operative complaint is the Plaintiffs' Second Amended Complaint dated April 10, 2014 ("Complaint"), wherein the Plaintiffs assert a claim under Connecticut's Product Liability Act, General Statutes Section 52-572m, et seq., against the Defendants for selling, distributing, or

manufacturing defective automotive jack stands. The Complaint alleges, in pertinent part, that the decedent was killed on March 11, 2011 when one of the jack stands sold, distributed, or manufactured by the Defendants failed while he was changing his car's oil at his parents' house in Waterford, Connecticut.

## II.    LIST OF DISPUTED DISCOVERY ITEMS

1. <u>MVP's Requests for Admissions to Frederick Klorczyk, Jr., dated December 4, 2013</u>[1]

MVP served the Plaintiffs with three sets[2] of thirty-five requests for admissions on December 4, 2013 and the Plaintiffs never issued responses to each request, instead providing a letter dated December 16, 2013 containing a blanket refusal to respond.[3] The Plaintiffs asserted that MVP's requests for admission were identical to those served by co-Defendants Shinn Fu Corporation ("SFC") and Shinn Fu Company of America, Inc. ("SFA"), and stated that they would not serve separate responses to MVP's "discovery requests." Plaintiffs' counsel stated that they refused to provide such responses because "MVP's discovery requests are unreasonably cumulative and duplicative of those served by SFC and SFA, and serve no purpose other than to harass and unduly burden Plaintiffs." On November 21, 2014, nearly one year after MVP served its requests for admissions, the Plaintiffs filed "Objections and Responses to Defendants' Discovery Requests or, in the Alternative, Motion for Leave for an Extension of Time Regarding Plaintiffs' Responses." The Plaintiffs thereby asked the Court to sustain their objections, which asserted that MVP's requests for admissions were "unreasonably cumulative and duplicative, and served no purpose other than to harass and unduly burden Plaintiffs," or to provide them with leave to file responses to the requests within thirty days of the Court's ruling on their objections.

---

[1] A true and accurate copy of this document is attached hereto as Exhibit A.
[2] One set was directed to Frederick Klorczyk, Jr., one set was directed to Lynne Klorczyk, and the third set was directed to the Plaintiffs as co-administrators of the decedent's estate.
[3] A true and accurate copy of this letter is attached hereto as Exhibit B.

The Plaintiffs' purported objections are based on the false premise that MVP's requests for admissions are identical to those propounded by SFC and SFA. In fact, request numbers two through fifteen all request information specific to MVP, the "Propounding Party" differentiating them from the co-Defendants' requests. For example, request number six states: "Admit that YOU have no evidence to support YOUR claim for punitive damages against PROPOUNDING PARTY." MVP is a separate company with separate functions from SFC and SFA, such that evidence showing reckless conduct by one of the companies would not necessarily be effective against another company – for example, recklessness by a manufacturer does not equate to recklessness by a distributor. The Plaintiffs' assumption that MVP's requests for admissions are identical to the co-Defendants' requests is demonstrably incorrect, and the Plaintiffs' strategy of treating MVP's requests as identical to the co-Defendants' requests is improper.

The Plaintiffs' failure to issue responses to MVP's requests for admission within thirty days renders the matters admitted under Fed. R. Civ. P. 36(a)(3), as set forth more fully below. These deemed admissions can only be withdrawn by a motion made pursuant to Fed. R. Civ. P. 36(b), which the Plaintiffs have failed to pursue. The Plaintiffs' objections and their request for additional time to respond to MVP's requests for admissions are consequently a legal nullity and should be ignored.

2. <u>MVP's Requests for Admissions to Lynne Klorczyk, dated December 4, 2013[4]</u>

MVP's Requests for Admissions to Lynne Klorczyk are substantially identical to MVP's Requests for Admissions to Frederick Klorczyk, Jr., and the parties' positions are identical to those set forth under item number one, above.

---

[4] A true and accurate copy of this document is attached hereto as Exhibit C.

3. <u>MVP's Requests for Admissions to Plaintiffs, Frederick Klorczyk, Jr. and Lynne Klorczyk as Co-Administrators of the Estate of Christian Klorczyk, dated December 4, 2013</u>[5]

MVP's Requests for Admissions to Plaintiffs, Frederick Klorczyk, Jr. and Lynne Klorczyk, as Co-Administrators of the Estate of Christian Klorczyk, are substantially identical to the MVP's Requests for Admissions to Frederick Klorczyk, Jr., and the parties' positions are identical to those set forth under item number one, above.

