# Exhibit A

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, FREDERICK KLORCZYK, JR., individually, LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, individually<br><br>Plaintiff,<br><br>vs.<br><br>SEARS, ROEBUCK AND CO., SHINN FU CORPORATION, SHINN FU COMPANY OF AMERICA, INC., and MVP (HK) INDUSTRIES, LTD<br>Defendants. | Case 3:13-cv-00257-RNC<br><br>DEFENDANT, MVP (HK) INDUSTRIES, LTD'S REQUESTS FOR ADMISSIONS TO PLAINTIFF, FREDERICK KLORCZYK, JR.<br><br>FIRST SET<br><br><br>DECEMBER 4, 2013 |

**PROPOUNDING PARTY:**     MVP (HK) INDUSTRIES, LTD

**RESPONDING PARTY:**     FREDERICK KLORCZYK, JR.

**SET NUMBER:**     ONE

Propounding Party, pursuant to Federal Rules of Civil Procedure Rule 36, hereby served the following Requests for Admission, Set One, to Responding Party.

Responding Party is required to serve verified responses to these requests within thirty (30) days of the date of service. Under Federal Rule of Civil Procedure 26(e)(2), Responding Party is also required to seasonably amend the responses to these Requests for Admission if it "learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

**REQUEST FOR ADMISSION NO. 1:**

Admit that **YOU** cannot **IDENTIFY** any **DOCUMENTS** to support **YOUR** contention that **DECEDENT** purchased **JACK STANDS** from **SEARS** at any point in time.

("**YOU**" or "**YOUR**" for purposes of this and each subsequent Request means Responding Parties)

("**IDENTIFY**" for purposes of this and each subsequent Request means:

a) When used in reference to a natural person, means to state such person's full name, last-known home and business address, last-known business affiliation, employer, and position therewith, and the latest date that such information was true, to your knowledge;

b) When used in reference to a business, firm, partnership, joint venture, company or corporation, means to state, to the extent known, its full name, state of incorporation or creation, address of its principal place of business, and its principal activities or products; or

c) When used in reference to documents or writings, means to describe specifically the document, including a description of its type (e.g., letter, memorandum, telegram, chart, etc.), and to state its date, author, addressee, title, file identification number or symbol, and to identify the present location and the name and address of the present custodian of such document. If any such document is no longer in **YOUR** possession or subject to **YOUR** control, state what disposition was made of it and the date of such disposition, identifying the person having knowledge of its content)

("**DOCUMENTS**" for purposes of this and each subsequent Request means: as used herein is intended to have the broadest possible meaning and encompass, without limitation, the definitions of WRITING set forth in Section 1001 of the Federal Rules of Evidence, and Federal Rule of Civil Procedure 34, respectively, and include the original or copy, and both sides thereof, of handwriting, typewriting, printing, photocopying, photographing, and every other means of recording upon any tangible thing, any form of communication and representation, including letters, words, pictures, sounds, and symbols, or combinations of them. It also includes non-paper information storage such as tapes, films, disks and computer memory devices and

2

electronic mail.  Electronic mail means all original and any non-identical copies of documents
sent or received as electronic mail (including all attachments), whether in printed or electronic
form of any kind, including, without limitation, data stored on hard disks, floppy discs, servers,
magnetic tape, personal or handheld computers or devices (such as Palm or BlackBerry devices),
in random access memory or in read-only memory.  For purposes of this definition, the
electronic version of any electronic mail is deemed to be an original, irrespective of the existence
or creation of a hard copy print-out of that electronic mail, and you are required to produce all
responsive documents stored in electronic format.  Electronic mail includes all electronic mail in
YOUR possession, and is not limited to electronic mail in the senders' or recipients' files or
computers, and includes any electronic mail that has been deleted from the senders' or
recipients' computers.  Electronically stored information shall be produced in its native format,
searchable and with linked attachments as they were sent or received in the regular course of
business)

      ("**DECEDENT**" for purposes of this and each subsequent Request means Christian R.
Klorczyk)

      ("**JACK STAND(S)**" for purposes of this and each subsequent Request means the
vehicle support stand or device identified in Plaintiffs' Complaint and First Amended Complaint,
as well as any aspect, feature, or component part of said jack stand(s))

      ("**SEARS**" for purposes of this and each subsequent Request means Defendant, Sears,
Roebuck & Co.)


