# Exhibit B

Case 3:13-cv-00257-JAM   Document 145-1   Filed 11/21/14   Page 2 of 3

# DAY PITNEY LLP

BOSTON   CONNECTICUT   NEW JERSEY   NEW YORK   WASHINGTON, DC

DAVID J. ELLIOTT
Attorney at Law

242 Trumbull Street
Hartford, CT 06103-1212
T: (860) 275-0196 F: (860) 881-2447
djelliott@daypitney.com

December 16, 2013

**VIA E-MAIL**

Philip T. Newbury, Jr.
Christopher M. Vossler
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114

Sean P. Flynn
Foley & Mansfield, PLLP
300 South Grand Avenue
Suite 2800
Los Angeles, CA 90071

Re:   *Klorczyk et al. v. Sears, Roebuck & Co. et al.*; Discovery Requests Served by MVP (HK) Industries, Ltd.

Dear Counsel:

On October 25, 2013, your clients, Shinn Fu Corporation ("SFC") and Shinn Fu Co. of America, Inc. ("SFA"), served Plaintiffs with numerous discovery requests, including special interrogatories, requests for production, requests for admission and demands for inspection. The discovery requests served by SFC are identical to those served by SFA.

On December 4, 2013, your client, MVP (HK) Industries, Ltd. ("MVP"), also served Plaintiffs with special interrogatories, requests for production, requests for admission and demands for inspection. MVP's special interrogatories, requests for admission and demands for inspection are identical to those served by SFC and SFA. MVP's requests for production are substantially similar to and differ in no meaningful way from those served by SFC and SFA.

Plaintiffs have served their objections and responses to SFC's and SFA's requests for production, requests for admission and demands for inspection. Plaintiffs also have served their objections to SFC's and SFA's special interrogatories and soon will serve their responses to these interrogatories in accordance with the Court's Order of November 19, 2013. (Dkt. No. 75).

**DAY PITNEY** LLP

December 16, 2013
Page 2

      Plaintiffs will not, however, serve separate responses to MVP's discovery requests. It is clear that MVP's discovery requests are unreasonably cumulative and duplicative of those served by SFC and SFA, and serve no purpose other than to harass and unduly burden Plaintiffs. Moreover, MVP's interrogatories and requests for production are untimely pursuant to the Court's Scheduling Order Regarding Case Management Plan. (Dkt. No. 75). Accordingly, in response to MVP's discovery requests, Plaintiffs hereby incorporate their objections and responses to the discovery requests served by SFC and SFA.

                                                    Very truly yours,

                                                    David J. Elliott

DJE

cc:     All counsel of record (via e-mail)