UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, et al., | : : : | CIVIL ACTION NO. |
| | : | 3:13-cv-00257-JAM |
| *Plaintiffs*, | : : | |
| vs. | : : | |
| SEARS, ROEBUCK AND CO., et al., | : : | |
| *Defendants*. | : | December 23, 2014 |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' REPLY TO OBJECTIONS TO MVP AND WEI FU'S REQUESTS FOR ADMISSIONS**

Plaintiffs Frederick Klorczyk Jr., as co-administrator of the Estate of Christian R. Klorczyk, and Lynne Klorczyk, as co-administrator of the Estate of Christian R. Klorczyk (collectively, the "Plaintiffs"), hereby respond to the Reply to Objections to MVP and Wei Fu's Requests for Admissions filed by Defendants MVP (HK) Industries, Ltd. ("MVP") and Wei Fu (Taishan) Machinery & Electric Co., Ltd. ("Wei Fu") (collectively, the "Defendants") on December 17, 2014 (the "Reply"). (Dkt. No. 150).

**ARGUMENT**

Defendants' Reply is an extreme example of elevating form over substance. At issue are six sets of thirty-five substantively identical requests for admission served by MVP on December 4, 2013, and by Wei Fu on February 18, 2014. These sets, totaling 210 requests, are, in turn, identical to six sets of thirty-five requests for admission served by Defendants' co-parties, Shinn Fu Corporation ("SFC") and Shinn Fu Company of America, Inc. ("SFA"), on October 25, 2013. In total, Defendants, SFC, and SFA, have served Plaintiffs with 420 identical requests for admission, 252 identical interrogatories, and 648 identical requests for production.

Plaintffs timely objected to Defendants' discovery requests on grounds that the requests are unreasonably cumulative and duplicative of those served by SFC and SFA. In response to Defendants' requests, Plaintiffs also incorporated their objections and responses to SFC's and SFA's requests; after all, the requests are identical. Defendants did not respond, nor challenge the sufficiency of Plaintiffs' objections and responses. Now, over a year later, Defendants say that their requests for admission, more than half of which are directed to non-parties, have been deemed admitted by operation of law. The law (and common sense) say otherwise.

### I.  MORE THAN HALF OF DEFENDANTS' REQUESTS FOR ADMISSION ARE DIRECTED TO NON-PARTIES.

The Reply comes more than a year after Plaintiffs first objected to Defendants' discovery requests. (*See* Dkt. Nos. 145-1, 145-2). In that time, Frederick Klorczyk and Lynne Klorczyk have withdrawn their individual claims and are no longer parties in their individual capacities. Still, of the six sets of requests for admission that are the subject of the Reply, four sets (comprising 140 of the 210 total requests) are directed to the Klorczyks, individually. Requests for admission are a discovery device limited to parties. *See* Fed. R. Civ. P. 36. The requests for admission to the Klorczyks, individually, are directed to non-parties and Defendants' argument that these requests have been deemed admitted is not only incorrect, it is moot.

### II.  DEFENDANTS' REQUESTS FOR ADMISSION HAVE NOT BEEN DEEMED ADMITTED BY OPERATION OF FEDERAL RULE 36.

The Reply incorrectly states that Plaintiffs failed to respond to Defendants' requests for admission within thirty days as required by Federal Rule 36. MVP and Wei Fu served identical requests on December 4, 2013, and February 18, 2014, respectively. Plaintiffs served objections and responses to MVP's and Wei Fu's requests on December 16, 2013, and March 18, 2014,

respectively. (Dkt. Nos. 145-1, 145-1). Defendants did not respond or challenge the sufficiency of Plaintiffs' objections and responses.

Many months later, on November 3, 2014, Defendants filed a letter brief, arguing for the first time that Plaintiffs "completely failed to respond" to the requests for admission and that Defendants "are now entitled to summary judgment." (Dkt. No. 139 at 5.) During a telephonic status conference on November 12, 2014, the Court ruled that it would not deem anything admitted, and invited the parties to address this issue in subsequent filings. (*See* Ex. A, Tr. Discovery Conf., Nov. 12, 2014, at 28–33.) In accordance with the Court's ruling, Plaintiffs submitted their filing on November 21, 2014 (Dkt. No. 145), and Defendants' responded by filing the Reply. (Dkt. No. 150).

