```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


FREDERICK KLORCZYK, JR., as     :
Co-Administrator of the         :
Estate of Christian R.          :
Klorczyk, et al                 :
                                :
                                :
v.                              :   CIV. NO. 3:13CV257 (JAM)
                                :
SEARS, ROEBUCK & CO, ET AL      :
                                :
```

DISCOVERY RULING AND CASE MANAGEMENT ORDER

On March 4, 2015, the Court held an in-person discovery conference. Counsel for plaintiffs Frederick Klorczyk, Jr. and Lynne Klorczyk, as co-administrators of the Estate of Christian R. Klorczyk ("plaintiffs"), and defendants Sears, Roebuck & Co. ("Sears"), Shinn Fu Corporation ("Shinn Fu"), Shinn Fu Company of America, Inc. ("Shinn Fu America"), Wei Fu (Taishan) Machinery & Elec. Co., Ltd. ("Wei Fu"), and MVP (H.K.) Industries, Ltd. ("MVP") (collectively "defendants")[1], participated. Prior to the conference, the parties submitted a joint agenda listing the items for discussion. [Doc. #167]. The Court will address each in turn. Familiarity with the procedural and factual background of this matter is presumed, and will be recited only as necessary in the context of the rulings made below.[2]

---

[1] Shinn Fu, Shinn Fu America, Wei Fu and MVP are sometimes collectively referred to as the "non-Sears defendants."

[2] The agenda also lists five additional issues that "remain outstanding but are not yet ready for judicial intervention." [Doc. #167, 2]. Should these items remain in dispute, the parties will seek relief through a formal motion filed on CMECF. With respect to the second issue, the Court is in receipt of

**1. Requests for Admissions**

Pending before the Court is plaintiffs' objection to defendants' discovery requests, or in the alternative, motion for leave for an extension of time regarding plaintiffs' responses. [Doc. #145]. MVP and Wei Fu have filed a response in opposition [Doc. #150], to which plaintiffs have replied [Doc. #152]. The Court will simultaneously issue a separate ruling on the pending objection.

**2. Request for Second Inspection of Vehicle**

The non-Sears defendants have requested a second inspection of the vehicle, which is alleged to have been involved in the accident at issue. Plaintiffs have objected to this request.

The non-Sears defendants' describe the requested inspection as follows:

> PLEASE TAKE FURTHER NOTICE THAT the inspection will begin at the motor vehicle's storage facility at 34 Taugwonk Spur Road, Stonington, 06378 on March 3, 2015 at 10:00 am. The motor vehicle will then be transported by flat-bed tow truck to B&D Autobody, Inc., 91 Route 163, Montville, Connecticut, where the motor vehicle will be further inspected and measured and where the Defendants will attempt to re-create the incident at issue in this case as the Plaintiffs allege that it occurred, as set forth on pages nine, twelve, and thirteen of the December 8, 2014 report of Frederick G. Heath. The "motor vehicle" will then be returned by flat-bed tow truck to the storage facility. The inspection will conclude on March 3, 2015.

[Doc. #167-1 (emphasis in original)]. Plaintiffs asserted the following objection:

> Plaintiffs object to Defendants' Request, particularly in its reference to "attempt to re-create the incident at issue in this case" as vague and ambiguous and overly

---

the parties' letter briefs and related exhibits. To the extent that this issue is ripe for adjudication, the non-Sears defendants will file a formal motion to compel, to which plaintiffs will respond. To the extent that the parties arguments are fully set forth in their letter briefs, they may file these on CMECF as the motion to compel and response in opposition, respectively.

> broad, unduly burdensome and not reasonably calculated to
> lead to the discovery of admissible evidence. Plaintiffs
> also object to Defendants' Request as unreasonably
> cumulative and duplicative in that Defendants have already
> performed an inspection and examination of the subject
> "motor vehicle." Any additional examination sought by
> Defendants can and should be undertaken by Defendants at
> their sole expense by obtaining an exemplar of the "motor
> vehicle" to prevent damaging the same. Plaintiffs also
> object to Defendants' Request because it fails to specify a
> reasonable manner for the inspection as required by Federal
> Rule 34(b)(1)(B).

[Doc. #167-1].

At the March 4 conference, the non-Sears defendants represented that they seek this second inspection because since the accident at issue, the car has been serviced and driven extensively, which allegedly conflicts with Mr. Klorczyk's deposition testimony. The non-Sears defendants also represented that they seek to inspect the vehicle's drain plug and contact marks with the jack stands. These defendants also wish to recreate the accident and maintain there will be no spoliation of the vehicle if certain measures are taken which prevent the vehicle from making contact with the ground.  At the March 4 conference, plaintiffs argued that there is no conflicting evidence and that the non-Sears defendants already had an opportunity to inspect the vehicle. Simply, plaintiffs do not see the relevance of a second inspection merely because the car had been driven since the accident at issue. Plaintiffs further argue that if defendants wish to recreate the accident, they should buy an exemplar vehicle with which to do so.

