```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


FREDERICK KLORCZYK, JR., as     :
Co-Administrator of the         :
Estate of Christian R.          :
Klorczyk, et al                 :
                                :
                                :
v.                              :     CIV. NO. 3:13CV257 (JAM)
                                :
SEARS, ROEBUCK & CO, ET AL      :
                                :
```

RULING RE: PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS' DISCOVERY REQUESTS OR, IN THE ALTERNATIVE, MOTION FOR LEAVE FOR AN EXTENSION OF TIME REGARDING PLAINTIFFS' RESPONSES [DOC. # 145]

Pending before the Court are the objections and responses of plaintiffs Frederick and Lynne Klorczyk, as co-administrators of the estate of Christian R. Klorczyk, ("plaintiffs") to defendants' discovery requests or, in the alternative, motion for an extension of time regarding plaintiffs' responses. [Doc. #145]. Defendants MVP (H.K.) Industries, Ltd. ("MVP") and Wei Fu (Taishan) Machinery & Electric Co., Ltd. ("Wei Fu") filed a "Reply" in opposition to plaintiffs' objections [Doc. #150], to which plaintiffs filed a "Response." [Doc. #152]. On January 14, 2015, the Court held a telephone conference addressing plaintiffs' objections. Thereafter, the Court held an in person discovery conference on March 4, 2015, where the parties further addressed this issue. For the reasons articulated below, the Court GRANTS in part plaintiffs' motion for an extension of time regarding their responses.

1

**1. Background**

The Court presumes familiarity with the factual background of this matter and will recite applicable facts only as relevant to the Court's rulings below. Nevertheless, the Court will briefly review the procedural history leading to the present dispute. Unless otherwise noted, the Court derives the following background from the parties' written submissions. [Doc. ##145, 150, 152].

On December 4, 2013, MVP served plaintiffs with interrogatories, requests for production, and requests for admissions. Plaintiffs contend that these requests are "identical" to those served on October 25, 2013, by defendants Shinn Fu Corporation ("SFC") and Shinn Fu Co. of America, Inc. ("SFA"), to which plaintiffs had served responses and objections. Rather than formally responding to MVP's discovery requests, plaintiffs' counsel sent a letter dated December 16, 2014, stating in pertinent part that,

> Plaintiffs will not, however, serve separate responses to MVP's discovery request. It is clear that MVP's discovery requests are unreasonably cumulative and duplicative of those served by SFC and SFA, and serve no purpose other than to harass and unduly burden Plaintiffs. Moreover, MVP's interrogatories and requests for production are untimely pursuant to the Court's Scheduling Order Regarding Case Management Plan (Dkt. No. 75). Accordingly, in response to MVP's discovery requests, Plaintiffs hereby incorporate their objections and responses to the discovery requests served by SFC and SFA.

[Doc. #145-1].

Similarly, on February 18, 2014, Wei Fu served plaintiffs with interrogatories, requests for production and requests for admission, which plaintiffs contend are also "largely identical

2

and duplicative" of those served on October 25, 2013, by defendants SFC and SFA. Again, rather than formally responding, on March 18, 2014, plaintiffs' counsel sent a letter to Wei Fu's counsel substantively similar to that addressing MVP's discovery requests. [Doc. #145-2]. As to Wei Fu's discovery requests, plaintiffs again "incorporate[d] their objections and responses to the requests served by Shinn Fu Corp. and SFA." [Id.].

It was not until a November 12, 2014 telephone conference before Judge Meyer that the present dispute arose. During that telephone conference, Judge Meyer directed plaintiffs to file the objection at issue, thereby formally raising for decision plaintiffs' objections set forth in their December 16, 2013 and March 18, 2014 letters. Judge Meyer referred this dispute to the undersigned on December 29, 2014. [Doc. #153]. Notably, although plaintiffs raise objections to all discovery served by MVP and Wei Fu, the parties focus their arguments on plaintiffs' responses to the requests for admissions, or perceived lack thereof. Accordingly, and in light of discussions during the Court's January 13 and March 4, 2015 conferences, this Ruling only addresses MVP and Wei Fu's requests for admissions.

**2. Discussion**

Rule 36 of the Federal Rules of Civil Procedure governs requests for admissions. Under Rule 36(a)(3), requests for admissions are deemed admitted unless the party to whom they are propounded serves "a written answer or objection" within thirty days. Fed. R. Civ. P. 36(a)(3). Rule 36 also sets forth the proper form of answers and objections to requests for

admissions. For example, answers "must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). Similarly, "The grounds for objecting to a request must be stated." Fed. R. Civ. P. 36(a)(5). Pursuant to Federal Rule of Civil Procedure 36(b), "[a] matter deemed admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."

As an initial matter, plaintiffs' December 16, 2013 and March 18, 2014 letters do not comply with Rule 36(a). To the extent that plaintiffs believed certain requests to be impermissibly duplicative, cumulative, or harassing, plaintiffs should have sought a protective order, rather than summarily respond by letter. However, the Court notes that plaintiffs did not entirely shirk their responsibility to respond to MVP and Wei Fu's discovery requests as they incorporated by reference their responses to prior requests for admission. Nevertheless, plaintiffs' letters do not comply with the spirit or letter of Rule 36 and technically plaintiffs have failed to respond to MVP and Wei Fu's requests.

However, rather than deem the requests admitted, the Court will GRANT in part plaintiffs' request for additional time to respond to the requests for admissions. Although plaintiffs have not filed a motion to withdraw them, the Court construes plaintiff's motion for extension of time as a motion to withdraw their admissions if their letters were deemed insufficient responses under Rule 36. See, e.g., 7 JAMES WM. MOORE, ET AL.,

4

Moore's Federal Practice §36.13 (3d ed. 2014)("A motion is required to withdraw or amend an admission. However, some courts have concluded that a formal written motion to withdraw is not necessary. A request to withdraw usually may be made orally or may be imputed from a party's action. Courts have even found that a late response to requests for admission is equivalent to a withdrawal of a deemed admission.").

Rule 36(b) permits the withdrawal of an admission when (1) "the presentation of the merits of the action will be subserved thereby" and (2) "the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Fed. R. Civ. P. 36(b). "The prejudice contemplated by Rule 36(b) is not merely that the party obtaining the admission must, as a consequence of the withdrawal, prove the matter admitted but rather relates to difficulties the party may face in proving its case, such as the availability of key witnesses." Vandever v. Murphy, No. 3:09CV1752 AWT, 2012 WL 5507257, at *2 (D. Conn. Nov. 14, 2012) (quoting Security Ins. Co. of Hartford v. Trustmark Ins. Co., 217 F.R.D. 296, 298 (D. Conn. 2002)). "Courts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." Vandever, 2012 WL 55057257, at *2 (quoting Am. Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C., 930 F.2d 1117, 1120 (5th Cir.1991)). The "decision to excuse the defendant from its admissions is in the court's

5

discretion." Vandever, 2012 WL 55057257, at *2 (citation omitted).

The Court does not condone plaintiffs' playing fast and loose with the Federal Rules of Civil Procedure. However, the Court must apply the legal principles underlying Rule 36(b). As to the first prong of Rule 36(b), permitting the withdrawal of the deemed admissions undoubtedly would "promote the presentation of the merits of the action." Fed. R. Civ. P. 36(b). With regard to the second prong, although MVP and Wei Fu did not make a showing of prejudice, at the March 4 conference, counsel argued that withdrawing the admissions would essentially hit the "reset" button in terms of the discovery conducted to date. Plaintiffs responded that there would be no prejudice to defendants, but rather plaintiffs would be "colossally" prejudiced if the requests were deemed admitted. Considering the arguments of counsel, the Court finds that defendants have failed to show that withdrawal of the admissions would result in the prejudice Rule 36(b) requires, particularly in light of the amended case management order previously issued.

Accordingly, the court GRANTS in part plaintiff's motion for extension of time to serve responses to MVP and Wei Fu's requests for admissions. Plaintiffs will serve their responses to the requests for admissions within ten (10) days from this ruling. Westmoreland v. Triumph Motorcycle Corp., 71 F.R.D. 192, 192-93 (D. Conn. 1976)(determination by court whether to allow amendment or withdrawal is matter of discretion and appellate review based on abuse of discretion). Thereafter, the parties

will confer concerning the pending objections to the requests for admissions, along with any other pending discovery objections. To the extent the parties are unable to resolve plaintiffs' objections, they may raise this via motion filed on CMECF. To the extent that defendants will seek to compel responses to its requests for admissions, they may have thirty days from the date of plaintiffs' responses to do so.

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport, this 9th day of April 2015.

\_\_\_/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE