
# DAY PITNEY LLP

BOSTON   CONNECTICUT   NEW JERSEY   NEW YORK   WASHINGTON, DC

**DAVID J. ELLIOTT**
Attorney at Law

242 Trumbull Street
Hartford, CT 06103-1212
T: (860) 275-0196 F: (860) 881-2447
djelliott@daypitney.com

August 24, 2015

**VIA ECF & E-MAIL**

Hon. Holly B. Fitzsimmons
United States Magistrate Judge
United States Court House
915 Lafayette Boulevard
Suite 266
Bridgeport, CT  06604

     Re:    Frederick Klorczyk et al. vs Sears, Roebuck & Co., et al.
             Case No. 3:13-cv-00257

Dear Judge Fitzsimmons:

     I write on behalf of the plaintiffs in the above matter in response to the letter submitted to Your Honor by counsel for the defendants, Sean P. Flynn, dated August 19, 2015 (the "Flynn Letter").  Plaintiffs were, for the reasons explained below, dismayed to receive the Flynn Letter, both for what it states and fails to state.  Plaintiffs were dismayed because the Flynn Letter was preceded by approximately two weeks of negotiations between plaintiffs and defendants regarding the four topics set forth therein.  The correspondence regarding such negotiations plaintiffs refer to are the four items attached as Exhibits E, F, G and H to the Flynn Letter.  In plaintiffs' counsel's letters to Mr. Flynn regarding these topics, plaintiffs either acceded to the requests made by defendants or indicated the lack of merit to the issues raised and repeatedly stated to Mr. Flynn that there was no basis for the filing of a Motion to Compel or the involvement of the court in these matters.  Mr. Flynn apparently thought that defendants had an August 19, 2015 deadline to file a Motion to Compel on the matters referred to in his letter.  Because of this, he demanded a response from plaintiffs to his previous letter of August 17 (Flynn Letter, Ex. G) by August 18th.  Plaintiffs complied. (Flynn Letter, Ex. H).  As made abundantly clear by the exchange of correspondence attached to the Flynn Letter, there was no doubt, at least since plaintiffs' letter to Mr. Flynn dated August 12th (Flynn Letter, Ex. F) that plaintiffs had offered to resolve, via Supplemental Responses to the subject interrogatories and document requests (Plaintiffs' July 17, 2015 responses to the First Set of Interrogatories and First Set of Requests for Production propounded by MVP (HK) Industries, Ltd. and Wei Fu (Taishan) Machinery & Electric Co., Ltd., which are attached as Exs. A-D to the Flynn Letter) any

92009177.1

DAY PITNEY LLP

Hon. Holly B. Fitzsimmons
August 24, 2015
Page 2

outstanding disputes. Set forth below is a summary of the exchange between plaintiffs and defendants regarding these issues and the reasons why plaintiffs believe that intervention by the court at this time is unnecessary. The issues raised by Mr. Flynn have either been resolved or are so trivial as to not require any intervention by the Court. Plaintiffs' discussion will track the order of issues as presented in the Flynn Letter.

### A.    Plaintiffs' Waiver of Objections.

Defendants assert that the objections asserted in the plaintiffs' responses to the above discovery (Flynn Letters. Exs. A-D) were waived by the time plaintiffs' responses were filed. The court may recall the tortured record regarding the subject of these discovery requests: (i) plaintiffs' arguments that the subject of these discovery requests were duplicative of other discovery propounded by the other defendants; (ii) the filing by plaintiffs of their objections and responses to defendants' discovery requests or, in the alternative, Motion for Leave for an Extension of Time regarding plaintiffs' responses; (Doc. 145); (iii) the two letters plaintiffs' counsel wrote to Mr. Flynn on December 16, 2013 and March 18, 2014 objecting to the subject discovery requests as duplicative of other identical discovery; (iv) Judge Meyer's Order that plaintiffs file formal objections to the subject discovery requests, which plaintiffs did; and (v) the fact that the issue of the subject discovery requests came up for hearing at the status conference before Your Honor on April 9, 2015. Mr. Flynn's argument, which he apparently has now abandoned, was that the court issued an Order during the April 9, 2015 status conference (Docket No. 172) and "did not grant plaintiff any of the requested relief. As such, the objections have been waived . . ." See Exhibit G to Flynn Letter. Plaintiffs responded by way of Exhibit H to the Flynn Letter, plaintiffs' letter of August 18, 2015, that no such Order was entered on April 9, 2015 and that reference to the transcript (Doc. 172 at 3) revealed that the court stated, "notably, although plaintiffs raised objections to all discovery served by MVP and Wei Fu, the parties focused their arguments on plaintiffs' response to their Request for Admission. Accordingly . . . this Ruling only addresses MVP and Wei Fu's Request for Admission" (emphasis added). Thus, as set forth in Exhibit H to the Flynn Letter, there has been no waiver concerning plaintiffs' objections to the subject discovery. Equally as compelling, Mr. Wexler, co-counsel for the plaintiffs, wrote to Your Honor on July 2, 2015 reflecting an agreement of the parties on this subject, stating "plaintiff shall respond to the unanswered December 4, 2013 MVP and February 18, 2014 Wei Fu interrogatories and document requests on or before July 17, 2015" (see Ex. 1 attached hereto). This is exactly what plaintiffs did. And, Plaintiffs have repeatedly stated to Mr. Flynn (e.g., Flynn Letter, Ex. F), "none of our discovery responses have been limited by the general objections alone and our responses to the [subject] discovery would not change if plaintiffs were to withdraw . . . [them]".

It is thus quite clear that defendants' waiver argument is without merit and should not take up one minute of this court's time.


DAY PITNEY LLP

Hon. Holly B. Fitzsimmons
August 24, 2015
Page 3

### B. Plaintiffs' Responses Referring to Large Batches of Documents Previously Produced Without Identifying Responsive Documents by Bates Number or Bates Range

When Mr. Flynn first raised this issue in an e-mail dated August 7, 2015 (Flynn Letter, Ex. E), first received from defendants' counsel more than three weeks after service of its responses to the subject discovery requests, plaintiffs' counsel wrote to Mr. Flynn in its August 12th letter (Flynn Letter, Ex. F) stating that with regard to identifying responsive documents by bates number or bates ranges, "plaintiffs will serve, on or before August 21, 2015, supplemental responses identifying the bates ranges of non-privileged responsive documents". Plaintiffs also stated in the same letter that they would supplement their responses to Requests for Production No. 19, 28 and 64. Indeed on the afternoon of August 21, 2015, plaintiffs served Mr. Flynn with their Supplemental Responses to the subject discovery. Mr. Flynn chose to involve Your Honor in these matters in his August 19th correspondence without ever even having seen plaintiffs' Supplemental Responses. In their Supplemental Responses, plaintiffs address and resolve each item referred to under topic B in the Flynn Letter, and plaintiffs stated their intention to do so in multiple correspondence to Mr. Flynn dated August 12th and 18th (Flynn Letter, Ex. F; Ex. H). In plaintiffs' August 18th letter to Mr. Flynn, plaintiffs agreed to provide all relevant bates numbers or bates ranges for documents not previously identified and to supplemental their responses to Requests for Production Nos. 19, 22, 28 and 64 as appropriate. This is exactly what plaintiffs have done in their Supplemental Responses served on August 21st. There is nothing for the court to decide on Topic B.

### C. Plaintiffs' Responses That "Discovery on This Issue is Continuing"

This issue was addressed in plaintiffs' correspondence to Mr. Flynn dated August 12 and 18, 2015. In their correspondence to Mr. Flynn of August 18, 2015, plaintiffs stated that in their Supplemental Responses, plaintiffs would state that responsive documents are not available due to the defendant, SFA's, thwarting of the discovery schedule that was to have taken place this summer by unilaterally cancelling the SFA Rule 30(b)(6) deposition scheduled in May. Under the then-current scheduling order, this would have been the first in a series of Rule 30(b)(6) and fact depositions that were to have taken place over the summer. Of course, as all parties knew, the taking of the SFA deposition was the predicate for the taking of the remaining non-Sears defendants' depositions. Plaintiffs also stated that they hoped to be in a position to update these responses after reviewing two SFA document productions in July and August, 2015. Plaintiffs further stated that this response was completely appropriate. See Moore's Federal Practice – Civil, Volume 7, Section 33-102 [3]. Once again, it is plaintiffs' position that this issue has been resolved and should not require any intervention by the court.



Hon. Holly B. Fitzsimmons
August 24, 2015
Page 4

### D. Production of Christian Klorczyk's Tax Information

In plaintiffs' August 18, 2015 letter to Mr. Flynn, plaintiffs stated that they would supplement their response to this document request. After conducting a reasonable search, plaintiffs have confirmed, in a Corrected Supplemental Response filed today, that no such documents exist.

* * * *

Plaintiffs find it incomprehensible that in the Flynn Letter of August 19, 2015, he included no discussion of the negotiations set forth above, the plaintiffs' acquiescence in serving Supplemental Responses on August 21st or any acknowledgment that any substantial issues had been resolved. Plaintiffs believe that if the court reviews Exhibits E-H attached to the Flynn Letter, the court will conclude that there is nothing to decide at this time or that any remaining uncertainties with respect to the issues set forth in the Flynn Letter should be resolved in favor of the plaintiffs.

Respectfully submitted,

David J. Elliott

cc:   All counsel of record

92009177 1