SEAN P. FLYNN
SFLYNN@GORDONREES.COM



95 GLASTONBURY BOULEVARD, SUITE 206
GLASTONBURY, CT 06033
PHONE: (860) 278-7448
WWW.GORDONREES.COM

August 19, 2015

<u>VIA ECF AND E-MAIL</u>

Hon. Holly B. Fitzsimmons
United States Courthouse
915 Lafayette Boulevard - Suite 266
Bridgeport, Connecticut 06604

      Re:   <u>*Fred Klorczyk, et al., v. Sears, Roebuck & Co., et al.,*</u>
               Case No.: 3:13-cv-00257

Dear Hon. Fitzsimmons:

    Our firm represents the Defendants in the above-mentioned matter.  We are writing now regarding the Plaintiffs' July 17, 2015 responses to the First Set of Interrogatories and First Set of Requests for Production propounded by MVP (HK) Industries, Ltd. ("MVP") and Wei Fu (Taishan) Machinery & Electric Co., Ltd. ("Wei Fu"), which are attached hereto as Exhibits A, B, C, and D, respectively.  After receiving these responses, counsel exchanged letters and emails dated August 7, 2015, August, 12, 2015, August 17, 2015, and August 18, 2015, which are attached sequentially as Exhibits E, F, G, and H, in an effort to meet and confer regarding the sufficiency of the responses.  After being unable to reach an agreement on four discrete issues regarding the sufficiency of the Plaintiff's responses, we respectfully request your assistance in reaching a resolution.  Our position on each issue is set forth below.

A.    **<u>Plaintiffs' Waiver of Objections</u>**

    We assert that the myriad objections asserted in the Plaintiff's responses were already waived by the time that the responses were provided.  MVP's discovery requests were served on December 6, 2013, and Wei Fu's requests were served on February 18, 2014, but the Plaintiffs did not respond for a year, thereby waiving their right to object.  *See Cohalan v. Genie Indus.*, 276 F.R.D. 161, 164 (S.D.N.Y. 2011) (defendant waived objections to requests for production when its responses were provided more than four months late and only after court intervention, and defendant's "excuse" for the delay was "belied" by facts in record); *Hall v. Sullivan*, 231 F.R.D. 468, 474 (D. Md. 2005), *aff'd*, 2008 U.S. App. LEXIS 7480 (4th Cir. 2008) (implicit within Rule 34 is requirement that objections to document production be stated with particularity in timely answer, and failure to do so may constitute waiver of grounds not properly raised, including privilege or work product immunity); *Pham v. Hartford Fire Ins. Co.*, 193 F.R.D. 659, 661-662 (D. Colo. 2000) (defendant waived all objections to interrogatories, including objection based on attorney-client privilege, by failing to make any response or seek extension of time within time provided for responding to interrogatories).

    In response to the Defendants' communications on this point, the Plaintiffs have continued to assert, without citing any legal authority, that their objections are proper.

August 19, 2015
Page 2

### B. Plaintiffs' Responses Referring To Large Batches Of Documents Previously Produced Without Identifying Responsive Documents By Bates Number Or Bates Range

MVP and Wei Fu's first set of requests for production and interrogatories presented a combined total of 172 discovery requests. In response to 100 of the requests, the Plaintiffs referred to "the information and documents produced in conjunction with the disclosures of Plaintiffs' expert witnesses on December 8, 2014." Our understanding is that the referenced set of documents encompasses at least bates numbers KLORCZYK001052 through KLORCZZYK4150. This is a set of over 3,000 pages of documents, and this represents a majority of the documents that the Plaintiffs have produced in this case.

The Plaintiffs' general reference to a range of over 3,000 documents as potentially responsive to nearly sixty percent of MVP and Wei Fu's discovery requests, without identifying any specific documents by bates number, is not an adequate response. Courts in the Second Circuit regularly order parties responding to discovery to identify previously-produced documents that are responsive to subsequent discovery requests by bates number. See Smith v. AFSCME Council 4, No. 3:08-cv-1735(RNC), 2011 U.S. Dist. LEXIS 51369, at *9 (D. Conn. May 13, 2011) (Martinez, J.); Barkley v. Olympia Mortg. Co., No. 04-cv-875(RJD)(KAM), 2007 U.S. Dist. LEXIS 13308, at *51-52 (D. Conn. Feb. 27, 2007). We have asked that the Plaintiffs follow that procedure in this case, and the Plaintiffs have agreed to supplement their responses by August 21, 2015.

Further, in response to MVP and Wei Fu's Request for Production Nos. 19, 22, 28, and 64, the Plaintiffs' responses state that there are no responsive documents that have not already been produced, but the Plaintiffs provide no reference, general or otherwise, to prior responsive production. The Plaintiffs have agreed to supplement their responses to all of these requests except for No. 22, which calls for documents relating to the decedent's insurance coverage for the past five years. While the Plaintiffs claim that this information is irrelevant, we assert that it maybe relevant to the evaluation of damages.

Additionally, Request No. 64 called for production of statements related to the incident, and we are aware of many statements that Frederick Klorczyk, Jr. has published on the internet but were never produced to the Plaintiffs — some of these were served to the Plaintiffs on August 4, 2015 as exhibits to the Non-Sears Defendants' First Set of Combined Requests for Admissions. The Plaintiffs asserted that they listed all of the websites where Frederick Klorczyk Jr. posted communications in response to Sears' Request for Production No. 31 to Frederick Klorczyk, Jr., but identifying the websites is not the same as producing the communications themselves. Further, the Plaintiffs never listed the websites www.zhpmafia.com and www.garagejournal.com, where we know that Frederick Klorczyk Jr. has posted communications about the incident underlying this case. The bottom line is that the Defendants have a right to have the Plaintiffs perform a diligent search and produce all documents in their possession, custody, or control that are responsive to this request, and that has not occurred despite the fact that this case has been pending for over two years.

### C. Plaintiffs' Responses That "Discovery On This Issue Is Continuing"

Eighteen of the Plaintiffs' responses provide no substantive information and state that "discovery on this issue is continuing." We ask Plaintiffs' counsel to confirm that, at present, the Plaintiffs have no documents or information in their possession, custody, or control that is responsive to these requests. The Plaintiffs have refused to provide this representation, arguing

August 19, 2015
Page 3

that responsive information may be revealed in Shinn Fu Company of America, Inc.'s Rule 30(b)(6) deposition or its forthcoming supplementary document production. Notwithstanding the fact that the Plaintiffs may discover additional information as the case progresses, there is nothing to stop them from confirming whether they have any responsive information in their possession, custody, or control at present. *Cullins v. Heckler*, 108 F.R.D. 172, 177 (S.D.N.Y. 1985) (answer to interrogatory denying possession of requested records is adequate response if it specifically states that information is unavailable).

D.   **Production of Christian Klorczyk's Tax Information**

In response to both MVP and Wei Fu's Request for Production No. 25, the Plaintiffs indicated that they would produce any documents in their possession, custody, or control concerning Christian Klorczyk's tax returns for the five years prior to his death. Plaintiffs' counsel's August 12, 2015 asserts that no tax returns were prepared during this period, but counsel's August 18th letter promises to supplement the Plaintiffs' responses. These responses are confusing and the Plaintiffs are requested to simply produce any responsive documents in their possession, custody, or control, as promised in their initial written responses.

Thank you, as always, for your attention to these issues and for your patience with this matter.

Best regards,

*s/ Sean P. Flynn*

Sean P. Flynn

Enclosures

cc:   All Counsel, Via ECF and E-Mail

1097376/24697939v.1