# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FREDERICK KLORCZYK, JR. AND LYNNE KLORCZYK, as co-administrators of the Estate of Christian R. Klorczyk, | : : : | CIVIL ACTION NO. |
| | : | 3:13-cv-00257-JAM |
| *Plaintiffs*, | : | |
| | : | |
| vs. | : | |
| | : | |
| SEARS, ROEBUCK AND CO., et al. | : | |
| | : | JULY 17, 2015 |
| *Defendants*. | | |

### FREDERICK KLORCZYK, JR.'S AND LYNNE KLORCZYK'S OBJECTIONS AND ANSWERS TO DEFENDANT MVP HK INDUSTRIES LTD'S FIRST SET OF REQUESTS FOR INTERROGATORIES

Plaintiffs, Frederick Klorczyk, Jr. and Lynne Klorczyk, as co-administrators of the Estate of Christian R. Klorczyk ("Plaintiffs"), hereby submit their objections and responses to the First Set of Interrogatories of Defendant, MVP HK Industries Ltd ("Defendant"), dated December 4, 2013.

### GENERAL OBJECTIONS

1.      Plaintiffs object to the Interrogatories to the extent that they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut.

2.      Plaintiffs object to the Interrogatories to the extent that they seek disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection afforded by law.

3.      Plaintiffs object to the Interrogatories to the extent that they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.      Plaintiffs object to the Interrogatories to the extent that they are not limited to a time period relevant to this action.

5.      Plaintiffs object to the Interrogatories to the extent that they are overly broad, unduly burdensome, or oppressive.

6.      Plaintiffs object to the Interrogatories to the extent that they are vague, ambiguous, or fail to identify the information being requested with reasonable particularity.

7.      Plaintiffs object to the Interrogatories to the extent that they seek information that is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action.

8.      Plaintiffs object to the Interrogatories to the extent that they seek information that is not in Plaintiffs' possession, custody or control.

9.      Plaintiffs object to the Interrogatories to the extent that they are unreasonably cumulative or duplicative.

10.     Plaintiffs' objections and responses to the Interrogatories are based on Plaintiffs' investigation and discovery to date.  Plaintiffs expressly reserve the right to modify, to amend, or to supplement these objections and responses if additional information is discovered by Plaintiffs.

11.     Plaintiffs do not waive and specifically reserve the right to challenge the relevance, materiality or admissibility of any information provided in response to the Interrogatories.  No objection or response made herein shall be deemed an admission or representation by Plaintiffs as to the existence or nonexistence of information.

12.     Plaintiffs hereby incorporate by reference each of these General Objections in Plaintiffs' Objections to Definitions and Plaintiffs' objections and responses to each of the

Interrogatories as if fully set forth therein.  Nothing herein shall be construed as a waiver of Plaintiffs' right to assert additional objections to the discovery of the information sought by the Interrogatories.

## OBJECTIONS TO DEFINITIONS

For purposes of these Interrogatories, the following definitions shall apply:

1.   **WITNESSES** include a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

### OBJECTION:

**Plaintiffs object to this definition, particularly in its references to "firm," "association," "organization," "partnership," "business," "trust," "limited liability company," "corporation," and "public entity" as vague and ambiguous.  Plaintiffs also object to this definition as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.**

2.   **DOCUMENT** as used herein is intended to have the broadest possible meaning and encompass, without limitation, the definitions of WRITING set forth in Section 1001 of the Federal Rules of Evidence, and Federal Rule of Civil Procedure 34, respectively, and include the original or copy, and both sides thereof, of handwriting, typewriting, printing, photocopying, photographing, and every other means of recording upon any tangible thing, any form of communication and representation, including letters, words, pictures, sounds, and symbols, or combinations of them.  It also includes non-paper information storage such as tapes, films, disks and computer memory devices and electronic mail.  Electronic mail means all original and any non-identical copies of documents sent or received as electronic mail (including all attachments), whether in printed or electronic form of any kind, including, without limitation, data stored on hard disks, floppy discs, servers, magnetic tape, personal or handheld computers or devices (such as Palm or BlackBerry devices), in random access memory or in read-only memory.  For purposes of this definition, the electronic version of any electronic mail is deemed to be an original, irrespective of the existence or creation of a hard copy print-out of that electronic mail,

and you are required to produce all responsive documents stored in electronic format. Electronic mail includes all electronic mail in YOUR possession, and is not limited to electronic mail in the senders' or recipients' files or computers, and includes any electronic mail that has been deleted from the senders' or recipients' computers. Electronically stored information shall be produced in its native format, searchable and with linked attachments as they were sent or received in the regular course of business.

**OBJECTION:**

As construed and used herein, the term "Document(s)" shall have the meaning prescribed by Rule 26(c)(2) of the Local Civil Rules of the United States District Court for the District of Connecticut.

4.     **IDENTIFY**, means:

a.     When used in reference to a natural person, means to state such person's full name, last-known home and business address, last-known business affiliation, employer, and position therewith, and the latest date that such information was true, to your knowledge;

b.     When used in reference to a business, firm, partnership, joint venture, company or corporation, means to state, to the extent known, its full name, state of incorporation or creation, address of its principal place of business, and its principal activities or products;

c.     When used in reference to documents or writings, means to describe specifically the document, including a description of its type (e.g., letter, memorandum, telegram, chart, etc.), and to state its date, author, addressee, title, file identification number or symbol, and to identify the present location and the name and address of the present custodian of such document. If any such document is no longer in YOUR possession or subject to YOUR control, state what disposition was made of it and the date of such disposition, identifying the person having knowledge of its content.

**OBJECTION:**

4

As construed and used herein, the term "Identify" shall have the meanings prescribed by, as applicable, Rules 26(c)(3) and 26(c)(4) of the Local Civil Rules of the United States District Court for the District of Connecticut.

5.      "**RELATING TO**" means referring to, discussing, mentioning, evidencing, criticizing, explaining, describing, illustrating, disparaging, addressing, demonstrating, assessing, alluding to, elaborating upon, remarking upon, probing, examining, debating the merits of, illuminating, disputing the benefits of, expanding upon, commenting upon, interpreting, reassessing, revealing, scrutinizing, studying, critiquing, or characterizing the subject matter or topic inquired about in that particular request.

**OBJECTION:**

As construed and used herein, the term "Relating To" shall have the meaning of "concerning" prescribed by, as applicable, Rule 26(c)(7) of the Local Civil Rules of the United States District Court for the District of Connecticut.

6.      **YOU** or **YOUR** means Responding Party.

**OBJECTION:**

Plaintiffs object to this definition as vague and ambiguous.  As construed and used herein, the terms "You" and "Your" shall mean Plaintiffs, Frederick Klorczyk, Jr. and Lynne Klorczyk, as co-administrators of the Estate of Christian R. Klorczyk.

8.      **JACK STAND(S)** means the vehicle support stand or device identified in Plaintiffs' Complaint and First Amended Complaint, specifically as "Craftsman Heavy Duty Jack Stand, Model No. 50163," as well as any aspect, feature, or component part of said jack stand(s).

**OBJECTION:**

Plaintiffs object to this definition, particularly in its reference to "any aspect, feature, or component part" as vague and ambiguous and overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. As construed and used herein, the term "Jack Stand(s)" shall have the meaning prescribed by Paragraph 15 of the Amended Complaint, filed on May 9, 2013 (Dkt. No. 43).

## OBJECTIONS AND ANSWERS TO INTERROGATORIES

**Interrogatory No. 1:**

Regarding **YOUR** contention that **DECEDENT** purchased **JACK STANDS** from **SEARS**, as alleged in the **FAC** at paragraph 17, please:

    (a)    State all facts that support your contention;

    (b)    **IDENTIFY** all **DOCUMENTS** that support your contention; and

    (c)    **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or **DOCUMENTS** that support your contention, including but not limited to **DEFENDANT'S** employees.

**OBJECTION:**

**Plaintiffs object to this interrogatory, particularly in its references to "contention," "all facts," "knowledge," and "employees" as vague and ambiguous. Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this interrogatory because it is not limited to a time period relevant to this action. Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut.**

**RESPONSE:**

**Subject to and without waiving their objections, Plaintiffs state that the Decedent purchased the Jack Stands on January 1, 2011, from the Sears located at 850 Hartford Turnpike, Waterford, CT. As between Plaintiffs and Sears, it is undisputed that Sears is the retailer of the Jack Stands at issue in this action and sold the Jack Stands to the Decedent on January 1, 2011. (Dkt. No. 52, at 6). Plaintiffs have produced the following documents responsive to this interrogatory:**

- **KLORCZYK000001–KLORCZYK000043**

**Interrogatory No. 2:**

Regarding **YOUR** contention that **DECEDENT** "was experienced in the use of Sears Jack Stands and had used them to perform repair work and/or maintenance on motor vehicles on numerous occasions prior to March 11, 2011," as alleged in the **FAC** at paragraph 19, please:

    (a)    State all facts that support your contention;

    (b)    **IDENTIFY** all **DOCUMENTS** that support your contention; and

    (c)    **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or **DOCUMENTS** that support your contention, including but not limited to **DEFENDANT'S** employees.

**OBJECTION:**

**Plaintiffs object to this interrogatory, particularly in its references to "contention," "all facts," "knowledge" and "employees" as vague and ambiguous. Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this interrogatory because it is not limited to a time period relevant to this action. Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut.**

**RESPONSE:**

**Subject to and without waiving their objections, Plaintiffs state that Decedent was experienced in the use of Jack Stands by virtue, among other things, of his work on motor vehicle repair and maintenance over an extended period of time, which included the use of jack stands, including Sears Jack Stands. Further, Plaintiffs respond that the depositions of Plaintiffs provide additional information on this subject.**

**Interrogatory No. 3:**

Regarding **YOUR** contention that "failure of the Jack Stand caused the motor vehicle being supported by it to fall upon Decedent," as alleged in the **FAC** at paragraph 20, please:

    (a)    State all facts that support your contention;

    (b)    **IDENTIFY** all **DOCUMENTS** that support your contention; and

    (c)    **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents that support your contention.

**OBJECTION:**

    **Plaintiffs object to this interrogatory, particularly in its references to "contention," "all facts," and "knowledge" as vague and ambiguous.   Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this interrogatory because it is not limited to a time period relevant to this action.   Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut.   Plaintiffs also object to this interrogatory because it seeks information relating to expert analysis and reports prior to the time such analysis and reports must be disclosed in accordance with the Court's Order of October 21, 2013.**

    **RESPONSE:**

    **Subject to and without waiving their objections, Plaintiffs have previously disclosed expert analysis and reports that include information responsive to this interrogatory in accordance with the operative Case Management Order.**

**Interrogatory No. 4:**

    Regarding **YOUR** contention that the "Jack Stand that caused Decedent's death failed as a result of a defect in its design, assembly or manufacture," as alleged in the **FAC** at paragraph 21, please:

    (a)    State all facts that support your contention;

    (b)    **IDENTIFY** all **DOCUMENTS** that support your contention; and

    (c)    **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents that support your contention.

**OBJECTION:**

    **Plaintiffs object to this interrogatory, particularly in its references to "contention," "all facts," and "knowledge" as vague and ambiguous.  Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to**

the discovery of admissible evidence. Plaintiffs also object to this interrogatory because it is not limited to a time period relevant to this action. Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut. Plaintiffs also object to this interrogatory because it seeks information relating to expert analysis and reports prior to the time such analysis and reports must be disclosed in accordance with the Court's Order of October 21, 2013.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Interrogatory No. 3.


**Interrogatory No. 5:**

Regarding **YOUR** contention that "the Jack Stand was defective in that adequate warnings or instructions were not provided by Defendants," as alleged in the **FAC** at paragraph 22, please:

(a)     State all facts that support your contention;

(b)     **IDENTIFY** all **DOCUMENTS** that support your contention; and

(c)     **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents that support your contention.

**OBJECTION:**

Plaintiffs object to this interrogatory, particularly in its references to "contention," "all facts," and "knowledge" as vague and ambiguous. Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this interrogatory because it is not limited to a time period relevant to this action. Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut. Plaintiffs also object to this interrogatory because it seeks information relating to expert analysis and reports prior to

9

the time such analysis and reports must be disclosed in accordance with the Court's Order of October 21, 2013.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Interrogatory No. 3.

**Interrogatory No. 6:**

Regarding **YOUR** contention that "on March 11, 2011, the Jack Stand was in the same or similar condition as when it was designed, manufactured, assembled, sold or distributed by Defendants" as alleged in the **FAC** at paragraph 24, please:

    (a)    State all facts that support your contention;

    (b)    **IDENTIFY** all **DOCUMENTS** that support your contention; and

    (c)    **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents that support your contention.

**OBJECTION:**

Plaintiffs object to this interrogatory, particularly in its references to "contention," "all facts," and "knowledge" as vague and ambiguous.   Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this interrogatory because it is not limited to a time period relevant to this action.  Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut.   Plaintiffs also object to this interrogatory because it seeks information relating to expert analysis and reports prior to the time such analysis and reports must be disclosed in accordance with the Court's Order of October 21, 2013.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs state that they lack knowledge or information responsive to this interrogatory insofar as its seeks information relating to the time when the Jack Stand was "designed," "manufactured," "assembled," or "distributed."  As so limited, Plaintiffs state that, to their knowledge, the Jack Stand was not altered from the time when it was sold to Decedent to March 11, 2011.

**Interrogatory No. 7**:

Regarding **YOUR** contention that "the manner in which the Decedent's death occurred was foreseeable and Defendants knew or should have known or anticipated that Decedent would not be aware of the risks and nature of the harm attendant to using the Jack Stand" as alleged in the **FAC** at paragraph 25, please:

(a)   State all facts that support your contention;

(b)   **IDENTIFY** all **DOCUMENTS** that support your contention; and

(c)   **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents that support your contention.

**OBJECTION:**

Plaintiffs object to this interrogatory, particularly in its references to "contention," "all facts," and "knowledge" as vague and ambiguous.   Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this interrogatory because it is not limited to a time period relevant to this action.   Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut.   Plaintiffs also object to this interrogatory because it seeks information relating to expert analysis and reports prior to the time such analysis and reports must be disclosed in accordance with the Court's Order of October 21, 2013.  Plaintiffs also object to this interrogatory because it seeks information relating to damages and losses prior to the time a damages analysis must be disclosed in accordance with the Court's Order of October 21, 2013.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Interrogatory No. 3.

**Interrogatory No. 8**:

Regarding **YOUR** contention that "Defendants knew or should have known or anticipated at the time of design, manufacture and/or testing that the expected product user

11

would not be aware of the risks from the product and nature of the harm" as alleged in the **FAC** at paragraph 26, please:

    (a)    State all facts that support your contention;

    (b)    **IDENTIFY** all **DOCUMENTS** that support your contention; and

    (c)    **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents that support your contention.

#### OBJECTION:

Plaintiffs object to this interrogatory, particularly in its references to "contention," "all facts," and "knowledge" as vague and ambiguous.     Plaintiffs also object to this interrogatory because it seeks information protected from discovery by the work product doctrine.  Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this interrogatory because it is not limited to a time period relevant to this action.  Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut.  Plaintiffs also object to this interrogatory because it seeks information relating to expert analysis and reports prior to the time such analysis and reports must be disclosed in accordance with the Court's Order of October 21, 2013.  Plaintiffs also object to this interrogatory because it seeks information relating to damages and losses prior to the time a damages analysis must be disclosed in accordance with the Court's Order of October 21, 2013.

#### RESPONSE:

**Subject to and without waiving their objections, Plaintiffs incorporate their response to Interrogatory No. 3.**

#### Interrogatory No. 9:

Regarding **YOUR** contention that **PROPOUNDING PARTY** is liable to **YOU** for negligence as alleged in the **FAC**, please:

    (a)    State all facts that support your contention;

    (b)    **IDENTIFY** all **DOCUMENTS** that support your contention; and

(c)     **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents

that support your contention.

**OBJECTION:**

Plaintiffs object to this interrogatory, particularly in its references to "contention," "liable," "negligence," "all facts," and "knowledge" as vague and ambiguous.  Plaintiffs also object to this interrogatory because it seeks information protected from discovery by the work product doctrine.  Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this interrogatory because it is not limited to a time period relevant to this action.  Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut.  Plaintiffs also object to this interrogatory as unreasonably cumulative and duplicative of Defendant's other interrogatories.  Plaintiffs also object to this interrogatory because it seeks information relating to expert analysis and reports prior to the time such analysis and reports must be disclosed in accordance with the Court's Order of October 21, 2013.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs state that this interrogatory calls for a legal conclusion as to which no response is required. Notwithstanding this, Plaintiffs incorporate their response to Interrogatory No. 3.

**Interrogatory No. 10:**

Regarding **YOUR** contention that **PROPOUNDING PARTY** is liable to **YOU** for strict

liability, as alleged in the **FAC** at paragraph 27, please:

(a)     State all facts that support your contention;

(b)     **IDENTIFY** all **DOCUMENTS** that support your contention; and

(c)     **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents

that support your contention.

**OBJECTION:**

13

Plaintiffs object to this interrogatory, particularly in its references to "contention," "liable," "strict liability," "all facts," and "knowledge" as vague and ambiguous. Plaintiffs also object to this interrogatory because it seeks information protected from discovery by the work product doctrine. Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this interrogatory because it is not limited to a time period relevant to this action. Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut. Plaintiffs also object to this interrogatory as unreasonably cumulative and duplicative of Defendant's other interrogatories. Plaintiffs also object to this interrogatory because it seeks information relating to expert analysis and reports prior to the time such analysis and reports must be disclosed in accordance with the Court's Order of October 21, 2013.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Interrogatory No. 9.

**Interrogatory No. 11:**

Regarding **YOUR** contention that **PROPOUNDING PARTY** is liable to **YOU** for "breach of express or implied warranty", as alleged in the **FAC** at paragraph 27, please:

(a)     State all facts that support your contention;

(b)     **IDENTIFY** all **DOCUMENTS** that support your contention; and

(c)     **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents that support your contention.

**OBJECTION:**

Plaintiffs object to this interrogatory, particularly in its references to "contention," "liable," "breach of express or implied warranty," "all facts," and "knowledge" as vague and ambiguous. Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this interrogatory because it seeks information that is not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources,

including other parties to this action. Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut. Plaintiffs also object to this interrogatory as unreasonably cumulative and duplicative of Defendant's other interrogatories. Plaintiffs also object to this interrogatory because it seeks information relating to expert analysis and reports prior to the time such analysis and reports must be disclosed in accordance with the Court's Order of October 21, 2013.

RESPONSE:

Subject to and without waiving their objections, Plaintiffs incorporate their response to Interrogatory No. 9.

**Interrogatory No. 12:**

Regarding **YOUR** contention that **PROPOUNDING PARTY** is liable to **YOU** for

"breach or failure to discharge a duty to warn or instruct", as alleged in the **FAC** at paragraph 27,

please:

(a)     State all facts that support your contention;

(b)     **IDENTIFY** all **DOCUMENTS** that support your contention; and

(c)     **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents that support your contention.

OBJECTION:

Plaintiffs object to this interrogatory, particularly in its references to "contention," "liable," "breach or failure to discharge a duty to warn or instruct," "all facts," and "knowledge" as vague and ambiguous. Plaintiffs also object to this interrogatory because it seeks information protected from discovery by the work product doctrine. Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this interrogatory because it seeks information that is not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut. Plaintiffs also object to this interrogatory as unreasonably cumulative and duplicative of Defendant's other

interrogatories.  Plaintiffs also object to this interrogatory because it seeks information relating to expert analysis and reports prior to the time such analysis and reports must be disclosed in accordance with the Court's Order of October 21, 2013.

RESPONSE:

Subject to and without waiving their objections, Plaintiffs incorporate their response to Interrogatory No. 9.

**Interrogatory No. 13**:

Regarding **YOUR** contention that **PROPOUNDING PARTY** is liable to **YOU** for

"misrepresentation or non-disclosure", as alleged in the **FAC** at paragraph 27, please:

(a)     State all facts that support your contention;

(b)     **IDENTIFY** all **DOCUMENTS** that support your contention; and

(c)     **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents that support your contention.

OBJECTION:

Plaintiffs object to this interrogatory, particularly in its references to "contention," "liable," "misrepresentation or non-disclosure," "all facts," and "knowledge" as vague and ambiguous.  Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this interrogatory because it seeks information that is not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action.  Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut.  Plaintiffs also object to this interrogatory as unreasonably cumulative and duplicative of Defendant's other interrogatories.   Plaintiffs also object to this interrogatory because it seeks information relating to expert analysis and reports prior to the time such analysis and reports must be disclosed in accordance with the Court's Order of October 21, 2013.

RESPONSE:

Subject to and without waiving their objections, Plaintiffs incorporate their response to Interrogatory No. 9.

**Interrogatory No. 14**:

Regarding **YOUR** contention that **PROPOUNDING PARTY** is a manufacturer of the

**JACK STAND**, as alleged in paragraph 15 of the **FAC**, please:

(a)     State all facts that support your contention;

(b)     **IDENTIFY** all **DOCUMENTS** that support your contention; and

(c)     **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents

that support your contention.

**OBJECTION:**

Plaintiffs object to this interrogatory, particularly in its references to "contention," "manufacturer," "all facts," and "knowledge" as vague and ambiguous.  Plaintiffs also object to this interrogatory because it seeks information protected from discovery by the work product doctrine.  Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this interrogatory because it is not limited to a time period relevant to this action.  Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs respond that discovery on this issue is continuing.

**Interrogatory No. 15**:

Regarding **YOUR** contention that **PROPOUNDING PARTY** is an importer of the

**JACK STAND**, as alleged in paragraph 15 of the **FAC**, please:

(a)     State all facts that support your contention;

(b)     **IDENTIFY** all **DOCUMENTS** that support your contention; and

(c)     **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents

that support your contention.

**OBJECTION:**

Plaintiffs object to this interrogatory, particularly in its references to "contention," "importer," "all facts," and "knowledge" as vague and ambiguous. Plaintiffs also object to this interrogatory because it seeks information protected from discovery by the work product doctrine. Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this interrogatory because it is not limited to a time period relevant to this action. Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs respond that discovery on this issue is continuing.

**Interrogatory No. 16:**

Regarding **YOUR** contention that **PROPOUNDING PARTY** is a wholesaler of the **JACK STAND**, as alleged in paragraph 15 of the **FAC**, please:

(a)     State all facts that support your contention;

(b)     **IDENTIFY** all **DOCUMENTS** that support your contention; and

(c)     **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents that support your contention.

**OBJECTION:**

Plaintiffs object to this interrogatory, particularly in its references to "contention," "wholesaler," "all facts," and "knowledge" as vague and ambiguous. Plaintiffs also object to this interrogatory because it seeks information protected from discovery by the work product doctrine. Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this interrogatory because it is not limited to a time period relevant to this action. Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs respond that discovery on this issue is continuing.

**Interrogatory No. 17:**

Regarding **YOUR** contention that **PROPOUNDING PARTY** is a designer of the **JACK STAND**, as alleged in paragraph 15 of the **FAC**, please:

    (a)    State all facts that support your contention;

    (b)    **IDENTIFY** all **DOCUMENTS** that support your contention; and

    (c)    **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents that support your contention.

**OBJECTION:**

Plaintiffs object to this interrogatory, particularly in its references to "contention," "designer," "all facts," and "knowledge" as vague and ambiguous. Plaintiffs also object to this interrogatory because it seeks information protected from discovery by the work product doctrine. Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this interrogatory because it is not limited to a time period relevant to this action. Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs respond that discovery on this issue is continuing.

**Interrogatory No. 18:**

Regarding **YOUR** contention that **PROPOUNDING PARTY** is a distributor of the **JACK STAND**, as alleged in paragraph 15 of the **FAC**, please:

    (a)    State all facts that support your contention;

    (b)    **IDENTIFY** all **DOCUMENTS** that support your contention; and

(c)      **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents

that support your contention.

**OBJECTION:**

Plaintiffs object to this interrogatory, particularly in its references to "contention," "distributor," "all facts," "witnesses," and "knowledge" as vague and ambiguous. Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this interrogatory because it is not limited to a time period relevant to this action. Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut. Plaintiffs also object to this interrogatory because it seeks information relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto and because Propounding Party has failed and refused to date to respond to any of Plaintiffs' pending discovery requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporates Paragraph B.4. on Page 5 of the Form 26(f) Report of the Parties' Planning Meeting (Dkt. No. 52), wherein MVP admits that it did distribute the subject jack stand directly to Sears.

**Interrogatory No. 19:**

Regarding **YOUR** contention that **PROPOUNDING PARTY** is a retailer of the **JACK STAND**, as alleged in paragraph 15 of the **FAC**, please:

(a)      State all facts that support your contention;

(b)      **IDENTIFY** all **DOCUMENTS** that support your contention; and

(c)      **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents

that support your contention.

**OBJECTION:**

Plaintiffs object to this interrogatory, particularly in its references to "contention," "retailer," "all facts," and "knowledge" as vague and ambiguous. Plaintiffs also object to

this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this interrogatory because it is not limited to a time period relevant to this action.  Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs respond that discovery on this issue is continuing.

**Interrogatory No. 20**:

Regarding **YOUR** claimed damages, as alleged in the **FAC**, please:

(a)    State all facts that support your contention;

(b)    **IDENTIFY** all **DOCUMENTS** that support your contention; and

(c)    **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents

that support your contention.

**OBJECTION:**

Plaintiffs object to this interrogatory, particularly in its references to "claimed damages," "all facts," "contention," and "knowledge" as vague and ambiguous.  Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this interrogatory because it is not limited to a time period relevant to this action.  Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut.  Plaintiffs also object to this interrogatory because it seeks information relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto and because Propounding Party has failed and refused to date to respond to any of Plaintiffs' pending discovery requests.  Plaintiffs also object to this interrogatory because it seeks information relating to damages and losses prior to the time a damages analysis must be disclosed in accordance with the Court's Order of October 21, 2013.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs previously served a damages analysis that includes information responsive to this interrogatory in accordance with the Case Management Order.   Further, Plaintiffs incorporate their response to Interrogatory No. 3.

**Interrogatory No. 21:**

For each of **YOUR** responses to **PROPOUNDING PARTY'S** Requests for Admission,

Set One, that is not an unqualified admission, please:

(a)    State all facts that support your contention;

(b)    **IDENTIFY** all **DOCUMENTS** that support your contention; and

(c)    **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents

that support your contention.

**OBJECTION:**

Plaintiffs object to this interrogatory, particularly in its references to "unqualified admission," "all facts," "contention," and "knowledge" as vague and ambiguous.  Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this interrogatory because it seeks information that is not relevant to the subject matter of this action and because is not limited to a time period relevant to this action.  Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut.  Plaintiffs also object to this interrogatory because it seeks information relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto and because Propounding Party has failed and refused to date to respond to any of Plaintiffs' pending discovery requests.  Plaintiffs also object to this interrogatory because it violates the express limitation of Rule 33 of the Federal Rules of Civil Procedure to serve another party with only 25 interrogatories, including discrete subparts.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporates, as applicable, their objections and responses to Propounding Party's Requests for Admission, Set One.

PLAINTIFFS,
FREDERICK KLORCZYK, JR. AND LYNNE
KLORCZYK, as co-administrators of the Estate
of Christian R. Klorczyk

By: /s/ David J. Elliott
      David J. Elliott (ct04301)
      Bryan J. Orticelli (ct28643)
      Kaitlin A. Canty (ct29074)
      DAY PITNEY LLP
      242 Trumbull Street
      Hartford, CT 06103-1212
      860-275-0100
      860-275-0343 (fax)
      *djelliott@daypitney.com*
      *borticelli@daypitney.com*
      *kcanty@daypitney.com*

      Howard S. Edinburgh
      Howard L. Wexler
      Joseph E. Donat
      Michael Gallub
      Herzfeld & Rubin, P.C.
      125 Broad Street
      New York, NY 10004
      (212) 271-8529
      (212) 344-3333 (fax)
      *hedinburgh@herzfeld-rubin.com*
      *hwexler@herzfeld-rubin.com*
      *jdonat@herzfeld-rubin.com*
      *mgallub@herzfeld-rubin.com*

      Their Attorneys

## CERTIFICATION

I HEREBY CERTIFY that on this date a copy of the foregoing was served by electronic mail to current counsel of record in accordance with the parties' August 12, 2014 Agreement to Consent to Electronic Service of Documents.

Sean P. Flynn (phv05949)
Gordon & Rees LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612

Steven J. Zakrzewski (ct28934)
Gordon & Rees LLP
95 Glastonbury Boulevard, Suite 206
Glastonbury, CT 06033

*sflynn@gordonrees.com*
*szakrzewski@gordonrees.com*
*sthomas@gordonrees.com*
*lhandy@gordonrees.com*

Erica W. Todd (ct13897)
Trotta, Trotta & Trotta
900 Chapel Street, 12th Floor
P.O. Box 802
New Haven, CT 06503
*etodd@trottalaw.com*

By:   /s/ David J. Elliott
       David J. Elliott (ct04301)

## VERIFICATION

STATE OF CONNECTICUT          )
                             )
COUNTY OF NEW LONDON          )

Before me, the undersigned Notary Public, on this day personally appeared Frederick Klorczyk, Jr. and Lynne Klorczyk, known to me to be the persons whose names are subscribed hereto, who upon their oath, stated that having knowledge of the matters contained in the responses to the foregoing interrogatories, states that the forgoing responses are, to the best of their knowledge and belief, true and correct.

SUBSCRIBED AND SWORN TO BEFORE ME by Frederick Klorczyk, Jr. and Lynne Klorczyk on this 17 day of July, 2015.

Frederick Klorczyk, Jr.

Lynne Klorczyk

Notary Public
My commission expires:

NICOLE LEE GOODROW
NOTARY PUBLIC
MY COMMISSION EXPIRES DEC. 31, 2019

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FREDERICK KLORCZYK, JR. AND LYNNE | : | CIVIL ACTION NO. |
| KLORCZYK, as co-administrators of the Estate of | : | 3:13-cv-00257-JAM |
| Christian R. Klorczyk, et al. | : | |
| | : | |
| *Plaintiffs,* | : | |
| | : | |
| vs. | : | |
| | : | |
| SEARS, ROEBUCK AND CO., et al. | : | |
| | : | |
| *Defendants.* | : | JULY 17, 2015 |

## PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT MVP (HK) INDUSTRIES, LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiffs, Frederick Klorczyk, Jr. and Lynne Klorczyk, as co-administrators of the Estate

of Christian R. Klorczyk ("Plaintiffs"), hereby object and respond to the First Set of Requests for

Production of Documents of Defendant MVP (HK) Industries, Ltd ("Defendant"), dated

December 4, 2013.

## PRELIMINARY STATEMENT

In the course of discovery in this action, Plaintiffs have responded to numerous discovery

requests and have incurred substantial expense and burden collecting, reviewing and producing

responsive documents and information.  Plaintiffs have, to date, produced more than 4,500 pages

of documents and continue to supplemental their discovery responses in accordance with the

Federal Rules of Civil Procedure.  Accordingly, Plaintiffs hereby incorporate their prior

discovery responses to the extent they are applicable to Defendant's Requests.

## GENERAL OBJECTIONS

1.      Plaintiffs object to the Requests to the extent that they seek to impose obligations

beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the

United States District Court for the District of Connecticut.

2.     Plaintiffs object to the Requests to the extent that they seek disclosure of information and documents protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection afforded by law.  Plaintiffs will not produce documents containing privileged information or will produce such documents in redacted form.  Any inadvertent disclosure of any privileged document shall not be deemed or construed to constitute a waiver of any privilege or protection.  No use shall be made of any documents after notice is provided that such documents have been inadvertently produced.  Plaintiffs also reserve the right to demand the return of any inadvertently produced document and all copies thereof.

3.     Plaintiffs object to the Requests to the extent that they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.     Plaintiffs object to the Requests to the extent that they are not limited to a time period relevant to this action.

5.     Plaintiffs object to the Requests to the extent that they are overly broad, unduly burdensome, or oppressive.

6.     Plaintiffs object to the Requests to the extent that they are vague, ambiguous, or fail to identify the information being requested with reasonable particularity.

7.     Plaintiffs object to the Requests to the extent that they seek documents that are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

8.     Plaintiffs object to the Requests to the extent that they seek documents that are not

in Plaintiffs' possession, custody or control.

9.      Plaintiffs object to the Requests to the extent that they are unreasonably cumulative or duplicative.

10.      Plaintiffs' objections and responses to the Requests are based on Plaintiffs' investigation and discovery to date.  Plaintiffs expressly reserve the right to modify, to amend, or to supplement these objections and responses if additional information or documents are discovered by Plaintiffs.

11.      Plaintiffs do not waive and specifically reserves the right to challenge the relevance, materiality or admissibility of any document provided in response to the Requests. No objection or response made herein shall be deemed an admission or representation by Plaintiffs as to the existence or nonexistence of documents.

12.      Plaintiffs hereby incorporate by reference each of these General Objections in Plaintiffs' Objections to Definitions and Plaintiffs' objections and responses to each of the Requests as if fully set forth therein.  Nothing herein shall be construed as a waiver of Plaintiffs' right to assert additional objections to the discovery of the information and documents sought by the Requests.

## OBJECTIONS TO DEFINITIONS

1.      "**WITNESSES**" include a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

### OBJECTION:

**Plaintiffs object to this definition, particularly in its references to "firm," "association," "organization," "partnership," "business," "trust," "limited liability company," "corporation," and "public entity" as vague and ambiguous.  Plaintiffs also object to this definition as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.**

2.      "**DOCUMENT(S)**" as used herein is intended to have the broadest possible meaning and encompass, without limitation, the definitions of WRITING set forth in Section 1001 of the Federal Rules of Evidence, and Federal Rule of Civil Procedure 34, respectively, and include the original or copy, and both sides thereof, of handwriting, typewriting, printing, photocopying, photographing, and every other means of recording upon any tangible thing, any form of communication and representation, including letters, words, pictures, sounds, and symbols, or combinations of them.  It also includes non-paper information storage such as tapes, films, disks and computer memory devices and electronic mail.  Electronic mail means all original and any non-identical copies of documents sent or received as electronic mail (including all attachments), whether in printed or electronic form of any kind, including, without limitation, data stored on hard disks, floppy discs, servers, magnetic tape, personal or handheld computers or devices (such as Palm or BlackBerry devices), in random access memory or in read-only memory.  For purposes of this definition, the electronic version of any electronic mail is deemed to be an original, irrespective of the existence or creation of a hard copy print-out of that electronic mail, and you are required to produce all responsive documents stored in electronic format.  Electronic mail includes all electronic mail in YOUR possession, and is not limited to electronic mail in the senders' or recipients' files or computers, and includes any electronic mail that has been deleted from the senders' or recipients' computers.  Electronically stored information shall be produced in its native format, searchable and with linked attachments as they were sent or received in the regular course of business.

**OBJECTION:**

As construed and used herein, the term "Document(s)" shall have the meaning prescribed by Rule 26(c)(2) of the Local Civil Rules of the United States District Court for the District of Connecticut.

4.      "**IDENTIFY**" means:

a.      When used in reference to a natural person, means to state such person's full name, last-known home and business address, last-known business affiliation, employer, and

4

position therewith, and the latest date that such information was true, to your knowledge;

  b. When used in reference to a business, firm, partnership, joint venture, company or corporation, means to state, to the extent known, its full name, state of incorporation or creation, address of its principal place of business, and its principal activities or products;

  c. When used in reference to documents or writings, means to describe specifically the document, including a description of its type (e.g., letter, memorandum, telegram, chart, etc.), and to state its date, author, addressee, title, file identification number or symbol, and to identify the present location and the name and address of the present custodian of such document.  If any such document is no longer in **YOUR** possession or subject to **YOUR** control, state what disposition was made of it and the date of such disposition, identifying the person having knowledge of its content.

## OBJECTION:

**As construed and used herein, the term "Identify" shall have the meanings prescribed by, as applicable, Rules 26(c)(3) and 26(c)(4) of the Local Civil Rules of the United States District Court for the District of Connecticut.**

5. "**RELATING TO**" means referring to, discussing, mentioning, evidencing, criticizing, explaining, describing, illustrating, disparaging, addressing, demonstrating, assessing, alluding to, elaborating upon, remarking upon, probing, examining, debating the merits of, illuminating, disputing the benefits of, expanding upon, commenting upon, interpreting, reassessing, revealing, scrutinizing, studying, critiquing, or characterizing the subject matter or topic inquired about in that particular request.

## OBJECTION:

**As construed and used herein, the term "Relating To" shall mean directly relating to, referring to, describing, evidencing or constituting.**

6. "**YOU**" or "**YOUR**" means Responding Party.

## OBJECTION:

**Plaintiffs object to this definition as vague and ambiguous.  As construed and used herein, the terms "You" and "Your" shall mean Plaintiffs, Frederick Klorczyk, Jr. and**

Lynne Klorczyk, as co-administrators of the Estate of Christian R. Klorczyk.

8.     "**JACK STAND(S)**" means the vehicle support stand or device identified in Plaintiffs' Complaint and First Amended Complaint, as well as any aspect, feature, or component part of said jack stand(s).

**OBJECTION:**

**Plaintiffs object to this definition, particularly in its reference to "any aspect, feature, or component part" as vague and ambiguous and overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. As construed and used herein, the term "Jack Stand(s)" shall have the meaning prescribed by Paragraph 17 of the Second Amended Complaint, filed on May 20, 2014 (Dkt. No. 99).**

**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1**

Any and all **DOCUMENTS RELATING TO YOUR** Initial Disclosures in this case.

**OBJECTION:**

**Plaintiffs object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.**

**RESPONSE:**

**Subject to and without waiving their objections, Plaintiffs have produced the following documents responsive to this request:**

- **KLORCZYK000001–KLORCZYK000196**

**REQUEST FOR PRODUCTION NO. 2**

Any and all **DOCUMENTS RELATING TO** any Supplemental Disclosures in this case.

**OBJECTION:**

**Plaintiffs object to this request, particularly in its reference to "Supplemental Disclosures" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible**

evidence.  Plaintiffs also object to this request because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs state that there are no documents in Plaintiffs' possession, custody or control that are responsive to this request and that have not otherwise been produced by Plaintiffs.

**REQUEST FOR PRODUCTION NO. 3**

Any and all **DOCUMENTS RELATING TO YOUR** responses to **PROPOUNDING PARTY'S** Interrogatories.

**OBJECTION:**

Plaintiffs object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 1 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 4**

Any and all **DOCUMENTS RELATING TO YOUR** responses to **PROPOUNDING PARTY'S** Requests for Admission.

**OBJECTION:**

Plaintiffs object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 1 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 5**

Any and all **DOCUMENTS RELATING TO**, or evidencing, any communications between **YOU** and any employee, agent, or affiliate of **PROPOUNDING PARTY** from January 2011 through the present.

**OBJECTION:**

Plaintiffs object to this request, particularly in its references to "evidencing," "communications," "employee," "agent," and "affiliate" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs state that there are no documents in Plaintiffs' possession, custody or control that are responsive to this request and that have not otherwise been produced by Plaintiffs.

**REQUEST FOR PRODUCTION NO. 6**

Any and all **DOCUMENTS RELATING TO**, or evidencing, any communications between **YOU** and any state or federal government agency from January 2011 through the present concerning any allegation within the **FAC**.

**OBJECTION:**

Plaintiffs object to this request, particularly in its references to "evidencing," "communications," "government agency," and "concerning any allegation within" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs have produced the following documents responsive to this request:

- **KLORCZYK000044–KLORCZYK000115**
- **KLORCZYK000142–KLORCZYK000159**

## REQUEST FOR PRODUCTION NO. 7

Any and all **DOCUMENTS RELATING TO** the allegations contained in the **FAC** that

**DECEDENT** purchased **JACK STANDS** from **SEARS** at any point in time.

**OBJECTION:**

Plaintiffs object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs have produced the following documents responsive to this request:

- **KLORCZYK000001–KLORCZYK000043**

## REQUEST FOR PRODUCTION NO. 8

Any and all **DOCUMENTS RELATING TO** the allegations contained in paragraph 19

of the **FAC** that **DECEDENT** "was experienced in the use of Sears Jack Stands and had used

them to perform repair work and/or maintenance on motor vehicles on numerous occasions prior

to March 11, 2011."

**OBJECTION:**

Plaintiffs object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession,

custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs state that there are no documents in Plaintiffs' possession, custody or control that are responsive to this request and that have not otherwise been produced by Plaintiffs.

## REQUEST FOR PRODUCTION NO. 9

Any and all **DOCUMENTS RELATING TO** the allegations contained in paragraph 20 of the **FAC** that the "failure of the Jack Stand caused the motor vehicle being supported by it to fall upon Decedent."

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs refer to the information and documents produced in conjunction with the disclosures of Plaintiffs' expert witnesses on December 8, 2014.

## REQUEST FOR PRODUCTION NO. 10

Any and all **DOCUMENTS RELATING TO** the allegations contained in paragraph 21 of the **FAC** that the "Jack Stand that caused Decedent's death failed as a result of a defect in its design, assembly or manufacture."

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct

discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 11**

Any and all **DOCUMENTS RELATING TO** the allegations contained in paragraph 22 of the **FAC** that "the Jack Stand was defective in that adequate warnings or instructions were not provided by Defendants."

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 12**

Any and all **DOCUMENTS** which support **YOUR** contention that **PROPOUNDING PARTY** violated any safety orders, ordinances, or statutes which caused **DECEDENT'S** death.

**OBJECTION:**

**Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "contention," "violated," "safety orders," "ordinances," "statutes," and "caused" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.**

**RESPONSE:**

**Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.**

**REQUEST FOR PRODUCTION NO. 13**

Any and all **DOCUMENTS** or things, including boxes, cartons, containers, or packages, which contain the logo, brand name, trade name, or trademark relating to the **JACK STAND** to which **YOU** contend caused **DECEDENT** harm.

**OBJECTION:**

**Plaintiffs object to this request, particularly in its references to "things," "boxes," "cartons," "containers," "packages," "logo," "brand name," "trade name," "trademark," "to which," "contend," "caused," and "harm" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.**

**RESPONSE:**

**Subject to and without waiving their objections, Plaintiffs have produced the following documents responsive to this request:**

- **KLORCZYK000166–KLORCZYK000169**

**REQUEST FOR PRODUCTION NO. 14**

      Any and all **DOCUMENTS** or things which support **YOUR** contention that the **JACK STAND** was manufactured by **PROPOUNDING PARTY**.

      **OBJECTION:**

      **Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "things," "contention," and "manufactured" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.**

      **RESPONSE:**

      **Subject to and without waiving their objections, Plaintiffs respond that discovery on this issue is continuing.**

**REQUEST FOR PRODUCTION NO. 15**

      Any and all **DOCUMENTS** or things which support **YOUR** contention that the **JACK STAND** was designed by **PROPOUNDING PARTY**.

      **OBJECTION:**

      **Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to obtain discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "things," "contention," and "designed" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.**

      **RESPONSE:**

Subject to and without waiving their objections, Plaintiffs respond that discovery on this issue is continuing.

## REQUEST FOR PRODUCTION NO. 16

Any and all **DOCUMENTS** or things which support **YOUR** contention that the **JACK STAND** was inspected by **PROPOUNDING PARTY**.

### OBJECTION:

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto.  Plaintiffs also object to this request, particularly in its references to "things," "contention," and "inspected" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

### RESPONSE:

Subject to and without waiving their objections, Plaintiffs respond that discovery on this issue is continuing.

## REQUEST FOR PRODUCTION NO. 17

Any and all **DOCUMENTS** or things which support **YOUR** contention that the **JACK STAND** was distributed by **PROPOUNDING PARTY**.

### OBJECTION:

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto.  Plaintiffs also object to this request, particularly in its references to "things," "contention," and "distributed" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or

control, and/or are publically available or obtainable from other sources, including other parties to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs refer to Paragraph B.4 on Page 5 of the Form 26(f) Report of the Parties' Planning Meeting (Dkt. No. 52), wherein MVP admits that it did distribute the subject jack stand directly to Sears.

## REQUEST FOR PRODUCTION NO. 18

Any and all **DOCUMENTS** or things which support **YOUR** contention that the **JACK STAND** was assembled by **PROPOUNDING PARTY**.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto.  Plaintiffs also object to this request, particularly in its references to "things," "contention," and "assembled" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs respond that discovery on this issue is continuing.

## REQUEST FOR PRODUCTION NO. 19

Any and all medical bills for the past five years.

**OBJECTION:**

Plaintiffs objects to this request, particularly in its references to "medical bills" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it is not limited to a time period relevant to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs state that there are no documents in Plaintiffs' possession, custody or control that are responsive to this request and that have not otherwise been produced by Plaintiffs.

**REQUEST FOR PRODUCTION NO. 20**

Any and all **DOCUMENTS RELATING TO DECEDENT'S** medical records for the past five years.

**OBJECTION:**

Plaintiffs object to this request, particularly in its references to "medical records" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also objects to this request because it is not limited to a time period relevant to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs have produced the following documents responsive to this request:

- **KLORCZYK000116–KLORCZYK000159**

**REQUEST FOR PRODUCTION NO. 21**

Any and all **DOCUMENTS RELATING TO DECEDENT'S** medical bills for the past five years.

**OBJECTION:**

Plaintiffs incorporate their objections to Request No. 19 as if fully set forth herein.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 19.

16

**REQUEST FOR PRODUCTION NO. 22**

Any and all **DOCUMENTS RELATING TO DECEDENT'S** health, dental, and vision insurance policies for the past five years, including but not limited to explanation of benefits and billings.

**OBJECTION:**

Plaintiffs object to this request, particularly in its reference to "health insurance policies" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs state that there are no documents in Plaintiffs' possession, custody or control that are responsive to this request and that have not otherwise been produced by Plaintiffs.

**REQUEST FOR PRODUCTION NO. 23**

Any and all **DOCUMENTS RELATING TO DECEDENT'S** education records for the five years prior to his death.

**OBJECTION:**

Plaintiffs object to this request, particularly in its reference to "education records" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs have produced the following documents responsive to this request:

- **KLORCZYK000183–KLORCZYK000193**

**REQUEST FOR PRODUCTION NO. 24**

Any and all **DOCUMENTS RELATING TO DECEDENT'S** employment records for

the five years prior to his death.

**OBJECTION:**

**Plaintiffs object to this request, particularly in its references to "employment records" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.**

**RESPONSE:**

**Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.**

**REQUEST FOR PRODUCTION NO. 25**

Any and all **DOCUMENTS RELATING TO DECEDENT'S** tax returns for the five

years prior to his death.

**OBJECTION:**

**Plaintiffs object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and is not limited to a time period relevant to this action.**

**RESPONSE:**

**Subject to and without waiving their objections, Plaintiffs have or will produce documents responsive to this Request to the extent that such documents exist and are in Plaintiffs' possession, custody or control.**

**REQUEST FOR PRODUCTION NO. 26**

Any and all **DOCUMENTS** that support **YOUR** allegation contained in paragraph 30 of

the **FAC** that **DECEDENT** sustained damages for lost earning capacity.

**OBJECTION:**

Plaintiffs object to this request, particularly in its references to "allegation," "loss of earnings," and "consequence" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

## REQUEST FOR PRODUCTION NO. 27

Any and all **DOCUMENTS** that support **YOUR** allegation contained in paragraph 30 of

the **FAC** that **DECEDENT** sustained damages for conscious pain and suffering.

**OBJECTION:**

Plaintiffs object to this request, particularly in its references to "allegation," "damages," and "conscious pain and suffering" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

## REQUEST FOR PRODUCTION NO. 28

Any and all **DOCUMENTS** in support of **YOUR** claim for funeral expenses.

**OBJECTION:**

Plaintiffs object to this request, particularly in its references to "claim" and "expenses" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it is not limited to a time period

relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs state that there are no documents in Plaintiffs' possession, custody or control that are responsive to this request and that have not otherwise been produced by Plaintiffs.

**REQUEST FOR PRODUCTION NO. 29**

Any and all **DOCUMENTS** that support **YOUR** claim for compensatory damages.

**OBJECTION:**

Plaintiffs object to this request, particularly in its references to "claim" and "compensatory damages" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 30**

Any and all **DOCUMENTS** that support **YOUR** claim for punitive damages.

**OBJECTION:**

Plaintiffs object to this request, particularly in its references to "claim" and "punitive damages" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

## REQUEST FOR PRODUCTION NO. 31

Any and all **DOCUMENTS** that support **YOUR** claim for damages pursuant to Conn.

Gen. Stat. § 52-555(a).

### OBJECTION:

Plaintiffs object to this request, particularly in its references to "claim" and "punitive damages" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

### RESPONSE:

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

## REQUEST FOR PRODUCTION NO. 32

Any and all **DOCUMENTS** that support **YOUR** claim for attorneys' fees.

### OBJECTION:

Plaintiffs object to this request, particularly in its references to "claim" and "attorneys' fees" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

### RESPONSE:

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 33**

Any and all **DOCUMENTS** which support **YOUR** claim that **PROPOUNDING PARTY** was negligent in the manufacture of the **JACK STAND(S)** which **YOU** contend caused **DECEDENT** harm.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "claim," "negligent," "negligent in the manufacture of," "manufacture," "contend," "caused," and "harm" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 34**

Any and all **DOCUMENTS** which support **YOUR** claim that **PROPOUNDING PARTY** was negligent in the distribution of the **JACK STAND(S)** which **YOU** contend caused **DECEDENT** harm.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "claim," "negligent," "negligent in the distribution of," "distribution," "contend," "caused," and "harm" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs

also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

## REQUEST FOR PRODUCTION NO. 35

Any and all **DOCUMENTS** which support **YOUR** claim that **PROPOUNDING PARTY** was negligent in the fabrication of the **JACK STAND(S)** which **YOU** contend caused **DECEDENT** harm.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "claim," "negligent," "negligent in the fabrication of," "fabrication," "contend," "caused," and "harm" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 36**

Any and all **DOCUMENTS** which support **YOUR** claim that **PROPOUNDING PARTY** was negligent in the testing of the **JACK STAND(S)** which **YOU** contend caused **DECEDENT** harm.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "claim," "negligent," "negligent in the testing of," "testing," "contend," "caused," and "harm" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 37**

Any and all **DOCUMENTS** which support **YOUR** claim that **PROPOUNDING PARTY** was negligent in the research of the **JACK STAND(S)** which **YOU** contend caused **DECEDENT** harm.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "claim," "negligent," "negligent in the research of," "research," "contend," "caused," and "harm" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this

action and because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 38**

Any and all **DOCUMENTS** which support **YOUR** claim that **PROPOUNDING**

**PARTY** was negligent in the inspection of the **JACK STAND(S)** which **YOU** contend caused

**DECEDENT** harm.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto.  Plaintiffs also object to this request, particularly in its references to "claim," "negligent," "negligent in the inspection of," "inspection," "contend," "caused," and "harm" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 39**

Any and all **DOCUMENTS** which support **YOUR** claim that **PROPOUNDING PARTY** was negligent in the modifying of the **JACK STAND(S)** which **YOU** contend caused **DECEDENT** harm.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto.  Plaintiffs also object to this request, particularly in its references to "claim," "negligent," "negligent in the modifying of," "modifying," "contend," "caused," and "harm" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 40**

Any and all **DOCUMENTS** which support **YOUR** claim that **PROPOUNDING PARTY** was negligent in the labeling of the **JACK STAND(S)** which **YOU** contend caused **DECEDENT** harm.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto.  Plaintiffs also object to this request, particularly in its references to "claim," "negligent," "negligent in the labeling of," "labeling," "contend," "caused," and "harm" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it

26

seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 41**

Any and all **DOCUMENTS** which support **YOUR** claim that **PROPOUNDING PARTY** was negligent in the advertising of the **JACK STAND(S)** which **YOU** contend caused **DECEDENT** harm.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto.  Plaintiffs also object to this request, particularly in its references to "claim," "negligent," "negligent in the advertising of," "advertising," "contend," "caused," and "harm" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 42**

Any and all **DOCUMENTS** which support **YOUR** claim that **PROPOUNDING**

**PARTY** was negligent in the design of the **JACK STAND(S)** which **YOU** contend caused

**DECEDENT** harm.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "claim," "negligent," "negligent in the design of," "design," "contend," "caused," and "harm" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 43**

Any and all **DOCUMENTS** which support **YOUR** claim that **PROPOUNDING**

**PARTY** was negligent in the marketing of the **JACK STAND(S)** which **YOU** contend caused

**DECEDENT** harm.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "claim," "negligent," "negligent in the marketing of," "marketing," "contend," "caused," and "harm" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this

action and because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

## REQUEST FOR PRODUCTION NO. 44

Any and all **DOCUMENTS** which support **YOUR** claim that **PROPOUNDING**

**PARTY** was negligent in the supply of the **JACK STAND(S)** which **YOU** contend caused

**DECEDENT** harm.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto.  Plaintiffs also object to this request, particularly in its references to "claim," "negligent," "negligent in the supply of," "supply," "contend," "caused," and "harm" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

## REQUEST FOR PRODUCTION NO. 45

Any and all **DOCUMENTS** that support **YOUR** contention that **PROPOUNDING**

**PARTY** is liable to **YOU** under a Negligence theory as stated in the **FAC**.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "contention," "liable," "Negligence theory," and "as stated in the FAC" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 46**

Any and all **DOCUMENTS** that support **YOUR** contention that **PROPOUNDING PARTY** is liable to **YOU** under a Strict Liability theory as stated in the **FAC**.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "contention," "liable," "Strict Liability theory," and "as stated in the FAC" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 47**

Any and all **DOCUMENTS** that support **YOUR** contention that **PROPOUNDING**

**PARTY** is liable to **YOU** under a Breach of Express Warranty theory as stated in the **FAC**.

**OBJECTION:**

**Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "contention," "liable," "Breach of Express Warranty theory," and "as stated in the FAC" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.**

**RESPONSE:**

**Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.**

**REQUEST FOR PRODUCTION NO. 48**

Any and all **DOCUMENTS** that support **YOUR** contention that **PROPOUNDING**

**PARTY** is liable to **YOU** under a Breach of Implied Warranty theory as stated in the **FAC**.

**OBJECTION:**

**Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "contention," "liable," "Breach of Implied Warranty theory," and "as stated in the FAC" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or**

obtainable from other sources, including other parties to this action. Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

## REQUEST FOR PRODUCTION NO. 49

Any and all **DOCUMENTS** that support **YOUR** contention that **PROPOUNDING PARTY** is liable to **YOU** under a Breach of / Failure to Warn theory as stated in the **FAC**.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "contention," "liable," "Breach of / Failure to Warn theory," and "as stated in the FAC" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

## REQUEST FOR PRODUCTION NO. 50

Any and all **DOCUMENTS** that support **YOUR** contention that **PROPOUNDING PARTY** is liable to **YOU** under a Misrepresentation theory as stated in the **FAC**.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "contention," "liable," "Misrepresentation

theory," and "as stated in the FAC" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 51**

Any and all **DOCUMENTS** that support **YOUR** contention that **PROPOUNDING PARTY** is liable to **YOU** under a Non-Disclosure theory as stated in the **FAC**.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto.  Plaintiffs also object to this request, particularly in its references to "contention," "liable," "Non-Disclosure theory," and "as stated in the FAC" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 52**

Any and all **DOCUMENTS** that support **YOUR** claim that **PROPOUNDING PARTY** is legally liable to **YOU** in connection with any product manufactured by **PROPOUNDING PARTY**.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "claim," "legally liable," "in connection with," "any product," and "manufactured" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 53**

Any and all **DOCUMENTS** that support **YOUR** claim that **PROPOUNDING PARTY** is legally liable to **YOU** in connection with any product sold by **PROPOUNDING PARTY**.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "claim," "legally liable," "in connection with," "any product," and "sold" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in

Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.


**REQUEST FOR PRODUCTION NO. 54**

Any and all **DOCUMENTS** that support **YOUR** claim that **PROPOUNDING PARTY**

is legally liable to **YOU** in connection with any product supplied by **PROPOUNDING PARTY**.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto.  Plaintiffs also object to this request, particularly in its references to "claim," "legally liable," "in connection with," "any product," and "supplied" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.


**REQUEST FOR PRODUCTION NO. 55**

Any and all **DOCUMENTS** that support **YOUR** claim that **PROPOUNDING PARTY**

is legally liable to **YOU** in connection with any product recommended by **PROPOUNDING PARTY**.

**OBJECTION:**

35

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto.  Plaintiffs also object to this request, particularly in its references to "claim," "legally liable," "in connection with," "any product," and "recommended" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 56**

Any and all **DOCUMENTS** that support **YOUR** claim that **PROPOUNDING PARTY** is legally liable to **YOU** in connection with any product component required by **PROPOUNDING PARTY**.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto.  Plaintiffs also object to this request, particularly in its references to "claim," "legally liable," "in connection with," "any product component," and "required by" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 57**

Any and all **DOCUMENTS** that support **YOUR** claim that **PROPOUNDING PARTY** is legally liable to **YOU** in connection with any product designed by **PROPOUNDING PARTY**.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "claim," "legally liable," "in connection with," "any product," and "designed by" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 58**

Any and all **DOCUMENTS** that support **YOUR** claim that **PROPOUNDING PARTY** is legally liable to **YOU** in connection with any product component required by **PROPOUNDING PARTY**.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "claim," "legally liable," "in connection with," "any product component," and "required by" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is

not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

## REQUEST FOR PRODUCTION NO. 59

Produce all **DOCUMENTS** supporting **YOUR** claim that **PROPOUNDING PARTY** is guilty of malice entitling **YOU** to punitive damages.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto.  Plaintiffs object to this request, particularly in its references to "claim," "guilty," "malice," "entitling," and "punitive damages" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this request because it is unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

## REQUEST FOR PRODUCTION NO. 60

Produce all **DOCUMENTS** supporting **YOUR** claim that **PROPOUNDING PARTY** is guilty of fraud entitling **YOU** to punitive damages.

**OBJECTION:**

38

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs object to this request, particularly in its references to "claim," "guilty," "fraud," "entitling," and "punitive damages" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request because it is unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 61**

Produce all **DOCUMENTS** supporting **YOUR** claim that **PROPOUNDING PARTY** is guilty of oppression entitling **YOU** to punitive damages.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs object to this request, particularly in its references to "claim," "guilty," "oppression," "entitling," and "punitive damages" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request because it is unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 62**

Produce all **DOCUMENTS YOU** contend support **YOUR** claims that a managing agent,

officer or director of **PROPOUNDING PARTY** acted with advance knowledge and conscious

disregard and engaged in, authorized, or ratified an act or omission constituting malice, fraud,

oppression, or conscious disregard of **DECEDENT'S** health and safety.

**OBJECTION:**

**Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "claims," "managing agent," "officer," "director," "acted with," "advance knowledge," "conscious disregard," "engaged in," "authorized," "ratified," "act or omission," "constituting," "malice," "fraud," "oppression," "conscious disregard," "health," and "safety" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request because it is unreasonably cumulative and duplicative of Defendant's other requests.**

**RESPONSE:**

**Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.**

**REQUEST FOR PRODUCTION NO. 63**

Produce all **DOCUMENTS RELATING TO** any reenactments **YOU** performed of the

accident alleged in the **FAC**.

**OBJECTION:**

**Plaintiffs object to this request, particularly in its references to "reenactments," "performed" and "accident" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks**

documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this request because it is unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs state that there are no documents in Plaintiffs' possession, custody or control that are responsive to this request and that have not otherwise been produced by Plaintiffs.

## REQUEST FOR PRODUCTION NO. 64

Produce all **DOCUMENTS RELATING TO** any statements or recordings **YOU** have

given to any newspapers, internet sites, blogs, diaries, or any other source regarding **YOUR**

recitation of how the accident alleged in the **FAC** occurred.

**OBJECTION:**

Plaintiffs object to this request, particularly in its references to "statements," "recordings," "given to," "newspapers," "internet sites," "blogs," "diaries," "any other sources," "recitation" and "accident" as vague and ambiguous.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs state that there are no documents in Plaintiffs' possession, custody or control that are responsive to this request and that have not otherwise been produced by Plaintiffs.

## REQUEST FOR PRODUCTION NO. 65

All proofs of purchase (including but not limited to receipts) for the **JACK STAND**

allegedly used by **DECEDENT'S** while performing work on the motor vehicle identified in

paragraph 18 of the **FAC** in this matter.

**OBJECTION:**

Plaintiffs object to this request, particularly in its reference to "proofs of purchase" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs also object to this request because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 1 as if fully set forth herein.

PLAINTIFFS,
FREDERICK KLORCZYK, JR. AND LYNNE
KLORCZYK, as co-administrators of the Estate
of Christian R. Klorczyk

By: /s/ David J. Elliott
    David J. Elliott (ct04301)
    Bryan J. Orticelli (ct28643)
    Kaitlin A. Canty (ct29074)
    DAY PITNEY LLP
    242 Trumbull Street
    Hartford, CT 06103-1212
    860-275-0100
    860-275-0343 (fax)
    *djelliott@daypitney.com*
    *borticelli@daypitney.com*
    *kcanty@daypitney.com*

    Their Attorneys

## <u>CERTIFICATION</u>

I HEREBY CERTIFY that on this date a copy of the foregoing was served by electronic mail to current counsel of record in accordance with the parties' August 12, 2014 Agreement to Consent to Electronic Service of Documents.

Sean P. Flynn (phv05949)
Gordon & Rees LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612

Steven J. Zakrzewski (ct28934)
Gordon & Rees LLP
95 Glastonbury Boulevard, Suite 206
Glastonbury, CT 06033

*sflynn@gordonrees.com*
*szakrzewski@gordonrees.com*
*sthomas@gordonrees.com*
*lhandy@gordonrees.com*

Erica W. Todd (ct13897)
Trotta, Trotta & Trotta
900 Chapel Street, 12th Floor
P.O. Box 802
New Haven, CT 06503
*etodd@trottalaw.com*

By:___/s/ David J. Elliott_____
        David J. Elliott (ct04301)

43

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| FREDERICK KLORCZYK, JR. AND LYNNE KLORCZYK, as co-administrators of the Estate of Christian R. Klorczyk, | : | CIVIL ACTION NO. |
| | : | |
| | : | |
| | : | 3:13-cv-00257-JAM |
| *Plaintiffs*, | : | |
| | : | |
| vs. | : | |
| | : | |
| SEARS, ROEBUCK AND CO., et al. | : | |
| | : | JULY 17, 2015 |
| *Defendants*. | | |

### FREDERICK KLORCZYK, JR.'S AND LYNNE KLORCZYK'S OBJECTIONS AND ANSWERS TO DEFENDANT WEI FU (TAISHAN) MACHINERY & ELECTRIC COMPANY, LTD'S FIRST SET OF REQUESTS FOR INTERROGATORIES

Plaintiffs, Frederick Klorczyk, Jr. and Lynne Klorczyk, as co-administrators of the Estate of Christian R. Klorczyk ("Plaintiffs"), hereby submit their objections and responses to the First Set of Interrogatories of Wei Fu (Taishan) Machinery & Electric Company, Ltd's ("Defendant"), dated December 4, 2013.

### GENERAL OBJECTIONS

1.      Plaintiffs object to the Interrogatories to the extent that they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut.

2.      Plaintiffs object to the Interrogatories to the extent that they seek disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection afforded by law.

3.      Plaintiffs object to the Interrogatories to the extent that they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the

discovery of admissible evidence.

4.      Plaintiffs object to the Interrogatories to the extent that they are not limited to a time period relevant to this action.

5.      Plaintiffs object to the Interrogatories to the extent that they are overly broad, unduly burdensome, or oppressive.

6.      Plaintiffs object to the Interrogatories to the extent that they are vague, ambiguous, or fail to identify the information being requested with reasonable particularity.

7.      Plaintiffs object to the Interrogatories to the extent that they seek information that is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action.

8.      Plaintiffs object to the Interrogatories to the extent that they seek information that is not in Plaintiffs' possession, custody or control.

9.      Plaintiffs object to the Interrogatories to the extent that they are unreasonably cumulative or duplicative.

10.      Plaintiffs' objections and responses to the Interrogatories are based on Plaintiffs' investigation and discovery to date.  Plaintiffs expressly reserve the right to modify, to amend, or to supplement these objections and responses if additional information is discovered by Plaintiffs.

11.      Plaintiffs do not waive and specifically reserve the right to challenge the relevance, materiality or admissibility of any information provided in response to the Interrogatories.  No objection or response made herein shall be deemed an admission or representation by Plaintiffs as to the existence or nonexistence of information.

12.      Plaintiffs hereby incorporate by reference each of these General Objections in

2

Plaintiffs' Objections to Definitions and Plaintiffs' objections and responses to each of the

Interrogatories as if fully set forth therein.  Nothing herein shall be construed as a waiver of

Plaintiffs' right to assert additional objections to the discovery of the information sought by the

Interrogatories.

## OBJECTIONS TO DEFINITIONS

For purposes of these Interrogatories, the following definitions shall apply:

1.     **WITNESSES** include a natural person, firm, association, organization,

partnership, business, trust, limited liability company, corporation, or public entity.

### OBJECTION:

**Plaintiffs object to this definition, particularly in its references to "firm,"
"association," "organization," "partnership," "business," "trust," "limited liability
company," "corporation," and "public entity" as vague and ambiguous.  Plaintiffs also
object to this definition as overly broad, unduly burdensome and not reasonably calculated
to lead to the discovery of admissible evidence.**

2.     **DOCUMENT** as used herein is intended to have the broadest possible meaning

and encompass, without limitation, the definitions of WRITING set forth in Section 1001 of the

Federal Rules of Evidence, and Federal Rule of Civil Procedure 34, respectively, and include the

original or copy, and both sides thereof, of handwriting, typewriting, printing, photocopying,

photographing, and every other means of recording upon any tangible thing, any form of

communication and representation, including letters, words, pictures, sounds, and symbols, or

combinations of them.  It also includes non-paper information storage such as tapes, films, disks

and computer memory devices and electronic mail.  Electronic mail means all original and any

non-identical copies of documents sent or received as electronic mail (including all attachments),

whether in printed or electronic form of any kind, including, without limitation, data stored on

hard disks, floppy discs, servers, magnetic tape, personal or handheld computers or devices (such

as Palm or BlackBerry devices), in random access memory or in read-only memory.  For

purposes of this definition, the electronic version of any electronic mail is deemed to be an

3

original, irrespective of the existence or creation of a hard copy print-out of that electronic mail, and you are required to produce all responsive documents stored in electronic format. Electronic mail includes all electronic mail in YOUR possession, and is not limited to electronic mail in the senders' or recipients' files or computers, and includes any electronic mail that has been deleted from the senders' or recipients' computers. Electronically stored information shall be produced in its native format, searchable and with linked attachments as they were sent or received in the regular course of business.

**OBJECTION:**

**As construed and used herein, the term "Document(s)" shall have the meaning prescribed by Rule 26(c)(2) of the Local Civil Rules of the United States District Court for the District of Connecticut.**

4.    **IDENTIFY**, means:

a.    When used in reference to a natural person, means to state such person's full name, last-known home and business address, last-known business affiliation, employer, and position therewith, and the latest date that such information was true, to your knowledge;

b.    When used in reference to a business, firm, partnership, joint venture, company or corporation, means to state, to the extent known, its full name, state of incorporation or creation, address of its principal place of business, and its principal activities or products;

c.    When used in reference to documents or writings, means to describe specifically the document, including a description of its type (e.g., letter, memorandum, telegram, chart, etc.), and to state its date, author, addressee, title, file identification number or symbol, and to identify the present location and the name and address of the present custodian of such document. If any such document is no longer in YOUR possession or subject to YOUR control, state what disposition was made of it and the date of such disposition, identifying the person having knowledge of its content.

4

**OBJECTION:**

As construed and used herein, the term "Identify" shall have the meanings prescribed by, as applicable, Rules 26(c)(3) and 26(c)(4) of the Local Civil Rules of the United States District Court for the District of Connecticut.

5.  "**RELATING TO**" means referring to, discussing, mentioning, evidencing, criticizing, explaining, describing, illustrating, disparaging, addressing, demonstrating, assessing, alluding to, elaborating upon, remarking upon, probing, examining, debating the merits of, illuminating, disputing the benefits of, expanding upon, commenting upon, interpreting, reassessing, revealing, scrutinizing, studying, critiquing, or characterizing the subject matter or topic inquired about in that particular request.

**OBJECTION:**

As construed and used herein, the term "Relating To" shall have the meaning of "concerning" prescribed by, as applicable, Rule 26(c)(7) of the Local Civil Rules of the United States District Court for the District of Connecticut.

6.  **YOU** or **YOUR** means Responding Party.

**OBJECTION:**

Plaintiffs object to this definition as vague and ambiguous.  As construed and used herein, the terms "You" and "Your" shall mean Plaintiffs, Frederick Klorczyk, Jr. and Lynne Klorczyk, as co-administrators of the Estate of Christian R. Klorczyk.

8.  **JACK STAND(S)** means the vehicle support stand or device identified in Plaintiffs' Complaint and First Amended Complaint, specifically as "Craftsman Heavy Duty Jack Stand, Model No. 50163," as well as any aspect, feature, or component part of said jack stand(s).

**OBJECTION:**

Plaintiffs object to this definition, particularly in its reference to "any aspect, feature, or component part" as vague and ambiguous and overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. As construed and used herein, the term "Jack Stand(s)" shall have the meaning prescribed

by Paragraph 15 of the Amended Complaint, filed on May 9, 2013 (Dkt. No. 43).

## OBJECTIONS AND ANSWERS TO INTERROGATORIES

**Interrogatory No. 1:**

Regarding **YOUR** contention that **DECEDENT** purchased **JACK STANDS** from **SEARS**, as alleged in the **FAC** at paragraph 17, please:

    (a)    State all facts that support your contention;

    (b)    **IDENTIFY** all **DOCUMENTS** that support your contention; and

    (c)    **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or **DOCUMENTS** that support your contention, including but not limited to **DEFENDANT'S** employees.

**OBJECTION:**

Plaintiffs object to this interrogatory, particularly in its references to "contention," "all facts," "knowledge," and "employees" as vague and ambiguous. Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this interrogatory because it is not limited to a time period relevant to this action. Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs state that the Decedent purchased the Jack Stands on January 1, 2011, from the Sears located at 850 Hartford Turnpike, Waterford, CT. As between Plaintiffs and Sears, it is undisputed that Sears is the retailer of the Jack Stands at issue in this action and sold the Jack Stands to the Decedent on January 1, 2011. (Dkt. No. 52, at 6). Plaintiffs have produced the following documents responsive to this interrogatory:

- **KLORCZYK000001–KLORCZYK000043**

**Interrogatory No. 2:**

Regarding **YOUR** contention that **DECEDENT** "was experienced in the use of Sears Jack Stands and had used them to perform repair work and/or maintenance on motor vehicles on numerous occasions prior to March 11, 2011," as alleged in the **FAC** at paragraph 19, please:

(a)  State all facts that support your contention;

(b)  **IDENTIFY** all **DOCUMENTS** that support your contention; and

(c)  **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or **DOCUMENTS** that support your contention, including but not limited to **DEFENDANT'S** employees.

**OBJECTION:**

Plaintiffs object to this interrogatory, particularly in its references to "contention," "all facts," "knowledge" and "employees" as vague and ambiguous. Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this interrogatory because it is not limited to a time period relevant to this action. Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs state that Decedent was experienced in the use of Jack Stands by virtue of, among other things, his work on motor vehicle repair and maintenance over an extended period of time, which included the use of jack stands, including Sears Jack Stands. Further, Plaintiffs respond that the depositions of Plaintiffs provide additional information on this subject.

**Interrogatory No. 3:**

Regarding **YOUR** contention that "failure of the Jack Stand caused the motor vehicle being supported by it to fall upon Decedent," as alleged in the **FAC** at paragraph 20, please:

(a)  State all facts that support your contention;

(b)  **IDENTIFY** all **DOCUMENTS** that support your contention; and

    (c)      **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents that support your contention.

**OBJECTION:**

Plaintiffs object to this interrogatory, particularly in its references to "contention," "all facts," and "knowledge" as vague and ambiguous.    Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this interrogatory because it is not limited to a time period relevant to this action.   Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut.    Plaintiffs also object to this interrogatory because it seeks information relating to expert analysis and reports prior to the time such analysis and reports must be disclosed in accordance with the Court's Order of October 21, 2013.

    **RESPONSE:**

Subject to and without waiving their objections, Plaintiffs have previously disclosed expert analysis and reports that include information responsive to this interrogatory in accordance with the operative Case Management Order.

**Interrogatory No. 4:**

Regarding **YOUR** contention that the "Jack Stand that caused Decedent's death failed as a result of a defect in its design, assembly or manufacture," as alleged in the **FAC** at paragraph 21, please:

    (a)      State all facts that support your contention;

    (b)      **IDENTIFY** all **DOCUMENTS** that support your contention; and

    (c)      **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents that support your contention.

**OBJECTION:**

Plaintiffs object to this interrogatory, particularly in its references to "contention," "all facts," and "knowledge" as vague and ambiguous.    Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to

the discovery of admissible evidence.  Plaintiffs also object to this interrogatory because it is not limited to a time period relevant to this action.  Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut.  Plaintiffs also object to this interrogatory because it seeks information relating to expert analysis and reports prior to the time such analysis and reports must be disclosed in accordance with the Court's Order of October 21, 2013.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Interrogatory No. 3.

**Interrogatory No. 5:**

Regarding **YOUR** contention that "the Jack Stand was defective in that adequate

warnings or instructions were not provided by Defendants," as alleged in the **FAC** at paragraph

22, please:

(a)    State all facts that support your contention;

(b)    **IDENTIFY** all **DOCUMENTS** that support your contention; and

(c)    **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents

that support your contention.

**OBJECTION:**

Plaintiffs object to this interrogatory, particularly in its references to "contention," "all facts," and "knowledge" as vague and ambiguous.    Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this interrogatory because it is not limited to a time period relevant to this action.  Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut.    Plaintiffs also object to this interrogatory because it seeks information relating to expert analysis and reports prior to

the time such analysis and reports must be disclosed in accordance with the Court's Order of October 21, 2013.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Interrogatory No. 3.

**Interrogatory No. 6:**

Regarding **YOUR** contention that "on March 11, 2011, the Jack Stand was in the same or similar condition as when it was designed, manufactured, assembled, sold or distributed by Defendants" as alleged in the **FAC** at paragraph 24, please:

(a)    State all facts that support your contention;

(b)    **IDENTIFY** all **DOCUMENTS** that support your contention; and

(c)    **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents that support your contention.

**OBJECTION:**

Plaintiffs object to this interrogatory, particularly in its references to "contention," "all facts," and "knowledge" as vague and ambiguous. Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this interrogatory because it is not limited to a time period relevant to this action. Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut. Plaintiffs also object to this interrogatory because it seeks information relating to expert analysis and reports prior to the time such analysis and reports must be disclosed in accordance with the Court's Order of October 21, 2013.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs state that they lack knowledge or information responsive to this interrogatory insofar as its seeks information relating to the time when the Jack Stand was "designed," "manufactured," "assembled," or "distributed." As so limited, Plaintiffs state that, to their knowledge, the Jack Stand was not altered from the time when it was sold to Decedent to March 11, 2011.

**Interrogatory No. 7:**

Regarding **YOUR** contention that "the manner in which the Decedent's death occurred was foreseeable and Defendants knew or should have known or anticipated that Decedent would not be aware of the risks and nature of the harm attendant to using the Jack Stand" as alleged in the **FAC** at paragraph 25, please:

    (a)    State all facts that support your contention;

    (b)    **IDENTIFY** all **DOCUMENTS** that support your contention; and

    (c)    **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents that support your contention.

**OBJECTION:**

**Plaintiffs object to this interrogatory, particularly in its references to "contention," "all facts," and "knowledge" as vague and ambiguous. Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this interrogatory because it is not limited to a time period relevant to this action. Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut. Plaintiffs also object to this interrogatory because it seeks information relating to expert analysis and reports prior to the time such analysis and reports must be disclosed in accordance with the Court's Order of October 21, 2013. Plaintiffs also object to this interrogatory because it seeks information relating to damages and losses prior to the time a damages analysis must be disclosed in accordance with the Court's Order of October 21, 2013.**

**RESPONSE:**

**Subject to and without waiving their objections, Plaintiffs incorporate their response to Interrogatory No. 3.**

**Interrogatory No. 8:**

Regarding **YOUR** contention that "Defendants knew or should have known or anticipated at the time of design, manufacture and/or testing that the expected product user

would not be aware of the risks from the product and nature of the harm" as alleged in the **FAC** at paragraph 26, please:

    (a)    State all facts that support your contention;

    (b)    **IDENTIFY** all **DOCUMENTS** that support your contention; and

    (c)    **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents that support your contention.

### OBJECTION:

Plaintiffs object to this interrogatory, particularly in its references to "contention," "all facts," and "knowledge" as vague and ambiguous. Plaintiffs also object to this interrogatory because it seeks information protected from discovery by the work product doctrine. Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this interrogatory because it is not limited to a time period relevant to this action. Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut. Plaintiffs also object to this interrogatory because it seeks information relating to expert analysis and reports prior to the time such analysis and reports must be disclosed in accordance with the Court's Order of October 21, 2013. Plaintiffs also object to this interrogatory because it seeks information relating to damages and losses prior to the time a damages analysis must be disclosed in accordance with the Court's Order of October 21, 2013.

### RESPONSE:

Subject to and without waiving their objections, Plaintiffs incorporate their response to Interrogatory No. 3.

### Interrogatory No. 9:

Regarding **YOUR** contention that **PROPOUNDING PARTY** is liable to **YOU** for negligence as alleged in the **FAC**, please:

    (a)    State all facts that support your contention;

    (b)    **IDENTIFY** all **DOCUMENTS** that support your contention; and

    (c)    **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents that support your contention.

**OBJECTION:**

Plaintiffs object to this interrogatory, particularly in its references to "contention," "liable," "negligence," "all facts," and "knowledge" as vague and ambiguous. Plaintiffs also object to this interrogatory because it seeks information protected from discovery by the work product doctrine. Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this interrogatory because it is not limited to a time period relevant to this action. Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut. Plaintiffs also object to this interrogatory as unreasonably cumulative and duplicative of Defendant's other interrogatories. Plaintiffs also object to this interrogatory because it seeks information relating to expert analysis and reports prior to the time such analysis and reports must be disclosed in accordance with the Court's Order of October 21, 2013.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs state that this interrogatory calls for a legal conclusion as to which no response is required. Notwithstanding this, Plaintiffs incorporate their response to Interrogatory No. 3.

**Interrogatory No. 10**:

Regarding **YOUR** contention that **PROPOUNDING PARTY** is liable to **YOU** for strict liability, as alleged in the **FAC** at paragraph 27, please:

    (a)    State all facts that support your contention;

    (b)    **IDENTIFY** all **DOCUMENTS** that support your contention; and

    (c)    **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents that support your contention.

**OBJECTION:**

Plaintiffs object to this interrogatory, particularly in its references to "contention," "liable," "strict liability," "all facts," and "knowledge" as vague and ambiguous. Plaintiffs also object to this interrogatory because it seeks information protected from discovery by the work product doctrine. Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this interrogatory because it is not limited to a time period relevant to this action. Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut. Plaintiffs also object to this interrogatory as unreasonably cumulative and duplicative of Defendant's other interrogatories. Plaintiffs also object to this interrogatory because it seeks information relating to expert analysis and reports prior to the time such analysis and reports must be disclosed in accordance with the Court's Order of October 21, 2013.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Interrogatory No. 9.

**Interrogatory No. 11**:

Regarding **YOUR** contention that **PROPOUNDING PARTY** is liable to **YOU** for "breach of express or implied warranty", as alleged in the **FAC** at paragraph 27, please:

(a)    State all facts that support your contention;

(b)    **IDENTIFY** all **DOCUMENTS** that support your contention; and

(c)    **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents that support your contention.

**OBJECTION:**

Plaintiffs object to this interrogatory, particularly in its references to "contention," "liable," "breach of express or implied warranty," "all facts," and "knowledge" as vague and ambiguous. Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this interrogatory because it seeks information that is not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources,

14

including other parties to this action. Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut. Plaintiffs also object to this interrogatory as unreasonably cumulative and duplicative of Defendant's other interrogatories. Plaintiffs also object to this interrogatory because it seeks information relating to expert analysis and reports prior to the time such analysis and reports must be disclosed in accordance with the Court's Order of October 21, 2013.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Interrogatory No. 9.

**Interrogatory No. 12:**

Regarding **YOUR** contention that **PROPOUNDING PARTY** is liable to **YOU** for "breach or failure to discharge a duty to warn or instruct", as alleged in the **FAC** at paragraph 27, please:

    (a)    State all facts that support your contention;

    (b)    **IDENTIFY** all **DOCUMENTS** that support your contention; and

    (c)    **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents that support your contention.

**OBJECTION:**

Plaintiffs object to this interrogatory, particularly in its references to "contention," "liable," "breach or failure to discharge a duty to warn or instruct," "all facts," and "knowledge" as vague and ambiguous. Plaintiffs also object to this interrogatory because it seeks information protected from discovery by the work product doctrine. Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this interrogatory because it seeks information that is not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut. Plaintiffs also object to this interrogatory as unreasonably cumulative and duplicative of Defendant's other interrogatories. Plaintiffs also object to this interrogatory because it seeks information

15

relating to expert analysis and reports prior to the time such analysis and reports must be disclosed in accordance with the Court's Order of October 21, 2013.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Interrogatory No. 9.

**Interrogatory No. 13:**

Regarding **YOUR** contention that **PROPOUNDING PARTY** is liable to **YOU** for "misrepresentation or non-disclosure", as alleged in the **FAC** at paragraph 27, please:

(a)    State all facts that support your contention;

(b)    **IDENTIFY** all **DOCUMENTS** that support your contention; and

(c)    **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents that support your contention.

**OBJECTION:**

Plaintiffs object to this interrogatory, particularly in its references to "contention," "liable," "misrepresentation or non-disclosure," "all facts," and "knowledge" as vague and ambiguous. Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this interrogatory because it seeks information that is not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut. Plaintiffs also object to this interrogatory as unreasonably cumulative and duplicative of Defendant's other interrogatories.   Plaintiffs also object to this interrogatory because it seeks information relating to expert analysis and reports prior to the time such analysis and reports must be disclosed in accordance with the Court's Order of October 21, 2013.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Interrogatory No. 9.

**Interrogatory No. 14:**

16

Regarding **YOUR** contention that **PROPOUNDING PARTY** is a manufacturer of the

**JACK STAND**, as alleged in paragraph 15 of the **FAC**, please:

(a)     State all facts that support your contention;

(b)     **IDENTIFY** all **DOCUMENTS** that support your contention; and

(c)     **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents

that support your contention.

**OBJECTION:**

Plaintiffs object to this interrogatory, particularly in its references to "contention," "manufacturer," "all facts," and "knowledge" as vague and ambiguous.  Plaintiffs also object to this interrogatory because it seeks information protected from discovery by the work product doctrine.  Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this interrogatory because it is not limited to a time period relevant to this action.  Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs respond that Wei Fu identified itself as the manufacturer of the Jack Stands in its Responses to Plaintiffs' First Set of Interrogatories dated January 6, 2014.

**Interrogatory No. 15**:

Regarding **YOUR** contention that **PROPOUNDING PARTY** is an importer of the

**JACK STAND**, as alleged in paragraph 15 of the **FAC**, please:

(a)     State all facts that support your contention;

(b)     **IDENTIFY** all **DOCUMENTS** that support your contention; and

(c)     **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents

that support your contention.

**OBJECTION:**

17

Plaintiffs object to this interrogatory, particularly in its references to "contention," "importer," "all facts," and "knowledge" as vague and ambiguous. Plaintiffs also object to this interrogatory because it seeks information protected from discovery by the work product doctrine. Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this interrogatory because it is not limited to a time period relevant to this action. Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs respond that discovery on this issue is continuing.

**Interrogatory No. 16:**

Regarding **YOUR** contention that **PROPOUNDING PARTY** is a wholesaler of the **JACK STAND**, as alleged in paragraph 15 of the **FAC**, please:

(a)     State all facts that support your contention;

(b)     **IDENTIFY** all **DOCUMENTS** that support your contention; and

(c)     **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents that support your contention.

**OBJECTION:**

Plaintiffs object to this interrogatory, particularly in its references to "contention," "wholesaler," "all facts," and "knowledge" as vague and ambiguous. Plaintiffs also object to this interrogatory because it seeks information protected from discovery by the work product doctrine. Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this interrogatory because it is not limited to a time period relevant to this action. Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs respond that discovery on this issue is continuing.

**Interrogatory No. 17:**

Regarding **YOUR** contention that **PROPOUNDING PARTY** is a designer of the **JACK STAND**, as alleged in paragraph 15 of the **FAC**, please:

    (a)    State all facts that support your contention;

    (b)    **IDENTIFY** all **DOCUMENTS** that support your contention; and

    (c)    **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents that support your contention.

**OBJECTION:**

Plaintiffs object to this interrogatory, particularly in its references to "contention," "designer," "all facts," and "knowledge" as vague and ambiguous. Plaintiffs also object to this interrogatory because it seeks information protected from discovery by the work product doctrine. Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this interrogatory because it is not limited to a time period relevant to this action. Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs respond that discovery on this issue is continuing.

**Interrogatory No. 18:**

Regarding **YOUR** contention that **PROPOUNDING PARTY** is a distributor of the **JACK STAND**, as alleged in paragraph 15 of the **FAC**, please:

    (a)    State all facts that support your contention;

    (b)    **IDENTIFY** all **DOCUMENTS** that support your contention; and

(c)     **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents

that support your contention.

**OBJECTION:**

Plaintiffs object to this interrogatory, particularly in its references to "contention," "distributor," "all facts," "witnesses," and "knowledge" as vague and ambiguous. Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this interrogatory because it is not limited to a time period relevant to this action. Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut. Plaintiffs also object to this interrogatory because it seeks information relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto and because Propounding Party has failed and refused to date to respond to any of Plaintiffs' pending discovery requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs respond that discovery on this issue is continuing.

**Interrogatory No. 19:**

Regarding **YOUR** contention that **PROPOUNDING PARTY** is a retailer of the **JACK STAND**, as alleged in paragraph 15 of the **FAC**, please:

(a)     State all facts that support your contention;

(b)     **IDENTIFY** all **DOCUMENTS** that support your contention; and

(c)     **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents

that support your contention.

**OBJECTION:**

Plaintiffs object to this interrogatory, particularly in its references to "contention," "retailer," "all facts," and "knowledge" as vague and ambiguous. Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to

lead to the discovery of admissible evidence. Plaintiffs also object to this interrogatory because it is not limited to a time period relevant to this action. Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs respond that discovery on this issue is continuing.

**Interrogatory No. 20:**

Regarding **YOUR** claimed damages, as alleged in the **FAC**, please:

(a)     State all facts that support your contention;

(b)     **IDENTIFY** all **DOCUMENTS** that support your contention; and

(c)     **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents that support your contention.

**OBJECTION:**

Plaintiffs object to this interrogatory, particularly in its references to "claimed damages," "all facts," "contention," and "knowledge" as vague and ambiguous. Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this interrogatory because it is not limited to a time period relevant to this action. Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut. Plaintiffs also object to this interrogatory because it seeks information relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto and because Propounding Party has failed and refused to date to respond to any of Plaintiffs' pending discovery requests. Plaintiffs also object to this interrogatory because it seeks information relating to damages and losses prior to the time a damages analysis must be disclosed in accordance with the Court's Order of October 21, 2013.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs previously served a damages analysis that includes information responsive to this interrogatory in accordance with the Case Management Order.   Further, Plaintiffs incorporate their response to Interrogatory No. 3.

**Interrogatory No. 21**:

For each of **YOUR** responses to **PROPOUNDING PARTY'S** Requests for Admission,

Set One, that is not an unqualified admission, please:

    (a)    State all facts that support your contention;

    (b)    **IDENTIFY** all **DOCUMENTS** that support your contention; and

    (c)    **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents

           that support your contention.

**OBJECTION:**

Plaintiffs object to this interrogatory, particularly in its references to "unqualified admission," "all facts," "contention," and "knowledge" as vague and ambiguous.  Plaintiffs also object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this interrogatory because it seeks information that is not relevant to the subject matter of this action and because is not limited to a time period relevant to this action.  Plaintiffs also object to this interrogatory because it seeks information that is not in Plaintiffs' possession, custody or control, is already in Defendant's possession, custody or control, and/or is publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this interrogatory because it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut.  Plaintiffs also object to this interrogatory because it seeks information relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto and because Propounding Party has failed and refused to date to respond to any of Plaintiffs' pending discovery requests.  Plaintiffs also object to this interrogatory because it violates the express limitation of Rule 33 of the Federal Rules of Civil Procedure to serve another party with only 25 interrogatories, including discrete subparts.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporates, as applicable, their objections and responses to Propounding Party's Requests for Admission, Set One.

PLAINTIFFS,
FREDERICK KLORCZYK, JR. AND LYNNE
KLORCZYK, as co-administrators of the Estate
of Christian R. Klorczyk

By: /s/ David J. Elliott_____
     David J. Elliott (ct04301)
     Bryan J. Orticelli (ct28643)
     Kaitlin A. Canty (ct29074)
     DAY PITNEY LLP
     242 Trumbull Street
     Hartford, CT 06103-1212
     860-275-0100
     860-275-0343 (fax)
     *djelliott@daypitney.com*
     *borticelli@daypitney.com*
     *kcanty@daypitney.com*

     Howard S. Edinburgh
     Howard L. Wexler
     Joseph E. Donat
     Michael Gallub
     Herzfeld & Rubin, P.C.
     125 Broad Street
     New York, NY 10004
     (212) 271-8529
     (212) 344-3333 (fax)
     *hedinburgh@herzfeld-rubin.com*
     *hwexler@herzfeld-rubin.com*
     *jdonat@herzfeld-rubin.com*
     *mgallub@herzfeld-rubin.com*

     Their Attorneys

## **CERTIFICATION**

I HEREBY CERTIFY that on this date a copy of the foregoing was served by electronic mail to current counsel of record in accordance with the parties' August 12, 2014 Agreement to Consent to Electronic Service of Documents.

Sean P. Flynn (phv05949)
Gordon & Rees LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612

Steven J. Zakrzewski (ct28934)
Gordon & Rees LLP
95 Glastonbury Boulevard, Suite 206
Glastonbury, CT 06033

*sflynn@gordonrees.com*
*szakrzewski@gordonrees.com*
*sthomas@gordonrees.com*
*lhandy@gordonrees.com*

Erica W. Todd (ct13897)
Trotta, Trotta & Trotta
900 Chapel Street, 12th Floor
P.O. Box 802
New Haven, CT 06503
*etodd@trottalaw.com*

By:    /s/ David J. Elliott
        David J. Elliott (ct04301)

## **VERIFICATION**

**STATE OF CONNECTICUT**          )
                                  )
**COUNTY OF NEW LONDON**          )

Before me, the undersigned Notary Public, on this day personally appeared Frederick Klorczyk, Jr. and Lynne Klorczyk, known to me to be the persons whose names are subscribed hereto, who upon their oath, stated that having knowledge of the matters contained in the responses to the foregoing interrogatories, states that the forgoing responses are, to the best of their knowledge and belief, true and correct.

SUBSCRIBED AND SWORN TO BEFORE ME by Frederick Klorczyk, Jr. and Lynne Klorczyk on this _17_ day of July, 2015.

_____
Frederick Klorczyk, Jr.

_____
Lynne Klorczyk

_____
Notary Public
My commission expires:

NICOLE LEE GOODROW
NOTARY PUBLIC
MY COMMISSION EXPIRES DEC. 31, 2019

# EXHIBIT D

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FREDERICK KLORCZYK, JR. AND LYNNE | : | CIVIL ACTION NO. |
| KLORCZYK, as co-administrators of the Estate of | : | 3:13-cv-00257-JAM |
| Christian R. Klorczyk, et al. | : | |
| | : | |
| *Plaintiffs*, | : | |
| | : | |
| vs. | : | |
| | : | |
| SEARS, ROEBUCK AND CO., et al. | : | |
| | : | |
| *Defendants*. | : | JULY 17, 2015 |

## PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT WEI FU (TAISHAN) MACHINERY & ELECTRIC COMPANY LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiffs, Frederick Klorczyk, Jr. and Lynne Klorczyk, as co-administrators of the Estate of Christian R. Klorczyk ("Plaintiffs"), hereby object and respond to the First Set of Requests for Production of Documents of Defendant Wei Fu (Taishan) Machinery & Electric Company, Ltd.'s ("Defendant"), dated December 4, 2013.

## PRELIMINARY STATEMENT

In the course of discovery in this action, Plaintiffs have responded to numerous discovery requests and have incurred substantial expense and burden collecting, reviewing and producing responsive documents and information. Plaintiffs have, to date, produced more than 4,500 pages of documents and continue to supplemental their discovery responses in accordance with the Federal Rules of Civil Procedure. Accordingly, Plaintiffs hereby incorporate their prior discovery responses to the extent they are applicable to Defendant's Requests.

## GENERAL OBJECTIONS

1.      Plaintiffs object to the Requests to the extent that they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the

United States District Court for the District of Connecticut.

2.      Plaintiffs object to the Requests to the extent that they seek disclosure of information and documents protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection afforded by law.  Plaintiffs will not produce documents containing privileged information or will produce such documents in redacted form.  Any inadvertent disclosure of any privileged document shall not be deemed or construed to constitute a waiver of any privilege or protection.  No use shall be made of any documents after notice is provided that such documents have been inadvertently produced.  Plaintiffs also reserve the right to demand the return of any inadvertently produced document and all copies thereof.

3.      Plaintiffs object to the Requests to the extent that they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.      Plaintiffs object to the Requests to the extent that they are not limited to a time period relevant to this action.

5.      Plaintiffs object to the Requests to the extent that they are overly broad, unduly burdensome, or oppressive.

6.      Plaintiffs object to the Requests to the extent that they are vague, ambiguous, or fail to identify the information being requested with reasonable particularity.

7.      Plaintiffs object to the Requests to the extent that they seek documents that are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

8.      Plaintiffs object to the Requests to the extent that they seek documents that are not

in Plaintiffs' possession, custody or control.

9.      Plaintiffs object to the Requests to the extent that they are unreasonably cumulative or duplicative.

10.     Plaintiffs' objections and responses to the Requests are based on Plaintiffs' investigation and discovery to date.  Plaintiffs expressly reserve the right to modify, to amend, or to supplement these objections and responses if additional information or documents are discovered by Plaintiffs.

11.     Plaintiffs do not waive and specifically reserves the right to challenge the relevance, materiality or admissibility of any document provided in response to the Requests. No objection or response made herein shall be deemed an admission or representation by Plaintiffs as to the existence or nonexistence of documents.

12.     Plaintiffs hereby incorporate by reference each of these General Objections in Plaintiffs' Objections to Definitions and Plaintiffs' objections and responses to each of the Requests as if fully set forth therein.  Nothing herein shall be construed as a waiver of Plaintiffs' right to assert additional objections to the discovery of the information and documents sought by the Requests.

## <u>OBJECTIONS TO DEFINITIONS</u>

1.      "**WITNESSES**" include a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

### <u>OBJECTION</u>:

**Plaintiffs object to this definition, particularly in its references to "firm," "association," "organization," "partnership," "business," "trust," "limited liability company," "corporation," and "public entity" as vague and ambiguous.  Plaintiffs also object to this definition as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.**

3

2.     "**DOCUMENT(S)**" as used herein is intended to have the broadest possible meaning and encompass, without limitation, the definitions of WRITING set forth in Section 1001 of the Federal Rules of Evidence, and Federal Rule of Civil Procedure 34, respectively, and include the original or copy, and both sides thereof, of handwriting, typewriting, printing, photocopying, photographing, and every other means of recording upon any tangible thing, any form of communication and representation, including letters, words, pictures, sounds, and symbols, or combinations of them.  It also includes non-paper information storage such as tapes, films, disks and computer memory devices and electronic mail.  Electronic mail means all original and any non-identical copies of documents sent or received as electronic mail (including all attachments), whether in printed or electronic form of any kind, including, without limitation, data stored on hard disks, floppy discs, servers, magnetic tape, personal or handheld computers or devices (such as Palm or BlackBerry devices), in random access memory or in read-only memory.  For purposes of this definition, the electronic version of any electronic mail is deemed to be an original, irrespective of the existence or creation of a hard copy print-out of that electronic mail, and you are required to produce all responsive documents stored in electronic format.  Electronic mail includes all electronic mail in YOUR possession, and is not limited to electronic mail in the senders' or recipients' files or computers, and includes any electronic mail that has been deleted from the senders' or recipients' computers.  Electronically stored information shall be produced in its native format, searchable and with linked attachments as they were sent or received in the regular course of business.

**OBJECTION:**

**As construed and used herein, the term "Document(s)" shall have the meaning prescribed by Rule 26(c)(2) of the Local Civil Rules of the United States District Court for the District of Connecticut.**

4.     "**IDENTIFY**" means:

a.     When used in reference to a natural person, means to state such person's full name, last-known home and business address, last-known business affiliation, employer, and

position therewith, and the latest date that such information was true, to your knowledge;

        b.      When used in reference to a business, firm, partnership, joint venture, company or corporation, means to state, to the extent known, its full name, state of incorporation or creation, address of its principal place of business, and its principal activities or products;

        c.      When used in reference to documents or writings, means to describe specifically the document, including a description of its type (e.g., letter, memorandum, telegram, chart, etc.), and to state its date, author, addressee, title, file identification number or symbol, and to identify the present location and the name and address of the present custodian of such document. If any such document is no longer in **YOUR** possession or subject to **YOUR** control, state what disposition was made of it and the date of such disposition, identifying the person having knowledge of its content.

**OBJECTION:**

As construed and used herein, the term **"Identify"** shall have the meanings prescribed by, as applicable, **Rules 26(c)(3) and 26(c)(4) of the Local Civil Rules of the United States District Court for the District of Connecticut.**

5.      **"RELATING TO"** means referring to, discussing, mentioning, evidencing, criticizing, explaining, describing, illustrating, disparaging, addressing, demonstrating, assessing, alluding to, elaborating upon, remarking upon, probing, examining, debating the merits of, illuminating, disputing the benefits of, expanding upon, commenting upon, interpreting, reassessing, revealing, scrutinizing, studying, critiquing, or characterizing the subject matter or topic inquired about in that particular request.

**OBJECTION:**

As construed and used herein, the term **"Relating To"** shall mean directly relating to, referring to, describing, evidencing or constituting.

6.      **"YOU"** or **"YOUR"** means Responding Party.

**OBJECTION:**

Plaintiffs object to this definition as vague and ambiguous. As construed and used herein, the terms **"You"** and **"Your"** shall mean Plaintiffs, Frederick Klorczyk, Jr. and

Lynne Klorczyk, as co-administrators of the Estate of Christian R. Klorczyk.

8.       "**JACK STAND(S)**" means the vehicle support stand or device identified in Plaintiffs' Complaint and First Amended Complaint, as well as any aspect, feature, or component part of said jack stand(s).

**OBJECTION:**

**Plaintiffs object to this definition, particularly in its reference to "any aspect, feature, or component part" as vague and ambiguous and overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. As construed and used herein, the term "Jack Stand(s)" shall have the meaning prescribed by Paragraph 17 of the Second Amended Complaint, filed on May 20, 2014 (Dkt. No. 99).**

**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1**

Any and all **DOCUMENTS RELATING TO YOUR** Initial Disclosures in this case.

**OBJECTION:**

**Plaintiffs object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.**

**RESPONSE:**

**Subject to and without waiving their objections, Plaintiffs have produced the following documents responsive to this request:**

- **KLORCZYK000001–KLORCZYK000196**

**REQUEST FOR PRODUCTION NO. 2**

Any and all **DOCUMENTS RELATING TO** any Supplemental Disclosures in this case.

**OBJECTION:**

**Plaintiffs object to this request, particularly in its reference to "Supplemental Disclosures" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible**

evidence.  Plaintiffs also object to this request because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs state that there are no documents in Plaintiffs' possession, custody or control that are responsive to this request and that have not otherwise been produced by Plaintiffs.

**REQUEST FOR PRODUCTION NO. 3**

Any and all **DOCUMENTS RELATING TO YOUR** responses to **PROPOUNDING**

**PARTY'S** Interrogatories.

**OBJECTION:**

Plaintiffs object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 1 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 4**

Any and all **DOCUMENTS RELATING TO YOUR** responses to **PROPOUNDING**

**PARTY'S** Requests for Admission.

**OBJECTION:**

Plaintiffs object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 1 as if fully set forth herein.

## REQUEST FOR PRODUCTION NO. 5

Any and all **DOCUMENTS RELATING TO**, or evidencing, any communications between **YOU** and any employee, agent, or affiliate of **PROPOUNDING PARTY** from January 2011 through the present.

### OBJECTION:

Plaintiffs object to this request, particularly in its references to "evidencing," "communications," "employee," "agent," and "affiliate" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

### RESPONSE:

Subject to and without waiving their objections, Plaintiffs state that there are no documents in Plaintiffs' possession, custody or control that are responsive to this request and that have not otherwise been produced by Plaintiffs.

## REQUEST FOR PRODUCTION NO. 6

Any and all **DOCUMENTS RELATING TO**, or evidencing, any communications between **YOU** and any state or federal government agency from January 2011 through the present concerning any allegation within the **FAC**.

### OBJECTION:

Plaintiffs object to this request, particularly in its references to "evidencing," "communications," "government agency," and "concerning any allegation within" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs have produced the following documents responsive to this request:

- **KLORCZYK000044–KLORCZYK000115**
- **KLORCZYK000142–KLORCZYK000159**

**REQUEST FOR PRODUCTION NO. 7**

Any and all **DOCUMENTS RELATING TO** the allegations contained in the **FAC** that

**DECEDENT** purchased **JACK STANDS** from **SEARS** at any point in time.

**OBJECTION:**

Plaintiffs object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs have produced the following documents responsive to this request:

- **KLORCZYK000001–KLORCZYK000043**

**REQUEST FOR PRODUCTION NO. 8**

Any and all **DOCUMENTS RELATING TO** the allegations contained in paragraph 19

of the **FAC** that **DECEDENT** "was experienced in the use of Sears Jack Stands and had used

them to perform repair work and/or maintenance on motor vehicles on numerous occasions prior

to March 11, 2011."

**OBJECTION:**

Plaintiffs object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession,

custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs state that there are no documents in Plaintiffs' possession, custody or control that are responsive to this request and that have not otherwise been produced by Plaintiffs.

## REQUEST FOR PRODUCTION NO. 9

Any and all **DOCUMENTS RELATING TO** the allegations contained in paragraph 20 of the **FAC** that the "failure of the Jack Stand caused the motor vehicle being supported by it to fall upon Decedent."

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto.  Plaintiffs object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs refer to the information and documents produced in conjunction with the disclosures of Plaintiffs' expert witnesses on December 8, 2014.

## REQUEST FOR PRODUCTION NO. 10

Any and all **DOCUMENTS RELATING TO** the allegations contained in paragraph 21 of the **FAC** that the "Jack Stand that caused Decedent's death failed as a result of a defect in its design, assembly or manufacture."

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct

discovery and obtain information and documents relevant thereto.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

## REQUEST FOR PRODUCTION NO. 11

Any and all **DOCUMENTS RELATING TO** the allegations contained in paragraph 22 of the **FAC** that "the Jack Stand was defective in that adequate warnings or instructions were not provided by Defendants."

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

## REQUEST FOR PRODUCTION NO. 12

Any and all **DOCUMENTS** which support **YOUR** contention that **PROPOUNDING PARTY** violated any safety orders, ordinances, or statutes which caused **DECEDENT'S** death.

**OBJECTION:**

11

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "contention," "violated," "safety orders," "ordinances," "statutes," and "caused" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 13**

Any and all **DOCUMENTS** or things, including boxes, cartons, containers, or packages, which contain the logo, brand name, trade name, or trademark relating to the **JACK STAND** to which **YOU** contend caused **DECEDENT** harm.

**OBJECTION:**

Plaintiffs object to this request, particularly in its references to "things," "boxes," "cartons," "containers," "packages," "logo," "brand name," "trade name," "trademark," "to which," "contend," "caused," and "harm" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs have produced the following documents responsive to this request:

- **KLORCZYK000166–KLORCZYK000169**

**REQUEST FOR PRODUCTION NO. 14**

Any and all **DOCUMENTS** or things which support **YOUR** contention that the **JACK STAND** was manufactured by **PROPOUNDING PARTY**.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto Plaintiffs also object to this request, particularly in its references to "things," "contention," and "manufactured" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs respond that Wei Fu identified itself as the manufacturer of the Jack Stands in its Responses to Plaintiffs' First Set of Interrogatories dated January 6, 2014.

**REQUEST FOR PRODUCTION NO. 15**

Any and all **DOCUMENTS** or things which support **YOUR** contention that the **JACK STAND** was designed by **PROPOUNDING PARTY**.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. . Plaintiffs also object to this request, particularly in its references to "things," "contention," and "designed" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs respond that discovery on this issue is continuing.

## REQUEST FOR PRODUCTION NO. 16

Any and all **DOCUMENTS** or things which support **YOUR** contention that the **JACK STAND** was inspected by **PROPOUNDING PARTY**.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "things," "contention," and "inspected" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs respond that discovery on this issue is continuing.

## REQUEST FOR PRODUCTION NO. 17

Any and all **DOCUMENTS** or things which support **YOUR** contention that the **JACK STAND** was distributed by **PROPOUNDING PARTY**.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "things," "contention," and "distributed" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or

control, and/or are publically available or obtainable from other sources, including other parties to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs respond that discovery on this issue is continuing.

## REQUEST FOR PRODUCTION NO. 18

Any and all **DOCUMENTS** or things which support **YOUR** contention that the **JACK STAND** was assembled by **PROPOUNDING PARTY**.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "things," "contention," and "assembled" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs respond that discovery on this issue is continuing.

## REQUEST FOR PRODUCTION NO. 19

Any and all medical bills for the past five years.

**OBJECTION:**

Plaintiffs objects to this request, particularly in its references to "medical bills" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it is not limited to a time period relevant to this action.

**RESPONSE:**

15

**Subject to and without waiving their objections, Plaintiffs state that there are no documents in Plaintiffs' possession, custody or control that are responsive to this request and that have not otherwise been produced by Plaintiffs.**

## REQUEST FOR PRODUCTION NO. 20

Any and all **DOCUMENTS RELATING TO DECEDENT'S** medical records for the past five years.

**OBJECTION:**

**Plaintiffs object to this request, particularly in its references to "medical records" as vague and ambiguous.   Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also objects to this request because it is not limited to a time period relevant to this action.**

**RESPONSE:**

**Subject to and without waiving their objections, Plaintiffs have produced the following documents responsive to this request:**

- **KLORCZYK000116–KLORCZYK000159**

## REQUEST FOR PRODUCTION NO. 21

Any and all **DOCUMENTS RELATING TO DECEDENT'S** medical bills for the past five years.

**OBJECTION:**

**Plaintiffs incorporate their objections to Request No. 19 as if fully set forth herein.**

**RESPONSE:**

**Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 19.**

## REQUEST FOR PRODUCTION NO. 22

Any and all **DOCUMENTS RELATING TO DECEDENT'S** health, dental, and vision insurance policies for the past five years, including but not limited to explanation of benefits and billings.

**OBJECTION:**

Plaintiffs object to this request, particularly in its reference to "health insurance policies" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs state that there are no documents in Plaintiffs' possession, custody or control that are responsive to this request and that have not otherwise been produced by Plaintiffs.

**REQUEST FOR PRODUCTION NO. 23**

Any and all **DOCUMENTS RELATING TO DECEDENT'S** education records for the

five years prior to his death.

**OBJECTION:**

Plaintiffs object to this request, particularly in its reference to "education records" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs have produced the following documents responsive to this request:

- **KLORCZYK000183–KLORCZYK000193**

**REQUEST FOR PRODUCTION NO. 24**

Any and all **DOCUMENTS RELATING TO DECEDENT'S** employment records for

the five years prior to his death.

**OBJECTION:**

Plaintiffs object to this request, particularly in its references to "employment records" as vague and ambiguous. Plaintiffs also object to this request as overly broad,

17

unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 25**

Any and all **DOCUMENTS RELATING TO DECEDENT'S** tax returns for the five

years prior to his death.

**OBJECTION:**

Plaintiffs object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and is not limited to a time period relevant to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs have or will produce documents responsive to this Request to the extent that such documents exist and are in Plaintiffs' possession, custody or control.

**REQUEST FOR PRODUCTION NO. 26**

Any and all **DOCUMENTS** that support **YOUR** allegation contained in paragraph 30 of

the **FAC** that **DECEDENT** sustained damages for lost earning capacity.

**OBJECTION:**

Plaintiffs object to this request, particularly in its references to "allegation," "loss of earnings," and "consequence" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in

Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

## REQUEST FOR PRODUCTION NO. 27

Any and all **DOCUMENTS** that support **YOUR** allegation contained in paragraph 30 of the **FAC** that **DECEDENT** sustained damages for conscious pain and suffering.

**OBJECTION:**

Plaintiffs object to this request, particularly in its references to "allegation," "damages," and "conscious pain and suffering" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

## REQUEST FOR PRODUCTION NO. 28

Any and all **DOCUMENTS** in support of **YOUR** claim for funeral expenses.

**OBJECTION:**

Plaintiffs object to this request, particularly in its references to "claim" and "expenses" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

**RESPONSE:**

**Subject to and without waiving their objections, Plaintiffs state that there are no documents in Plaintiffs' possession, custody or control that are responsive to this request and that have not otherwise been produced by Plaintiffs.**

## REQUEST FOR PRODUCTION NO. 29

Any and all **DOCUMENTS** that support **YOUR** claim for compensatory damages.

### OBJECTION:

**Plaintiffs object to this request, particularly in its references to "claim" and "compensatory damages" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.**

### RESPONSE:

**Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.**

## REQUEST FOR PRODUCTION NO. 30

Any and all **DOCUMENTS** that support **YOUR** claim for punitive damages.

### OBJECTION:

**Plaintiffs object to this request, particularly in its references to "claim" and "punitive damages" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.**

### RESPONSE:

**Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.**

**REQUEST FOR PRODUCTION NO. 31**

Any and all **DOCUMENTS** that support **YOUR** claim for damages pursuant to Conn.

Gen. Stat. § 52-555(a).

**OBJECTION:**

**Plaintiffs object to this request, particularly in its references to "claim" and "punitive damages" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.**

**RESPONSE:**

**Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.**

**REQUEST FOR PRODUCTION NO. 32**

Any and all **DOCUMENTS** that support **YOUR** claim for attorneys' fees.

**OBJECTION:**

**Plaintiffs object to this request, particularly in its references to "claim" and "attorneys' fees" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.**

**RESPONSE:**

**Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.**

**REQUEST FOR PRODUCTION NO. 33**

Any and all **DOCUMENTS** which support **YOUR** claim that **PROPOUNDING**

**PARTY** was negligent in the manufacture of the **JACK STAND(S)** which **YOU** contend caused

**DECEDENT** harm.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "claim," "negligent," "negligent in the manufacture of," "manufacture," "contend," "caused," and "harm" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 34**

Any and all **DOCUMENTS** which support **YOUR** claim that **PROPOUNDING**

**PARTY** was negligent in the distribution of the **JACK STAND(S)** which **YOU** contend caused

**DECEDENT** harm.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "claim," "negligent," "negligent in the distribution of," "distribution," "contend," "caused," and "harm" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs

also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

## REQUEST FOR PRODUCTION NO. 35

Any and all **DOCUMENTS** which support **YOUR** claim that **PROPOUNDING PARTY** was negligent in the fabrication of the **JACK STAND(S)** which **YOU** contend caused **DECEDENT** harm.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto.  Plaintiffs also object to this request, particularly in its references to "claim," "negligent," "negligent in the fabrication of," "fabrication," "contend," "caused," and "harm" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 36**

Any and all **DOCUMENTS** which support **YOUR** claim that **PROPOUNDING**

**PARTY** was negligent in the testing of the **JACK STAND(S)** which **YOU** contend caused

**DECEDENT** harm.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "claim," "negligent," "negligent in the testing of," "testing," "contend," "caused," and "harm" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 37**

Any and all **DOCUMENTS** which support **YOUR** claim that **PROPOUNDING**

**PARTY** was negligent in the research of the **JACK STAND(S)** which **YOU** contend caused

**DECEDENT** harm.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "claim," "negligent," "negligent in the research of," "research," "contend," "caused," and "harm" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this

24

action and because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 38**

Any and all **DOCUMENTS** which support **YOUR** claim that **PROPOUNDING**

**PARTY** was negligent in the inspection of the **JACK STAND(S)** which **YOU** contend caused

**DECEDENT** harm.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto.  Plaintiffs also object to this request, particularly in its references to "claim," "negligent," "negligent in the inspection of," "inspection," "contend," "caused," and "harm" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 39**

Any and all **DOCUMENTS** which support **YOUR** claim that **PROPOUNDING PARTY** was negligent in the modifying of the **JACK STAND(S)** which **YOU** contend caused **DECEDENT** harm.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "claim," "negligent," "negligent in the modifying of," "modifying," "contend," "caused," and "harm" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 40**

Any and all **DOCUMENTS** which support **YOUR** claim that **PROPOUNDING PARTY** was negligent in the labeling of the **JACK STAND(S)** which **YOU** contend caused **DECEDENT** harm.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "claim," "negligent," "negligent in the labeling of," "labeling," "contend," "caused," and "harm" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it

seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 41**

Any and all **DOCUMENTS** which support **YOUR** claim that **PROPOUNDING PARTY** was negligent in the advertising of the **JACK STAND(S)** which **YOU** contend caused **DECEDENT** harm.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "claim," "negligent," "negligent in the advertising of," "advertising," "contend," "caused," and "harm" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 42**

Any and all **DOCUMENTS** which support **YOUR** claim that **PROPOUNDING**

**PARTY** was negligent in the design of the **JACK STAND(S)** which **YOU** contend caused

**DECEDENT** harm.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "claim," "negligent," "negligent in the design of," "design," "contend," "caused," and "harm" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 43**

Any and all **DOCUMENTS** which support **YOUR** claim that **PROPOUNDING**

**PARTY** was negligent in the marketing of the **JACK STAND(S)** which **YOU** contend caused

**DECEDENT** harm.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "claim," "negligent," "negligent in the marketing of," "marketing," "contend," "caused," and "harm" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this

28

action and because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

## REQUEST FOR PRODUCTION NO. 44

Any and all **DOCUMENTS** which support **YOUR** claim that **PROPOUNDING**

**PARTY** was negligent in the supply of the **JACK STAND(S)** which **YOU** contend caused

**DECEDENT** harm.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto.  Plaintiffs also object to this request, particularly in its references to "claim," "negligent," "negligent in the supply of," "supply," "contend," "caused," and "harm" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

## REQUEST FOR PRODUCTION NO. 45

Any and all **DOCUMENTS** that support **YOUR** contention that **PROPOUNDING**

**PARTY** is liable to **YOU** under a Negligence theory as stated in the **FAC**.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "contention," "liable," "Negligence theory," and "as stated in the FAC" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 46**

Any and all **DOCUMENTS** that support **YOUR** contention that **PROPOUNDING PARTY** is liable to **YOU** under a Strict Liability theory as stated in the **FAC**.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "contention," "liable," "Strict Liability theory," and "as stated in the FAC" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 47**

      Any and all **DOCUMENTS** that support **YOUR** contention that **PROPOUNDING PARTY** is liable to **YOU** under a Breach of Express Warranty theory as stated in the **FAC**.

      <u>**OBJECTION:**</u>

      **Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "contention," "liable," "Breach of Express Warranty theory," and "as stated in the FAC" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.**

      <u>**RESPONSE:**</u>

      **Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.**

**REQUEST FOR PRODUCTION NO. 48**

      Any and all **DOCUMENTS** that support **YOUR** contention that **PROPOUNDING PARTY** is liable to **YOU** under a Breach of Implied Warranty theory as stated in the **FAC**.

      <u>**OBJECTION:**</u>

      **Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "contention," "liable," "Breach of Implied Warranty theory," and "as stated in the FAC" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or**

obtainable from other sources, including other parties to this action.  Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

## REQUEST FOR PRODUCTION NO. 49

Any and all **DOCUMENTS** that support **YOUR** contention that **PROPOUNDING**

**PARTY** is liable to **YOU** under a Breach of / Failure to Warn theory as stated in the **FAC**.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto.  Plaintiffs also object to this request, particularly in its references to "contention," "liable," "Breach of / Failure to Warn theory," and "as stated in the FAC" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

## REQUEST FOR PRODUCTION NO. 50

Any and all **DOCUMENTS** that support **YOUR** contention that **PROPOUNDING**

**PARTY** is liable to **YOU** under a Misrepresentation theory as stated in the **FAC**.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto.  Plaintiffs also object to this request, particularly in its references to "contention," "liable," "Misrepresentation

theory," and "as stated in the FAC" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 51**

Any and all **DOCUMENTS** that support **YOUR** contention that **PROPOUNDING**

**PARTY** is liable to **YOU** under a Non-Disclosure theory as stated in the **FAC**.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto.  Plaintiffs also object to this request, particularly in its references to "contention," "liable," "Non-Disclosure theory," and "as stated in the FAC" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 52**

Any and all **DOCUMENTS** that support **YOUR** claim that **PROPOUNDING PARTY** is legally liable to **YOU** in connection with any product manufactured by **PROPOUNDING PARTY**.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "claim," "legally liable," "in connection with," "any product," and "manufactured" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 53**

Any and all **DOCUMENTS** that support **YOUR** claim that **PROPOUNDING PARTY** is legally liable to **YOU** in connection with any product sold by **PROPOUNDING PARTY**.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "claim," "legally liable," "in connection with," "any product," and "sold" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in

Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 54**

Any and all **DOCUMENTS** that support **YOUR** claim that **PROPOUNDING PARTY**

is legally liable to **YOU** in connection with any product supplied by **PROPOUNDING PARTY**.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "claim," "legally liable," "in connection with," "any product," and "supplied" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 55**

Any and all **DOCUMENTS** that support **YOUR** claim that **PROPOUNDING PARTY**

is legally liable to **YOU** in connection with any product recommended by **PROPOUNDING PARTY**.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto.  Plaintiffs also object to this request, particularly in its references to "claim," "legally liable," "in connection with," "any product," and "recommended" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 56**

Any and all **DOCUMENTS** that support **YOUR** claim that **PROPOUNDING PARTY** is legally liable to **YOU** in connection with any product component required by **PROPOUNDING PARTY**.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto.  Plaintiffs also object to this request, particularly in its references to "claim," "legally liable," "in connection with," "any product component," and "required by" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 57**

      Any and all **DOCUMENTS** that support **YOUR** claim that **PROPOUNDING PARTY** is legally liable to **YOU** in connection with any product designed by **PROPOUNDING PARTY**.

      <u>**OBJECTION:**</u>

      **Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "claim," "legally liable," "in connection with," "any product," and "designed by" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.**

      <u>**RESPONSE:**</u>

      **Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.**

**REQUEST FOR PRODUCTION NO. 58**

      Any and all **DOCUMENTS** that support **YOUR** claim that **PROPOUNDING PARTY** is legally liable to **YOU** in connection with any product component required by **PROPOUNDING PARTY**.

      <u>**OBJECTION:**</u>

      **Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs also object to this request, particularly in its references to "claim," "legally liable," "in connection with," "any product component," and "required by" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is**

not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

## REQUEST FOR PRODUCTION NO. 59

Produce all **DOCUMENTS** supporting **YOUR** claim that **PROPOUNDING PARTY** is guilty of malice entitling **YOU** to punitive damages.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto.  Plaintiffs object to this request, particularly in its references to "claim," "guilty," "malice," "entitling," and "punitive damages" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this request because it is unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

## REQUEST FOR PRODUCTION NO. 60

Produce all **DOCUMENTS** supporting **YOUR** claim that **PROPOUNDING PARTY** is guilty of fraud entitling **YOU** to punitive damages.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs object to this request, particularly in its references to "claim," "guilty," "fraud," "entitling," and "punitive damages" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request because it is unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 61**

Produce all **DOCUMENTS** supporting **YOUR** claim that **PROPOUNDING PARTY** is guilty of oppression entitling **YOU** to punitive damages.

**OBJECTION:**

Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto. Plaintiffs object to this request, particularly in its references to "claim," "guilty," "oppression," "entitling," and "punitive damages" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action. Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request because it is unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 62**

Produce all **DOCUMENTS YOU** contend support **YOUR** claims that a managing agent, officer or director of **PROPOUNDING PARTY** acted with advance knowledge and conscious disregard and engaged in, authorized, or ratified an act or omission constituting malice, fraud, oppression, or conscious disregard of **DECEDENT'S** health and safety.

**OBJECTION:**

**Plaintiffs object to this request because it seeks documents relating to Plaintiffs' allegations and/or contentions before Plaintiffs have had the opportunity to conduct discovery and obtain information and documents relevant thereto.  Plaintiffs also object to this request, particularly in its references to "claims," "managing agent," "officer," "director," "acted with," "advance knowledge," "conscious disregard," "engaged in," "authorized," "ratified," "act or omission," "constituting," "malice," "fraud," "oppression," "conscious disregard," "health," and "safety" as vague and ambiguous. Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action. Plaintiffs also object to this request because it is unreasonably cumulative and duplicative of Defendant's other requests.**

**RESPONSE:**

**Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 9.**

**REQUEST FOR PRODUCTION NO. 63**

Produce all **DOCUMENTS RELATING TO** any reenactments **YOU** performed of the accident alleged in the **FAC**.

**OBJECTION:**

**Plaintiffs object to this request, particularly in its references to "reenactments," "performed" and "accident" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this request because it seeks documents that are not relevant to the subject matter of this action and because it is not limited to a time**

period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this request because it is unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs state that there are no documents in Plaintiffs' possession, custody or control that are responsive to this request and that have not otherwise been produced by Plaintiffs.

## REQUEST FOR PRODUCTION NO. 64

Produce all **DOCUMENTS RELATING TO** any statements or recordings **YOU** have given to any newspapers, internet sites, blogs, diaries, or any other source regarding **YOUR** recitation of how the accident alleged in the **FAC** occurred.

**OBJECTION:**

Plaintiffs object to this request, particularly in its references to "statements," "recordings," "given to," "newspapers," "internet sites," "blogs," "diaries," "any other sources," "recitation" and "accident" as vague and ambiguous.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs state that there are no documents in Plaintiffs' possession, custody or control that are responsive to this request and that have not otherwise been produced by Plaintiffs.

## REQUEST FOR PRODUCTION NO. 65

All proofs of purchase (including but not limited to receipts) for the **JACK STAND** allegedly used by **DECEDENT'S** while performing work on the motor vehicle identified in paragraph 18 of the **FAC** in this matter.

**OBJECTION:**

Plaintiffs object to this request, particularly in its reference to "proofs of purchase" as vague and ambiguous.  Plaintiffs also object to this request as overly broad, unduly

burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request because it is not limited to a time period relevant to this action.  Plaintiffs also object to this request because it seeks documents that are not in Plaintiffs' possession, custody or control, are already in Defendant's possession, custody or control, and/or are publically available or obtainable from other sources, including other parties to this action.  Plaintiffs also object to this request as unreasonably cumulative and duplicative of Defendant's other requests.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs incorporate their response to Request No. 1 as if fully set forth herein.

PLAINTIFFS,
FREDERICK KLORCZYK, JR. AND LYNNE
KLORCZYK, as co-administrators of the Estate
of Christian R. Klorczyk

By: /s/ David J. Elliott_____
    David J. Elliott (ct04301)
    Bryan J. Orticelli (ct28643)
    Kaitlin A. Canty (ct29074)
    DAY PITNEY LLP
    242 Trumbull Street
    Hartford, CT 06103-1212
    860-275-0100
    860-275-0343 (fax)
    *djelliott@daypitney.com*
    *borticelli@daypitney.com*
    *kcanty@daypitney.com*

    Their Attorneys

## CERTIFICATION

I HEREBY CERTIFY that on this date a copy of the foregoing was served by electronic mail to current counsel of record in accordance with the parties' August 12, 2014 Agreement to Consent to Electronic Service of Documents.

Sean P. Flynn (phv05949)
Gordon & Rees LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612

Steven J. Zakrzewski (ct28934)
Gordon & Rees LLP
95 Glastonbury Boulevard, Suite 206
Glastonbury, CT 06033

*sflynn@gordonrees.com*
*szakrzewski@gordonrees.com*
*sthomas@gordonrees.com*
*lhandy@gordonrees.com*

Erica W. Todd (ct13897)
Trotta, Trotta & Trotta
900 Chapel Street, 12th Floor
P.O. Box 802
New Haven, CT 06503
*etodd@trottalaw.com*

By:____/s/ David J. Elliott_____
     David J. Elliott (ct04301)

# EXHIBIT E

SEAN P. FLYNN
SFLYNN@GORDONREES.COM



ATTORNEYS AT LAW
95 GLASTONBURY BLVD
SUITE 206
GLASTONBURY, CT 06033
PHONE: (860) 278-7448
FAX: (860) 560-0185
WWW.GORDONREES.COM

August 6, 2015

**VIA E-MAIL**

Bryan James Orticelli, Esq.
David J. Elliott, Esq.
Kaitlin A. Canty, Esq.
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103

Howard S. Edinburgh, Esq.
Howard L. Wexler, Esq.
Joseph E. Donat, Esq.
Michael Gallub, Esq.
Herzfeld & Rubin, P.C.
125 Broad Street
New York, NY 10004

Re:     *Klorczyk et al v. Sears, Roebuck & Co. et al*

Counsel:

We are writing to you as a part of our ongoing efforts to meet and confer in good faith regarding discovery issues as they arise. This letter is specifically addressing the Plaintiffs' responses to MVP's first set of interrogatories and requests for production, and the responses to Wei Fu's first set of interrogatories and requests for production, which were served on July 17, 2015. There are four issues that we are seeking to address: (1) the general objections; (2) the responses referencing multi-thousand page swaths of prior production without identifying responsive documents by bates-number; (3) responses that fail to refer to any responsive documents and state that "discovery on this issue is continuing;" and (4) the production of Christian Klorczyk's tax returns.

**A.      General Objections**

The Plaintiffs have incorporated twelve general objections into every single one of their responses. We contend that this is improper. For example, there is an objection to every single interrogatory and production request as calling for privileged information, yet no privilege log has been produced. There is also an objection to every single interrogatory and request as being "vague," "ambiguous," "overly broad," "unduly burdensome," "oppressive," and "neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence." It is inconceivable that all of these objections can be made in good faith to requests such as, to pick two examples, Request No. 15 ("Any and all DOCUMENTS or things which support YOUR contention that the JACK STAND was designed by PROPOUNDING PARTY") or Request No. 20 ("Any and all DOCUMENTS RELATING TO DECEDENT'S

August 4, 2015
Page 2

medical records for the past five years").  Incorporating these boilerplate general objections into every single one of the Plaintiffs responses does nothing to advance this case, and we view these improper general objections as a legal nullity.  *Swackhammer v. Sprint Corp., PCS*, 225 F.R.D. 658, 660-661 (D. Kan. 2004) (general objections "to the extent" they may apply to a particular interrogatory are "meritless" and are considered "mere hypothetical or contingent possibilities, where the objecting party makes no meaningful effort to show the application of any such theoretical objection to any request for discovery"); *see Cotracom Commodity Trading Co. v. Seaboard Corp.*, 1998 U.S. Dist. LEXIS 6726, at *4-*5 (D. Kan. Aug. 12, 1999) (magistrate judge held that general objections in this case were "worthless for anything beyond delay of the discovery"); and *Obiajulu v. City of Rochester*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996) (defendant produced some documents and objected to production of others on six separate grounds but failed to specify which parts of the requests the objections applied to, and court granted leave to make more complete response, pointing out that objections must set forth specifics of objection and how objection relates to document being demanded).

We ask that you withdraw them and rely instead on the specific objections that you have drafted in response to specific interrogatories and requests for production.

**B.**      **Responses Referring To Large Swaths Of Documents Previously Produced Without Identifying Responsive Documents By Bates Number Or Bates Range**

MVP and Wei Fu's first set of requests for production and interrogatories presented a combined total of 172 discovery requests.  In response to 100 of the requests, the Plaintiffs referred to "the information and documents produced in conjunction with the disclosures of Plaintiffs' expert witnesses on December 8, 2014."  Our understanding is that the referenced set of documents encompasses at least bates numbers KLORCZYK001052 through KLORCZZYK4150.  This is a set of over 3,000 pages of documents, and this represents a majority of the documents that the Plaintiffs have produced in this case.

The Plaintiffs' general reference to a range of over 3,000 documents as potentially responsive to nearly sixty percent of MVP and Wei Fu's discovery requests, without identifying any specific documents by bates number, is not an adequate response.  Courts in the Second Circuit regularly order parties responding to discovery to identify previously-produced documents that are responsive to subsequent discovery requests by bates number.  See Smith v. AFSCME Council 4, No. 3:08-cv-1735(RNC), 2011 U.S. Dist. LEXIS 51369, at *9 (D. Conn. May 13, 2011) (Martinez, J.); Barkley v. Olympia Mortg. Co., No. 04-cv-875(RJD)(KAM), 2007 U.S. Dist. LEXIS 13308, at *51-52 (D. Conn. Feb. 27, 2007).  We ask that the Plaintiffs follow that procedure in this case.

Further, in response to MVP and Wei Fu's Request for Production Nos. 19, 22, 28, and 64, the Plaintiffs' responses state that there are no responsive documents that have not already been produced, but the Plaintiffs provide no reference, general or otherwise, to prior responsive production.  We ask that you identify responsive documents that were previously produced by bates number.

Additionally, Request No. 64 called for production of statements related to the incident, and we are aware of many statements that Frederick Klorczyk, Jr. has published on the internet

August 4, 2015
Page 3

but were never produced to the Plaintiffs — some of these were served to you on August 4, 2015 as exhibits to the Non-Sears Defendants' First Set of Combined Requests for Admissions. We ask that you explain this discrepancy, otherwise the only conclusion we can reach is that the Plaintiffs have not performed a diligent inquiry to gather documents responsive to the Defendants' requests.

**C.      Responses Stating That "Discovery On This Issue Is Continuing"**

Eighteen of the Plaintiffs' responses provide no substantive information and state that "discovery on this issue is continuing." We ask that you please confirm that, at present, the Plaintiffs have no documents or information in their possession, custody, or control that is responsive to these requests.

**D.      Production Of Christian Klorczyk's Tax Returns**

In response to both MVP and Wei Fu's Request for Production No. 25, you indicated that you would produce Christian Klorczyk's tax returns for the five years prior to his death. Please let us know when we can expect to receive these documents.

Our deadline to move to compel is currently **August, 19**. We request that you provide your response to this letter no later than **August 12**, or we will be forced to bring these matters to the Court's attention. If, however, you feel you need additional time to evaluate these issues in order to respond, we are open to a Joint Stipulation requesting that the 30 day deadline be extended 30 additional days to allow for the meet and confer process.

We look forward to receiving your response on or before August 12, 2015.

Sincerely,

*s/ Sean P. Flynn*

Sean P. Flynn

cc:  All Counsel of Record, via E-mail Only.

# EXHIBIT F

# ☐ DAY PITNEY LLP

BOSTON   CONNECTICUT   NEW JERSEY   NEW YORK   WASHINGTON, DC

DAVID J. ELLIOTT
Attorney at Law

242 Trumbull Street
Hartford, CT 06103-1212
T: (860) 275-0196 F: (860) 881-2447
djelliott@daypitney.com

August 12, 2015

**VIA E-MAIL**

Sean P. Flynn, Esq.
Gordon & Rees Scully Mansukhani, LLP
sflynn@gordonrees.com

      Re:    Klorczyk et al. v. Sears Roebuck & Co. et al.

Dear Sean:

      We are in receipt of your letter dated August 6, 2015, received by our office by e-mail on the evening of Friday, August 7, 2015, regarding Plaintiffs' responses to MVP's First Set of Interrogatories and Requests for Production and Plaintiffs' responses to Wei Fu's First Set of Interrogatories and Requests for Production, both served on July 17, 2015. We note that you first contacted us concerning our responses three weeks after service. For clarity and ease of reference, we respond to each of the four issues that you address in the order in which you address them.

      As an initial matter, following the submission of your letter, you sent an e-mail concerning "a threshold argument" that all objections asserted to the Interrogatories and Document Requests were waived. We are not in agreement with your position for the reasons articulated in Plaintiffs' Objections and Responses to Defendants' Discovery Requests Or, In the Alternative, Motion for Leave for an Extension of Time Regarding Plaintiffs' Responses. (Doc. 145.) Specifically, the Interrogatories and Requests for Production are identical to those previously served by Defendants, Shinn Fu Corporation ("SFC") and Shinn Fu Co. of America, Inc. ("SFA") on October 25, 2013, to which Plaintiffs have served objections and responses. Accordingly, on December 16, 2013, Plaintiffs' counsel wrote to counsel for MVP, objecting to MVP's Interrogatories, Requests for Production, and Requests for Admission on the grounds that they were unreasonably cumulative and duplicative, and served no purpose other than to harass and unduly burden Plaintiffs. Plaintiffs' counsel also objected to MVP's Interrogatories and Requests for Production as untimely pursuant to the Court's Scheduling Order Regarding Case Management Plan, which requires that "[i]nitial interrogatories and requests for production . . . be served by **November 18, 2013**." Doc. 75 (emphasis in original). On February 18, 2014, Wei Fu served Plaintiffs with Interrogatories, Requests for Production, and Requests for Admission,



**DAY PITNEY** LLP

Sean P. Flynn
August 12, 2015
Page 2

The Interrogatories, Requests for Production, and Requests for Admission are largely identical to and duplicative of those served by MVP and, as a corollary, are identical to and duplicative of those served by SFC and SFA. Accordingly, on March 18, 2014, Plaintiffs' counsel wrote to counsel for Wei Fu, objecting to Wei Fu's Interrogatories, Requests for Production, and Requests for Admission for the same reasons Plaintiffs objected to MVP's Interrogatories, Requests for Production, and Requests for Admission. In view of the foregoing, Plaintiffs have not waived objections to the Interrogatories and Requests for Production.

## A.    General Objections

Plaintiffs have consistently raised general objections in their discovery responses throughout the course of this case. This first time that you are raising this issue, well over two years into this matter. To remove any question, we represent to you that none of our discovery responses have been limited by the general objections alone and our responses to discovery would not change if we were to withdraw any of the general objections.

We also note that, although you contend that general objections are improper, you have previously served general objections on behalf of your clients in this case. See, e.g., Shinn Fu of America, Inc.'s Responses to Plaintiffs' First Set of Interrogatories, certified as being served on August 9, 2013; MVP's Responses to Plaintiffs' First Set of Interrogatories, certified as being served on August 9, 2013; Shinn Fu Corporation's Responses to Plaintiffs' First Set of Interrogatories, certified as being served on August 9, 2013. Additionally, in your "Preliminary Statement," in each of your discovery responses, you have asserted, in relevant part, the substance of general objections. One of many examples is: "Each Response is subject to any and all objections to competency, relevance, materiality, confidentiality, and admissibility. In addition, each Response is subject to any and all objections and/or grounds that would require the exclusion of any statement or material provided, or any part thereof, in response to any Request for Production of Documents. All objections are reserved and may be asserted at the time of trial." Sears, Roebuck & Co.'s Responses to Plaintiffs' Fourth Set of Requests for Production at 1-2.

## B.    Responses By Bates Range

Regarding those discovery requests to which Plaintiffs responded in relevant part, "Subject to and without waiving their objections, Plaintiffs refer to the information and documents produced in conjunction with the disclosures of Plaintiffs' expert witnesses on December 8, 2014," Plaintiffs will serve, on or before August 21, 2015, supplemental responses identifying the bates ranges of non-privileged responsive documents.

Regarding Request for Production No. 19, which requests any and all medical bills for the past five years, we previously produced responsive documents at KLORCZYK000199, PA-CK-00019 to PA-CK-00023, KLORCZYK000211 to KLORCZYK000212, and

 **DAY PITNEY** LLP

Sean P. Flynn
August 12, 2015
Page 3

KLORCZYK002258. Regarding Request for Production No. 22, which requests any all documents relating to decedent's health, dental, and vision insurance policies for the past five years, including but not limited to explanation of benefits and billings, we stand on our objections. Regarding Request for Production No. 28, which requests any and all documents in support of your claim for funeral expenses, Plaintiffs identify KLORCZYK000197 as a responsive document that was previously produced. Regarding Request for Production No. 64 concerning production of statements concerning the incident, Plaintiffs previously conducted a diligent search for such documents and note that in response to Request for Production 31 in Sears' First Request for Production, Plaintiffs identified addresses at which internet postings submitted by Frederick Klorczyk, Jr. could be found.

## C.    Responses That Include "Discovery On This Issue Is Continuing"

Regarding these responses, Plaintiffs note that each of the defendants has disclosed in discovery responses to date the role they each played in the manufacture, importation, distribution, wholesale, design, and retail of the jack stand. For example, at a minimum, Wei Fu has admitted it manufactured the jack stand and MVP has admitted it distributed the jack stand for sale in the United States. This does not mean, however, that the Plaintiffs' responses to these interrogatories and requests for production propounded by Wei Fu and MVP that "discovery on this issue is continuing" are inappropriate. The subject discovery requests relate to the role of Wei Fu and MVP regarding the jack stand – design, inspection, distribution, assembly, importation, etc., concerning which the Plaintiffs have yet to take 30(b)6) or fact depositions. Plaintiffs' responses are appropriate and indeed required because of the actions of you and your client, Shinn Fu of America, Inc., in unilaterally canceling the SFA Rule 30(b)(6) deposition scheduled in May of this year which, under the then controlling scheduling order, was to be the first in a series of 30(b)(6) and fact witness depositions to take place over the summer and which would have included 30(b)(6) and fact depositions of Wei Fu and MVP. Due to you and your client's unilateral cancellation of the SFA deposition, that schedule was abated, and the deposition of Wei Fu and MVP have yet to be held. Plaintiffs believe that they should not be forced, given this record, to respond to the subject discovery requests, that they have "no documents" on the subject discovery topics when it was you and your client that have foreclosed discovery by Plaintiffs that would have presumably disclosed relevant documents.

Second, several of the interrogatories and requests for production are contention interrogatories and requests for production. They seek all facts that support a certain contention. As you are well aware, discovery on the issues in this case is ongoing, and at this point has been delayed as a result of your representation that you and the witness for Shinn Fu Company of America, Inc. were not prepared to proceed at the scheduled deposition. Plaintiffs have had the opportunity to take only one deposition of one defendant, which was incomplete. We stand on our position that, at this stage of the litigation, a response that discovery is continuing is appropriate. *See United States v. Educ. Mgmt. LLC*, No. 2:07-cv-00461, 2013 U.S. Dist. LEXIS 104176, at *64-65 (W.D. Pa. May 14, 2013) ("Contention interrogatories ask a party: to state

 **DAY PITNEY** LLP

Sean P. Flynn
August 12, 2015
Page 4

what it contends; to state whether it makes a specified contention; to state all the facts upon which it bases a contention. . . . [W]hile such interrogatories are not objectionable, the court may determine that a party need not respond to such an interrogatory until the completion of discovery."); *ThermoSpas, Inc. v. AOC, LLC*, No. 3:04cv751, 2007 U.S. Dist. LEXIS 84859, at *2-4 (D. Conn. Nov. 16, 2007) (same and "contention interrogatories, which ask a party to relate facts to legal theories, must not be overly broad or unduly burdensome").

**D.     Production of Christian Klorczyk's Tax Returns**

In response to both MVP and Wei Fu's Request for Production No. 25, we did not indicate that we would produce Christian Klorczyk's tax returns for the five years prior to his death. Our response was, in part, "[s]ubject to and without waving their objections, Plaintiffs have or will produce documents responsive to this Request to the extent that such documents exists and are in Plaintiffs' possession, custody or control." We have inquired of our clients and their accountant, who would have prepared the decedent's tax returns, and have determined that none were prepared.

Very truly yours,

David Elliott

David J. Elliott

DJE

cc:     All counsel of record

# EXHIBIT G

SEAN P. FLYNN, ESQ.
sflynn@gordonrees.com



ATTORNEYS AT LAW
95 GLASTONBURY BLVD
SUITE 206
GLASTONBURY, CT 06033
PHONE: (860) 278-7448
FAX: (860) 560-0185
WWW.GORDONREES.COM

August 17, 2015

**VIA EMAIL**

David J. Elliott, Esq.
Day Pitney LLP
242 Trumbull St.
Hartford, CT 06103

   Re: *Estate of Christian Klorczyk v. Sears, et al.*
     Case No.: 13-cv-000257 JAM

Dear David:

   We are writing in response to your August 12, 2015 letter. At the outset, in light of the numerous discovery disputes in this matter, and the timing of the discovery disputes addressed in this letter, we would be agreeable to a stipulation to continue the deadline to file our motion to compel. In an effort to conserve the resources of the Court and Parties, please let us know if you would be agreeable to such a stipulation as soon as possible. If you are agreeable to such a stipulation, I office will take the laboring oar on drafting the stipulation.

**A.**  **Identifying Bates Range and Prior Production/Responses**

   Thank you for your agreement to supplement 100 of the Interrogatories, by delineating the referenced responsive documents by Bates number.

   Regarding Request for Production Number 19, we appreciate your delineation of the responsive documents in your correspondence.  We ask that you please supplement your response accordingly.

   Regarding Request for Production Nos. 22 and 28, your position is confusing. As with our contention regarding Request for Production Number 19, Requests Nos. 22 and 28 requested identification of the referenced previously produced documents. We ask that Plaintiff delineate those previously produced responsive documents in the same fashion as Plaintiff did relative to Request Number 19 in a supplemental response.

   Regarding Request for Production Number 64, thank you for your clarification, however, that response did not include the following websites: www.zhpmafia.com and www.garagejournal.com.  We request that you supplement the response to this request.

August 17, 2015
Page 2

 Please clarify your position by 10:00 AM Eastern Time on <u>**August 18, 2015**</u>.

**B.**  **<u>Production Of Christian Klorczyk's Tax Returns</u>**

 Thank you for the clarification that no documents exist. We ask that you please supplement the response accordingly, since the current responses indicate that responsive documents do exist.

 Please clarify your position by 10:00 AM Eastern Time on <u>**August 18, 2015**</u>.

**C.**  **<u>General Objections</u>**

 It appears from your letter that none of the responses to the Interrogatories or Requests for Production of Documents relied on the General Objections. As such, please confirm that your supplemental responses will remove the General Objections.

 Please clarify your position by 10:00 AM Eastern Time on <u>**August 18, 2015**</u>.

**D.**  **<u>Waiver of Objections</u>**

 We disagree with your contention regarding the waiver of objections to the Interrogatories and Requests for Production of Documents.  On November 21, 2014, Plaintiff filed its objections to Defendants' Interrogatories, Request for Production, and Requests for Admission. (Docket # 145.) After considering the briefing, and conducting 2 separate discovery conferences regarding Plaintiff's objections, the Court issued its Order relative to these objections on April 9, 2015. (Docket #172.) The Court did not grant Plaintiff any of the requested relief.  As such, the objections have been waived, and the Court has not granted Plaintiff relief from that waiver. *Hall v. Sullivan*, 231 F.R.D. 468, 474 (D. Md. 2005) , aff'd, 2008 U.S. App. LEXIS 7480 (4th Cir. 2008); and *Pham v. Hartford Fire Ins. Co*., 193 F.R.D. 659, 661-662 (D. Colo. 2000).

 In light of your agreement to provide supplemental responses relative to other issues presented in our August 7, 2015 letter, we ask that you agreed to reconsider your position on this issue and agree to file a stipulation to extend our time to move to compel on this issue until 30 days after receipt of your agreed to supplemental responses.

 Please clarify your position by 10:00 AM Eastern Time on <u>**August 18, 2015**</u>.

**E.**  **<u>Responses Stating That "Discovery On This Issue Is Continuing"</u>**

 A party answering interrogatories has an affirmative duty to furnish any and all information available to the party. If a party is unable to reply because it lacks knowledge or information, the party may not simply refuse to answer. Rather, the party must respond in a way that lets the requesting party know the information is unavailable. *Cullins v. Heckler*, 108 F.R.D. 172, 177 (S.D.N.Y. 1985) (answer to interrogatory denying possession of requested records is adequate response if it specifically states that information is unavailable).

August 17, 2015
Page 3

Thus, while it may be true that Plaintiff does not currently have any responsive information, Defendants are nonetheless entitled to such a statement under oath. Please supplement these responses accordingly.

Please clarify your position by 10:00 AM Eastern Time on **August 18, 2015**.

**F.**   **Closing**

We understand that there is not much time for you to respond to today's letter. Thus, as indicated above, we are willing to stipulate to continue the deadline for filing any motion to compel. In light of the numerous discovery disputes in this matter, we feel it would be in the best interests of the Parties to attempt to resolve these issues without resorting to Judicial intervention. If you are agreeable to such a stipulation, my office will take the laboring oar on drafting the stipulation. **Please let us know as soon as possible**.

Very truly yours,

*s/ Sean P. Flynn*

Sean P. Flynn, Esq.

spf

# EXHIBIT H

# DAY PITNEY LLP

BOSTON  CONNECTICUT  NEW JERSEY  NEW YORK  WASHINGTON, DC

DAVID J. ELLIOTT
Attorney at Law

242 Trumbull Street
Hartford, CT 06103-1212
T: (860) 275-0196 F: (860) 881-2447
djelliott@daypitney.com

August 18, 2015

**VIA E-MAIL**

Sean P. Flynn, Esq.
Gordon & Rees Scully Mansukhani, LLP
sflynn@gordonrees.com

      Re:    Klorczyk et al. v. Sears Roebuck & Co. et al.

Dear Sean:

      We are writing in response to your letter dated August 17, 2015.

      As an initial matter, as you know, Plaintiffs served the responses at issue on July 17, 2015. You elected to raise an issue with them for the first time on the evening of Friday, August 7, 2015, twenty-one days after service. Although we appreciate the confirmation that your office "will take the laboring oar" on drafting a stipulation, it would be within the ordinary course for your office to prepare such a document given that the deadline to which you refer is your clients' deadline, not Plaintiffs' and we do not think, in any event, that you have substantial ground to move to compel on Plaintiffs' responses. That said, and because Plaintiffs believe that Defendants have nothing of merit to move to compel on, we are not interested in a stipulation.

      For clarity and ease of reference, we respond to each of the five issues that your August 17 letter addresses in the order in which you address them.

## A.    Identifying Bates Ranges

      As we stated in our letter sent on August 14, 2015, dated August 12, 2015 in error, (our "Prior Letter"), regarding those discovery requests to which Plaintiffs responded in relevant part, "Subject to and without waiving their objections, Plaintiffs refer to the information and documents produced in conjunction with the disclosures of Plaintiffs' expert witnesses on December 8, 2014," Plaintiffs will serve, on or before August 21, 2015, supplemental responses identifying the bates ranges of non-privileged responsive documents. Contemporaneously, we will provide supplemental responses to Request for Production Nos. 19, 22, 28, and 64 as appropriate. Specifically, we will supplement our responses to list the bates numbered documents for Request for Production Nos. 19 and 28 identified in our Prior Letter, and will

 **DAY PITNEY** LLP

Sean P. Flynn
August 18, 2015
Page 2

supplement our response to Request for Production No. 64. Regarding Request for Production No. 22, which requests all documents relating to decedent's health, dental, and vision insurance policies for the past five years, including but not limited to explanation of benefits and billings, we do not believe that these are relevant to the subject matter involved in the action and we stand on our objections. If you can articulate the relevance of this request, we would consider it.

**B.     Production of Christian Klorczyk's Tax Returns**

The current responses do not indicate that responsive documents do exist. As our responses state and as our Prior Letter quotes, our response was, in part, "[s]ubject to and without waving their objections, Plaintiffs have or will produce documents responsive to this Request *to the extent that such documents exist* and are in Plaintiffs' possession, custody or control." We will supplement our responses consistent with the representation in our Prior Letter.

**C.     General Objections**

We rely on the position asserted in our Prior Letter, and do not agree to remove the General Objections. In this regard, we note our representation that none of Plaintiffs' discovery responses at issue have been limited by the general objections alone and that Defendants have numerous times asserted similar general objections.

**D.     Specific Objections**

The Court's Order dated April 9, 2015, did not address the Interrogatories and Requests for Production. As the Order itself reveals, (Doc. 172 at 3), the court stated, "Notably, although plaintiffs raise objections to all discovery served by MVP and Wei Fu, the parties focus their arguments on Plaintiffs' responses to the requests for admission. Accordingly . . this Ruling only addresses MVP and Wei Fu's requests for admissions." Thus, there has been no waiver and we rely on the position asserted in our Prior Letter.

**E.     Responses That Include "Discovery On This Issue Is Continuing"**

On this issue, we incorporate all of what Plaintiffs stated in our Prior Letter to you sent on August 14 (dated August 12 in error), and particularly our view that responsive documents are not available on the requests for which Plaintiffs stated "Discovery on this Issue Is Continuing" due entirely to your action in unilaterally cancelling the SFA deposition scheduled in May. To be clear, we will, in our supplemental responses to be served on August 21, make clear that responsive documents are not available due to the defendant, SFA's thwarting of the discovery schedule that was to have taken place this summer (including depositions of all the non-Sears Defendants). See Moore's Federal Practice – Civil, Vol. 7, Sec. 33-102[3]. We hope to be in a position to update these responses reviewing SFA's 92-page document production made at 11:32 p.m. E.S.T. last evening (which production you describe as incomplete because in conducting a

# ⚙ DAY PITNEY LLP

Sean P. Flynn
August 18, 2015
Page 3

"final review" of the documents produced, you "hit a glitch"), and after 30(b)(6) and fact
depositions of the non-Sears Defendants are completed.

Finally, in light of this correspondence, our correspondence sent August 14 and the
supplementation of our responses to be served on August 21, Plaintiffs believe there is no basis
for the filing of a motion to compel and will respond accordingly if such is filed.

Very truly yours,

David J. Elliott

DJE

cc:    All counsel of record