SEAN P. FLYNN
SFLYNN@GORDONREES.COM



95 GLASTONBURY BOULEVARD, SUITE 206
GLASTONBURY, CT 06033
PHONE: (860) 278-7448
WWW.GORDONREES.COM

September 1, 2015

<u>VIA ECF AND E-MAIL</u>

Hon. Holly B. Fitzsimmons
United States Courthouse
915 Lafayette Boulevard - Suite 266
Bridgeport, Connecticut 06604

  Re: <u>Fred Klorczyk, et al., v. Sears, Roebuck & Co., et al.,</u>
    Case No.: 3:13-cv-00257

Dear Hon. Fitzsimmons:

  Since we submitted our August 19, 2015 (Dkt. No. 197) discovery letter on behalf of the Defendants, the parties have resolved the issues listed as items "B" and "D" therein on their own. The Defendants therefore reply to issues "A" and "C" set forth in the Plaintiffs' August 24, 2015 discovery letter (Dkt. No. 196) below.

**A.**  <u>**Plaintiffs' Waiver of Objections**</u>

  The Defendants' position on this issue is very straightforward. MVP served the Plaintiffs with its first set of interrogatories and production requests on December 4, 2013 and Wei Fu served its first set of written discovery on February 18, 2014. The Plaintiffs responded not with item-by-item responses but with letters asserting blanket objections and refusals to issue substantive responses on December 16, 2013 and March 18, 2014, respectively. The Plaintiffs filed nothing further until ordered by Judge Meyer on November 18, 2014, and on November 21, 2014 the Plaintiffs filed "Objections and Responses to Defendants' Discovery Requests Or, In The Alternative, Motion For Leave For An Extension Of Time Regarding Plaintiffs' Responses" (Dkt. No. 145). This document still did not contain item-by-item responses to MVP and Wei Fu's discovery requests, instead re-asserting the blankets blanket objections and refusal to respond, and attaching their prior letters to that effect. At no point did MVP or Wei Fu abandon their request for complete discovery responses from the Plaintiffs, despite Plaintiffs' counsel's hollow assertion to the contrary. The Plaintiffs are correct that the Court's April 9, 2015 Order did not address their failure to respond to interrogatories and requests for production, only their failure to respond to requests for admission, ***but Plaintiff's Motion did make that request***. (*Id*., at p. 2, para 3.) As such, the Order did not grant them any additional time to object to the interrogatories or production requests, and the Court actually characterized their tactics as "playing fast and loose with the Federal Rules of Civil Procedure."

  It was not until July 17, 2015 — ***well over one year past their deadlines*** — that the Plaintiffs finally provided item-by-item responses to the interrogatories and production requests. Although MVP and Wei Fu did agree to receiving ***responses*** on this date, they never agreed that the Plaintiffs could provide ***objections***, which were well over a year late under the Federal Rules

September 1, 2015
Page 2

and for which the Plaintiffs had never received an extension.  Yet the Plaintiffs responded with general objections encompassing every single interrogatory and production request, and more specific objections encompassing the majority of interrogatories and production requests.  MVP and Wei Fu assert that these objections are a legal nullity, *see, e.g.*, *Cohalan v. Genie Indus.*, 276 F.R.D. 161, 164 (S.D.N.Y. 2011); *Pham v. Hartford Fire Ins. Co.*, 193 F.R.D. 659, 661-662 (D. Colo. 2000), and respectfully requests that the Court overrule them and Order supplemental responses without objection.

As a final point, the Plaintiffs' recent letter objection essentially admits that their general objections serve no purpose at all, stating that "none of [plaintiffs'] discovery responses have been limited by the general objections alone and our responses to the subject discovery would not change if the plaintiffs were to withdraw them."  The Plaintiffs are essentially admitting that their general objections are completely superfluous and ineffectual.  Since the Plaintiffs are not even purporting to rely on these objections, reflecting an acknowledgement that they are improper, the objections should either be overruled or deemed withdrawn.

**C.**     **Plaintiffs' Responses That "Discovery On This Issue Is Continuing"**

The Plaintiffs essentially argue that they should not be required to admit that they have no information or documents in their possession, custody, or control responsive to certain interrogatories and production requests served by MVP and/or Wei Fu because forthcoming discovery from Shinn Fu Company of America, Inc. ("SFA") may reveal responsive information or documents.  If the Plaintiffs presently have no information or documents responsive to certain interrogatories or production requests, then that should be stated clearly.  The Plaintiffs cannot condition their responses to written discovery by MVP and Wei Fu on the taking of SFA's deposition, and this is exactly the sort of arbitrary and legally-unsupported delay that has continually frustrated the parties' ability to move this case forward.

Thank you, as always, for your attention to these issues and for your patience with this matter.

Best regards,

*s/ Sean P. Flynn*

Sean P. Flynn

cc:     All Counsel, Via ECF and E-Mail