# DAY PITNEY LLP

BOSTON    CONNECTICUT    NEW JERSEY    NEW YORK    WASHINGTON, DC

**DAVID J. ELLIOTT**
Attorney at Law

242 Trumbull Street
Hartford, CT 06103-1212
T: (860) 275-0196 F: (860) 881-2447
djelliott@daypitney.com

September 3, 2015

**VIA ECF AND E-MAIL**

The Honorable Holly B. Fitzsimmons
United States Magistrate Judge
United States District Court - District of Connecticut
915 Lafayette Boulevard
Bridgeport CT 06604

    Re:    Frederick Klorczyk et al v. Sears Roebuck & Company et al
            Case No.:  3:13-CV-00257

Dear Judge Fitzsimmons:

    As hesitant as Plaintiffs are to further involve the court in the subjects of Mr. Flynn's letter of September 1, 2015, which refers to his correspondence to Your Honor of August 19 (the "Flynn Letter") and Plaintiffs' response dated August 24 (Dkt. 197; 196), we set forth herein as briefly as possible a response to Mr. Flynn's September 1 correspondence.

    The opening sentence of Mr. Flynn's letter to you of September 1 is a misstatement.  The sentence states: "Since we submitted our August 19, 2015 … discovery letter on behalf of the defendants, the parties have resolved the issues listed as items "B" and "D" therein on their own."  As set forth in Plaintiffs' correspondence to you dated August 24, the issues relating to item B – identification of documents previously produced without identifying responsive bates numbers or ranges and D – production of Christian Klorczyk's tax information, were resolved before Mr. Flynn wrote to you on August 19.  We wrote to Mr. Flynn via letter dated August 12 (Flynn Letter, Exhibit F) stating that with regard to the bates number or range identification, Plaintiffs would file supplemental responses to the MVP and Wei Fu discovery at issue providing that information by August 21.  This, Plaintiffs did.  Obviously, Mr. Flynn chose to involve Your Honor in these matters in his August 19 correspondence without ever having seen Plaintiffs' supplemental responses, but it was clear, at least since August 12, there was no issue regarding item B.

    The same is true of item D.  In Plaintiffs' August 18, 2015, letter to Mr. Flynn (Flynn Letter, Exh. H), Plaintiffs stated that they would supplement their responses to the document requests concerning Christian Klorczyk's tax information.  In this letter, Plaintiffs stated that

**DAY PITNEY** LLP

The Honorable Holly B. Fitzsimmons
September 3, 2015
Page 2

after reasonable inquiry, no such documents existed. Plaintiffs are thus at a loss to understand Mr. Flynn's statement, "Since we submitted our August 19, 2015 … discovery letter", the parties have resolved the issues concerning items B and D.

    A.    **Plaintiffs' Waiver of Objections**

Plaintiffs have little to add to the discussion set forth in their letter to Your Honor dated August 24. In short, the Court's April 9, 2015 Order did not in any way discuss MVP and Wei Fu's interrogatories and requests for production. Second, Mr. Wexler's letter to Your Honor of July 2, 2015, reflected on "agreement" of the parties stating that the Plaintiffs would respond to the MVP and Wei Fu interrogatories and document requests on or before July 17, 2015. This is what Plaintiffs did. Plaintiffs filed their general and specific objections to the subject discovery requests to preserve the record on such requests in the event that Plaintiffs' responses became a subject of inquiry. However, those objections did not limit the responses Plaintiffs made. Plaintiffs have not waived anything regarding their objections.

    C.    **Plaintiffs' Responses that "Discovery on this Issue Is Continuing"**

Mr. Flynn's September 1 letter to Your Honor overlooks completely what Plaintiffs said in their August 24 correspondence to you. Simply put, in Plaintiffs' supplemental responses served on the afternoon of August 21, 2015, regarding the "discovery is continuing" issue, Plaintiffs stated that responsive documents are not available due to SFA's thwarting of the discovery schedule that was to have taken place this summer because of SFA's cancellation of the SFA Rule 30(b)(6) deposition scheduled in May. This is an appropriate response. See, Moore's Federal Practice – Civil, Vol. 7, Sec. 33-102 [3]. Plaintiffs also stated that they hoped to be in a position to update these responses after reviewing two SFA document productions made in July and August 2015. (Plaintiffs have reviewed such document productions and they are of no use in assisting Plaintiffs in providing supplemental responses.) Under the circumstances, Plaintiffs should not be required to state that they have "no information or documents in their possession" concerning these discovery responses, particularly because the fault for this situation lies entirely at the feet of SFA. Mr. Flynn's reference to the "arbitrary and legally unsupported delay" that has frustrated the forward movement of this case has nothing to do with Plaintiffs; instead, it has everything to do with defendants.

In this regard, Plaintiffs are sending this week to defendants a comprehensive meet and confer letter regarding numerous failures of the defendants to provide document production to Plaintiffs in violation of agreements defendants' counsel made with Plaintiffs following the June

DAY PITNEY LLP

The Honorable Holly B. Fitzsimmons
September 3, 2015
Page 3

17 status conference.  It is our hope that judicial intervention on these matters will not be necessary.

                                              Very truly yours,

                                              */s/ David J. Elliott*

                                              David J. Elliott

DJE/wpc
Attachments

cc:      All Counsel of Record (via e-mail)