UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, *et al*., <br>    Plaintiffs, <br><br>        v. <br><br> SEARS, ROEBUCK & CO.,  *et al*, <br>    Defendants. | No. 3:13-cv-00257 (JAM) |

**ORDER RE DISCOVERY**

On January 11, 2016, the Court held a status conference with the parties regarding the following pending discovery issues, as conveyed to the Court through filings and e-mailed compilations of letters between counsel.

1) **Additional Federal Rule of Civil Procedure 30(b) 6 deposition of Sears**

   Plaintiffs have alleged that Sears did not produce a suitable witness for their noticed 30(b)6 deposition for three reasons. First, that Sears did not properly seek out documents from Sears Global Holdings regarding product testing on the jack stand. Second, that Ms. Guerra did not perform proper internal interviews or internal database searches for the product. Third, that Ms. Guerra did not request information from Sedgwick, Sears' third-party claims administrator, regarding the Klorczyk incident.

   The Court finds that Ms. Guerra's preparation and performance at the 30(b)6 deposition was adequate. Defendant Sears represents that Sears Global Holdings is a separate corporation, and plaintiff has not established that Defendant Sears' corporate deponent should be responsible for Sears Global Holdings' testimony. Corporate deponents are not obligated to be knowledgeable about documents from third parties but only are responsible for information "reasonably available" to the corporation. *See* Rule 30(b)(6); *Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co.*, 201 F.R.D. 33, 39 (D. Mass. 2001)(finding that "documents that are reasonably available are those documents that are in a party's control").

   Ms. Guerra identified the proper person at Sears Global Holdings who would have the information that plaintiffs seek; plaintiffs may pursue appropriate discovery on that corporation as a nonparty witness. For similar reasons, plaintiffs may propound document discovery to Intertek Labtest and Sedgwick, subject to appropriate privilege limitations which the Court can address in due course. After this document discovery is complete, if plaintiffs wish to conduct depositions of those corporations or individual employees, or to depose the Sears corporate deponent on information obtained from these nonparties, plaintiffs may seek such discovery.

The purpose of a 30(b)6 deposition is to provide testimony that is binding on the corporation. *See Dongguk Univ. v. Yale Univ*., 270 F.R.D. 70, 74 (D. Conn. 2010). Ms. Guerra's preparation for the 30(b)6 deposition through interviews and searches of internal corporation information was similarly adequate to provide the corporation's binding position on other incidents involving the jack stand in question. If plaintiffs seek additional facts known by individual employees identified in the brief, plaintiffs may conduct additional non-30(b)6 depositions. Additionally, plaintiffs may seek specific documents from defendant Sears. If defendant Sears no longer possesses or never possessed such documents, it should respond as such to the document discovery.

Plaintiffs' request for an additional deposition of a 30(b)6 witness for Sears Corporation is therefore denied on the present record.

2) **Plaintiffs' waiver of objections**

The Court finds moot the issue of whether plaintiffs waived objections to discovery requests from MVP and Wei Fu. Plaintiffs represent that they have responded completely to the requests despite their objections, which will be deemed withdrawn.

3) **Plaintiffs' responses to Shinn Fu America's requests**

The Court finds that plaintiffs' response that "discovery is continuing" is inadequate. Plaintiffs need to respond based on information in their possession without delaying to obtain discovery from SFA. If plaintiffs currently have no responsive documents, then plaintiffs should so respond. If plaintiffs later acquire responsive documents from SFA, then plaintiffs may supplement their responses with such documents.

Plaintiffs shall respond to defendants' request within two weeks of the filing of this order.

4) **Defendants' additional deposition time of plaintiffs**

Defendants request additional deposition time of plaintiffs on the basis of changes made to the deposition transcripts on errata sheets, among other issues. Parties have asked the Court to set the length of any second depositions. Parties shall submit a copy of the deposition transcripts and errata sheets to the Court, along with each party's proposal regarding the scope and length of a second deposition of plaintiffs.

These documents shall be submitted within two weeks of the filing of this order.

The parties have represented that once the Court addresses the matters contained in this order, they will be able to agree upon a schedule to complete discovery. The parties will therefore submit to the Court an agreed-upon schedule within two weeks of the filing of this Order. If the parties cannot agree, they shall contact the Court to set up a conference to discuss scheduling.

It is so ordered.

Dated at Bridgeport this 21st day of January 2016.

/s/
Holly B. Fitzsimmons
United States Magistrate Judge