UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, et al., | : : : | CIVIL ACTION NO. 3:13-cv-00257-JAM |
| *Plaintiffs*, | : : | |
| vs. | : : | |
| SEARS, ROEBUCK AND CO., et al., | : : | |
| *Defendants*. | : | DECEMBER 5, 2016 |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and in accord with this Court's December 2, 2016 Order (ECF 239), the Defendants respectfully move for a protective order permitting the Court to consider Exhibit D to the Defendants' Memorandum of Law in Support of Motion to Preclude Testimony of Roger Claypool (ECF 228-1) *ex parte*, without a copy of Exhibit D being served on Plaintiffs' counsel. The Defendants further move for permission to maintain their redactions of quotations from and descriptions of Exhibit D in the copies of the Motion and Memorandum of Law that are served on Plaintiffs' counsel.[1] The Defendants are seeking to withhold Exhibit D and the information contained in it from the Plaintiffs and Plaintiffs' counsel because the document consists entirely of attorney-client privileged communications that are also materials prepared in anticipation of litigation. Shinn Fu Company of America, Inc.'s ("SFA") in-house general counsel, Attorney Arthur Chaykin, is a party to all of the communications, and all of the communications relate to the SFA's strategy in resolving a claim by a product user that created a foreseeable prospect of potential litigation.

---

[1] Simultaneously with the filing of this Motion, the Defendants are serving Plaintiffs' counsel with a copy of their Motion and Memorandum of Law from which all redactions are removed *except for* redactions related to Exhibit D, including the service of Exhibit A and Exhibit L in un-redacted form.

SFA should not be forced to disclose a privileged and work product document because the Plaintiffs improperly paid for factual testimony and privileged information from a former control group employee, necessitating the Motion to Preclude and Memorandum of Law in Support that SFA filed. Further, even keeping Exhibit D confidential, the redactions to SFA's supporting Memorandum of Law are minimal — the vast majority of the Memorandum of Law and supporting exhibits are un-redacted, and the redaction of this single exhibit does not prevent the Plaintiffs from formulating a substantive response to the Defendants' arguments.

If, however, the Court holds that SFA must provide Plaintiffs' counsel with a copy of Exhibit D and a fully un-redacted Motion and Memorandum of Law, the Defendants respectfully move the Court to enter an order stating that the documents can only be used for the purpose of responding to the Defendants' Motion to Preclude and Memorandum of Law in Support, and preventing the Plaintiffs and their counsel from disclosing the documents to any third party.

**I.     LEGAL STANDARD FOR A MOTION FOR PROTECTIVE ORDER**

Rule 26(c) of the Federal Rules of Civil Procedure expressly authorizes the Court to grant a protective order "forbidding the disclosure or discovery" of certain information upon a showing of "good cause." District courts are afforded broad discretion under Rule 26(c) to issue protective orders limiting the scope of discovery. *Dove v. Atl. Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992) ("The grant and nature of protection is singularly within the discretion of the district court[.]").

**II.    EXHIBIT D IS ENTITLED TO PROTECTION AS IT IS AN ATTORNEY-CLIENT PRIVILEGE COMMUNICATION AND CONSTITUTES MATERIAL PREPARED IN ANTICIPATION OF LITIGATION**

Exhibit D to the Defendants' Memorandum of Law in Support of Motion to Preclude Testimony of Roger Claypool (ECF 228-1) is an email chain that includes SFA's in-house

attorney, Arthur Chaykin, regarding the potential resolution of a claim by a product user. It is textbook attorney-client privileged material, and it is also material prepared in anticipation of potential litigation. SFA would never have to disclose this document to the Plaintiffs, but for their improper retention and payment of Roger Claypool to provide biased testimony as a fact witness and reveal SFA's privileged information. Because the Plaintiffs retained Mr. Claypool for these purposes, SFA moved to preclude his testimony from being offered at trial, and provided Exhibit D in support of its motion. Since this entire dispute is of the Plaintiffs' own making, they should not now be rewarded by gaining access to SFA's privileged communications. Good cause therefore exists to enter a protective order shielding SFA's privileged material from the Plaintiffs, and permitting the Court to consider it *ex parte*. The relief requested is especially reasonable because the vast majority of SFA's Memorandum of Law and supporting exhibits are un-redacted, and the redaction of this single exhibit does not prevent the Plaintiffs from formulating a substantive response to the Defendants' arguments.

### A.      Legal Standards Governing the Privileges Applicable to Exhibit D

#### 1.      Attorney-Client Privilege

It is well-settled that information protected by the attorney-client privilege is not discoverable, and the privilege protects any communication that: "(1) concerned the seeking of legal advice; (2) was between a client and an attorney acting in his professional capacity, (3) was related to legal matters; and (4) is at the client's instance permanently protected." *In re Perrier Bottled Water Litig.*, 138 F.R.D. 348, 351-52 (D. Conn. 1991). In the corporate context, communications between employees and in-house counsel in the role of attorney-advisor related to the provision of legal advice are privileged. *See, e.g.*, *Upjohn Co. v. United States*, 449 U.S. 383, 394 (1981); *In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983*, 731 F.2d 1032,

1037 (2d Cir. 1984); *Gucci Am., Inc. v. Guess?, Inc.*, 271 F.R.D. 58, 70 (S.D.N.Y. 2010); *In re Grand Jury Proceedings*, No. M-11-189, 2001 U.S. Dist. LEXIS 15646, at *96-97 (S.D.N.Y. Oct. 3, 2001).

### 2. Work Product

The work product privilege attaches to documents that are prepared because of the prospect of litigation. *United States v. Adlman*, 134 F.3d 1194, 1202-03 (2d Cir. 1998). Traditionally, work product protection extends to documents and tangible things prepared in anticipation of litigation by or for a party or its representative. *See Lagace v. New Eng. Central R.R.*, No. 3:06CV1317(RNC), 2007 U.S. Dist. LEXIS 72540 (D. Conn. Sept. 28, 2007). A party can obtain discovery of "ordinary" work product by demonstrating a substantial need and the inability to obtain the substantial equivalent of the materials without an undue hardship, but opinion work product reflecting the mental impressions, conclusions, or opinions of an attorney receives greater protection. *Go Med. Indus. Pty., Ltd. v. C.R. Bard, Inc.*, No. 3:95-MC-522(DJS), 1998 U.S. Dist. LEXIS 22919 (D. Conn. Aug. 14, 1998).

### 3. Materials Prepared In Anticipation Of Litigation

Courts within the Second Circuit have held that the protection afforded by Rule 26(b)(3)[2] of the Federal Rules of Civil Procedure is not limited to the information traditionally thought of as "work product," described in the preceding section, but extends more broadly to materials prepared in anticipation of litigation and information gathered at the behest of counsel with an eye toward potential litigation. The Second Circuit Court has stated: "[W]e see no reason why work product cannot encompass facts . . . ***It is helpful to remember that the work product privilege applies to preparation not only by lawyers but also by other types of party***

---

[2] Rule 26(b)(3) provides, in pertinent part: "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by another party or its representative[.]"

-4-

***representatives including, for example, investigators seeking factual information***." *In re Grand Jury Subpoena*, 282 F.3d 156, 161 (2002).  The Second Circuit Court went on to explain that the privilege would attach to the findings of an investigator retained to make a factual investigation of a claim, though it did not extend protection to the documents before it because there was no showing that the information was acquired in anticipation of litigation.  *Id.*; *see also United States v. Davis*, 131 F.R.D. 391 (S.D.N.Y. 1990) (holding that a defendants' communications with employees and reports made by those assisting in conducting an internal investigation were privileged material where the investigation was performed in anticipation of litigation).

      While the Second Circuit Court was addressing a criminal case, other courts within the Second Circuit, including the Connecticut District Court, have applied this same reasoning in the civil context.  The Northern District of New York has held that protection is afforded to "the results of investigations into litigated claims."  *Feacher v. Intercont'l Hotels Group*, No. 3:06-CV-0877 (TJM/DEP), 2007 U.S. Dist. LEXIS 78262 (N.D.N.Y. Oct. 22, 2007).  The Southern District of New York similarly held that the doctrine extends to the acquisition by a party or its representative of factual information in anticipation of litigation.  *Robbins v. Chase Manhattan Bank, N.A.*, No. 97-CIV-0676(DAB), 1998 U.S. Dist. LEXIS 2680, at *3 (S.D.N.Y. Mar. 9, 1998).  The Connecticut District Court has likewise stated that "[t]he doctrine extends to notes, memoranda, correspondence, witness interview, and other materials, whether they are created by an attorney or an agent for the attorney."  *Lagace v. New Eng. Central R.R.*, No. 3:06CV1317(RNC), 2007 U.S. Dist. LEXIS 72540 (D. Conn. Sept. 28, 2007) (*citing United States v. Nobles*, 422 U.S. 225, 238-39 (1975); *Carter v. Cornell Univ.*, 173 F.R.D. 92, 95 (S.D.N.Y. 1997)).

-5-

In *Colgan Air, Inc. v. Aircraft Service International, Inc.*, No. 3:06-CV44(WWE), 2007 U.S. Dist. LEXIS 90083, at *2-3 (D. Conn. Dec. 7, 2007), the Connecticut District Court considered whether to extend work product protection to investigative materials. The court approvingly quoted the Second Circuit decision discussed above holding that protective applies to factual information acquired by non-attorney party representatives with an eye toward potential litigation. *Id.* (*citing In re Grand Jury Subpoena*, 282 F.3d at 161). The court ultimately held that the investigative materials at issue had to be disclosed, but only because they were not prepared to assist with anticipated litigation. *Id. at *3-5*. In reaching this holding the court noted that "individual applications [of the protection afforded to materials prepared in anticipation of litigation] are highly specific," and that "analysis should proceed cautiously, case by case." *Id.* at *3.

### B. Exhibit D is Indisputably Entitled to Protection as a Privileged Communication

Exhibit D is an email chain that includes SFA's in-house attorney, Arthur Chaykin, on every single communications, and discusses the potential resolution of a claim by a product user. Mr. Claypool testified in his deposition that Attorney Chaykin was SFA's in-house counsel who was there to give the company legal advice, and that he worked closely with Mr. Chaykin to resolve claims by product users. (Claypool Dep. Tr. pp. 138:4-142:9, Ex. A to Defs.' Memo. of Law in Supp. of Mot. to Preclude Testimony of Roger Claypool, ECF 228-1.) Exhibit D is a prime example of Mr. Claypool's work with Attorney Chaykin in this respect. This email chain satisfies the four elements of attorney-client privilege recited above, as well as the definition of

-6-

materials prepared in anticipation of litigation, since it addresses a claim that foreseeably could have resulted in litigation, although it ultimately did not.[3]

There is no question that this document is entitled to protection in the first instance. The only real question is whether SFA should now have to disclose its privileged information to the Plaintiffs because this email was submitted to the Court with SFA's Motion to Preclude Mr. Claypool's testimony. The answer should be a resounding **no**. If not for the Plaintiffs' improper conduct, SFA would not have to make a Motion to Preclude at all, and it should not now lose protection of its privileged information because of the Plaintiff's litigation tactics. Accordingly, good cause exists for the Court to hold that Exhibit D should continue to be shielded by the attorney-client privilege and as materials prepared in anticipation of litigation.

## III.   CONCLUSION

WHEREFORE, the Defendants respectfully move for a protective order permitting the Court to consider Exhibit D to the Defendants' Memorandum of Law in Support of Motion Preclude Testimony of Roger Claypool (ECF 228-1) *ex parte*, without a copy of Exhibit D being served on Plaintiffs' counsel. The Defendants further move for permission to maintain their redactions of quotations from and descriptions of Exhibit D in the copy of the Memorandum of Law that is served on Plaintiffs' counsel. If, however, the Court holds that SFA must provide Plaintiffs' counsel with a copy of Exhibit D and a fully un-redacted Memorandum of Law, the Defendants respectfully move, in the alternative, for the Court to enter an order stating that the documents can only be used for the purposes of responding to the Defendants' Motion to

---

[3] Documents are deemed prepared in anticipation of litigation if "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *United States v. Adlman*, 134 F. 3d 1194, 1202 (2d Cir. 1998). The non-occurrence of events ultimately giving rise to litigation does not preclude the application of the privilege. *Id.* at 1196.

Preclude and Memorandum of Law in Support, and preventing the Plaintiffs and their counsel from disclosing the documents to any third party.

DEFENDANTS,

SEARS, ROEBUCK & CO.,
SHINN FU CORPORATION,
SHINN FU COMPANY OF AMERICA, INC.,
MVP (HK) INDUSTRIES, LTD., and
WEI FU (TAISHAN) MACHINERY & ELECTRIC CO., LTD.

By: _____
Dennis O. Brown, Esq. (ct04598)
Steven J. Zakrzewski, Esq. (ct28934)
Gordon & Rees, LLP
95 Glastonbury Blvd., Suite 206
Glastonbury, CT 06033
(860) 278-7448
(860) 560-0185 (fax)
*dbrown@gordonrees.com*
*szakrzewski@gordonrees.com*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 5, 2016, the foregoing was electronically filed and served by mail on anyone unable to receive notice of electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to receive notice of electronic filing as indicated in the Notice of Electronic Filing. Parties may access this document through the Court's CM/ECF System.

                                                    Steven J. Zakrzewski