UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, et al., | : | CIVIL ACTION NO. |
| | : | 3:13-cv-00257-JAM |
| *Plaintiffs*, | : | |
| vs. | : | |
| SEARS, ROEBUCK AND CO., et al., | : | |
| *Defendants*. | : | JANUARY 13, 2017 |

## [PROPOSED] REVISED SCHEDULING ORDER REGARDING CASE MANAGEMENT PLAN

In accordance with the Court's instructions at the hearing on January 4, 2017, counsel for the parties have exchanged scheduling proposals and have met and conferred in good faith via telephone and e-mail in an effort to submit a joint proposal. Despite their efforts, the parties are unable to come to a full agreement regarding a proposed revised scheduling order. Accordingly, the Plaintiffs' proposal is set forth below, followed by the Defendants' proposal, so that the Court may consider both and adopt either proposal, or elements of both, that it finds best suited for adjudication of this action.

### Plaintiffs' Proposal

Plaintiffs' proposal reflects their interest in bringing this matter to a resolution on the merits as expeditiously as possible. Mindful of the Court's instruction that the parties seek to avoid further scheduling deviations, Plaintiffs have proposed what they consider as realistic deadlines for completing the remaining discovery necessary to present a full and complete record for purposes of dispositive motions practice and trial. Plaintiffs disagree with Defendants' proposal in that it seeks to artificially limit liability discovery by setting the deadline for

summary judgment prior to the Rule 30(b)(6) depositions of the foreign-based entities, including Shinn Fu Corporation and its affiliates and subsidiaries, MVP (HK) Industries, Ltd. and Wei Fu (Taishan) Machinery & Elec. Co., Ltd. Based on the parties' discussions to date, Plaintiffs understand that Defendants will move for summary judgment as to Shinn Fu Corporation and Shinn Fu Company of America, Inc., on the ground that they were not involved in the stream of commerce with respect to the product at issue in this action. In light of the argument that Defendants are planning to mount, Plaintiffs must be given an opportunity to conduct the depositions of the foreign entities prior to the summary judgment stage. Plaintiffs' proposal in this respect – i.e., completion of foreign Rule 30(b)(6) depositions before summary judgment – is consistent with the prior Scheduling Orders that have entered in this action (*see* Doc. Nos. 208; 171). Defendants newly proposed variation to this aspect of discovery would cause undue prejudice by depriving Plaintiffs of the ability to rebut and oppose Defendants' summary judgment motion. Plaintiffs respectfully request that the Court adopt their proposal allowing them to develop a full record as to liability before proceeding with the summary judgment phase of this action.

Plaintiffs therefore propose that the deadlines in the Court's Scheduling Order Regarding Case Management Plan (Doc. No. 208) be amended as follows:

1. Depositions of Plaintiffs' liability experts by April 7, 2017.
2. Disclosure of Defendants' liability experts by April 21, 2017.
3. Depositions of Defendants' liability experts by June 23, 2017.
4. Disclosure of rebuttal liability experts by July 14, 2017.
5. Depositions of rebuttal liability experts by September 1, 2017.
6. Foreign Rule 30(b)(6) depositions by September 29, 2017.

7. Dispositive motions (i.e., motions for summary judgment; motions to preclude liability experts) by November 17, 2017.

8. Opposition to dispositive motions by January 19, 2018.

9. Depositions of Plaintiffs' damages experts within forty-five (45) days of Court's ruling on dispositive motions.

10. Disclosure of Defendants' damages experts within fifteen (15) days of completing depositions of Plaintiffs' damages experts.

11. Depositions of Defendants' damages experts within forty-five (45) days of Defendants' disclosure thereof.

12. Trial ready by May 7, 2018.

13. Joint Trial Memorandum filed no later than forty-five (45) days before trial date.

The Court may amend any of the foregoing deadlines for good cause.

### **Defendants' Proposal**

The Defendants believe that the most efficient approach, which would best serve all parties, is to address summary judgment before proceeding with costly and time-consuming overseas depositions. Further, to the extent that the document production, which is complete, has not provided the Plaintiffs with an evidentiary basis to oppose summary judgment on the grounds that Shinn Fu Company of America, Inc. and Shinn Fu Corporation ("SFC") were not in the stream of commerce with respect to the jack stand at issue in this case, SFC's Rule 30(b)(6) deposition cannot be expected to lead to the discovery of any additional admissible evidence to establish that SFC was in the stream of commerce. Neither the Plaintiffs nor the Defendants should bear the costs and burdens associated with these depositions if they are unnecessary because of a summary disposition. Further, if the case is to survive summary judgment, the

Defendants' proposed schedule will bring this to light sooner rather than later, so that all parties can adjust their positions accordingly, well in advance of trial.

Defendants therefore propose that the deadlines in the Court's Scheduling Order Regarding Case Management Plan (Doc. No. 208) are amended as follows:

1. Depositions of Plaintiffs' liability experts by March 1, 2017.
2. Disclosure of Defendants' liability experts by April 1, 2017.
3. Depositions of Defendants' liability experts by May 1, 2017.
4. Disclosure of Plaintiffs' rebuttal experts by May 1, 2017.
5. Depositions of Plaintiffs' rebuttal experts by June 1, 2017.
6. Summary judgment motions to be filed by July 1, 2017.
7. Oppositions to dispositive motions to be filed by August 15, 2017.
8. Depositions of remaining Rule 30(b)(6) witnesses by November 15, 2017.
9. Depositions of Plaintiffs' Damages Experts by December 15, 2017.
10. Disclosure of Defendants' Damages Experts by January 30, 2018.
11. Depositions of Defendants' Damages Experts by February 28, 2018.
12. Trial ready by April 30, 2018.
13. Joint Trial Memorandum filed no later than forty-five (45) days before trial date.

The Court may amend any of the foregoing deadlines upon good cause shown or in its discretion.

PLAINTIFFS,
FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk

By: /s/ Bryan J. Orticelli_____
    Paul D. Williams (ct05244)
    Bryan J. Orticelli (ct28643)
    Kaitlin A. Canty (ct29074)
    DAY PITNEY LLP
    242 Trumbull Street
    Hartford, CT 06103-1212
    860-275-0100
    860-275-0343 (fax)
    *pdwilliams@daypitney.com*
    *borticelli@daypitney.com*
    *kcanty@daypitney.com*

    Howard S. Edinburgh
    Howard L. Wexler
    Herzfeld & Rubin, P.C.
    125 Broad Street
    New York, NY 10004
    (212) 271-8529
    (212) 344-3333 (fax)
    *hedinburgh@herzfeld-rubin.com*
    *hwexler@herzfeld-rubin.com*

    Their Attorneys

## **CERTIFICATION**

       I HEREBY CERTIFY that on this date a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                                  By:   /s/ Bryan J. Orticelli_____
                                                         Bryan J. Orticelli (ct28643)