UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk,<br><br>Plaintiffs,<br><br>v.<br><br>SEARS, ROEBUCK AND CO., SHINN FU CORPORATION, SHINN FU COMPANY OF AMERICA, INC., MVP (HK) INDUSTRIES, LTD., and WEI FU (TAISHAN) MACHINERY & ELECTRIC CO., LTD.,<br><br>Defendants. | Case No. 3:13-cv-00257-RNC<br><br><br><br><br><br>**AMENDED ANSWER TO SECOND AMENDED COMPLAINT**<br><br>**JURY DEMAND**<br><br><br><br>Complaint Filed: January 30, 2013 |

**AMENDED ANSWER TO SECOND AMENDED COMPLAINT BY
<u>MVP (HK) INDUSTRIES, LTD.</u>**

Defendant MVP (HK) Industries, Ltd. files this Amended Answer pursuant to the Court's August 11, 2016 ruling granting the Motion for Leave to Amend Answers [ECF Docket Entry No. 21]. MVP (HK) Industries, Ltd. hereby responds on behalf of itself, and no other, to the Second Amended Complaint of Plaintiffs Frederick Klorczyk, Jr. and Lynne Klorczyk, ("Plaintiffs") as follows:

1. MVP (HK) Industries, Ltd. lacks sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 1.

2. MVP (HK) Industries, Ltd. lacks sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 2.

3. MVP (HK) Industries, Ltd. lacks sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 3.

4. MVP (HK) Industries, Ltd. lacks sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 4.

5. In response to Paragraph 5, MVP (HK) Industries, Ltd. admits that Shinn Fu Corporation is a Taiwanese entity with an office and principal place of business located at 7F, NO. 408 Ruei Guang Road Nei Hu District Taipei City 114 Taiwan R.O.C.  Further, between the 1990s and 2004/2005, Shinn Fu Corporation was involved in the manufacture of products, including vehicle support stands, which it has sold directly or through a distributor to Sears. MVP (HK) Industries, Ltd. lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations set forth in Paragraph 5.

6. In response to Paragraph 6, MVP (HK) Industries, Ltd. admits that Shinn Fu Company of America, Inc. is a Missouri corporation with an office and principal place of business located at 10939 N. Pomona Avenue, Kansas City, Missouri.  Further, between the mid to late 1990s to 2004/2005 and since August 2012, Shinn Fu Company of America, Inc. has sold and/or distributed products, including vehicle support stands to Sears.  MVP (HK) Industries, Ltd. lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations set forth in Paragraph 6.

7. In response to Paragraph 7, MVP (HK) Industries, Ltd. admits that it is a Hong Kong Corporation with offices located at Suite 508 5/F South Tower World Finance Center, Harbour City, Kowloon, Hong Kong, and 15/F SUP Tower, 75-83 Kings Road, North Point, Hong Kong.  MVP (HK) Industries, Ltd. also admits that it distributed the subject jack stands

directly to Sears. MVP (HK) Industries, Ltd. lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations set forth in Paragraph 7.

8. In response to Paragraph 8, MVP (HK) Industries, Ltd. admits that Wei Fu (Taishan) Machinery & Elec. Co., Ltd. is a Chinese entity, with an office and principal place of business located at 328 Qiaohu Road, Taishan Town, Taishan, Jiangmen, Guangdong, China. MVP (HK) Industries, Ltd. also admits that it obtained the subject jack stands from Wei Fu (Taishan) Machinery & Elec. Co., Ltd. MVP (HK) Industries, Ltd. lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations set forth in Paragraph 8.

9. MVP (HK) Industries, Ltd. lacks sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 9.

10. In response to Paragraph 10, MVP (HK) Industries, Ltd. admits that Shinn Fu Corporation is a foreign corporation and that it has entered into contracts to sell and distribute goods. MVP (HK) Industries, Ltd. lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph 10.

11. In response to Paragraph 11, MVP (HK) Industries, Ltd. admits that Shinn Fu Company of America, Inc. has distributed vehicle support stands to Sears since August 2012. MVP (HK) Industries, Ltd. lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph 11.

12. In response to Paragraph 12, MVP (HK) Industries, Ltd. admits that it is a foreign Corporation. MVP (HK) Industries, Ltd. lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph 12.

13. In response to Paragraph 13, MVP (HK) Industries, Ltd. admits that Wei Fu is a foreign corporation. MVP (HK) Industries, Ltd. lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations set forth in Paragraph 13.

14. MVP (HK) Industries, Ltd. lacks sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 14.

15. MVP (HK) Industries, Ltd. incorporates its responses to Paragraphs 1 through 14, set forth above, as its response to Paragraph 15.

16. In response to Paragraph 16, MVP (HK) Industries, Ltd. admits that it distributed the subject jack stands directly to Sears. MVP (HK) Industries, Ltd. lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations set forth in Paragraph 16.

17. In response to Paragraph 17, MVP (HK) Industries, Ltd. admits that it distributed the subject jack stands directly to Sears. MVP (HK) Industries, Ltd. lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations set forth in Paragraph 17.

18. In response to Paragraph 18, MVP (HK) Industries, Ltd. admits that vehicle support stands are, *inter alia*, utilized to hold a motor vehicle in a raised position, permitting, among other things, repair work, servicing and maintenance and/or inspection of the underside of a motor vehicle.

19. MVP (HK) Industries, Ltd. lacks sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 19.

20. MVP (HK) Industries, Ltd. denies the allegations of Paragraph 20.

21. MVP (HK) Industries, Ltd. lacks sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 21.

22. MVP (HK) Industries, Ltd. denies the allegations of Paragraph 22.

23. MVP (HK) Industries, Ltd. denies the allegations of Paragraph 23.

24. MVP (HK) Industries, Ltd. denies the allegations of Paragraph 24.

25. MVP (HK) Industries, Ltd. denies the allegations of Paragraph 25.

26. MVP (HK) Industries, Ltd. lacks sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 26.

27. MVP (HK) Industries, Ltd. denies the allegations of Paragraph 27.

28. MVP (HK) Industries, Ltd. denies the allegations of Paragraph 28.

29. MVP (HK) Industries, Ltd. lacks sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 29.

30. MVP (HK) Industries, Ltd. lacks sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 30.

31. MVP (HK) Industries, Ltd. denies the allegations of Paragraph 31.

32. MVP (HK) Industries, Ltd. denies the allegations of Paragraph 32.

33. MVP (HK) Industries, Ltd. denies the allegations of Paragraph 33.

## **PRAYER FOR RELIEF**

Defendant denies that Plaintiffs are entitled to any of the items set forth in the prayer for relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Statute of Limitations)

Defendant avers that Plaintiffs' claims are barred by the applicable Statute of Limitations and/or Statute of Repose.

### Second Affirmative Defense

### (Contributory/Comparative Fault)

Defendant avers that any alleged damages sustained by Plaintiffs or Decedent were, at least in part, caused by the actions of Decedent and resulted from Decedent's own negligence, which equaled or exceeded any alleged negligence or wrongdoing by Defendant.

### Third Affirmative Defense

### (Failure to Mitigate)

The damages claimed by Plaintiffs could have been mitigated with due diligence or by one acting under similar circumstances. Plaintiffs' failure to mitigate is a bar to recovery under the Complaint.

### Fourth Affirmative Defense

### (Estoppel)

The Complaint and each of its purported claims for relief are barred by the doctrine of estoppel.

### Fifth Affirmative Defense

### (Laches)

The Complaint and each of its purported claims for relief are barred by the doctrine of laches.

### Sixth Affirmative Defense

### (Unclean Hands)

The Complaint and each of its purported claims for relief are barred by the doctrine of unclean hands.

**Seventh Affirmative Defense**

**(Waiver)**

The Complaint and each of its purported claims for relief are barred by the doctrine of waiver.

**Eighth Affirmative Defense**

**(Good Faith)**

Defendant alleges that at all times it acted in good faith and with good cause. The conduct of Defendant was within the reasonable expectations of the parties and was reasonably related to Defendant's legitimate business interests upon the basis of reasonable factors.

**Ninth Affirmative Defense**

**(Failure to State a Claim)**

The Complaint fails to state facts sufficient to constitute a cause of action against Defendant and further fails to state facts sufficient to entitle Plaintiffs to the relief sought, or to any other relief whatsoever, from Defendant.

**Tenth Affirmative Defense**

**(Joinder)**

Defendant avers that any purported damages allegedly suffered by Plaintiffs are the result of the acts or omissions of third persons over whom Defendant had neither control nor responsibility, and whom Plaintiffs have failed to name in this action.

**Eleventh Affirmative Defense**

**(Capacity)**

Defendant alleges that Plaintiffs do not have capacity to sue on behalf of Decedent.

**Twelfth Affirmative Defense**

**(Lack of Standing)**

Defendant alleges that Plaintiffs do not have standing as the real party in interest to sue on behalf of Decedent.

### Thirteenth Affirmative Defense

### (Due Care)

Defendant alleges that at all times Defendants acted with due care and complied with applicable statutory, regulatory, and common law requirements.

### Fourteenth Affirmative Defense

### (Conformity)

Defendant's product conformed to its intended design and purpose and to the customary or state of the art designs, methods, standards, and techniques of manufacturing, inspecting, testing, and marketing of other manufacturers of similar products.

### Fifteenth Affirmative Defense

### (Assumption of the Risk)

Defendant alleges that Plaintiffs' claims are barred, in whole or in part, by the doctrine of assumption of risk.

### Sixteenth Affirmative Defense

### (Misuse)

Defendant alleges that Plaintiffs' claims are barred, in whole or in part, by the misuse of the product at issue, which was not reasonably foreseeable.

### Seventeenth Affirmative Defense

### (Comparative Responsibility)

The Plaintiffs' recovery is barred, in whole or in part, by the doctrine of comparative responsibility set forth in Connecticut General Statutes Section 52-5720, as the Plaintiffs' decedent's injuries are attributable to his own conduct.

### Eighteenth Affirmative Defense

### (No Punitive Damages)

Defendant was not grossly negligent or reckless and thus cannot be held responsible or liable for punitive damages.

### Nineteenth Affirmative Defense

### (Reserved Affirmative Defenses)

Defendant alleges that the Complaint does not describe the alleged actions with sufficient particularity to permit it to ascertain what other defenses may exist at this time. Defendant therefore reserves the right to assert all defenses that may pertain to the Complaint as the facts of the case are discovered.

**WHEREFORE**, Defendant prays as follows:

1. Plaintiffs take nothing by way of their Complaint herein and that this action is dismissed in its entirety;

2. For Defendant's attorney's fees and costs incurred herein; and

3. For such other relief as the Court may deem just and proper.

Defendant,
**MVP (HK) INDUSTRIES, LTD.**

By     *s/Steven J. Zakrzewski*
Dennis O. Brown (ct04598)
Steven J. Zakrzewski, Esq. (ct28934)
Gordon Rees Scully Mansukhani
95 Glastonbury Blvd, Suite 206
Glastonbury, CT 06033
Phone: (860) 278-7448
Fax: (860) 560-0185
Email: dbrown@gordonrees.com
       szakrzewski@gordonrees.com

Dated: February 10, 2017

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that the Defendant demands a trial by jury in this action.

                                      Defendant,
                                      **MVP (HK) INDUSTRIES, LTD.**

                                      By      *s/Steven J. Zakrzewski*
                                      Dennis O. Brown (ct04598)
                                      Steven J. Zakrzewski, Esq. (ct28934)
                                      Gordon Rees Scully Mansukhani
                                      95 Glastonbury Blvd, Suite 206
                                      Glastonbury, CT 06033
                                      Phone: (860) 278-7448
                                      Fax: (860) 560-0185
                                      Email: dbrown@gordonrees.com
                                                    szakrzewski@gordonrees.com

Dated: February 10, 2017

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 10th day of February, 2017 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                                */s/  Steven J. Zakrzewski*
                                                Steven J. Zakrzewski

1097376/31550176v.1