

# HERZFELD & RUBIN, P.C.
## ATTORNEYS AT LAW

125 BROAD STREET, NEW YORK, NY 10004   TEL 212 471-8500   FAX 212 344-3333   WWW.HERZFELD-RUBIN.COM

Howard S. Edinburgh
Direct Line: (212) 471-8529
hedinburgh@herzfeld-rubin.com

December 11, 2017

**Via E-Filing and E-Mail**
Hon Jeffrey A. Meyer
Richard C. Lee United States Courthouse
Courtroom 3
141 Church Street
New Haven, CT 06516

      Re:    *Klorczyk v. Sears Roebuck, et. al.*
                   *Case No. 3:13- CV-00257- JAM*

Dear Judge Meyer:

      Our firm (together with Day Pitney LLP) represents the plaintiffs in this wrongful death action. In accordance with the Court's "Instructions for Discovery Disputes" we have requested a telephone conference with the Court and counsel for defendant Sears Roebuck ("Sears") to obtain an order directing Sears co-counsel, Erica Todd, Esq., to produce forwith subpoenaed documents in her possession from Sears' in-house claim administrator Sedgwick Claims Management Services, Inc. ("Sedgwick"). Prior to requesting this conference we have repeatedly over many months phoned and e-mailed Ms. Todd, to no avail to provide these subpoenaed documents. The e-mail trail is discussed below. We are baffled by what is now more than a year's delay in responding to our subpoena upon Sedgwick. The inordinate delay by Ms. Todd in producing these records is inexcusable. Yet, here we do not seek sanctions, striking a pleading or an adverse inference, but simply an Order compelling immediate production of manifestly relevant documents.

      Briefly, by way of background and context, this action, with which the Court has familiarity, involves the alleged wrongful death of Christian Klorczyk, a University of Connecticut student. The allegations and parties have been succinctly summarized in an earlier opinion by this Court (Doc. No 270) where the Court stated:



Hon Jeffrey A. Meyer
Page 2

"Plaintiffs Frederick and Lynne Klorczyk brought this wrongful death action under Connecticut's products liability statute against the alleged sellers, manufacturers, and distributors of a jack stand following the tragic death of their son, Christain Klorczyk. Plaintiffs allege that Christian was using the jack stand to raise the front end of his car while he performed an oil change at plaintiffs' home in March 2011. The jack stand allegedly failed and collapsed causing the car to fall on Christian and crush him to death.

Plaintiffs claim that the jack stand was defective in its design or manufacture, and also that defendants are liable for failure to provide adequate instructions or warnings. The five defendants include Sears, Roebuck & Co. ("Sears"), from whom the Klorczyks purchased the jack stand; Wei Fu (Taishan) Machinery & Elec. Co., Ltd. ("Wei Fu"), a Chinese corporation that allegedly manufactured the jack stand; MVP (HK) Industries, Ltd. ("MVP"), a Hong Kong corporation that allegedly distributed the jack stand to Sears; Shin Fu Company of America, Inc. ("SFA"), a Missouri corporation that was allegedly involved in the development, design, manufacture, testing, inspection, distribution, and sale of these jack stands, as well as in drafting warnings concerning their use; and Shin Fu Corporation ("Shinn Fu"), the Taiwan-based parent company of SFA, MVP, and Wei Fu."

This application involves only defendant Sears who in 2015 was deposed by its 30(b)(6) witness Kathryn Guerra, Sears Director of Product Safety. Ms. Guerra testified that Sedgwick is Sears claims administrator and manages of all Sears claims and that Sedgwick possesses all documents and information concerning claims (legal and non-legal) made against Sears. Ms. Guerra testified that Sedgwick "is part of Sears" and has its office in the same location as Sears, in Hoffman Estates, Illinois (Guerra deposition at pages 15, 24-27, 29-33, 50, copies of these pages are annexed as Exh. "A").

In discovery, defendants also produced a May 4, 2006 letter to Sedgwick to SFA (Exh. "B" here) demanding that SFA defend and indemnify Sears in the "*Raymond*" wrongful death action, where Sedgwick wrote concerning *Raymond*:

"The plaintiff in the above-captioned case alleges a Craftsman 3.5 ton capacity jack stand model 950157 failed without warning causing the plaintiff's decedent to be crushed. They allege the product was defective in design and manufacture".

The non-Sears defendants have produced other records in the *Raymond* lawsuit. Based on Ms. Guerra's 30(b)(6) deposition testimony and the 2006 Sedgwick letter to SFA, plaintiffs in July 2016 served a deposition and document production subpoena upon Sedgwick. A copy of that subpoena is annexed hereto as Exhibit "C". Sedgwick was requested to produce, <u>inter alia</u>, copies of (1) complaints and claims (legal and non-legal) concerning allegations of ratchet and pawl designed jack stands malfunctioning, being defective, failing to hold up a vehicle, or having a sudden or unexpected collapse of the jack stand's ratchet bar; (2) Sears customer hotline or consumer toll free calls involving the type of claims mentioned in (1) above; (3) government inquiries concerning jack stand defects; (4) the records retention policy of Sedgwick, and (5) the efforts made by Sedgwick to comply with the subpoena.



The arrangement with Sears counsel was that the Sedgwick documents would first be produced and then plaintiffs would decide if a deposition of a knowledgeable Sedgwick employee was needed. In response to an August 8, 2016 e-mail by Day Pitney attorney Bryan Orticelli, Sears counsel, Erica Todd, wrote in pertinent part concerning compliance with the Sedgwick subpoena:

> "Sorry Bryan, a little crazy at the end of the week. I spoke with Sedgwick. They would need until the end of August [2016] to gather the records." (part of Exh. "D" herein)

On September 23, 2016 Day Pitney again e-mailed Ms. Todd concerning producing the Sedgwick documents (part of Exh. "D" herein). Months went by without a response until, after more e-mail demands, Ms. Todd on February 24, 2017 e-mailed Mr. Orticelli: "As to the Sedgwick subpoena I will once again start working on it. I was doing it with an assistant and she left. Promise will get done in next few weeks." (e-mail part of Exh. "D")

Nothing was forthcoming by Ms. Todd. For the next several months, through the summer of 2017, plaintiffs and the non-Sears defendants were conducting around the country a number of expert depositions (two for plaintiffs, four for defendants). Following the conclusion of the expert depositions, the undersigned e-mailed and spoke to Ms. Todd of the need to respond to the Sedgwick subpoena. Ms. Todd asked for more time citing family emergencies and her trial schedule. Yet, despite extending professional and personal courtesies to Ms. Todd, she still did not produce the subpoenaed Sedgwick documents in her possession and every grace period extended to her came and went without any response from Sears' counsel. Copies of our September through December 2017 e-mails are annexed hereto collectively as Exh."E". Ms. Todd did e-mail me on December 6, 2017, stating that her delay was caused in part because "the Sedgwick individual has left" and that she "anticipated" compliance "should" be accomplished by "year end". However, given the history of broken promises, missed and ignored deadlines, we believe the court's intervention is necessary.

The requested Sedgwick documents are relevant and germane to the issues in this action. In a products liability suit plaintiffs are entitled to discovery as to prior similar incidents, claims, and accidents—particularly regarding the same or similar injury-causing mechanism or device. *See Stagl v. Delta Airlines, Inc.*, 52 F.3d 463, 474 (2d Cir. 1995) (evidence "regarding accidents similar" to plaintiffs "would unquestionably be relevant, if not central, to [plaintiffs] case" and thus denial of discovery of such similar accidents constitutes a reversible abuse of discretion); *Lutes v. Kawasaki Motors Corp.*, 2014 U.S. Dist. LEXIS 173202, at *18-19 (D. Conn. Dec. 16, 2014) (Fitzsimmons, M.J.); *Napolitano v. Synthes, Inc.*, 2013 U.S. Dist. LEXIS 60498, *5-9 (D. Conn. Apr. 29, 2013); *Cohalan v. Genie Indus.*, 276 F.R.D. 161, 166 (S.D.N.Y. 2011); *Laudero v. Otis Elevator Co.*, 2011 U.S. Dist. LEXIS 74920 (W.D.N.Y. Jul. 12, 2011) (ordering production of accident/incident reports of prior incidents); *Barack v. Am. Honda Motor Co.*, 2010 U.S. Dist. LEXIS 120244, at *4 (D. Conn. Nov. 12, 2010) ("plaintiffs are entitled to information regarding all similar incidents and claims, not just lawsuits").



Hon Jeffrey A. Meyer
Page 4

    Sears never moved to quash the subpoena, never objected to the document requests contained herein, and never served a privilege log. Sears time to do so has long since expired. Federal Rules of Civil Procedure., Rules 34(b)(2)(A), (E); 34(c); 45(d)(3). See also F.R.C.P., Rule 37(d)(2). As this Court has held: "It is well established that by failing to respond or object to a discovery request in a timely manner, a party waives any objection which may have been available." *Young v. Leon*, 2015 U.S. Dist. LEXIS 70771, 2015 WL 3476822 (D. Conn. 2015)(quoting and citing a number of other Second Circuit district court decisions).

    Sedgwick is an entity described by Sears' witness as part of Sears and whose records would be given to Sears upon request. The Sedgwick documents are undoubtedly within the possession, custody and control of Sears.

    We ask the Court to order production of the subpoenaed Sedgwick documents forthwith, this month, and not to entertain or look favorably upon any further excuses, explanations or requests for delay which may be proffered by defendants in response to this application.

Respectfully yours,

Howard S. Edinburgh

cc: All Counsel of record via CM/ECF