*EXHIBIT C*

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Connecticut

| Frederick Klorczyk, Jr. et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:13-CV-00257-JAM |
| | ) |
| Sears, Roebuck & Co., et al. | ) |
| *Defendant* | ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Sedgwick Claims Management Services, Inc., 5500 Trillium Boulevard, Hoffman Estates, IL

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See attached Schedule A.

| Place: McDermott Will Emery<br>227 West Monroe Street, Chicago, IL | Date and Time:<br>08/12/2016 10:00 am |
|---|---|

The deposition will be recorded by this method:   Audiovisual (videographic/digital); stenographic

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Schedule B.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   07/18/2016

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiffs Frederick and Lynne Klorczyk, as co-administrators_____, who issues or requests this subpoena, are:
David Elliott and Bryan Orticelli, Day Pitney LLP, 242 Trumbull Street, Hartford, CT 06103, (t): 860-275-0100, djelliott@daypitney.com, borticelli@daypitney.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:13-CV-00257-JAM

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

Plaintiffs request that Sedgwick designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf, to testify concerning the matters set forth herein. Unless otherwise stated, the matters set forth herein concern the time period of January 1, 2003, to the present.

## DEFINITIONS AND RULES OF CONSTRUCTION

Plaintiffs incorporate by reference the Definitions and Rules of Construction set forth in Rule 26 of the Local Civil Rules of the United States District Court for the District of Connecticut. In addition, the following Definitions apply to the matters set forth herein.

A. "Jack Stand" or "Jack Stands" mean a vehicle support stand or device of the model or type identified in the Complaint, including jack stands sometimes referred to by the designation T-6904 and/or model number 50163 and/or listed or described as having a 4-ton load capacity (as a pair), as well as any aspect, feature, or component part of said jack stand, and including any predecessor or carryover model(s), and similar or comparable model(s) designed, manufactured, assembled, distributed, marketed, or sold by Defendants.

B. "False Engagement" means a false, partial, not full, incomplete and/or skewed engagement of the jack stand ratchet pawl with the teeth or tooth of the jack stand bar/column, including, but not limited to, a tip-to-tip phenomenon.

C. "Litigation" means the action entitled *Klorczyk et al. v. Sears, Roebuck & Co. et al.*, Docket No.: 3:13-cv-00257-JAM, now pending in the United States District Court for the District of Connecticut.

D. "Plaintiffs" means Frederick Klorczyk Jr., as co-administrator of the Estate of Christian R. Klorczyk, and Lynne Klorczyk, as co-administrator of the Estate of Christian R. Klorczyk.

95119126.1

E. "Defendants" means Sears, Shinn Fu, SFA, MVP, and Wei Fu.

F. "Sears" means Sears, Roebuck & Co., including its agents, consultants, attorneys, principals, partners, employees, representatives, subsidiaries, affiliates or related entities.

G. "Shinn Fu" or "SFC" means Shinn Fu Corporation, including its agents, consultants, attorneys, principals, partners, employees, representatives, subsidiaries, affiliates or related entities.

H. "You", "Your" and "Sedgwick" mean Sedgwick Claims Management Services, Inc., including its agents, consultants, attorneys, principals, partners, employees, representatives, subsidiaries, affiliates or related entities.

I. "MVP" means MVP (HK) Industries, Ltd., including its agents, consultants, attorneys, principals, partners, employees, representatives, subsidiaries, affiliates or related entities.

J. "Wei Fu" means Wei Fu (Taishan) Machinery & Elec. Co., Ltd., including its agents, consultants, attorneys, principals, partners, employees, representatives, subsidiaries, affiliates or related entities.

K. "Testing" means testing in its usual and customary sense as well as laboratory testing, testing with vehicles, testing of components, certification testing, validation testing, computer simulations and computer or mathematical modeling, prototype testing, and testing to comply with government or industry standards.

## DEPOSITION TOPICS

1. Any complaints, claims (legal or non-legal), notices, or any incidents otherwise known to Sedgwick, with respect to a claim or allegation of Jack Stand malfunction, design or manufacturing defects, failure to hold up a vehicle, and/or the spontaneous, sudden or unexpected collapse or descent of the raised ratchet bar of a Jack Stand, and/or inferior materials

used to manufacture the Jack Stand and/or poor workmanship in the fabrication of the Jack Stand, including, but not limited to, False Engagement.

2. Customer hotline, consumer toll free line calls, interne bulletin board and/or website postings concerning complaints of Jack Stand performance, malfunction, failure to hold up a vehicle and/or spontaneous collapse or descent of the raised ratchet bar of the Jack Stand, or of inferior materials used in the manufacture of the Jack Stand, poor workmanship in the fabrication of the Jack Stand, and/or that the Jack Stand was defective, including, but not limited to, False Engagement.

3. Any governmental inquiries or investigation concerning Jack Stand design, manufacture, performance, safety, accidents or defects.

4. The corporate structure, divisions, departments, document retention and document retention policy of Sedgwick.

5. Cooperation or assistance among Sedgwick and Sears, SFA, Shinn Fu, MVP and/or Wei Fu in defense of the Litigation.

6. Sedgwick's efforts to locate and produce documents in response to Schedule B.

## SCHEDULE B

Plaintiffs request that the deponent(s) produce at or before the foregoing deposition documents responsive to the following requests. Unless otherwise stated, the requests set forth herein concern the time period of January 1, 2003, to the present.

## DEFINITIONS AND RULES OF CONSTRUCTION

Plaintiffs incorporate by reference the Definitions set forth in Schedule A to the Notice of Deposition.

## INSTRUCTIONS

The following instructions apply to the requests set forth herein:

A. In producing information and documents in response to these requests, You are required to furnish all information and documents in Your possession, custody or control, including, without limitation, information in the possession of Your agents and consultants, attorneys, representatives, principals, partners, affiliates, employees and any other person(s) under Your control or acting on Your behalf.

B. With respect to any information or documents withheld on the basis of a claim of privilege, please provide all responsive information or documents as to which You do not claim a privilege and describe the nature of the information that You claim is privileged, the privilege claimed, and the basis for the claim of privilege in the form of a privilege log in accordance with Rule 26(e) of the Local Civil Rules of the United States District Court for the District of Connecticut.

C. The requests set forth herein shall be deemed to be continuing. You must supplement Your responses if You obtain additional information responsive to these requests.

95119126.1

## DOCUMENT REQUESTS

1. Your current Curriculum Vitae.

2. All documents and communications concerning the complaints, claims (legal or non-legal), notices or incidents that are the subject of Topic No. 1 in Schedule A and Your investigation of the same, including, but not limited to, loss runs and spreadsheets, and demand letters and complaints concerning Jack Stands.

3. All documents and communications concerning each of the Deposition Topics set forth in Schedule A, including, but not limited to, documents and communications You reviewed in preparation for testifying.

4. All documents and communications concerning the Litigation.

95119126.1

## AFFIDAVIT OF NON SERVICE

IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT        Case #: 3:13-CV-00257-JAM

| | |
|---|---|
| Frederick Klorczyk, Jr., et al | Plaintiff |
| vs. | |
| Sears, Roebuck & Co., et al | Defendant |

The undersigned, being first duly sworn, on oath deposes and says: that s(he) is now and at all the times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be witness therein.

Affiant states s(he) attempted to serve **Sedgwick Claims Management Services, Inc.**, at **5500 Trillium Blvd, Hoffman Estates, IL 60192**, with the **Subpoena To Testify At A Deposition In A Civil Case** and after due search, careful inquiry and diligent attempts, was unable to effect service for the following reasons:

07/26/2016   09:55 AM – Address is in the Sears Campus. The only access is through a lobby and a security guard. The guard told me Sedgwick Claims Management occupies the 3rd floor but would not allow me access he said he had to call them. When he called he did not get someone and had to send a message. It took about 10 minutes for someone to call the guard back. After he spoke with them he told me he spoke with "Becky" but did not have her last name and she was going to check. I waited at least 10 more minutes she called back and told the guard they can not accept at this address. I told him I must speak with someone to clarify because I am at the address that is addressed and I can not just accept that type of an answer. He called back again and was told someone would either come down or call back in a couple minutes. After a while "Becky" called back again and this time the guard allowed me to speak to her on the phone. Becky would not give me her last name or title she told me I did not need that information. Becky told me there Registered Agent is CT Corp. and all legal documents must go through CT Corp.

I declare under penalties of perjury that the information contained herein is true and correct.

_Craig Palmer_
Craig Palmer, Lic # 117-001119

SUBSCRIBED AND SWORN to before me on the 27th day of July, 2016.

_Joan C Harenberg_
NOTARY PUBLIC

OFFICIAL SEAL
JOAN C HARENBERG
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/28/17



CLIENT: **Connecticut Process Serving, LLC**
FILE #: **176856**

Tracking #: 329679

## AFFIDAVIT OF SERVICE

IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT           Case #: 3:13-CV-00257-JAM

| | |
|---|---|
| Frederick Klorczyk, Jr., et al | Plaintiff |
| vs. | |
| Sears, Roebuck & Co., et al | Defendant |

The undersigned, being first duly sworn, on oath deposes and says: that s(he) is now and at all the times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of plaintiff corporation, not a party to nor interested in the above entitled action, and its competent to be witness therein.

On **7/26/2016**, at **2:25 PM** at the address of **208 S. LaSalle St., Ste 814, Chicago, IL 60604**, this affiant served the **Subpoena To Testify At A Deposition In A Civil Case** upon Sedgwick Claims Management Services, Inc. c/o CT Corporation System by leaving the same with **Derrick Hackett, Associate Service of Process Intake Specialist, a Black Male, approximately 24 years of age, 5'9", 130 lbs, with Black hair.**

I declare under penalties of perjury that the information contained herein is true and correct.

_____
Scott Pryor, Lic # 117-001119

SUBSCRIBED AND SWORN to before me on the 26th day of July, 2016.

_Joan C Harenberg_
NOTARY PUBLIC

OFFICIAL SEAL
JOAN C HARENBERG
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/28/17



CLIENT: Connecticut Process Serving, LLC
FILE #: 176856

Tracking #: 329689