*Trotta, Trotta & Trotta, LLC*                    **"89 years of Legal Service"**
         *Attorneys at Law*

*Fred Trotta (1927-1989)*                              *Post Office Box 802*
*Horace F. Trotta (1936-1983)*              *New Haven, Connecticut 06503-0802*
*Joseph F. Trotta (1957-2013)*                          *203-787-6756*
*Erica W. Todd -Trotta***                   *Telecopiers 203-776-4538 - 776-8820*
*Elizabeth C. DeSanto **                        *www.trottalaw.com*
                                            *Senior Litigation Assistant*
                                            *Maryann K. Pascarelli*
                                               *Legal Assistants*
*\*\*Board Certified - Civil Trial*              *Alyssa Dodenhoff*
*Lawyer National Board of Trial Advocacy*        *Matthew Pascarelli*

                                              *December 18, 2017*

*Via E-filing and E-mail*
*Hon. Jeffrey A. Meyer*
*Richard C. Lee United States Courthouse*
*Courtroom 3*
*141 Church Street*
*New Haven, Connecticut 06516*

*Reference:       Klorczyk vs. Sears, Roebuck & Co.*
*                 Case Number 3:13-CV-00257 JAM*

*Dear Judge Meyer:*

*My firm, in conjunction with Gordon, Rees, Scully and Mansukhani, LLP represents the Defendant Sears, Roebuck and Co. ("Sears").  Numerous discussions have been held relative to the issue of producing Sedgwick Risk Management's claims files relative to similar losses, as well as discovery that was served on the Defendant Sears seeking the Sedgwick claims files for similar losses.  The Plaintiff's Fourth Set of Request for Production as to Sears, attached, to which Sears provided responses and objections on July 17, 2015, (Exhibit A), requested the same information sought in the Plaintiff's subpoena to Sedgwick Risk Management.  The Plaintiffs never sought adjudication of Sears' to those requests.*

*Plaintiffs' counsel have been advised that the documents they now request from Sedgwick Risk Management are the same documents that were previously provided on behalf of Sears.  Judge Fitzsimmons, during the parties' August 2, 2016 tele-conference, agreed that Sedgwick's deposition and privilege log would be held in abeyance pending document production.*

*The Sedgwick documents were previously produced July 17, 2015.  The Plaintiffs requested to go through the documents once again, which the undersigned has done.  The search was done for the search terms "jack", "jack stands" for all manufacturers, and the list returned was 159 claims.  The search criteria was then limited "jack stands" made by the manufacturers, MVP, Wei Fu and Shin Fu and the claims that exist are those that were given in July 17, 2015.*

*.../...*

**~ Selected as a "Go to Law Firm" by Fortune 500 General Counsel ~**

Hon. Jeffrey A. Meyer
*Klorczyk vs. Sears, Roebuck & Co.*
December 18, 2017

Page 2

As it pertains to documents and communications regarding this litigation and those regarding the *Becigneul, Duenas,* and *Raymond* claims, of which the Plaintiffs have been previously notified, the attorney client privilege and work product doctrine are being asserted over post-litigation communications and materials. The subpoena to Sedgwick also calls for the production of materials prepared in anticipation of litigation. As it pertains specifically to the *Klorczyk* matter, when the case was reported I was assigned that same day, so any all communication with me are subject to protection under the work product doctrine and attorney client privilege.

The undersigned defense counsel has been in contact with Sedgwick directly and through Sears, and unfortunately due to individuals leaving both entities, new representatives would need to familiarize themselves with the case, including up to today. In addition, Plaintiff's counsel was made aware that during the review of the documents, counsel's mother has had at least three strokes and has been in and out of rehab, when she asked counsel for their indulgence, which was granted. Furthermore, Plaintiff's counsel was agreeable to having the information by the end of the year during our last conversation.

The undersigned defense counsel has attached the privilege log as requested by J. Fitzsimmons (Exhibit B). The Plaintiff has had the information since 2015 and it has once again been given to this in this letter.

Very truly yours,
TROTTA, TROTTA & TROTTA

/ ct13897 /

Erica W. Todd-Trotta

*~ Selected as a "Go to Law Firm" by Fortune 500 General Counsel ~*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

---------------------------------------------------------

| | | |
|---|---|---|
| FREDERICK KLORCZYK, JR., as | ) | CIVIL ACTION NO.: |
| co-administrator of the Estate of Christian | ) | 3:13-CV-00257-JAM |
| R. Klorczyk and LYNNE KLORCZYK, as | ) | |
| co-administrator of the Estate of Christian | ) | |
| R. Klorczyk, | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SEARS, ROEBUCK AND CO., SHINN FU | ) | |
| CORPORATION, SHINN FU COMPANY | ) | |
| OF AMERICA, INC., MVP (HK) | ) | |
| INDUSTRIES, LTD., and WEI FU | ) | |
| (TAISHAN) MACHINERY & ELECTRIC | ) | |
| CO., LTD., | ) | |
| Defendants. | ) | July 17, 2015 |

--------------------------------------------------------

**SEARS, ROEBUCK AND CO.'S RESPONSES TO**
**PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION**

The Defendant, Sears, Roebuck and Co. ("Sears"), hereby responds to the Plaintiffs'

Fourth Set of Requests for Production dated June 3, 2015.

**PRELIMINARY STATEMENT**

Each of the following Responses is made solely for the purpose of this action. Each

Response is subject to any and all objections to competency, relevance, materiality,

confidentiality, and admissibility. In addition, each Response is subject to any and all objections

and/or grounds that would require the exclusion of any statement or material provided, or any

part thereof, in response to any Request for Production of Documents.  All objections are

reserved and may be asserted at the time of trial. The fact that Defendant has responded to or

objected to any Request for Production of Documents should not be taken as an admission that

the Request for Production of Documents or Response thereto constitutes admissible evidence.

*Trotta, Trotta & Trotta, LLC*
*ATTORNEYS AT LAW*
*P.O. BOX 802 • NEW HAVEN, CONNECTICUT 06503-0802 • (203) 787-6756*

The mere fact that Defendant has responded to part of or all of any Request for Production of Documents is not intended to be, and shall not constitute a waiver by Defendant of any objections to the Request for Production of Documents.

The Responses are based upon information presently available to Defendant. Defendant reserves the right to make further responses if it appears that any omission or error has been made in connection with these Responses or in the event that more complete or accurate information is available. These Responses are made without prejudice to the right to present at trial such additional evidence as may be later discovered or evaluated.

Further, the Defendant clarifies that it will construe the Plaintiffs' use of the term "affiliates" and "related entities" in their definition of "Defendants", "Shinn Fu", "SFA", "MVP", "Wei Fu", "Sedgwick", and "Sears", and in their Instructions, as either describing entities that own an interest in one another or describing entities with common ownership, and not as encompassing all entities with which a company has a contractual or business relationship.

Additionally, the Defendant objects to the Plaintiffs' definition of "jack stands" to the extent that this definition does not contain the limiting language articulated by Judge Meyer in connection with this action, stating that similar jack stands must have a four-point base stand, a vertical rising ratchet arm, and a pawl that engages with the ratchet arm.  The Defendant will construe the Plaintiffs' definition of "jack stands" to encompass these additional limitations.

Lastly, the Defendant objects to the Plaintiffs' definition of "False Engagement" as vague and confusing in that it fails to provide any frame of reference or context to determine what constitutes a "true," "full," "complete," or "unskewed" engagement, as opposed to a "false," "partial," "incomplete," or "skewed" engagement.

*Trotta, Trotta & Trotta, LLC*
ATTORNEYS AT LAW
P.O. BOX 802  •  NEW HAVEN, CONNECTICUT 06503-0802   •   (203) 787-6756

## REQUESTS FOR PRODUCTION

1.      All documents concerning any inquiry, investigation, review, analysis, or report

regarding False Engagement, Jack Stands, Christian Klorczyk, or any event, act, or occurrence

that is the subject of the Complaint or the Litigation prepared by or at the direction of any third

party, including, but not limited to Sedgwick.

**RESPONSE:  Objection.  This request is vague and ambiguous in its use of the undefined terms "inquiry", "investigation", "review", "analysis" or "report".  This request is also overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in asking for every single inquiry, investigation, review, analysis, or report in any way regarding "Jack Stands", and because of its temporal scope.   Further, this request calls for the production of material protected from disclosure by the attorney-client privilege and the work product doctrine, in the form of post-litigation communications and materials. This request also calls for the production of materials prepared in anticipation of litigation.**

**Subject to these objections, responsive documents are produced herewith.**

2.      All documents concerning any testing of Jack Stands by or at the direction of

Sears Global Holdings Corporation, including, but not limited to, testing of False Engagement,

testing of compliance with any standard for Jack Stands established or maintained by Sears,

Shinn Fu, SFA, MVP, Wei Fu, ASME, FMRC, or ISO, and the results thereof.

**RESPONSE:  Objection.  This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  This request also improperly calls for Sears to provide responses on behalf of other Defendants and non-parties to this action.**

**Subject to the foregoing objections, Sears states that it is not in possession, custody, or control of Sears Holdings Global Sourcing Limited's database of documents and/or electronically stored information, and that Intertek testing reports are produced herewith.**

3.      All documents concerning Sears' product safety database, including, but not

limited to, policies and procedures regarding the same.

*Trotta, Trotta & Trotta, LLC*
*ATTORNEYS AT LAW*
*P.O. BOX 802  •  NEW HAVEN, CONNECTICUT 06503-0802   •   (203) 787-6756*

**RESPONSE:  Objection.  This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible both in its temporal scope and in the scope of its subject matter, which calls for information and documents concerning products distinct from and unrelated to jack stands.**

**Subject to these objections, Sears refers the Plaintiffs to the deposition testimony of Kathryn Guerra for binding responses on behalf of Sears regarding the maintenance of its product safety database.**

4.      All documents in Sears' product safety database, including files or records

contained therein, concerning any report to the Consumer Product Safety Commission regarding

Jack Stands, False Engagement, the Litigation, Christian Klorczyk, Paul Becigneul, Frank

Duenas, and Christopher Raymond.

**RESPONSE:  Objection.  This request is overly broad, unduly burdensome, and not reasonably calculated to lead to discovery of admissible evidence.  This request also calls for the production of material protected from disclosure by the attorney-client privilege and the work product doctrine, in the form of post-litigation communications and materials.  This request also calls for the production of materials prepared in anticipation of litigation.**

**Subject to this objection, responsive documents were produced in response to Request No. 1, above.**

5.      All documents in Sears' product safety database, including files or records

contained therein, concerning or resulting from a search thereof using the following terms:  "Jack

Stands" and "Wei Fu Jack Stands."

**RESPONSE:  Objection.  This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it calls for the production of documents regarding completely-unrelated incidents that are dissimilar to the incident at issue in this case but would nonetheless be identified in response to a search using the terms "Jack Stands" and/or "Wei Fu Jack Stands."  The request also calls for production of information related to Jack Stands not distributed or manufactured by any of the Defendants in this case, which are outside the scope of permissible discovery in this action pursuant to this Court's prior rulings.  The temporal scope of this request is also overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  This request also calls for the production of materials prepared in anticipation of litigation.**

*Trotta, Trotta & Trotta, LLC*
*ATTORNEYS AT LAW*
*P.O. BOX 802  •  NEW HAVEN, CONNECTICUT 06503-0802   •   (203) 787-6756*

**Subject to these objections, responsive documents were produced at the deposition of Kathryn Guerra, and responsive documents were also produced in response to Request No. 1, above.**

6.      All documents in Sears' product safety database, including files or records

contained therein, concerning or resulting from any entry therein regarding Jack Stands, MVP

Jack Stands, Wei Fu Jack Stands, False Engagement, or any Jack Stand malfunction,

performance failure, or defect, including, but not limited to, the sudden collapse of a Jack Stand's

ratchet bar or column height under load.

**RESPONSE:  Objection.  This request is overly broad and unduly burdensome in that it is completely duplicative of the preceding requests.  This request also calls for the production of materials prepared in anticipation of litigation.**

**Subject to and without waiving this objection, Sears refers to its responses to Request Nos. 1, 4, and 5, above.**

7.      All documents concerning Sedgwick's file(s) or record(s) regarding Christian

Klorczyk, Paul Becigneul, Frank Duenas, and Christopher Raymond.

**RESPONSE:  Objection.  This request is overly broad and unduly burdensome in that it is completely duplicative of the preceding requests.  This request is also not reasonably calculated to lead to the discovery of admissible evidence.  This request also calls for the production of material protected from disclosure by the attorney-client privilege and the work product doctrine, in the form of post-litigation communications and materials.  This request also calls for the production of materials prepared in anticipation of litigation.**

**Subject to and without waiving this objection, Sears refers to its responses to Request Nos. 1, 4, and 5, above.**

8.      All documents concerning Jack Stand malfunctions, performance failures, or

defects, including, but not limited to False Engagement, or the sudden collapse of a Jack's Stand

ratchet bar or column height under load, maintained by Sears and created or maintained by, or in

the possession, custody or control of Cathy Layne, Margaret Oskorep, Robert Fanning, Dan

Swanson, Colin Knight, David Macarus, Kristen Coleman, Cary Mergele, or Christopher Tam.

*Trotta, Trotta & Trotta, LLC*
*ATTORNEYS AT LAW*
*P.O. BOX 802  •  NEW HAVEN, CONNECTICUT 06503-0802  •  (203) 787-6756*

**RESPONSE:  Objection.  This request is vague and ambiguous in its use of the undefined terms "malfunctions", "performance failures", and "defects".  This request is also overly broad and unduly burdensome in that it is duplicative of the preceding requests.  This request is also not reasonably calculated to lead to the discovery of admissible evidence.  This request also calls for the production of material protected from disclosure by the attorney-client privilege and the work product doctrine, in the form of post-litigation communications and materials.  This request also calls for the production of materials prepared in anticipation of litigation.   This request also calls for the production of documents in the possession of former employees or third parties over which Sears has no possession, custody, or control.  The temporal scope of this request is also overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

9.      All communications from Shinn Fu, SFA, MVP, or Wei Fu concerning Jack Stand

malfunctions, performance failures, or defects, including, but not limited to, False Engagement,

or the sudden collapse of a Jack Stand's ratchet bar or column height under load.

**RESPONSE:  Objection.  This request is vague and ambiguous in its use of the undefined terms "malfunctions", "performance failures", and "defects".  This request is also overly broad and unduly burdensome in that it is duplicative of the preceding requests.  This request is also not reasonably calculated to lead to the discovery of admissible evidence.  This request also calls for the production of material protected from disclosure by the attorney-client privilege and the work product doctrine, in the form of post-litigation communications and materials.  This request also calls for the production of materials prepared in anticipation of litigation.  The temporal scope of this request is also overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

10.     All documents concerning Sedgwick's file(s) or record(s) regarding Christian

Klorczyk, Paul Becigneul, Frank Duenas, and Christopher Raymond.

**RESPONSE:  Objection.  This request is overly broad and unduly burdensome in that it is completely duplicative of the preceding requests.  This request is also not reasonably calculated to lead to the discovery of admissible evidence.  This request also calls for the production of material protected from disclosure by the attorney-client privilege and the work product doctrine, in the form of post-litigation communications and materials.  This request also calls for the production of materials prepared in anticipation of litigation.**

*Trotta, Trotta & Trotta, LLC*
*ATTORNEYS AT LAW*
*P.O. BOX 802  •  NEW HAVEN, CONNECTICUT 06503-0802  •  (203) 787-6756*

DEFENDANT,
SEARS, ROEBUCK AND CO.


BY___/s/Sean P. Flynn_____

Sean P. Flynn, Esq. (phv05949)
Steven J. Zakrzewski, Esq. (ct28934)
Gordon & Rees LLP
95 Glastonbury Blvd, Suite 206
Glastonbury, CT 06033
Phone: (860) 278-7448
Fax: (860) 560-0185
Email: sflynn@gordonrees.com
         szakrzewski@gordonrees.com

BY_____/s/Erica W. Todd_____
Erica W. Todd, Esq. (ct13897)
Trotta, Trotta & Trotta
900 Chapel Street, 12th Floor
P.O. Box 802
New Haven, CT 06503
Phone: (203) 787-6756
Fax: (203) 776-4538
Email: etodd@trottalaw.com


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served upon all counsel of record via U.S. mail and via electronic transmission, pursuant to Rule 5(b), Fed. R. Civ. P., on this 17th day of July, 2015.



/s/Sean P. Flynn_____

Sean P. Flynn

# EXHIBIT A

-7-

## PRIVILEGE LOG

| Type | Subject Matter | To | From | Date | Privilege Reason |
|------|----------------|-----|------|------|------------------|
| Claims Notes | Paul Becignuel product return. | Margaret Oskorep | Dora Petrulis | 01/06/15 | Attorney - Client Privilege, Work-Product Privilege. |
| Claims Notes | Frank Duenas property damage claim. | Sedgwick | Sedgwick | 11/18/2008- 11/18/2011, 3/3/2015 | Attorney - Client Privilege, Work-Product Privilege. |
| Claims Notes/Claims File | Frank Duenas property damage claim. | Sedgwick | Sedgwick | 11/18/2008- 11/18/2011, 3/3/2015 | Attorney - Client Privilege, Work-Product Privilege. |
| Claims Notes/Claims File | Klorczyk | Sedgwick | Sedgwick | 02/05/2013 - current | Attorney - Client Privilege, Work-Product Privilege. |

# EXHIBIT B

Trotta, Trotta & Trotta, LLC
ATTORNEYS AT LAW
P.O. BOX 802 • NEW HAVEN, CONNECTICUT 06503-0802 • (203) 787-6756