

# Investigative Report

Klorczyk (Fredrick) et al. v. Sears, Roebuck and Co. et al.
ESI Project: 46615D
Client File: 3:13-CV-00257-RNC



1174 Oak Valley Drive
Ann Arbor, MI 48108

# Investigative Report

Klorczyk (Frederick) et al. v. Sears, Roebuck and Co. et al.
ESI Project: 46615D
Client File: 3:13-CV-00257-RNC

**Report Prepared for:**

Gordon & Rees, LLP
95 Glastonbury Blvd
Suite 206
Glastonbury, CT 06033

**Submitted by:**

*James K. Sprague*

James K. Sprague, Ph.D., P.E.
Principal & Manager of Michigan Operations

This report and its contents are the Work Product of Engineering Systems Inc. (ESI). This report should only be duplicated or distributed in its entirety. This report may contain confidential or court protected information; please contact an authorized entity prior to distributing. Conclusions reached and opinions offered in this report are based upon the data and information available to ESI at the time of this report, and may be subject to revision after the date of publication, as additional information or data becomes available.

Copyright ESI © 2017 - All Rights Reserved

Case 3:13-cv-00257-JAM   Document 296-9   Filed 07/27/18   Page 3 of 7

| Klorczyk (Frederick) et al. v. Sears, Roebuck and Co. et al. | Page 33 of 37 |
| ESI Project: 46615D | April 21, 2017 |

The BMW was elevated at least two times on the day of the incident using a Sears brand 3 ½ ton sears hydraulic automotive service jack. The subject service jack was sold with an important cup shaped component called the saddle, whose purpose is defined as "the portion of the PALD (Portable Automotive Lifting Device) which comes in contact with and/or engages the vehicle or vehicle component." [ASME PALD-2009]

On the day of the incident, the subject service jack was being used without the saddle-cup, and the lifting of the BMW was being achieved by using the top surface of the lifting arm that normally would support the saddle.[160] The top surface of the lifting arm of the subject service jack consists of a nominally 3 ¼ by 4 ¼ -inch rectangular smooth steel surface (top lift plate), devoid of paint or other coverings and with a centrally located 1 ½ -inch diameter hole intended to receive and retain the saddle-cup.

Due to the location of the BMW within the Klorczyks garage's middle bay, the service jack was not able to be utilized by placing it perpendicular to the side of the car due to interference with garage structural poles. Rather, the top lift plate of the service jack had to be placed in proximity to the BMW's right front plastic lifting pad by angling the service jack such that the service jack did not interfere with a structural support post or other material within the bay. Mr. Klorczyk testified that he utilized the service jack in an angled fashion to lift the BMW off the decedent.[161]

When the decedent elevated the BMW prior to the incident, it is likely that he did so by locating the bare metal top lift plate of the service jack beneath the right front plastic lifting pad located just aft of the right front wheel well. Lieutenant Brett Mahoney noted in his incident report narrative that the bare metal top portion was moist with condensation.[162] Moisture can function as a lubricant and dramatically decrease the friction at the interface between the top lift plate and the plastic lifting pad, and thereby further reduce the vehicle retention capability of the service jack.

Inspection of the subject vehicle revealed witness marks on the side of the vehicle near and leading from the right front plastic lifting pad location. The appearance and features of these marks are consistent with sliding contact of the side of the vehicle moving downward with respect to a horizontally oriented rigid metal edge and corner, such as that found on the subject service jack's top lift plate (see **Figure 10**) with the service jack oriented at an angle relative to the side of the BMW. Photographs of the witness marks on the side of the vehicle are shown in **Figures 29a, 29b, and 29c. Figure 29a**, taken by the Waterford Police Department, displays a witness mark to the passenger side rocker panel of the BMW. This mark is bright and readily visible immediately to the right of the yellow service jack handle. **Figures 29b and 29c** are inspection photographs of the marks on the rocker panel in the same location as the witness mark in the police photo, located directly above the front outboard corner of the plastic lifting pad. The directionality of the witness marks are consistent with downward travel of the BMW relative to a rigid object with sharp features such as the forward edge of the service jack's top lift plate. Consistent with ESI's measurements and analysis, **Figures 30a, 30b, and 30c** were constructed to demonstrate the manner in which the BMW's contact with the service jack's top lift plate fits the available physical evidence.

---

[160] Waterford PD Report pg. 17, KLORCZYK00062 [ESI 8.001]

[161] Deposition of Mr. Frederick Klorczyk, November 13, 2014, p.207-209 [ESI 6.001]

[162] Waterford PD Report pg. 17, KLORCZYK00062 [ESI 8.001]



Case 3:13-cv-00257-JAM   Document 296-9   Filed 07/27/18   Page 4 of 7

Klorczyk (Frederick) et al. v. Sears, Roebuck and Co. et al.                Page 34 of 37
ESI Project: 46615D                                                          April 21, 2017

  

**Figure 29a:** Police photo of witness marks on BMW's rocker panel[163]    **29b:** Witness marks on BMW's rocker panel[164]    **29c:** Witness marks on BMW's plastic lifting pad and rocker panel[165]

  

**Figure 30a:** Top lift plate after slipping from plastic lifting pad    **30b:** Top lift plate making large gouge mark on rocker panel    **30c:** Alternate view of top lift plate making large gouge mark on rocker panel

In addition to the witness marks on the rocker panel, a witness mark is also present at the front outboard corner of the plastic lifting pad that is likewise consistent with slipping off the edge of a horizontally oriented flat metal top plate. The witness mark on the plastic lifting pad is shown in **Figures 31a, 31b, and 31c**. Given this information and evidence, it is likely that due to forces applied to the BMW by the decedent, the BMW's right front plastic lifting pad slipped off the top lift plate of the service jack's lifting arm causing the lateral aspect (side) of the BMW's rocker panel to impact the top lift plate as the now unsupported BMW dropped down and the subject service jack moved away from the BMW.

---

[163] Waterford Police Department Incident Report, KLORCZYK000098 pg. 53 [ESI 8.001]

[164] 46615D_P001_0414 [ESI 2.501]

[165] 46615D_P002_0024 [ESI 2.502]



Case 3:13-cv-00257-JAM   Document 296-9   Filed 07/27/18   Page 5 of 7

Klorczyk (Frederick) et al. v. Sears, Roebuck and Co. et al.  Page 35 of 37
ESI Project: 46615D  April 21, 2017

  

**31a:** Damage to BMW's lifting pad[166]     **31b:** Damage to BMW's lifting pad[167]     **31c:** Damage to BMW's lifting pad (annotated in white)[168]

The scenario of the service jack slipping out from under the BMW was presented in Lieutenant Mahoney's report, stating, "While Christian Klorczyk was applying pressure to the ratchet, it may have forced the jack and car to slide away from each other, causing the car to fall."[169]  Mrs. Klorczyk's original statement in the police report is also consistent with Lieutenant Mahoney's scenario, stating, "Mrs. Klorczyk stated as she entered the garage she observed the red BMW was on top of Christian and a pump jack had, which was initially holding up the vehicle had moved."[170]

---

[166] 46615D_P002_0020.jpg [ESI 2.502]

[167] 46615D_P002_0021.jpg [ESI 2.502]

[168] 46615D_P002_0021.jpg, annotated [ESI 2.502]

[169] Waterford Police Department Incident Report, KLORCZYK000062 pg. 17 [ESI 8.001]

[170] Waterford Police Department Incident Report, KLORCZYK000049 pg. 4 [ESI 8.001]



Case 3:13-cv-00257-JAM   Document 296-9   Filed 07/27/18   Page 6 of 7

Klorczyk (Frederick) et al. v. Sears, Roebuck and Co. et al.  Page 36 of 37
ESI Project: 46615D  April 21, 2017

**Conclusions**

Based on the above referenced investigation and analysis, the following conclusions are provided to a reasonable degree of engineering certainty.

- While performing vehicle maintenance, the BMW dropped from its elevated position, trapping the decedent beneath suspension and structural components. Specifically, the decedent's body was aligned essentially parallel to and below the BMW's longitudinal axis, with the head beneath the engine and oil pan, the right side of the head facing down, and the feet and lower legs protruding forward of the BMW's front bumper.

- The hypothesis advanced by Mr. Heath, briefly, that the BMW was solely supported by a single jack stand beneath a front passenger side frame member immediately before the incident, which then collapsed and tipped over, is not supported by any physical evidence or eyewitness testimony.

    o   The single jack stand identified by Mr. Klorczyk was not being used to support the BMW.

    o   The area identified by Mr. Klorczyk was not suitable for a jack stand to support the BMW.

    o   The jack stand location hypothesized by Mr. Heath, exhibits substantial interference with the decedent's known position and configuration.

- The BMW was supported solely by the service jack before the incident.

    o   The subject service jack was being used without the saddle-cup and the lifting of the BMW was being achieved using the rectangular smooth steel surface of the top lift plate.

    o   The use of the service jack absent of the castellated and concave saddle-cup in contact with the BMW's right front plastic lifting pad would provide severely compromised vehicle retention capability, particularly in the presence of moisture, compared with using the saddle-cup as designed by the manufacturer.

    o   Due to forces applied to the BMW by the decedent, the BMW's right front plastic lifting pad slipped off the top portion of the service jack's lifting arm causing the lateral aspect (side) of the BMW's rocker panel to impact the top plate as the now unsupported BMW dropped down and the subject service jack moved away from the BMW.

- No additional "safety measures" were utilized by the decedent

    o   No jack stands were utilized by decedent to support the BMW

    o   The front passenger side tire/wheel assembly was not placed beneath the rotor by decedent

- Mr. Heath's analysis is incomplete and contains faulty logic. Evidence supportive of alternative causation is not addressed, while the theories advanced by Mr. Heath are speculative and lacking in evidence. As one example, although he dismisses "Tip Over" of the jack stand as a prospective



Case 3:13-cv-00257-JAM   Document 296-9   Filed 07/27/18   Page 7 of 7

Klorczyk (Frederick) et al. v. Sears, Roebuck and Co. et al.                Page 37 of 37
ESI Project: 46615D                                                         April 21, 2017

cause due to a lack of witness marks, [171] elsewhere in the same report Mr. Heath opines that "the support stand tipped over as a result of the collapse, or the movement of CK, or some combination thereof." [172] Mr. Heath provides no analysis and proposes no mechanism by which the hypothesized jack stand might overturn other than vague suggestions of undefined movement. Even more importantly, Mr. Heath provides no measurements, analysis or material evidence that supports his opinion that the jack stand was supporting the BMW at the right side frame member inboard of the wheel. His opinion regarding the "tip over" of the jack stand would seem to be based entirely on Mr. Klorczyk's testimony.

✎ End of Report Text ✎

Attachments or Appendices

Appendix A ─ CV of Author

Appendix B ─ Additional Rule 26 Disclosures by Author

Appendix C ─ Photos and Videos from Site Inspection on date

Appendix D ─ Inspection photographs.

Appendix E ─ Police report photos

Appendix F ─ Enhanced police report photos.

Appendix G ─ Decedent's location images

Appendix H ─ BMW lift configurations

---

[171] Heath and Associates Expert Report, December 8, 2014, pg. 11 [ESI 9.002]

[172] December 8, 2014, Heath and Associates Expert Report, pg. 9 [ESI 9.002]

