

Deposition of:

# Eric J. Boelhouwer , Ph.D.

*March 9, 2017*

In the Matter of:

# Klorczyk vs. Sears

Veritext Legal Solutions

1075 Peachtree St. NE , Suite 3625
Atlanta, GA, 30309
800.808.4958 | calendar-atl@veritext.com  | 770.343.9696

Case 3:13-cv-00257-JAM   Document 296-32   Filed 07/27/18   Page 2 of 4

Eric J. Boelhouwer , Ph.D.                    March 9, 2017
Klorczyk vs. Sears

Page 167

```
1    0166
1     1   yes, sir.
2     2      Q.  Did you also review the testimony of Parker
3     3   Klorczyk, the decedent's brother?
4     4      A.  Yes, sir, that was provided to me.
5     5      Q.  Is it fair to say he also described the
6     6   decedent as having a good deal of experience working
7     7   on cars?
8     8      A.  Yes, sir, that was represented in Parker's
9     9   testimony as well.
10   10      Q.  And both Frederick and Parker Klorczyk
11   11   testified that the decedent was familiar with jack
12   12   stands?
13   13      A.  Yes, you can infer that from their
14   14   testimony, from both Frederick Klorczyk and Parker
15   15   Klorczyk.
16   16      Q.  I think they might have directly stated it.
17   17      A.  I don't know specifically as I sit here.
18   18      Q.  Would you agree this is an extremely
19   19   important point of your opinion, that appropriate
20   20   and adequate warnings would have changed behavior?
21   21      A.  Yes, sir.
22   22      Q.  And it seems to be, based mostly on Mr.
23   23   Klorczyk's testimony, that he reviewed the manual
24   24   and the labels with the decedent?
25   25      A.  Yes, sir, and that adequate and appropriate
```

Case 3:13-cv-00257-JAM   Document 296-32   Filed 07/27/18   Page 3 of 4

Eric J. Boelhouwer , Ph.D.
Klorczyk vs. Sears
March 9, 2017

Page 168

```
1    0167
1    1   warnings and instructions regarding the hazardous
2    2   condition identified by Mr. Heath are not identified
3    3   or communicated in those materials.
4    4       Q.  Are you aware that Mr. Klorczyk also
5    5   testified that his memory from this time period is
6    6   not excellent?
7    7       A.  My recollection of Mr. Klorczyk's testimony
8    8   is that -- I don't have a specific recollection of
9    9   that as I sit here.
10   10      Q.  Had Mr. Klorczyk not testified that he
11   11  reviewed -- Mr. Klorczyk testified that he reviewed
12   12  the manual and the labels and discussed the content
13   13  with the decedent, and you take that testimony at
14   14  face value to be true, correct?
15   15      A.  I have no reason to dispute his
16   16  recollection.
17   17      Q.  Were it not for Mr. Klorczyk's testimony on
18   18  this point, would you still opine that appropriate
19   19  and adequate warnings would have changed Christian
20   20  Klorczyk's behavior?
21   21      A.  The science doesn't allow me to go that
22   22  far, that -- that would be that the adequate and
23   23  appropriate warnings aren't provided as it relates
24   24  to the change in behavior of one individual, that's
25   25  not something that falls within the Human Factors
```

Case 3:13-cv-00257-JAM   Document 296-32   Filed 07/27/18   Page 4 of 4

Eric J. Boelhouwer, Ph.D.                           March 9, 2017
Klorczyk vs. Sears

Page 241

```
 1                        CERTIFICATE
 2    STATE OF GEORGIA:
      COUNTY OF FULTON:
 3
 4          I hereby certify that the foregoing transcript
      was taken down, as stated in the caption, and the
 5    colloquies, questions and answers were reduced to
      typewriting under my direction; that the transcript
 6    is a true and correct record of the evidence given
      upon said proceeding.
 7          I further certify that I am not a relative or
      employee or attorney of any party, nor am I
 8    financially interested in the outcome of this
      action.
 9          I have no relationship of interest in this
      matter which would disqualify me from maintaining
10    my obligation of impartiality in compliance with
      the Code of Professional Ethics.
11          I have no direct contract with any party in
      this action and my compensation is based solely on
12    the terms of my subcontractor agreement.
            Nothing in the arrangements made for this
13    proceeding impacts my absolute commitment to serve
      all parties as an impartial officer of the court.
14
15          This the 13th day of March, 2017.
16
17                    [signature: Lucy Rateau]

18                    _____
                      Lucy C. Rateau, RPR, CCR 2766
19
20
21
22
23
24
25
```