

1075 Peachtree Street, NE   Suite 3750   Atlanta, GA 30309   P 770.487.2138   F 770.487.0106   W www.dorrisassociates.com

December 5, 2014

Herzfeld & Rubin, P.C.
125 Broad Street
New York, NY 10004

Day Pitney, LLP
242 Trumbull Street
Hartford, CT 06103

<u>Re: Klorczyk v. Sears Roebuck and Company, et al.</u>

Dear Counsel:

As requested, the following is a report pertaining to opinions that I will offer in the litigation referenced above.

<u>QUALIFICATIONS</u>

My background, publications and professional certifications are provided on my attached curriculum vitae. Briefly, my area of experience and expertise, pertinent to this litigation, is warnings and communications pertaining to product safety. I hold a Ph.D. and a Master of Industrial and Systems Engineering from Auburn University where my area of specialization was Human Factors Engineering (HFE), including advanced courses in Human Factors, Safety Engineering and Ergonomics. My graduate studies were funded by the National Institute for Occupational Safety and Health (NIOSH) Deep South Education and Research Center (ERC). I also hold a Master of Business Administration degree from Tulane University and a Bachelor of Chemical Engineering degree from the Georgia Institute of Technology. I have been certified by the Board of Certified Safety Professionals (BCSP) and by the Board of Certification in Professional Ergonomics (BCPE).

During my professional work experience, I have routinely performed evaluations of the design and development of warnings, product instructions and similar precautionary information for consumer products. I also have led safety reviews for industrial processes and worked for over seven years in manufacturing environments. Dorris and Associates International, LLC provides product safety

1

**Confidential**



Figure 4.   Excerpt from subject Craftsman Professional 4-Ton Jack Stands Operators Manual, pg. 2.

Even though the rated capacity messages are contradictory, it is my understanding that even if a single jack stand is only intended to support 2 tons that capacity would have been greater than the curb weight of the 2001 BMW 325xi (2001 BMW Owner's Manual, pg. 194).

4. *Appropriate and Adequate Warnings Would Have Changed Behavior*

It is more likely than not appropriate and adequate warnings and instructions regarding the hazardous condition that exists if the locking pawl is not fully engaged with the ratchet bar would have been noticed, read and followed by Mr. Klorczyk and his son, Christian Klorczyk. Mr. Klorczyk testified that he reviewed the manual and the labels (F. Klorczyk deposition, pgs. 125 & 172) and he discussed the content with his son, Christian Klorczyk, prior to the incident (F. Klorczyk deposition, pgs. 173, 326 & 327). Therefore, if appropriate and adequate warnings and instructions had been provided, it is more likely than not that Mr. Klorczyk and his son, Christian Klorczyk, would have been informed and alerted of this hazard and would have changed their behavior as to prevent the harm suffered by Christian Klorczyk.

<u>CONCLUSION</u>

The warning system associated with the subject Craftsman Professional Heavy Duty Jack Stands, including the precautionary information provided in the Operators Manual, was inappropriate, inadequate and made the product unreasonably dangerous for ordinary users for the reasons discussed above.

8

**Confidential**

In the event that additional information is made available to me, I reserve the right to supplement or amend my opinions.

Sincerely,

Eric J. Boelhouwer, Ph.D.
Consultant

Attachments

Confidential