# *EXHIBIT X*

*Raymond*


# MVP (H.K.) INDUSTRIES LTD.

**15/F SUP Tower, 75-83 King's Road, North Point, Hong Kong.**
TEL: (852)-3187-0100          FAX: (852)-2565-7823

Arthur Chaykin, Esq. 钱亚忍          10939 Pomona Ave.
General Counsel  法 律 顾 问          Kansas City, MO 64153
816.410.5606                          achaykin@shinnfuamerica.com

June 26, 2006

Scott E. McLeod
Lynch Dallas, P.C.
PO Box 2457
Cedar Rapids, IA. 52406

Fax (319) 866-9721
e-mail smcleod@lynchdallas.com

    Re:  Request for Indemnification from Sears to MVP(HK) Industries, Ltd.
          <u>Raymond Estate v. Sears</u>. Case # 1:06-cv-00015-CRW-RAW,
          United States District Court for the Southern District of Iowa,
          Western Division

Dear Scott:

I am in receipt of Sears' request for indemnification and your recent explanation regarding the basis for such indemnification. MVP(HK) notes that at this early stage in the litigation, the gravamen of Plaintiff's Complaint cannot be ascertained. It is not clear, for example, whether Plaintiff is relying on allegations of design defect, manufacturing defect, failure to warn, or some other related theory. However, <u>without waiving jurisdictional defenses regarding MVP(HK)'s status as a direct defendant in the underlying litigation</u>, and after considering all relevant factors, MVP(HK) Industries, Ltd. has authorized me to accept indemnification obligations on behalf of Sears on a provisional basis, subject to the following reservations:

- MVP(HK) was not responsible for designing the product box or any representations made on the box. To the extent that Plaintiff alleges any theories of liability or damage relating to the box, MVP(HK) disclaims its indemnification obligation and otherwise reserves its rights.
- MVP(HK) was not responsible for any testing program conducted by Sears. To the extent that Plaintiff alleges any theories of liability or damage relating to improper testing by Sears, MVP(HK) disclaims its indemnification obligation and otherwise reserves its rights.


EXHIBIT 12

- MVP(HK) was not responsible for marketing, advertising, in-store representations, in-store instructions or other customer facing aspects of marketing and sales ["Marketing Activities"], other than the Owner's Manual and Warning Labels on the product. To the extent that Plaintiff alleges any theories of liability or damage relating to Marketing Activities, MVP(HK) disclaims its indemnification obligation and otherwise reserves its rights.

Because it is very early in the litigation and it is not at all clear what Plaintiff will allege against the Defendants and that might change the indemnification situation. From MVP(HK)'s perspective, it would be useful for Sears to retain you as "monitoring counsel" in behalf of Sears, so that you could keep Sears informed of progress in the lawsuit and alert Sears to any conflicts or potential conflicts that may arise. If Sears opts to continue to retain you as monitoring counsel, MVP(HK) will undertake to cooperate fully to keep you fully apprised of developments in the litigation.

Please let me know if you have any questions regarding the above or wish to discuss this matter further. Also, please arrange with Messrs. Olson and Brown for Notice of Substitution of Counsel to be filed with the Court in the underlying litigation.

Sincerely,

*Arthur A. Chaykin*

Arthur A. Chaykin
General Counsel
MVP(HK) Industries, Ltd.

cc: Alan Olson, Esq.
　　David L. Brown, Esq.

Confidential - Attorney Eyes Only Subject to a Protective Order        SFT000182