# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, et al., | : CIVIL ACTION NO.<br>: 3:13-cv-00257-JAM |
| *Plaintiffs*, | : |
| vs. | : |
| SEARS, ROEBUCK AND CO., et al., | : |
| *Defendants*. | : JUNE 25, 2018 |

### PLAINTIFFS' SUPPLEMENTAL RESPONSES TO DEFENDANTS' INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Plaintiffs Frederick Klorczyk, Jr. and Lynne Klorczyk, as co-administrators of the Estate of Christian R. Klorczyk, hereby supplement their responses to certain of Defendants' interrogatories and requests for production of documents as set forth below.

### Supplement to Interrogatory Responses dated September 23, 2016

**Interrogatory No. 7:**

Identify all jack stand cases and/or claims in which, as a result of investigations performed by Roger Claypool while he was an employee of SFA, Mr. Claypool determined that the cause of the incident was "false engagement" or "false loading."

**SUPPLEMENTAL RESPONSE:**

At his deposition, Mr. Claypool testified that he recalled investigating cases and claims involving the following complainants:

- Raymond (Claypool Dep. Tr. 80–81, 128–31, 230–33)
- Bowles (Claypool Dep. Tr. 62–67, 70–71, 160, 186–82, 238–40)
- Jeffcoat (Claypool Dep. Tr. 10–13, 110–01, 146–48, 182)
- Guerra (Claypool Dep. Tr. 13, 80, 148–49, 185–86)
- Hastedt (Claypool Dep. Tr. 65–66, 193)
- Sloan (Claypool Dep. Tr. 66, 197)

- Zinn (Claypool Dep. Tr. 66, 195–96)

Mr. Claypool further testified that claims involving jack stand failure were the second most frequent category of those he investigated while employed by SFA, and the majority of such investigations were based on claims of jack stand failure due to false engagement and the sudden, unexpected loss of ratchet bar height (Claypool Dep. Tr. 59–60).

**Interrogatory No. 8:**

For any cases or claims listed in response to Interrogatory No. 7 state all of the factors that caused Roger Claypool to conclude that the incident was caused by "false engagement" or "false loading."

**SUPPLEMENTAL RESPONSE:**

Plaintiffs incorporate their Supplemental Response to Interrogatory No. 7 above. Plaintiffs also refer to the portions of Mr. Claypool's deposition transcript where he testified concerning his investigation of cases and claims involving false engagement and the sudden, unexpected loss of ratchet bar height and, as testified at Mr. Claypool's deposition, his laboratory testing of a jack stand for false engagement. (Claypool Dep. Tr. 47–50, 59–67, 70–73, 80–81, 98–107, 128–31, 182–201). In addition, Mr. Claypool has extensive experience with jack stands of the same and similar ratchet-and-pawl design as the subject Craftsman 50163 model that is at issue in this action, including but not limited his twenty-year service as an employee of SFA, and his tenure as three-time Vice Chairman of the American Society of Mechanical Engineers Portable Automotive Lift Devices Committee, which he discussed at length during his deposition (*id.* 19–44, 76–83, 110–12, 198–201).

**Supplement to Document Production Responses dated September 23, 2016**

**REQUEST FOR PRODUCTION NO. 3**

Produce all documents in the possession, custody, or control of Roger Claypool concerning any jack stand claims or complaints regarding any of the Defendants of which he is aware.

**SUPPLEMENTAL RESPONSE:**

-2-

Plaintiffs do not possess additional documents responsive to this request that have not already been produced in this action.

### Supplement to Interrogatory Responses dated December 18, 2013

**Interrogatory No. 1:**

Regarding **YOUR** contention that the "Jack Stand that caused Decedent's death failed as a result of a defect in its design, assembly or manufacture," as alleged in the **FAC** at paragraph 21, please:

(a) State all facts that support your contention;

(b) **IDENTIFY** all **DOCUMENTS** that support your contention; and

(c) **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents that support your contention.

**SUPPLEMENTAL RESPONSE:**

(a) The jack stand's ratchet-and-pawl design was defective in that it was capable of supporting weight under load without being fully engaged, giving the user the false sense that the stand was safe when in fact it was subject to sudden, unexpected loss of ratchet bar height, the condition known as false engagement. On March 11, 2011, Christian Klorczyk was performing an oil change on the Klorczyks' BMW in the garage of the family's home in Waterford. Christian was using the subject Craftsman 50163 model jack stand to support the BMW when, as a result of false engagement, the ratchet bar suddenly and unexpectedly collapsed, causing the BMW to fall, crushing Christian's face and chest. Plaintiffs were the first to enter the garage and observed the jack stand beneath the BMW's front passenger area, as did the first emergency responder to arrive at the scene, Geoffrey Hausmann. Plaintiffs refer to their December 8, 2014 Expert Disclosure of Frederick G. Heath and their November 10, 2017 Rebuttal Expert Disclosure of Frederick G. Heath for additional information concerning the occurrence of false engagement as the cause of Christian's death.

(b) Plaintiffs do not possess additional documents responsive to this request that have not already been produced in this action.

(c) Roger Claypool; Frederick G. Heath; Geoffrey Hausmann; Frederick Klorczyk, Jr.; Lynne Klorczyk.

**Interrogatory No. 2**:

Regarding **YOUR** contention that "the manner in which the Decedent's death occurred was foreseeable and Defendants knew or should have known or anticipated that Decedent would not be aware of the risks and nature of the harm attendant to using the Jack Stand" as alleged in the **FAC** at paragraph 25, please:

(a) State all facts that support your contention;

(b) **IDENTIFY** all **DOCUMENTS** that support your contention; and

(c) **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents that support your contention.

**SUPPLEMENTAL RESPONSE:**

(a) The defendants had knowledge of the occurrence of false engagement in jack stands of the same and similar ratchet-and-pawl design as the subject Craftsman 50163 model that is at issue in this action. In the course of his employment with SFA, Roger Claypool investigated jack stand cases and claims involving false engagement and the sudden, unexpected loss of ratchet bar height. In his experience, Mr. Claypool concluded that false engagement was a defect that deserved industry-wide attention. In addition to proposing warnings and standards specific to false engagement, including in his capacity as Vice Chairman of the ASME Committee responsible for setting industry standards for jack stands, Mr. Claypool developed alternative and safer designs that incorporated redundant locking mechanisms as a means of preventing collapse due to false engagement. The defendants did not act on Mr. Claypool's proposals or recommendation that they adopt such additional safety measures, even though it was foreseeable that the occurrence of false engagement in a jack stand under load could result in serious bodily injury or death, as it did in this case. In contrast to defendants' inaction, industry peers and competitors, including Allied, Strongway, Torin and others, developed and implemented for sale on their ratchet-and-pawl designed jack stands additional safety features, at minimal cost, including redundant and secondary locking and loading devices and a double-locking mechanism which would prevent, in the event of a false engagement, the sudden, unexpected loss of ratchet bar height, thereby, as a consequence, eliminating the risk of harm arising from a false engagement and avoiding and preventing serious bodily injury or death. Despite having knowledge of false engagement, and despite having an opportunity to implement the safer alternative design as proposed by Mr. Claypool, the defendants failed to provide consumers such as Christian Klorczyk with adequate warnings concerning false engagement, exacerbating the potential for the defect to cause serious bodily injury or death by consumers such as Christian.

-4-

    (b)    Plaintiffs do not possess additional documents responsive to this request that have not already been produced in this action.

    (c)    Roger Claypool; Frederick G. Heath; Eric J. Boelhouwer; Frederick Klorczyk, Jr.; Lynne Klorczyk.

**Interrogatory No. 14:**

Regarding **YOUR** contention that **PROPOUNDING PARTY** is a manufacturer of the **JACK STAND**, as alleged in paragraph 15 of the **FAC**, please:

    (a)    State all facts that support your contention;

    (b)    **IDENTIFY** all **DOCUMENTS** that support your contention; and

    (c)    **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents that support your contention.

**SUPPLEMENTAL RESPONSE:**

(a) The sales representative agreement entered into between SFA and MVP called for SFA to perform services in connection with the sale of the defendants' jack stand products to customers in the United States, including Sears. MVP initially agreed to pay SFA a percentage of gross sales and subsequently a fixed monthly sum for SFA's services, which included lab testing, operators manual support, and customer phone service support performed by SFA employees, whose salaries and expenses were paid by MVP. SFA's general counsel, Arthur Chaykin, testified that the services undertaken by SFA covered the subject Craftsman 50163 model jack stand. Under its agreement with MVP, SFA was involved in the testing, inspecting, packaging and development of product warnings and instructions; indeed, the operators manual for the subject Craftsman 50163 model includes a customer service telephone number that is serviced by SFA from its headquarters in Kansas City, Missouri. The contracts between SFA and MVP are consistent with Mr. Claypool's testimony that SFA was involved in the business of selling and preparing for sale the same and similar ratchet-and-pawl design products of the type at issue in this action. In particular, Mr. Claypool testified that, to prepare for sale to customers in the United States, SFA performed testing of ratchet-and-pawl jack stands obtained from its parent corporation, SFC, which is based in Taiwan and serves as the global headquarters for the Shinn Fu Group, of which SFA, MVP, and Wei Fu are affiliated. SFA, along with Wei Fu and other affiliates, are listed as named insureds under policies issued by the Lexington Insurance Company to SFC/MVP during the relevant time period. Notably, the policies were procured under Missouri law and issued to the care of SFA's corporate address in Kansas City, which is consistent with the fact that Mr. Chaykin is identified as the corporate administrator for claims brought under the policies.

Additionally, in order to expand its operations in the United States, including for customers such as Sears, SFA performed testing based on SFC's internal standards and at

the direction of SFC's founder, Michael Hung. The Craftsman 50163 model was based on an existing design sold by SFA under a different brand name, Pro-Lift, the rights to which were owned by SFC. With respect to his investigation of claims and cases involving false engagement and the sudden, unexpected loss of ratchet bar height, Mr. Claypool testified that representatives from SFA and SFC were made aware of the issue and ultimately rejected his proposal for a safer alternative design. Mr. Chaykin further testified that SFA has been wholly owned by SFC since approximately 2009. SFC continues to sell the same and similar ratchet-and-pawl design jack stands under various brand names.

SFC and SFA thus were product sellers within the meaning of the Connecticut Product Liability Act in that they derived substantial economic benefit from the sale of the subject jack stands; participated in marketing, selling, and creating consumer demand for such products; and had extensive knowledge and control over such products. Moreover, given the nature of their involvement, including with respect to design, testing, development of warnings, claims investigation, and customer relations, SFC and SFA were among those entities that were in the best position to protect consumers such as Christian Klorczyk relative to the false engagement defect that is at issue in this action.

(b)     Plaintiffs do not possess additional documents responsive to this request that have not already been produced in this action.

(c)     Roger Claypool; Arthur Chaykin; Meghann O'Connor; Ryan Jorgensen; Su Chien Chi; Chang Chin He; Nora Lee.

**Interrogatory No. 15**:

Regarding **YOUR** contention that **PROPOUNDING PARTY** is an importer of the **JACK STAND**, as alleged in paragraph 15 of the **FAC**, please:

(a)     State all facts that support your contention;

(b)     **IDENTIFY** all **DOCUMENTS** that support your contention; and

(c)     **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents that support your contention.

**SUPPLEMENTAL RESPONSE:**

Plaintiffs incorporate their Supplemental Response to Interrogatory No. 14 above.

**Interrogatory No. 16**:

Regarding **YOUR** contention that **PROPOUNDING PARTY** is a wholesaler of the **JACK STAND**, as alleged in paragraph 15 of the **FAC**, please:

(a) State all facts that support your contention;

(b) **IDENTIFY** all **DOCUMENTS** that support your contention; and

(c) **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents that support your contention.

**SUPPLEMENTAL RESPONSE:**

**Plaintiffs incorporate their Supplemental Response to Interrogatory No. 14 above.**

**Interrogatory No. 17:**

Regarding **YOUR** contention that **PROPOUNDING PARTY** is a designer of the **JACK STAND**, as alleged in paragraph 15 of the **FAC**, please:

(a) State all facts that support your contention;

(b) **IDENTIFY** all **DOCUMENTS** that support your contention; and

(c) **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents that support your contention.

**SUPPLEMENTAL RESPONSE:**

**Plaintiffs incorporate their Supplemental Response to Interrogatory No. 14 above.**

**Interrogatory No. 18:**

Regarding **YOUR** contention that **PROPOUNDING PARTY** is a distributor of the **JACK STAND**, as alleged in paragraph 15 of the **FAC**, please:

(a) State all facts that support your contention;

(b) **IDENTIFY** all **DOCUMENTS** that support your contention; and

(c) **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents that support your contention.

**SUPPLEMENTAL RESPONSE:**

Plaintiffs incorporate their Supplemental Response to Interrogatory No. 14 above.

**Interrogatory No. 19:**

Regarding **YOUR** contention that **PROPOUNDING PARTY** is a retailer of the **JACK STAND**, as alleged in paragraph 15 of the **FAC**, please:

(a) State all facts that support your contention;

(b) **IDENTIFY** all **DOCUMENTS** that support your contention; and

(c) **IDENTIFY** all **WITNESSES** who have knowledge of the facts and/or documents that support your contention.

**SUPPLEMENTAL RESPONSE:**

Plaintiffs incorporate their Supplemental Response to Interrogatory No. 14 above.

**Supplement to Document Production Responses dated November 22, 2013**

**REQUEST FOR PRODUCTION NO. 3**

Any and all **DOCUMENTS RELATING TO YOUR** responses to **PROPOUNDING PARTY'S** Interrogatories.

**SUPPLEMENTAL RESPONSE:**

To the extent that this request seeks documents relating to the interrogatories above, Plaintiffs do not possess additional documents responsive to this request that have not already been produced in this action.

**REQUEST FOR PRODUCTION NO. 30**

Any and all **DOCUMENTS** that support **YOUR** claim for punitive damages.

**SUPPLEMENTAL RESPONSE:**

Plaintiffs do not possess additional documents responsive to this request that have not already been produced in this action.

PLAINTIFFS,

FREDERICK KLORCZYK, JR., as co-administrator of the Estate of Christian R. Klorczyk, and LYNNE KLORCZYK, as co-administrator of the Estate of Christian R. Klorczyk

By: /s/
Paul D. Williams (ct05244)
Bryan J. Orticelli (ct28643)
Kaitlin A. Canty (ct29074)
DAY PITNEY LLP
242 Trumbull Street
Hartford, Connecticut 06103-1212
(860) 275-0100
(860) 275-0343 (fax)
*pdwilliams@daypitney.com*
*borticelli@daypitney.com*
*kcanty@daypitney.com*

-and-

Howard S. Edinburgh
Herzfeld & Rubin, P.C.
125 Broad Street
New York, NY 10004
(212) 271-8529
(212) 344-3333 (fax)
*hedinburgh@herzfeld-rubin.com*

Their Attorneys

## **CERTIFICATION**

I HEREBY CERTIFY that on this date a copy of the foregoing was served by electronic mail to the following:

Dennis O. Brown
Steven J. Zakrzewski
Gordon & Rees LLP
95 Glastonbury Boulevard, Suite 206
Glastonbury, CT 06033
dbrown@gordonrees.com
szakrzewski@gordonrees.com

Erica W. Todd
Trotta, Trotta & Trotta
900 Chapel Street, 12th Floor
P.O. Box 802
New Haven, CT 06503
etodd@trottalaw.com


By:_____

## VERIFICATION

**STATE OF CONNECTICUT** )
)
**COUNTY OF NEW LONDON** )

    Before me, the undersigned Notary Public, on this day personally appeared Frederick Klorczyk, Jr. and Lynne Klorczyk, known to me to be the persons whose names are subscribed hereto, who upon their oath, stated that having knowledge of the matters contained in the responses to the foregoing interrogatories, the responses are, to the best of their knowledge and belief, true and correct.

    SUBSCRIBED AND SWORN TO BE FORE ME by Frederick Klorczyk, Jr. and Lynne Klorczyk on this ___ day of June, 2018.


_____
Frederick Klorczyk, Jr.


_____
Lynne Klorczyk


_____
Notary Public
My commission expires: