# EXHIBIT D

FROM : SEARS 2022   FAX NO. :   Apr. 25 2006 03:06PM P2

## THE IOWA DISTRICT COURT
## FOR POTTAWATTAMIE COUNTY

COMPLETE ONE OF THESE DIRECTIONS FOR EACH INDIVIDUAL, COMPANY, CORPORATION, ETC. TO BE SERVED.

### DIRECTIONS FOR SERVICE

TO: POTTAWATTAMIE COUNTY SHERIFF
1400 Big Lake Road
Council Bluffs, IA 51501

SERVE: Manager, any Agent or Clerk at
Sears Roebuck and Co.
1751 Madison Avenue
Mall of the Bluffs
Council Bluffs, IA 51503

ON COMPLETION OF SERVICE NOTIFY:

John W. Kocourek, 223 South Main Street, Council Bluffs, Iowa 51503-6504

Special Instructions or Information Relating to Service:

Best time to serve:

NAME AND SIGNATURE OF ATTORNEY OR OTHER ORIGINATOR:

DATE: 4/12/04

JOHN W. KOCOUREK
Telephone No. (712) 323-5881

DEPOSIT FOR COST OF SERVICE

[ ] Deposit Waived
[ ] Deposit for $_____   required and receipt thereof acknowledged.



Confidential - Attorney Eyes Only Subject to a Protective Order

SFT000057

FROM : SEARS 2022          FAX NO. :                    Apr. 25 2006 03:06PM  P3

IN THE IOWA DISTRICT COURT IN AND FOR POTTAWATTAMIE COUNTY

| | |
|---|---|
| JENNIFER RAYMOND, as Administrator of the Estate of Christopher Raymond, JENNIFER RAYMOND, individually, and JENNIFER RAYMOND, as parent and next friend of Blake Raymond and Page Raymond, minors.<br>Plaintiffs,<br>v.<br>SEARS ROEBUCK AND CO.,<br>Defendant. | LAW NO. LACV 071946<br><br>**ORIGINAL NOTICE** |

TO THE ABOVE NAMED DEFENDANT: SEARS ROEBUCK AND CO.

You are notified that a petition has been filed in the office of the clerk of this court naming you as the defendant in this action. A copy of the Petition at Law is attached to this notice. The name and address of the attorney for the plaintiffs is John W. Kocourek, whose address is 223 South Main Street, Council Bluffs, IA 51503; telephone number: (712) 323-5881; facsimile number: (712) 325-1487.

You must serve a motion or answer within 20 days after service of this original notice upon you, and within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Pottawattamie County, at the county courthouse in Council Bluffs, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of disability, immediately call your district ADA coordinator at (712) 328-4797. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.) April 11, 2006

(SEAL)

CLERK OF COURT
Pottawattamie County Courthouse
Council Bluffs, Iowa 51501

IMPORTANT: YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.

Confidential - Attorney Eyes Only Subject to a Protective Order

SFT000058

IN THE IOWA DISTRICT COURT IN AND FOR POTTAWATTAMIE COUNTY

| | |
|---|---|
| JENNIFER RAYMOND, as Administrator of the Estate of Christopher Raymond, JENNIFER RAYMOND, individually, and JENNIFER RAYMOND, as parent and next friend of Blake Raymond and Page Raymond, minors.<br>  Plaintiffs,<br><br>v.<br><br>SEARS ROEBUCK AND CO.,<br>  Defendant. | LAW NO. 04781 LACV-98946<br><br>PETITION AND DEMAND FOR JURY TRIAL |

COME NOW the Plaintiffs and for their Petition states as follows:

### JURISDICTION

That this court has jurisdiction pursuant to Iowa Constitution, Article V, Section 6 and Sections 602.6101, 602.6202, 602.6306, and 602.6702 of the Code of Iowa (2005). Plaintiffs have been damaged in an amount that exceeds the applicable minimum jurisdictional requirements for District Court.

### VENUE

That Pottawattamie County Iowa is the proper venue in which to bring this action pursuant to Section 616.18 Code of Iowa (2005).

### FACTS

1. That plaintiff, Jennifer Raymond, is the duly-appointed Administrator of the Estate of Christopher Raymond.

2. That Jennifer Raymond, individually, is the widow of Christopher Lynn Raymond, deceased.

Confidential - Attorney Eyes Only Subject to a Protective Order          SFT000059

3. That Blake Raymond and Page Raymond are the minor children of Christopher Lynn Raymond and Jennifer Raymond.

4. That at all times material hereto, Jennifer Raymond and Christopher Raymond resided at 1023 North Walnut Street, Glenwood, Iowa 51534.

5. That the defendant, Sears Roebuck and Co., is a New York corporation authorized to conduct business in the state of Iowa and has a retail facility at 1751 Madison Avenue and at 1110 Woodbury Avenue in Council Bluffs, Pottawattamie County, Iowa, (hereinafter, referred to as "Sears.")

6. That the defendant designed, manufactured and sold in the stream of commerce a certain jack stand identified as follows:

Craftsman – 3.5 ton capacity jack stand: Model No. 950157.

7. That on April 14, 2004, the plaintiffs' decedent, Christopher Raymond, was using the jack stands, when suddenly, without warning, they failed, causing the plaintiffs' decedent to be crushed underneath the 2001 Ford Mustang GT under which he was working and which had previously been placed upon the jack stands.

8. That said product failure resulted in the crushing and subsequent death of Christopher Raymond.

## DEFECTIVE PRODUCT

9. This paragraph incorporates paragraphs 1 thru 8 as if fully set forth herein.

10. That the aforementioned jack stand was defective in the design and manufacture, was unreasonably dangerous to the consumer when used in a reasonable foreseeable manner, and was defective at the time it left the hands of the defendant, Sears.

Confidential - Attorney Eyes Only Subject to a Protective Order                    SFT000060

11. That the plaintiffs' decedent was a person who was reasonably expected to be a user of the aforementioned jack stand, and at all times, the plaintiffs' decedent used two of the aforementioned jack stands in a reasonable and foreseeable manner, and in a manner intended by the defendant, Sears.

12. That on April 14, 2004, the plaintiffs' decedent, Christopher Raymond, was using the jack stands, when suddenly, without warning, they failed, causing the plaintiffs' decedent to be crushed underneath the 2001 Ford Mustang GT under which he was working and which had previously been placed upon the jack stands.

13. That said product failure resulted in the crushing and subsequent death of Christopher Raymond.

14. Jennifer Raymond, as the Administrator of the Estate of Christopher Raymond, is entitled to recover damages on behalf of the Estate of Christopher Raymond, his surviving spouse, Jennifer Raymond, and children as follows:

15. The Estate of Christopher Raymond is entitled to recover damages for the present worth or value of the Estate that would reasonably be expected to have saved and accumulated as a result of his efforts between the time of his premature death and the end of his natural life had he lived.

16. That the Estate of Christopher Raymond is entitled to recover for funeral and burial expenses, as well as, interest on the cost of funeral and burial of Christopher Raymond for the period between his premature death and the date upon which he could have been expected to die.

17. The Administrator of the Estate of Christopher Raymond on behalf of his wife, Jennifer Raymond, is entitled to recovery for injuries and damages sustained by Jennifer

3

Confidential - Attorney Eyes Only Subject to a Protective Order                    SFT000061

Raymond for her loss of consortium, including love, affections, services, society, and companionship, as a result of the premature death of Christopher Raymond.

18. The Administrator of the Estate of Christopher Raymond on behalf of his children, is entitled to recover for injures and damages sustained by Blake Raymond and Page Raymond, his minor children, for their loss of consortium, including love, affection, services, society, and companionship as a result of the premature death of Christopher Raymond.

Under Products section

WHEREFORE, Jennifer Raymond, as the Administrator of the Estate of Christopher Raymond, and on behalf of Jennifer Raymond individually, Blake Raymond and Page Raymond, individually, minor children of Christopher Raymond, prays for judgment against the defendant and demands that a monetary judgment be entered against the defendant for all the injuries and damages sustained as recited above, together with interests and costs as provided by law.

## FAILURE TO WARN OF DEFECTIVE CONDITION

19. This paragraph incorporates paragraphs 1 through 18 as if fully set forth herein.

20. That the defendant designed, manufactured and put into the stream of commerce a product known as:

Craftsman – 3.5 ton capacity jack stands Model No. 950157.

21. That the defendant was in the business of designing, manufacturing and selling said product as alleged at all times material hereto.

22. That the product remained in essentially in the same form in the hands of each individual or accompanied the chain of sale from the manufacturer to the final use by the plaintiff's decedent, Christopher Raymond.

4

Confidential - Attorney Eyes Only Subject to a Protective Order　　　SFT000062

23. That the jack stands, as designed and manufactured, were defective and were unreasonably dangerous when used in the manner in which they were intended.

24. The defendant gave no warning to the ultimate purchaser and user of the product or to any intermediaries in the chain of sale of the unreasonable dangerous nature of the jack stands, even when used according to the instructions and intentions of the defendant.

25. Without such warning, plaintiff's decedent had no reason to question the instructions in the manual while using the jack stands.

26. An inspection by plaintiff's decedent would not disclose the danger and the defendant knew or had reason to know that there would be no such inspection.

27. The failure of the defendant to properly design, manufacture and to warn the plaintiff's decedent, made the jack stands defective, and unreasonably dangerous, and the defendant is strictly liable to the plaintiffs.

28. The defective and reasonably dangerous condition of the jack stands was a proximate cause of injury and death to Christopher Raymond.

WHEREFORE, Jennifer Raymond, as the Administrator of the Estate of Christopher Raymond, and on behalf of Jennifer Raymond individually, Blake Raymond and Page Raymond, individually, minor children of Christopher Raymond, prays for judgment against the defendant and demands that a monetary judgment be entered against the defendant for all the injuries and damages sustained as recited above, together with interests and costs as provided by law.

## BREACH OF IMPLIED WARRANTIES

29. This paragraph incorporates paragraphs 1 through 28 as if fully set forth herein.

Confidential - Attorney Eyes Only Subject to a Protective Order                    SFT000063

30. That the defendant impliedly warranted that its jack stands would be fit for the purposes for which they were intended and would operate in a safe condition.

31. The defendant impliedly warranted that its product would be free from defects and creating an unreasonable risk of harm.

32. That the defendant warranted that the product would be constructed and marketed consistent with good safety practices, including adequate instructions, warnings and safety devices.

33. That the defendant breached one or more of the aforesaid warranties.

34. That the defendant's breach of the implied warranties was a proximate cause of injuries to Christopher Raymond.

WHEREFORE, Jennifer Raymond, as the Administrator of the Estate of Christopher Raymond, and on behalf of Jennifer Raymond individually, Blake Raymond and Page Raymond, individually, minor children of Christopher Raymond, prays for judgment against the defendant and demands that a monetary judgment be entered against the defendant for all the injuries and damages sustained as recited above, together with interests and costs as provided by law.

## WRONGFUL DEATH

35. This paragraph incorporates paragraphs 1 through 34 as if fully set forth herein.

36. As a result of the acts and negligence of the Defendant, the Estate of Christopher Raymond has been damaged and the surviving spouse and children have suffered.

37. Jennifer Raymond, as the Administrator of the Estate of Christopher Raymond, is entitled to recover damages on behalf of the Estate of Christopher Raymond, his surviving spouse, Jennifer Raymond, and children as follows:

Confidential - Attorney Eyes Only Subject to a Protective Order                    SFT000064

FROM : SEARS 2022　　　　　　　FAX NO. :　　　　　　　Apr. 25 2006 03:09PM P10

38. The Estate of Christopher Raymond is entitled to recover damages for the present worth or value of the Estate that would reasonably be expected to have saved and accumulated as a result of his efforts between the time of his premature death and the end of his natural life had he lived.

39. That the Estate of Christopher Raymond is entitled to recover for funeral and burial expenses, as well as, interest on the cost of funeral and burial of Christopher Raymond for the period between his premature death and the date upon which he could have been expected to die.

40. The Administrator of the Estate of Christopher Raymond on behalf of his wife, Jennifer Raymond, is entitled to recovery for injuries and damages sustained by Jennifer Raymond for her loss of consortium, including love, affections, services, society, and companionship, as a result of the premature death of Christopher Raymond.

41. The Administrator of the Estate of Christopher Raymond on behalf of his children, is entitled to recover for injures and damages sustained by Blake Raymond and Page Raymond, his minor children, for their loss of consortium, including love, affection, services, society, and companionship as a result of the premature death of Christopher Raymond.

WHEREFORE, Jennifer Raymond, as the Administrator of the Estate of Christopher Raymond, and on behalf of Jennifer Raymond individually, Blake Raymond and Page Raymond, individually, minor children of Christopher Raymond, prays for judgment against the defendant and demands that a monetary judgment be entered against the defendant for all the injuries and damages sustained as recited above, together with interests and costs as provided by law.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

42. This paragraph incorporates paragraphs 1 through 41 as if fully set forth herein.

7

Confidential - Attorney Eyes Only Subject to a Protective Order　　　　SFT000065

43. On April 14, 2006, Blake Edwards entered the garage where his father had been working on a motor vehicle utilizing the jack stands manufactured, sold and distributed by the defendant.

44. That the minor child discovered his father crushed under the motor vehicle resulting in severe emotional distress.

45. That the minor child went and retrieved his mother, who also went to the scene and observe her husband crushed under the motor vehicle, resulting in severe emotional distress.

WHEREFORE, Jennifer Raymond, as the Administrator of the Estate of Christopher Raymond, and on behalf of Jennifer Raymond individually, and Jennifer Raymond, as mother of Blake Raymond individually, minor child of Christopher Raymond, prays for judgment against the defendant and demands that a monetary judgment be entered against the defendant for all the injuries and damages sustained as recited above, together with interests and costs as provided by law.

## NEGLIGENT MISREPRESENTATION

46. That this paragraph incorporates paragraphs 1 through 45 as fully set forth herein.

47. Sears Roebuck and Co. developed a line of tools and products under the "Craftsman" brand name.

48. Sears Roebuck and Co. made representations, including but not limited to the following:

    A. that the Craftsman brand line of tools and products from Sears are of the highest quality.

    B. That the jack stands were safe for their intended use;

8

Confidential - Attorney Eyes Only Subject to a Protective Order          SFT000066

  C. That the jack stands were of high quality and design

  D. That the product would safely serve its intended purpose for years after its purchase.

 49. That the defendant negligently supplied information which was false.

 50. That the defendant knew or should have known that the representations made to the plaintiff were false. That making the representations, the defendant was negligent in one or more of the following particulars, to-wit:

  A. that the Craftsman brand line of tools and products from Sears are of the highest quality.

  B. That the jack stands were safe for their intended use;

  C. That the jack stands were of high quality and design

  D. That the product would safely serve its intended purpose for years after its purchase.

 51. That the defendant intended to supply the above information and knew that the person who received the information would rely upon the information to influence the purchase of the product.

 52. That the plaintiff's decedent justifiably acted in reliance upon the information provided.

 53. That the negligently supplied information was a proximate cause of damage to the plaintiff.

 WHEREFORE, Jennifer Raymond, as the Administrator of the Estate of Christopher Raymond, and on behalf of Jennifer Raymond individually, Blake Raymond and Page Raymond, individually, minor children of Christopher Raymond, prays for judgment against the defendant

9

and demands that a monetary judgment be entered against the defendant for all the injuries and damages sustained as recited above, together with interests and costs as provided by law.

### CERTIFICATION

In the event that the defendant claims that they are not the assembler, designer or manufacturer, and who is the wholesaler who retails, distributes or sells the product and, is immune from suit pursuant to Section 613.18 of the Iowa Code, your plaintiffs certify that the manufacturer of the product involved in this litigation is not yet identifiable.

### DEMAND FOR JURY TRIAL

PLAINTIFFS hereby demand a jury by trial on all counts and issues set forth herein.

JOHN W. KOCOUREK #0000007607
223 South Main Street
Council Bluffs, IA 51503-6504
Tele: (712) 323-5881
Fax: (712) 325-1487
ATTORNEY FOR PLAINTIFFS

10

Confidential - Attorney Eyes Only Subject to a Protective Order                SFT000068