# Exhibit C

Case 3:13-cv-00257-JAM   Document 322-3   Filed 11/20/18   Page 2 of 6

FREDERICK KLORCZYK, JR., ET AL. vs. SEARS, ROEBUCK AND CO., ET AL.
08/17/2016                                                    Roger D. Claypool

```
 1              UNITED STATES DISTRICT COURT

 2                 DISTRICT OF CONNECTICUT

 3

 4   ----------------------------------x

 5   FREDERICK KLORCZYK, JR., as

 6   co-administrator of the Estate

 7   of Christian R. Klorczyk, et al.,

 8                   Plaintiffs

 9                                        Civil Action No.

10   vs.                                  3:13-cv-00257-JAM

11

12   SEARS, ROEBUCK AND CO., et al.,

13                   Defendants

14   ----------------------------------x

15

16

17          VIDEOTAPED DEPOSITION OF ROGER D. CLAYPOOL, a

18      witness called by and on behalf of the Plaintiffs,

19      taken pursuant to applicable provisions of the Federal

20      Rules of Civil Procedure, before Nicole E. Viens, a

21      Registered Professional Reporter and Notary Public in

22      and for the State of Connecticut, at Day Pitney, 242

23      Trumbull Street, Hartford, Connecticut, on Wednesday,

24      August 17, 2016, commencing at 9:30 a.m.

25
```

Case 3:13-cv-00257-JAM   Document 322-3   Filed 11/20/18   Page 3 of 6

FREDERICK KLORCZYK, JR., ET AL. vs. SEARS, ROEBUCK AND CO., ET AL.
08/17/2016                                                Roger D. Claypool

```
 1   information you had --
 2      A.   Yes.
 3      Q.   -- was that he was using a pair of jack stands?
 4      A.   Yes.
 5      Q.   A matched pair?
 6      A.   Yes.
 7      Q.   Which is how the instructions tell you to use
 8   them, correct?
 9      A.   I believe so.
10      Q.   Yeah.  And there was some paint scraped off some
11   part of it?
12      A.   There was paint removed from the -- from the
13   ratchet, the front side of the ratchet, and the pawl
14   side of the ratchet consistent with like metal on metal
15   scraping that wouldn't be present in just normal use.
16      Q.   When you say -- it's tough because these things
17   are foresighted.  When you say "front" -- when you say
18   there was some scraping on the pawl side, you mean
19   where the pawl would connect with the teeth on the
20   ratchet bar, there was some scraped paint?
21      A.   That edge, yes, along that edge.
22      Q.   And also on the edge directly opposite of that?
23      A.   Yes.
24      Q.   There was paint scraped off of both --
25      A.   Yes.
```

Case 3:13-cv-00257-JAM   Document 322-3   Filed 11/20/18   Page 4 of 6

FREDERICK KLORCZYK, JR., ET AL. vs. SEARS, ROEBUCK AND CO., ET AL.
08/17/2016                                                Roger D. Claypool

```
 1    Q.   -- of those surfaces?
 2    A.   Yes.  Yeah.
 3    Q.   What else did you observe about that jack stand
 4   that might have looked unusual to you?
 5    A.   Nothing -- nothing that -- nothing remarkable.
 6    Q.   Okay.
 7    A.   Nothing remarkable that I recall.  I guess
 8   that's -- that was one of the most unusual things about
 9   it was that it wasn't damaged.  It wasn't crushed like
10   most are.
11    Q.   Most are crushed?
12    A.   Most are crushed as a result of the sudden loss
13   of height and getting caught up in the vehicle
14   components.
15    Q.   When you say "crushed," you mean a leg could be
16   broken off --
17    A.   Yeah.
18    Q.   -- a ratchet bar could be snapped?
19    A.   No.  The -- basically the base being crushed as
20   a result of an impact.
21    Q.   It would have an obvious physical deformity?
22    A.   Yes.
23    Q.   Even if I as a layperson was looking at it?
24    A.   Definitely.
25    Q.   This isn't something that you only can see
```

Case 3:13-cv-00257-JAM   Document 322-3   Filed 11/20/18   Page 5 of 6

FREDERICK KLORCZYK, JR., ET AL. vs. SEARS, ROEBUCK AND CO., ET AL.

08/17/2016                                                    Roger D. Claypool

```
 1   because you --
 2     A.   Correct.
 3     Q.   -- know the product well?
 4     A.   Correct.
 5     Q.   Okay.  All right.  And so on the Bowles case,
 6   you might -- did you say you might have some small
 7   notes somewhere or do you think that's gone?
 8     A.   No.  I'm certain I have a note that I -- yes.
 9     Q.   Okay.  You have a handwritten note?
10     A.   Yes.
11     Q.   At your house?
12     A.   Yes.
13     Q.   How long is it?
14     A.   It's more of a -- it's a note on top of another
15   document.
16     Q.   So just a couple of words?
17     A.   Yeah.
18     Q.   Less information than what you've given me
19   today?
20     A.   Yes.  I mean about.  It's about the same
21   information.
22     Q.   Sure.  Now, I think you mentioned -- it was
23   after you were talking about the Bowles case, you
24   mentioned the names of some other claimants, and I
25   wanted to ask you if you recalled any details about
```

Case 3:13-cv-00257-JAM   Document 322-3   Filed 11/20/18   Page 6 of 6

FREDERICK KLORCZYK, JR., ET AL. vs. SEARS, ROEBUCK AND CO., ET AL.
08/17/2016                                                    Roger D. Claypool

1                    REPORTER'S CERTIFICATE

2

3            I, Nicole E. Viens, Registered Professional

4    Reporter and Certified Shorthand Reporter, License No.

5    SHR.0000539, State of Connecticut, do hereby certify:

6            That the foregoing proceedings were taken before

7    me at the time and place therein set forth, at which time

8    the witness was put under oath by me;

9            That the testimony of the witness, the questions

10   propounded, and all objections and statements made at the

11   time of the examination were recorded stenographically by

12   me and were thereafter transcribed;

13           That the foregoing is a true and correct

14   transcript of my shorthand notes taken.

15           I further certify that I am not a relative or

16   employee of any attorney or the parties, nor financially

17   interested in the action.

18           I declare under penalty of perjury under the

19   laws of Connecticut that the foregoing is true and correct.

20           Dated this 23rd day of August, 2016.

21

22           _____

23           Nicole E. Viens, RPR, CSR
             Notary Public
24           My Commission Expires:
             November 30, 2019
25