4. <u>Wei Fu's Requests for Admissions to Federick Klorczyk, Jr., dated February 18, 2014</u>[6]

Wei Fu served the Plaintiffs with three sets[7] of thirty-five requests for admissions on February 18, 2014 and the Plaintiffs never issued responses, instead providing a letter dated March 18, 2014 containing a blanket refusal to respond.[8] The Plaintiffs asserted that Wei Fu's requests for admissions were identical to those served by co-Defendants MVP, SFC, and SFA, and stated that the requests "have no purpose other than to unduly harass and overburden Plaintiffs in contravention of the Federal and Local Rules of Civil Procedure." Plaintiffs' counsel went on to state that "Plaintiffs have no obligation to respond to such unreasonably cumulative and duplicative discovery as that served by Wei Fu and MVP." On November 21, 2014, over nine months after Wei Fu served its requests for admissions, the Plaintiffs filed "Objections and Responses to Defendants' Discovery Requests or, in the Alternative, Motion for Leave for an Extension of Time Regarding Plaintiffs' Responses." The Plaintiffs thereby asked the Court to sustain their objections, which asserted that Wei Fu's requests for admissions were

---

[5] A true and accurate copy of this document is attached hereto as Exhibit D.
[6] A true and accurate copy of this document is attached hereto as Exhibit E.
[7] One set was directed to Frederick Klorczyk, Jr., one set was directed to Lynne Klorczyk, and the third set was directed to the Plaintiffs as co-administrators of the decedent's estate.
[8] A true and accurate copy of this letter is attached hereto as Exhibit F.

4

deficient for the same reasons as MVP's requests for admissions, or to provide them with leave to file responses to the requests within thirty days of the Court's ruling on their objections.

The Plaintiffs' objections are based on the false premise that Wei Fu's requests for admission are identical to those propounded by MVP, SFC, and SFA. In fact, request numbers two through fifteen all request information specific to Wei Fu, the "Propounding Party," differentiating them from the co-Defendants' requests. For example, request number six states: "Admit that YOU have no evidence to support YOUR claim for punitive damages against PROPOUNDING PARTY." Wei Fu is a separate company with separate functions from MVP, SFC, and SFA, such that evidence showing reckless conduct by one of the companies would not necessarily be effective against another company – for example, recklessness by manufacturer does not equate to recklessness by a seller. The Plaintiffs' assumption that Wei Fu's requests for admissions are identical to the co-Defendants' requests is incorrect, and the Plaintiffs' strategy of treating Wei Fu's requests as identical to the co-Defendants' requests is improper.

The Plaintiffs' failure to issue responses to Wei Fu's requests for admissions within thirty days renders the matters admitted under Fed. R. Civ. P. 36(a)(3), as set forth more fully below. These deemed admissions can only be withdrawn by a motion made pursuant to Fed. R. Civ. P. 36(b), which the Plaintiffs have failed to pursue. The Plaintiffs' objections and their request for additional time to respond to Wei Fu's requests for admissions are consequently a legal nullity and should be ignored.

5. <u>Wei Fu's Requests for Admissions to Lynne Klorczyk, dated February 18, 2014</u>[9]

Wei Fu's Requests for Admissions to Lynne Klorczyk are substantially identical to Wei Fu's Requests for Admissions to Frederick Klorczyk, Jr., and the parties' positions are identical to those set forth under item number four, above.

---

[9] A true and accurate copy of this document is attached hereto as Exhibit G.

> 6. <u>Wei Fu's Requests for Admissions to Plaintiffs, Frederick Klorczyk, Jr. and Lynne Klorczyk as Co-Administrators of the Estate of Christian Klorczyk, dated December 4, 2013</u>[10]

Wei Fu's Requests for Admissions to Plaintiffs, Frederick Klorczyk, Jr. and Lynne Klorczyk, as Co-Administrators of the Estate of Christian Klorczyk, are substantially identical to the Wei Fu's Requests for Admissions to Frederick Klorczyk, Jr., and the parties' positions are identical to those set forth under item number four, above.

## III. FEDERAL RULES OF CIVIL PROCEDURE GOVERNING RESPONSES TO REQUESTS FOR ADMISSION AND DEEMED ADMISSIONS

Fed. R. Civ. P. 36(a)(3) provides that requests for admissions are deemed admitted unless the party to whom they are propounded serves "a written answer or objection" on the propounding party within thirty days. In order for an answer to comply with Fed. R. Civ. P. 36(a)(4), it "must specifically deny [the request] or state in detail why the answering party cannot admit or deny [the request]." Regarding objections, "[t]he grounds for objecting to a request must be stated." Fed. R. Civ. P. 36(a)(5).

Fed. R. Civ. P. 36(b) provides that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." The burden, in the first instance, is on the party seeking to withdraw its admissions, who must establish "that the merits will be served and that the opposing party will not be prejudiced." *King-Hardy v. Bloomfield Bd. of Educ.*, No. 3:01-cv-979(PCD), 2002 U.S. Dist. LEXIS 27384, at *4-5 (D. Conn. Jan. 31, 2002).

---

[10] A true and accurate copy of this document is attached hereto as Exhibit H.

IV. **MVP AND WEI FU'S REQUESTS FOR ADMISSION TO THE PLAINTIFFS HAVE BEEN DEEMED ADMITTED BY THE PLAINTIFFS' FAILURE TO RESPOND, AND THEIR "OBJECTIONS" ARE IMPROPER AND UNFOUNDED**

MVP and Wei Fu's requests for admissions to the Plaintiffs were deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3) when the Plaintiffs failed to serve answers or objections, in compliance with Fed. R. Civ. P. 36(a)(4)-(5), within thirty days. At no point have the Plaintiffs submitted answers specifically denying or stating in detail why they could not truthfully admit or deny MVP and Wei Fu's requests for admissions, in compliance with Fed. R. Civ. P. 36(a)(4).

Regarding objections, the Plaintiffs' one-sentence dismissal of the thirty-five specific requests for admissions contained in each set propounded by MVP and Wei Fu is wholly insufficient to satisfy Fed. R. Civ. P. 36(a)(5). That rule requires that "[t]he grounds for objecting to a request must be stated." The letters provided by Plaintiffs' counsel failed to state valid grounds for objecting to each request, instead relying on the sweeping and conclusory assertion that "Plaintiffs have no obligation to respond to such unreasonably cumulative and duplicative discovery as that served by Wei Fu and MVP." As set forth above, this objection is also based on the false premise that the requests for admission submitted by MVP and Wei Fu are identical to those propounded by SFC and SFA, when, in fact, each set contains multiple requests calling for information specific to the propounding party. The Plaintiffs' conclusory objections are an improper attempt to avoid responding to the specific requests, and are impermissible under the plain language of Fed. R. Civ. P. 36(a)(5), which requires request-specific responses.

The Plaintiffs' recent "objections" simply repeat the same improper blanket objections, and are wholly ineffectual since they were filed nearly one year after MVP propounded its requests for admissions and nine months after Wei Fu propounded its requests. This court

should not countenance Plaintiffs' counsel's attempt to subvert the Federal Rules of Civil Procedure. If the Plaintiffs thought the requests were too voluminous or burdensome, they should have sought a protective order as stated in the Notes of the Advisory Committee to the 1970 amendments to Fed. R. Civ. P. 36. The same Notes of the Advisory Committee go on to state that Rule 36 does not provide for "court scrutiny" of improper answers, such as those that are "not specific," but instead "seems to contemplate that defective answers bring about admissions just as effectively as if no answer had been served." *Citing S. Ry. v. Crosby*, 201 F.2d 878 (4th Cir. 1953); *United States v. Laney*, 96 F. Supp. 482 (E.D. S.C. 1951).

The foregoing authority demonstrates that whether the Court construes the Plaintiffs' letters as non-responsive or as improper responses, the result is the same – MVP and Wei Fu's requests for admissions were deemed admitted under Fed. R. Civ. P. 36(a)(3) when the Plaintiffs failed to answer or object to each specific request within thirty days of service. Fed. R. Civ. P. 36(b) provides the exclusive means for the Plaintiffs to withdraw their admissions, and requires them to make a motion and demonstrate that "that the merits will be served and that the opposing party will not be prejudiced," *King-Hardy*, 2002 U.S. Dist. LEXIS 27384, at *4-5, at which point the Court *may* exercise its discretion to permit withdrawal. The Plaintiffs have chosen not to avail themselves of this procedural recourse, and have instead issued sweeping and generalized "objections" more than nine months after the last set of disputed requests for admissions was served. These "objections" should be overruled as moot, since the time for the Plaintiffs to respond or object has long passed, and MVP and Wei Fu's requests for admissions have already been deemed admitted.

## V. CONCLUSION

MVP and Wei Fu respectfully ask this Court to overrule the Plaintiffs' objections to their requests for admission and deny the Plaintiffs' request for additional time to respond to their requests for admission as moot, on the grounds that MVP and Wei Fu's requests for admissions were deemed admitted after the Plaintiffs failed to provide answers or objections to the requests within thirty days, in compliance with Fed. R. Civ. P. 36(a).

DEFENDANTS,

MVP (HK) INDUSTRIES, LTD., and
WEI FU (TAISHAN) MACHINERY &
ELECTRIC CO., LTD.

BY   /s/ *Steven J. Zakrzewski*
    Sean P. Flynn, Esq.
    Steven J. Zakrzewski, Esq.
    Gordon & Rees LLP
    95 Glastonbury Blvd., Suite 206
    Glastonbury, CT 06073
    Phone: (860) 278-7448
    Fax: (860) 560-0185
    Email: sflynn@gordonrees.com
    Email: szakrzewski@gordonrees.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served upon all counsel of record via U.S. mail and via electronic transmission, pursuant to Rule 5(b), Fed. R. Civ. P., on this 17th day of December, 2014.

                                               /s/ *Steven J. Zakrzewski*
                                               Steven J. Zakrzewski