**REQUEST FOR ADMISSION NO. 2:**

      Admit that **YOU** cannot **IDENTIFY** any **DOCUMENTS** that support **YOUR** contention
that **DECEDENT** was damaged as a result of any actions of **PROPOUNDING PARTY**.

**REQUEST FOR ADMISSION NO. 3:**

Admit that **YOU** cannot **IDENTIFY** any **DOCUMENTS** that support **YOUR** contention that **DECEDENT** was damaged as a result of any omissions by **PROPOUNDING PARTY**.

**REQUEST FOR ADMISSION NO. 4:**

Admit that **YOU** cannot **IDENTIFY** any witnesses, by deposition or otherwise, that can support **YOUR** contention that **DECEDENT** was damaged as a result of any actions of **PROPOUNDING PARTY**.

**REQUEST FOR ADMISSION NO. 5:**

Admit that **YOU** cannot **IDENTIFY** any witnesses, by deposition or otherwise, that can support **YOUR** contention that **DECEDENT** was damaged as a result of any omissions by **PROPOUNDING PARTY**.

**REQUEST FOR ADMISSION NO. 6:**

Admit that **YOU** have no evidence to support **YOUR** claim for punitive damages against **PROPOUNDING PARTY**.

**REQUEST FOR ADMISSION NO. 7:**

Admit that **YOU** have no evidence to support any claim for damages against **PROPOUNDING PARTY**.

**REQUEST FOR ADMISSION NO. 8:**

Admit that **YOU** have no evidence to demonstrate that **PROPOUNDING PARTY** was the cause of **YOUR** alleged damages.

4

**REQUEST FOR ADMISSION NO. 9:**

Admit that **YOU** have no evidence to demonstrate that **PROPOUNDING PARTY** was the cause of **DECEDENT'S** alleged damages.

**REQUEST FOR ADMISSION NO. 10:**

Admit that **PROPOUNDING PARTY** is not liable for Negligence as alleged in **YOUR** First Amended Complaint.

**REQUEST FOR ADMISSION NO. 11:**

Admit that **PROPOUNDING PARTY** is not liable for Strict Liability as alleged in **YOUR** First Amended Complaint.

**REQUEST FOR ADMISSION NO. 12:**

Admit that **PROPOUNDING PARTY** is not liable for Breach of Express Warranty as alleged in **YOUR** First Amended Complaint.

**REQUEST FOR ADMISSION NO. 13:**

Admit that **PROPOUNDING PARTY** is not liable for Breach of Implied Warranty as alleged in **YOUR** First Amended Complaint.

**REQUEST FOR ADMISSION NO. 14:**

Admit that **PROPOUNDING PARTY** is not liable for Failure to Warn as alleged in **YOUR** First Amended Complaint.

**REQUEST FOR ADMISSION NO. 15:**

Admit that **PROPOUNDING PARTY** is not liable for Non-Disclosure as alleged in **YOUR** First Amended Complaint.

**REQUEST FOR ADMISSION NO. 16:**

Admit that **YOU** have no evidence that the **JACK STAND** at issue in this litigation was defectively designed.

**REQUEST FOR ADMISSION NO. 17:**

Admit that **YOU** have no evidence that the **JACK STAND** at issue in this litigation was defectively manufactured.

**REQUEST FOR ADMISSION NO. 18:**

Admit that **YOU** have no evidence that the **JACK STAND** at issue in this litigation was defectively assembled.

**REQUEST FOR ADMISSION NO. 19:**

Admit that the **JACK STAND** product warnings complied with all required federal regulations.

**REQUEST FOR ADMISSION NO. 180:**

Admit that the **JACK STAND** complied with all **ISO** ("ISO" means International Organization for Standardization) standards.

**REQUEST FOR ADMISSION NO. 191:**

Admit that the **JACK STAND** complied with all **ASME** ("ASME" means American Society of Mechanical Engineers) standards.

**REQUEST FOR ADMISSION NO. 202:**

Admit that the **JACK STAND** complied with all **ANSI** ("ANSI" means American National Standards Institute) standards.

**REQUEST FOR ADMISSION NO. 213:**

Admit that the **JACK STAND** complied with all **PALD** ("**PALD**" means Portable Automotive Lifting Devices) standards.

**REQUEST FOR ADMISSION NO. 224:**

Admit that the **JACK STAND** at issue in this litigation came with product warnings at the time of purchase by **DECEDENT**.

**REQUEST FOR ADMISSION NO. 235:**

Admit that the **JACK STAND** product warnings complied with all required state regulations.

**REQUEST FOR ADMISSION NO. 246:**

Admit that **DECEDENT** failed to follow all of the **JACK STAND** product warnings at the time the incident occurred (identified as March 11, 2011 in the First Amended Complaint).

**REQUEST FOR ADMISSION NO. 257:**

Admit that the **JACK STAND** at issue in this litigation came with product instructions at the time of purchase by **DECEDENT**.

**REQUEST FOR ADMISSION NO. 268:**

Admit that the **JACK STAND** at issue in this litigation came with product instructions that complied with **ISO** standards at the time of purchase by **DECEDENT**.

**REQUEST FOR ADMISSION NO. 29:**

Admit that the **JACK STAND** at issue in this litigation came with product instructions that complied with **ASME** standards at the time of purchase by **DECEDENT**.

**REQUEST FOR ADMISSION NO. 30:**

Admit that the **JACK STAND** at issue in this litigation came with product instructions that complied with **ANSI** standards at the time of purchase by **DECEDENT**.

**REQUEST FOR ADMISSION NO. 31:**

Admit that the **JACK STAND** at issue in this litigation came with product instructions that complied with **PALD** standards at the time of purchase by **DECEDENT**.

**REQUEST FOR ADMISSION NO. 32:**

Admit that **DECEDENT** failed to follow all of the **JACK STAND** product instructions at the time at the time the incident occurred (identified as March 11, 2011 in the First Amended Complaint).

**REQUEST FOR ADMISSION NO. 33:**

Admit that the **JACK STAND** was altered from the time of purchase to the time it was used by **DECEDENT**.

**REQUEST FOR ADMISSION NO. 34:**

Admit that **DECEDENT** altered the **JACK STAND** at or before the time of the incident (identified as March 11, 2011 in the First Amended Complaint).

**REQUEST FOR ADMISSION NO. 35:**

Admit that **DECEDENT** did not use the **JACK STAND** as intended at or before the time of the incident (identified as March 11, 2011 in the First Amended Complaint).

DEFENDANT,
MVP (HK) INDUSTRIES, LTD.

By _____

Philip T. Newbury, Jr.
ct05283
Christopher M. Vossler
ct00373
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (Fax)
pnewbury@hl-law.com
cvossler@hl-law.com

*Pro Hac Vice:*
Sean P. Flynn
phv05949
Foley & Mansfield, PLLP
300 South Grand Avenue
Suite 2800
Los Angeles, CA  90071
(213) 283-2100
(213) 283-2101 (Fax)
sflynn@foleymansfield.com

9

## CERTIFICATION

This is to certify that on December 4, 2013, a copy of the foregoing **Requests for Admission to Frederick Klorczyk, Jr.** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

David J. Elliott, Esq. (ct04301)
Bryan J. Orticelli, Esq. (ct28643)
Kaitlin A. Canty, Esq. (ct29074)
DAY PITNEY, LLP
242 Trumbull Street
Hartford, CT  06103-1212
**(860) 275-0100**
**(860) 275-0343 fax**
**delliott@daypitney.com**
**borticelli@daypitney.com**
**kcanty@daypitney.com**

Michael R. Keller, Esquire
Thomas O. Anderson, Esquire
Morrison Mahoney, LLP
One Constitution Plaza, 10th Floor
Hartford, CT  06103
**T. (860) 616-4441**
**F. (860) 244-3800**
**mkeller@morrisonmahoney.com**
**tanderson@morrisonmahoney.com**

*PRO HAC VICE*
Joseph Donat, Esq.
Howard Wexler, Esq.
Howard Edinburgh, Esq.
Michael Gallub, Esq.
HERZFELD & RUBIN, P.C.
125 Broad Street
New York, NY  10004
**(212) 471-8500**
**(212) 344-3333 fax**
**ldonat@herzfeld-rubin.com**
**hwexler@herzfeld-rubin.com**
**hedinburgh@herzfeld-rubin.com**
**mgallub@herzfeld-rubin.com**

*PRO HAC VICE*
Sean P. Flynn, Esquire
Foley & Mansfield, PLLP
300 S. Grand Avenue
Suite 2800
Los Angeles, CA  90071
**(213) 283-2100**
**(213) 283-2101 fax**
**sflynn@foleymansfield.com**

Philip T. Newbury, Jr.

10