Pursuant to Federal Rule 36, a request for admission is deemed admitted, "unless, within thirty days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection." Fed. R. Civ. P. 36(a)(3). The "grounds for objecting to a request must be stated." Fed. R. Civ. P. 36(a)(5). The "requesting party bears the burden of moving for a determination by the court of the sufficiency of any responses resulting from a request for admission." 7 Moore's Fed. Prac. § 36.12[1] (citing Fed. R. Civ. P. 36(a)(6)). "In the absence of such a motion, the sufficiency of a response does not come before the Court." *Id.*

Plaintiffs complied with Rule 36 by serving timely objections to Defendants' requests for admission and stating the grounds therefor. (Dkt. Nos. 145-1, 145-2). In response to Defendants' requests, Plaintiffs also incorporated their objections and responses to SFC's and SFA's identical requests. (*Id.*) Defendants did not respond by challenging the sufficiency of Plaintiffs' objections and responses, nor move this Court for a determination of the same; in fact, Defendants did not respond at all. To the contrary, they remained quiet for months in a

-3-

misguided effort to prejudice Plaintiffs by later claiming that their requests have been deemed admitted.

Defendants' position finds no support in the Federal Rules nor in the cases cited in their letter brief and Reply. *See McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009) (declining to address effect of plaintiff's failure timely to respond to the defendant's requests for admission where failure did not affect decision on the merits); *Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2d Cir. 1966) (failure timely to respond to requests for admission did not warrant entry of summary judgment); *O'Bryant v. Allstate Ins. Co.*, 107 F.R.D. 45. 46–47 (D. Conn. 1985) (requests for admission deemed admitted as a result of plaintiff's prolonged failure to object or respond in any way); *King-Hardy v. Bloomfield Bd. of Ed.*, No. 3:01cv979 (PCD), 2002 U.S. Dist. LEXIS 27384, at *4–5 (D. Conn. Jan. 31, 2002) (motion to withdraw admissions denied where plaintiff completely failed to respond or object to defendant's requests); *Southern Ry. Co. v. Crosby*, 201 F.2d 878, 880–81 (4th Cir. 1953) (qualified denial of request for admission deemed insufficient under prior version of Rule 36); *United States v. Laney*, 96 F. Supp. 482, 483 (E.D.S.C. 1951) (failure to respond under oath to requests for admission deemed insufficient under prior version of Rule 36).

Here, unlike the cases relied upon by Defendants, Plaintiffs served timely responses to the requests for admission in accordance with Rule 36. (Dkt. Nos. 145-1, 145-2). Specifically, Plaintiffs objected to the requests on grounds that they are unreasonably cumulative and duplicative of SFC's and SFA's requests. (*Id.*) Plaintiffs also incorporated their objections and responses to the requests served by SFC and SFA. (*Id.*) Defendants did not take issue with the sufficiency of Plaintiffs' objections and responses. And, at no time, were Defendants' requests deemed admitted by operation of Rule 36.

### III. DEFENDANTS' REQUESTS FOR ADMISSION ARE UNREASONABLY CUMULATIVE AND DUPLICATIVE.

Defendants do not dispute that their requests for admission are substantively identical. (*See* Defs.' Reply at 3, 4, 5, 6) (conceding that requests are "substantially identical"). Instead, Defendants argue that "request numbers two through fifteen" seek information specific to MVP and Wei Fu. (*See id*. at 3, 5). In reality, request numbers two through fifteen seek information common to Defendants, SFC, and SFA:

- Request numbers two through five ask Plaintiffs to admit that they cannot identify any documents or "witnesses" to support their claims against Defendants;

- Request numbers six through nine ask Plaintiffs to admit that they have no "evidence" to support their claims against Defendants; and

- Request numbers ten through fifteen ask Plaintiffs to admit that Defendants are not "liable" for Plaintiffs' claims.

(*See, e.g.*, Dkt. No. 150-4 at 4–5). These requests, identical to those served by SFC and SFA, are not only beyond the scope of permissible inquiry and quite clearly improper, they call for common objections and responses. *See* Moore *supra* at § 36.10[8] ("It is improper to use a request for admission to determine what evidence the other party plans to present at trial."); *id*. ("requests for opinions of law . . . are not contemplated by the rule. . . . Nor are requests seeking legal conclusions appropriate when proceeding under Rule 36."). Indeed, most of Defendants' requests are improper because they call for legal conclusions; for example:

- Request numbers sixteen through eighteen ask Plaintiffs to admit that they have no "evidence" that the subject jack stand was defective;

- Request numbers nineteen through twenty-three ask Plaintiffs to admit that the subject jack stand complied with applicable safety standards; and

-5-

- Request numbers twenty-eight through thirty-one ask Plaintiffs to admit that the operators instructions for the jack stand complied with applicable safety standards.

(*See, e.g.*, Dkt. No. 150-4 at 5–7). Defendants' requests are inappropriate in isolation and when viewed en masse, unreasonably cumulative and duplicative, and serve no purpose other than to unduly burden and harass Plaintiffs.

In addition, Defendants' argument that their requests for admission seek information specific to MVP and Wei Fu is a smokescreen for Defendants' misguided effort to prejudice Plaintiffs. It is telling that, while Plaintiffs' filing challenges *all* of Defendants' duplicative discovery requests (Dkt. No. 145), the Reply is limited to Defendants' requests for admission. (Dkt. No. 150). If there were merit to Defendants' argument that the identity of the requesting party matters, why limit the argument to the requests for admission; why not argue that the much broader interrogatories and requests for production similarly seek information specific to MVP and Wei Fu? The answer is that the identity of the requesting party has no bearing on the substance of the information sought by Defendants' discovery requests, including the requests for admission.

## **CONCLUSION**

Federal Rule 26 provides that, "[o]n motion or on its own, the Court must limit the frequency or extent of discovery otherwise allowed . . . if it determines that . . . the discovery sought is unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(C)(i). It is difficult to imagine a case more befitting of application of this Rule than the one at bar. Defendants have served hundreds of identical discovery requests that serve no purpose other than to harass and unduly burden Plaintiffs. In response to Defendants' requests, Plaintiffs timely objected and incorporated their objections and responses to the same requests previously served by SFC and

-7-

SFA.  For months, Defendants did and said nothing; rather, they waited for what they apparently perceived to be the "right time" to spring their argument making scant reference to the issue in the second to last paragraph of a letter brief filed in advance of a telephonic status conference with the Court, all in an attempt to have this wrongful death action resolved against them, not on the merits, but on a tortured and incorrect reading of the Federal Rules.  Fortunately, under the Federal Rules, there is no "right time" for such a scheme.

For the foregoing reasons, Plaintiffs respectfully request that the Court sustain Plaintiffs' objections to Defendants' Interrogatories, Requests for Production, and Requests for Admission. Alternatively, in the event that the Court instructs Plaintiffs to provide additional responses to Defendants' Interrogatories, Requests for Production, and/or Requests for Admission, Plaintiffs respectfully request leave to serve such responses within thirty (30) days of the Court's ruling.

-8-

                PLAINTIFFS,
                FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk

                By:    */s/ David J. Elliott*
                        David J. Elliott (ct04301)
                        Bryan J. Orticelli (ct28643)
                        Kaitlin A. Canty (ct29074)
                        DAY PITNEY LLP
                        242 Trumbull Street
                        Hartford, Connecticut 06103-1212
                        (860) 275-0100
                        (860) 275-0343 (fax)
                        *djelliott@daypitney.com*
                        *borticelli@daypitney.com*
                        *kcanty@daypitney.com*

                        Howard S. Edinburgh
                        Howard L. Wexler
                        Joseph E. Donat
                        Michael Gallub
                        Herzfeld & Rubin, P.C.
                        125 Broad Street
                        New York, NY 10004
                        (212) 271-8529
                        (212) 344-3333 (fax)
                        *hedinburgh@herzfeld-rubin.com*
                        *hwexler@herzfeld-rubin.com*
                        *jdonat@herzfeld-rubin.com*
                        *mgallub@herzfeld-rubin.com*

                        Their Attorneys

## **CERTIFICATION**

      I HEREBY CERTIFY that on this date, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF system.

      By:   /s/ Bryan J. Orticelli
          Bryan J. Orticelli (ct28643)