After considering the arguments of counsel, the Court will permit the non-Sears defendants to conduct a second inspection of the vehicle at issue in light of the information learned

3

following the first inspection. The inspection requested is relevant to the issues in this case. See <u>Breon v. Coca-Cola Bottling Co. of New England</u>, 232 F.R.D. 49, 52 (D. Conn. 2005) ("Relevancy continues to be 'broadly construed, and a request for discovery should be considered relevant if there is <u>any possibility</u> that the information sought may be relevant to the claim or defense of any party.'" (citations omitted; emphasis in original)). The Court does not find the request unreasonably cumulative or duplicative, in light of the information defendants received <u>after</u> the first inspection. The Court will also permit the non-Sears defendants to recreate the accident with the vehicle in light of their representations that steps can be taken to protect the integrity of the evidence. In this regard, the parties are encouraged to confer regarding a proper protocol to best preserve the vehicle's current condition. Therefore, plaintiffs' objections are OVERRULED.

**3. Authorization for Release of Medical Records**

The non-Sears defendants next request that the plaintiffs provide authorizations for the release of Christian Klorczyk's medical records from the University of Connecticut Student Health Center ("UCONN"), Dr. Elizabeth Allard, the Connecticut Office of the Chief Medical Examiner, and Lawrence & Memorial Hospital. Plaintiffs object to this request and represent that they have conducted a diligent search and produced responsive medical records. Plaintiffs have additionally provided defendants with copies of the letters and authorizations sent to Dr. Allard, the Connecticut Chief Medical Examiner and Lawrence

4

& Memorial Hospital and, represented that they have produced the records received in response. Plaintiffs also provided a letter from UCONN stating that Christian had never been treated there.

At the March 4 conference, the non-Sears defendants represented that they had conflicting information about the completeness of the medical records received to date. They also made an in camera proffer concerning their request for authorization to obtain Christian's medical records from UCONN. On the current record, and even in light of defendants' in camera proffer, the Court will not require plaintiffs to provide an authorization for the release of records from UCONN, based on UCONN's representation that plaintiff had never been treated there. The non-Sears defendants have provided no basis for concluding, even in camera, that UCONN treated Christian. However, as discussed during the conference, the Court will require plaintiffs to provide defendants with authorizations for the release of Christian's medical records from Dr. Elizabeth Allard, the Connecticut Office of the Chief Medical Examiner, and Lawrence & Memorial Hospital, provided that when these authorizations are sent, defendants identify the records produced to date and instruct the medical providers that they need not reproduce these records. See, e.g., Bonta v. Accor No. Am., Inc., 07-CV-735S, 2010 WL 2869535, at *3 (W.D.N.Y. July 20, 2010) (requiring plaintiff to provide defendants with authorizations for medical records).

Accordingly, the non-Sears defendants' request for release authorizations is GRANTED in part and DENIED in part.

5

**4. Request for Christian Klorczyk's Bank Records**

The non-Sears defendants next seek the production of Christian Klorczyk's bank records from age sixteen to the time of his death, contending that this information is relevant to plaintiffs' economic damages claim. The defendants also provided information relevant to this request in camera. Plaintiffs object on the basis at that the time of Christian's death, he was only twenty one years old and had never held a paying job. They also represent that their economist expert did not rely on Christian's bank records in forming his opinion. The non-Sears defendants respond that the records are relevant to Christian's expenses, lifestyle choices and spending habits.

In light of the relevant case law, and the information provided to the Court in camera, the Court GRANTS in part this request. Plaintiffs will produce Christian's bank records from the date on which he turned eighteen (18) through the time of his death. See, e.g., In re Air Crash, No. 09-md-2085, 2013 WL 6073635, at *3 (W.D.N.Y. Nov. 18, 2013) (finding bank records discoverable in wrongful death case because they are relevant to this issue of pecuniary damages).

**5. Shinn Fu America's 30(b)(6) Deposition**

Shinn Fu America has objected to producing a witness on four of twenty-five topics listed in plaintiffs' notice of 30(b)(6) deposition. Shinn Fu represents that there is no one at Shinn Fu America with knowledge of these topics. Plaintiffs assert that these objections are improper and that Shinn Fu is obligated to produce a witness who can testify that there is no

6

one at the company with knowledge on these topics. Plaintiffs also seek the specific identity of Shinn Fu America's 30(b)(6) witness(es), and production of his or her resume. Plaintiffs also request that Shinn Fu America produce any supplemental documents prior to the deposition.

    Rule 30(b)(6) provides:

> [A] party may name as the deponent a public or private corporation… and must describe with reasonable particularity the matters for examination.  The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf… The persons designated must testify about information known or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6). "Pursuant to Rule 30(b)(6), the deponent 'must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed… as to the relevant subject matters.'" Sony Elec., Inc. v. Soundview Techn., Inc., 217 F.R.D. 104, 112 (D. Conn. 2002) (quoting Bank of New York v. Meridien BIAO Bank Tanzania Ltd., 171 F.R.D. 135, 151 (S.D.N.Y. 1997) (alterations in original)).  "While the 30(b)(6) deponents need not have personal knowledge concerning the matters set out in the deposition notice… the corporation is obligated to prepare them so that they may give knowledgeable answers."  Scoof Trading Dev. Co., Ltd. v. GE Fuel Cell Sys., LLC, No. 10 Civ. 1391(LGS)(JCF), 2013 WL 1286078, at *2 (S.D.N.Y. March 28, 2013) (compiling cases; internal quotations omitted; alterations in

7

original). Accordingly, a party responding to a 30(b)(6) notice must "prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." Id.

The Court turns first to defendant's position that it need not designate a witness for a 30(b)(6) deposition topic of which the company has no knowledge (topics 9, 10, 11, 13). The Court finds the following passage from Judge Goodman's ruling on a motion for sanctions for failure to comply with Rule 30(b)(6) particularly helpful:

> If the case law outlining the guiding principles of 30(b)(6) depositions could be summarized into a de facto Bible governing corporate depositions, then the litigation commandments and fundamental passages about pre-trial discovery would likely contain the following advice:
>
> […]
>
> 23. The rule implicitly requires the corporation to review all matters known or reasonabl[y] available to it in preparation for a Rule 30(b)(6) deposition.
>
> 24. If a corporation genuinely cannot provide an appropriate designee because it does not have the information, cannot reasonably obtain it from other sources and still lacks sufficient knowledge after reviewing all available information, then its obligations under the Rule cease.
>
> […]
>
> 28. When a corporation's designee legitimately lacks the ability to answer relevant questions on listed topics and the corporation cannot better prepare that witness or obtain an adequate substitute, the "we-don't-know" response can be binding on the corporation and prohibit it from offering evidence at trial on those points.
>
> […]

QBE Ins. Corp. v. Jorda Enter., Inc., No. 10-21107-CIV, 2012 WL 266431, at *9-13 (S.D. Fla. Jan. 30, 2012) (citations omitted throughout; alterations added). On the current record, Shinn Fu

8

America has not made a showing that it does not have the information sought, cannot reasonably obtain it from other sources and still lacks sufficient knowledge after reviewing all available information to testify on topics 9, 10, 11 and 13. Therefore, after considering the arguments of the parties, and the applicable case law, the Court will require Shinn Fu America to designate a witness on topics 9, 10, 11 and 13. If Shinn Fu America <u>genuinely</u> does not have knowledge on these topics, its designated witness should be prepared testify concerning the company's efforts to obtain this information and why it lacks sufficient knowledge to testify concerning topics 9, 10, 11 and 13.

With respect to Topics 18 and 19, plaintiffs take issue with Shin Fu America limiting the topic by way of their objection and response. Shin Fu America responded it would designate a witness on these topics. To the extent that any further issues remain as to Topics 18 and 19, the parties may raise them with the Court via letter brief. However, the Court encourages the parties to proceed with the deposition on these topics and to address any objections with the Court at the time they are posed during the examination.

On the current record the Court will not require Shinn Fu America to provide plaintiffs with the name and resume of its 30(b)(6) witness. With respect to the witness's credentials, this is something that can be inquired into at the deposition. Moreover, "[i]t is ultimately up to the organization to choose the Rule 30(b)(6) deponent, and the party requesting the

9

deposition generally has no right to assert a preference if the designee is sufficiently knowledgeable on the subject matter." 7 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE §30.25[3](3d ed. 2013). There is nothing before the Court to suggest that Shinn Fu America will not designate a sufficiently knowledgeable witness. Therefore, the Court finds no reason to compel the disclosure of his or her name and resume at this time. However, to the extent that the parties can agree on producing this information, they are free to do so.

**6. Sears' 30(b)(6) Deposition**

Sears has also objected to producing a witness on four of twenty-five topics listed in plaintiffs' Notice of 30(b)(6) deposition. To the extent that Sears' objections overlap with those of Shinn Fu America addressed above, the Court reiterates its ruling with respect to producing a witness on topics 9, 10, 11 and 13. To the extent that there are other objections that have not otherwise been resolved between the parties, Sears may raise these with a letter brief to the Court, to which plaintiffs may respond. Similarly, the Court will not require Sears to disclose the name(s) or resume(s) of its 30(b)(6) witness.

**7. Case Management/Scheduling Order**

The parties request a schedule governing discovery. The Court construes this request as a motion for modification of the current scheduling order, which the Court GRANTS as follows:

- Domestic Rule 30(b)(6) depositions by May 15, 2015;
- Domestic merits depositions by June 15, 2015;

10

- Foreign Rule 30(b)(6) depositions by July 31, 2015;
- Non-party fact witness depositions by September 30, 2015
- Plaintiffs' expert depositions by July 17, 2015;
- Disclosure of defendants' experts by August 17, 2015;
- Defendants' expert depositions by September 30, 2015;
- Rebuttal expert disclosures by October 16, 2015;
- Rebuttal expert depositions by October 30, 2015
- Dispositive motions by December 31, 2015.

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport, this 9th day of April 2015.

\_\_\_\_\_/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE